**LAW OFFICE OF RESHMA KAMATH**
**RESHMA KAMATH**, Cal. Bar No.: 333800
2648 International Blvd, Suite 115 # 294
Oakland, California 94601, United States
Ph.: 650 257 0719, E.: reshmakamath2021@gmail.com
Counsel for Inter-pleader **JAMIE STAHURA**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT
## SACRAMENTO COURTHOUSE

MATTHEW JOYCE, an individual,

Plaintiff,

ARB GAMING LLC dba MODO, a Delaware
limited liability company; B2SERVICES OU dba;
MCLUCK; AFFIRM, INC.; and DOES 1-10,
inclusive,

Defendants.

-------------------------------------------------------------

JAMIE STAHURA,

            Inter-pleader,

      v.

ARB GAMING LLC dba MODO, a Delaware
limited liability company; B2SERVICES OU dba;
MCLUCK; AFFIRM, INC.; and DOES 1-10,
inclusive,

            Defendants.

CASE NO.: 2:25-cv-01868-CSK

**INTER-PLEADER COMPLAINT FOR**

**DAMAGES FOR:**

**1. MONEY HAD AND RECEIVED;**

**2. ACCOUNT STATED;**

**3. UNJUST ENRICHMENT / QUASI-**

**CONTRACT;**

**4. BREACH OF ORAL AGREEMENT.**

**DEMAND FOR JURY TRIAL.**

**INTER-PLEADER COMPLAINT**

## I.    THE PARTIES AND JURISDICTION

1.    Inter-pleader Jamie Stahura ("Inter-pleader") is an individual residing in Wake Forest, North Carolina.

2.    Plaintiff Matthew Joyce ("Plaintiff") is an individual residing in Chapel Hill, North Carolina.

3.    ARB GAMING LLC dba MODO, a Delaware limited liability company; B2SERVICES OU dba; MCLUCK; AFFIRM, INC.; and DOES 1-10, inclusive.

4.    Defendant ARB GAMING LLC is a Delaware limited liability company doing business as "MODO" which operates an online gaming and sweepstakes platform accessible to nation-wide residents at modo.us, including gamers such as JOYCE.

5.    Defendant B2SERVICES OU is an Estonia-based firm doing which operates an online gaming and sweepstakes platform known as "MCLUCK" accessible to nation-wide residents at mcluck.com, including gamers such as JOYCE.

6.    Defendant AFFIRM is a financial lending institution in Pittsburgh, Pennsylvania, providing gambling loans to gamers, including disabled addicts, such as JOYCE.

7.    All acts alleged herein occurred within this judicial district.

8.    The true names and capacities of Defendants DOES 1-10 are unknown to Inter-pleader s at this time, and Inter-pleader therefore sues such Defendants by such fictitious names. Inter-pleader will amend this Complaint to allege their true names and capacities when ascertained. Inter-pleader are informed and believes that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged herein and that Inter-pleader s' damages were proximately caused by their conduct.

9.    Inter-pleader is informed and believes, and on that basis alleges that there exists, and at all times mentioned herein existed, a unity of interest and ownership between Defendants such that any individuality and separateness between these defendants has ceased.  As such, there exists such a unity of interest between Defendants that failure to recognize the alter ego relationship among them would lead to inequitable results. ("Defendants.")

2

COMPLAINT

10. Venue is proper in this Court, which has jurisdiction over all defendants for the acts and omissions alleged herein, as the obligations or liabilities arose from within this County, Defendants reside in and/or do business in this County, and the damages resulting from Defendants' misconduct exceed the minimum general jurisdictional limits of this Court.

## II.    FACTUAL STATEMENTS

11. Over the last eleven (11) months, Inter-pleader loaned Defendant the total sum of $108,809.57.

12. Said loans were made by Inter-pleader to Defendant based on Defendant's representations that he was in financial distress and needed immediate financial assistance.

13. Defendant made numerous panicked phone calls to Inter-pleader while Inter-pleader was at work, requesting financial assistance and representing that he would repay all amounts loaned.

14. In reliance on Defendant's representations and promises to repay, Inter-pleader made extraordinary financial sacrifices to provide funds to Defendant, including but not limited to:

15. Overpaying Defendant his salary beyond what was contractually owed;

16. Withdrawing $4,500.00 from her 401(k) retirement plan, thereby incurring early withdrawal penalties and tax consequences;

17. Applying for and obtaining a line of credit in the amount of $9,000.00;

18. Drawing the entire $9,000.00 line of credit within two months to provide additional funds to Defendant.

19. As a direct result of the financial obligations undertaken to assist Defendant, Inter-pleader 's debt-to-income ratio became severely compromised.

20. In April 2025, Inter-pleader was denied a mortgage application due to her deteriorated debt-to-income ratio, which was directly caused by the loans made to Defendant.

21. Defendant has failed to repay any portion of the $108,809.57 loaned by Inter-pleader, despite Inter-pleader's demands for repayment.

