**LAW OFFICE OF RESHMA KAMATH**
**RESHMA KAMATH,** Cal. Bar No. 333800
2648 International Blvs, Suite 115 #294, Oakland, California 94601
Ph.: (650) 257-0719; (213) 410-1019
E.: reshmakamath2021@gmail.com
Counsel for Plaintiff MATTHEW JOYCE

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JOYCE, an individual, Plaintiff(s), <br><br> vs. <br><br> AFFIRM INC. ET AL., <br><br> Defendant(s). | Case No.: 2:25-cv-01868-DJC-CSK <br><br> **PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE RE:** <br><br> **NON- SERVICE AND LACK OF SUBJECT-MATTER JURISDICTION** |

1

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE RE:**

**NON-SERVICE AND LACK OF SUBJECT MATTER JURISDICTION**

## I. INTRODUCTION

1. The Plaintiff Matthew Joyce respectfully submits this Response pursuant to the Court's September 29, 2025 Order to Show Cause. Plaintiff acknowledges the Court's concerns regarding the delay in service and jurisdictional clarity, and now demonstrates good cause for the brief delay under Federal Rules of Civil Procedure 4(m) and 6(b)(1)(B).

2. The delay resulted from circumstances entirely beyond Plaintiff's control. Shortly after filing the original complaint, Plaintiff had to schedule his psychological treatment session. During this period of medical incapacity, counsel could not obtain complete details to serve. Once Plaintiff's health improved and the facts were gathered, he acted diligently to ensure prompt service on all named defendants.

3. The Amended Complaint, now finalized and ready for filing, addresses the deficiencies identified by the Court and establishes a clear jurisdictional basis under 28 U.S.C. §§ 1331 and 1343, asserting federal causes of action under 42 U.S.C. § 1983, Title II of the Civil Rights Act of 1964, and related civil rights statutes. Such claims arise under federal law and properly invoke this Court's jurisdiction.

4. All defendants will be served no later than October 30, 2025, with proof of service to follow promptly. The extension sought is brief, reasonable, and necessary to ensure full compliance with procedural requirements and the fair adjudication of this matter.

## II. GOOD CAUSE EXISTS TO EXTEND THE TIME FOR SERVICE UNDER RULE 4(m)

5. **Federal Rule of Civil Procedure 4(m)** requires service within 90 days after filing the complaint. If service is not completed, the Court must dismiss the action without prejudice or "order that service be made within a specified time." When a plaintiff shows good cause for delay, "the court must extend the time for service for an appropriate period." Once good cause is established, the extension is mandatory.

6. In the Ninth Circuit, "good cause" is interpreted pragmatically. Courts consider whether the delay was beyond the plaintiff's control, whether the plaintiff acted diligently once aware of the issue, and whether the defendant would suffer prejudice. *Lemoge v. United States*, 587 F.3d 1188, 1198–99 (9th Cir. 2009); *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). The standard reflects an equitable approach, procedural rules should not penalize litigants for excusable, promptly corrected delays.

7. Here, the delay stemmed from an unforeseen medical incapacity. This temporary illness made it impossible to complete service or provide clarifying information material to the claims.

8. Once Plaintiff is in recovery for psyhological issues, and he acted swiftly and in good faith—arranging for prompt service on all defendants, which is now underway.

9. Courts have recognized illness and similar incapacities as "good cause" or "excusable neglect" under Rules 4(m) and 6(b)(1)(B). See *Lemoge*, 587 F.3d at 1198–99 (illness and communication breakdown justified extension); *Pincay v. Andrews*, 389 F.3d 853, 858 (9th Cir. 2004) (excusable neglect includes reasonable mistakes and unforeseen circumstances).

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

10. Plaintiff's brief delay was the product of genuine inability, not neglect. The defendants have not appeared or been prejudiced, and the extension sought is minimal intended only to permit service of an amended pleading that now cures prior deficiencies.

11. Dismissing the action under these facts would elevate procedure over fairness, contrary to the Ninth Circuit's policy favoring resolution on the merits. See *United States v. 2,164 Watches Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004).

### III. FEDERAL JURISDICTION IS PROPER

12. The Court raised concerns that the original complaint appeared to rely primarily on state-law theories and did not clearly state a federal jurisdictional basis. The **Amended Complaint** directly cures that issue. It now asserts well-pleaded federal causes of action that fall squarely within this Court's jurisdiction under **28 U.S.C. § 1331** and **§ 1343(a)(3)**.

