MATTHEW JOYCE
(919) 433-9462
MATTHEW JOYCE
170 MANORDALE DRIVE
CHAPEL HILL NC 27517

**FILED**

**NOV 18 2025**

CLERK, U.S. DISTRICT COU!
EASTERN DISTRICT OF CALIFC
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JOYCE, ) | Case No. 2:25-cv-01868 |
| ) | |
| Plaintiff, ) | NOTICE OF ATTORNEY |
| ) | DISBARMENT, CRITICAL |
| v. ) | EVIDENCE, AND REQUEST |
| ) | FOR COURT INTERVENTION |
| ARB GAMING LLC; AFFIRM ) | AND ADA ACCOMMODATIONS |
| LENDING LLC; and B2 SERVICES, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

TO THE CLERK OF COURT AND ALL PARTIES:

PLEASE TAKE NOTICE that Plaintiff Matthew Joyce hereby provides the following urgent notice to the Court:

## I. NOTICE OF PRO SE STATUS

1. Plaintiff was represented by attorney Reshma Kamath, who entered appearance in this matter.

2. On November 8, 2025, Ms. Kamath was disbarred by the State Bar of California.

3. Plaintiff was unaware of the disbarment until after it occurred, which was two days after service of summons was executed on Defendants on November 6, 2025.

4. Plaintiff is now proceeding pro se and is actively seeking new legal representation.

## II. PENDING JAMS ARBITRATION RULING OF SIGNIFICANT IMPACT

5. This case is running concurrently with JAMS arbitration proceedings initiated by Defendants.

6. A ruling is imminent in the JAMS proceeding on Plaintiff's motion to convert the arbitration from binding to non-binding.

7.     This ruling could have significant precedential impact and could help numerous other consumers facing similar circumstances with Defendants' operations.

8.     The timing of this ruling, combined with Plaintiff's sudden loss of counsel, creates urgency for Court oversight.

## III. CRITICAL NEW EVIDENCE: DEFENDANTS WON DISPUTE USING FALSE STATEMENTS TO GOLDMAN SACHS

9.  Plaintiff has obtained critical evidence showing Defendants engaged in fraud and misrepresentation to win a financial dispute.

10. Defendants submitted evidence to Goldman Sachs/Apple Card falsely claiming that Plaintiff was bound by AAA (American Arbitration Association) arbitration terms that Plaintiff never agreed to or signed.

11. Based on these false representations, Defendants won a $499.99 dispute in their favor.

12. Plaintiff notes that Goldman Sachs/Apple Card cannot be held liable for Defendants' misrepresentations, as they were victims of Defendants' fraud. Plaintiff appreciates Goldman Sachs' assistance, particularly during a specific night when Plaintiff was in great distress.

13. Simultaneously, Defendants initiated and are pursuing JAMS arbitration under entirely different terms than what they told Goldman Sachs.

14. This constitutes fraud - Defendants knowingly made false material representations to a third-party financial institution to obtain money ($499.99) to which they were not entitled.

15. This pattern of misrepresentation demonstrates bad faith and makes clear that Defendants cannot be trusted to arbitrate fairly or honestly.

16. This fraudulent conduct provides grounds to:
    a. Vacate or stay the arbitration due to fraud and misconduct in the arbitration proceedings;
    b. Find the arbitration agreement unenforceable due to Defendants' pattern of fraud and bad faith;
    c. Maintain federal court jurisdiction given the public interest in preventing forum shopping through fraudulent representations; and

d. Recognize that Defendants are using arbitration clauses as shields to hide contradictory and fraudulent behavior from judicial oversight.

## IV. DEFENDANTS' CONTRADICTORY POSITIONS CONSTITUTE FRAUD AND BAD FAITH

17. The $499.99 dispute victory demonstrates the scope of Defendants' fraudulent scheme.

18. To win that dispute, Defendants argued a position to Goldman Sachs that directly contradicts their current position in JAMS arbitration.

