**DUANE MORRIS LLP**
Karen L. Alexander (SBN 265926)
KLAlexander@duanemorris.com
Sean Patterson (SBN 234565)
CSPatterson@duanemorris.com
Daniel D. Wall (SBN 311391)
DWall@duanemorris.com
Spear Tower
One Market Plaza, Suite 2200
San Francisco, California 94105-1127
Telephone:     +1 415 957 3000
Facsimile:     +1 415 957 3001

Specially appearing for Defendant,
ARB GAMING LLC dba MODO

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| MATTHEW JOYCE, an individual, <br><br> Plaintiff, <br><br> v. <br><br> ARB GAMING LLC dba MODO, a Delaware limited liability company; B2SERVICES OU dba MCLUCK; AFFIRM, INC.; and DOES 1-10 inclusive, <br><br> Defendants. | Case No. 2:25-cv-01868-DJC-CSK <br><br> **DEFENDANT ARB GAMING LLC DBA MODO'S *EX PARTE* APPLICATION FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT BY SIXTY (60) DAYS** <br><br> **[Civil Local Rule 144]** <br><br> **Date:** <br> **Time:** <br> **Dept:**    **Courtroom 7, 14th Floor** <br> **Judge:**   **Hon. Daniel J. Calabretta** <br><br> Trial Date:  None Set <br> Date Class Action Filed:  June 30, 2025 |

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANT ARB GAMING'S *EX PARTE* APPLICATION FOR AN EXTENSION OF TIME
TO RESPOND TO COMPLAINT

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

***PLEASE TAKE NOTICE*** that Specially Appearing Defendant ARB GAMING LLC d/b/a MODO ("Defendant" or "ARB Gaming") hereby applies *ex parte* for an order extending the deadline for ARB Gaming to respond to Plaintiff MATTHEW JOYCE's ("Plaintiff" or "Mr. Joyce") Complaint by 60 days to February 2, 2026.

Good cause exists to grant this *ex parte* application because Plaintiff's former counsel was recently disbarred and Plaintiff has been granted 30 days to try to find new counsel. (See ECF No. 14.) ARB Gaming's current deadline to respond to the Complaint is December 1, 2025. ARB Gaming seeks additional time so that Plaintiff can seek new counsel and ARB Gaming's counsel can meet and confer with Plaintiff's new counsel before responding to the Complaint.

ARB Gaming requests that this Application be granted on an *ex parte* basis because its current response deadline will pass before this request could be heard as a noticed motion. Plaintiff will not be prejudiced by the requested extension because it may enable ARB Gaming's counsel to meet and confer with Plaintiff's new counsel and informally resolve some or all of the motions ARB Gaming anticipates filing, thereby saving the resources of the parties and the Court.

ARB Gaming has provided proper advance notice of this Application to Plaintiff and the Court's Courtroom Deputy in accordance with this Court's Standing Order. Plaintiff's position is set forth in an email attached to the Declaration of Karen L. Alexander as Exhibit A. It is unclear whether Plaintiff intends to file an opposition to this *Ex Parte* Application. This is ARB Gaming's first request for an extension of time to respond.

This *ex parte* application is brought pursuant to Local Rule 144 and is based upon this Notice, the attached Memorandum of Points and Authorities, the attached Declaration of Karen L. Alexander and the exhibits thereto, and all documents and papers already on file in this action, along with any such other and further evidence as may be presented at the time of the hearing on this application.

By specially appearing solely for the purpose of bringing this Ex Parte Application, ARB Gaming does not waive and specifically preserves and any and all challenges to the Summons and Complaint, including its argument that service was defective, that the Court lacks personal

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANT ARB GAMING'S *EX PARTE* APPLICATION FOR AN EXTENSION OF TIME
TO RESPOND TO COMPLAINT

2:25-cv-01868-DJC-CSK

jurisdiction over ARB Gaming, that venue is improper, that this matter should be compelled to arbitration and/or stayed during the pendency of the parties' presently ongoing arbitration, and that the operative Complaint fails to state a claim against ARB Gaming.

*Respectfully submitted,*

**DUANE MORRIS LLP**

By:  */s/ Daniel D. Wall*
   Karen L. Alexander
   Daniel D. Wall
   Specially appearing for Defendant,
   ARB GAMING LLC dba MODO

DEFENDANT ARB GAMING'S *EX PARTE* APPLICATION FOR AN EXTENSION OF TIME
TO RESPOND TO COMPLAINT

2:25-cv-01868-DJC-CSK

## MEMORANDUM OF POINTS AND AUTHORITIES

This Ex Parte Application is brought pursuant to Civil Local Rule 144(c).  Specially appearing Defendant ARB Gaming seeks to extend its deadline to respond to the Complaint by 60 days.  ARB Gaming was served with the Complaint and Summons on November 10, 2025.  (See Declaration of Karen L. Alexander ISO Ex Parte Application ["Alexander Decl."].)  This would make its response date December 1, 2025.  (*Id.*)  Thus, ARB Gaming seeks a 60-day extension to February 2, 2026.[1]

As the Court is aware, Plaintiff's former counsel was recently disbarred and Plaintiff has been given 30 days to find new counsel.  (ECF No. 14.)  ARB Gaming believes service may have been defective and presently contemplates filing a Motion to Quash Service of Summons, as well as a Motion to Dismiss for Lack of Personal Jurisdiction, Motion to Compel Arbitration, Motion to Stay the Case pending resolution of the parties' presently ongoing Arbitration, and a Motion to Dismiss for Failure to State a Claim.  ARB Gaming requests that the Court extend its deadline for filing these motions by 60 days while Plaintiff attempts to retain new counsel, and so that ARB Gaming's counsel has time to meet and confer with that new counsel and try to resolve some or all of ARB Gaming's anticipated motions.

Undersigned counsel asked Mr. Joyce, who is copied here, if he would stipulate to the 60-day continuance in this matter.  He responded, in relevant part, "Thank you for your email. I will not be stipulating to the 60-day extension, so no need to draft that on my account. If your client needs additional time, that's a matter for the arbitrator to decide."  (Alexander Decl., Exhibit A.)

/ / /

/ / /

/ / /

---

[1] By specially appearing solely for the purpose of bringing this Ex Parte Application, ARB Gaming does not waive and specifically preserves and any all challenges to the Summons and Complaint, including its argument that service was defective, that the Court lacks personal jurisdiction over ARB Gaming, that venue is improper, that this matter should be compelled to arbitration and/or stayed during the pendency of the parties' presently ongoing arbitration, and that the operative Complaint fails to state a claim against ARB Gaming.

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT ARB GAMING'S *EX PARTE* APPLICATION FOR AN EXTENSION OF TIME
TO RESPOND TO COMPLAINT

2:25-cv-01868-DJC-CSK

Local Rule 144(c) authorizes this Court to grant an extension of ARB Gaming's time to respond to the Complaint upon a showing that an agreement could not be reached among the parties.  This is ARB Gaming's first request for an extension of time to respond.  For the foregoing reasons, ARB Gaming respectfully requests that the Court extend its time to respond to Plaintiff's Complaint to February 2, 2026.

*Respectfully submitted,*

**DUANE MORRIS LLP**

By:  */s/ Daniel D. Wall*
    Karen L. Alexander
    Daniel D. Wall
    Specially appearing for Defendant,
    ARB GAMING LLC dba MODO

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT ARB GAMING'S *EX PARTE* APPLICATION FOR AN EXTENSION OF TIME
TO RESPOND TO COMPLAINT

2:25-cv-01868-DJC-CSK