Matthew Joyce
170 Manordale Dr,
Chapel Hill, NC 27517
(321)987-3397
Matthewtjoyce@yahoo.com
Pro Se

FILED

NOV 25 2025

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JOYCE,<br><br>*Plaintiff,*<br><br>v.<br><br>ARB GAMING LLC,<br>AFFIRM LOAN SERVICES LLC, B2<br>SERVICES,<br><br>*Defendant.* | Case No.: 2:25-CV-01868-DJC-CSK<br><br>**MOTION FOR REASONABLE ACCOMMODATIONS PURSUANT TO THE AMERICANS WITH DISABILITIES ACT** |

TO THE HONORABLE COURT:

## I. INTRODUCTION

Plaintiff Matthew Joyce, now appearing pro se, respectfully requests reasonable accommodations under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

On November 8, 2025, Plaintiff's former attorney, Reshma Kamath, was disbarred by the State Bar of California (ECF No. 14). Plaintiff was not notified in advance and learned of the disbarment after the fact. Plaintiff is now proceeding pro se while actively seeking new legal representation and simultaneously managing concurrent JAMS arbitration proceedings against multiple defendants.

## II. PLAINTIFF'S DOCUMENTED DISABILITIES

Plaintiff has been diagnosed with Generalized Anxiety Disorder and Bipolar II Disorder and has been in continuous psychiatric treatment with prescribed medications for approximately

PLAINTIFF'S MOTION FOR REASONABLE ACCOMMODATIONS - 1

ten years. These conditions significantly impact Plaintiff's ability to manage multiple complex tasks simultaneously, maintain organization across extensive document productions, and process the volume of legal filings in this matter without additional time and support.

Plaintiff's challenges are substantially compounded by the circumstances of this case. Plaintiff is facing experienced counsel from large law firms while proceeding pro se, managing both federal litigation and arbitration proceedings simultaneously, coordinating across three corporate defendants, and dealing with significant financial stress. Plaintiff faces additional challenges navigating concurrent arbitration proceedings where Defendants have provided contradictory information regarding forum requirements and procedures. Plaintiff's mother and girlfriend, Brielle Pittman, both retained Attorney Kamath for representation in related matters and lost their legal counsel when she was disbarred. Plaintiff's mother now supports the family on a modest salary. The family has experienced severe financial losses related to this matter and the forced sale of Plaintiff's business interest. Plaintiff and Brielle Pittman currently have no income, and the family has engaged Legal Document Assistant Elizabeth McVey for document formatting and procedural compliance while also facing the substantial financial burden of securing new legal representation. Brielle Pittman left her career in finance to assist with what was then a family business and to help manage this litigation following the loss of legal representation.

The combination of disability-related challenges and these extraordinary circumstances create situations where small but important details may inadvertently be overlooked despite Plaintiff's genuine good faith efforts to comply with all requirements.

### III. LEGAL BASIS FOR ACCOMMODATIONS

Title II of the ADA requires courts to provide reasonable accommodation to individuals with disabilities to ensure meaningful access to judicial proceedings. 42 U.S.C. § 12132; Tennessee v. Lane, 541 U.S. 509, 533-34 (2004). The Ninth Circuit has recognized that courts must provide reasonable accommodations to ensure litigants with disabilities have meaningful

PLAINTIFF'S MOTION FOR REASONABLE ACCOMMODATIONS - 2

access to the judicial process. Duvall v. County of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001).

Plaintiff is not seeking delay or unfair advantage. Rather, Plaintiff seeks only the accommodations necessary to participate meaningfully in this litigation while unrepresented and managing the documented disabilities and challenging circumstances described above.

## IV. ACCOMMODATIONS REQUESTED

Plaintiff respectfully requests the following reasonable accommodations:

1. Extended Time to Secure Counsel: Ninety (90) days to find replacement counsel, given the complexity of this case involving both federal litigation and concurrent arbitration proceedings against multiple defendants.

2. Reasonable Flexibility for Response Deadlines: Understanding and flexibility when Plaintiff requires additional time to respond to motions or substantive filings. Plaintiff will make every effort to meet standard deadlines but requests the Court's patience when the volume or complexity of filings, combined with Plaintiff's documented conditions, requires additional time to prepare adequate responses.

3. Written Communications: Written notice and communications regarding all deadlines, hearing dates, and procedural requirements, as Plaintiff processes written information more effectively than verbal communications and needs time to review and organize responses.

4. Organizational Support Person: Permission for Plaintiff's girlfriend, Brielle Pittman, to serve as a support person to assist with document organization, deadline tracking, and managing the substantial volume of materials across multiple proceedings. Brielle Pittman has been intimately familiar with this case since its inception and left her employment following the loss of legal representation. Her assistance is essential in helping Plaintiff track deadlines and organize materials across federal and arbitration proceedings.

5. Consideration for Minor Technical Errors: Reasonable forbearance for minor procedural or formatting errors that do not prejudice opposing parties or impact the substance of filings, recognizing that small details may occasionally be overlooked when Plaintiff is

PLAINTIFF'S MOTION FOR REASONABLE ACCOMMODATIONS - 3

managing the overwhelming volume of requirements across multiple proceedings.

6. Continued Mail Filing: Permission to continue filing by mail until Plaintiff secures counsel or can arrange e-filing assistance through Legal Document Assistant Elizabeth McVey.

## V. PLAINTIFF'S GOOD FAITH EFFORTS

Plaintiff assures the Court that he is making genuine good faith efforts to comply with all court requirements despite significant obstacles. Plaintiff is actively seeking new legal representation and has contracted with Legal Document Assistant Elizabeth McVey to assist with document formatting and procedural compliance. Plaintiff takes his obligations to this Court seriously and requests these accommodations only to ensure he can participate effectively on a level playing field.

## VI. CONCLUSION

Plaintiff's disabilities are documented, medically substantiated, and directly impact his ability to manage the extraordinary demands of this litigation without accommodations. The combination of documented mental health conditions, the loss of legal representation due to counsel's disbarment, financial hardship, and the complexity of managing claims against multiple corporate defendants represented by large law firms creates circumstances that require reasonable accommodations to ensure meaningful access to justice.

For the foregoing reasons, Plaintiff respectfully requests that this Court grant the requested reasonable accommodations. Plaintiff acknowledges the Court's busy docket and expresses gratitude for the Court's consideration of this request.

DATED: November 25, 2025,

Respectfully submitted,

Matthew Joyce

Plaintiff, Pro Se

PLAINTIFF'S MOTION FOR REASONABLE ACCOMMODATIONS - 4