**DUANE MORRIS LLP**
Karen L. Alexander (SBN 265926)
KLAlexander@duanemorris.com
Daniel D. Wall (SBN 311391)
DWall@duanemorris.com
Spear Tower
One Market Plaza, Suite 2200
San Francisco, California 94105-1127
Telephone:    +1 415 957 3000
Facsimile:    +1 415 957 3001

Specially appearing for Defendant,
ARB GAMING LLC dba MODO

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ARB GAMING LLC dba MODO, a Delaware limited liability company; B2SERVICES OU dba MCLUCK; AFFIRM, INC.; and DOES 1-10 inclusive,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK<br><br>**JOINT STIPULATION RE SERVICE OF COMPLAINT AND EXTENSION OF DEADLINE TO RESPOND**<br><br>Dept:    Courtroom 7, 14th Floor<br>Judge:    Hon. Daniel J. Calabretta /<br>Magistrate Judge Chi Soo Kim<br><br>Trial Date:  None Set<br>Date Class Action Filed:  June 30, 2025 |

Plaintiff MATTHEW JOYCE ("Plaintiff" or "Joyce") and Defendant ARB Gaming LLC d/b/a MODO ("ARB") (Collectively "Parties") hereby stipulate, by and through their respective counsel, as follows:

WHEREAS, Plaintiff has indicated through counsel that he intends to seek leave to file an amended complaint in this action, and anticipates doing so within three weeks;

WHEREAS, Plaintiff has further indicated that, in order to resolve any dispute regarding whether prior service on ARB was effective and to avoid motion practice concerning service, Plaintiff intends to serve or re-serve the operative complaint and summons on ARB;

WHEREAS, the Parties are presently engaged in arbitration and disagree on whether this

matter should remain in arbitration and/or be dismissed or stayed pending the resolution of that arbitration, but agree that it would conserve the efforts and resources of the Court and the Parties to determine and resolve the threshold issues related to the arbitration prior to turning to the adjudication of the substantive arguments of the parties concerning *inter alia* whether the Court possesses jurisdiction over ARB and the viability of the Plaintiff's claims as pleaded;

WHEREAS, ARB is specially appearing in this action and has not filed any responsive pleading or motion to the complaint;

WHEREAS, this is ARB's second request for an extension of time to respond to the operative complaint. This Court previously granted ARB's Ex Parte Application to extend time to respond to the original complaint by sixty (60) days while Plaintiff engaged new counsel to represent him in this action and counsel for ARB met and conferred with Plaintiff's new counsel about preliminary procedural matters such as the ones addressed in this Stipulation. (See Dkt. Nos. 15, 16.)

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties through their respective counsel of record, and who respectfully request that the Court so order the following:

1. Plaintiff shall seek leave to file an amended complaint (by way of stipulation or motion) within three weeks of this Court's Order approving this Stipulation.

2. Once Plaintiff's operative complaint is on file, Plaintiff shall serve or re-serve the operative complaint and summons on ARB.

3. ARB's deadline to respond to the operative complaint, whether by answer, motion, or otherwise, shall be thirty (30) days after completed service or re-service of the operative complaint and summons.

4. Should ARB decide to file a motion to dismiss or stay the action pending arbitration or to compel arbitration as its response to the operative complaint ("Arbitration Motion"), that motion may be filed and heard first, without waiving ARB's right to later file other motions under Rule 12 including those challenging jurisdiction, venue, forum, or the sufficiency of Plaintiff's claims. If this Court denies ARB's Arbitration

Motion, ARB shall have thirty (30) days from the date of the Court's Order denying the motion to file its remaining Rule 12 motions or otherwise respond to Plaintiff's operative complaint.

5. By entering this stipulation, ARB does not waive, and expressly preserves, all rights, defenses, objections, and arguments of ARB, including but not limited to defenses under Rule 12(b), defenses relating to service, personal jurisdiction, venue, forum, arbitrability, and the scope or enforceability of any arbitration agreement. ARB does not waive any such defenses under Rules 12(b), 12(g)(2), 12(h), or otherwise.

6. Nothing in this stipulation shall be construed as a general appearance by ARB or as consent to the jurisdiction of the Court.

IT IS SO STIPULATED AND AGREED.

Dated: January 29, 2026                                    **DUANE MORRIS LLP**

By:   */s/ Karen L. Alexander*
          Karen L. Alexander
          Daniel D. Wall
          Specially appearing for Defendant,
          ARB GAMING LLC dba MODO

Dated: January 29, 2026                                    **JACQUELINE SALE**

By:   */s/ Jacqueline Sale*  (as authorized 1/29/26)
          Jacqueline Sale
          Counsel for Plaintiff
          Matthew Joyce

**ATTESTATION OF E-FILED SIGNATURE**

I, Karen L. Alexander, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Karen L. Alexander*
Karen L. Alexander