IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA SACRAMENTO DIVISION
Case No. 2:25-cv-01868-DJC-CSK

| | | |
|---|---|---|
| MATTHEW THOMAS JOYCE, by and through undersigned counsel, | ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | **MOTION TO WITHDRAW AS** |
| ARB GAMING LLC DBA MODO. US; | ) | **COUNSEL OF RECORD AND** |
| AFFIRM, INC; | ) | **REQUEST TO STAY** |
| GOLDMAN SACHS BANK USA; | ) | **PROCEEDINGS** |
| APPLE INC; | ) | |
| AMAZON.COM, INC; | ) | |
| DOES 1 – 50; | ) ) | |
| *Defendants.* | ) ) ) | |

Amina M. Mack, Esq. (NCSB No. 61390), appearing pro hac vice, and Jacqueline M Sale, Esq.

(Bar No. 343485), counsel of record for Plaintiff Matthew Thomas Joyce, respectfully submit

this Motion to Withdraw as Counsel of Record and Request for Stay of Proceedings.


Counsel seek to withdraw from representation of Plaintiff due to an irreconcilable breakdown in

the attorney-client relationship that has rendered continued effective representation impossible.

This withdrawal is sought in accordance with applicable Federal Rules of Civil Procedure, the

Rules of Professional Conduct, and the discretionary standards governing withdrawal of counsel

in federal court.


The case is in its early stages. The Corrected Amended Complaint was filed on February 27,

2026. No trial date has been set, no discovery deadlines have been established, and no case

management conference has been scheduled. Withdrawal at this juncture will not prejudice

Plaintiff, who will have adequate time to secure substitute counsel, nor will it disrupt the orderly

administration of justice or impair the Defendants' ability to defend themselves.

Without disclosing privileged communications or confidential client information, counsel note

that irreconcilable differences have arisen that have destroyed the mutual confidence and trust

essential to effective legal representation. Counsel have made good faith efforts to resolve these

differences but have determined that withdrawal is necessary and appropriate. Plaintiff has been

notified of this motion and consents to withdrawal.

Counsel respectfully request that this Court:

1. Grant the Motion to Withdraw as Counsel of Record for both Amina M. Mack and
   Jacqueline M Sale;

2. Withdraw the pro hac vice admission of Amina M. Mack upon the effective date of this
   withdrawal;

3. Grant a thirty-day stay of all proceedings to permit Plaintiff to identify and retain
   substitute counsel and to allow substitute counsel adequate time to become familiar with
   the case; and

4. Grant such other and further relief as the Court deems just and proper.

## STATEMENT OF FACTS

### I. Parties and Case Background

Plaintiff Matthew Thomas Joyce is a resident of Durham County, North Carolina. This action involves claims against multiple defendants including ARB Gaming LLC dba Modo.Us, Affirm, Inc., Goldman Sachs Bank USA, Apple Inc., Amazon.com, Inc., and Does 1-50. The Corrected Amended Complaint was filed on February 27, 2026, and asserts federal and state law claims including violations of the Americans with Disabilities Act, the Unruh Civil Rights Act, fraud, breach of contract, and related causes of action.

## II. Counsel of Record

Amina M. Mack, Esq. (NCSB No. 61390) is licensed to practice law in the State of North Carolina and is appearing in this matter pro hac vice. Ms. Mack is the principal attorney at The Mack Law Firm, PLLC, located at 4242 Six Forks Road, Suite 1550, Raleigh, North Carolina 27609, and may be contacted at (984) 480-7147 or legal@themacklaw.com.

Jacqueline M Sale, Esq. (Bar No. 343485) is licensed to practice law in the State of Florida and is appearing as counsel of record in this matter. Ms. Sale is located at 3817 S. Nova Road, Suite 104-167, Port Orange, Florida 32127, and may be contacted at (833) 225-5299 or jmsalelaw@gmail.com.

Both attorneys have represented Plaintiff since the inception of this action.

## III. Current Stage of Litigation

The case is currently in its early stages. The Corrected Amended Complaint was filed on February 27, 2026. To date:

1. No discovery deadlines have been established;

2. No case management conference has been scheduled;

3. No trial date has been set; and

4. No other proceedings have been scheduled before this Court.

This early stage of litigation is favorable for the transition of counsel, as substitute counsel will have adequate time to become familiar with the case without disruption to scheduled proceedings or discovery deadlines.

## IV. Breakdown in Attorney-Client Relationship

An irreconcilable breakdown in the attorney-client relationship has occurred such that continued effective representation is no longer possible. The mutual confidence and trust necessary for effective legal representation no longer exists between counsel and Plaintiff.

