**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ARB GAMING LLC dba MODO, a Delaware limited liability company; B2SERVICES OU dba MCLUCK; AFFIRM, INC.; and DOES 1-10 inclusive,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK<br><br>**[PROPOSED] ORDER GRANTING THE *EX PARTE* APPLICATION OF DEFENDANT ARB GAMING LLC DBA MODO FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S OPERATIVE COMPLAINT AND FILE THE RULE 26(f) JOINT STATUS REPORT BY SIXTY (60) DAYS**<br><br>**[Civil Local Rule 144]**<br><br>**Date:**<br>**Time:**<br>**Dept:    Courtroom 7, 14th Floor**<br>**Judge:    Hon. Daniel J. Calabretta**<br><br>Trial Date:  None Set<br>Date Class Action Filed:  June 30, 2025 |

DUANE MORRIS LLP<br>ATTORNEYS AT LAW<br>SAN FRANCISCO

Specially Appearing Defendant ARB GAMING LLC dba MODO applied *ex parte* for an order extending the deadline for Defendant to respond to Plaintiff MATTHEW JOYCE's operative Complaint and file the Rule 26(f) Joint Status Report. After consideration of the *ex parte* application, supporting documents, and the pleadings in support thereof:

**IT IS HEREBY ORDERED** that Defendant's *ex parte* application for an order extending the deadline for Defendant to respond to Plaintiff MATTHEW JOYCE's operative Complaint and to file the Rule 26(f) Joint Status Report by sixty (60) days is GRANTED.

**IT IS FURTHER ORDERED** that Defendant shall be allowed to file its responsive papers to Plaintiff's Complaint and the Rule 26(f) Joint Status Report on or by July 28, 2026.

This Order does not alter the prior ruling of Magistrate Judge Chi Soo Kim that "If ARB elects to respond to the operative complaint by filing a motion to dismiss or stay the action pending arbitration or to compel arbitration ("Arbitration Motion"), that motion may be filed and heard first.  Filing and adjudication of any such Arbitration Motion shall not waive ARB's right to later file other motions under Rule 12, including motions challenging jurisdiction, venue, forum, or the sufficiency of Plaintiff's claims."  (*See* ECF No. 27.)

By specially appearing solely for the purpose of bringing this *ex parte* application, ARB Gaming does not waive any challenges to the Summons and Complaint, including its argument that service was defective, that the Court lacks personal jurisdiction over ARB Gaming, that venue is improper, that this matter should be compelled to arbitration and/or stayed during the pendency of the parties' presently ongoing arbitration, and that the operative Complaint fails to state a claim against ARB Gaming.

**IT IS SO ORDERED.**

DATED: _____          _____
                                 Hon. Daniel J. Calabretta
                                 United States District Court Judge

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2
[PROPOSED] ORDER GRANTING ARB GAMING'S *EX PARTE* APPLICATION FOR EXTENSION OF TIME
TO RESPOND TO OPERATIVE COMPLAINT AND FILE STATUS REPORT
2:25-cv-01868-DJC-CSK