**DLA PIPER LLP (US)**
JOHN SAMUEL GIBSON (SBN 140647)
*john.gibson@us.dlapiper.com*
TANYA L. GREENE (SBN 267975)
*tanya.greene@us.dlapiper.com*
COLIN F. MCGRATH (SBN 351947)
*colin.mcgrath@us.dlapiper.com*
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, California 90067-4735
Tel.:  310.595.3000
Fax:  310.595.3300

Attorneys for Defendant
APPLE INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW THOMAS JOYCE,<br><br>Plaintiff,<br><br>v.<br><br>ARB GAMING LLC DBA MODO. US;<br>AFFIRM, INC;<br>GOLDMAN SACHS BANK USA;<br>APPLE INC;<br>AMAZON.COM, INC;<br>DOES 1 – 50;<br><br>Defendants. | CASE NO.  2:25-cv-01868-DJC-CSK<br><br>**APPLE INC.'S EX PARTE APPLICATION TO EXTEND TIME TO RESPOND TO CORRECTED AMENDED COMPLAINT**<br><br>Date:<br>Time:<br>Dept:  Courtroom 7, 14th Floor<br>Judge: Hon. Daniel J. Calabretta<br><br>[*Filed concurrently with Declaration of Colin F. McGrath and [Proposed] Order*]<br><br>Corrected Amended Complaint Filed:  03/02/26 |

APPLE INC.'S EX PARTE APPLICATION TO EXTEND TIME TO RESPOND TO
CORRECTED AMENDED COMPLAINT

Defendant Apple Inc. ("Apple") hereby submits this *ex parte* application (the "Application") pursuant to Federal Rule of Civil Procedure 6(b), Local Rule 144, and Section II of this Court's Standing Order in Civil Cases, Dkt. No. 7-1, for an order extending its time to respond to the Corrected Amended Complaint ("Complaint") filed by Plaintiff Matthew Thomas Joyce until the later of (1) 30 days after the Court rules on the pending Motion to Withdraw as Counsel of Record and Request to Stay Proceedings ("Motion to Withdraw") filed by Plaintiff's counsel on May 20, 2026, Dkt. No. 47; or (2) 30 days after substitute counsel appears. Good cause supports the request for an extension because it will further the objectives of the stay requested in the Motion to Withdraw. Further, the relief sought in this Application would be rendered moot if ordered after a regularly noticed motion.

At the time of filing, Plaintiff's counsel had not yet responded to Apple's counsel's request for clarification on whether Plaintiff intends to file an opposition to this Application.

## BACKGROUND

On May 20, 2026, Plaintiff's counsel filed the Motion to Withdraw. Plaintiff's counsel seek "to withdraw from representation of Plaintiff," stating that "[a]n irreconcilable breakdown in the attorney-client relationship has occurred such that continued effective representation is no longer possible." *Id.* at 1, 4. The Motion to Withdraw explains that "[t]he mutual confidence and trust necessary for effective legal representation no longer exists between counsel and Plaintiff." *Id.* at 4.

The Motion to Withdraw requests a 30-day stay of all proceedings and a 30-day extension of all deadlines "to permit Plaintiff to identify and retain substitute counsel and to allow substitute counsel adequate time to become familiar with the case." *Id.* at 2, 13. Until this stay and extension request are granted, however, all case deadlines remain pending.

Apple's current deadline to respond to the Complaint is May 29, 2026. *See* Dkt. No. 42. Apple anticipates filing a motion to dismiss, and under the current schedule, briefing on Apple's motion would occur before the Motion to Withdraw is heard and decided.

On May 20, 2026, Apple's counsel emailed Plaintiff's counsel to request Plaintiff's consent to a stipulation to extend the responsive pleading deadline until the later of 30 days after

-1-

APPLE INC.'S EX PARTE APPLICATION TO EXTEND TIME TO RESPOND TO
CORRECTED AMENDED COMPLAINT

the court rules on the Motion to Withdraw or 30 days after substitute counsel appears after the Motion to Withdraw is decided. *See* Declaration of Colin F. McGrath ("McGrath Decl.") ¶ 6. On a call on May 21, 2026, Plaintiff's counsel stated that Plaintiff will not agree to a stipulation to extend the responsive pleading deadline. *See id*. On May 22, 2026, Apple's counsel asked Plaintiff's counsel whether Plaintiff intends to oppose this *ex parte* Application. At the time of filing, Plaintiff's counsel had not yet responded. *See id.* ¶ 3.

Apple accordingly brings this *ex parte* Application to request an extension of its May 29, 2026 responsive pleading deadline.

## GROUNDS FOR *EX PARTE* RELIEF

Under Federal Rule 6, "[t]he [C]ourt may, for good cause, extend the time" for a defendant's response to a pleading "if a request is made[] before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1). This rule is "liberally construed"; "requests for extensions of time made before the applicable deadline has passed should 'normally … be granted in the absence of bad faith or prejudice to the adverse party.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).

Good cause supports the extension of Apple's responsive pleading deadline until the later of 30 days after the Court rules on the Motion to Withdraw or 30 days after substitute counsel appears. Briefing on Apple's anticipated motion to dismiss should not proceed now when Plaintiff and his counsel have developed "irreconcilable differences" that have "destroyed the mutual confidence and trust essential to effective legal representation." Dkt. No. 47 at 2. An extension of the deadline until after the Motion to Withdraw is decided will allow for meet-and-confer discussions to take place with substitute counsel if obtained, and may allow the parties to resolve some or all of the issues Apple intends to raise in its motion to dismiss. The extension will therefore benefit all parties and further the interests of judicial economy by affording the parties an opportunity to narrow the issues in this case. Further, the Motion to Withdraw seeks a 30-day stay because the "withdrawal of counsel creates a genuine need for an orderly transition that protects both Plaintiff and the Court's docket management." *Id.* at 14. Accordingly, an extension would not prejudice Plaintiff; it would instead protect Plaintiff's interests and align

-2-

APPLE INC.'S EX PARTE APPLICATION TO EXTEND TIME TO RESPOND TO CORRECTED AMENDED COMPLAINT

with the basis for the requested stay. Granting an extension of case deadlines while the Motion to Withdraw is pending will further the objectives underlying that request.

Apple brings this *ex parte* Application because it has not been able to obtain an extension of its responsive pleading deadline through a stipulation with Plaintiff. The same day the Motion to Withdraw was filed, Apple's counsel contacted Plaintiff's counsel to request such a stipulation. However, Plaintiff's counsel informed Apple that Plaintiff is unwilling to agree to a stipulation. McGrath Decl. ¶ 6.

Apple's request for an extension could not be decided on a motion noticed on the Court's civil law and motion calendar under Local Rule 230. The Motion to Withdraw was filed nine days before Apple's upcoming responsive pleading deadline. This leaves insufficient time for Apple to request this extension on a regularly noticed motion before its deadline passes. *Id*. ¶ 7. Apple accordingly seeks an extension through this *ex parte* Application, and has filed this Application at the earliest possible time after learning of the Motion to Withdraw.

## CONCLUSION

For the foregoing reasons, Apple requests that the Court extend Apple's responsive pleading deadline until the later of 30 days after the court rules on Plaintiff's counsel's pending Motion to Withdraw or 30 days after substitute counsel appears.

Dated:  May 22, 2026

Respectfully submitted,

DLA PIPER LLP (US)


By: /s/ John Samuel Gibson
JOHN SAMUEL GIBSON
TANYA L. GREENE
COLIN F. MCGRATH

Attorneys for Defendant
APPLE INC.