**DUANE MORRIS LLP**
Karen L. Alexander (SBN 265926)
KLAlexander@duanemorris.com
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone:  +1 619 744 2200
Facsimile:  +1 619 744 2201

**DUANE MORRIS LLP**
Sean Patterson (SBN 234565)
CSPatterson@duanemorris.com
Daniel D. Wall (SBN 311391)
DWall@duanemorris.com
Spear Tower,
One Market Plaza, Suite 2200
San Francisco, California 94105-1127
Telephone:    +1 415 957 3000
Facsimile:     +1 415 957 3001

Attorneys for Defendant
ARB GAMING LLC dba MODO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br><br>              Plaintiff,<br><br>        v.<br><br>ARB GAMING LLC dba MODO, a Delaware limited liability company; B2SERVICES OU dba MCLUCK; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1-10 inclusive,<br><br>              Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**DEFENDANT ARB GAMING LLC'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY THE CASE**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Date:     August 13, 2026<br>Time:     1:30 p.m.<br>Dept:     Courtroom 7, 14th Floor<br>Judge:   Hon. Daniel J. Calabretta<br>            Magistrate Judge Chi Soo Kim<br><br>Trial Date:  None Set<br>Date Class Action Filed: 6/30/2025<br>Amended Complaint Filed: 3/2/2026 |

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

ARB'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND DISMISS/STAY THE CASE
Case No. 2:25-cv-01868-DJC-CSK (PS)

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 13, 2026, at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Honorable Daniel J. Calabretta, in Courtroom 7 of the above-captioned Court, located at 501 I Street, Sacramento, CA 95814, Defendant ARB Gaming LLC d/b/a Modo ("Defendant") will and hereby does move this Court for an order:

1. Compelling Plaintiff Matthew Joyce ("Plaintiff") to arbitrate all claims asserted in this action pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq.;

2. Dismissing this duplicative action or, alternatively, staying this action pending completion of the ongoing arbitration pursuant to 9 U.S.C. §

3. Award Defendant ARB as sanctions attorneys' fees and costs incurred in having to make this application; and

4. Granting such other and further relief as the Court deems proper.

This Motion is made on the grounds that Plaintiff agreed to binding arbitration through Modo's Terms of Use, initiated arbitration concerning the same underlying dispute asserted here, extensively litigated arbitrability before the arbitrator, received adverse rulings confirming that the dispute must proceed in binding arbitration governed by the Federal Arbitration Act ("FAA"), and nevertheless continues to pursue this duplicative federal action.

Plaintiff cannot initiate arbitration, litigate substantive claims and arbitrability before an arbitrator for nearly a year, receive adverse rulings, and then relitigate the same issue in federal court because he now prefers a different forum. The FAA requires enforcement of arbitration agreements according to their terms.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Patrick Fechtmeyer and exhibits, the Declaration of Karen L. Alexander and exhibits, the Request for Judicial Notice and exhibits, all pleadings and papers on file in this action, matters subject to judicial notice, and such other evidence and argument as may properly be presented to

the Court.

Pursuant to the Court's Standing Order, undersigned counsel certifies that counsel for the parties met and conferred regarding the substance of this Motion and potential resolution prior to filing and have exhausted such efforts.

Specifically, counsel for Defendant and counsel for Plaintiff engaged in telephonic meet-and-confer discussions on March 30, 2026 and again on or around May 19, 2026 regarding Plaintiff's claims, the enforceability of the parties' arbitration agreement, the pending arbitration proceedings, whether Plaintiff would agree to dismiss or stay this action in favor of arbitration, and sanctions. Counsel for the parties also exchanged multiple emails concerning these issues.  Despite these efforts, the parties were unable to reach a resolution. Plaintiff declined to dismiss this action, stipulate to arbitration, or otherwise voluntarily stay this action pending arbitration.

This Motion is brought pursuant to the Order entered by Magistrate Judge Chi Soo Kim on February 4, 2026, stating in relevant part that "If ARB elects to respond to the operative complaint by filing a motion to dismiss or stay the action pending arbitration or to compel arbitration ("Arbitration Motion"), that motion may be filed and heard first. Filing and adjudication of any such Arbitration Motion shall not waive ARB's right to later file other motions under Rule 12, including motions challenging jurisdiction, venue, forum, or the sufficiency of Plaintiff's claims." (ECF No. 27, ¶ 4.)  By bringing this Motion, ARB does not waive, and expressly preserves, all rights, defenses, objections, and arguments, including but not limited to defenses under Rule 12(b), defenses relating to service, personal jurisdiction, venue, forum, arbitrability, and the scope or enforceability of any arbitration agreement. ARB does not waive any such defenses under Rules 12(b), 12(g)(2), 12(h), or otherwise.

Dated:  May 29, 2026                      **DUANE MORRIS LLP**


By:    */s/ Daniel D. Wall*
           Karen L. Alexander
           Daniel D. Wall

Attorneys for Defendant
ARB GAMING LLC dba MODO