**DUANE MORRIS LLP**
Karen L. Alexander (SBN 265926)
KLAlexander@duanemorris.com
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone:  +1 619 744 2200
Facsimile:  +1 619 744 2201

**DUANE MORRIS LLP**
Sean Patterson (SBN 234565)
CSPatterson@duanemorris.com
Daniel D. Wall (SBN 311391)
DWall@duanemorris.com
Spear Tower,
One Market Plaza, Suite 2200
San Francisco, California 94105-1127
Telephone:    +1 415 957 3000
Facsimile:     +1 415 957 3001

Attorneys for Defendant
ARB GAMING LLC dba MODO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MATTHEW JOYCE, an individual, | Case No. 2:25-cv-01868-DJC-CSK (PS) |
| Plaintiff, | **ARB GAMING LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY THE ACTION** |
| v. | |
| ARB GAMING LLC dba MODO, a Delaware limited liability company; B2SERVICES OU dba MCLUCK; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1-10 inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | Date:     August 13, 2026<br>Time:     1:30 p.m.<br>Dept:     Courtroom 7, 14th Floor<br>Judge:    Hon. Daniel J. Calabretta<br>          Magistrate Judge Chi Soo Kim<br><br>Trial Date:  None Set<br>Date Class Action Filed: 6/30/2025<br>Amended Complaint Filed: 3/2/2026 |

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Pursuant to Federal Rule of Evidence 201 and in connection with its concurrently-filed Motion to Compel Arbitration and to Dismiss or Stay the Action, Defendant ARB GAMING LLC dba MODO ("Defendant" or "ARB") hereby submits this request that the court take judicial notice of the following documents and facts related to the ongoing consumer arbitration between Plaintiff Matthew Joyce and ARB, JAMS Ref. No. 5100003080, before the Hon. Peggy A. Leen (Ret.) and other related litigation commenced by Plaintiff.

A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Thus, "[m]aterials from a proceeding in another tribunal are appropriate for judicial notice." *Biggs v. Terhune*, 334 F.3d 910, 915 n.3 (9th Cir. 2003), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). These materials include filings in arbitration proceedings. *See, e.g.*, *Rachford v. Air Line Pilots Ass'n, Int'l*, 284 F. App'x 473, 475 (9th Cir. 2008), *as amended on denial of reh'g and reh'g en banc* (Aug. 11, 2008) (taking judicial notice of arbitrator's ruling); *Klahn v. Quizmark, LLC*, 2013 WL 4605873, at *1 n.4 (N.D. Cal. Aug. 28, 2013) (same); *Coleman v. Am. Honda Fin. Corp.*, 2019 WL 4456002, at *1 (C.D. Cal. June 7, 2019) (taking judicial notice of "filings, records, orders, and awards" in arbitration proceeding).

**JAMS Arbitration**

1.      Plaintiff and ARB are presently in a consumer arbitration with JAMS, Ref. No. 5100003080, proceeding before the Hon. Peggy A. Leen (Ret.).

2.      On May 9, 2025, Plaintiff filed a Demand for Arbitration with JAMS, attaching a copy of the same Complaint and Terms concerning the same dispute pursuant the same arbitration agreement at issue here.  A true and correct copy of the Demand for Arbitration, JAMS Ref. No. 5100003080 is attached hereto as **Exhibit A**.

3. JAMS accepted the arbitration, formally commenced the proceeding on July 31, 2025, and appointed Hon. Peggy A. Leen (Ret.) to arbitrate the matter on August 12, 2025. ARB filed its Answer and Affirmative Defenses on August 20, 2025. (Exhibit B, p. 2) The parties extensively litigated threshold issues concerning arbitrability and enforceability. Plaintiff moved for an order declaring arbitration non-binding, while ARB moved to dismiss Plaintiff's claims. (Exhibit B, p. 2.) A hearing was conducted on September 25, 2025. (Exhibit B, p. 2.) On March 4, 2026, the arbitrator issued a comprehensive Order ruling on both pending motions. A true and correct copy of the "Order re Motion to Declare Arbitration Non-Binding and MTD, Mar. 4, 2026" ( "March 4 Order") is attached hereto as **Exhibit B**.

4. The arbitrator denied Plaintiff's Motion for an Order Declaring Arbitration Non-Binding, found the arbitration agreement to be severable, mandatory, binding, and enforceable, and held that Arizona law governs. (Exhibit B, p. 15.)

5. Pursuant to the arbitrator's leave to amend, on April 1, 2026, Plaintiff filed an "Amended Demand for Arbitration and Amended Statement of Claim." On April 6, 2026, just five days after filing the Amended Demand acknowledging the arbitration was binding, Plaintiff reversed course and filed a "Withdrawal of All Claims." A true and correct copy of the "Case History Log" is attached hereto as **Exhibit C.**

6. As noted in the "Interim Award," on April 8, 2026, ARB opposed the withdrawal, arguing that Plaintiff's attempt to withdraw was an an impermissible effort to forum-shop, abandon the arbitration, and relitigate the same issues in federal court. A true and correct copy of the "Interim Award" attached hereto as **Exhibit D**.

7. ARB argued that Plaintiff's request to withdraw claims be denied and an award entered consistent with the March 4 Order. ARB also requested leave to seek attorneys' fees and costs, and a stay of the deadline to respond to Claimant's amended statement of claims, and other scheduling order deadlines. (Exhibit C, p. 1; See also Exhibit D.)

8.      On April 10, 2026, the arbitrator issued its "Order Regarding Claimant's Request to Withdraw and Respondents Opposition" and denied Plaintiff's withdrawal request and ordered the arbitration to proceed. A true and correct copy of the "Order Regarding Claimant's Request to Withdraw and Respondents Opposition" is attached hereto as **Exhibit E**.

9.      On May 13, 2026,  in its Interim Award, the arbitrator found that Plaintiff had "invoked the jurisdiction of this arbitral forum" and "waived any argument his remaining claims should not be arbitrated." (Exhibit D, p. 27.) The arbitrator further found that allowing withdrawal would prejudice ARB after "nearly a year of actively participating in and arbitrating resolution of the parties' threshold claims and defenses." (*Id*.)

10.     The arbitration remains pending.

**Other Related State and Federal Litigation**

11.     Before filing this action, Plaintiff filed related claims arising from the same underlying dispute in Contra Costa County Superior Court on May 5, 2025. (FAC; Contra Costa Superior Court No. C25-01268.)

12.     The Contra Costa Superior Court action was removed to the Northern District of California on June 3, 2025. (*Joyce v. Affirm et al.*, Case No. 25-cv-4667-KAW, ECF No. 1.)

13.     On June 18, 2025, Plaintiff filed a "Request for Stay Pending Arbitration" in which he requested that the Court stay the matter pending resolution of the ongoing arbitration between himself and ARB. (*Id*., ECF No. 8.)

14.     The District Court then issued an order striking Plaintiff's Request to Stay Pending Arbitration and issuing an Order to Show Cause why Plaintiff's then-counsel Reshma Kamath should not be removed from the action as she had been disbarred in that District.  (*Id*., ECF No. 15).

15.     Plaintiff voluntarily dismissed the Northern District case on July 3, 2025. (*Id*., ECF No. 17.)

Dated:  May 29, 2026                             **DUANE MORRIS LLP**


By:   */s/ Daniel D. Wall*
        Karen L. Alexander
        Daniel D. Wall

Attorneys for Defendant
ARB GAMING LLC dba MODO

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ARB'S REQUEST FOR JUDICIAL NOTICE ISO MTC ARBITRATION AND DISMISS/STAY THE ACTION
2:25-cv-01868-DJC-CSK (PS)