**DLA PIPER LLP (US)**
JOHN SAMUEL GIBSON (SBN 140647)
john.gibson@us.dlapiper.com
TANYA L. GREENE (SBN 267975)
tanya.greene@us.dlapiper.com
COLIN F. MCGRATH (SBN 351947)
colin.mcgrath@us.dlapiper.com
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, California 90067-4735
Tel.: 310.595.3000
Fax: 310.595.3300

Attorneys for Defendant
APPLE INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| MATTHEW THOMAS JOYCE, | CASE NO.  2:25-CV-01868-DJC-CSK |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING APPLE INC.'S MOTION TO DISMISS CORRECTED AMENDED COMPLAINT** |
| v. | |
| ARB GAMING LLC DBA MODO. US; AFFIRM, INC; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC; DOES 1-50, | Date:  August 13, 2026 |
| | Time: 1:30 PM |
| Defendants. | Courtroom: 7 |
| | Judge: Hon. Daniel J. Calabretta |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................................1

BACKGROUND ....................................................................................................2

LEGAL STANDARD .............................................................................................4

ARGUMENT .........................................................................................................5

I.     ALL CLAIMS AGAINST APPLE MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO ALLEGE A VIOLATION OF ANY STATE'S GAMBLING LAWS. ...................................................................................5

II.    CALIFORNIA PUBLIC POLICY BARS ALL CLAIMS AGAINST APPLE BECAUSE THEY SEEK RECOVERY OF GAMBLING LOSSES. .............7

III.   THE COMPLAINT FAILS TO PLEAD A CLAIM FOR ANY OF THE COUNTS NAMING APPLE SPECIFICALLY. ...........................................9

    A.     Plaintiff's claim under California's Unfair Competition Law fails (Count VI). ...........................................................................9

        1.     Plaintiff lacks standing because he fails to allege a loss or injury caused by Apple..............................................9

        2.     Plaintiff has an adequate remedy at law. .........................11

        3.     Plaintiff lacks standing to seek injunctive relief. ................12

    B.     The Complaint fails to plead a claim for unjust enrichment (Count VII). ........................................................................13

        1.     The claim is duplicative of Plaintiff's UCL claim. ...............13

        2.     The Complaint fails to plausibly allege Apple unjustly retained a benefit. .........................................................14

    C.     The Complaint identifies no cognizable legal theory supporting its alleged "claim" for "Payment Processor Liability" (Count XI). ....................................................................................15

    D.     The Complaint fails to allege that Apple aided and abetted any purported unlawful gambling (Count XII). ...................................17

IV.    DISMISSAL WITH PREJUDICE IS WARRANTED. ...............................19

CONCLUSION....................................................................................................19

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Albrecht v. Lund*,
845 F.2d 193 (9th Cir. 1988) ......................................................................18

*Alves v. Players Edge, Inc.*,
2007 WL 6004919 (S.D. Cal. Aug. 8, 2007) ...............................................8

*In re Apple Inc. App Store Simulated Casino-Style Games Litig.*,
806 F. Supp. 3d 1015 (N.D. Cal. 2025) ...........................................8, 9, 15, 18

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...............................................................................5, 17

*Barrett v. Apple Inc.*,
2022 WL 2119131 (N.D. Cal. June 13, 2022)...........................................18

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ...............................................................................5, 6

*Birdsong v. Apple, Inc.*,
590 F.3d 955 (9th Cir. 2009) ...................................................................9

*Casey v. U.S. Bank National Ass'n*,
127 Cal. App. 4th 1138 (2005) ...............................................................17

*Clark v. Incomm Fin. Servs., Inc.*,
2024 WL 3005905 (C.D. Cal. May 30, 2024)...........................................13

*Coffee v. Google, LLC*,
2021 WL 493387 (N.D. Cal. Feb. 10, 2021) .............................................9

*Coffee v. Google, LLC*,
2022 WL 94986 (N.D. Cal. Jan. 10, 2022) ...............................................10

*Cottle v. Plaid Inc.*,
536 F. Supp. 3d 461 (N.D. Cal. 2021) .....................................................11

*Davidson v. Kimberly-Clark Corp*,
889 F.3d 956 (9th Cir. 2018) ...................................................................12

*Echo & Rig Sacramento, LLC v. AmGuard Ins. Co.*,
698 F. Supp. 3d 1210 (E.D. Cal. 2023) ...............................................13, 14

*Emery v. Visa International Service Association*,
　　95 Cal. App. 4th 952 (2002) ................................................................10, 18

*Fernandez v. Leidos, Inc.*,
　　127 F. Supp. 3d 1078 (E.D. Cal. 2015) .......................................................4

*In re First All. Mortg. Co.*,
　　471 F.3d 977 (9th Cir. 2006) ..................................................................17

*Gibson v. Jaguar Land Rover N. Am., LLC*,
　　2020 WL 5492990 (C.D. Cal. Sept. 9, 2020)...................................11, 12

*In re Gilead Scis. Sec. Litig.*,
　　536 F.3d 1049 (9th Cir. 2008) ................................................................11

*Gottschalk v. City & Cnty. of S.F.*,
　　964 F. Supp. 2d 1147 (N.D. Cal. 2013) ..................................................15

*Gudgel v. Clorox Co.*,
　　514 F. Supp. 3d 1177 (N.D. Cal. 2021) ..................................................13

*Guzman v. Polaris Indus. Inc.*,
　　49 F.4th 1308 (9th Cir. 2022) .................................................................11

*JBF Interlude 2009 Ltd. v. Quibi Holdings LLC*,
　　2020 WL 6203555 (C.D. Cal. Oct. 19, 2020)..........................................18

*Kachuck Enters. v. Mission Produce, Inc.*,
　　2026 WL 216475 (C.D. Cal. Jan. 22, 2026) ............................................14

*Kelly v. First Astri Corp.*,
　　72 Cal. App. 4th 462 (1999) ..........................................................7, 8, 9

