TROUTMAN PEPPER LOCKE LLP
Kalama M. Lui-Kwan (SBN 242121)
kalama.lui-kwan@troutman.com
Ryan A. Lewis (SBN 307253)
ryan.lewis@troutman.com
Three Embarcadero Center, Suite 800
San Francisco, CA 94111
Telephone:    415.477.5700
Facsimile:    415.477.5710

Attorneys for Defendant
AFFIRM, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br><br>                    Plaintiff,<br><br>        vs.<br><br>ARB GAMING LLC DBA MODO. US;<br>AFFIRM, INC.; GOLDMAN SACHS BANK<br>USA; APPLE INC; AMAZON.COM, INC;<br>DOES 1 – 50;<br><br>                    Defendants. | Case No.  2:25-cv-01868-DJC-CSK<br><br>**DEFENDANT AFFIRM, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS [F.R.C.P. 12(b)(6)]**<br><br>Date: July 28, 2026<br>Time: 10:00 a.m.<br>Location:  Courtroom 25<br>Judge:   Hon. Daniel J. Calabretta<br>Assigned to:  Magistrate Judge Chi Soo Kim<br><br>Complaint Filed:  June 30, 2026<br>FAC Filed:  March 2, 2026 |

DEFENDANT AFFIRM, INC.'S MOTION TO DISMISS

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

## <u>NOTICE OF MOTION AND MOTION</u>

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 28, 2026, at 10:00 a.m. at the United States District Court, Eastern District of California, Robert T. Matsui United States Courthouse, 501 I Street Sacramento, CA 95814, Defendant Affirm, Inc. ("Affirm") respectfully moves the Court for an order pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing Plaintiff's claims against Affirm in Plaintiff's Corrected Amended Complaint (Dkt. 33) ("FAC").

This Motion is made on the grounds that Plaintiff has failed to state a plausible claim for relief against Affirm under Rule 12(b)(6). This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the pleadings and records on file in this action, any other documents referenced in or integral to Plaintiff's claims, and such arguments as may be presented to the Court.

On May 19, 2026, Affirm's counsel contacted Plaintiff's counsel to request a date to meet and confer regarding Affirm's Motion. Plaintiff's counsel declined to provide a date and cited their imminent withdrawal as counsel for Plaintiff.

Dated: June 1, 2026

Respectfully Submitted,

TROUTMAN PEPPER LOCKE LLP

By: _/s/ Ryan A. Lewis_
    Kalama M. Lui-Kwan
    Ryan A. Lewis
    Attorneys for Defendant
    AFFIRM, INC.

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

**TABLE OF CONTENTS**

I.    INTRODUCTION ...........................................................................................................1

II.   BACKGROUND .............................................................................................................3

III.  ARGUMENT ..................................................................................................................3

    A.   Plaintiff Fails to State a Claim Under the Unruh Civil Rights Act .......................4

        1.   Plaintiff Lacks Standing ...............................................................................4

        2.   Plaintiff Fails to Plead Intentional Discrimination.....................................4

        3.   Plaintiff Fails to Allege Facts Supporting a Claim Under the ADA ..........5

    B.   Plaintiff Fails to State a Claim for Violation of the ADA....................................6

        1.   The "Post-Service" Conduct "Retaliation" Claim Fails............................6

        2.   No Factual Allegations Support a Claim for Violation of Section 12182 ..........................................................................................................6

    C.   Plaintiff Fails to State a Claim for Fraud ...........................................................7

        1.   The Fraud Claim Does Not Meet Rule 9(b)'s Pleading Standard..............7

        2.   The Fraud Claim is Barred by the Economic Loss Doctrine .....................9

    D.   Plaintiff Fails to State a Claim for Breach of Contract .........................................9

    E.   Plaintiff Fails to Plead a Claim for Breach of the Implied Covenant ..................10

    F.   Plaintiff's Claim for "Unjust Enrichment" Fails...................................................11

    G.   Plaintiff's Claim for "Violation of the California Financial Code" Fails ............12

    H.   Plaintiff's Intentional Infliction of Emotional Distress Claim Fails ...................12

    I.   Plaintiff's Negligent Infliction of Emotional Distress Claim Fails.....................13

    J.   Plaintiff Fails to State a Claim for "Payment Processor Liability"......................14

    K.   Plaintiff's UCL Claim is Inadequately Pled........................................................14

        1.   Plaintiff Fails to Plausibly Allege "Unlawful" Conduct .........................15

        2.   Plaintiff Fails to Plausibly Allege "Unfair" Conduct..............................15

        3.   Plaintiff Fails to Plausibly Allege "Fraudulent" Conduct.......................17

    L.   Plaintiff's "Aiding and Abetting" Claim Fails.....................................................17

    M.   Plaintiff Does Not State a Claim for "Civil Conspiracy"....................................19

    N.   Any Request for Leave to Amend by Plaintiff Should be Denied .......................20

IV.   CONCLUSION ..............................................................................................................20

**Page(s)**

**Cases**

*Ahmadi v. United Cont'l Holdings, Inc.*,
   2014 WL 1281056 (E.D. Cal. Mar. 31, 2014) ........................................................................ 11

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*,
   7 Cal. 4th 503 (1994)............................................................................................................ 19

*Arroyo v. SC Landmark Hotels, LLC*,
   2021 WL 4145969 (N.D. Cal. Apr. 21, 2021) ......................................................................... 7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................................*passim*

*Back Story, LLC v. Amazon.com Servs., Inc.*,
   2025 WL 1012304 (C.D. Cal. Jan. 30, 2024)......................................................................... 19

*Balboa Cap. Corp. v. Shaya Med. P.C. Inc.*,
   2021 WL 6104014 (C.D. Cal. Aug. 13, 2021)........................................................................ 12

*Blom v. UBS Bank USA*,
   2022 WL 17825699 (N.D. Cal. Dec. 20, 2022) ................................................................ 13, 14

*Bly-Magee v. California*,
   236 F.3d 1014 (9th Cir. 2001).................................................................................................. 8

*Brooke v. Rihh LP*,
   2020 WL 788889 (N.D. Cal. Feb. 18, 2020)............................................................................ 4

*Burgess v. Superior Court*,
   2 Cal. 4th 1064 (1992)........................................................................................................... 13

*Carrico v. City & Cnty. of San Francisco*,
   656 F.3d 1002 (9th Cir. 2011)................................................................................................ 20

*Casey v. U.S. Bank Nat. Assn.*,
   127 Cal. App. 4th 1138 (2005)............................................................................................... 18

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
   20 Cal. 4th 163 (1999)........................................................................................................... 15

*Davis v. HSBC Bank Nevada, N.A.*,
   691 F.3d 1152 (9th Cir. 2012)........................................................................................... 16, 17

*De La Torre v. CashCall, Inc.*,
   854 F.3d 1082 (9th Cir. 2017)................................................................................................ 12

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

DEFENDANT AFFIRM, INC.'S MOTION TO DISMISS
329006782v8

*Elbaum v. Google, Inc.*,
  2024 WL 4197622 (N.D. Cal. Sept. 13, 2024)......................................................................... 10

*Elden v. Sheldon*,
  46 Cal. 3d 267 (1988)............................................................................................................... 14

*Entm't Research Group v. Genesis Creative Group*,
  122 F.3d 1211 (9th Cir.1997)................................................................................................... 19

*Epstein v. Wash. Energy Co.*,
  83 F. 3d 1136 (9th Cir. 1996).....................................................................................................4

*Erlich v. Menezes*,
  21 Cal. 4th 543 (1999)................................................................................................................ 9

*Farmers Ins. Exch. v. Superior Ct.*,
  2 Cal.4th 377 (1992)................................................................................................................. 15

*In re First Alliance Mortgage Co.*,
  471 F.3d 977 (9th Cir. 2006)............................................................................................... 18, 19

*Fishell v. Nationwide Mut. Ins. Co.*,
  2023 WL 4626633 (E.D. Cal. July 19, 2023) ......................................................................... 10

*Gerstle v. Am. Honda Motor Co., Inc.*,
  2017 WL 2797810 (N.D. Cal. June 28, 2017) ........................................................................ 11

*Glasby v. Mercy Hous., Inc.*,
  2017 WL 4808634 (N.D. Cal. Oct. 25, 2017) ...........................................................................5

