MORGAN, LEWIS & BOCKIUS LLP
Arjun P. Rao, Bar No. 265347
arjun.rao@morganlewis.com
Marcos Sasso, Bar No. 228905
marcos.sasso@morganlewis.com
2049 Century Park East
Suite 700
Los Angeles, CA  90067-3109
Tel:    +1.310.907.1000
Fax:   +1.310.907.1001

Attorneys for Defendant
GOLDMAN SACHS BANK USA

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW THOMAS JOYCE,<br><br>Plaintiff,<br><br>vs.<br><br>ARB GAMING LLC, et al.,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK<br><br>Assigned to the Hon. Chi Soo Kim<br><br>**DEFENDANT GOLDMAN SACHS BANK USA'S MOTION TO COMPEL ARBITRATION AND STAY ACTION; MEMORANDUM IN SUPPORT OF MOTION**<br><br>[Declaration of Shelly Knudtson filed and Proposed Order lodged concurrently herewith]<br><br><u>Hearing</u><br><br>Date:  July 21, 2026<br>Time: 10:00 a.m.<br>Courtroom: 25, 8th Floor<br>                   501 I Street<br>                   Sacramento, CA  95814<br><br>Date of Filing:    June 30, 2025<br>Trial Date: None set |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ....................................................................................................1

II.   FACTUAL BACKGROUND ....................................................................................2

    A.    PLAINTIFF'S APPLE CARD AND ACCEPTANCE OF THE APPLE
        CARD CUSTOMER AGREEMENT. ............................................................2

III.  LEGAL STANDARD ..............................................................................................4

IV.   ARGUMENT ..........................................................................................................5

    A.    PLAINTIFF'S CLAIM IS SUBJECT TO BINDING ARBITRATION
        PURSUANT TO THE ARBITRATION PROVISION IN THE
        CUSTOMER AGREEMENT. ........................................................................5

        1.    THE ARBITRATION PROVISION IS VALID UNDER THE
            FAA AND UTAH LAW. ....................................................................5

        2.    PLAINTIFF'S CLAIMS FALL SQUARELY WITHIN THE
            SCOPE OF THE ARBITRATION PROVISION. ...............................8

    B.    THIS ACTION SHOULD BE STAYED PENDING COMPLETION OF
        ARBITRATION. .........................................................................................10

V.    CONCLUSION ....................................................................................................11

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

GOLDMAN SACHS BANK USA'S MOTION TO
COMPEL ARBITRATION AND STAY ACTION
CASE NO.: 2:25-CV-01868-DJC-CSK

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Allied-Bruce Terminix Cos., Inc. v. Dobson,
   513 U.S. 265 (1995)...................................................................................................4

Am. Express Co. v. Italian Colors Rest.,
   570 U.S. 228 (2013).................................................................................................10

Ammerman v. Goldman Sachs Bank USA,
   No. CIV-25-00539-JD, 2026 WL 141802 (W.D. Okla. Jan. 20, 2026) ......................7

Aneke v. Am. Express Travel Related Servs., Inc.,
   841 F. Supp. 2d 368 (D.D.C. 2012)..........................................................................7

AT&T Mobility LLC v. Concepcion,
   563 U.S. 333 (2011)..............................................................................................2, 4

AT&T Techs., Inc. v. Commc'ns Workers of Am.,
   475 U.S. 643 (1986)..................................................................................................8

Buckeye Check Cashing, Inc. v. Cardegna,
   546 U.S. 440 (2006)..................................................................................................4

Caley v. Gulfstream Aerospace Corp.,
   428 F.3d 1359 (11th Cir. 2005) ................................................................................6

Carusone v. Nintendo of Am., Inc., No. 5:19-CV-01183-LCB,
   2020 WL 3545468 (N.D. Ala. June 30, 2020)...........................................................6

Chiron Corp. v. Ortho Diagnostic Sys., Inc.,
   207 F.3d 1126 (9th Cir. 2000) ..................................................................................5

Collins v. Burlington N. R.R. Co.,
   867 F.2d 542 (9th Cir. 1989) ..................................................................................10

Epic Sys. Corp. v. Lewis,
   584 U.S. 497 (2018)..................................................................................................2

First Options of Chicago, Inc. v. Kaplan,
   514 U.S. 938 (1995)..................................................................................................6

