Matthew Thomas Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

FILED

JUN 22 2026

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ARB GAMING LLC dba MODO.US;<br>AFFIRM, INC.;<br>GOLDMAN SACHS BANK USA;<br>APPLE INC.;<br>AMAZON.COM, INC.,<br><br>Defendants. | Case No.  2:25-cv-01868-DJC-CSK (PS)<br><br><br>**PLAINTIFF'S MOTION FOR LEAVE TO UTILIZE THECM/ECF ELECTRONIC-FILING SYSTEM PURSUANT TO E.D. CAL. LOCAL RULE 133(b)(2)** |

TO THE HONORABLE COURT:

PLEASE TAKE NOTICE that Plaintiff Matthew Thomas Joyce, appearing pro se, respectfully moves this Court for leave to utilize the Court's CM/ECF electronic-filing system in this action, pursuant to E.D. Cal. Local Rule 133(b)(2). In support of this Motion, Plaintiff respectfully states the following.

1. Procedural posture. Plaintiff is now proceeding pro se in this action. The Court's orders at ECF Nos. 58 (May 31, 2026) and 67 (June 8, 2026) recognize the procedural posture in which Plaintiff now proceeds. Plaintiff's prior reliance on counsel of record for electronic-filing access is

PLAINTIFF'S MOTION FOR LEAVE TO UTILIZE CM/ECF - 1

no longer available.

2. Magistrate referral. Pursuant to E.D. Cal. Local Rule 302(c)(21), this matter is now referred to the Honorable Chi Soo Kim, United States Magistrate Judge, for all non-dispositive matters. See ECF No. 20.

3. Distinction from prior accommodations request. Plaintiff acknowledges this Court's prior Minute Order at ECF No. 26, which denied an earlier pro se reasonable-accommodation motion (ECF No. 19) on procedural grounds. The present Motion is brought on a different and narrower procedural posture: it requests only the discrete CM/ECF-access relief authorized by E.D. Cal. Local Rule 133(b)(2), as a single-purpose filing, without bundling other relief. Plaintiff's separately contemplated renewed reasonable-accommodation motion under Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the Judicial Conference Policy on Disability Accommodations will be filed as a separate motion at a later date.

4. Operational basis for leave. Plaintiff respectfully submits that the following operational considerations weigh in favor of granting leave to utilize CM/ECF:

(a) Volume of filings. The Court has consolidated four dispositive motions for combined hearing on July 28, 2026, with Plaintiff's opposition briefing due June 26, 2026. The filing cadence over the next sixty days will include oppositions, replies, supporting declarations, exhibit packs, supplemental notices, and the parallel JAMS-related notices presently in preparation. Electronic filing is materially better suited than physical courier transmittal to that cadence.

PLAINTIFF'S MOTION FOR LEAVE TO UTILIZE CM/ECF - 2

(b) Cost. Plaintiff has paid Jesus Rios's Courier LLC $450.00 (Invoice No. 0070) for the same-day delivery to the Clerk's Office of the present transmittal alone. Sustaining that cost on every filing for the next sixty days would impose a financial burden disproportionate to the procedural mechanism Local Rule 133(b)(2) is designed to accommodate.

(c) Real-time notice. CM/ECF access would permit Plaintiff to receive instantaneous Notice of Electronic Filing (NEF) for opposing counsel's filings — a capability presently held by every counsel of record on the four tier-one corporate-defense firms now appearing in this action (Defendant Amazon.com, Inc. has not yet appeared on the docket; service-status posture is addressed in Plaintiff's separate procedural workstream). Plaintiff's parity of notice with opposing counsel is itself a fair-hearing consideration the Court may weigh.

(d) Documented disability. Plaintiff's disability disclosures are pleaded at paragraphs 17 through 18 of the operative Corrected First Amended Complaint (ECF No. 33, March 2, 2026). The forensic-psychology analysis underlying those disclosures is on file as Exhibit 29 thereto. Electronic-filing access would reduce the cognitive-load and logistical burden of repeated paper-filing cycles in ways consistent with the assistive-technology framework Plaintiff's separate renewed reasonable-accommodation motion will address.

5. CM/ECF preparedness. Plaintiff affirms his preparedness to use CM/ECF responsibly: Plaintiff will complete any account-setup training the Clerk's Office requires; Plaintiff has functional access to PACER for read-only docket monitoring; Plaintiff will comply with all CM/ECF protocols, including the verification, redaction, and confidentiality requirements of E.D.

PLAINTIFF'S MOTION FOR LEAVE TO UTILIZE CM/ECF - 3

Cal. Local Rule 133, Federal Rule of Civil Procedure 5.2, and the District's General Order on Electronic Filing.

6. Reservation. This Motion is submitted without prejudice to Plaintiff's separately contemplated renewed reasonable-accommodation motion, and without waiver of any rights or remedies under federal or state law.

RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order:

(a) Granting Plaintiff leave to utilize the Court's CM/ECF electronic-filing system in this action, effective immediately;

(b) Directing the Clerk's Office to provide such account-setup instructions and credentials to Plaintiff as are customary for parties granted L.R. 133(b)(2) leave; and

(c) Granting such further relief as the Court deems just and proper.

DATED: June 22, 2026

Signed by:
Matthew Joyce
07B601B840D34AB...

Matthew Thomas Joyce
Plaintiff, Pro Se

---

CERTIFICATE OF SERVICE

---

I hereby certify that on June 18, 2026, a true and correct copy of the foregoing PLAINTIFF'S MOTION FOR LEAVE TO UTILIZE THE CM/ECF ELECTRONIC-FILING SYSTEM PURSUANT TO E.D. CAL. LOCAL RULE 133(b)(2) was served via United States

PLAINTIFF'S MOTION FOR LEAVE TO UTILIZE CM/ECF - 4

Mail and electronic mail upon the following:

Karen L. Alexander, Esq., Counsel for ARB Gaming LLC
KLAlexander@duanemorris.com

Daniel D. Wall, Esq., Counsel for ARB Gaming LLC
DWall@duanemorris.com

Walter A. Saurack, Esq., Counsel for ARB Gaming LLC
WASaurack@duanemorris.com

Nicole M. Stewart, Esq., Counsel for ARB Gaming LLC
NMStewart@duanemorris.com

Ryan A. Lewis, Esq., Counsel for Affirm, Inc.
ryan.lewis@troutman.com

Kalama M. Lui-Kwan, Esq., Counsel for Affirm, Inc.
kalama.lui-kwan@troutman.com

Marcos D. Sasso, Esq., Counsel for Goldman Sachs Bank USA
marcos.sasso@morganlewis.com

Arjun Rao, Esq., Counsel for Goldman Sachs Bank USA
arjun.rao@morganlewis.com

John H. Gibson, Esq., Counsel for Apple Inc.
john.gibson@us.dlapiper.com

Tanya L. Greene, Esq., Counsel for Apple Inc.
tanya.greene@us.dlapiper.com

Colin C. McGrath, Esq., Counsel for Apple Inc.
colin.mcgrath@us.dlapiper.com

Amazon.com, Inc., c/o Corporation Service Company
2710 Gateway Oaks Dr., Suite 150N
Sacramento, CA 95833 — served by United States Mail (Priority, with delivery tracking)

DATED: June 22, 2026

Signed by:

*Matthew Joyce*
07B601B840D34AB...

Matthew Thomas Joyce
Plaintiff, Pro Se

PLAINTIFF'S MOTION FOR LEAVE TO UTILIZE CM/ECF - 5