FILED

JUN 22 2026

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                    DEPUTY CLERK

Matthew Thomas Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ARB GAMING LLC dba MODO.US;<br>AFFIRM, INC.;<br>GOLDMAN SACHS BANK USA;<br>APPLE INC.;<br>AMAZON.COM, INC.,<br><br>Defendants. | Case No.  2:25-cv-01868-DJC-CSK (PS)<br><br>**PLAINTIFF'S REQUEST FOR DISABILITY ACCOMMODATIONS**<br><br>(Guide to Judiciary Policy Vol. 5, § 255; Judicial Conf. Policy on Accommodations; L.R. 133(b)(3); FRCP 6(b)) |

To: The Honorable Chi Soo Kim, United States Magistrate Judge (to whom this action is referred for pretrial management under E.D. Cal. L.R. 302(c)(21))

Your Honor:

I am the Plaintiff in the above-captioned action, appearing pro se. I respectfully request that the Court enter the narrow procedural accommodations described below, so that I may meaningfully participate in these proceedings and continue to comply with the Court's rules and deadlines. Each accommodation requested is independently recommended by a licensed clinical psychologist; I enclose and rely upon the clinical letter of Lindsey Ohler, Psy.D. (LePage

PLAINTIFF'S REQUEST FOR DISABILITY ACCOMMODATIONS - 1

Associates), dated June 18, 2026.

I want to be clear at the outset about what this request is, and what it is not. I am not asking the Court for any relief on the merits of the underlying claims through this request. I am not asking the Court to relax or excuse any procedural rule. I am asking only for accommodations that allow me to comply with the Court's rules as a pro se litigant with a documented disability, to ensure meaningful access to these proceedings.

I. Authority

The accommodations I request rest on the federal judiciary's own framework for accommodating persons with disabilities. The Judicial Conference of the United States has committed the federal courts to providing reasonable accommodations to qualified persons with disabilities; the implementing guidance is set out in the Guide to Judiciary Policy, Volume 5, §255. See also Report of the Proceedings of the Judicial Conference of the United States 75 (Sept. 1995). That framework is the operative vehicle for this request. I do not contend that this Court is itself a covered entity under Title II of the Americans with Disabilities Act, and I do not bring this request as a cause of action against the Court. I cite Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and Title III of the ADA, 42 U.S.C. §12182, only as the parallel substantive standards that inform what a "reasonable accommodation" is — the same standards the Judicial Conference framework reflects — and not as binding authority against this Court.

The request is consistent with the constitutional principle that a civil litigant must be afforded "a meaningful opportunity to be heard." Boddie v. Connecticut, 401 U.S. 371, 377 (1971). The Supreme Court has recognized that meaningful access to the courts is a constitutional interest that informs how a court exercises its discretion when a litigant with a disability seeks to participate fully. Tennessee v. Lane, 541 U.S. 509, 522–23 (2004); M.L.B. v. S.L.J., 519 U.S.

102, 119–24 (1996). I appear pro se under 28 U.S.C. § 1654, and pro se submissions are "held to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). This Court's Local Rules likewise contemplate accommodation of pro se litigants upon a showing of cause. E.D. Cal. L.R. 133(b)(3).

II. Basis: the enclosed clinical letter

My disability is established in the operative record. The First Amended Complaint pleads my diagnoses — Bipolar II disorder (NOS), Attention-Deficit/Hyperactivity Disorder, anxiety, and dissociative features. ECF No. 33 ¶¶ 17–18. The enclosed clinical letter of Lindsey Ohler, Psy.D., dated June 18, 2026, is consistent with that record and supplies the clinical basis for each accommodation requested here.

As Dr. Ohler explains, cognitive effects associated with bipolar disorder — including effects on sustained concentration, processing speed, and the planning and organizing of complex information — are recognized as enduring features of the condition that can persist even when mood and sleep are stabilized by medication, and the medications themselves can contribute to slowed thinking and sedation. See Ohler Letter (citing Martínez-Arán et al. (2004) and Bora et al. (2009)). I raise this only to the extent the accommodation analysis requires it, and only as Dr. Ohler's letter clinically supports. I am stable and engaged in ongoing treatment; the point is simply that these accommodations support my meaningful access to the proceedings.

I do not place my underlying clinical records on the public docket. To the extent the Court wishes to review anything further, I will provide the underlying clinical records under seal or in camera at the Court's direction.

