**DUANE MORRIS LLP**
Karen L. Alexander (SBN 265926)
KLAlexander@duanemorris.com
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone:  +1 619 744 2200
Facsimile:  +1 619 744 2201

**DUANE MORRIS LLP**
Sean Patterson (SBN 234565)
CSPatterson@duanemorris.com
Daniel D. Wall (SBN 311391)
DWall@duanemorris.com
Spear Tower,
One Market Plaza, Suite 2200
San Francisco, California 94105-1127
Telephone:   +1 415 957 3000
Facsimile:    +1 415 957 3001

Attorneys for Defendant
ARB GAMING LLC dba MODO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br><br>                 Plaintiff,<br><br>         v.<br><br>ARB GAMING LLC dba MODO, a Delaware limited liability company; B2SERVICES OU dba MCLUCK; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1-10 inclusive,<br><br>                 Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**DEFENDANT ARB'S RESPONSE TO PLAINTIFF JOYCE'S REQUEST FOR DISABILITY ACCOMMODATIONS**<br><br>Date:<br>Time:<br>Dept:    Courtroom 7, 14th Floor<br>Judge:   Hon. Daniel J. Calabretta<br>              Magistrate Judge Chi Soo Kim<br><br>Trial Date:  None Set<br>Date Class Action Filed: 6/30/2025<br>Amended Complaint Filed: 3/2/2026 |

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1
DEFENDANT ARB'S RESPONSE TO PLAINTIFF JOYCE'S REQUEST FOR DISABILITY ACCOMMODATIONS
Case No. 2:25-cv-01868-DJC-CSK (PS)

**Introduction**

Defendant ARB Gaming LLC d/b/a MODO ("ARB") does not oppose reasonable accommodations that the Court determines are appropriate to afford Plaintiff meaningful access to these proceedings. ARB takes no position regarding Plaintiff's medical diagnoses or the clinical opinions submitted in support of his request.

ARB respectfully submits, however, that several requested accommodations exceed what is reasonably necessary to facilitate Plaintiff's participation because they would modify the Federal Rules, the Local Rules, or the Court's ordinary case-management procedures, or otherwise affect the rights of the opposing parties.

Nothing in this Response should be construed as an admission regarding Plaintiff's medical condition, the existence of any disability within the meaning of applicable law, or any issue relating to the merits of Plaintiff's claims or defenses. ARB does not concede that Plaintiff has established the existence of a disability for purposes of his claims or that Plaintiff has submitted evidence sufficient to prove any such disability on the merits. ARB addresses only whether the particular requested accommodations are necessary and appropriate in the context of this litigation.

ARB addresses each request below.

**A. Extended Response Deadlines on Contested Motions.**

ARB does not oppose Plaintiff seeking reasonable extensions of time upon a showing of good cause under Federal Rule of Civil Procedure 6(b), nor would ARB object if the Court determines that modified deadlines are appropriate in light of Plaintiff's circumstances.

However, Plaintiff appears to seek a standing order granting a minimum thirty-day response period for all contested motions throughout the remainder of the litigation.[1] The Federal Rules, the Local Rules, and Judge Calabretta's Standing Order

---

[1] ARB is unclear as to Plaintiff's additional request that he "be permitted to file a brief written request in advance of the deadline rather than first raising the issue after a deadline has passed." To the extent Plaintiff simply seeks leave to request an extension before a deadline expires, Rule 6(b)(1)(A) already permits such requests upon a showing of good cause, and no additional accommodation appears necessary. To the

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

already govern briefing deadlines unless otherwise ordered by the Court, and Rule 6(b) already provides a mechanism for obtaining extensions when warranted.

Whether additional time is appropriate depends upon the circumstances of the particular filing, the case schedule, and any resulting prejudice. Accordingly, any extension should be determined on a case-by-case basis rather than through a prospective modification of the Court's deadlines.

### B.  Preference for Written Communications Where Feasible

ARB does not oppose Plaintiff appearing by telephone or videoconference for non-evidentiary proceedings if the Court determines such an accommodation is appropriate.

However, ARB respectfully opposes any request that would eliminate or presumptively waive oral argument or create a preference that motions be decided solely on the papers. Judge Calabretta's Standing Order expressly contemplates oral argument on motions while providing that the Court retains discretion to submit matters without oral argument where appropriate. ARB does not waive oral argument where otherwise permitted by the Federal Rules, the Local Rules, or the Court's Standing Order, and respectfully requests that any determination regarding oral argument continue to be made on a motion-by-motion basis.

### C.  Designated Support-Person Involvement

ARB does not oppose Plaintiff's request for a non-speaking support person to be present at court proceedings.

### D.  Recognition of AI-Assisted Drafting as Assistive Technology

ARB does not object to Plaintiff's use of lawful assistive technology in preparing filings. However, Plaintiff has not identified the specific technology or methodology for which he seeks judicial recognition, how it differs from generally available AI-assisted drafting tools, or why a court order is necessary to permit its use. Plaintiff states only

extent Plaintiff seeks relief from deadlines after they have expired, ARB respectfully objects because Rule 6(b)(1)(B) already governs such requests.

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

that he uses a methodology that he has "built and maintain[s]," without explaining what that methodology entails.

Regardless of whether a filing is prepared with the assistance of artificial intelligence, Plaintiff remains responsible for complying with Federal Rule of Civil Procedure 11, the Local Rules, and all other applicable obligations governing filings before this Court. Because Plaintiff may utilize whatever lawful drafting tools he chooses without prior judicial approval, the requested recognition serves no practical purpose and is unnecessary. Alternatively, if the Court is inclined to consider such relief, Plaintiff should first be required to identify with specificity the technology or methodology for which he seeks judicial recognition and explain why such recognition is necessary.

**Conclusion**

For the foregoing reasons, ARB respectfully requests that the Court grant those accommodations it determines are reasonably necessary to afford Plaintiff meaningful access to these proceedings, while denying those requests that would prospectively modify the Federal Rules, the Local Rules, or the Court's ordinary case-management procedures, or that otherwise exceed what is reasonably necessary to provide such access.

Dated:  June 26, 2026                          **DUANE MORRIS LLP**


                                               By:___*/s/ Daniel D. Wall*_____
                                                      Karen L. Alexander
                                                      Daniel D. Wall

                                               Attorneys for Defendant
                                               ARB GAMING LLC dba MODO

## CERTIFICATE OF SERVICE

*Matthew Joyce v. ARB Gaming LLC dba MODO, et al.*
USDC, Eastern District of CA, Sacramento Division
Case No. 2:25-cv-01868-DJC-CSK (PS)

## DEFENDANT ARB'S RESPONSE TO PLAINTIFF JOYCE'S REQUEST FOR DISABILITY ACCOMMODATIONS

I hereby certify that a true and correct copy of the foregoing, its attachments and documents filed concurrently therewith was electronically filed on June 26, 2026 using the CM/ECF system, thereby sending a notice of electronic filing to all counsel of record.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on June 26, 2026, at San Francisco, California.

_____
JoAnna Soliman

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO