UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**FILED**

July 1, 2026

CLERK, US DISTRICT COURT
EASTERN DISTRICT OF
CALIFORNIA

MATTHEW THOMAS JOYCE,
                    Plaintiff,

        v.

ARB GAMING LLC dba MODO.US, et al.,
                    Defendants.

No.   2:25-cv-01868-DJC-CSK

**ORDER**

**(ECF No. 73)**

The Court is in receipt of Plaintiff Matthew Joyce's request for accommodations filed on June 22, 2026 (ECF No. 73). Plaintiff requests (1) a standing 30-day deadline to respond to motions; (2) an accommodation for motions to be submitted on the papers and for status or scheduling conferences to participate remotely by video or telephone; (3) leave for a designated support person to be present during any court appearances; and (4) recognition that Plaintiff uses AI-assisted drafting. (*Id.* at 4-5.) The Court GRANTS IN PART and DENIES IN PART Plaintiff's request.

(1) The Court DENIES Plaintiff's request for a general 30-day response deadline. As stated in the Court's February 3, 2026 Minute Order (ECF No. 26), if Plaintiff seeks an extension of time, Plaintiff must specify which deadline Plaintiff seeks to extend and for how long and why a request establishes good cause. The Court has already separately granted Plaintiff's request for an extension of time to file his oppositions to current pending motions. (*See* Docket.)

(2) The Court DENIES Plaintiff's request for all motions to be submitted without

oral argument. However, to the extent a motion is scheduled for a hearing and is not submitted on the record vacating the hearing, Plaintiff may file a request for a remote hearing by video as outlined in Judge Kim's Civil Standing Orders, which are located on the Court's website.

(3) Court proceedings are public unless they are sealed, and members of the public may attend public court proceedings, including designated support persons. No order is needed for this request. For remote proceedings by video, members of the public may attend by utilizing the public audio line. The Court therefore construes Plaintiff's request for a designated support person to be present during remote court proceedings held by video, and GRANTS Plaintiff's request. The designated support person can appear either physically with Plaintiff by video, or if appearing separately, Plaintiff must provide the designated support person's e-mail contact information to receive Zoom instructions from court staff closer in time to any remote court proceeding held by video.

(4) Parties are responsible for knowing and complying with the Court's standing orders, including requirements regarding remote appearances and the use of artificial intelligence (AI). At this time, though the Court has not issued an order prohibiting the use of generative AI by parties in its pleadings and filings, Plaintiff is cautioned that whether he uses or does not use generative AI or some other tool, the Federal Rules of Civil Procedure and this district court's Local Rules apply. Under Rule 11, Plaintiff and all parties are responsible for ensuring that any pleading or filing submitted to the court: "(1) [] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims,

defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." *See* Fed. R. Civ. P. 11(b). This means that pleadings and filings that include "hallucinations" from the use of generative AI (e.g., made up facts or legal authority) can violate Rule 11. The parties are warned that a violation of Rule 11, the district court's Local Rules, and a judge's Standing Orders can result in the imposition of sanctions. *See* Fed. R. Civ. P. 11(c); E.D. Cal. L.R. 110.

Dated:  July 1, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, joyc.1868.25