IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA SACRAMENTO DIVISION
Case No. 2:25-cv-01868-DJC-CSK

| | | |
|---|---|---|
| MATTHEW THOMAS JOYCE, by and through undersigned counsel, | ) ) ) | |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) ) | **MOTION TO WITHDRAW AS** |
| ARB GAMING LLC DBA MODO. US; AFFIRM, INC; GOLDMAN SACHS BANK USA; APPLE INC; AMAZON.COM, INC; DOES 1 – 50; | ) ) ) ) ) ) | **COUNSEL OF RECORD FOR PLAINTIFF-IN-INTERPLEADER JAMIE STAHURA; MEMORANDUM OF POINTS AND AUTHORITIES** |
| *Defendants.* | ) ) ) | |

**TO PLAINTIFF-IN-INTERPLEADER JAMIE STAHURA, ALL PARTIES, AND THEIR**

**COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that the matter may be heard in Courtroom 25 of the United States

District Court for the Eastern District of California, located at 501 I Street, Sacramento,

California 95814, Amina M. Mack will and hereby do move for leave to withdraw as counsel of

record for Plaintiff-in-Interpleader Jamie Stahura only.

This motion is brought pursuant to Eastern District of California Local Rule 182(d), California

Rule of Professional Conduct 1.16(a)(4) and (c)-(e), and the Court's July 13, 2026, Minute Order

(ECF No. 87). Ms. Stahura has discharged Counsel and filed a notice stating that she intends to

proceed pro se. (ECF No. 77.) Counsel therefore seek the Court's permission to terminate the

representation formally and to direct that future notices and filings be served on Ms. Stahura at

the address identified in the supporting declarations.

The motion is based on this Notice and Motion, the following Memorandum of Points and Authorities, the Declarations of Amina M. Mack and Jacqueline M. Sale, the record in this action, and any argument the Court may permit. Counsel do not seek dismissal of Ms. Stahura's interpleader claims, do not seek relief affecting Matthew Thomas Joyce or any other party, and do not request a stay because Ms. Stahura has elected to continue pro se.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This motion presents the narrow procedural issue identified in the Court's July 13, 2026, Minute Order. Ms. Stahura filed a Notice of Termination of Counsel and Pro Se Status at ECF No. 77. The Court explained that the client's notice, standing alone, did not terminate Counsel's duties as attorneys of record. Local Rule 182(d) requires a noticed motion, notice to the client and all appearing parties, and an attorney affidavit identifying the client's current or last-known address and the efforts made to notify the client. (ECF No. 87.)

Counsel now complies with that directive. Because Ms. Stahura discharged Counsel, withdrawal is mandatory under California Rule of Professional Conduct 1.16(a)(4), subject to this Court's permission under Rule 1.16(c). Ms. Stahura's own filing confirms both the termination and her election to proceed without counsel. The supporting declarations provide the information required by Local Rule 182(d) and describe the steps taken to avoid prejudice. The requested withdrawal should therefore be granted.

**II. RELEVANT BACKGROUND**

1. Amina M. Mack appeared as counsel for Jamie Stahura in connection with her interpleader claims in this action.

2. Ms. Stahura subsequently terminated Counsel and elected to proceed pro se. She placed that decision on the record by filing her Notice of Termination of Counsel and Pro Se Status at ECF No. 77.

3. On July 13, 2026, Magistrate Judge Chi Soo Kim issued a Minute Order explaining that, under Local Rule 182(d), Counsel must obtain leave of Court through a noticed motion before leaving Ms. Stahura to proceed pro se. (ECF No. 87.)

4. Counsel have provided Ms. Stahura with notice of this motion at her current or last-known address and have served all appearing parties.

**III. GOVERNING STANDARD**

Local Rule 182(d) provides that an attorney who has appeared may not withdraw and leave a client proceeding pro se without leave of Court upon a noticed motion and notice to the client and all other parties who have appeared. The rule further requires an affidavit stating the client's current or last-known address and the attorney's efforts to notify the client. Counsel's authority and duties continue until the Court enters an order granting withdrawal. *E.D. Cal. L.R. 182(d)*.

