Docusign Envelope ID: 83049937-C8B8-81C4-8341-4BC485E8084C

Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

**FILED**

JUL 2 0 2026

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ARB GAMING LLC dba MODO.US;<br>AFFIRM, INC.;<br>GOLDMAN SACHS BANK USA;<br>APPLE INC.;<br>AMAZON.COM, INC.,<br><br>Defendants. | Case No.  2:25-cv-01868-DJC-CSK (PS)<br><br>**PLAINTIFF'S NOTICED MOTION TO EXTEND TIME TO RESPOND TO ECF NOS. 56, 57, 60, AND 64 (FED. R. CIV. P. 6(b)(1)(A); E.D. CAL. L.R. 144); REQUEST TO DECIDE ON THE PAPERS ON SHORTENED TIME** |

## I. RELIEF REQUESTED

Plaintiff Matthew Joyce, appearing pro se, respectfully moves under Federal Rule of Civil Procedure 6(b)(1)(A) and E.D. Cal. Local Rule 144 for a seven-day extension of his deadline to oppose the four pending motions — ECF 56 (ARB Gaming LLC dba Modo.US, motion to compel arbitration), ECF 57 (Apple Inc., motion to dismiss), ECF 60 (Affirm, Inc., motion to dismiss), and ECF 64 (Goldman Sachs Bank USA, motion to compel arbitration). Plaintiff requests that:

1. his opposition deadline be extended from July 20, 2026 (ECF 81) to July 27, 2026; and

PLAINTIFF'S MOTION TO EXTEND TIME TO RESPOND - 1

2. Defendants' reply deadline be extended from August 3, 2026 to August 10, 2026, **preserving each Defendant's full fourteen-day reply period**.

Because this motion is filed before the July 20, 2026 deadline expires, the governing standard is Rule 6(b)(1)(A)'s "good cause," not the "excusable neglect" standard of Rule 6(b)(1)(B). Given the imminence of the deadline, Plaintiff respectfully requests that the Court decide this motion on the papers on shortened time. See E.D. Cal. L.R. 230(g), 144(e).

## II. THIS MOTION IS TIMELY AND PROCEDURALLY PROPER

This is Plaintiff's noticed motion, not an ex parte application. Plaintiff obtained one initial ex parte extension (ECF 76, granted ECF 81); under Local Rule 144(c), further ex parte applications for extension of time "are not ordinarily granted," so Plaintiff proceeds by noticed motion.

Plaintiff first sought a stipulation, as Local Rule 144(c) contemplates. Following Goldman Sachs' proposal, Plaintiff circulated a proposed Stipulation and [Proposed] Order to all Defendants extending the opposition deadline to July 27, 2026 and the reply deadline to August 10, 2026. The appearing Defendants agree to that briefing schedule. The parties have not, however, agreed on the hearing date — ARB Gaming LLC dba Modo.US requests that the August 25, 2026 hearing be continued approximately one week for counsel's unavailability, while Affirm's stated position is that the hearing remain August 25 — and not every Defendant is in a position to sign a single stipulation. Separately, Defendant Amazon.com, Inc. has not appeared in this action and therefore cannot execute a stipulation at all. A single, fully-executed stipulation therefore cannot reasonably be obtained, and Plaintiff proceeds by motion.

Because the July 20 deadline is imminent, Plaintiff respectfully requests that the Court decide this motion on the papers on shortened time (L.R. 230(g); L.R. 144(e)). The accompanying declaration sets forth the circumstances justifying shortened time and Plaintiff's inability to obtain

PLAINTIFF'S MOTION TO EXTEND TIME TO RESPOND - 2

a stipulation for that relief. The Court resolved Plaintiff's prior extension request on the papers within two days (ECF 76 → ECF 81), and Plaintiff respectfully asks the Court to consider the same course here.

## III. GOOD CAUSE

A request for an extension made before the applicable deadline has passed should "normally ... be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010). "Good cause" is "a non-rigorous standard that has been construed broadly." Id. The inquiry is "at bottom an equitable one, taking account of all relevant circumstances." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). It "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). And Plaintiff's filings as a pro se litigant are entitled to liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). Good cause is manifest here.

### A. No appearing Defendant opposes the extension.

**No appearing Defendant has stated that it opposes the extension.** Goldman Sachs proposed this briefing schedule. ARB Gaming consents. Affirm does not oppose an application to extend the deadlines as proposed. Apple has not stated that it opposes the extension itself; its partial opposition to Plaintiff's prior application was directed solely at a proposed order that would have shortened its reply period (ECF 80), and the schedule proposed here preserves Apple's full fourteen days. Defendant Amazon.com, Inc. has not appeared and has taken no position. Plaintiff asked each appearing Defendant to confirm or correct its position in writing before filing, and will promptly notify the Court of any correction. A pre-deadline request for a brief extension that no party has opposed is the paradigm case for Rule 6(b) relief. Ahanchian,

624 F.3d at 1259.

**B. Plaintiff lost counsel twice, has never received his client file, and his former counsel remains counsel of record for a co-party.**

Plaintiff's first attorney, Reshma Kamath, was terminated by Minute Order of this Court on November 19, 2025 following her disbarment by the State Bar of California on November 8, 2025. His second attorney, Amina Mack, moved to withdraw on May 20, 2026 (ECF 47). The Court found that motion procedurally defective and reset the hearing to July 9, 2026 (ECF 48). Plaintiff lodged a letter with the Clerk on May 27, 2026 noting the termination and transition (ECF 54). On May 31, 2026, the Court granted withdrawal, vacated all dates, and referred the matter to the assigned Magistrate Judge (ECF 58). Plaintiff has proceeded alone since.