22. As a direct and proximate result of Defendant's failure to repay the loans and the financial distress caused thereby, Inter-pleader has suffered significant damages to her physical and

3

COMPLAINT

mental health, including but not limited to sleeplessness, anxiety, depression, and the necessity of obtaining prescription anti-depressant medication.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### MONEY HAD AND RECEIVED

23.    Inter-pleader incorporates by reference all preceding paragraphs as though fully set forth herein.

24.    Defendant received money belonging to Inter-pleader in an amount to be determined at trial but no less than the amount of $108,809.57.

25.    Defendant has no right to retain said money, and equity and good conscience require that Defendant account for and pay said money to Inter-pleader.

26.    Despite demand, Defendant has failed to account for or pay said money to Inter-pleader.

### SECOND CAUSE OF ACTION

### ACCOUNT STATED

27.    Inter-pleader incorporates by reference all preceding paragraphs as though fully set forth herein.

28.    An account was stated between Inter-pleader and Defendant whereby it was agreed that Defendant was indebted to Inter-pleader in an amount to be determined at trial but no less than the amount of $108,809.57.

29.    The account was stated either expressly or by implication from the conduct of the parties.

30.    Defendant has failed to object to said account within a reasonable time.

31.    No part of said account has been paid, despite demand for payment.

### THIRD CAUSE OF ACTION

### UNJUST ENRICHMENT / QUASI-CONTRACT

32.    Inter-pleader incorporates by reference all preceding paragraphs as though fully set forth herein.

4

COMPLAINT

33.    Inter-pleader conferred benefits upon Defendant by loaning him an amount to be determined at trial but no less than the amount of $108,809.57.

34.    Defendant accepted and retained these benefits with full knowledge of Inter-pleader 's contributions.

35.    Defendant has been unjustly enriched by retaining the benefits of Inter-pleader 's contributions without providing compensation.

36.    Under principles of equity and good conscience, Defendant should not be permitted to retain these benefits without compensating Inter-pleader.

37.    Defendant's unjust enrichment, as set forth above, allows the Court to construe the cause of action as a quasi-contract claim seeking restitution.

38.    Inter-pleader \is entitled to restitution in an amount equal to the benefit conferred upon Defendant, which is not less than $108,809.57.

## FOURTH CAUSE OF ACTION

### BREACH OF ORAL AGREEMENT

39.    Inter-pleader incorporates by reference all preceding paragraphs as though fully set forth herein.

40.    Inter-pleader and Defendant entered into oral agreements whereby Inter-pleader would loan money to Defendant and Defendant would repay said loans.

41.    Inter-pleader performed all conditions, covenants, and promises required to be performed by her under-stated agreements by loaning the total sum of $108,809.57 to Defendant.

42.    Defendant breached said agreements by failing to repay the loans as promised.

43.    As a direct and proximate result of Defendant's breach, Inter-pleader has been damaged in the amount of $108,809.57, plus interest and costs.

### JURY TRIAL DEMANDED


### PRAYER FOR RELIEF

WHEREFORE, Inter-pleader respectfully requests the following relief:

5

COMPLAINT

On All Causes of Action:

1. For $500,000 in damages;

2. For actual, compensatory, special, general, expectancy and consequential damages according to proof;

3. For exemplary and punitive damages according to proof;

4. For pre-judgment and post-judgment interest according to law;

5. For restitution and recovery of the reasonable value of benefits conferred upon Defendant in the amount of not less than $108,809.57;

6. For attorneys' fees and costs of suit incurred herein; and

7. For such other and further relief as the Court may deem just and proper.

**DATED: August 19, 2025,**                **LAW OFFICE OF RESHMA KAMATH**

/S/ *Reshma Kamath*

**RESHMA KAMATH,**
Inter-pleader **JAMIE STAHURA**

6
**COMPLAINT**

## VERIFICATION

I, Jamie Stahura, INTER-PLEADER in the above-entitled action. I have read the foregoing and know the contents thereof. The matters stated therein are true of my own knowledge, except as to those matters that are therein stated on information and belief, and concerning those matters, I believe them to be true. I declare under penalty of perjury under the laws of the State of California, North Carolina and the United States of America that the foregoing is true and correct. Executed in County of Wake, North Carolina.

DATED: August 19th, 2025,

JAMIE STAHURA

COMPLAINT

## **VERIFICATION**

I, Jamie Stahura, INTER-PLEADER in the above-entitled action. I have read the foregoing and know the contents thereof. The matters stated therein are true of my own knowledge, except as to those matters that are therein stated on information and belief, and concerning those matters, I believe them to be true. I declare under penalty of perjury under the laws of the State of California, North Carolina and the United States of America that the foregoing is true and correct. Executed in County of Wake, North Carolina.

DATED: August 19th, 2025,

_Jamie Stahura_

JAMIE STAHURA

---

7

**COMPLAINT**