13. First, the Amended Complaint includes claims under **42 U.S.C. § 1983**, alleging that defendants, acting under color of state law, violated Plaintiff's rights under the **Fourth** and **Fourteenth Amendments** to the United States Constitution. These allegations establish a classic federal question: whether state or local actors deprived a citizen of constitutionally protected rights. Federal jurisdiction over such claims is firmly rooted in statute and precedent. See *Monell v. Department of Social Services*, 436 U.S. 658 (1978) (recognizing municipal liability under § 1983 for constitutional violations), and *Mitchum v. Foster*, 407 U.S. 225 (1972) (holding that § 1983 actions are "an express authorization" of federal jurisdiction).

14. Second, the Amended Complaint alleges discrimination in a place of public accommodation in violation of **Title II of the Civil Rights Act of 1964**, **42 U.S.C. § 2000a et seq.** That statute prohibits discrimination on the basis of race, color, religion, or national origin in facilities open to the public, including hospitals. Enforcement of Title II

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

rights arises exclusively under federal law and has been consistently recognized as a basis for jurisdiction under § 1331. See, e.g., *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400 (1968).

15. Third, Plaintiff asserts a claim under the **Americans with Disabilities Act**, **42 U.S.C. § 12132**, for denial of equal access to medical services due to disability. Title II of the ADA applies to public entities, including county hospitals, and prohibits exclusion from or denial of public services on the basis of disability. The ADA is a federal statute that independently supports jurisdiction under § 1331. See *Tennessee v. Lane*, 541 U.S. 509 (2004).

16. Such statutory bases together place the action squarely within the Court's federal question jurisdiction. Because the defendants include a public hospital and employees acting under color of state law, **28 U.S.C. § 1343(a)(3)** also provides an additional jurisdictional foundation for civil rights claims alleging deprivation of rights secured by the Constitution and federal statutes.

**17.** In short, this case concerns violations of federal constitutional and statutory rights, not merely state-law issues. The Amended Complaint clarifies that Plaintiff seeks relief for discrimination, denial of equal access, and violations of federally protected civil rights, all matters that Congress has expressly placed within the jurisdiction of the United States District Courts.

### IV. EXTENSION IS ALSO WARRANTED UNDER RULE 6(b)(1)(B)

18. Even if the Court finds Plaintiff's showing of good cause under Rule 4(m) to be marginal, **Rule 6(b)(1)(B)** independently authorizes an extension where a party's failure to act results from excusable neglect. As the Supreme Court explained in *Pioneer Investment Services Co. v. Brunswick Associates*, 507 U.S. 380, 395 (1993), excusable neglect is a flexible, equitable concept that considers all relevant circumstances, including prejudice to

the opposing party, the length and impact of the delay, the reason for the delay, and whether the movant acted in good faith. The Ninth Circuit applies the same standard. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

19. Here, each factor supports Plaintiff: the defendants have not appeared or suffered prejudice; the delay was brief and promptly cured; the cause was a verified illness outside Plaintiff's control; and Plaintiff has acted in complete good faith since recovering. Courts regularly grant short extensions under similar conditions to promote fairness and adjudication on the merits rather than technical dismissal. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000). The brief and non-prejudicial delay here thus plainly meets the standard for excusable neglect, making a short extension both justified and proper.

### V. CONCLUSION

20. Plaintiff's brief delay in service resulted from genuine, unavoidable circumstances rather than neglect or disregard for the Court's rules. Once his health allowed, he promptly finalized the amended pleading, clarified the jurisdictional basis, and ensured service on all defendants. The Federal Rules of Civil Procedure favor flexibility where a party acts in good faith and no prejudice results. Both Rule 4(m) and Rule 6(b)(1)(B) authorize the short extension sought here, and denying it would elevate form over fairness. The equities and governing law therefore support granting Plaintiff limited additional time to complete service and proceed on the merits. Counsel for Plaintiff sent an e-mail to defense counsel and requested confirmation of whether the recipients would accept electronic service of the lawsuit attached as an **EXHIBIT A.**

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

**PRAYER FOR RELIEF**

1. For the foregoing reasons, **Plaintiff** respectfully prays that this Court issue an order as follows:

2. **Finding Good Cause:** Determine that Plaintiff has shown good cause and excusable neglect under Federal Rules of Civil Procedure 4(m) and 6(b)(1)(B).

3. **Accepting Amended Complaint:** Accept and deem timely filed Plaintiff's Amended Complaint asserting federal claims under 42 U.S.C. § 1983, Title II of the Civil Rights Act, and the Americans with Disabilities Act.

4. **Extending Time for Service:** Grant Plaintiff an extension of fourteen (14) days—until **October 30th 2025**—to complete service of process on all defendants.

5. **Discharging the Order to Show Cause:** Vacate and discharge the Court's September 29, 2025 Order to Show Cause.

6. **Granting Any Further Relief:** Award such other and further relief as the Court deems just and proper in the interests of fairness and justice.