19. Defendants are forum shopping – telling each tribunal whatever is most convenient to win, regardless of truth or consistency.

20. This goes directly to Defendants' credibility and demonstrates they cannot be trusted to participate honestly in any dispute resolution forum.

## V. DEFENDANTS WAIVED ARBITRATION CONFIDENTIALITY BY MAKING PUBLIC SUBMISSIONS

21. Defendants chose to submit their arbitration-related arguments and positions to Goldman Sachs/Apple Card - a third-party financial institution - in public dispute proceedings.

22. By making these submissions public, Defendants waived any claim to arbitration confidentiality or privacy protections regarding those positions.

23. Defendants cannot now claim that "binding arbitration confidentiality" protects their arguments when they themselves chose to disclose those same arguments publicly to win financial disputes.

24. This waiver of confidentiality means:
    a. Plaintiff can use Defendants' Goldman Sachs submissions as evidence without violating any arbitration confidentiality rules;
    b. Defendants' contradictory public statements cut through the secrecy shield that binding arbitration typically provides;
    c. The public nature of Defendants' fraud supports federal court jurisdiction rather than private arbitration; and

    d. Defendants are attempting to use arbitration confidentiality as a sword (to hide their fraudulent behavior) rather than as a shield, which is an abuse of the arbitration process.

25. The public interest in preventing this type of fraud and forum shopping through contradictory representations strongly favors federal court oversight rather than private, confidential arbitration.

## VI. MISSING MOTION TO DISMISS

26. Defendants were served with the summons and complaint on November 6, 2025.

27. As of this morning, Monday, November 17, 2025, Plaintiff has not received Defendants' motion to dismiss despite the concurrent JAMS proceedings.

28. This timing is concerning given that Defendants are actively pursuing arbitration while apparently delaying federal court response.

## VII. CALIFORNIA'S AB 831: LEGISLATIVE RECOGNITION OF PROBLEMATIC OPERATIONS

29. On September 28, 2024, California Governor Newsom signed AB 831 into law.

30. AB 831 bans sweepstakes casino operations like Defendants' effective January 1, 2026.

31. The bill passed both legislative chambers unanimously, reflecting widespread recognition that these operations are harmful and problematic.

32. This legislative action validates Plaintiff's claims and demonstrates that Defendants' business model violates fundamental consumer protection principles.

## VIII. PATTERN OF MISREPRESENTATION AND COERCION

33. In April 2025, Defendants held approximately $8,000 of Plaintiff's legitimate winnings hostage, attempting to coerce Plaintiff into signing updated terms containing AAA arbitration clauses.

34. Plaintiff refused to sign these terms on advice of his girlfriend.

35.   This demonstrates Defendants' awareness that Plaintiff had not agreed to their preferred arbitration terms.

36.   Of approximately 20 Apple Card disputes Plaintiff filed, all but 3 were ruled in Plaintiff's favor, validating the merit of his claims.

## IX. REQUEST FOR COURT INTERVENTION

Plaintiff respectfully requests that the Court exercise its authority to:

1.   Maintain federal court jurisdiction given Defendants' pattern of fraud, misrepresentation, and abuse of the arbitration process;

2.   Recognize that Defendants waived arbitration confidentiality by publicly submitting their arbitration-related positions to Goldman Sachs, thereby eliminating any privacy-based justification for binding arbitration;

3.   Find that Defendants' fraudulent conduct and contradictory representations constitute grounds to vacate, stay, or find unenforceable the JAMS arbitration;

4.   Take judicial notice that Defendants won financial disputes by making false statements about arbitration agreements, demonstrating they cannot be trusted to arbitrate honestly;

5.   Supervise these concurrent proceedings to prevent further forum shopping and contradictory positions;

6.   Consider that the imminent JAMS ruling on binding versus non-binding arbitration may be based on Defendants' same pattern of misrepresentation;