Counsel cannot disclose the specific nature of this breakdown due to the attorney-client privilege and the obligation to maintain client confidentiality. Counsel have made good faith efforts to resolve these differences through direct communication with Plaintiff, but such efforts have been unsuccessful. Counsel have determined that withdrawal from the representation is necessary and in the best interests of both Plaintiff and the administration of justice.

Should the Court require additional information to evaluate this motion, counsel respectfully offer to provide such information for in camera review under seal to preserve the attorney-client

privilege while providing the Court with sufficient information to make an informed determination.

**V. Absence of Prejudice**

Withdrawal of counsel at this early stage will not prejudice Plaintiff or result in abandonment of his claims. The Corrected Amended Complaint provides a comprehensive statement of Plaintiff's claims and legal theories. All case files, work product, and documentation will be provided to substitute counsel to ensure a smooth transition.

No discovery deadlines, case management conferences, or trial dates have been scheduled. The requested thirty-day stay will provide adequate time for Plaintiff to secure substitute counsel and for new counsel to become familiar with the case without disrupting any scheduled proceedings.

Withdrawal will not prejudice the Defendants. The Defendants have been served with the Corrected Amended Complaint and have notice of Plaintiff's claims. The transition of counsel will not affect the Defendants' ability to respond to the complaint, conduct discovery, or prepare their defenses.

**<u>SUMMARY OF ARGUMENT</u>**

Good cause exists for withdrawal of counsel based on the irreconcilable breakdown in the attorney-client relationship. The determination whether to grant or deny an attorney's motion to withdraw lies within the sound discretion of the trial court, considering whether such withdrawal might work an injustice in the handling of the case. In re Samuel A., 69 Cal. App. 5th 67, 284

Cal. Rptr. 3d 151 (2021) California Rules of Professional Conduct permit withdrawal when the client's conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively. Cal. Rules Prof. Conduct, rule 1.16

Withdrawal at this early stage of litigation will not work an injustice or prejudice any party. The case remains in its initial phases, with no trial date set and no discovery deadlines established. Plaintiff will have adequate time to retain substitute counsel. The requested thirty-day stay will facilitate an orderly transition without disrupting the proceedings or prejudicing the Defendants.

Counsel will comply with all ethical obligations upon withdrawal, including returning all client files and property, cooperating with substitute counsel, and maintaining confidentiality of privileged communications. The Court possesses inherent authority to grant a brief stay to accommodate the ends of justice and ensure orderly case management.

## ARGUMENT

## I. GOOD CAUSE EXISTS FOR WITHDRAWAL OF COUNSEL

### A. Legal Standard for Withdrawal

The determination whether to grant or deny an attorney's motion to withdraw as counsel of record lies within the sound discretion of the trial court, having in mind whether such withdrawal might work an injustice in the handling of the case. In re Samuel A., 69 Cal. App. 5th 67, 284 Cal. Rptr. 3d 151 (2021)The court exercises this discretion reasonably, balancing the attorney's

right to withdraw against the need for orderly judicial administration and protection of the client's interests.

While the provided authorities address California state court standards, these principles are persuasive in federal court. Federal courts similarly exercise discretion in granting withdrawal motions, considering whether withdrawal can be accomplished without undue prejudice to the client's interests and without disrupting the orderly process of justice.

**B. Breakdown in Attorney-Client Relationship Constitutes Good Cause**

An attorney may withdraw when the client's conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively. Cal. Rules Prof. Conduct, rule 1.16The California Rules of Professional Conduct recognize that withdrawal is appropriate when the attorney-client relationship has deteriorated to the point that effective representation is no longer possible.

In this case, an irreconcilable breakdown in the attorney-client relationship has occurred. The mutual confidence and trust essential to effective legal representation no longer exists. Without this foundation, counsel cannot provide the zealous advocacy that Plaintiff deserves and that is required by professional ethical standards.

Counsel recognize the obligation to protect the attorney-client privilege and cannot ethically disclose the specific details underlying this breakdown in a public filing. The general description provided, irreconcilable differences resulting in loss of mutual confidence, adequately conveys

the nature of the problem without compromising confidentiality. Should the Court require more detailed information to assess whether good cause exists, counsel respectfully offer to submit additional information for in camera review or under seal, thereby preserving privilege while providing the Court with sufficient information to make an informed determination.