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
　　511 U.S. 375 (1994) ..................................................................................4

*Korea Supply Co. v. Lockheed Martin Corp.*,
　　29 Cal. 4th 1134 (2003)...........................................................................10

*In re MacBook Keyboard Litig.*,
　　2020 WL 6047253 (N.D. Cal. Oct. 13, 2020)..........................................11

*Mapsong PC v. Blue Shield of Cal. Life & Health Ins. Co.*,
　　780 F. Supp. 3d 939 (C.D. Cal. 2024) ....................................................14

*Mason v. Mach. Zone, Inc.*,
　　140 F. Supp. 3d 457 (D. Md. 2015) ..........................................................8

MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO DISMISS
CASE NO. 2:25-CV-01868-DJC-CSK

*Mission Viejo Florist, Inc. v. Orchard Supply Co., LLC*,
  2018 WL 5974299 (C.D. Cal. Aug. 16, 2018)......................................................................10

*Ochoa v. Zeroo Gravity Games LLC*,
  2023 WL 4291650 (C.D. Cal. May 24, 2023).........................................................................8

*Palmer v. Stassinos*,
  348 F. Supp. 2d 1070 (N.D. Cal. 2004) ................................................................................10

*Perfect 10, Inc. v. Visa International Service Association*,
  494 F.3d 788 (9th Cir. 2007) ..........................................................................................10, 18

*Quarry v. Doe I*,
  53 Cal. 4th 945 (2012)...........................................................................................................7

*Russell v. Walmart, Inc.*,
  680 F. Supp. 3d 1130 (N.D. Cal. July 5, 2023)....................................................................14

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020) ...............................................................................................11

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016) ...........................................................................................................4

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) .................................................................................................5

*Strojnik v. Bakersfield Convention Hotel I, LLC*,
  436 F. Supp. 3d 1332 (E.D. Cal. 2020) .................................................................................4

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ...............................................................................................18

*Tamraz v. Bakotic Pathology Assocs., LLC*,
  2022 WL 16985001 (S.D. Cal. Nov. 16, 2022) ......................................................................9

*Tash v. Vision Serv. Plan*,
  2026 WL 1012680 (E.D. Cal. Apr. 14, 2026)..........................................................................9

*Tristan v. Bank of Am.*,
  2023 WL 4417271 (C.D. Cal. June 28, 2023)........................................................................12

*Watson v. Crumbl LLC*,
  736 F. Supp. 3d 827 (E.D. Cal. 2024) ..................................................................................11

*Wisdom v. Katz*,
  2010 U.S. Dist. LEXIS 153597 (C.D. Cal. Feb. 22, 2010) ....................................................17

MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO DISMISS
CASE NO. 2:25-CV-01868-DJC-CSK

**Statutes**

Cal. Bus. & Prof. Code § 17200.................................................................................2, 4

Cal. Bus. & Prof. Code § 17539.1..................................................................................6

Cal. Penal Code § 3....................................................................................................6, 7

Cal. Stats. ch. 623, §§ 2–3 ...........................................................................................6

Federal Rule of Civil Procedure 12(b)(1) ......................................................................4

Federal Rules of Civil Procedure 12(b)(6) .....................................................................5

**Other Authorities**

California Assembly Bill 831 ..........................................................................................6

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

The Corrected Amended Complaint ("Complaint") spans 414 paragraphs, but only nine contain factual allegations specific to Apple Inc. ("Apple"). Compl. ¶¶ 138–146. These cursory allegations—and all claims asserted against Apple—rest on a mischaracterization of Apple Pay as a "payment processing service" and assert that Apple should have monitored and stopped Plaintiff's alleged online "gambling transactions." But the "payment processing" label is wrong—and wholly unsupported by the allegations. Apple Pay is a digital wallet that simply transmits payment information (*e.g.*, credit card information) to the merchant to then be processed by the merchant's bank. Unlike the allegations against some other defendants, Plaintiff does *not* allege that Apple extended credit or funds of any kind to him. As Plaintiff concedes, Apple acted only as a conduit for the "funding sources" Plaintiff used, *id.* ¶ 140, and Plaintiff does not allege facts establishing how such a conduit could have a duty to stop any transactions. Even if Apple were a "payment processor" here (which it is not), the Complaint utterly fails to identify any basis for an affirmative duty to monitor or prevent Plaintiff's transactions.

The focus of the Complaint is instead Plaintiff's dispute with Defendant ARB Gaming LLC ("ARB Gaming" or "ARB"), the operator of an allegedly unlawful gambling platform. Plaintiff alleges the content available on ARB's platform involves a "gambling operation" that is disguised as "a 'sweepstakes' platform." Compl. ¶¶ 22–23. He alleges numerous interactions with ARB staff. He claims they were aware he has a mental condition that led him to compulsively interact with ARB's platform but continued to incentivize him to spend money on the platform.

The Complaint's limited allegations involving Apple fail to state a claim against Apple for three reasons.

*First*, the Complaint fails to allege that ARB Gaming's content violated any state's gambling laws—a necessary predicate for each claim asserted against Apple. *Infra*, § I.

MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO DISMISS
CASE NO. 2:20-CV-01628-JAM-AC

*Second*, Plaintiff's claims against Apple—brought under California law, including California Business and Professions Code § 17200—seek to recover alleged gambling losses, but California public policy precludes judicial resolution of such claims. *Infra*, § II.

*Third*, and independently, each claim against Apple fails on its own terms. Among other deficiencies, Plaintiff's UCL claim fails because he alleges no loss of money or property caused by Apple. His unjust enrichment claim fails because he does not allege that Apple retained a benefit at his expense. His cause of action for "payment processor liability" cannot survive the pleading stage because no such cause of action exists. And the Complaint fails to plead Apple had knowledge of any alleged wrongdoing, as required to plead liability for aiding and abetting alleged gambling on ARB Gaming's platform. *Infra*, § III.

For these reasons, and as further detailed below, the Complaint should be dismissed with prejudice as to Apple in its entirety.