*Goldsmith v. CVS Pharmacy, Inc.*,
  2020 WL 3966004 (C.D. Cal. May 5, 2020)..............................................................................5

*Greater Los Angeles Agency on Deafness, Inc. v. Cable News Network, Inc.*,
  742 F.3d 414 (9th Cir. 2014)......................................................................................................5

*Gulaid v. CH2M Hill, Inc.*,
  2016 WL 926974 (N.D. Cal. Mar. 10, 2016) ...................................................................... 9, 10

*Holcomb v. Wells Fargo Bank, N.A.*,
  155 Cal.App.4th 490 (2007)..................................................................................................... 10

*Karam v. Meta Platforms, Inc.*,
  2025 WL 3079048 (N.D. Cal. Nov. 4, 2025)..............................................................................7

*Kearney v. Foley & Lardner, LLP*,
  590 F.3d 638 (9th Cir. 2009)..................................................................................................... 17

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009)............................................................................................... 8, 17

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

-iii-
DEFENDANT AFFIRM, INC.'S MOTION TO DISMISS

*Khan v. CitiMortgage, Inc.*,
    975 F. Supp. 2d 1127 (E.D. Cal. 2013).................................................................................... 11

*Khoury v. Maly's of Cal.*,
    14 Cal.App.4th 612 (1993)......................................................................................................... 15

*Kim v. Yoon*,
    2021 WL 4442664 (N.D. Cal. Sept. 28, 2021)......................................................................... 13

*King v. Facebook, Inc.*,
    572 F. Supp. 3d 776 (N.D. Cal. 2021) ...................................................................................... 13

*Klaehn v. Cali Bamboo, LLC*,
    2021 WL 3044166 (S.D. Cal. June 14, 2021) ..................................................................... 15, 16

*Kwikset Corp. v. Superior Court*,
    51 Cal.4th 310 (2011)................................................................................................................. 17

*Luminate Home Loans, Inc. v. Better Mortg. Co.*,
    2026 WL 102686 (S.D. Cal. Jan. 14, 2026) ................................................................. 10, 11, 12

*Martin v. Thi E-Com., LLC*,
    95 Cal. App. 5th 521 (2023)...................................................................................................... 4, 7

*Martinez v. San Diego County Credit Union*
    50 Cal.App.5th 1048 (2020)......................................................................................................... 4

*Milan v. JPMorgan Chase Bank, N.A.*,
    2025 WL 1343566 (C.D. Cal. May 7, 2025)............................................................................. 15

*Miller v. Ford Motor Co.*,
    620 F. Supp. 3d 1045 (E.D. Cal. 2022) ..................................................................................... 11

*Modden v. Ticketfly*,
    2019 WL 3413372 (N.D. Cal. July 29, 2019) ...................................................................... 12, 13

*Mota v. Tri-City Healthcare Dist.*,
    2020 WL 1245372 (S.D. Cal. Mar. 16, 2020)............................................................................ 14

*Myers-Armstrong v. Actavis Totowa, LLC*,
    382 Fed.Appx. 545 (9th Cir. 2010) ........................................................................................... 11

*Nacarino v. Chobani, LLC*,
    668 F. Supp. 3d 881 (N.D. Cal. 2022) ...................................................................................... 17

*NxSystems, Inc. v. Monterey Cnty. Bank*,
    2013 WL 429806 (N.D. Cal. Feb. 1, 2013)................................................................................. 8

*People v. Potter Handy, LLP*,
    97 Cal. App. 5th 938 (2023)....................................................................................................... 17

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

*Potter v. Firestone Tire & Rubber Co.*,
  6 Cal. 4th 965 (1993) .................................................................................................... 13

*Rice v. Sunbeam Prods., Inc.*,
  2013 WL 146270 (C.D. Cal. Jan. 7, 2013) ................................................................... 16

*Richards v. Centripetal Networks, Inc.*,
  2024 WL 2064067 (N.D. Cal. May 8, 2024) ................................................................ 20

*Richman v. Hartley*,
  224 Cal. App. 4th 1182 (2014) ....................................................................................... 9

*Robinson Helicopter Co., Inc. v. Dana Corp.*,
  34 Cal.4th 979 (2004) ..................................................................................................... 9

*Rosenfeld v. JPMorgan Chase Bank, N.A.*,
  732 F. Supp. 2d 952, 968 (N.D. Cal. 2010) ................................................................ 10

*S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*,
  72 Cal. App. 4th 861 (1999) ......................................................................................... 16

*Salanoa v. Hawaiian Elec. Co.*,
  2022 WL 280936 (D. Haw. Jan. 31, 2022) .................................................................... 6

*Simi Mgmt. Corp. v. Bank of Am. Corp.*,
  2012 WL 259865 (N.D. Cal. Jan. 27, 2012) ........................................................... 18, 19

*Steffes v. Stepan Co.*,
  144 F.3d 1070 (7th Cir. 1998) ........................................................................................ 6

*Sustainable Ranching Partners, Inc. v. Bering Pac. Ranches Ltd.*,
  2017 WL 4805576 (N.D. Cal. Oct. 24, 2017) ............................................................... 9

*SVB Fin. Grp. v. Fed. Deposit Ins. Corp.*,
  2024 WL 4923542 (N.D. Cal. Nov. 29, 2024) ............................................................ 12

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) .......................................................................................... 8

*Taylor v. Apple, Inc.*,
  2022 WL 35601 (N.D. Cal. Jan. 4, 2022) .................................................................... 16

*Thing v. La Chusa*,
  48 Cal. 3d 644 (1989) .................................................................................................... 13

*Thomsen v. Sacramento Metro. Fire Dist.*,
  2009 WL 8741960 (E.D. Cal. Oct. 20, 2009) ......................................................... 19, 20

*UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*,
  117 F. Supp. 3d 1092 (C.D. Cal. 2015) ..................................................................... 8, 9

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

-v-

*Upper Deck Co. v. Flores*,
    569 F. Supp. 3d 1050 (S.D. Cal. 2021) .............................................................................. 11, 12

*Vess v. Ciba–Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003)............................................................................................ 8

*Vikco Ins. Servs., Inc. v. Ohio Indem. Co.*,
    70 Cal. App. 4th 55 (1999)............................................................................................... 12

*Ward v. Wells Fargo Home Mortg.*,
    2014 WL 1922082 (N.D. Cal. May 6, 2014) ..................................................................... 14

*Westport Ins. Corp. v. Vasquez, Estrada & Conway LLP*,
    2016 WL 1394360 (N.D. Cal. Apr. 8, 2016) ....................................................................... 9

*Wilkins-Jones v. County of Alameda*,
    859 F. Supp. 2d 1039 (N.D. Cal. 2012) .............................................................................. 5

*Williams v. Joyy, Inc.*,
    2026 WL 145681 (E.D. Cal. Jan. 20, 2026)........................................................................ 7

*Young v. Facebook, Inc.*,
    790 F. Supp. 2d 1110 (N.D. Cal. 2011) .............................................................................. 10

**Statutes and Rules**

42 U.S.C. § 12203 ....................................................................................................................... 6

42 U.S.C § 12182 ..................................................................................................................... 6, 7

Cal. Civ. Code § 47 ................................................................................................................... 17

Cal. Civ. Code § 51 ..................................................................................................................... 4

Cal. Gov't Code § 12926 ........................................................................................................ 5, 16

Cal. Fin. Code § 22000............................................................................................................ 12, 16

F.R.C.P 9 ........................................................................................................................... *passim*

F.R.C.P 12 ............................................................................................................................. 3, 20

California Unruh Act............................................................................................................ *passim*

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

DEFENDANT AFFIRM, INC.'S MOTION TO DISMISS

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Plaintiff Matthew Joyce, a self-described "gambling addict," fails to allege a single viable claim against defendant Affirm, Inc. ("Affirm").  Plaintiff asserts his claims against Affirm and defendant ARB Gaming LLC dba Modo. Us ("ARB Gaming"), as well as "payment processing" defendants Goldman Sachs Bank USA, Apple Inc., and Amazon.com ("Payment Processing Defendants").  In his Corrected Amended Complaint (Dkt. 33) ("FAC"), Plaintiff alleges that defendant ARB Gaming operated online gaming and/or gambling platforms, and that due to Plaintiff's alleged gambling addiction, Plaintiff was damaged through his use of those platforms. Plaintiff alleges that he entered into loan agreements with Affirm, which provided funds that he then spent on ARB Gaming's online platforms. As detailed below, however, each of Plaintiff's twelve claims set forth in the FAC is either alleged to arise entirely out of the conduct of ARB Gaming, or is loosely premised on Affirm's "post-service" litigation conduct undertaken in defense of Plaintiff's claims.[1]  None of the scant facts alleged against Affirm is sufficient to support a single claim.