Fox v. TransUnion, LLC,
   No. 1:17-cv-362, 2018 WL 5313453 (S.D. Ohio 2018).............................................10

Gilmer v. Interstate/Johnson Lane Corp.,
   500 U.S. 20 (1991)..................................................................................................10

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

ii

GOLDMAN SACHS BANK USA'S MOTION TO
COMPEL ARBITRATION AND STAY ACTION
CASE NO.: 2:25-CV-01868-DJC-CSK

Gore v. Alltel Commc'ns, LLC,
    666 F.3d 1027 (7th Cir. 2012) .................................................................................. 8

Gray v. Suttell & Assocs.,
    Nos. CV–09–251–EFS, CV–10–5132–EFS, 2012 WL 1951657
    (E.D. Wash. Mar. 19, 2012) ...................................................................................... 9

Green Tree Fin. Corp.-Ala. v. Randolph,
    531 U.S. 79 (2000) .............................................................................................. 5, 9

Khanna v. Am. Express Co.,
    No. 11-cv-6245 (JSR), 2011 WL 6382603 (S.D.N.Y. Dec. 14, 2011) ...................... 7

Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.,
    174 F.3d 907 (7th Cir. 1999) .................................................................................. 8

Klopfer v. Queens Gap Mountain, LLC,
    816 F. Supp. 2d 281 (W.D. N.C. Sept. 15, 2011) .................................................. 8

KPMG LLP v. Cocchi,
    565 U.S. 18 (2011) .................................................................................................. 6

Lamps Plus, Inc. v. Varela,
    587 U.S. 176 (2019) ................................................................................................ 2

Lux v. Good Guys,
    No. SACV 05-300-CJC ANX, 2005 WL 1713421
    (C.D. Cal. July 11, 2005) ...................................................................................... 10

Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,
    473 U.S. 614 (1985) ................................................................................................ 5

Morrison v. Home Depot,
    No. 2:19-cv-517, 2019 WL 4854765 (S.D. Ohio 2019) ........................................ 10

Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,
    460 U.S. 1 (1983) ................................................................................................ 5, 9

Oldroyd v. Elmira Sav. Bank, FSB,
    134 F.3d 72 (2d Cir. 1998) ...................................................................................... 9

Paragon Micro., Inc. v. Bundy,
    22 F. Supp. 3d 880 (N.D. Ill. May 28, 2014) .......................................................... 8

Perry v. Thomas,
    482 U.S. 483 (1987) ............................................................................................ 5, 6

Piccini v. Wells Fargo Auto Finance, Inc.,
    No. CV 08–8125–PCT–DGC, 2009 WL 307276 (D. Ariz. Feb. 9, 2009) ................ 10

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

iii

GOLDMAN SACHS BANK USA'S MOTION TO
COMPEL ARBITRATION AND STAY ACTION
CASE NO.: 2:25-CV-01868-DJC-CSK

Prima Paint Corp. v. Flood & Conklin Mfg. Co.,
  388 U.S. 395 (1967) .................................................................................................4

Rodriguez v. Am. Techs., Inc.,
  136 Cal. App. 4th 1110 (2006) ...............................................................................10

Rush v. Apple Card,
  No. 8:25-CV-1410-JLB-TGW, 2025 WL 3251694
  (M.D. Fla. Oct. 15, 2025) .........................................................................................7

Rush v. Bank,
  No. 8:25-CV-01410-JLB-TGW, 2025 WL 3471674
  (M.D. Fla. Dec. 3, 2025) ..........................................................................................7

Shearson/Am. Express, Inc. v. McMahon,
  482 U.S. 220 (1987) .................................................................................................5

Simula, Inc. v. Autoliv, Inc.,
  175 F.3d 716 (9th Cir. 1999) ....................................................................................9

Smith v. ComputerTraining.com Inc.,
  772 F. Supp. 2d 850 (E.D. Mich. 2011) ...................................................................7

Smith v. Spizzirri,
  601 U.S. 472 (2024) ...............................................................................................11

United Steelworkers of Am. v. Warrior & Gulf Navigation Co.,
  363 U.S. 574 (1960) .................................................................................................8

**Statutes**

9 U.S.C. § 2 .................................................................................................... 1, 4, 5

9 U.S.C. § 3 ..............................................................................................................10

9 U.S.C. § 4 ................................................................................................................4