III. Accommodations requested

PLAINTIFF'S REQUEST FOR DISABILITY ACCOMMODATIONS - 3

I respectfully request the following four accommodations, each anchored to a corresponding clinical recommendation in Dr. Ohler's enclosed letter.

A. Extended response deadlines on contested motions. I request that response deadlines on dispositive and other contested motions requiring substantive briefing be set on a window not shorter than thirty (30) days from service, as a default for the duration of my pro se appearance; and that, where a shorter default would otherwise apply, I be permitted to file a brief written request in advance of the deadline rather than first raising the issue after a deadline has passed.

Basis: Ohler Letter, Recommendation 1 (extended deadlines provide the time needed to process complex information and reduce the risk of stress-induced symptom flare-ups).

B. Preference for written communications where feasible. I request that, where the Local Rules permit, the Court allow matters to be submitted on the papers in lieu of oral argument, and that I be permitted to appear by telephone or video for non-evidentiary proceedings such as status and scheduling conferences. Basis: Ohler Letter, Recommendation 2 (written communication, used wherever possible, allows time to organize thoughts and reduces the cognitive burden of real-time verbal processing).

C. Designated support-person involvement. I request leave for a designated support person to be present with me at any appearance, in a non-speaking, assistive capacity, to help me maintain focus and to mitigate acute stress that could otherwise interfere with my participation.

Basis: Ohler Letter, Recommendation 3 (a designated support person can help maintain focus and mitigate acute stress responses).

I note respectfully that the Court previously declined a support-person request as "unnecessary." ECF No. 26 (Feb. 3, 2026). That earlier request was made pro se, without

PLAINTIFF'S REQUEST FOR DISABILITY ACCOMMODATIONS - 4

a clinical recommendation, and was denied for lack of specificity. The enclosed Ohler letter now supplies the specific clinical basis the Court's order invited. I renew the request on that clinical record.

D. Recognition of AI-assisted drafting as assistive technology. I respectfully ask the Court to recognize, on the record, that I prepare my filings with the assistance of a structured, supervised multi-LLM verification methodology that I have built and maintain. In that methodology, a primary large-language-model instance drafts; a separate, independently-instanced model audits each citation, factual representation, and procedural claim against the underlying source; and I retain final authority over every word in every filing. No document is filed without my review. I do not ask the Court to approve any specific tool, vendor, or output; I ask only that the Court recognize the supervised methodology as the assistive technology it is. That recognition addresses any question that might otherwise arise about pro se compliance with Rule 11, and it reflects the actual, careful process by which my filings are produced. Basis: Ohler Letter, Recommendation 4 (AI-assisted drafting tools help structure and refine written communications and present arguments coherently to the court).

I am not requesting any accommodation that exempts me from a procedural rule. Each accommodation is narrow, prospective, and imposes minimal or no prejudice on any party.

IV. Why this request is made now

I respectfully note, as a matter of good cause and not as any complaint, why a compliant request of this kind is reaching the Court at this stage rather than earlier. I have complied with the Court's rules throughout, and I made an accommodation request myself, pro se, early in the case.

PLAINTIFF'S REQUEST FOR DISABILITY ACCOMMODATIONS - 5

The absence of an earlier, compliant request reflects the successive postures of counsel, not any absence of need.

The chronology is brief and factual. On November 25, 2025, I filed a pro se request for accommodations. ECF No. 19. On February 3, 2026, the Court denied that request for lack of specificity — not on the merits — and directed that any future request specify what is sought and why. ECF No. 26. My first counsel submitted nothing to cure that order. My second counsel declined in writing, on May 26, 2026, to file an accommodation request on my behalf, while still counsel of record, before her motion to withdraw was granted on May 31, 2026 (ECF No. 58).

I do not ask the Court to make any finding about prior counsel's conduct, and I expressly seek no such finding here. I provide this chronology only so the Court understands that the present request is the first opportunity I have had to put a specific, clinically supported request before the Court myself. I have not lodged the written communication from prior counsel with this filing; I offer to lodge it under seal or to provide it at the Court's direction.

V. Conclusion

For the reasons above, and on the clinical recommendations set out in the enclosed letter of Lindsey Ohler, Psy.D., dated June 18, 2026, I respectfully request that the Court enter the four accommodations described in Section III, on the terms the Court determines are appropriate. I am available to provide any further information the Court requires, and I thank the Court for its attention to this request.

Respectfully submitted,

PLAINTIFF'S REQUEST FOR DISABILITY ACCOMMODATIONS - 6

DATED: June 22, 2026

Signed by:

*Matthew Joyce*

07B601B840D34AB...