California Rule of Professional Conduct 1.16 likewise governs. Except where tribunal permission is required, a lawyer "shall withdraw" when "the client discharges the lawyer." Cal. R. Prof. Conduct 1.16(a)(4). When the tribunal's permission is required, counsel may not terminate the representation without that permission. Id. r. 1.16(c). Counsel must also take

reasonable steps to avoid reasonably foreseeable prejudice and, upon request, promptly release client materials and property. *Id. r. 1.16(d)-(e).*

The Court retains discretion over withdrawal and generally considers the reason for withdrawal, prejudice to the client and other litigants, harm to the administration of justice, and possible delay. *See McNally v. Eye Dog Found. for the Blind, Inc., No. 1:09-cv-01184-AWI-SKO, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011); CE Res., Inc. v. Magellan Grp., LLC, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009).*

## IV. WITHDRAWAL SHOULD BE GRANTED

### A. Ms. Stahura Discharged Counsel and Chose to Proceed Pro Se.

The basis for withdrawal is direct and undisputed: Ms. Stahura discharged Counsel. Her own filing at ECF No. 77 memorializes that decision and states her intention to proceed pro se. Rule 1.16(a)(4) therefore requires Counsel to withdraw, subject only to the Court's permission under Rule 1.16(c). This motion does not rely on confidential communications, fee disputes, or allegations concerning Ms. Stahura's conduct. No further disclosure is necessary to establish good cause.

### B. Counsel Have Complied with Local Rule 182(d).

Counsel have filed a noticed motion and will serve the complete moving papers on Ms. Stahura and all appearing parties. The accompanying declarations identify Ms. Stahura's current or last-known address and describe the efforts made to notify her of the motion. They also identify the steps taken to advise her of the consequences of proceeding pro se and to preserve her access to the case file. These submissions satisfy each express requirement of Local Rule 182(d).

**C. Withdrawal Will Not Unfairly Prejudice Any Party or Disrupt the Proceedings.**

Withdrawal will implement Ms. Stahura's own decision rather than impose an unwanted change upon her. She has affirmatively elected to represent herself and has already notified the Court of that election. Counsel have advised or will advise her that she will be personally responsible for complying with the Federal Rules of Civil Procedure, the Local Rules, all Court orders, and all pending deadlines. Counsel have also made or will make the client file available as required by Rule 1.16(e).

The requested relief is limited to Counsel's representation of Ms. Stahura. It does not dismiss, alter, or adjudicate her interpleader claims; it does not affect the representation or claims of Matthew Thomas Joyce or any other party; and it does not request a stay or modification of any deadline. Granting withdrawal therefore will not cause undue delay or interfere with the orderly administration of this action.

**V. CONCLUSION**

For these reasons, Counsel respectfully request that the Court grant this motion, relieve Amina M. Mack and Jacqueline M. Sale as counsel of record for Plaintiff-in-Interpleader Jamie Stahura only, recognize Ms. Stahura as proceeding pro se, and direct that future filings and notices concerning her be served directly at the address stated in Counsel's declarations.

Respectfully submitted,

/s/ Amina M. Mack
Amina M. Mack, Esq.
NCSB No. 61390
**THE MACK LAW FIRM, PLLC**
4242 Six Forks Road, Suite 1550
Raleigh, North Carolina 27609
Tel: (984) 480-7147
Email: legal@themacklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing documents was electronically filed

on July 21, 2026 using the CM/ECF system, thereby sending a notice of electronic filing to call

counsel of record and was served on the following Defendant and Plaintiff via Email and or

Certified Mail, Return Receipt Requested, addressed as follows:

**JAMIE STAHURA**
170 Manordale Drive
Chapel Hill, NC 27517
Jamie.Stahura@PNFP.COM
Interpleader

By: /s/Amina M. Mack, Esq.
Amina M. Mack (NCSB No. 61390)
**THE MACK LAW FIRM, PLLC**
4242 Six Forks Road, Ste. 1550
Raleigh, NC 27609
Tel: 984-480-7147
legal@themacklaw.com

Attorney for Plaintiff