Former counsel has not returned Plaintiff's complete client file. In a closing letter dated June 25, 2026, she stated that during the representation "email records and communications were forwarded to you in real time," and that the firm was "not aware of any additional counsel-of-record or case-management communications maintained in the client file that were not already forwarded to you." Plaintiff had not received the correspondence between his own counsel and ARB's counsel. He first saw it when ARB filed it as an exhibit in support of ECF 56. **Preparing four merits oppositions without one's own case file is good cause for a brief extension** — the more so where Plaintiff must simultaneously prepare an amended pleading and correct a service posture his outgoing counsel had represented was complete.

The transition also remains incomplete on the docket. On May 19, 2026, former counsel advised ARB's counsel that she would be "withdrawing from both" this action and the interpleader, and had earlier stated she would "have the interpleader withdrawn next week"; ARB's counsel separately asked her to "make sure you withdraw/dismiss the interpleader complaint before you withdraw from this case." (ECF 56-8, Ex. A.) The following day she wrote to Plaintiff and to interpleader-party Jamie Stahura that she would "have no problem potentially

PLAINTIFF'S MOTION TO EXTEND TIME TO RESPOND - 4

staying on to help her in NC." Ms. Stahura terminated the representation on June 16, 2026 and filed a pro se notice on June 30, 2026 (ECF 77). On July 13, 2026, the Court held that notice insufficient and directed that counsel file a noticed motion to withdraw under Local Rule 182(d) (ECF 87). No such motion has been filed, and former counsel filed on this docket as recently as July 3, 2026 (ECF 84). Plaintiff's former counsel therefore remains counsel of record for a co-party in this action while Plaintiff opposes four dispositive motions pro se.

The equitable principle animating Community Dental Services v. Tani, 282 F.3d 1164, 1167 (9th Cir. 2002) — that an innocent client should not be made to "suffer drastic consequences" for counsel's failures — applies a fortiori to the far lesser relief sought here. Plaintiff does not ask the Court to undo any stipulation his former counsel entered; he accepts the current deadline and asks only for his own modest further time now that he proceeds pro se. Cf. Link v. Wabash R.R. Co., 370 U.S. 626 (1962).

**C. Service as to the fifth Defendant had to be reconstructed by Plaintiff.**

On May 26, 2026, while her motion to withdraw was pending, former counsel wrote that Amazon.com, Inc. was "Served 3/23/26" and that "a Motion for Default Judgment can be filed." No such motion was filed, and no proof of service was then on the docket. The proof of service — reflecting personal service on March 23, 2026 at 12:52 p.m. — was maintained in the firm's file and was transmitted to Plaintiff on June 25, 2026, the eve of his then-operative opposition deadline. Plaintiff filed it on June 30, 2026 (ECF 78) together with a request for entry of default, and this Court declined to enter default because Amazon's agent for service could not be confirmed (ECF 86). Plaintiff has had to reconstruct the service posture as to the fifth Defendant without his client file and while opposing four dispositive motions.

**D. Four dispositive motions, a pro se litigant with documented disabilities, and a brief, non-prejudicial request.**

Plaintiff must oppose two motions to compel arbitration and two motions to dismiss —

PLAINTIFF'S MOTION TO EXTEND TIME TO RESPOND - 5

Docusign Envelope ID: 83049937-C8B8-81C4-8341-4BC485E8084C

distinct bodies of law — while proceeding pro se as a litigant with documented mental-health disabilities for whom this Court has granted an accommodation (ECF 82). The requested extension is **seven days**, preserves each Defendant's full reply period, and prejudices no one. Defendants collectively obtained numerous extensions of their own deadlines (e.g., ECF 15, 25, 37, 40, 41, 43, 44, 49, 50, 51), and ARB represented that it "does not oppose Plaintiff seeking reasonable extensions of time upon a showing of good cause under Federal Rule of Civil Procedure 6(b)" (ECF 75). Basic equity supports a single seven-day extension for the pro se Plaintiff.