DATED: October 16th, 2025

**LAW OFFICE OF RESHMA KAMATH**

*/S/ Reshma Kamath*

Reshma Kamath
**Counsel for MATTHEW JOYCE**

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

# EXHIBIT A



## Case 2:25-cv-01868-DJC-CSK Joyce v. ARB Gaming LLC et al Civil New Case Documents.

1 message

**Reshma Kamath** <reshmakamath2021@gmail.com>                    Tue, Oct 7, 2025 at 12:53 PM
To: Saurack, Walter A. <WASaurack@duanemorris.com>
Cc: Wang, Katie <KWang@duanemorris.com>, Alexander, Karen L. <KLAlexander@duanemorris.com>, Gantz, Bill <BGantz@duanemorris.com>,
Villanueva, Anita <AVillanueva@duanemorris.com>
Bcc: Matthew Joyce <matthewtjoyce@yahoo.com>, Brielle Pittman <brepitt13@gmail.com>, Jamie Stahura <nailbnder99@yahoo.com>

Please see attached waiver.

Sincerely,

# *Reshma Kamath*

**Law Office of Reshma Kamath**

Counselor-at-Law | 2022 Elite Lawyer | Lawyers of Distinction | Rising Star, 2023, 2024, 2025| Best Lawyers: Ones to Watch in America, 2024, 2025.

Address:   Law Office of Reshma Kamath

2648 International Blvd, Suite 115 # 294, Oakland, California 94601

Phone:      1 650 257 0719 / 1 213 410 1019 |

E-mail:      reshmakamath2021@gmail.com  |

LinkedIn:  www.linkedin.com/in/globalcitizenwithjd/ |

Website:    www.myinstalawyer.com |

  

 Selected to Rising Stars: 2023, 2024, 2025.

Best Lawyers logo

2024, 2025.

CIVIL LITIGATION, COMMERCIAL LITIGATION, REAL ESTATE, PROBATE.

**CONFIDENTIALITY NOTICE:** This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication. Thank you for your cooperation. To ensure compliance with Internal Revenue Service Circular 230, we inform you that any tax advice contained in this communication is not intended or written to be used, and cannot be used for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

[Quoted text hidden]

---

**2 attachments**

**~WRD0001.jpg**
823 B

**Joyce-waiver of service.pdf**
59 KB



## Case 2:25-cv-01868-DJC-CSK Joyce v. ARB Gaming LLC et al Civil New Case Documents.
1 message

**Reshma Kamath** <reshmakamath2021@gmail.com>                                   Mon, Oct 6, 2025 at 6:53 PM
To: kwang@duanemorris.com
Cc: Alexander, Karen L. <klalexander@duanemorris.com>, wasaurack@duanemorris.com, bgantz@duanemorris.com, AVillanueva@duanemorris.com
Bcc: Matthew Joyce <matthewtjoyce@yahoo.com>, Brielle Pittman <brepitt13@gmail.com>, Stahura, Jamie <Jamie.Stahura@pnfp.com>

Counsel:

Please inform whether you'll be amenable to waive personal service upon your client, and accept electronic service for the federal case. If so, I can e-mail you the conformed documents. Thank you.

# *Reshma Kamath*

**Law Office of Reshma Kamath**

Counselor-at-Law | 2022 Elite Lawyer | Lawyers of Distinction | Rising Star, 2023, 2024, 2025| Best Lawyers: Ones to Watch in America, 2024, 2025.

Address:   Law Office of Reshma Kamath

2648 International Blvd, Suite 115 # 294, Oakland, California 94601

Phone:      1 650 257 0719 / 1 213 410 1019 |

E-mail:      reshmakamath2021@gmail.com  |

LinkedIn:  www.linkedin.com/in/globalcitizenwithjd/ |

Website:    www.myinstalawyer.com |

   

 Selected to Rising Stars: 2023, 2024, 2025.

Best Lawyers logo

2024, 2025.

CIVIL LITIGATION, COMMERCIAL LITIGATION, REAL ESTATE, PROBATE.

**CONFIDENTIALITY NOTICE:** This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication. Thank you for your cooperation. To ensure compliance with Internal Revenue Service Circular 230, we inform you that any tax advice contained in this communication is not intended or written to be used and cannot be used for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

✎AO 399   (Rev. 10/95)

## WAIVER OF SERVICE OF SUMMONS

Reshma Kamath, Counsel for Plaintiff Matthew Joyce

TO: _____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _____ , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of _____ ,
(CAPTION OF ACTION)

which is case number _____ in the United States District Court
(DOCKET NUMBER)

for the _____ Eastern _____ District of _____ California _____ .

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after _____ , or within 90 days after that date if the request was sent outside the United States.
(DATE REQUEST WAS SENT)

_____          _____
(DATE)                                        (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
(TITLE)                              (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.