7.   7. Recognize the strong public interest in federal court oversight where Defendants have:

   a. Engaged in fraud to win disputes;
   b. Made contradictory representations in different forums;
   c. Waived arbitration confidentiality through their own public submissions;

and

    d. Demonstrated a pattern of using arbitration as a shield to hide fraudulent behavior;

8. Protect Plaintiff's rights during this vulnerable period where he has lost counsel due to circumstances beyond his control while facing Defendants who have demonstrated bad faith and fraudulent conduct; and

9. Grant additional time for Plaintiff to respond to any filings given the complexity of these threshold jurisdictional issues and Plaintiff's pro se status.

## X. REQUEST FOR ADA ACCOMMODATIONS

37. Plaintiff respectfully requests reasonable accommodations under the Americans with Disabilities Act, 42 U.S.C. Â§ 12101 et seq.

38. Plaintiff has documented and medicated disabilities including:
    a. Bipolar II NOS with psychotic features and dissociation
    b. ADHD
    c. Anxiety disorder

39. Plaintiff also qualifies as a "vulnerable consumer" under applicable consumer protection laws due to these documented mental health conditions.

40. These disabilities significantly impact Plaintiff's ability to manage complex federal litigation without accommodation, especially while proceeding pro se. Plaintiff respectfully requests the following reasonable accommodations:

1. Extended deadlines for all filings and responses;

2. Clear, written instructions for procedural requirements; and

3. Permission to seek clarification from the Clerk's office regarding procedural matters.

## XI. COMMITMENT TO DILIGENT PROSECUTION

41. Despite these significant challenges, Plaintiff remains committed to diligently prosecuting this action.

42.     Plaintiff is actively seeking new legal representation, including outreach to law school clinics.

43.     Plaintiff will comply with all Court orders to the best of his ability and will promptly notify the Court of any difficulties.

## XII. CONTACT INFORMATION

Plaintiff's contact information for service and correspondence:

Matthew Joyce
Phone: (321) 987-3397
Email: m.joyce07@proton.me

## CONCLUSION

Defendants engaged in fraud to win financial disputes, waived arbitration confidentiality by publicly disclosing their positions, and demonstrated bad faith through contradictory representations. This urgent situation requires federal court oversight to protect not only Plaintiff's rights, but to bring these practices into the light of public scrutiny where they belong.

Plaintiff notes that JAMS has been accommodating throughout the arbitration process and is in no way attempting to portray JAMS in a negative light. JAMS was not aware of the Apple Card evidence as it was never submitted in those proceedings.

Plaintiff hopes to demonstrate that individuals - with or without mental illness - can be heard and should not be intimidated into silence by ARB Gaming or forced into binding arbitration with a company that has proven it cannot be trusted to participate honestly in any dispute resolution process. The public interest strongly favors federal court jurisdiction where such fraud and abuse of process can be properly addressed.

Plaintiff respectfully requests that the Court grant the requested accommodations, maintain jurisdiction, and exercise its authority to ensure justice is served.

**Dated: November 17, 2025**

Respectfully submitted,

_____

Matthew Joyce
Plaintiff, Pro Se
Phone: (321) 987-3397
Email: m.joyce07@proton.me

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2025, I served a true and correct copy of this Notice on all parties via email:

Katie Wang
kwang@duanemorris.com
Duane Morris LLP
Counsel for ARB Gaming LLC

Walter Saurack
wasaurack@duanemorris.com
Duane Morris LLP
Counsel for ARB Gaming LLC

Karen Lehmann Alexander Esq.
Duane Morris LLP
750 B Street
750 B St.
San Diego, CA      92101-8127
Tel: 619-744-2224
Counsel for ARB Gaming LLC

William M. Gantz Esq.
Duane Morris LLP
100 High St
Suite 2400
Boston, MA 02110
Tel: 857-488-4234

Counsel for ARB Gaming LLC

_____

Matthew Joyce
Plaintiff, Pro Se