## C. Withdrawal Will Not Work an Injustice

Withdrawal at this stage will not work an injustice in the handling of this case. Courts have recognized that withdrawal at early stages of litigation, before trial is set, does not prejudice the client, the opposing parties, or the administration of justice when adequate time remains for transition to substitute counsel. People v. Prince, 268 Cal. App. 2d 398, 74 Cal. Rptr. 197 (1968)

The case is in its early posture. The Corrected Amended Complaint was filed on February 27, 2026, establishing the legal framework for Plaintiff's claims. No trial date has been set. No discovery deadlines have been established. No case management conference has been scheduled. This timing provides Plaintiff with adequate opportunity to retain substitute counsel and for new counsel to prepare for the substantive phases of litigation ahead.

The comprehensive nature of the Corrected Amended Complaint provides substitute counsel with a clear roadmap of the claims, legal theories, and factual allegations. Counsel will provide all case files, work product, and documentation to substitute counsel and will cooperate fully in the transition. These measures will minimize any potential disruption and ensure continuity of representation.

**D. Pro Hac Vice Admission**

Amina M. Mack is appearing in this matter pro hac vice under her North Carolina license. Upon the Court's granting of this motion to withdraw, counsel respectfully requests that the Court withdraw Ms. Mack's pro hac vice admission in this case, as her continued pro hac vice status will be unnecessary once she is no longer counsel of record.

## II. WITHDRAWAL WILL NOT UNDULY PREJUDICE ANY PARTY

**A. No Prejudice to Plaintiff**

Plaintiff will not be unduly prejudiced by withdrawal of counsel at this early stage. The case remains in its initial phases, providing adequate time for Plaintiff to retain successor counsel.

Counsel will take all reasonable steps to protect Plaintiff's interests upon withdrawal. Upon the Court's granting of this motion, counsel will comply with all ethical obligations, including:

1. Promptly providing the complete case file, all work product, and all client property to Plaintiff or successor counsel;

2. Cooperating fully with successor counsel in the transition of representation;

3. Maintaining the confidentiality of all attorney-client privileged communications and confidential client information; and

4. Providing adequate notice to all parties of the withdrawal and the identity of successor counsel once retained.

These measures, combined with the requested thirty-day stay, will ensure that Plaintiff's interests are protected and that the transition occurs in an orderly manner without disruption to the substantive development of the case.

## B. No Prejudice to Defendants

Defendants will not be prejudiced by withdrawal of counsel. The Defendants have received notice of the claims against them through service of the Corrected Amended Complaint. Withdrawal of counsel does not alter the substantive claims or legal theories asserted against Defendants. The Defendants' ability to respond to the complaint, conduct discovery, file motions, and otherwise defend themselves remains unaffected by the substitution of counsel.

The early stage of litigation means that no critical deadlines, hearings, or trial preparations are immediately at risk. Any brief pause in proceedings during the transition period will be minimal compared to the overall scope and timeline of this multi-party litigation. The requested thirty-day stay provides a defined period for transition without creating indefinite uncertainty.

## C. No Disruption to Orderly Administration of Justice

The orderly administration of justice will not be disrupted by this withdrawal. The case involves well-developed allegations in a Corrected Amended Complaint, providing a clear record of the claims and parties. The early stage of litigation means that no critical deadlines or proceedings are immediately threatened.

The requested thirty-day stay, coupled with counsel's cooperation in transitioning the file, will allow successor counsel to assume representation without material disruption to case management or judicial efficiency. The Court may impose appropriate conditions on withdrawal to ensure continuity, such as requiring that papers continue to be served on withdrawing counsel for forwarding purposes until successor counsel enters an appearance.

## III. A LIMITED THIRTY-DAY STAY IS APPROPRIATE TO FACILITATE ORDERLY TRANSITION

### A. The Court Has Authority to Grant a Stay

Federal courts possess inherent authority to control their dockets and to stay proceedings when such a stay will accommodate the ends of justice. This inherent power is incidental to the power in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants.

Courts exercise this discretionary authority to stay proceedings when doing so will promote judicial efficiency or serve the interests of justice. In determining whether to grant a stay, courts consider factors including: the interest of parties in proceeding expeditiously and potential prejudice from delay; the burden on the party seeking the stay; the convenience of the court and efficient use of judicial resources; the interests of non-parties; and the public interest in the litigation.

**B. Good Cause Supports a Limited Thirty-Day Stay**

A limited thirty-day stay is warranted based on the particular circumstances of this case. The withdrawal of counsel creates a genuine need for an orderly transition that protects both Plaintiff and the Court's docket management.

**Complexity of the Case**: The Corrected Amended Complaint involves multiple defendants and asserts numerous federal and state law claims. This complexity necessitates adequate transition time to ensure that substitute counsel can familiarize themselves with the case record, legal theories, and factual background. A brief stay permits such familiarization and reduces the risk of missed deadlines, procedural errors, or gaps in representation that could compromise the integrity of the proceedings.