### BACKGROUND

Plaintiff claims that Defendant ARB Gaming "operates an online gambling platform under the name Modo.us," and "disguised its gambling operations as a 'sweepstakes' platform to evade gambling regulations." Compl. ¶¶ 22–23. Plaintiff alleges he "suffers from [sic] gambling disorder" and a mental condition that led him to compulsively engage with content on ARB Gaming's online platform from September 2024 through April 2025. *Id*. ¶¶ 17–21. He further claims he "logged a total of 5,631.41 hours of play on the Modo. us [sic] platform," and in January 2025 engaged in particularly heavy use of 18.5 to 21 hours daily. *Id.* ¶¶ 35–40. The Complaint describes numerous interactions between Plaintiff and ARB Gaming's staff and alleges that while ARB Gaming was aware of Plaintiff's mental state, its employees encouraged his use of the platform by providing him VIP status, assigning him a VIP host, and offering him gifts. *Id.* ¶¶ 21, 27–34.

While the Complaint labels Plaintiff's purchases from ARB Gaming "gambling transactions," *id.* ¶ 139, it does not describe the content provided through ARB Gaming's

MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO DISMISS
CASE NO. 2:25-CV-01868-DJC-CSK

platform, the games he played, what game features involved unlawful gambling, how the alleged "sweepstakes" features operated, or how the games purportedly violated any state's gambling laws. Plaintiff alleges he "suffered direct platform losses of $336,142.03," *id.* ¶ 179, took out numerous loans through Defendant Affirm, Inc. ("Affirm") to fund his purchases with ARB Gaming, *id.* ¶¶ 111–119, and incurred other losses from his use of ARB Gaming's content, including loss of household income, *id.* ¶¶ 179–185.

The operative Complaint is 44 pages long, yet it alleges only a handful of conclusory facts about Apple. In fact, Plaintiff initially brought this action against only ARB Gaming and Affirm. *See* ECF No. 1. Although Plaintiff has now amended the pleadings to include Apple as a defendant, Plaintiff alleges only that his "Affirm loans were processed through Apple Pay," Compl. ¶¶ 116, 120, and that he "used Apple Pay to process approximately seventy-five percent of all his gambling transactions to ARB Gaming" using "multiple funding sources including credit cards, debit cards, and Affirm loans," *id.* ¶¶139–140.

The Complaint asserts that Apple Pay is a "digital payment processing service." *Id.* ¶ 138. But that label is incorrect and unsupported by any allegations in the Complaint. Apple Pay does not process payments. Rather, Apple Pay is a digital wallet that encrypts the customer's card information and transmits the information to the merchant for processing through the merchant's acquiring bank. *See Apple Pay Security and Privacy Overview*, available at https://support.apple.com/en-us/101554?cid=general-applepay-marcom-08152025; *Get Started with Apple Pay on the Web*, available at https://developer.apple.com/videos/play/tech-talks/111381/. Apple does not approve or monitor these bank-to-bank transactions. The few allegations actually pleaded acknowledge this limited role: that Plaintiff used Apple Pay to connect his bank-issued cards and other "funding sources" to ARB Gaming, and that Apple Pay acted only as a conduit. *Id.* ¶ 140. According to Plaintiff, Affirm approved multiple loans that Plaintiff used for his purchases with ARB. *See id.* ¶¶ 111–122. He also used debit cards and credit cards issued by banks, including Goldman Sachs, to fund his purchases. *See id.* ¶¶ 126–137,

3

140.

Although Plaintiff alleges in passing that Apple collected "fees" on Apple Pay transactions, he does not allege that he paid any fee to Apple. *See, e.g.*, Compl. ¶¶ 141, 146. Plaintiff asserts that Apple allowed him to make frequent purchases with ARB Gaming without intervening, *id.* ¶ 141, but does not specify what he purchased in each transaction or allege facts showing that Apple had any knowledge of what he purchased. The Complaint relies instead on the assertion that Apple Pay's "systems" could detect when a consumer makes high-frequency transactions with a single merchant. *Id*. But Apple Pay serves as a neutral conduit for bank-issued cards; Apple has no role in authorizing or declining a transaction made through Apple Pay. Unsurprisingly, therefore, the Complaint fails to plausibly allege otherwise.

The Complaint does not specify the Defendants against which each count is directed. The only four counts referencing Apple by name allege that it received fees from Plaintiff's "gambling transactions," *i.e.*: Count VI (California Bus. & Prof. Code § 17200 ("Unfair Competition Law" or "UCL")), Count VII (unjust enrichment), Count XI ("Payment Processor Liability"), and Count XII ("Aiding and Abetting"). Plaintiff generally seeks compensatory damages against all defendants, restitution from Apple for the transaction fees it received, and injunctive relief ordering "cessation of [Apple's] payment processing for illegal gambling operations." Compl., Prayer for Relief.

**LEGAL STANDARD**

A motion under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. It is "presumed that a cause lies outside" the Court's "limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The plaintiff must establish that he has Article III standing. *Fernandez v. Leidos, Inc.*, 127 F. Supp. 3d 1078, 1082–83 (E.D. Cal. 2015). "[T]he 'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the

MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO DISMISS
CASE NO. 2:25-CV-01868-DJC-CSK

challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1338 (E.D. Cal. 2020) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)).

A motion under Rule 12(b)(6) challenges whether the allegations state a claim. A complaint must be dismissed if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard … asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level," and mere "labels and conclusions … will not do"). Rather, the allegations must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This requires more than conclusory allegations "that are 'merely consistent with' a defendant's liability." *Id.* (quoting *Twombly*, 550 U.S. at 556–57). Indeed, the Court need not accept the truth of "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). In deciding whether the plaintiff's claims are plausible, the Court may "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## ARGUMENT

The Complaint fails to specify which claims are asserted against which defendants. However, only four counts refer to or allege facts involving Apple: Count VI (UCL), Count VII (unjust enrichment), Count XI ("Payment Processor Liability"), and Count XII ("Aiding and Abetting"). For the reasons stated herein, each claim fails.