As Plaintiff concedes,[2] this is not Plaintiff's first attempt at asserting his baseless claims against Affirm.  Through his prior counsel, Reshma Kamath, who is now disbarred in California, Plaintiff filed a substantially similar complaint in state court against Affirm, which Affirm then removed to the Northern District of California.  After Affirm filed a motion to dismiss in the Northern District, Ms. Kamath, who had already been disbarred in that court, filed a substantially similar complaint in this Court.  Through new counsel, and despite the arguments set forth in Affirm's prior motion to dismiss,[3] Plaintiff's FAC now asserts essentially the same set of claims against Affirm, the vast majority of which are premised on the conduct of ARB Gaming, not Affirm.

---

[1] Plaintiff alludes to Affirm's "post-service" conduct in asserting his ADA "retaliation" claim. (FAC ¶¶ 175-178.)  As set forth in Affirm's Notice of Removal filed with the Northern District, Affirm had not yet been served with the complaint in the State Court action.  (Northern District of California, Case No.: 4:25-cv-04677-KAW, Dkt. 1 at p. 2 ["N.D. Cal. Dkt."]); (FAC ¶ 168.) Regardless, and as detailed in Affirm's Motion, Affirm's litigation conduct cannot form the basis of Plaintiff's claims as a matter of law.

[2] (FAC ¶ 168 ["Plaintiff's original complaint was filed in Contra Costa County Superior Court, Case No. C25-01268."]).

[3] Plaintiff acknowledges Affirm's prior motion to dismiss in his FAC.  (FAC ¶ 172.)

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

Grasping for any factual basis for his claims against Affirm, Plaintiff now alleges that Affirm's defense of the action that Plaintiff filed in the Northern District amounts to "retaliation" in violation of the ADA. Affirm's defense, however, cannot underpin a "retaliation" claim as a matter of law and is otherwise subject to California's litigation privilege. In short, having now pled his claims against Affirm three separate times, Plaintiff fails to state any allegations against Affirm sufficient to support a plausible claim.

Even if Plaintiff had plausibly alleged conduct by Affirm sufficient to support his 12 claims (he has not), each of his claims is otherwise fatally flawed.

- Plaintiff lacks standing to bring his first claim under California's Unruh Act because he is a resident of North Carolina, not of California.

- Affirm's litigation conduct cannot give rise to his second ADA "retaliation" claim as a matter of law and Plaintiff's ADA claim does not arise out of a "physical place" as required.

- Plaintiff's third claim for fraud is barred by the economic loss rule and is insufficiently pled under Rule 9(b).

- Plaintiff fails to allege the elements necessary to support his fourth claim for breach of contract, including what contract with Affirm was breached, which terms were breached, or what conduct was a breach.

- Plaintiff's fifth claim for breach of the implied covenant likewise fails because he fails to allege how Affirm "unfairly interfered" with any agreement between Plaintiff and Affirm.

- Plaintiff's sixth UCL claim fails because each of his underlying predicate claims against Affirm fails, too.

- Plaintiff's seventh claim for "unjust enrichment" is foreclosed by the existence of Plaintiff's written loan agreements with Affirm.

- Plaintiff's eighth claim, purportedly brought under the California Financial Code, fails because the Code does not provide a private right of action.

- Plaintiff fails to allege any facts sufficient to support his ninth and tenth claims for intentional and negligent infliction of emotional distress.

- Plaintiff alleges no facts relating to Affirm supporting his purported eleventh claim for

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

-2-

DEFENDANT AFFIRM, INC.'S MOTION TO DISMISS

"payment processor liability."

- Last, Plaintiff fails to allege any facts sufficient to support his twelfth "aiding and abetting" claim. In short, the FAC fails to allege any facts supporting Plaintiff's claims against Affirm, and all of Plaintiff's claims are otherwise fatally flawed and must be dismissed under Rule 12(b)(6).

## II.   BACKGROUND

Plaintiff's operative FAC restates allegations first asserted in Plaintiff's complaint filed in the Superior Court of California, County of Contra Costa, on May 5, 2025. (FAC ¶ 168); (N.D. Cal. Dkt. 1).  Affirm removed Plaintiff's action from the Superior Court to the Northern District of California on June 3, 2025. (FAC ¶ 170); (N.D. Cal. Dkt. 1).  Affirm filed a motion to dismiss in the Northern District on June 24, 2025.  (N.D. Cal. Dkt. 11).  Affirm also notified the court that Plaintiff's counsel, Ms. Kamath, had been disbarred in the Northern District.  (*Id.* Dkt. 10).  On June 26, 2025, Judge Westmore in the Northern District issued an order to show cause as to why Ms. Kamath should not be removed as counsel.  (*Id.* Dkt. 15).  Plaintiff, through Ms. Kamath, then filed an essentially identical complaint with this Court on June 30, 2025.  (Dkt. 1).  Plaintiff then filed a notice of voluntary dismissal in the Northern District on July 7, 2025.  (N.D. Cal. Dkt. 17).  After Ms. Kamath was disbarred in California, Plaintiff retained new counsel and filed the operative FAC, which reasserts the same foundational claims against Affirm premised on the same general allegations.  (Dkt. 30).

As set forth in his two prior complaints, Plaintiff's FAC alleges that defendant ARB Gaming operates online gaming and sweepstakes platforms that Plaintiff used for gambling.  (FAC ¶¶ 18, 22-23.)  Plaintiff asserts that he was damaged through ARB Gaming's "predatory targeting" of him through its "online gambling platform" and that "ARB Gaming exploited Plaintiff's disabilities" resulting in damages to Plaintiff.  (*See e.g. id.* ¶¶ 22-24, 318).  Plaintiff argues that Affirm is a "lending platform" that provided loans to Plaintiff. (*Id.* ¶¶ 111-12).  Affirm now moves to dismiss all of Plaintiff's claims against it pursuant to Rule 12(b)(6).

## III.   ARGUMENT

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

-3-

A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that defendants are liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 677. "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F. 3d 1136, 1140 (9th Cir. 1996). As set forth below, Plaintiff fails to state a single plausible claim for relief.

### A.    Plaintiff Fails to State a Claim Under the Unruh Civil Rights Act

"The Unruh Act provides: 'All persons within the jurisdiction of this state ... no matter what their ... disability ... are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.'" *Martin v. Thi E-Com., LLC*, 95 Cal. App. 5th 521, 527 (2023), *review denied* (Dec. 20, 2023) (citing Cal. Civ. Code § 51, subd. (b).) "A plaintiff can recover under the Unruh Act on two alternate theories: (1) a violation of the ADA; or (2) denial of access to a business establishment based on intentional discrimination." *Id.* (citing *Martinez v. San Diego County Credit Union* 50 Cal.App.5th 1048, 1059 (2020)). Plaintiff's Unruh Act claim fails for at least three reasons.

#### 1.    Plaintiff Lacks Standing

First, Plaintiff lacks standing to bring claims under the Unruh Act because he is a resident of North Carolina. The "Unruh Act only applies to 'persons within the jurisdiction of the state.'" *Brooke v. Rihh LP*, 2020 WL 788889, at *5 (N.D. Cal. Feb. 18, 2020) (citing Cal. Civ. Code §§ 51(b), (f)). Plaintiff alleges that he "is a resident of Durham County, North Carolina." (FAC ¶ 1.) As an out-of-state resident, Plaintiff lacks standing to bring a claim under the Unruh Act and Plaintiff's claim should be dismissed with prejudice on this basis alone. *See id.* (dismissing Unruh Claim with prejudice where "Plaintiff has failed to show she is a person within the jurisdiction of California – indeed, her complaint explicitly alleges she is a citizen of Arizona").