Utah Code Ann. § 25-5-4(2)(b)(ii) ..............................................................................7

Utah Code Ann. § 25-5-4(2)(e) ..................................................................................6

Utah Code Ann. § 46-4-201 ........................................................................................7

Utah Code Ann. § 70C-4-105(1) .................................................................................6

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

GOLDMAN SACHS BANK USA'S MOTION TO
COMPEL ARBITRATION AND STAY ACTION
CASE NO.: 2:25-CV-01868-DJC-CSK

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD, THE CLERK OF THE COURT, AND THE HONORABLE COURT:**

**PLEASE TAKE NOTICE** that on July 21, 2026 at 10:00 a.m., or as soon thereafter as this matter may be heard before the Honorable Chi Soo Kim of the above-entitled court, located at the Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, CA 95814, 8th Floor, Courtroom 25, defendant Goldman Sachs Bank USA ("GS Bank")  will, and hereby does, move pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16 (the "FAA"), for an Order compelling plaintiff Matthew Thomas Joyce ("Plaintiff") to arbitrate the claims in this action and to stay the action pending the outcome of the arbitration proceedings.

This Motion is made on the grounds that the Customer Agreement governing the Apple Card account issued by GS Bank contains a binding arbitration agreement requiring the parties to arbitrate the claims at issue; that, pursuant to the FAA, upon election by either Plaintiff or GS Bank, Plaintiff must arbitrate the claims as required by the express terms of the arbitration agreement; and that the instant action should be stayed pending completion of the arbitration.

This Motion will be based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Shelly Knudtson, all of the pleadings and other documents on file in this action and on such evidence and argument as may be presented during further briefing and at the hearing on the motion.

This Motion is made following repeated attempts by GS Bank's counsel to meet and confer with Plaintiff's counsel to determine whether Plaintiff would stipulate to arbitrate his claims.  GS Bank requested that Plaintiff stipulate to arbitration on April 30, 2026 via email.  On May 13, 2026, counsel for GS Bank and counsel for Plaintiff conferred via videoconference.  Plaintiff's counsel refused to stipulate to arbitration.

By signing below, pursuant to Section Order I.C. of the Court's Standing Order (Dkt. 7-1), counsel for GS Bank certifies that meet and confer efforts have been exhausted and

covered the matters set forth below.

Dated: June 4, 2026

MORGAN, LEWIS & BOCKIUS LLP

By *Arjun P. Rao*
Arjun P. Rao
Marcos D. Sasso

Attorneys for Defendants
GOLDMAN SACHS BANK USA

2

GOLDMAN SACHS BANK USA'S MOTION TO
COMPEL ARBITRATION AND STAY ACTION
CASE NO.: 2:25-CV-01868-DJC-CSK

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This dispute involves ongoing litigation between plaintiff Matthew Thomas Joyce ("Plaintiff") and co-defendant Arb Gaming LLC ("Arb Gaming") arising from Plaintiff's use of Arb Gaming's website.  Defendant Goldman Sachs Bank USA ("GS Bank") was recently added and, despite limited factual allegations relating to GS Bank, it appears Plaintiff takes issue with charges that he admits he made using an Apple Card credit card account issued to him by GS Bank.

Plaintiff admits in the Amended Complaint that the Account at issue (as defined below) belongs to him.  Accordingly, the merits (or lack thereof) of Plaintiff's claims under the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FRCA") related to the transactions on the Account are subject to mandatory arbitration pursuant to the broad arbitration provision (the "Arbitration Provision") contained in the Apple Card Customer Agreement (the "Customer Agreement") governing the Account, which requires the arbitration of "any claim . . . arising from or relating to . . . this Agreement [or the] Account." (Declaration of Shelly Knudtson ("Knudtson Decl.") ¶ 3, Ex 1, p. 18 of 19.)  The Arbitration Provision mandates adjudication of Plaintiff's claims in arbitration, as Plaintiff's disputes arise from use of the Account and the Customer Agreement.

As demonstrated below, the Arbitration Provision was presented to Plaintiff in writing during the application process for the Account and he agreed to those terms when he accepted the offer to open the Account, and then used the Account.  As such, the Arbitration Provision in the Customer Agreement is a valid and enforceable agreement to arbitrate under both the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA") and Utah law (which applies here pursuant to the choice-of-law provision also contained in the Customer Agreement between the parties) and encompasses all of Plaintiff's claims in this action.