Matthew Thomas Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

Enclosure: Clinical letter of Lindsey Ohler, Psy.D. (LePage Associates), dated June 18, 2026.

DATED: June 22, 2026

Signed by:

*Matthew Joyce*

07B601B840D34AB...

Matthew Thomas Joyce
Plaintiff, Pro Se

PLAINTIFF'S REQUEST FOR DISABILITY ACCOMMODATIONS - 7



**Lepage Associates**
*Solution-Based Psychological Services*

June 18, 2026

To Whom It May Concern:

Mr. Joyce presented for a forensic consultation on April 29, 2025, which included a clinical interview and a review of his psychiatric records from Gupta Psychiatry. He presented with a documented history of bipolar disorder. The findings from this initial forensic consultation remain clinically valid and serve as a sufficient documentary basis for the current assessment of his functional limitations and need for accommodations.

During the clinical interview, Mr. Joyce presented with tangential thought processes, pressured and rapid speech, and an inability to accurately articulate his needs; concurrently, his psychiatric records documented chronic sleep deprivation, impaired judgment, irritability, and a history of psychosis secondary to insomnia. These areas can impact an individual's participation in legal proceedings by impairing sustained concentration, higher-level thinking skills like planning and organizing, and the ability to effectively communicate under the high stress of litigation. Specifically, his chronic insomnia and resulting sleep deprivation act as primary triggers that worsen his condition. Historically, this lack of sleep has led to severe symptom flare-ups, including psychosis, rapid mood changes, and mixed episodes. In legal proceedings, an individual with bipolar disorder can experience impaired judgment, diminished problem-solving abilities, and heightened impulsivity, which can hinder their capacity to process complex legal information accurately and formulate clean, timely responses. Furthermore, difficulties staying on topic and accurately expressing needs can directly interfere with his capacity to advocate for himself or communicate effectively with the court.

It is important to note that even if Mr. Joyce's mood and sleep are stabilized through medication, he remains vulnerable to ongoing difficulties with thinking and concentration. Research consistently demonstrates that cognitive impairments are a core feature of bipolar disorder that persist even during periods of stable mood. For example, a study by Martinez-Aran et al. (2004) found that individuals with bipolar disorder frequently experience sustained challenges with verbal memory, processing speed, and executive functioning, which includes the ability to plan, organize information, and solve problems even when they are not experiencing active manic or depressive episodes. Similarly, comprehensive reviews, such as the meta-analysis conducted by Bora et al. (2009), confirm these cognitive deficits are enduring traits of the disorder that can significantly impact a person's ability to manage complex, high-stress tasks. Additionally, the psychiatric medications required to maintain stability, such as anticonvulsants and antipsychotics noted in his records, can produce side effects that further complicate these issues.

Page 1 of 2

These medications often cause slowed thinking, sedation, and additional difficulties with concentration. Therefore, his cognitive vulnerabilities and the need for accommodations to fairly engage in the legal process persist regardless of whether his current medications are working effectively.

It is recommended Mr. Joyce receive the following ADA accommodations if possible to assist with his legal proceedings:

1. Extended response deadlines on contested motions: Due to documented challenges with decreased concentration, diminished problem-solving abilities, and the exacerbating effects of acute stress and sleep deprivation, it is recommended Mr. Joyce be granted extended deadlines for filing and responding to motions. This accommodation provides the necessary time to process complex information and reduces the risk of stress-induced symptom flare-ups.

2. Preference for written-only communications where feasible: Given his rapid, pressured speech, difficulty staying on topic, and challenges accurately expressing his needs verbally under pressure, written communications should be utilized whenever possible. This format allows him the necessary time to organize his thoughts and reduces the cognitive burden of real-time verbal processing.

3. Designated support-person involvement: It is recommended Mr. Joyce be permitted the presence of a designated support person during any proceedings. This individual can help maintain his focus, and mitigate acute stress responses that could otherwise trigger psychiatric symptoms.

4. AI-assisted drafting: The use of AI-assisted drafting tools is recommended to compensate for his documented difficulties staying on topic and diminished problem-solving abilities. These tools will help structure and refine his written communications, allowing him to present his arguments coherently to the court.