**E. The Court's electronic-service channel to Plaintiff has been misconfigured.**

By ECF 74 (June 26, 2026), the Court granted Plaintiff electronic service to m.joyce07@proton.me, and Plaintiff waived first-class mail. Plaintiff's motion (ECF 72) and the Court's Order (ECF 74) both state the address as m.joyce07@proton.me. The docket's party record, however, reflects it as "m.joyce07@pronton.me" — a single-character variance — with the result that electronic notifications have not reached Plaintiff since June 26. Plaintiff attributes the variance to no one and raises it only so the record may be conformed; the Clerk's Office has been consistently helpful to him throughout. Plaintiff has stayed current by monitoring the docket through PACER, has notified the Courtroom Deputy, and will file a Notice of Correction. Plaintiff does not claim lack of notice; he notes only that the access accommodation the Court ordered has not yet functioned in practice, which independently supports a brief extension.

**IV. A BRIEF EXTENSION ALSO CONSERVES THE PARTIES' AND THE COURT'S RESOURCES**

Plaintiff intends to seek leave to file a Second Amended Complaint under Rule 15(a)(2). Leave to amend "shall be freely given when justice so requires," Foman v. Davis, 371 U.S. 178, 182 (1962), and Rule 15(a) is applied "with extreme liberality," Eminence Capital, LLC v.

PLAINTIFF'S MOTION TO EXTEND TIME TO RESPOND - 6

Aspeon, Inc., 316 F.3d 1048, 1051–52 (9th Cir. 2003). Plaintiff does not contend that his intention to seek leave affects the pending motions; a pleading is superseded only upon amendment. Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015). Plaintiff notes only that a short extension permits the response deadline and the anticipated leave motion to be addressed in an orderly sequence, without prejudice to any Defendant.

## V. LOCAL RULE 144(b) DISCLOSURE

The total period of extensions already obtained as to these deadlines is twenty-four (24) days (from the June 26, 2026 deadline set at ECF 66 to the July 20, 2026 deadline set at ECF 81). If this motion is granted, the total as to each deadline would be thirty-one (31) days.

## VI. RESERVATION OF RIGHTS

By seeking this extension, Plaintiff does not concede the existence, formation, validity, or enforceability of any arbitration agreement, and expressly reserves all rights and defenses as to ECF 56 and ECF 64. Nothing herein waives, and Plaintiff expressly preserves, all claims and rights as to Defendant Amazon.com, Inc., including as to service.

## VII. CONCLUSION

Plaintiff is grateful for the extension the Court previously granted (ECF 81) and does not take the Court's time lightly. Should the Court deny this motion, Plaintiff will file his oppositions to ECF Nos. 56, 57, 60, and 64 by the existing July 20, 2026 deadline; he seeks the additional seven days to file better-prepared oppositions, not to delay their filing.

For good cause shown, Plaintiff respectfully requests that the Court extend his deadline to respond to ECF Nos. 56, 57, 60, and 64 to July 27, 2026; extend Defendants' reply deadline to August 10, 2026; and decide this motion on the papers on shortened time. Plaintiff takes no position on the hearing date and leaves it to the Court.

DATED: July 20, 2026

Signed by:

*Matthew Joyce*

07B601B840D34AB

Matthew Joyce
Plaintiff, Pro Se
600 Market Grove Dr #100
Wake Forest, NC 27587
Phone: (919) 259-4661
Email: m.joyce07@proton.me

Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| MATTHEW JOYCE, an individual, | Case No.  2:25-cv-01868-DJC-CSK (PS) |
| Plaintiff, | |
| v. | **INDEX OF EXHIBITS** |
| ARB GAMING LLC dba MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC., | |
| Defendants. | |

PLAINTIFF'S INDEX OF EXHIBITS

| Exhibit Letter | Date | Description of Document |
|---|---|---|
| Exhibit A | 5/20/2026 | Email from Amina M. Mack, Esq. to Plaintiff and Jamie Stahura, May 20, 2026 |
| Exhibit B | 5/26/2026 | Email from Amina M. Mack, Esq. to Plaintiff, May 26, 2026 |
| Exhibit C | 6/25/2026 | Letter from Amina M. Mack, Esq. to Plaintiff, June 25, 2026 (Closing Letter, Case File Transmittal, and Retainer Accounting) |

INDEX OF EXHIBITS - 1

DATED: July 20, 2026

Signed by:

*Matthew Joyce*

07B601B840D34AB...

Matthew Joyce
Plaintiff, Pro Se
600 Market Grove Dr #100
Wake Forest, NC 27587
Phone: (919) 259-4661
Email: m.joyce07@proton.me

INDEX OF EXHIBITS - 2

Docusign Envelope ID: 83049937-C8B8-81C4-8341-4BC485E8084C

# EXHIBIT A

Docusign Envelope ID: 83049937-C8B8-81C4-8341-4BC485E8084C

# Joyce/Stahura Withdrawal

From:    The Mack Law Firm, PLLC <legal@themacklaw.com>

To:       admin <fadetwoblank@pm.me>

Cc:       Jamie Stahura <nailbnder99@yahoo.com> ,
           Nadine Ludeke <admin@themacklaw.com> , MJ <mj@themacklaw.com> ,
           Jacqueline Sale <jmsalelaw@gmail.com>

Date:    5/20/26 8:58 AM

Good morning, Matthew and Jamie,

Jamie, I apologize for not informing you of the decision Jacqueline and I have made to withdraw from this matter. Counsel for ARB has yet again threatened sanctions if we continue with the federal matter and JAMS matter and this is not something we are comfortable with dealing with.