**Orderly Administration**: The requested thirty-day stay promotes orderly administration and judicial efficiency. This limited duration minimizes disruption to the litigation schedule while providing sufficient time for Plaintiff to identify and retain substitute counsel and for that counsel to prepare for continued representation. A brief stay serves the Court's interest in efficient docket management by avoiding the confusion and inefficiency that could result from attempting to proceed without adequate transition time.

**Minimal Prejudice**: The prejudice to Defendants and the Court from a thirty-day stay is minimal. The case posture does not reflect an imminent trial date that would be jeopardized by a brief continuance. Defendants will not suffer material harm from a short delay in proceedings, particularly where that delay serves the legitimate purpose of ensuring orderly transition of

counsel. The burden on Defendants is substantially outweighed by the benefits to the Court's administration of the case and the protection of Plaintiff's interests.

**Defined Duration**: The thirty-day period is reasonable and sufficient for the transition. This timeframe is consistent with standard practice in federal court for counsel transitions and provides adequate time for Plaintiff to identify and retain qualified substitute counsel. The defined duration avoids indefinite uncertainty and provides all parties with a clear timeline for resumption of proceedings.

## <u>CONCLUSION</u>

For the foregoing reasons, Amina M. Mack, Esq. and Jacqueline M Sale, Esq. respectfully request that this Court enter an Order:

1. GRANTING the Motion to Withdraw as Counsel of Record for Amina M. Mack and Jacqueline M Sale;

2. WITHDRAWING the pro hac vice admission of Amina M. Mack upon the effective date of this withdrawal;

3. GRANTING a thirty-day stay of all proceedings in this action, with all current deadlines extended by thirty days;

4. DIRECTING that Plaintiff provide notice to the Court and all parties of record of the identity of substitute counsel within the thirty-day stay period; and

5. GRANTING such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Amina M. Mack
Amina M. Mack, Esq.
NCSB No. 61390
THE MACK LAW FIRM, PLLC
4242 Six Forks Road, Suite 1550
Raleigh, North Carolina 27609
Tel: (984) 480-7147
Email: legal@themacklaw.com
Attorney for Plaintiff (Pro Hac Vice)

/s/ Jacqueline M Sale
Jacqueline M Sale, Esq.
Bar No. 343485
JACQUELINE M SALE ESQ.
3817 S. Nova Road, Suite 104-167
Port Orange, Florida 32127
Tel: (833) 225-5299
Email: jmsalelaw@gmail.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA SACRAMENTO DIVISION
Case No. 2:25-cv-01868-DJC-CSK

| | | |
|---|---|---|
| MATTHEW THOMAS JOYCE, by and through undersigned counsel, | ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | **DECLARATION OF** |
| ARB GAMING LLC DBA MODO. US; | ) | **AMINA M. MACK** |
| AFFIRM, INC; | ) | |
| GOLDMAN SACHS BANK USA; | ) | |
| APPLE INC; | ) | |
| AMAZON.COM, INC; | ) | |
| DOES 1 – 50; | ) ) | |
| *Defendants.* | ) ) | |
| | ) | |

## <u>DECLARATION OF AMINA M. MACK IN SUPPORT OF MOTION TO WITHDRAW</u>

I, Amina M. Mack, declare under penalty of perjury under the laws of the United States that the

foregoing is true and correct:

1. I am an attorney licensed to practice law in the State of North Carolina and am appearing

    pro hac vice in this matter. I have personal knowledge of the facts set forth herein and am

    competent to testify thereto.

2. I have represented Plaintiff Matthew Thomas Joyce in this action and have been

    responsible for managing communications with Plaintiff and preparing pleadings in this

    case.

3. An irreconcilable breakdown in the attorney-client relationship has occurred such that

    continued effective representation is no longer possible. I cannot disclose the specific

nature of this breakdown due to the attorney-client privilege and my obligation to maintain client confidentiality.

4. I have made good faith efforts to resolve the differences with Plaintiff, but such efforts have been unsuccessful.

5. Plaintiff has been notified of this motion and consents to withdrawal.

6. Upon the granting of this Motion, I will comply with all applicable ethical obligations, including returning all case files and client property, cooperating with substitute counsel, and maintaining confidentiality of privileged communications.