**I.    ALL CLAIMS AGAINST APPLE MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO ALLEGE A VIOLATION OF ANY STATE'S GAMBLING LAWS.**

Plaintiff bases every claim against Apple on the assertion that Apple "processed" his alleged "gambling transactions." But the Complaint alleges no facts plausibly showing

5

that any transaction involved unlawful gambling under any state law, much less that Apple had knowledge of any such conduct.

The Complaint alleges that ARB Gaming "operates an online gambling platform" that is "disguised" as "a 'sweepstakes' platform to evade gambling regulations." Compl. ¶¶ 22, 23. But Plaintiff offers no facts regarding the content available through ARB Gaming, how the games available on the platform functioned, how the sweepstakes feature allegedly worked, what purchases he made from ARB Gaming, or how he used the platform. No allegations address whether the content available through ARB Gaming's platform satisfies the legal definition of gambling under either California or North Carolina gambling laws, or otherwise violates them.[1] Nor does the Complaint specify what Plaintiff purchased from ARB Gaming through any transactions in which he used Apple Pay. Thus, no allegations in the complaint plausibly show that any transaction that Apple allegedly "processed" had any connection to unlawful gambling. Plaintiff's use of the conclusory label, "gambling transaction," is insufficient. *See Twombly*, 550 U.S. at 555 (pleading a plausible claim "requires more than labels and conclusions"). The Complaint therefore alleges no misconduct that could support any direct or secondary liability claim against Apple. Each claim against Apple should be dismissed for this reason.

The Complaint asserts in passing that under California Assembly Bill 831 ("A.B. 831")—a new law that took effect on January 1, 2026—"sweepstakes casinos" are banned in the state. *See* Compl. ¶¶ 26, 292, 388. But A.B. 831 has no bearing on Plaintiff's claims against Apple for several reasons. *First*, the legislature did not intend to hold third parties

---

[1] Plaintiff points to a cease and desist order that the Arizona Department of Gaming issued to ARB Gaming in April 2025, Compl. ¶¶ 25, 95–96, but he does not allege he used the ARB Gaming platform while in Arizona.

MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO DISMISS
CASE NO. 2:25-CV-01868-DJC-CSK

like Apple liable for providing generally available, content-neutral payment services.[2] *Second*, the statute does not regulate conduct before its January 1, 2026, effective date because it gives no clear indication that it applies retroactively. *See* Cal. Penal Code § 3 ("No part of [the Penal Code] is retroactive, unless expressly so declared."); *Quarry v. Doe I*, 53 Cal. 4th 945, 955 (2012) ("Our decisions have recognized that statutes ordinarily are interpreted as operating prospectively in the absence of a clear indication of a contrary legislative intent."). Plaintiff concedes that "[t]he transactions at issue in this case occurred entirely before AB 831's effective date." Compl. ¶ 388; *see also id.* ¶ 85 (alleging he used ARB Gaming until April 2025). The Complaint therefore alleges no conduct or transaction that violated A.B. 831.

Plaintiff thus fails to plausibly allege that any of his transactions with ARB Gaming involved unlawful gambling. Absent unlawful gambling, every claim against Apple necessarily fails.

## II. CALIFORNIA PUBLIC POLICY BARS ALL CLAIMS AGAINST APPLE BECAUSE THEY SEEK RECOVERY OF GAMBLING LOSSES.

California's policy against judicial resolution of gambling-based claims provides an additional, independent basis for dismissing all claims against Apple. California courts have long held that claims seeking to recover gambling losses—including when asserted against non-participant intermediaries—are barred as a matter of public policy. This jurisprudence reflects "a strong, broad, and long-standing public policy against judicial resolution of civil disputes arising out of gambling contracts or transactions." *Kelly v. First Astri Corp.*, 72 Cal.

---

[2] The law prohibits the use of a "dual-currency system of payment that allows a person to play or participate" in simulated gambling for "direct" or "indirect consideration" for which the player may "become eligible" for a prize, award, cash, or cash equivalents, or the chance to win the same. 2025 Cal. Stats. ch. 623, §§ 2–3 (A.B. 831) (amending Cal. Bus. & Prof. Code § 17539.1 and adding § 337o to Cal. Penal Code). It is not intended to apply to "ancillary or publicly available services, platforms, or infrastructure providers that may be unknowingly or unintentionally used in connection with those online sweepstakes games, provided they are not acting with the intent to further those online sweepstakes games." *Id.* § 1.

MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO DISMISS
CASE NO. 2:25-CV-01868-DJC-CSK

App. 4th 462, 477 (1999). Here, Plaintiff seeks to hold Apple liable for allegedly "process[ing] … Plaintiff's gambling transactions" and receiving fees for those transactions. *See* Compl. ¶¶ 139–141, 299, 309, 390, 392, 396, 406, 411. Plaintiff's claims against Apple are therefore premised on his asserted losses arising out of alleged gambling transactions on ARB Gaming's platform. Indeed, Plaintiff would not have incurred losses but for engaging in what he alleges to be gambling, and Plaintiff does not allege the fees are wrongful apart from the alleged gambling conduct. Because Plaintiff seeks to recover alleged gambling losses indirectly from a non-participant intermediary, California public policy imposes a threshold bar that independently requires dismissal of every claim asserted against Apple.