#### 2.    Plaintiff Fails to Plead Intentional Discrimination

Second, Plaintiff's FAC does not include any factual allegations of intentional discrimination by Affirm—all Plaintiff's allegations relate to the conduct of ARB Gaming, not to

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

Affirm. "To allege an Unruh Act claim 'separate from an ADA claim,' the plaintiff 'must allege intentional discrimination.'" *Glasby v. Mercy Hous., Inc.*, 2017 WL 4808634, at *7 (N.D. Cal. Oct. 25, 2017) (citing *Wilkins-Jones v. County of Alameda*, 859 F. Supp. 2d 1039, 1051 (N.D. Cal. 2012)). "In *Greater Los Angeles Agency on Deafness, Inc.*, the Ninth Circuit explained that intentional discrimination under the Unruh Act 'contemplates a showing of willful, affirmative misconduct on the part of those who violate the Act'"; accordingly, a 'plaintiff must therefore allege, and show, more than the disparate impact of a facially neutral policy.'" *Id.* (citing *Greater Los Angeles Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414, 425 (9th Cir. 2014) (quotations omitted)). Here, the FAC does not set forth any plausible facts establishing that Affirm willfully discriminated against Plaintiff, much less under what circumstances. (FAC ¶¶ 198-217.) The only conduct described with any particularity in the FAC relates to defendant ARB Gaming and its gambling platforms, not Affirm. (*See id.*). Because Plaintiff fails to allege any willfully discriminatory conduct by Affirm, his Unruh Act claim should be dismissed. *See Greater Los Angeles Agency on Deafness, Inc.,* 742 F.3d at 426 (affirming dismissal where alleged "conduct does not demonstrate [Defendant]'s 'willful, affirmative misconduct' or intentional discrimination and, therefore, it cannot form the basis of an Unruh Act.").

Moreover, Plaintiff's Unruh Act claim fails for an additional reason: even if he had pled facts establishing willful discrimination by Affirm (he has not), his purported "gambling disorder" is not a recognized disability under the Unruh Act. The Unruh Act defines "disability" as "any mental or physical disability as defined in Sections 12926 and 12926.1 of the Government Code." *Goldsmith v. CVS Pharmacy, Inc.*, 2020 WL 3966004, at *4 (C.D. Cal. May 5, 2020). California Government Code Section 12926 specifically excludes "compulsive gambling" from protected disorders. *See* Cal. Gov't Code § 12926(j)(5) ("'Mental disability' does not include . . . compulsive gambling"); § 12926(m)(6) ("'Physical disability' does not include . . . compulsive gambling"). Accordingly, Plaintiff's Unruh Act claim should be dismissed with prejudice. *See id.*

### 3.    Plaintiff Fails to Allege Facts Supporting a Claim Under the ADA

Third, and as set forth below in Section III.B., Plaintiff fails to plead a violation of the ADA sufficient to support a claim under California's Unruh Act. Plaintiff's claim should therefore be

-5-

dismissed with prejudice.

### B.   Plaintiff Fails to State a Claim for Violation of the ADA

Plaintiff purports to set forth two species of ADA claims: (1) for "unlawful retaliation under 42 U.S.C. § 12203" due to Affirm's "post-service conduct" (FAC ¶¶ 175-178); and (2) for "Violation of 42 USCS § 12182" (FAC ¶¶ 218-234.)  Plaintiff fails to state sufficient plausible facts to support either variety of claim.

#### 1.   The "Post-Service" Conduct "Retaliation" Claim Fails

Plaintiff broadly alleges that Affirm's conduct undertaken in defense of Plaintiff's claims amounts to unlawful "retaliation" in violation of Section 12203.  (FAC ¶¶ 175-178.)[4]  Plaintiff's "retaliation" claim is baseless and must be dismissed because Affirm's litigation conduct cannot support a "retaliation" claim as a matter of law.

"[L]itigation tactics subject to supervision by the court cannot constitute independent grounds of Title VII liability."  *Salanoa v. Hawaiian Elec. Co.*, 2022 WL 280936, at *14 (D. Haw. Jan. 31, 2022) (citing *Steffes v. Stepan Co.*, 144 F.3d 1070, 1076 (7th Cir. 1998)).  Even an "attempt to obstruct the litigation of the underlying discrimination complaint, like oppressive discovery requests and the withholding of other evidence, is inseparable from the litigation of the claim" and "[a]ccordingly, it is a matter to be resolved pursuant to court rules, not by Title VII."  *Steffes*, 144 F.3d at 1076.  Here, Plaintiff's "retaliation" claim is entirely premised on Affirm's legitimate litigation conduct in defending against Plaintiff's baseless claims.  (FAC ¶¶ 175-178.)  Affirm's litigation conduct cannot give rise to a "retaliation" claim as a matter of law and Plaintiff's claim must be dismissed.[5]  *See id.*

#### 2.   No Factual Allegations Support a Claim for Violation of Section 12182

Plaintiff's claim under Section 12182 likewise fails for at least two reasons.  First, Plaintiff's

---

[4] Plaintiff does not set forth his purported ADA "retaliation" claim in a separate "count" as with his other claims.  (FAC ¶¶ 175-178.)

[5] Nor was Affirm's defense of this action, i.e., its "litigation conduct," improper in any way.  Affirm removed Plaintiff's action to the Northern District, which had jurisdiction over Plaintiff's claims. Affirm then informed the Court that Plaintiff's counsel, Ms. Kamath, was disbarred in that Court after Ms. Kamath filed a "Request to Stay" that action.  (FAC ¶ 178); (N.D. Cal. Dkts. 1, 8, 10). Affirm then filed its prior motion to dismiss.  (*Id.* Dkt. 11).  Affirm's defense of Plaintiff's baseless claims was entirely appropriate.

DEFENDANT AFFIRM, INC.'S MOTION TO DISMISS

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

claim is entirely premised on alleged conduct undertaken by ARB Gaming, not by Affirm. (FAC ¶¶ 218-234.) Accordingly, Plaintiff has failed to allege any plausible facts sufficient to put Affirm on notice of the nature of his claim under Section 12182. *See Iqbal*, 556 U.S. 662 (2009).

Second, even if Plaintiff had alleged facts relating to Affirm sufficient to state a claim—he has not—Plaintiff's claim would nevertheless fail because it does not arise out of a "physical place" as required under the ADA. *See Martin,* 95 Cal. App. 5th at 533 ("Because we conclude that the ADA applies only to physical places, and because plaintiffs did not allege a violation of the ADA arising from any physical space, they failed to state a claim under the Unruh Act for a violation of the ADA."). Here, although Plaintiff's allegations are threadbare and conclusory at best, his claims arise out of one or more "online gambling platforms," not a physical place as required to support a claim under the ADA. (FAC ¶ 201); *see Martin,* 95 Cal. App. 5th at 531 ("the unique history and regulation of the Internet counsel against interpreting the ADA as applying to the Internet."); *Karam v. Meta Platforms, Inc.*, 2025 WL 3079048, at *4 (N.D. Cal. Nov. 4, 2025) ("Plaintiff fails to state a claim because Facebook Marketplace is not a 'place of public accommodation' under the ADA because it is not a physical location."); *Williams v. Joyy, Inc*., 2026 WL 145681, at *3 (E.D. Cal. Jan. 20, 2026) ("[P]laintiff fails to state a claim because the digital platform Bigo Live is not a 'place of public accommodation' under the ADA because it is not a physical location.") (citing *Karam*, 2025 WL 3079048, at *4) (quotations omitted). Plaintiff's claim under Section 12182 should be dismissed on this independent ground. *See id.* Further, and as noted *supra* in Section III.A.3, because Plaintiff has failed to state a claim under the ADA, his Unruh Act claim likewise fails. *See Arroyo v. SC Landmark Hotels, LLC*, 2021 WL 4145969, at *7 (N.D. Cal. Apr. 21, 2021) ("Because Plaintiffs have failed to adequately allege an ADA violation, the Unruh Act claim []fails.").

### C.    Plaintiff Fails to State a Claim for Fraud

Plaintiff's fraud claim fails for at least two reasons: (1) Plaintiff fails to allege facts supporting the claim with the requisite particularity under Rule 9(b), and (2) it is barred under the economic loss doctrine.

#### 1.    The Fraud Claim Does Not Meet Rule 9(b)'s Pleading Standard

"In alleging fraud or mistake, a party must state with particularity the circumstances

constituting fraud or mistake." Fed. R. Civ. P. 9(b).  To satisfy Rule 9(b), a complaint must supply "the circumstances constituting the alleged fraud" with a description "'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).  Fraud claims must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP,* 476 F.3d 756, 764 (9th Cir. 2007) (internal quotation marks omitted); *see also Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." (internal quotation marks omitted)).  Moreover, "Rule 9(b) 'does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *UMG Recordings, Inc.*, 117 F. Supp. 3d at 1108 (citing *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)).