The FAA mandates that a written arbitration agreement, such as the one entered into here, "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract[.]"  9 U.S.C. § 2.  Under the FAA,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

1

GOLDMAN SACHS BANK USA'S MOTION TO
COMPEL ARBITRATION AND STAY ACTION
CASE NO.: 2:25-CV-01868-DJC-CSK

agreements to arbitrate are presumed to be valid and enforceable according to their terms. Indeed, in a series of decisions, the United States Supreme Court has repeatedly reaffirmed that the FAA strongly favors the validity and enforceability of arbitration agreements and that the terms of such agreements must be vigorously enforced as written. See, e.g., Lamps Plus, Inc. v. Varela, 587 U.S. 176, 183 (2019); Epic Sys. Corp. v. Lewis, 584 U.S. 497, 525 (2018); AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 336 (2011).

For these reasons, as further detailed below, the Motion should be granted and any disputes Plaintiff has with GS Bank regarding the Account be submitted to arbitration.

## II.    FACTUAL BACKGROUND

### A.    Plaintiff's Apple Card and Acceptance of the Apple Card Customer Agreement.

On or about April 5, 2025, Plaintiff applied for, and GS Bank opened an Apple Card credit card account ending in 0501 (the "Account"). (Knudtson Decl. ¶ 2.) The Account is subject to and governed by the Customer Agreement that sets forth the terms and conditions of the Account. (Id. ¶ 3, Ex. 1.) Pursuant to GS Bank's practice, GS Bank would not have issued the Account if Plaintiff had not assented to the terms of the Customer Agreement as part of his application process. (Id.) In addition, the Customer Agreement provides: "By using your Apple Card Account or adding your Card to Apple Wallet, you are agreeing to be bound by this '**Agreement**,'. . ." (Knudtson Decl., Ex. 1 at 2 of 19.) After opening the Account, Plaintiff made purchases on the Account. (Knudtson Decl. ¶ 5-6, Ex. 2.)

As relevant to this Motion, the Agreement includes the Arbitration Provision, which provides, in pertinent part:

**ACKNOWLEDGEMENT OF ARBITRATION**

Credit is being extended to you and you are being provided access to and use of your Account on the basis of the inclusion of the following arbitration provision. By accepting this Agreement or using your Account, unless you reject arbitration as provided below, you acknowledge that **YOU ARE**

**GIVING UP THE RIGHT TO LITIGATE CLAIMS (AS DEFINED BELOW) AND THE RIGHT TO INITIATE OR PARTICIPATE IN A CLASS ACTION.** You hereby knowingly and voluntarily **WAIVE THE RIGHT TO BE HEARD IN COURT OR HAVE A JURY TRIAL** on all Claims subject to this Agreement. You further acknowledge that you have read this arbitration provision carefully, agree to its terms, and are entering into this Agreement voluntarily and not in reliance on any promises or representations whatsoever except those contained in this Agreement.

**HOW TO REJECT THIS ARBITRATION PROVISION**
YOU MAY REJECT THIS ARBITRATION PROVISION BY CONTACTING US USING MESSAGES, CALLING US, OR WRITING TO US, AND STATING THE FOLLOWING: (I) YOUR NAME; (II) THE EMAIL ADDRESS ASSOCIATED WITH YOUR ACCOUNT; (III) THE ADDRESS ASSOCIATED WITH YOUR ACCOUNT; AND (IV) THAT YOU ARE EXERCISING YOUR RIGHT TO REJECT THIS ARBITRATION PROVISION (A "**REJECTION NOTICE**"). **YOUR REJECTION NOTICE MUST BE RECEIVED WITHIN 90 DAYS AFTER THE OPENING OF YOUR ACCOUNT.**
. . .

**ARBITRATION**
You or we may elect, without the other's consent, to resolve any Claim by individual binding arbitration unless the Claim has been filed in court and trial has begun or final judgment has been entered. Even if a Claim is litigated in court, you or we may elect arbitration of any Claim made by a new party or any Claim later asserted by a party in that or any related or unrelated lawsuit.

(Knudtson Decl., Ex. 1 at 18 of 19.)

While Plaintiff had the opportunity to opt out of the Customer Agreement's Arbitration Provision (as set forth above), Plaintiff did not exercise the right to opt out. (Knudtson Decl. ¶ 4, Ex. 1 at 18 of 19.)