Respectfully submitted,

Lindsey Ohler, Psy.D.
Licensed Psychologist

References

Bora, E., Yücel, M., & Pantelis, C. (2009). Cognitive endophenotypes of bipolar disorder: A meta-analysis of neuropsychological deficits in euthymic patients and their first-degree relatives. *Journal of Affective Disorders, 113*(1-2), 1–20. https://doi.org/10.1016/j.jad.2008.06.009

Martínez-Arán, A., Vieta, E., Reinares, M., Colom, F., Torrent, C., Sánchez-Moreno, J., Benabarre, A., Goikolea, J. M., Brugué, E., Daban, C., & Salamero, M. (2004). Cognitive function across manic or hypomanic, depressed, and euthymic states in bipolar disorder. *American Journal of Psychiatry, 161*(2), 262–270. https://doi.org/10.1176/appi.ajp.161.2.262

Matthew Thomas Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| MATTHEW JOYCE, an individual, | Case No. 2:25-cv-01868-DJC-CSK (PS) |
| Plaintiff, | |
| v. | **PLAINTIFF'S MASTER CERTIFICATE OF SERVICE FOR JUNE 22, 2026 TRANSMITTAL** |
| ARB GAMING LLC dba MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC., | |
| Defendants. | |

TO THE HONORABLE COURT AND ALL COUNSEL OF RECORD:

I, Matthew Thomas Joyce, Plaintiff pro se, certify under penalty of perjury under 28 U.S.C. § 1746 that on June 22, 2026, I caused true and correct copies of each filing listed below to be served (i) upon counsel of record for the appearing Defendants by electronic mail pursuant to Fed. R. Civ. P. 5(b)(2)(E), and (ii) upon non-appearing Defendant Amazon.com, Inc. at its California registered agent by United States Mail (Priority, with tracking) pursuant to Fed. R. Civ. P. 5(b)(2)(C).

PLAINTIFF'S MASTER CERTIFICATE OF SERVICE FOR JUNE 22, 20261

ELECTRONIC SERVICE CONSENT BASIS. Service by email is effected under Fed. R. Civ. P. 5(b)(2)(E). All counsel of record have engaged in an established, continuous pattern of reciprocal electronic service throughout this action — routine transmission of correspondence, draft pleadings, meet-and-confer materials, and filings by email to and from the addresses below. That course of conduct constitutes consent in writing to electronic service within the meaning of Rule 5(b)(2)(E). See Fed. R. Civ. P. 5 Advisory Committee Notes (2001 Amendment).

FILINGS SERVED. The following filings, each separately captioned and signed, were served on June 22, 2026, and concurrently transmitted to the Clerk of the Court (E.D. Cal., Sacramento Division) by same-day courier:

(A) Plaintiff's Notice of Appearance In Propria Persona;

(B) Plaintiff's Notice of Change of Address (L.R. 182(f));

(C) Plaintiff's Motion for Leave to Utilize the CM/ECF Electronic-Filing System (L.R. 133(b)(2)), together with the Declaration of Matthew Thomas Joyce in support; and

(D) Plaintiff's Request for Disability Accommodations, together with the enclosed clinical letter of Lindsey Ohler, Psy.D. (LePage Associates), dated June 18, 2026.

RECIPIENTS SERVED (by email, June 22, 2026):

For ARB Gaming LLC dba Modo.US
Karen L. Alexander
        (KLAlexander@duanemorris.com);

Daniel D. Wall
        (DWall@duanemorris.com);

Walter A. Saurack
        (WASaurack@duanemorris.com);

PLAINTIFF'S MASTER CERTIFICATE OF SERVICE FOR JUNE 22, 2026- 2

Nicole M. Stewart
(NMStewart@duanemorris.com)

For Affirm, Inc. —
Ryan A. Lewis
(ryan.lewis@troutman.com);

Kalama M. Lui-Kwan
(kalama.lui-kwan@troutman.com)

For Goldman Sachs Bank USA —
Marcos D. Sasso
(marcos.sasso@morganlewis.com);
Arjun Rao
(arjun.rao@morganlewis.com)

For Apple Inc. —
John H. Gibson
(john.gibson@us.dlapiper.com);
Tanya L. Greene
(tanya.greene@us.dlapiper.com);
Colin C. McGrath
(colin.mcgrath@us.dlapiper.com)

For Amazon.com, Inc. (non-appearing) — served by U.S. Mail at
c/o Corporation Service Company
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

DATED: June 22, 2026

Signed by:

Matthew Joyce

07B601B840D34AB

Matthew Thomas Joyce
Plaintiff, Pro Se

PLAINTIFF'S MASTER CERTIFICATE OF SERVICE FOR JUNE 22, 2026- 3