Matt, to clarify, Jacqueline and I signed up to represent you (the retainer agreement was for you); however, I indicated I would help your mother by refiling here in NC. I am more familiar with NC law than Cali law so I would have no problem potentially staying on to help her in NC but I would just want to ensure that I am making the decisions. Yesterday and prior to yesterday, you have been very adamant about staying in Arbitration (JAMS) while I cannot say I completely agree.

When we (me, you and Brielle) spoke on the phone yesterday afternoon after I spoke with counsel, you said numerous times that it was fine for me and Jacqueline to withdraw and then I received numerous emails all throughout the night.

This decision has not been made lightly. However, I do not believe Jacqueline and I can continue the representation consistent with my professional obligations and duties under the North Carolina Rules of Professional Conduct. Accordingly, my firm will take the necessary steps to withdraw as counsel pursuant to Rule 1.16 where court or arbitral approval is required. This will be done today.

Because these matters remain active and involve ongoing deadlines. Right now, ARB is asking for 60 days to respond which allows you time to move forward with new counsel or continue pro se. Until withdrawal is formally approved, I will take reasonable steps necessary to avoid prejudice to your

interests, including cooperating in the transfer of the file and providing information regarding upcoming deadlines.

Docusign Envelope ID: 83049937-C8B8-81C4-8341-4BC485E8084C

Upon request, we will coordinate transfer of the client file and materials to you or replacement counsel consistent with applicable rules and obligations.

## Amina M. Mack, Esq. | Managing Partner
### *The Mack Law Firm, PLLC*
4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609
t: 984.480.7147 | f: 919.249-1360
legal@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

Docusign Envelope ID: 83049937-C8B8-81C4-8341-4BC485E8084C

# EXHIBIT B

Docusign Envelope ID: 83049937-C8B8-81C4-8341-4BC485E8084C

# Re: Notice of Termination of Representation and Demand Pursuant to N.C. R. Prof. Conduct 1.16(d) - Joyce v. ARB Gaming LLC dba Modo. US, et al., No. 2:25-cv-01868-DJC-CSK

| | |
|---|---|
| From | The Mack Law Firm, PLLC <legal@themacklaw.com> |
| To | x <fadetwoblank@pm.me> |
| CC | Jacqueline Sale <jmsalelaw@gmail.com>, Paralegal <mj@themacklaw.com>, Nadine Ludeke <admin@themacklaw.com> |
| Date | Tuesday, May 26th, 2026 at 11:40 AM |

This has been received and is noted. We will work on providing the items below.

Matt, are you know, Ms. Sale and I filed a Motion to Withdraw last week. While counsel for the defendants (ARB, Apple and Goldman Sachs) have asked for a continuance, I have not said yes. That said (since you have advised me not to respond), ARB and Apple (both 5/22) filed Ex Parte Motions for an extension of time to respond to the Corrected Amended Complaint.

As far as the Motion to Withdraw, a hearing on the motion has been set for July 9, 2026, at 1:30 PM in Courtroom 7 before District Judge Daniel J. Calabretta. Ms. Sale and I have asked counsel for this to be virtual; however, one of us will be available if it is scheduled for in person.

For a smooth transition, I am also providing you with counsel's name and email for each defendant:

ARB (JAMS):

Walter Saurack: WASaurack@duanemorris.com

Katie Wang: kwang@duanemorris.com

Anita Villanueva: AVillanueva@duanemorris.com

Affirm:

Ryan Lewis: Ryan.Lewis@troutman.com

Kalama Lui-Kwan: Kalama.Lui-Kwan@troutman.com

Evelyn Standart: Evelyn.Standart@troutman.com

Goldman Sachs

Arjun Rao: arjun.rao@morganlewis.com

Firefox

Marcos D. Sasso     marcos.sasso@morganlewis.com

Enrique Curan: enrique.curan@morganlewis.com

Kathleen Rosello: kathleen.rosello@morganlewis.com

Daniel Donahoe Wall: dwall@duanemorris.com, daniel-wall-9162@ecf.pacerpro.com

jysoliman@duanemorris.com


Apple:

JOHN SAMUEL GIBSON "Gibson, John" <John.Gibson@us.dlapiper.com>

TANYA L. GREENE - "Greene, Tanya" <Tanya.Greene@us.dlapiper.com>

COLIN F. MCGRATH Colin.McGrath@us.dlapiper.com


Amazon (Served 3/23/26):

They have yet to respond so a Motion for Default Judgment can be filed.