7. I am not aware of any imminent deadlines or proceedings that would be materially prejudiced by the requested thirty-day stay.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 20th of May, 2026

/s/Amina M. Mack

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA SACRAMENTO DIVISION
Case No. 2:25-cv-01868-DJC-CSK

| | | |
|---|---|---|
| MATTHEW THOMAS JOYCE, by and through undersigned counsel, | ) ) ) | |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) | **DECLARATION OF** |
| ARB GAMING LLC DBA MODO. US; | ) | **JACQUELINE M. SALE** |
| AFFIRM, INC; | ) | |
| GOLDMAN SACHS BANK USA; | ) | |
| APPLE INC; | ) | |
| AMAZON.COM, INC; | ) | |
| DOES 1 – 50; | ) | |
| | ) | |
| *Defendants.* | ) ) | |
| | ) | |

## <u>DECLARATION OF JACQUELINE M SALE IN SUPPORT OF MOTION TO</u>

## <u>WITHDRAW</u>

I, Jacqueline M. Sale, declare under penalty of perjury under the laws of the United States that

the foregoing is true and correct:

1. I am an attorney licensed to practice law in the State of Florida and am counsel of record

   in this matter. I have personal knowledge of the facts set forth herein and am competent

   to testify thereto.

2. I have represented Plaintiff Matthew Thomas Joyce in this action and have been

   responsible for managing communications with Plaintiff and assisting in the preparation

   of pleadings in this case.

3. An irreconcilable breakdown in the attorney-client relationship has occurred such that

   continued effective representation is no longer possible. I cannot disclose the specific

nature of this breakdown due to the attorney-client privilege and my obligation to maintain client confidentiality.

4. I have made good faith efforts to resolve the differences with Plaintiff, but such efforts have been unsuccessful.

5. Plaintiff has been notified of this motion and consents to withdrawal.

6. Upon the granting of this Motion, I will comply with all applicable ethical obligations, including returning all case files and client property, cooperating with substitute counsel, and maintaining the confidentiality of privileged communications.

7. I am not aware of any imminent deadlines or proceedings that would be materially prejudiced by the requested thirty-day stay.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 20th of May, 2026

/s/Jacqueline M. Sale

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA SACRAMENTO DIVISION
Case No. 2:25-cv-01868-DJC-CSK

| | | |
|---|---|---|
| MATTHEW THOMAS JOYCE, by and through undersigned counsel, | ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) ) | |
| ARB GAMING LLC DBA MODO. US; AFFIRM, INC; GOLDMAN SACHS BANK USA; APPLE INC; AMAZON.COM, INC; DOES 1 – 50; | ) ) ) ) ) ) ) | **PROPOSED ORDER** |
| *Defendants*. | ) ) ) | |

**[PROPOSED] ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF**

**RECORD AND GRANTING STAY OF PROCEEDINGS**

IT IS HEREBY ORDERED that:

1.  The Motion to Withdraw as Counsel of Record filed by Amina M. Mack, Esq. and Jacqueline M Sale, Esq. is GRANTED.

2.  Amina M. Mack, Esq. 's pro hac vice admission to practice in the United States District Court for the Eastern District of California is WITHDRAWN effective upon the date of this Order.

3.  All proceedings in this action are STAYED for a period of thirty (30) days from the date of this Order. All current deadlines, if any, are extended by thirty (30) days.

4. Amina M. Mack, Esq. and Jacqueline M Sale, Esq. shall return all case files, documents, work product, and client property to Plaintiff or to substitute counsel within _____ business days of the date of this Order.

5. This Order shall become effective upon entry.

IT IS SO ORDERED.

Dated: _____2026

_____

United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing documents was electronically filed

on May 20, 2026 using the CM/ECF system, thereby sending a notice of electronic filing to call

counsel of record and was served on the following Defendant and Plaintiff via Email and or

Certified Mail, Return Receipt Requested, addressed as follows:


MATTHEW THOMAS JOYCE
170 Manordale Drive
Chapel Hill, NC 27517
m.joyce07@proton.me
The Plaintiff

AMAZON.COM, INC
Registered Office address:
2 South Salisbury Street
Raleigh, NC 27601
Defendant

This the 20th  day of May, 2026.

By: /s/Amina M. Mack, Esq.
Amina M. Mack (NCSB No. 61390)
THE MACK LAW FIRM, PLLC
4242 Six Forks Road, Ste. 1550
Raleigh, NC 27609
Tel: 984-480-7147
legal@themacklaw.com

Attorney for Plaintiff
Pro Hac Vice

/s/Jacqueline M Sale Esq.
Jacqueline M Sale (Bar No. 343485)
JACQUELINE M SALE ESQ.
3817 S. Nova Road, Suite 104-167
Port Orange, Florida 32127
Tel: 833-225-5299
jmsalelaw@gmail.com

Attorney for Plaintiff