California's "judicially recognized public policy can be traced back virtually to the inception of statehood," and is "based on the theory that the illegality of the transaction makes the loser *in pari delicto* with the winner, and public policy precludes courts from declaring and distinguishing between degrees of turpitude of parties who engaged in unlawful transactions." *Kelly*, 72 Cal. App. 4th at 477, 490. Federal courts have regularly found that this policy compels dismissal of claims for recovery of gambling losses. *See, e.g.*, *In re Apple Inc. App Store Simulated Casino-Style Games Litig.*, 806 F. Supp. 3d 1015, 1034–35 (N.D. Cal. 2025) ("*In re Simulated Casino-Style Games Litig.*") (barred claims to recover money lost using "casino-style slot games" on the App Store); *Ochoa v. Zeroo Gravity Games LLC*, 2023 WL 4291650, at *1, 4 (C.D. Cal. May 24, 2023) (barred claims to recover money lost using "casino-style slot games" on mobile devices); *Alves v. Players Edge, Inc.*, 2007 WL 6004919, at *14 (S.D. Cal. Aug. 8, 2007) (barred UCL claim alleging radio infomercial deceptively enticed plaintiffs into sports betting); *Mason v. Mach. Zone, Inc.*, 140 F. Supp. 3d 457, 466 (D. Md. 2015), *aff'd*, 851 F.3d 315 (4th Cir. 2017) (explaining that California policy bars UCL claim to recover money lost wagering on alleged illegal online casino game).

Most recently, in multidistrict litigation pending in the Northern District of California, Judge Davila dismissed all California state law claims *with prejudice*, citing the state's policy against judicial resolution of gambling claims. *In re Simulated Casino-Style Games Litig.*, 806 F. Supp. 3d at 1034–35. Plaintiffs there alleged Apple and other platforms "processed illegal gambling transactions" for virtual chips used on simulated casino-style game apps hosted on the App Store and brought UCL and unjust enrichment claims to recover for their alleged losses. *Id.* at 1025–26. The court reasoned that, because "gambling is at the heart of Plaintiffs' claims," California policy established a threshold bar to any relief, and the court "[saw] no path for Plaintiffs to plead around this policy." *Id.* at 1035.

Alleged gambling is similarly "at the heart of" Plaintiff's claims in this action. Plaintiff bases his UCL claim against Apple on the allegation that "Apple's conduct was unfair because it processed approximately seventy-five percent of Plaintiff's gambling transactions" without "intervention." Compl. ¶ 299. The unjust enrichment claim alleges Apple "received transaction fees" on Plaintiff's "gambling transaction." *Id.* ¶ 309. And Plaintiff's "Payment Processor Liability" and "Aiding and Abetting" claims are based on the same assertion that Apple processed "gambling transactions." *Id.* ¶¶ 392, 406, 411. California's bar on claims for gambling losses applies with full force and compels dismissal of each claim asserted against Apple. *In re Simulated Casino-Style Games Litig.*, 806 F. Supp. 3d at 1034–35; *Kelly*, 72 Cal. App. 4th at 477.

## III. THE COMPLAINT FAILS TO PLEAD A CLAIM FOR ANY OF THE COUNTS NAMING APPLE SPECIFICALLY.

### A. Plaintiff's claim under California's Unfair Competition Law fails (Count VI).

#### 1. Plaintiff lacks standing because he fails to allege a loss or injury caused by Apple.

To pursue a UCL claim, Plaintiff must demonstrate statutory standing by alleging that he suffered an injury-in-fact caused by a loss of money or property as a result of the challenged business practice. *See Tash v. Vision Serv. Plan*, 2026 WL 1012680, at *6

9

(E.D. Cal. Apr. 14, 2026) (Calabretta, J.) (citing *Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009)) (dismissing claim); *Tamraz v. Bakotic Pathology Assocs., LLC*, 2022 WL 16985001, at *5 (S.D. Cal. Nov. 16, 2022) (holding that the plaintiff "must 'demonstrate some form of economic injury'" to establish standing under the UCL).

Here, Plaintiff fails to allege that he suffered any economic injury attributable to Apple. Plaintiff's alleged injury arose from his use of the ARB Gaming platform, not from his use of Apple Pay. In *Coffee v. Google, LLC*, 2021 WL 493387, at *10 (N.D. Cal. Feb. 10, 2021) ("*Coffee I*"), the court found no economic injury attributable to Google based on the plaintiff's "in-game purchases … using virtual currency" because "the in-app purchase … is a transaction between the player and the app developer, in which Google is not involved." *See also Coffee v. Google, LLC*, 2022 WL 94986, at *8–9 (N.D. Cal. Jan. 10, 2022) ("*Coffee II*") (allegations that defendant processed virtual currency sales "do not give rise to a plausible claim that Plaintiffs lost money or property" as a result of defendant's conduct). The same is true here. Plaintiff's conclusory allegations that he suffered harm simply from Apple's purported involvement in the processing of Plaintiff's payments to ARB Gaming are insufficient to plausibly allege that Apple caused any loss.

Also instructive is the Ninth Circuit's holding in *Perfect 10, Inc. v. Visa International Service Association*, 494 F.3d 788 (9th Cir. 2007). There, the plaintiff sued financial institutions involved in processing credit card payments to websites that were alleged to infringe the plaintiff's copyright, trademark and publicity rights. *Id*. at 793. The plaintiff alleged claims for "violations of California laws proscribing unfair competition and false advertising." *Id.* The district court dismissed the claims, and the Ninth Circuit affirmed. In doing so, the court relied on *Emery v. Visa International Service Association*, 95 Cal. App. 4th 952 (2002), where the court held that "[a] defendant's liability must be based on his personal 'participation in the unlawful practices' and 'unbridled control' over the practices that are found to violate sections 17200 or 17500." *Id.* at 960. Mere payment processing did not establish participation and control over unlawful practices. *Id.* As in *Perfect 10*,

10

MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO DISMISS
CASE NO. 2:25-CV-01868-DJC-CSK

Plaintiff here alleges no "personal participation," "control," or even any involvement by Apple in ARB Gaming's alleged illegal online gambling platform. Plaintiff alleges only that Apple is involved in processing transactions for payments Plaintiff made *to ARB Gaming* to use its platform, for which Plaintiff alleges Apple "collect[ed] fees." Compl. ¶ 299.