Here, Plaintiff fails to identify any misrepresentations made by Affirm, much less specify the time, place, and manner of the representations, or the persons who made them as required under Rule 9(b).  (FAC ¶¶ 235-54.)  Moreover, any allegations of "misrepresentations" pertain to the gaming platforms of defendant ARB Gaming and not to Affirm.  (*See id.*).  Nor has Plaintiff pled justifiable reliance on any representations made by Affirm.  *See NxSystems, Inc. v. Monterey Cnty. Bank,* 2013 WL 429806, at *5 (N.D. Cal. Feb. 1, 2013) (dismissing fraud claim where "[t]here is no allegation of reliance on the alleged representations.").  Finally, Plaintiff's claim fails to differentiate among defendants and therefore does not "inform each defendant separately" of their alleged participation in the fraud as required to meet Rule 9(b)'s standard.  *See UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc*., 117 F. Supp. 3d 1092, 1108 (C.D. Cal. 2015).  Because Plaintiff's FAC only pleads facts relating to ARB Gaming's conduct and fails to plead any plausible facts relating to Affirm's conduct (*see* FAC ¶¶ 235-54)—much less with the particularity required under Rule 9(b)—his fraud claim should be dismissed. *See id.*

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

-8-

### 2.   The Fraud Claim is Barred by the Economic Loss Doctrine

"The economic loss rule . . . bars a party from bringing tort claims in a breach of contract action for pure economic loss 'unless [the purchaser] can demonstrate harm above and beyond a broken contractual promise.'" *Westport Ins. Corp. v. Vasquez, Estrada & Conway LLP*, 2016 WL 1394360, at *5 (N.D. Cal. Apr. 8, 2016) (quoting *Robinson Helicopter Co., Inc. v. Dana Corp*., 34 Cal.4th 979, 988 (2004) (citations omitted)).   The California Supreme Court has noted that the economic loss rule is necessary to "prevent[ ] the law of contract and the law of tort from dissolving into one another." *Robinson*, 34 Cal.4th at 988 (internal modification and quotations omitted). "Conduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from principles of tort law." *Id.* (quoting *Erlich v. Menezes*, 21 Cal. 4th 543, 441 (1999)). "Like other species of fraud claims, []promissory fraud claims are subject to the economic loss rule." *UMG Recordings, Inc.*, 117 F. Supp. 3d at 1104 (citations omitted).

Here, Plaintiff's fraud claim is barred by the economic loss rule because it necessarily arises out of Plaintiff's contractual lending relationship with Affirm, not out of an independent tort.   *See UMG Recordings, Inc.*, 117 F. Supp. 3d at 1104 ("Like other species of fraud claims, . . . promissory fraud claims are subject to the economic loss rule."); *see also Sustainable Ranching Partners, Inc. v. Bering Pac. Ranches Ltd.,* 2017 WL 4805576, at *9 (N.D. Cal. Oct. 24, 2017) (granting motion to dismiss under economic loss doctrine where "Plaintiff has not identified any allegedly tortious conduct outside of the Defendants'" contract.).   Accordingly, Plaintiff's fraud claim fails on this separate ground and it should be dismissed with prejudice. *See id.*

### D.   Plaintiff Fails to State a Claim for Breach of Contract

Plaintiff's breach of contract claim should be dismissed because Plaintiff fails to allege what terms of any purported contract with Affirm were breached or the alleged conduct constituting breach. "To prevail on a breach of contract claim, a plaintiff must prove '(1) the contract, (2) the plaintiff's performance of the contract or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damage to the plaintiff.'" *Gulaid v. CH2M Hill, Inc.*, 2016 WL 926974, at *4 (N.D. Cal. Mar. 10, 2016) (citing *Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186 (2014)). "[I]n the absence of any allegations identifying contractual terms that were violated as well as specific

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

conduct that violated those terms," statements alleging breach are conclusory and insufficient to sustain a claim for breach of contract. *Id.* (citing *Holcomb v. Wells Fargo Bank, N.A.*, 155 Cal.App.4th 490, 501 (2007), as modified (Oct. 22, 2007)); *Fishell v. Nationwide Mut. Ins. Co.*, 2023 WL 4626633, at \*5 (E.D. Cal. July 19, 2023) (dismissing breach of contract claim where "[c]omplaint fails to provide more than a formulaic recitation of the elements.").

Here, Plaintiff's FAC fails to specify the contractual terms that Affirm allegedly violated or how Affirm's conduct violated those terms.  (FAC ¶¶ 255-72.)  At most, Plaintiff generically describes contract terms with defendant ARB Gaming, not with Affirm. (*See id.*).  Because Plaintiff has failed to set forth any facts supporting his breach of contract claim against Affirm, the claim should be dismissed.  *See Gulaid*, 2016 WL 926974, at \*4; *see also Elbaum v. Google, Inc.*, 2024 WL 4197622, at \*3 (N.D. Cal. Sept. 13, 2024) ("In an action for breach of a written contract, a plaintiff must allege the specific provisions in the contract creating the obligation the defendant is said to have breached.") (citing *Young v. Facebook, Inc.*, 790 F. Supp. 2d 1110, 1117 (N.D. Cal. 2011)); *Fishell*, 2023 WL 4626633, at \*5.

### E.     Plaintiff Fails to Plead a Claim for Breach of the Implied Covenant

"The factual elements necessary to establish a breach of the covenant of good faith and fair dealing in California are: (1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct." *Luminate Home Loans, Inc. v. Better Mortg. Co.*, 2026 WL 102686, at \*15 (S.D. Cal. Jan. 14, 2026) (citing *Rosenfeld v. JPMorgan Chase Bank*, N.A., 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010)).  Plaintiff's claim for breach of the implied covenant fails on several grounds.

First, all of Plaintiff's allegations relate to the conduct of defendant ARB Gaming and not to Affirm.  (FAC ¶¶ 273-85.)  Plaintiff's claim should be dismissed on this basis alone.  *See Iqbal*, 556 U.S. 662 (2009).  Second, Plaintiff fails to allege plausible facts supporting each element of his claim, including which contract with Affirm gives rise to his claim, whether he fulfilled his obligations under that contract, how Affirm "unfairly interfered" with his rights under that contract,

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

or how Affirm's conduct caused him harm. *See Luminate Home Loans, Inc.*, 2026 WL 102686, at *15. Nor could he—Plaintiff alleges he entered into his loan agreements with Affirm and he identifies no conduct by Affirm demonstrating its failure or refusal to discharge contractual responsibilities. (FAC ¶¶ 111-13; 273-85); *see Khan v. CitiMortgage, Inc.,* 975 F. Supp. 2d 1127, 1143 (E.D. Cal. 2013) (dismissing implied covenant claim "with prejudice" where "complaint lack[ed] a specific contractual obligation on which to premise an implied covenant claim" and "facts to demonstrate defendants' failure or refusal to discharge contractual responsibilities, prompted by a conscious and deliberate act."). Because Plaintiff's claim is deficient and amendment would be futile, his claim should be dismissed with prejudice. *See id; see also Ahmadi v. United Cont'l Holdings, Inc.,* 2014 WL 1281056, at *5 (E.D. Cal. Mar. 31, 2014) (dismissing implied covenant claim where plaintiff "fail[ed] to identify the specific contractual provision that was frustrated.").