In the Amended Complaint, Plaintiff alleges he maxed out his Apple Card account with approximately two thousand dollars within two days of receiving the card. (Amended Complaint ¶ 128.) Plaintiff alleges that all his transactions were directed to Arb Gaming. (Id. ¶ 129.) Plaintiff claims that he initiated chargebacks with GS Bank; while some were approved, Plaintiff was later informed that was done in error. (Id. ¶¶ 130-133.) Plaintiff alleges that despite continued disputes, GS Bank continued to decline to approve the chargebacks and/or disputes. (Id. ¶¶ 134-37.)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

3

GOLDMAN SACHS BANK USA'S MOTION TO
COMPEL ARBITRATION AND STAY ACTION
CASE NO.: 2:25-CV-01868-DJC-CSK

Based on the foregoing allegations, Plaintiff asserts claims against GS Bank for violations of Unfair Business Practices in Violation of Cal. Bus. & Prof. Code § 17200, Unjust Enrichment, Payment Processor Liability, and Aiding and Abetting (Id. ¶¶ 286-303, 304-324, 385-400, 401-414.)  Plaintiff alleges he suffered financial loss and emotional distress as a result of this situation.  (Id. at Prayer for Relief.)

## III.     LEGAL STANDARD

The Arbitration Provision is governed by the FAA.  The FAA provides that:

> A party aggrieved by the alleged failure . . . of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction . . . of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4.  This Court should issue an order compelling arbitration because: (1) the Arbitration Provision is an enforceable agreement between GS Bank and Plaintiff to submit disputes to binding arbitration; and (2) through the pending action, a controversy exists among Plaintiff and GS Bank that is subject to the Arbitration Provision.

Section 2 of the FAA mandates that a binding arbitration agreement in a contract "evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract[.]"  9 U.S.C. § 2.  This provision "reflect[s] both a 'liberal federal policy favoring arbitration,' and the 'fundamental principle that arbitration is a matter of contract,'" such that "courts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms[.]"  AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011) (citations omitted);[1] see also Buckeye Check Cashing, Inc. v. Cardegna,

---

[1] The United States Supreme Court has made clear that the FAA is extremely broad and applies to any transaction directly or indirectly affecting interstate commerce.  See, e.g., Allied-Bruce Terminix Cos., Inc. v. Dobson, 513 U.S. 265, 277 (1995); Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 401 (1967).  There is no question that the FAA applies to this dispute between Plaintiff, a resident of North Carolina, and GS Bank, a New York State chartered bank.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

4

GOLDMAN SACHS BANK USA'S MOTION TO
COMPEL ARBITRATION AND STAY ACTION
CASE NO.: 2:25-CV-01868-DJC-CSK

546 U.S. 440, 443 (2006) ("Section 2 [of the FAA] embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts[.]"). "[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983); see also Perry v. Thomas, 482 U.S. 483, 490 (1987) (stating that arbitration agreements falling within the scope of the FAA "must be 'rigorously enforce[d]'" (citations omitted)). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration[.]" Moses H. Cone Mem'l Hosp., 460 U.S. at 24-25.

## IV.   ARGUMENT

### A.   Plaintiff's Claim Is Subject to Binding Arbitration Pursuant to the Arbitration Provision in the Customer Agreement.

Pursuant to the FAA, arbitration must be compelled where: (1) a valid agreement to arbitrate exists; and (2) the agreement encompasses the claims at issue. See Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000). An arbitration agreement governed by the FAA is presumed to be valid and enforceable. See Shearson/Am. Express, Inc. v. McMahon, 482 U.S. 220, 226 (1987); Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626-27 (1985). The party resisting arbitration bears the burden of showing that the arbitration agreement is invalid or does not encompass the claims at issue. Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 92 (2000).

As set forth below, the Arbitration Provision in Plaintiff's Customer Agreement is valid and the entirety of Plaintiff's claim is clearly within its scope. Accordingly, the Arbitration Provision must be enforced as written.