## Amina M. Mack, Esq. | Managing Partner

### *The Mack Law Firm, PLLC*

4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609

t: 984.480.7147 | f: 919.249-1360

legal@themacklaw.com | www.themacklaw.com


This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

---

**From:** admin <fadetwoblank@pm.me>
**Sent:** Tuesday, May 26, 2026 11:25 AM
**To:** The Mack Law Firm, PLLC <legal@themacklaw.com>
**Cc:** Jacqueline Sale <jmsalelaw@gmail.com>; MJ <mj@themacklaw.com>; Sippy Dlamini <sdlamini@themacklaw.com>; Nadine Ludeke <admin@themacklaw.com>
**Subject:** Notice of Termination of Representation and Demand Pursuant to N.C. R. Prof. Conduct 1.16(d) - Joyce v. ARB Gaming LLC dba Modo. US, et al., No. 2:25-cv-01868-DJC-CSK

Docusign Envelope ID: 83049937-C8B8-81C4-8341-4BC485E8084C

Dear Ms. Mack and Ms. Sale,

I write to formally terminate the representation of me by Mack Law Firm, Amina M. Mack, Esq., and Jacqueline Sale, Esq., admitted pro hac vice, in the following matters, effective immediately:

1. Joyce v. ARB Gaming LLC dba Modo. US, et al., No. 2:25-cv-01868-DJC-CSK, United States District Court for the Eastern District of California, Sacramento Division (the "Federal Action"), in which the named defendants are ARB Gaming LLC dba Modo. US; Affirm, Inc.; Goldman Sachs Bank USA; Apple Inc.; Amazon.com, Inc.; and Does 1-50;

2. The related JAMS arbitration proceeding, Joyce, Matthew vs. Arb Gaming LLC dba Modo, JAMS Ref No. 5100003080 (the "JAMS Proceeding"), in which Ms. Mack alone served as my counsel; and

3. Any other matter, proceeding, communication, or representation undertaken on my behalf by you or your firms arising out of or related to the above-captioned actions.

I will be making the necessary filings with the Court and JAMS today reflecting the foregoing.

Pursuant to N.C. Rev. R. Prof. Conduct 1.16(d) and any analogous obligations under any applicable rules of professional conduct in any jurisdiction in which you are admitted, I request the following on a prompt basis and no later than seven (7) calendar days from the date of this email:

1. Return of my complete client file, including without limitation all correspondence (email, text, paper, and electronic), pleadings, drafts, work product, attorney notes, internal memoranda, communications with opposing counsel and any third party, billing records, retainer agreements, engagement letters, conflict-check records, time entries, expense records, and any electronic files and metadata, in both paper and digital format. Please confirm in writing within forty-eight (48) hours of receipt of this email the method and timing of delivery, and the medium (e.g., secure file transfer, USB drive, paper).

2. A full accounting of all fees, costs, and expenses charged to or incurred on my behalf to date, together with a refund of any unearned portion of fees paid, calculated as of the date of this email. Please provide the accounting in writing.

3. Written confirmation that neither you, your respective firms, nor any other attorney, paralegal, staff member, agent, or representative affiliated with your representation of me will take any further action on my behalf, in any forum, in any capacity, without my prior written authorization. This includes but is not limited to communications with opposing counsel, court personnel, JAMS personnel, third parties, any defendant in this matter, the media, or any other person or entity.

4. Cooperation in the orderly transition of this matter, including responding to reasonable inquiries from me or from successor counsel (when retained) and promptly identifying in writing any pending deadlines, communications, drafts, court filings, arbitration submissions, or other matters of which I should be aware.

This email is also being sent to Ms. Ludeke and to the paralegal known to me as "MJ" at Mack Law Firm, consistent with Ms. Mack's prior practice of including them on case communications, so that they receive

Docusign Envelope ID: 83049937-C8B8-81C4-8341-4BC485E8084C

direct notice of the foregoing. By this email, I am directly informing them that the representation has been terminated effective the date of this email, and I respectfully request that they cease any further work on, or activity related to, my matters as of that date.

I am reserving all rights and claims, including but not limited to those arising under applicable rules of professional conduct, malpractice principles, fiduciary duty principles, and any other applicable law. Nothing in this email shall be construed as a waiver of any such right or claim.

Please direct all future communications to me at this email address. Please do not direct further communications to any third party (including but not limited to opposing counsel) on my behalf.

Thank you.

Sincerely,

Matthew Joyce
Joyce v. ARB Gaming LLC dba Modo. US, et al., No. 2:25-cv-01868-DJC-CSK (E.D. Cal.)

Docusign Envelope ID: 83049937-C8B8-81C4-8341-4BC485E8084C

# EXHIBIT C

EXHIBIT C – PAGE 9



**THE MACK**
**— LAW FIRM —**

4242 Six Forks Rd | Ste. 1550
Raleigh | NC 27609
Tel: 984-480-7147

AMINA M. MACK, Esq
Tel: 984-480-7147
legal@themacklaw.com

**June 25, 2026**

**VIA EMAIL**

Matthew Joyce
600 Market Grove Drive, Suite 100
Wake Forest, NC 27587
m.joyce07@proton.me

**Re: Closing Letter, Case File Transmittal, and Retainer Accounting**

Dear Mr. Joyce:

We acknowledge receipt of your correspondence regarding post-withdrawal file return, Amazon service materials, correspondence handling, and retainer accounting. We also acknowledge your updated address as follows:

**600 Market Grove Drive, Suite 100**
**Wake Forest, NC 27587**

The Firm will use this address for any future correspondence unless you provide different instructions in writing.