Further, the remedy under the UCL to recover for an economic loss is restitution, which "is limited to either 'money or property that defendants took directly from plaintiff' or 'money or property in which [plaintiff] has a vested interest.'" *Palmer v. Stassinos*, 348 F. Supp. 2d 1070, 1088 (N.D. Cal. 2004), *order clarified on reconsideration*, 419 F. Supp. 2d 1151 (N.D. Cal. 2005) (quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149 (2003)); *see also Mission Viejo Florist, Inc. v. Orchard Supply Co., LLC*, 2018 WL 5974299, at *4 (C.D. Cal. Aug. 16, 2018) (same). Plaintiff fails to allege that he paid any money to Apple and thus alleges no injury redressable by his claim against Apple. *Palmer*, 348 F. Supp. 2d at 1088 (dismissing UCL for lack of standing where plaintiffs did not "pa[y] interest or any other requested fees to defendants" and thus "do not have a personal stake in the remedy of restitution and disgorgement"); *see also Cottle v. Plaid Inc.*, 536 F. Supp. 3d 461, 484 (N.D. Cal. 2021) (holding plaintiffs had not alleged they lost money or property as a result of the defendant's conduct where "Plaintiffs do not allege that they paid any money to [the defendant] for its services").

Because Plaintiff fails to plausibly allege facts demonstrating that he suffered any cognizable losses caused by Apple, the UCL claim must be dismissed.

### 2. Plaintiff has an adequate remedy at law.

Federal district courts dismiss claims for equitable relief where an adequate remedy at law exists. *See Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1312–13 (9th Cir. 2022) (affirming dismissal of claim); *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 841–44 (9th Cir. 2020) (same); *Watson v. Crumbl LLC*, 736 F. Supp. 3d 827, 840 (E.D. Cal. 2024) (Calabretta, J.) (dismissing claim where "Plaintiffs fail to allege that they have no adequate remedy at law").

11

In support of his UCL claim Plaintiff asserts only that he "has no adequate remedy at law." Compl. ¶ 323. The Court should not accept this factually unsupported, conclusory allegation. *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (the court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"). "[C]ourts generally require plaintiffs seeking equitable relief to allege *some facts* suggesting that damages are insufficient to make them whole." *Gibson v. Jaguar Land Rover N. Am., LLC*, 2020 WL 5492990, at *3 (C.D. Cal. Sept. 9, 2020) (emphasis added) (collecting cases) (dismissing claim where plaintiff failed to "allege[] facts that could support a finding that monetary relief is insufficient to compensate him").

Because Plaintiff "do[es] not explain why [he] could not sufficiently be 'made whole' by monetary damages," *In re MacBook Keyboard Litig.*, 2020 WL 6047253, at *3–4 (N.D. Cal. Oct. 13, 2020), his UCL claim seeking restitution and other equitable relief should be dismissed. Nor could he satisfy this pleading requirement, as the basis for his Complaint is that he lost money as a result of Apple's alleged actions. *See, e.g.*, Compl. ¶¶ 181, 188, 250, 271, 302, Prayer for Relief; *Gibson*, 2020 WL 5492990, at *3 (explaining there was "nothing in the SAC to suggest that monetary damages would not make Plaintiff … whole," where "throughout the SAC Plaintiff repeatedly alleges that he … 'lost money or property' as a result of [defendant's] wrongful conduct"). His UCL claim should be dismissed for this additional reason.

### 3. Plaintiff lacks standing to seek injunctive relief.

Plaintiff also lacks standing to seek injunctive relief against Apple. As relevant to Apple, Plaintiff seeks an injunction ordering "cessation of payment processing for illegal gambling operations." Compl., Prayer for Relief (h); *see also id.* ¶ 303. "To establish standing for injunctive relief, 'the plaintiff must demonstrate that he has suffered or is threatened with a concrete and particularized legal harm, coupled with a sufficient likelihood that he will again be wronged in a similar way.'" *Tristan v. Bank of Am.*, 2023 WL

4417271, at *8 (C.D. Cal. June 28, 2023) (citations and alterations omitted) (dismissing claim). "As to the second element, 'the threat of injury must be actual and imminent, not conjectural or hypothetical.'" *Id.* (quoting *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018)). "Accordingly, 'an explicitly stated intention or desire to purchase in the future is required to demonstrate a concrete injury for standing to seek injunctive relief at the dismissal stage.'" *Id.* For example, in *Tristan*, the court dismissed the plaintiffs' request for injunctive relief under the UCL against Bank of America, reasoning that the complaint "offers no allegations that Plaintiffs intend to continue using Zelle in the future." *Id*. The same reasoning applies here, where Plaintiff fails to allege that he intends to use Apple Pay in the future to make payments to ARB Gaming. *See* Compl., Prayer for Relief (h); *id.* ¶ 303. Accordingly, his request for injunctive relief should also be dismissed for lack of standing.

### B.     The Complaint fails to plead a claim for unjust enrichment (Count VII).

"There is no separate cause of action for unjust enrichment under California law; rather, unjust enrichment describes 'the result of a failure to make restitution under circumstances where it is equitable to do so.'" *Echo & Rig Sacramento, LLC v. AmGuard Ins. Co.*, 698 F. Supp. 3d 1210, 1218 (E.D. Cal. 2023) (Calabretta, J.) (citation omitted). "When a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'" *Id.* (citation omitted). However construed, Plaintiff's unjust enrichment claim fails because (a) it is duplicative of his flawed UCL claim; and (b) Apple did not unjustly retain any benefit.

#### 1.  The claim is duplicative of Plaintiff's UCL claim.

Because Plaintiff's unjust enrichment claim merely repackages the same alleged payment processing conduct underlying his deficient UCL claim, it rises or falls with that claim. Courts have consistently held that when an unjust enrichment claim is based on the same alleged misconduct underlying a plaintiff's other failed claims, the unjust enrichment claim is duplicative and must be dismissed for the same deficiencies. *See, e.g.*, *Clark v.*

13

*Incomm Fin. Servs., Inc.*, 2024 WL 3005905, at *5 (C.D. Cal. May 30, 2024) ("Plaintiff's unjust enrichment claim is derivative of her [consumer protection] claims, and therefore rises or falls with those claims."); *Gudgel v. Clorox Co.*, 514 F. Supp. 3d 1177, 1188 (N.D. Cal. 2021) (dismissing unjust enrichment claim because it was based on theory that would "rise or fall with her statutory claims"). Plaintiff's unjust enrichment claim rests on the same factual premise as his UCL claim: that Apple allegedly profited from processing payments and receiving transaction fees for Plaintiff's alleged "gambling transactions" due to his use of Apply Pay. *See* Compl. ¶ 309 (unjust enrichment); *id.* ¶ 299 (UCL claim). Because the UCL claim fails for the reasons discussed *supra*, in Section III.A, the unjust enrichment claim must also be dismissed.