### F.    Plaintiff's Claim for "Unjust Enrichment" Fails

Plaintiff's FAC fails to set forth sufficient plausible facts to support a claim for "unjust enrichment" or "quasi-contract." In California "[t]here is no cause of action for unjust enrichment. Rather, unjust enrichment is a basis for obtaining restitution based on quasi-contract or imposition of a constructive trust." *Myers-Armstrong v. Actavis Totowa, LLC,* 382 Fed.Appx. 545, 548 (9th Cir. 2010). A "quasi-contract action for unjust enrichment does not lie where express binding agreements exist and define the parties' rights." *Miller v. Ford Motor Co.*, 620 F. Supp. 3d 1045, 1077 (E.D. Cal. 2022) (citing *Gerstle v. Am. Honda Motor Co., Inc.*, 2017 WL 2797810, at *14–15 (N.D. Cal. June 28, 2017). Here, Plaintiff's scant allegations supporting his unjust enrichment claim against Affirm all relate to the written loan agreements that Plaintiff concedes he entered into. (FAC ¶¶ 307, 319.) Accordingly, because these loan agreements "exist and define the parties' rights," Plaintiff's unjust enrichment claim fails as a matter of law. *See id.* Moreover, Plaintiff's threadbare allegations against Affirm, which pertain entirely to the alleged loan agreements, are vague and otherwise insufficient to state a claim. (*See* FAC ¶ 317 [generally alleging "inequitable" "circumstances"); *see Upper Deck Co. v. Flores*, 569 F. Supp. 3d 1050, 1071-72 (S.D. Cal. 2021) (a "threadbare recital to an element of a cause of action" for unjust enrichment, "with no facts in support, does not state a cause of action"). Plaintiff's "unjust enrichment" claim should be

dismissed.[6]  *See id.*

### G.   Plaintiff's Claim for "Violation of the California Financial Code" Fails

No private cause of action exists under the California Financial Code and therefore Plaintiff's claim must be dismissed.  The "California Financial Code does not create a private right of action."  *Balboa Cap. Corp. v. Shaya Med. P.C. Inc.*, 2021 WL 6104014, at *4 (C.D. Cal. Aug. 13, 2021) (citing *De La Torre v. CashCall, Inc.,* 854 F.3d 1082, 1085 (9th Cir. 2017)).   "In California, '[a]doption of a regulatory statute does not automatically create a private right to sue for damages resulting from violations of the statute.'"  *SVB Fin. Grp. v. Fed. Deposit Ins. Corp.*, 2024 WL 4923542, at *11 (N.D. Cal. Nov. 29, 2024) (citing *Vikco Ins. Servs., Inc. v. Ohio Indem. Co.*, 70 Cal. App. 4th 55, 62 (1999)).   "[V]arious courts have previously found that the California Financial Code does not generally create a private right of action," and a plaintiff "must be able to point to the language of the statute or its legislative history and show that there is a clear indication that the Legislature *intended* to create such a right to sue for damages."  *Id.* (citation omitted).  Here, Plaintiff's claim under Section 22000 of the Financial Code accordingly fails as that statute provides no private cause of action.  *See id.*  Furthermore, even if the California Financial Code did provide a private cause of action (it does not), Plaintiff fails to allege any conduct by Affirm sufficient to put it on notice of the nature of Plaintiff's purported statutory claim.  *See Iqbal*, 556 U.S. 662 (2009).

### H.   Plaintiff's Intentional Infliction of Emotional Distress Claim Fails

"Under California law, a plaintiff may establish intentional infliction of emotional distress by showing: (1) extreme or outrageous conduct by the defendant, (2) severe or extreme emotional distress by the plaintiff, (3) the defendant's outrageous conduct proximately caused the plaintiff's distress, and (4) the defendant intended to cause distress or acted with reckless disregard of the possibility of causing emotional harm."  *Modden v. Ticketfly*, 2019 WL 3413372, at *2 (N.D. Cal. July 29, 2019) (citations omitted).   "To qualify as outrageous, a defendant's conduct must be 'so

---

[6] Plaintiff's "unjust enrichment" claim also fails because Plaintiff seeks damages for the same alleged conduct.   (FAC ¶¶ 179-185; p. 30 [seeking "[c]ompensatory damages against all Defendants"]).  *See Luminate Home Loans, Inc.,* 2026 WL 102686, at *16 ("restitution is not available where Counter-Plaintiffs also seek monetary damages for the same conduct and do not explain how monetary damages alone are insufficient.").

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

DEFENDANT AFFIRM, INC.'S MOTION TO DISMISS

extreme as to exceed all bounds of that usually tolerated in a civilized community.'" *Id.* (citing *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 100 (1993)).  "Liability for IIED does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *King v. Facebook, Inc.*, 572 F. Supp. 3d 776, 785 (N.D. Cal. 2021).

First, Plaintiff alleges no "outrageous conduct" by Affirm sufficient to support an IIED claim—all of Plaintiff's allegations relate to ARB Gaming's conduct, not to Affirm's.  (FAC ¶¶ 343-363.)    Affirm's mere issuance of loans cannot possibly constitute "outrageous conduct" sufficient to support an IIED claim. *See Modden*, 2019 WL 3413372, at *2.  Second, Plaintiff fails to plausibly allege that any of Affirm's conduct "proximately caused" Plaintiff's injuries. *See Kim v. Yoon*, 2021 WL 4442664, at *3 (N.D. Cal. Sept. 28, 2021) (dismissing IIED claim where "Plaintiff's allegations that he suffered 'severe emotional distress' [] are conclusory and are not supported by any factual allegations.").  Last, Plaintiff fails to plausibly allege that Affirm intended to cause emotional distress by issuing him loans. *See Modden*, 2019 WL 3413372, at *3 (dismissing IIED claim where Plaintiff "fails plausibly to allege the company intended to cause severe emotional distress or acted with reckless disregard of the possibility of causing such distress.").  In short, Plaintiff's IIED claim should be dismissed.

### I.    Plaintiff's Negligent Infliction of Emotional Distress Claim Fails

Plaintiff fails to plead plausible facts supporting his alleged "bystander theory" claim for negligent infliction of emotional distress. "'Bystander' cases are those in which the plaintiff's claim of emotional distress 'is premised upon a defendant's violation of a duty not to negligently cause emotional distress to people who observe conduct which causes harm to another.'" *Blom v. UBS Bank USA*, 2022 WL 17825699, at *4 (N.D. Cal. Dec. 20, 2022) (citing *Burgess v. Superior Court*, 2 Cal. 4th 1064, 1071 (1992)).  In such cases, damages "for emotional distress should be recoverable only if the plaintiff: (1) is closely related to the injury victim; (2) is present at the scene of the injury-producing event at the time it occurs and is then aware that it is causing injury to the victim and, (3) as a result suffers emotional distress beyond that which would be anticipated in a disinterested witness." *Id.* (citing *Thing v. La Chusa*, 48 Cal. 3d 644, 647 (1989)).  Plaintiff fails to allege facts sufficient to support any of these three requirements.

Troutman Pepper Locke LLP
Three Embarcadero Center
Suite 800
San Francisco, CA 94111

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

First, third-party "Brielle Pittman" is not alleged to be sufficiently "closely related" to Plaintiff to support his claim.  (*See* FAC ¶¶ 186-197; 364-384); *see Mota v. Tri-City Healthcare Dist.*, 2020 WL 1245372, at \*4 (S.D. Cal. Mar. 16, 2020) ("The California Supreme Court has held unmarried cohabitants may not recover damages for emotional distress") (citing *Elden v. Sheldon*, 46 Cal. 3d 267, 277 (1988)).  Second, Plaintiff fails to allege any plausible facts establishing that he was present at the scene of the injury-producing event at the time it occurred—to the contrary, Plaintiff's muddled allegations allege that "Ms. Pittman was present at the scene of the injury-producing event" and that "Miss Pittman witnessed Plaintiff's psychological deterioration." [7]  (FAC ¶¶ 366, 372.); *see Blom*, 2022 WL 17825699, at \*4 (To "satisfy the second [] requirement the plaintiff must experience a contemporaneous sensory awareness of the causal connection between the defendant's infliction of harm and the injuries suffered by the close relative."); *see also Iqbal*, 556 U.S. 662 (2009).  Last, Plaintiff fails to allege that he suffered emotional distress or that any actions by Affirm caused him emotional distress as a result of Ms. Pittman's condition—instead, Plaintiff alleges that a "reasonable person in Ms. Pittman's position would have suffered serious emotional distress."  (FAC ¶ 380.)  This conclusory allegation is insufficient to sustain the third element and Plaintiff's claim should be dismissed.  *See Blom*, 2022 WL 17825699, at \*4.

### J.    Plaintiff Fails to State a Claim for "Payment Processor Liability"

Assuming, *arguendo*, that "Payment Processor Liability" is a recognized cause of action, Plaintiff does not allege that Affirm is a "payment processor" and does not allege any facts against Affirm supporting his purported claim for "Payment Processor Liability."  (FAC ¶¶ 385-400.) Accordingly, Plaintiff's purported claim against Affirm should be dismissed as Plaintiff has alleged no facts to put Affirm on notice of its nature.  *See Iqbal*, 556 U.S. 662 (2009).