### 1.   The Arbitration Provision Is Valid Under the FAA and Utah Law.

The United States Supreme Court has repeatedly and consistently confirmed that the FAA "requires courts to enforce the bargain of the parties to arbitrate" and "leaves no place for the exercise of discretion by a [ ] court, but instead mandates that [ ] courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

5

GOLDMAN SACHS BANK USA'S MOTION TO
COMPEL ARBITRATION AND STAY ACTION
CASE NO.: 2:25-CV-01868-DJC-CSK

has been signed." KPMG LLP v. Cocchi, 565 U.S. 18, 21-22 (2011).  While the FAA exclusively governs the enforceability of the Arbitration Provision according to its terms, state law governs the determination of whether a valid agreement to arbitrate exists.  See First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995) ("When deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally . . . should apply ordinary state-law principles that govern the formation of contracts." (citation omitted));  Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359, 1368 (11th Cir. 2005) ("state law generally governs whether an enforceable contract or agreement to arbitrate exists" (citing Perry v. Thomas, 482 U.S. 483, 492, n.9 (1987)));  Carusone v. Nintendo of Am., Inc., No. 5:19-CV-01183-LCB, 2020 WL 3545468, at *3 (N.D. Ala. June 30, 2020) ("The validity of an arbitration agreement is a matter of state law.").

The Customer Agreement between Plaintiff and GS Bank, which includes the Arbitration Provision, is expressly governed by a Utah choice-of-law provision.  (Knudtson Decl., Ex. 1 at 15 of 19, "Governing Law.")  Thus, while the FAA governs the enforceability of the Arbitration Provision, Utah law governs the determination of whether a valid agreement to arbitrate exists.  There is no question that the Agreement, including the Arbitration Provision, is valid under Utah law.  Utah law provides:

> A credit agreement is binding and enforceable . . . if:  (i) the debtor is provided with a written copy of the terms of the agreement; (ii) the agreement provides that any use of the credit offered shall constitute acceptance of those terms; and (iii) after the debtor receives the agreement, the debtor, or a person authorized by the debtor, requests funds pursuant to the credit agreement or otherwise uses the credit offered.

Utah Code Ann. § 25-5-4(2)(e); see also Utah Code Ann. § 70C-4-105(1) (providing that "a creditor may contract with the debtor of an open-end consumer credit contract for a waiver by the debtor of the right to initiate or participate in a class action related to the open-end consumer credit contract").  "[A] signed application constitutes a signed agreement, if the creditor does not customarily obtain an additional signed agreement from

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

6

GOLDMAN SACHS BANK USA'S MOTION TO
COMPEL ARBITRATION AND STAY ACTION
CASE NO.: 2:25-CV-01868-DJC-CSK

the debtor when granting the application." Utah Code Ann. § 25-5-4(2)(b)(ii). These requirements are met by electronic records and electronic signatures. See Utah Code Ann. § 46-4-201.

Consistent with Utah law, GS Bank provided Plaintiff with the Customer Agreement at the time Plaintiff applied for the Account. (Knudtson Decl. ¶ 3.) Pursuant to GS Bank's practice, GS Bank would not have issued the Account if Plaintiff had not accepted the terms of the Agreement as part of the Apple Card application process. (Id., Ex. 1.) In addition, there is no dispute that Plaintiff used the Account to make authorized purchases on the Account, which constitutes acceptance of the Agreement. (Id. ¶¶ 5-6, Ex. 2) Accordingly, as numerous courts have found, the Arbitration Provision is a valid and enforceable agreement to arbitrate under Utah law. See, e.g., Ammerman v. Goldman Sachs Bank USA, No. CIV-25-00539-JD, 2026 WL 141802, at *5 (W.D. Okla. Jan. 20, 2026) (granting motion to compel arbitration based on Apple Card Customer Agreement where the same "facts meet Utah's requirements for a validly-formed credit agreement"); Rush v. Apple Card, No. 8:25-CV-1410-JLB-TGW, 2025 WL 3251694, at *3 (M.D. Fla. Oct. 15, 2025), report and recommendation adopted sub nom. Rush v. Bank, No. 8:25-CV-01410-JLB-TGW, 2025 WL 3471674 (M.D. Fla. Dec. 3, 2025) (granting motion to compel arbitration based on Utah law and the Apple Card Customer Agreement and substantially similar declaration averring that "Plaintiff had to agree to the Agreement in order to open the Account"); see also Aneke v. Am. Express Travel Related Servs., Inc., 841 F. Supp. 2d 368, 376, 378 (D.D.C. 2012) (holding that arbitration agreement is "valid and enforceable under Utah law, which is the relevant state law in this case" and rejecting plaintiffs' "policy argument about the limits of arbitration and the prejudicial impact it has on their statutory claims"); Khanna v. Am. Express Co., No. 11-cv-6245 (JSR), 2011 WL 6382603, at *3-4 (S.D.N.Y. Dec. 14, 2011) (arbitration agreement is "binding and enforceable" under Utah law where cardmember agreement provided that use of the card constituted assent to the agreement's terms and plaintiff used the card); Smith v. ComputerTraining.com Inc., 772 F. Supp. 2d 850, 856-57 (E.D. Mich. 2011) (enforcing