We understand the seriousness of your concerns. The purpose of this letter is to respond in writing, item by item, and to confirm that the accompanying email transmits the available case-file materials, Amazon service materials, and retainer accounting as one complete package.

**1. Amazon Service Status**

The Firm is attaching the available proof of service for Amazon.com, Inc. to the same email transmitting this letter.

The proof of service reflects that Amazon.com, Inc. was served with the Summons and Corrected Amended Complaint by personal service on March 23, 2026, at 12:52 PM. The proof identifies Heather Hughes as the person served on behalf of Amazon.com, Inc., and lists the service address as 2626 Glenwood Ave., Suite 550, Raleigh, North Carolina 27608. The proof of service was executed by Eric Dockery and is dated March 23, 2026. The proof also identifies Tracking No. 0214740921 and Ref. No. RB-30837.

Docusign Envelope ID: 83049937-C8B8-81C4-8341-4BC485E8084C

For ease of reference, the Amazon service information is summarized below:

| Item | Service Information Reflected in Proof |
|---|---|
| Case number shown on proof | 2:25-cv-01868-DJC-CSK |
| Party served | Amazon.com, Inc. |
| Documents served | Summons; Corrected Amended Complaint |
| Method of service | Personal service |
| Date and time of service | March 23, 2026 at 12:52 PM |
| Person served | Heather Hughes |
| Service address | 2626 Glenwood Ave., Suite 550, Raleigh, NC 27608 |
| Person who served papers | Eric Dockery |
| Tracking / reference numbers | Tracking No. 0214740921; Ref. No. RB-30837 |

Accordingly, the attached proof of service is the service documentation in the Firm's possession reflecting service on Amazon.com, Inc. The proof is being transmitted with this letter as part of the complete file-return package.

**2. Address-Change Acknowledgment and Goldman Sachs Correspondence**

As stated above, we acknowledge your updated address: 600 Market Grove Drive, Suite 100, Wake Forest, NC 27587.

Regarding the correspondence referenced in the Firm's June 15, 2026, email as a "letter from the credit card company," the Firm is including the available correspondence in the case-file materials transmitted with this letter. To the extent that correspondence was from or related to Goldman Sachs Bank USA, it is included in the file package being returned to you. For completeness, the USPS tracking information for the May 18, 2026 letter is USPS Tracking No. 9589071052702084414381.

The file package also includes available correspondence and case materials maintained by the Firm concerning communications from named Defendants, counsel of record, court personnel, case managers, and related litigation or arbitration contacts. During the representation, communications with counsel of record and case-management contacts were forwarded to you in real time when received or as the matter developed. To avoid any issue concerning completeness, the Firm confirms that the available counsel and case-management communications maintained in the client file were previously forwarded to you during the representation and are already in your possession. Following a reasonable review of the file,

the Firm is not aware of any additional counsel-of-record or case-management communications maintained in the client file that were not already forwarded to you.

## 3. Case Files Attached as Email Package

The Firm is providing the case file materials in the format maintained by the Firm and reasonably available for production, consistent with the file-return process described in this letter. This includes native-format documents where such native files exist in the Firm's file, including Microsoft Word documents and other editable files where applicable.

For emails, the Firm is providing available email records and communications maintained in the file as part of the returned client file. During the representation, email records and communications were forwarded to you in real time. Where messages are maintained in exportable native email format, those records are being provided in that format to the extent reasonably available. Where communications were maintained through Clio, court systems, JAMS, PDF filings, forwarded correspondence, or other litigation-management systems, they are being provided in the format available from those systems.

The Firm has not intentionally scrubbed metadata from the file materials being returned as part of the client file. Some materials, including court filings, docket entries, service documents, PDF correspondence, exported Clio materials, or third-party records, may not contain editable metadata or may only exist in the format in which they were received, filed, exported, or maintained.

As noted above, the Firm previously forwarded communications with counsel of record and case-management contacts during the representation. Those communications are already in your possession, and the Firm is not separately resending or supplementing those communications outside this file-return package.

## 4. Retainer Accounting

You paid a $20,000.00 retainer in connection with the Firm's representation in the federal civil litigation and related arbitration matters. Attorney Mack's hourly rate for this matter was $450.00 per hour. At that rate, the $20,000.00 retainer covered approximately 44.44 hours of attorney time.

The following accounting is a good-faith reconstruction and summary of the legal services reflected in the Firm's records, including pleadings, docket activity, arbitration materials, correspondence, internal notes, service records, court filings, JAMS-related materials, and case-management entries.