### 2. The Complaint fails to plausibly allege Apple unjustly retained a benefit.

Plaintiff's unjust enrichment claim also fails because he does not allege a benefit conferred on Apple at Plaintiff's expense that would be unjust for it to retain. Generally, "[t]o allege unjust enrichment as an independent cause of action, a plaintiff must show that a defendant received and unjustly retained a benefit *at the plaintiff's expense*" under inequitable or unconscionable circumstances such as "mistake, fraud, coercion, or request." *Russell v. Walmart, Inc.*, 680 F. Supp. 3d 1130, 1133 (N.D. Cal. July 5, 2023) (emphasis added). Claims for unjust enrichment are viable only when specific inequitable conduct is alleged, such as fraud, mistake, coercion, or undue influence. *See id.* at 1130 ("Absent qualifying mistake, fraud, coercion, or request by [defendant], there is no injustice."); *Echo*, 698 F. Supp. 3d at 1218 ("Restitution is a quasi-contract theory, which allows for 'the return of the excess of what the plaintiff gave the defendant over the value of what the plaintiff received,' where the benefit to the defendant was conferred through fraud, duress, conversion, or similar conduct." (citations omitted)).

Plaintiff fails to allege any inequitable circumstances that would render Apple's alleged retention of any benefit unjust. Plaintiff bases his unjust enrichment claim on his theory that "Apple received transaction fees on approximately seventy-five percent of

14

Plaintiff's gambling transactions." Compl. ¶ 309. But Plaintiff does not allege that he paid any money directly to Apple, much less that Apple received any of those transaction fees *from Plaintiff*, as opposed to Plaintiff's issuing bank or other funding source. Accordingly, Apple did not retain any "benefit at the plaintiff's expense." *Russell*, 680 F. Supp. 3d at 1133; *see also Kachuck Enters. v. Mission Produce, Inc.*, 2026 WL 216475, at *9 (C.D. Cal. Jan. 22, 2026) (dismissing claim where plaintiffs failed to allege that they conveyed anything to defendant); *Mapsong PC v. Blue Shield of Cal. Life & Health Ins. Co.*, 780 F. Supp. 3d 939, 945 (C.D. Cal. 2024) ("When a person incidentally benefits another person while performing his own duty or furthering his own aims, the incidentally-conferred benefit is not unjust enrichment."). Absent any allegation that Plaintiff conveyed money or property to Apple, Plaintiff cannot plausibly allege that Apple unjustly retained any benefit at his expense.

### C. The Complaint identifies no cognizable legal theory supporting its alleged "claim" for "Payment Processor Liability" (Count XI).

Count XI fails because it identifies no cause of action recognized by law. It instead manufactures a theory of liability divorced from any pleaded legal duty. Plaintiff only asserts he "suffered damages as a direct and proximate result of [Apple and other non-ARB Gaming] Defendants' payment processing activities" that "facilitated ARB Gaming's illegal gambling operations." Compl. ¶¶ 398, 400. By failing to plead a cause of action that entitles Plaintiff to relief from Apple, Count XI lacks any legal basis and should be dismissed for this deficiency alone. *See Somers v. Apple*, Inc., 729 F.3d 953, 959 (9th Cir. 2013) ("Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory."); *see also Gottschalk v. City & Cnty. of S.F.*, 964 F. Supp. 2d 1147, 1157 (N.D. Cal. 2013) (dismissing complaint where "[a] number of [plaintiff's] causes of action fail to cite to any legal basis for the claim").

Judge Davila's decision in *In re Apple Inc. App Store Simulated Casino-Style Games Litigation* does not suggest that any such claim could exist. There, the plaintiffs sought to

15

hold Apple and other defendants liable for hosting simulated casino apps on their respective platforms and facilitating in-app transactions for virtual chips used on the apps. 806 F. Supp. 3d at 1025–26. The court concluded that Section 230 did not bar claims asserting the platforms "were prohibited from processing in-app payments for social casino apps" based on its view that "[p]ayment processing is not an act of publishing." *Id.* at 1031. Plaintiff argues this means that "payment processors cannot use Section 230 of the Communications Decency Act to dismiss social casino lawsuits." Compl. ¶ 386. But Judge Davila's opinion on the availability of one *defense* did not suggest that a "payment processor" could actually be held liable for providing generic transaction services to a merchant that sells chips or credits used for alleged online gambling. To the contrary, the court dismissed all gambling loss recovery claims against Apple under numerous state laws because Apple was not a participant in gambling who won any property that another lost. *In re Simulated Casino-Style Games Litig.* at 1036–1041. And the court dismissed RICO claims against all defendants, noting that defendants could not have conducted a gambling enterprise because "[p]rocessing a payment is not taking a bet or passing out chips," and did not involve the platforms taking "initiative in developing the social casinos themselves or in steering the business of social casinos." *Id.* at 1046.[3] Nothing in Judge Davila's decision suggests that the mere provision of neutral payment infrastructure gives rise to affirmative liability.

Moreover, though the Complaint labels Apple Pay a "payment processing service," Compl. ¶ 138, no allegations support this description. Unlike a bank that issues a credit card to a consumer or an acquiring bank that processes a credit card transaction for a merchant, the allegations show Apple Pay functions only as a conduit for bank-issued cards or other "funding sources." *Id.* ¶ 140. No allegations allow a reasonable inference

---

[3] The court did not dismiss the plaintiffs' consumer protection claims because the legal issues needed further development. *Id.* at 1044–45.

MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO DISMISS
CASE NO. 2:25-CV-01868-DJC-CSK

that Apple has any commercial relationship with ARB Gaming or played any role whatsoever in authorizing or denying Plaintiff's transactions. Nor does the Complaint allege facts showing Apple had any duty to exercise such oversight.

No cause of action or theory of liability allows for a "payment processor" to be held liable for providing a neutral conduit for bank-issued cards to the public, and this is the only conduct alleged against Apple. Count XI should thus be dismissed.

### D. The Complaint fails to allege that Apple aided and abetted any purported unlawful gambling (Count XII).

Plaintiff bases his aiding and abetting claim against Apple on the unsupported allegation that "Apple knew of the pattern of high-velocity gambling transactions through its Apple Pay systems," and "processed gambling transactions without intervention while collecting fees." Compl. ¶¶ 406, 411. The claim should be dismissed because Plaintiff fails to meet the basic elements for pleading aiding and abetting liability.

California adheres to the "'common law rule' that '[l]iability may … be imposed on one who aids and abets the commission of an intentional tort if the person … *knows* the other's conduct constitutes a breach of a duty and gives substantial assistance or encouragement to the other to so act.'" *In re First All. Mortg. Co.*, 471 F.3d 977, 993 (9th Cir. 2006) (alterations in original)  (quoting *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1144 (2005)); *Wisdom v. Katz*, 2010 U.S. Dist. LEXIS 153597, at *9 (C.D. Cal. Feb. 22, 2010) (applying same standard to claim for aiding and abetting alleged Unruh Civil Rights Act and Americans with Disabilities Act violations).

The Complaint fails to plead Apple's knowledge that ARB Gaming engaged in any misconduct. Plaintiff alleges that Apple and other defendants "knew of ARB Gaming's tortious conduct," and that Apple "knew of the pattern of high-velocity gambling transactions through its Apple Pay systems." Compl. ¶¶ 403, 406. Those vague, conclusory allegations are insufficient to plausibly allege Apple knew of any unlawful gambling on ARB Gaming's platform, or of any other alleged misconduct. *Iqbal*, 556 U.S. at 678. Indeed, Plaintiff acknowledges that Apple Pay serves only as a conduit for bank-issued cards and

17

other "funding sources," Compl. ¶ 140, and he offers no facts allowing a reasonable inference that Apple had any role in authorizing or declining transactions. Allegations that Apple's systems could observe transaction velocity do not plausibly allege that Apple knew those transactions were unlawful (if they even were). As explained, the Complaint alleges no facts showing that Apple was aware of what Plaintiff purchased through his transactions with ARB Gaming, the content on ARB Gaming's platform, or ARB Gaming's interactions with Plaintiff.

The Complaint does not specifically allege that Apple aided any other alleged misconduct beyond alleged gambling. Even if Plaintiff purported to allege an aiding and abetting claim based on its general reference to ARB Gaming's alleged "tortious acts including fraud, breach of contract, violation of the Unruh Civil Rights Act, violation of the ADA, unfair business practices, and intentional infliction of emotional distress," Compl. ¶ 402, the Complaint does not allege Apple's knowledge of any of ARB's other alleged conduct.[4]

Nor does the Complaint plausibly allege facts showing that Apple provided substantial assistance for any alleged tortious conduct by ARB Gaming, as required to state an aiding and abetting claim. Plaintiff claims that Apple "processed gambling transactions," but as discussed above, the Complaint is devoid of facts showing that Apply Pay is a payment processing service. Even if it were, such conduct is insufficient to constitute "substantial assistance" as a matter of law. *See, e.g.*, *Perfect 10*, 494 F.3d at 809 (plaintiff cannot plead aiding and abetting liability by alleging defendants "merely process credit card payments"); *Barrett v. Apple Inc.*, 2022 WL 2119131, at *8 (N.D. Cal. June 13, 2022) (actions that "amount to nothing more than payment processing" are "not

---

[4] California courts recognize that a claim for aiding and abetting a breach of contract does not exist under California law. *See, e.g.*, *JBF Interlude 2009 Ltd. v. Quibi Holdings LLC*, 2020 WL 6203555, at *7 (C.D. Cal. Oct. 19, 2020) (citing cases in which courts "expressly rejected aiding and abetting liability for a breach of contract as a matter of California law").

18

MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO DISMISS
CASE NO. 2:25-CV-01868-DJC-CSK

sufficient standing alone to plead a claim for aiding and abetting"); *Emery*, 95 Cal. App. at 963 ("The availability of [Visa's] payment system does not expose it to criminal liability as an aider and abettor.").

## IV.    DISMISSAL WITH PREJUDICE IS WARRANTED.

California's policy against judicial resolution of claims for gambling losses precludes Plaintiff from amending the pleadings to allege a cognizable claim. *See supra*, § I. Because amendment would be futile, Plaintiff's claims should be dismissed with prejudice. *See In re Simulated Casino-Style Games Litig.*, 806 F. Supp. 3d at 1035 (dismissing California gambling-based claims with prejudice); *Swartz v. KPMG LLP*, 476 F.3d 756, 761 (9th Cir. 2007) (dismissal with prejudice appropriate where amendment "under any internally consistent set of facts" would be "futile" (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

## CONCLUSION

For the foregoing reasons, Apple requests that the Court grant the motion and dismiss each of the claims against Apple with prejudice.

Dated: May 29, 2026                     Respectfully submitted,

                                        **DLA PIPER LLP (US)**

                                        By: /s/ *John Samuel Gibson*
                                            JOHN SAMUEL GIBSON
                                            TANYA L. GREENE
                                            COLIN F. MCGRATH

                                            Attorneys for Defendant
                                            APPLE INC.

MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO DISMISS
CASE NO. 2:25-CV-01868-DJC-CSK