### K.    Plaintiff's UCL Claim is Inadequately Pled

Plaintiff's UCL claim should be dismissed because each of his predicate claims fail as set forth above.  *See Ward v. Wells Fargo Home Mortg.*, 2014 WL 1922082, at \*8 (N.D. Cal. May 6, 2014) ("Here, all of Plaintiff's other claims are dismissed for failure to state a claim and, as a result,

---

[7] (*See also* FAC p. 24, ¶¶ 373-378 [alleging monetary damages to non-party Ms. Pittman]).

the UCL claim also fails."). Moreover, Plaintiff otherwise does not sufficiently allege any "unlawful," "unfair," or "fraudulent" conduct sufficient to support his UCL claim.

### 1.    Plaintiff Fails to Plausibly Allege "Unlawful" Conduct

The UCL "borrows" violations of other laws and authorizes a separate UCL cause of action based on the violation under the unlawful prong. *See Farmers Ins. Exch. v. Superior Ct.*, 2 Cal.4th 377, 383 (1992). "Where a plaintiff cannot sufficiently state a claim under the 'borrow[ed]' law, they cannot state an unlawful prong claim either." *Milan v. JPMorgan Chase Bank, N.A.*, 2025 WL 1343566, at *5 (C.D. Cal. May 7, 2025). As set forth above, Plaintiff fails to state a plausible claim under the Unruh Act, the ADA, and/or the "California Financial Code." Plaintiff's UCL claim under the "unlawful" prong fails.

### 2.    Plaintiff Fails to Plausibly Allege "Unfair" Conduct

The FAC lacks plausible facts sufficient to support a UCL claim under the "unfair" conduct prong. "A plaintiff alleging unfair business practices must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of Cal.,* 14 Cal.App.4th 612, 617 (1993). Plaintiff's allegations, set forth in a single paragraph that avers in conclusory terms that Affirm's conduct "facilitated" Plaintiff's "gambling addiction," are insufficient to state a claim under the "unfair" UCL prong as a matter of law. (*See* FAC ¶ 297.)

In consumer actions, courts apply either the "balancing test" or the "tethering test" to claims asserted under the "unfair" prong of the UCL. *Klaehn v. Cali Bamboo, LLC*, 2021 WL 3044166, at *12 (S.D. Cal. June 14, 2021), *aff'd*, 2022 WL 1830685 (9th Cir. June 3, 2022). Plaintiff's claim fails under either test.

First, under the "tethering test," "unfairness under section 17200 must be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition." *See Klaehn*, 2021 WL 5549226, at *12 (citing *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999)). Plaintiff fails to identify any legislative policy or impact on competition sufficient to support a UCL claim under the "tethering test." *See id.* (dismissing claim where Plaintiff did "not identify which constitutional, regulatory or statutory provision to which the

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

allegations are tethered").[8]

Second, under "the balancing test, 'an "unfair" business practice occurs when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *Id.* (citing *S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 887 (1999)).  Plaintiff fails to plausibly allege any conduct by Affirm sufficiently "immoral" or "unscrupulous" to support a UCL claim.  At most, Plaintiff alleges in conclusory terms that, by issuing loans, Affirm "facilitated" Plaintiff's "gambling addiction."  (TAC ¶ 297).  But Courts have found that a defendant's provision of gambling services alleged to promote "gambling addiction" is insufficient to support a UCL claim under the "unfair" prong.  *See Taylor v. Apple, Inc.*, 2022 WL 35601, at *3 (N.D. Cal. Jan. 4, 2022) (dismissing UCL claim under "unfair" prong where defendant's conduct was alleged to promote "gambling addiction" through online "loot boxes": "If plaintiffs' allegations regarding the harmful [e]ffects of loot boxes are accurate, the public interest likely lies in seeking legislative remedies."); *see also* Cal. Gov't Code § 12926(j)(5) ("'Mental disability' does not include . . . compulsive gambling"); § 12926(m)(6) ("'Physical disability' does not include . . . compulsive gambling").  And Affirm is not alleged to have provided any "gambling services"—it is simply alleged to have provided loans, which is insufficient to support a UCL claim.  *See id.*

Further, there is no allegation that Affirm was aware of Plaintiff's alleged "gambling addiction" at the time the loans were issued or beforehand.  *See e.g. Rice v. Sunbeam Prods., Inc.*, 2013 WL 146270, at *9 (C.D. Cal. Jan. 7, 2013) (dismissing UCL claim where "plaintiff fail[ed] to adequately allege that defendant had knowledge of a defect" and finding that the "allegations cannot serve as the basis for a claim that defendant's conduct is unscrupulous or substantially injurious to consumers."); *see also Davis v. HSBC Bank Nevada, N.A.,* 691 F.3d 1152, 1170–71 (9th Cir. 2012) (affirming dismissal of UCL claim where "any harm [plaintiff] suffered was the product of his own behavior . . . [and] [a]s a result, we cannot say that the FAC alleges 'above the speculative level'

---

[8] In connection to the "unlawful" prong, Plaintiff cites to "Cal Fin Code § 22000"). (FAC ¶ 296.) That section has no bearing on Plaintiff's claims, does not facially create any cause of action, and Plaintiff cites to no other section of California's Financial Code allegedly supporting his claim. (*See id.*).

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

that [defendant's conduct] themselves caused any harm."). In short, Plaintiff has alleged no facts rising to the type of "immoral" or "unscrupulous" conduct sufficient to support a UCL claim under the "unfair" prong.[9] *See id.*

### 3. **Plaintiff Fails to Plausibly Allege "Fraudulent" Conduct**

A "fraudulent" business act or practice is one that is likely to deceive members of the public. *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012). Federal Rule of Civil Procedure 9(b)'s heightened pleading standard applies to UCL fraud claims. *Kearns*, 567 F.3d at 1125. Thus, plaintiff's allegations must state "with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b). Moreover, "[t]he California Supreme Court [has] explained that because 'reliance is the causal mechanism of fraud,' a plaintiff 'proceeding on a claim of misrepresentation as the basis of [their] UCL action must demonstrate actual reliance on the allegedly deceptive or misleading statements.'" *Nacarino v. Chobani, LLC*, 668 F. Supp. 3d 881, 892 (N.D. Cal. 2022) (quoting *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 326 (2011)). Here, Plaintiff's allegations of purportedly "fraudulent" business practices are directed solely at the gaming platforms of defendant ARB Gaming, and not at Affirm. (FAC ¶ 295.) Plaintiff's conclusory allegations related to ARB Gaming's conduct (FAC ¶¶ 235-54) do not state with particularity the circumstances constituting fraud as required under Rule 9(b), and Plaintiff otherwise fails to plead "actual reliance" on any misrepresentations as required to state a claim. *See Nacarino,* 668 F. Supp. 3d at 892. Plaintiff's UCL claim under the "fraudulent" prong fails, and Plaintiff's UCL claim should be dismissed.

### L. **Plaintiff's "Aiding and Abetting" Claim Fails**

"Under California law, liability for aiding and abetting the commission of an intentional tort attaches if a defendant 'is [1] aware that the other's conduct constitutes a breach of duty and [2]

---

[9] Plaintiff's stray allegation that Affirm's "post-service" litigation conduct "supports claims" for "unfair business practices" (FAC ¶ 178) is likewise insufficient to state a claim under the UCL as a matter of law due to California's litigation privilege. *See People v. Potter Handy, LLP*, 97 Cal. App. 5th 938, 948 (2023) (defendant's litigation "conduct constitute[s] communications falling within the broad reach of the privilege and its absolute protection of access to the courts."); *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 650 (9th Cir. 2009) (finding district court "did not err when it held that California's litigation privilege would bar" state claims related to litigation conduct.); Cal. Civ. Code § 47.