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

7

GOLDMAN SACHS BANK USA'S MOTION TO
COMPEL ARBITRATION AND STAY ACTION
CASE NO.: 2:25-CV-01868-DJC-CSK

Utah choice-of-law provision), aff'd, 531 F. App'x 713 (6th Cir. 2013).[2]

Further, despite being provided with 90 days to opt out of the Arbitration Provision, Plaintiff did not do so.  (Knudtson Decl. ¶ 4.)  Accordingly, it is undisputed that Plaintiff accepted and used the Account and is bound by the terms of the Agreement, including the Arbitration Provision.

### 2.      Plaintiff's Claims Fall Squarely Within The Scope of the Arbitration Provision.

The Arbitration Provision expressly covers Plaintiff's statutory FCRA claim arising out of GS Bank's servicing of the Account, and which specifically relates to how GS Bank reported the Account to the credit reporting agencies.  Where the parties have entered into a valid arbitration agreement, an "order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."  AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 650 (1986).  Any doubts concerning the scope of arbitrable issues "should be resolved in favor of coverage."  See id.  Where the clause is broad, as is the case here, there is a heightened presumption of arbitrability, such that "[in] the absence of any express provision excluding a particular grievance from arbitration . . . only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail."  Id. at 650 (quoting United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 584-85 (1960)); see also Gore v. Alltel Commc'ns, LLC, 666 F.3d 1027, 1034 (7th Cir. 2012)(citations omitted) ("We characterized 'arising out of or relating to' language as 'extremely broad and capable of an expansive reach.'  Such broad language 'necessarily creates a presumption of arbitrability,' which requires that 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'"); Kiefer Specialty Flooring, Inc. v. Tarkett, Inc., 174 F.3d 907, 910 (7th Cir. 1999) (same); Paragon Micro., Inc. v. Bundy, 22 F. Supp. 3d 880, 891 (N.D. Ill. May 28, 2014) ("The

---

[2] The result would be the same under North Carolina law, as the facts clearly establish the basic elements of a contract, i.e., offer, acceptance, and consideration. See Klopfer v. Queens Gap Mountain, LLC, 816 F. Supp. 2d 281, 286-87 (W.D. N.C. Sept. 15, 2011).

plaintiff bears the heavy burden of rebutting the presumptive arbitrability of its claims. . . .").  In order to rebut the presumption, the party resisting arbitration must show that the Arbitration Provision does not encompass the claims at issue.  Green Tree Fin. Corp.-Ala., 531 U.S. at 92.  As a matter of law, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration[.]"  See Moses H. Cone Mem'l Hosp., 460 U.S. at 24–25.

The Arbitration Provision expressly covers the claim at issue here as it broadly encompasses "any claim, dispute, or controversy (whether based upon contract; tort, intentional or otherwise; constitution; statute; common law; or equity and whether pre-existing, present or future) . . . arising from or relating to: (i) this Agreement[, the] Account or [Plaintiff's] relationship with [GS Bank]; (ii) any servicing of your Account . . . (v) credit bureau reporting or debt collection on or related to [the] Account . . . ."  (Knudtson Decl., Ex. 1 at 18 of 19.)  Plaintiff's statutory claim under the FCRA unquestionably relates to the Account where it arises from GS Bank's relationship with the Plaintiff, GS Bank's servicing of the Account, and the reporting of the Account to credit reporting agencies, and thus squarely fall within the scope of the Arbitration Provision.[3]  See, e.g., Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 720-21 (9th Cir. 1999) (holding that a clause requiring arbitration of any dispute "arising in connection with" reached every dispute between the parties having a significant relationship to the contract and all disputes having their origin or genesis in the contract); see also Oldroyd v. Elmira Sav. Bank, FSB, 134 F.3d 72, 76 (2d Cir. 1998) (holding that a clause requiring the arbitration of "[a]ny dispute, controversy or claim arising under or in connection with" an employment agreement was "prototypical[ly] broad" and "justifies a presumption of arbitrability"); Gray v. Suttell & Assocs., Nos. CV–09–251–EFS, CV–10–5132–EFS, 2012 WL 1951657, at *2 (E.D. Wash. Mar. 19, 2012) (consumer protection claims within scope of arbitration agreement);