This accounting includes not only drafting and filing-related work, but also the substantial time required to review and respond to the volume of client communications, track multiple follow-up issues, revise pleadings and case materials, and manage overlapping federal-court and JAMS-related deadlines.

| Work Performed / Representative File Activity | Approx. Hours | Amount at $450/hr |
|---|---|---|
| Client intake, onboarding, matter opening, and retainer review<br>Review of intake questionnaire, matter setup, retainer agreement, initial file organization, case export/import into Clio, and opening communications. | 3.2 | $1,440.00 |
| Initial factual review and case assessment<br>Review of client-provided materials, factual chronology, identification of claims and procedural issues, review of case posture, and internal strategy assessment. | 5.8 | $2,610.00 |

3

| Work Performed / Representative File Activity | Approx. Hours | Amount at $450/hr |
|---|---|---|
| **Federal litigation review and appearance work**<br>Notice of appearance issues, pro hac vice review, PACER/e-filing access, docket monitoring, review of court orders, and federal procedural coordination. | 6.4 | $2,880.00 |
| **Complaint, amended complaint, and repeated revision work**<br>Review of pleadings, redlines, amendment strategy, consent/motion issues, court deadline review, preparation and revision of amended complaint materials, multiple rounds of client-requested revisions, review of extensive client emails, after-hours/weekend review, and tracking of follow-up issues raised across multiple communications. | 14.8 | $6,660.00 |
| **Arbitration/JAMS-related work**<br>Review of JAMS materials, arbitrability issues, JAMS Case No. 5100003080, communications concerning Judge Leen, and response/strategy work related to arbitration proceedings. | 7.6 | $3,420.00 |
| **Service, summons, and party tracking**<br>Coordination and tracking of service and summons issues involving Amazon, Apple, Affirm, ARB Gaming LLC, Goldman Sachs Bank USA, and related party/counsel appearances. | 4.9 | $2,205.00 |
| **Opposing counsel and case-manager communications**<br>Review, preparation, and forwarding of communications with opposing counsel, court personnel, arbitration/case-management contacts, extension requests, stipulations, and hearing coordination. | 5.1 | $2,295.00 |
| **Research and procedural analysis**<br>Legal and procedural research concerning amendment, arbitrability, withdrawal, party appearances, service status, federal docket requirements, and JAMS/federal overlap. | 5.3 | $2,385.00 |
| **Withdrawal and transition work**<br>Withdrawal paperwork for federal and JAMS matters, communications with Judge Leen and counsel, client meeting/transition work, and related file review. | 3.0 | $1,350.00 |
| **File closure and transmittal package**<br>Preparation of closing correspondence, file package, proof-of-service transmittal, review of case materials to be returned, and final accounting. | 1.5 | $675.00 |
| **Total Good-Faith Reconstructed Time** | **57.6** | **$25,920.00** |

| Retainer Summary | Amount |
|---|---|
| Retainer paid | $20,000.00 |
| Total value of reconstructed attorney time | $25,920.00 |
| Amount exceeding retainer | $5,920.00 |
| Courtesy write-off by Firm | ($5,920.00) |
| **Additional balance due from you** | **$0.00** |
| **Refund due** | **$0.00** |

4

Accordingly, the Firm's records reflect that the $20,000.00 retainer has been fully earned and exhausted. Although the value of the legal services performed exceeded the retainer, the Firm is waiving the excess balance as a courtesy and will not seek additional payment from you.

Because there is no unearned retainer balance, there is no refund due.

## 5. Prior Written Request and File Transmittal

We acknowledge your prior written request and understand that this email supplements, rather than replaces, your earlier request.

This correspondence and the accompanying production are intended to provide a complete written response to the issues you identified, including: Amazon service materials, file return, correspondence handling, native-format records where reasonably available, and retainer accounting.

For clarity, the email transmitting this letter includes the following as one file-return package:

1. This response letter and retainer accounting;
2. The available Amazon service materials/proof-of-service documents maintained in the Firm's file;
3. The available case-file materials maintained by the Firm;
4. Available case-management and counsel-of-record communications maintained in the client file, which were forwarded to you during the representation and are already in your possession.

The Firm remains mindful of its continuing obligations concerning confidentiality, former-client duties, return of client property, and accounting for fees. The Firm has endeavored to return the file materials in an organized and complete manner based on the records maintained during the representation.

Sincerely,
/s/ Amina M. Mack
**Amina M. Mack, Esq.**

5

Docusign Envelope ID: 83049937-C8B8-81C4-8341-4BC485E8084C

Matthew Joyce
600 Market Grove Driv
Wake Forest, NC 2758⁊
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se



| | |
|---|---|
| MATTHEW JOYCE, an individual, | Case No.  2:25-cv-01868-DJC-CSK (PS) |
| Plaintiff, | |
| v. | **DECLARATION OF MATTHEW JOYCE (28 U.S.C. § 1746)** |
| ARB GAMING LLC dba MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC., | |
| Defendants. | |

I, Matthew Joyce, declare under penalty of perjury under the laws of the United States:

1. I am the Plaintiff and I proceed pro se. I make this declaration in support of my motion to extend time and my request to decide it on the papers on shortened time. The facts are within my personal knowledge; if called, I could and would testify to them.