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

-17-
DEFENDANT AFFIRM, INC.'S MOTION TO DISMISS

provides substantial assistance or encouragement to the other to so act.'" *Simi Mgmt. Corp. v. Bank of Am. Corp.*, 2012 WL 259865, at \*4 (N.D. Cal. Jan. 27, 2012) (citing *In re First Alliance Mortgage Co.,* 471 F.3d 977, 993 (9th Cir. 2006)). "This standard requires that the defendant 'have ***actual knowledge*** of the ***specific primary wrong*** the defendant substantially assisted.'" *Id.* (citing *In re First Alliance Mortgage Co.,* 471 F.3d at 993) (emphasis original). The "complaint must allege the defendant's actual knowledge of the specific breach of duty for which it seeks to hold the defendant liable." *Id.* (citing *Casey v. U.S. Bank Nat. Assn.*, 127 Cal. App. 4th 1138, 1152 (2005)). Plaintiff's threadbare allegations fall well short of the pleading standard. *See id.*

First, Plaintiff fails to allege that Affirm had actual knowledge of any "specific primary wrong" undertaken by any of the other defendants sufficient to state a claim for aiding and abetting liability. *See Simi Mgmt. Corp*, 2012 WL 259865, at \*4. Plaintiff's bald allegation that "Affirm…knew of ARB Gaming's tortious conduct" (FAC ¶ 403) is insufficient as a matter of law to support Plaintiff's claim. *See id.* (dismissing aiding and abetting claim and finding that "[m]ere allegations that a defendant had 'vague suspicion of wrong doing' or knew of 'wrongful or illegal conduct do not constitute sufficient pleading' that the defendant had 'actual knowledge.'") (citing *In re First Alliance Mortgage Co.,* 471 F.3d at 993 n. 4). Nor does Plaintiff plead Affirm's knowledge of ARB Gaming's "specific breach of duty" as required, much less what "intentional tort" Affirm allegedly "aided and abetted." *See id.* Plaintiff's claim fails on this basis alone.[10] *See id.*

Second, Plaintiff fails to allege any plausible facts establishing that Affirm provided "substantial assistance or encouragement" to any other defendant's tortious conduct. (FAC ¶¶ 401-14.) At most, Plaintiff alleges "Affirm provided financing that enabled Plaintiff to continue gambling" (FAC ¶ 409), but Plaintiff fails to identify any conduct by Affirm that assisted any other

---

[10] Plaintiff's allegation that "Affirm knew it was facilitating gambling loans" (FAC ¶ 404) likewise falls short of an allegation that Affirm was aware of any "specific primary wrong" committed by any defendant. *See Simi Mgmt. Corp,* 2012 WL 259865, at \*4. Moreover, Plaintiff's allegation that Plaintiff's knowledge was "evidenced by employee Diana's acknowledgment" is nonsensical, as that "acknowledgment" is alleged to relate to the mere existence of Plaintiff's loans and is alleged to have come after the loans incepted. (FAC ¶ 122.) Further, Plaintiff fails to explain the nature of "Bank of America's subsequent ruling," (FAC ¶ 404), or how it relates to any defendant's conduct or Affirm's knowledge of the same. *See id.* These unspecified allegations are insufficient to support a claim. *See Iqbal*, 556 U.S. 662 (2009).

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

defendant in committing a "specific primary wrong." *See Simi Mgmt. Corp*, 2012 WL 259865, at *4. Plaintiff fails to even identify what conduct, if any, undertaken by Affirm "aided" what intentional tort. *See id.* Plaintiff's claim accordingly fails on this alternate basis. *See id.* Further, although Plaintiff sets forth a "laundry list" of claims allegedly committed by ARB Gaming (FAC ¶ 402), even if Plaintiff had set forth facts establishing Affirm's knowledge or assistance of those claims as required, Plaintiff's aiding and abetting claim would fail for other reasons. For instance, Plaintiff fails to plead the "who, what, when, where and how" to support Affirm's aiding and abetting of any fraud claim. *See Back Story, LLC v. Amazon.com Servs., Inc.*, 2025 WL 1012304, at *11 (C.D. Cal. Jan. 30, 2024) (dismissing aiding and abetting claim where defendant failed to plead facts with the "particularity required by Rule 9(b)"). And, although Plaintiff lists "breach of contract" as a "tortious act" (FAC ¶ 402), it is not an intentional tort subject to aiding and abetting liability. *See e.g. In re First All. Mortg. Co.*, 471 F.3d at 993 ("California has adopted the common law rule" that "[l]iability may ... be imposed on one who aids and abets the commission of an intentional tort"). In short, Plaintiff fails to allege any plausible basis for maintaining an "aiding and abetting" claim against Affirm, and Plaintiff's FAC should be dismissed in its entirety. *See id.*

### M.      Plaintiff Does Not State a Claim for "Civil Conspiracy"

Plaintiff's scattershot FAC makes a solitary, conclusory allegation that Affirm's "post-service" conduct "supports claims" for "civil conspiracy." (FAC ¶ 178.) Nothing in the FAC supports a "civil conspiracy" claim against Affirm. "Under California law, there is no separate and distinct tort cause of action for civil conspiracy." *Thomsen v. Sacramento Metro. Fire Dist.*, 2009 WL 8741960, at *15 (E.D. Cal. Oct. 20, 2009) (citing *Entm't Research Group v. Genesis Creative Group,* 122 F.3d 1211, 1228 (9th Cir.1997). "A plaintiff can only recover under a theory of civil conspiracy against a party who already owes the duty and is not immune from liability based on applicable substantive tort law principles." *Id.* (citing *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 514 (1994)). "Accordingly, to have a valid civil conspiracy cause of action, there must be another tort upon which the plaintiff can base his conspiracy claim." *Id.* "Merely alleging underlying tort causes of action is insufficient to support a conspiracy cause of action." *Id.*

Here, and as set forth above, Plaintiff fails to allege any viable tort claim against Affirm,

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

which dooms his "conspiracy" claim. *See id*. Moreover, Plaintiff does nothing more that "merely allege" tort causes of action in relation to his purported "conspiracy claim," which is insufficient as a matter of law. *See id.* Plaintiff fails to state a claim for "civil conspiracy".

### N.    Any Request for Leave to Amend by Plaintiff Should be Denied

Finally, Affirm respectfully requests that any request by Plaintiff for leave to amend be denied because further amendment would be futile and because Plaintiff has already had three chances to assert plausible claims against Affirm—including with the benefit of reviewing Affirm's prior motion to dismiss filed in the Northern District—and has failed to do so. Plaintiff first filed his claims against Affirm in Contra Costa Superior Court. (N.D. Cal. Dkt. 1-1). Those claims were removed to the Northern District. (*Id.*). After Judge Westmore in the Northern District issued an Order to Show Cause regarding Ms. Kamath's disbarment (N.D. Cal. Dkt. 15), and after Affirm filed its motion to dismiss (*id.* at Dkt. 11), Plaintiff proceeded to file a substantially similar complaint in this action in June 2025. (Dkt. 1). After retaining new counsel, Plaintiff filed his substantially similar FAC on February 17, 2026. (Dkt. 30). Despite having alleged essentially the same claims against Affirm three times and having the opportunity to review Affirm's previous motion to dismiss (*see* FAC ¶ 172), Plaintiff fails to state a single viable cause of action and Plaintiff should not be afforded another opportunity to reconfigure his vague and conclusory pleading. *See Richards v. Centripetal Networks, Inc.*, 2024 WL 2064067, at *4 (N.D. Cal. May 8, 2024) (no amendment where "needlessly iterative pleading wastes the time and resources of the Court and the parties."). Moreover, given the significant legal hurdles facing each of Plaintiff's claims against Affirm as detailed above, any future amendment would be futile and should be denied. *See Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (leave to amend "is properly denied [] if amendment would be futile."). Plaintiff's recycled, scattershot, and conclusory pleading is insufficient, he has had three "bites at the apple" already, and Plaintiff's claims should be dismissed without leave to amend.

## IV.    CONCLUSION

For the foregoing reasons, Affirm respectfully requests that the Court dismiss Plaintiff's claims against Affirm pursuant to Rule 12(b)(6).

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

Dated:  June 1, 2026

Respectfully Submitted,

TROUTMAN PEPPER LOCKE LLP


By:   */s/ Ryan A. Lewis*
    Kalama M. Lui-Kwan
    Ryan A. Lewis
    Attorneys for Defendant
    AFFIRM, INC.

TROUTMAN PEPPER LOCKE LLP
THREE EMBARCADERO CENTER
SUITE 800
SAN FRANCISCO, CA 94111

-21-
DEFENDANT AFFIRM, INC.'S MOTION TO DISMISS