---

[3] Plaintiff's claim also undisputably arises out of the Customer Agreement itself where the Customer Agreement states that GS Bank "may report information about [Plaintiff's] Account to credit bureaus." Therefore, on this basis too, Plaintiff's claim is subject to mandatory arbitration.

Piccini v. Wells Fargo Auto Finance, Inc., No. CV 08–8125–PCT–DGC, 2009 WL 307276, at *1 (D. Ariz. Feb. 9, 2009) (FCRA claims "aros[e] out of" or "relat[ed] to" agreement).

The FAA's broad command mandating enforcement of arbitration agreements has no general carve-out for statutory claims.  To the contrary, a long line of Supreme Court precedent, spanning a wide range of statutory contexts, has made "clear" that agreements to arbitrate such claims are also "enforceable pursuant to the FAA."  Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26 (1991) (listing cases).  Time and again, the Supreme Court has concluded that a "prospective litigant effectively may vindicate its statutory cause of action in the arbitral forum" agreed upon by the parties.  Am. Express Co. v. Italian Colors Rest., 570 U.S. 228, 235-36 (2013); see also Gilmer, 500 U.S. at 28 (same).  Thus, as a general rule, "having made the bargain to arbitrate [statutory claims], the party should be held to it."  Gilmer, 500 U.S. at 26.

Because a written agreement to arbitrate exists, Plaintiff's claim falls within the scope of that agreement, and GS Bank elects to resolve this claim through binding arbitration, the claim must be submitted to arbitration rather than litigated in court.

**B.    This Action Should Be Stayed Pending Completion of Arbitration.**

Under the FAA, the instant action should be stayed pending arbitration.  See 9 U.S.C. § 3 (requiring the action be stayed "until such arbitration has been had" in accordance with the arbitration agreement); see also Collins v. Burlington N. R.R. Co., 867 F.2d 542, 545 (9th Cir. 1989) (remanding case where district court failed to consider whether a stay was appropriate as a result of binding arbitration agreement); Rodriguez v. Am. Techs., Inc., 136 Cal. App. 4th 1110, 1122 (2006) (holding that procedural aspects of the FAA, including Section 3 of the FAA, apply); see also Lux v. Good Guys, No. SACV 05-300-CJC ANX, 2005 WL 1713421, at *1 (C.D. Cal. July 11, 2005) (granting motion to compel arbitration and staying entire action pending completion of arbitration); see also Fox v. TransUnion, LLC, No. 1:17-cv-362, 2018 WL 5313453, at *5 (S.D. Ohio 2018) (explaining that a stay is appropriate where plaintiff's claims are arbitrable); Morrison v. Home Depot, No. 2:19-cv-517, 2019 WL 4854765, at *5 (S.D. Ohio 2019) ("The FAA

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

10

GOLDMAN SACHS BANK USA'S MOTION TO
COMPEL ARBITRATION AND STAY ACTION
CASE NO.: 2:25-CV-01868-DJC-CSK

directs the Court to stay an action pending arbitration."); <u>Smith v. Spizzirri</u>, 601 U.S. 472, 478 (2024).  Because Plaintiff must be compelled to arbitrate his claim, the action should be stayed pending completion of arbitration.

## V.    CONCLUSION

For the foregoing reasons, GS Bank respectfully requests that the Court grant the Motion and enter an order directing Plaintiff to arbitrate his claim against GS Bank and staying this action pending completion of arbitration.

Dated: June 4, 2026

MORGAN, LEWIS & BOCKIUS LLP

By */s/ Arjun P. Rao*
Arjun P. Rao
Marcos D. Sasso

Attorneys for Defendant
GOLDMAN SACHS BANK USA

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

11

GOLDMAN SACHS BANK USA'S MOTION TO
COMPEL ARBITRATION AND STAY ACTION
CASE NO.: 2:25-CV-01868-DJC-CSK