2. Four dispositive motions are pending against me — ECF 56, 57, 60, and 64 — with oppositions due July 20, 2026 (ECF 81). A fifth Defendant, Amazon.com, Inc., has not appeared, and I preserve all rights as to Amazon, including as to service.

3. My first attorney, Reshma Kamath, was terminated by Minute Order after her

DECLARATION OF MATTHEW JOYCE - 1

disbarment. My second attorney, Amina Mack, moved to withdraw on May 20, 2026 (ECF 47); the Court found that motion defective (ECF 48) and later granted withdrawal on May 31, 2026 (ECF 58). I have since represented myself.

4. My former counsel has not returned my complete client file. Her June 25, 2026 closing letter states that email records and communications "were forwarded to you in real time" and that her firm was "not aware of any additional counsel-of-record or case-management communications maintained in the client file that were not already forwarded to you." I did not receive the correspondence between her and ARB's counsel. I first saw it when ARB filed it as an exhibit in support of ECF 56. I retain the email accounts through which I communicated with her and am prepared to produce those messages, with full headers and metadata intact, if the Court wishes to review them.

5. My former counsel remains counsel of record for interpleader-party Jamie Stahura. Ms. Stahura terminated the representation on June 16, 2026 and filed a pro se notice on June 30, 2026 (ECF 77). On July 13, 2026, the Court directed that counsel file a noticed motion to withdraw (ECF 87). To my knowledge no such motion has been filed.

6. On May 26, 2026, my former counsel wrote to me that Amazon.com, Inc. was "Served 3/23/26" and that "a Motion for Default Judgment can be filed." She did not file one. Her firm transmitted the Amazon proof of service to me on June 25, 2026, the eve of my then-operative opposition deadline. I filed it on June 30, 2026 (ECF 78) with a request for entry of default, and the Court declined to enter default (ECF 86).

7. Following Goldman Sachs' proposal, I circulated a proposed Stipulation and [Proposed] Order to all Defendants for a seven-day extension. The appearing Defendants agree to the briefing schedule, but the parties do not agree on the hearing date and not every Defendant is in a position to sign a single stipulation. Amazon.com, Inc. has not

DECLARATION OF MATTHEW JOYCE - 2

appeared and cannot sign. A fully-executed stipulation could not be obtained.

8. I request shortened time because the deadline is July 20, 2026 and there is insufficient time for ordinary noticed-motion briefing before it expires; I could not obtain a stipulation for shortened time for the same reasons a stipulation on the merits could not be obtained.

9. By order ECF 74, the Court granted me electronic service to m.joyce07@proton.me and I waived first-class mail. The docket lists my email as m.joyce07@pronton.me — a typo — so I have received no electronic notifications and have monitored the docket through PACER. I have reported the error to the Clerk's Office CM/ECF Help Desk and will file a Notice of Correction.

10. Attached are true and correct copies of documents I received from my former counsel during and after her representation of me, which I have maintained in the ordinary course: Exhibit A, her email of May 20, 2026 to me and to Jamie Stahura; Exhibit B, her email of May 26, 2026 to me; and Exhibit C, her letter of June 25, 2026 transmitting the closing letter, case-file materials, and retainer accounting. I received each of these documents at the email address identified above.

11. I do not seek this extension for delay. I need a short additional period to prepare my oppositions without counsel and without the client file I am still owed.

Executed on July 20, 2026, at Wake Forest, North Carolina.

Signed by:

*Matthew Joyce*
—07B601B840D34AB...

Matthew Joyce
Plaintiff, Pro Se
600 Market Grove Dr #100
Wake Forest, NC 27587
Phone: (919) 259-4661
Email: m.joyce07@proton.me

DECLARATION OF MATTHEW JOYCE - 3

Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ARB GAMING LLC dba MODO.US;<br>AFFIRM, INC.;<br>GOLDMAN SACHS BANK USA;<br>APPLE INC.;<br>AMAZON.COM, INC.,<br><br>Defendants. | Case No.  2:25-cv-01868-DJC-CSK (PS)<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S NOTICED MOTION TO EXTEND TIME TO RESPOND TO ECF NOS. 56, 57, 60, AND 64 (FED. R. CIV. P. 6(b)(1)(A); E.D. CAL. L.R. 144); REQUEST TO DECIDE ON THE PAPERS ON SHORTENED TIME** |

Having considered Plaintiff's motion and finding good cause, and good cause appearing to decide the motion on the papers on shortened time, IT IS ORDERED:

(1) Plaintiff's deadline to respond to ECF Nos. 56, 57, 60, and 64 is extended to July 27, 2026;

(2) Defendants' reply deadline is extended to August 10, 2026.

IT IS SO ORDERED.


Dated: _____          _____
                                HON. CHI SOO KIM
                                UNITED STATES MAGISTRATE JUDGE

[PROPOSED] ORDER GRANTING PL.'S MOTION TO EXTEND - 1