Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

**FILED**

JUL 28 2026

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ARB GAMING LLC dba MODO.US;<br>AFFIRM, INC.;<br>GOLDMAN SACHS BANK USA;<br>APPLE INC.;<br>AMAZON.COM, INC.,<br><br>Defendants. | Case No.  2:25-cv-01868-DJC-CSK (PS)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT APPLE INC.'S MOTION TO DISMISS (ECF 57)**<br><br>Hearing: August 25, 2026, 10:00 a.m., Courtroom 25 (Zoom) — Hon. Chi Soo Kim |

## I. INTRODUCTION

Plaintiff begins with genuine respect. Apple is represented by able counsel who have treated a self-represented litigant with courtesy, and Plaintiff does not pretend to match their resources. Respect for the advocate is not agreement with the argument. On the record this Court must accept as true at this stage, Apple's motion fails.

One question runs through this entire case: **whose terms, and can anyone produce them?** The operator that demanded arbitration could not produce its terms to Plaintiff's bank when the bank asked for them during the dispute. The bank adjudicated Plaintiff's money on

PLAINTIFF'S OPPOSITION TO APPLE MOTION TO DISMISS - 1

terms it never showed him. And on Apple's own branded support channel, an advisor told Plaintiff in writing, on October 25, 2025: "For Apple Advisors at the moment the situation is that we are not given access to the Terms and Conditions of their procedures." No one in this dispute has produced the governing terms — to the customer, to the bank, or apparently to the front-line advisors selling the product. That is the backdrop against which Apple asks this Court to treat it as a blind stranger with no possible duty and no possible stake.

Apple's own motion supplies the answer to its central premise. Apple tells the Court, repeatedly, that "Apple Pay serves as a neutral conduit for bank-issued cards," that Apple "has no role in authorizing or declining a transaction made through Apple Pay," and that Apple "does not approve or monitor these bank-to-bank transactions." ECF 57-1 at 3–4, 16. Plaintiff takes Apple at its word on the dispositive point: that describes **payment conduct for a fee** — not the publishing of anyone's speech. That is the very line the authority Apple leans on drew: "payment processing is not an act of publishing." *In re Apple Inc. App Store Simulated Casino-Style Games Litig.*, 806 F. Supp. 3d 1015, 1031 (N.D. Cal. 2025). Payment conduct is the domain of the unfair-competition and aiding-and-abetting claims Plaintiff pleads, and it is outside Section 230.

"Neutral," though, is Apple's characterization, not the record's — and two matters cannot be reconciled with the "blind stranger" premise, neither depending on a generic duty to police all commerce. Apple's ecosystem advertises device-location and fraud monitoring and, on the facts Plaintiff will detail, held that data during the period at issue while U.S.-restricted charges cleared; and Apple hosts and distributes the defendant's own application under a signed developer agreement. Apple put both in issue itself — grounding its "neutrality" on its own marketing pages, and telling the Court there is "no … commercial relationship with ARB Gaming."

A word on the pleading, with candor. The operative pleading uses two framings Plaintiff has consistently asked to correct — it pleaded "gambling disorder" as if it were a standalone

disability, and it used the phrase "gambling losses," the words that invite the bar Apple presses. Plaintiff's position, then and now, is that his gambling behavior was a **comorbid symptom** of a diagnosed bipolar disorder, not a freestanding disability, and that against Apple his disability matters only in bearing on why he is **not** *in pari delicto* with the operator that exploited him. Plaintiff asserts no civil-rights claim against Apple and does not contend Apple knew of his disability. A pleading whose wording the client tried to correct is the paradigm of a curable defect — not a candidate for dismissal with prejudice.

The Complaint states cognizable claims, and Apple's own motion and its own storefront supply much of the proof. At the very least, any deficiency is curable under Rule 15(a)(2). Apple's motion should be denied; any dismissal should be with leave to amend.

## II. STATEMENT OF FACTS ACCEPTED AS TRUE

On a Rule 12(b)(6) motion the following well-pleaded allegations are taken as true and construed in Plaintiff's favor.

**The operation and its dual-currency mechanic.** ARB Gaming operates "Modo.us," an online gambling operation that ARB "disguised … as a 'sweepstakes' platform to evade gambling regulations." Compl. ¶¶ 22–23. The platform supplied "consideration (VIP gifts from allocated budgets), chance (gambling games), and prizes (cash redemptions)." *Id.* ¶ 289; *see id.* ¶¶ 29, 34. The mechanic is a two-currency system: each priced purchase dispenses non-redeemable "Gold Coins" alongside redeemable "Sweeps Coins," and Sweeps Coins are cashed out to a real bank account. ARB issued Plaintiff a Form 1099 reporting approximately $61,000 in winnings to the IRS — "a tax reporting mechanism used exclusively by gambling establishments." *Id.* ¶ 24. The Arizona Department of Gaming issued a cease-and-desist naming "ARB Gaming, LLC d/b/a Modo.us" and **alleging** a felony criminal enterprise. *Id.* ¶¶ 25, 95–96.

**Apple's role.** Apple identifies "only nine … factual allegations specific to Apple," ¶¶

138–146. ECF 57-1 at 1. Taken as true, those paragraphs allege that Plaintiff "used Apple Pay to process approximately seventy-five percent of all his gambling transactions to ARB Gaming" across "credit cards, debit cards, and Affirm loans" (¶¶ 139–140); that "[n]early all Affirm loans were processed through Apple Pay, generating additional transaction fees for … Apple" (¶ 116); that "Apple Pay's systems processed eighteen instant loan disbursements to a single gambling merchant within forty-eight hours without flagging the pattern" (¶ 120); that Apple's systems "observed th[e] sustained pattern of high-velocity transactions to a single gambling merchant" and yet "never flagged," "never stopped," and "never implemented any intervention" while "collect[ing] fees on every transaction" (¶¶ 141–146). The UCL, unjust-enrichment, payment-processor, and aiding-and-abetting counts allege Apple "processed" this stream "without intervention while collecting fees." *Id.* ¶¶ 299, 309, 406, 411.

**The credit instruments carried on Apple's rail.** Apple Pay was the common rail for the credit instruments at the center of the credit harm Plaintiff alleges. It carried nearly all of the Affirm loans Plaintiff took to fund the activity, including eighteen instant disbursements in a forty-eight-hour window (¶¶ 116, 119–120). It also carried charges on Plaintiff's Goldman-issued Apple Card. Plaintiff pleads **no** default on that Apple Card; his Experian disclosure reflects a card that was never delinquent and was closed at the grantor's request. Apple's role as to both instruments was the payment rail — nothing more — and Plaintiff attributes no conduct of any credit issuer to Apple.

**Plaintiff's condition, and ARB's knowledge.** Plaintiff suffers from a diagnosed bipolar disorder, with gambling behavior alleged as a comorbid symptom (¶¶ 17–21, 40, 224). ARB targeted him with "Black Diamond"/VIP status, a dedicated host, and gifts, with actual knowledge of his "severe mental health crisis and disabilities." *Id.* ¶¶ 27–34, 49–52, 204. The Apple-specific knowledge allegations concern the transaction pattern Apple's systems observed

(¶¶ 141–142, 406); the Complaint does **not** allege Apple knew of Plaintiff's disability, and Plaintiff does not so contend.

**Apple's own published materials (judicially noticeable).** Apple has published App Review Guidelines 5.3 and 5.3.4, which govern real-money gaming and require such apps to be licensed and geographically restricted. Apple's public App Store lists "Modo Casino Slots & Games" (App ID 6741076536) with the seller identified as defendant **ARB Gaming LLC** (Developer ID 1792917324), classified under "Casino," rated 18+, carrying Apple's own descriptor "Simulated Gambling — Frequent" (RJN Ex. 1). These are offered for the **fact of their existence and content**, not the truth of any disputed matter. The listing's initial release date (**May 6, 2025**) postdates Plaintiff's September 2024–April 2025 activity, so it establishes Apple's **present** relationship with and classification of the defendant — not period-of-conduct knowledge, and not that his play-era payments were in-app purchases (they ran through Apple Pay).

### III. LEGAL STANDARD AND SCOPE OF REVIEW

A Rule 12(b)(6) motion tests the sufficiency of the pleading, not the merits. The Court accepts all well-pleaded allegations as true and draws all reasonable inferences in Plaintiff's favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pro se pleading is held to "less stringent standards" and "must be construed liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Where a defect can be cured, leave to amend is "freely" given. Fed. R. Civ. P. 15(a)(2); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Two matters of scope frame the motion. **First**, the inquiry is confined to the well-pleaded allegations and matters properly subject to judicial notice; the Court may not resolve disputed facts against the plaintiff. Apple's central factual premise — that "Apple Pay does not process payments" and "simply transmits payment information" — is not drawn from the Complaint.

Apple sources the mechanism to two of its own webpages, a "Security and Privacy Overview" and a developer video. ECF 57-1 at 1, 3. Those are Apple's own marketing and developer materials; they contradict the well-pleaded allegation that Apple Pay is a "digital payment processing service" whose systems "process[ed] each transaction" (¶¶ 138, 141), and they are not judicially noticeable for the **truth** of a disputed fact. The Court should disregard them on this motion. **Second**, Plaintiff's Request for Judicial Notice asks the Court to notice only the **existence and content** of two of Apple's own publicly maintained storefront pages — its App Store listing for the ARB application and its developer page for ARB Gaming LLC — not the truth of any disputed application of them. Facts within Plaintiff's personal knowledge that lie outside the pleading are set out in the concurrently filed **Declaration of Matthew Joyce ("Joyce Decl.")** and are referenced only where the standard permits matters outside the pleadings — to impeach the extrinsic materials Apple offered, and on leave to amend. They are not offered to supply the truth of any disputed fact on the Rule 12(b)(6) inquiry.

## IV. ARGUMENT

### A. The Complaint pleads an unlawful-gambling predicate. (Answering Motion § I.)

Apple argues that Plaintiff never alleges *how* ARB's product is unlawful gambling and that "gambling transaction" is a conclusory label. ECF 57-1 at 5–7. There are three answers.

**The elements of a California lottery are pleaded.** California defines an unlawful lottery by three elements — consideration, chance, and prize — and looks to substance over the promoter's chosen label. Cal. Penal Code §§ 319, 330; *see also id.* § 337j. The Complaint pleads each: **consideration** (the price paid, and VIP gifts "constitut[ing] … 'consideration' under Cal. Penal Code § 330," ¶¶ 29, 34); **chance** (the "gambling games," ¶ 289); and a cash-redeemable **prize** ("prizes (cash redemptions)," ¶ 289; the winnings ARB reported to the IRS, ¶ 24). Apple's demand that Plaintiff describe each game screen-by-screen mistakes Rule 8 for a fact-pleading

code; the elements, tied to specific statutes, suffice, and whether the games in fact satisfy them is a merits question. California law supplies the predicate because Plaintiff's operative claims arise under California statutes — the UCL and Cal. Penal Code §§ 319, 330, 337j — and Apple's own motion invokes California public policy. Apple's footnote 1 (that Plaintiff does not allege where he played) does not defeat a predicate grounded in the statutes his own claims invoke.

**Apple's own footnote supplies the mechanic's legal description.** Apple faults the Complaint for not describing "how the … sweepstakes feature allegedly worked." ECF 57-1 at 6. But Apple's own footnote 2 recites the very mechanic: a "dual-currency system of payment that allows a person to play or participate" for "direct" or "indirect consideration" for the chance at "a prize, award, cash, or cash equivalents." *Id.* at 7 n.2. That is exactly the two-currency structure the Complaint alleges — paired Gold Coins and redeemable Sweeps Coins — and the Sweeps side is in fact cashed out to a bank account. Real money moving out to a bank account is not "just" a sweepstakes with nothing at stake.

**A regulator's official act supplies the rest.** The Arizona Department of Gaming's April 2025 cease-and-desist names "ARB Gaming, LLC d/b/a Modo.us" and alleges felony gambling promotion and money laundering (¶¶ 25, 95–96) — offered for the **fact of its issuance**, not the truth of its allegations, and Plaintiff never says charges were "filed" or proven. Apple's retroactivity point answers a claim Plaintiff does not press: Plaintiff does not contend A.B. 831 governs his pre-2026 transactions (¶ 388); he cites A.B. 831 and new Cal. Penal Code § 337o only as the Legislature's public-policy **confirmation** that this dual-currency model is unlawful gambling. The pre-2026 predicate rests on §§ 319, 330, and 337j, in force throughout. To the extent the Court wants the mechanic stated with more particularity, that is a matter for amendment, not dismissal with prejudice.

**B.** ***Kelly*'s gambling-loss bar does not reach a plaintiff who is not *in pari delicto*, and the**

measures sought from Apple are not gambling losses. (Answering Motion § II.)

Apple's threshold public-policy bar rests on *Kelly v. First Astri Corp.*, 72 Cal. App. 4th 462 (1999). It does not fit this case, for three reasons, and Apple's own MDL authority marks the line.

**First — the ground Plaintiff leads with — a defrauded, exploited, incapacitated plaintiff is not *in pari delicto*.** *Kelly*'s rule rests on the premise that "the illegality of the transaction makes the loser *in pari delicto* with the winner." *Id.* at 477, 490. That assumes two participants of equal fault. The Complaint pleads the opposite: a consumer in documented psychiatric crisis, deliberately targeted, fast-tracked to the operator's highest VIP tier, and plied with gifts by an operation a regulator has described in writing as a felony enterprise (¶¶ 27–34, 49–52, 289). California's policy exists to keep courts out of squabbles between equally guilty gamblers — not to immunize those who profited from exploiting a vulnerable consumer.

**Second, *Kelly* concerns parties to the same wager, not a fee-taking intermediary.** *Kelly* arose where a gambling participant sued the casino to recover his own losses. *Id.* at 477. The phrase Apple builds its heading around — "non-participant intermediary" — is Apple's gloss, not a holding of *Kelly*. Apple's lead authority, the *Simulated Casino* MDL, did bar loss-recovery claims against a platform — but on **in-app purchases through Apple's storefront**, with Apple in the payment chain taking a revenue share. Plaintiff's play-era payments ran through Apple **Pay** as a conduit, not through the App Store; and, as shown next, the measures he seeks from Apple are not wager recovery at all.

**Third, the measures Plaintiff seeks from Apple are not gambling losses.** As to Apple, the operative measures are the transaction fees Apple obtained on Plaintiff's stream (¶¶ 141, 146, 309) and the **credit harm** carried on Apple's rail — the finance charges and derogatory Affirm tradelines that flow from the loan-funded transactions Apple Pay carried (¶¶ 116, 119–120).

Those downstream credit injuries are not the recovery of a wager and would exist independent of whether any wager is itself recoverable. Apple's own authority draws the line: in the *Simulated Casino* MDL, Judge Davila dismissed the gambling-**loss-recovery** claims but — as Apple's footnote 3 concedes — did **not** dismiss the **consumer-protection** claims, which "needed further development." ECF 57-1 at 16 n.3; 806 F. Supp. 3d at 1044–45. That defeats Apple's absolutism — the MDL court saw "no path … to plead around this policy," but said so as to gambling-loss recovery, not consumer protection. To the extent any prayer language still reads on "gambling losses," Plaintiff does not press that measure against Apple and will conform the pleading by amendment.

**C. The UCL claim states a claim (Count VI). (Answering Motion § III.A.)**

**Standing / economic injury.** The injury is not, as Apple frames it, a fee Plaintiff "paid" to Apple; it is the economic loss Plaintiff suffered on the payment stream Apple's rail carried to an unlawful operation while — on the well-pleaded facts — Apple's systems "observed th[e] sustained pattern" to a single gambling merchant and declined to intervene (¶¶ 141–142, 299). Apple's authorities do not reach those pleaded facts: they involved passive networks or platforms "not involved" in the transaction, with no monitoring and no pattern pleaded. Here the Complaint pleads a platform whose own systems observed the pattern (¶¶ 141–142) — a difference that is a fact question, not a Rule 12 matter. Causation is pleaded, not conjectural: Apple's frictionless rail was the but-for conduit through which the loss-producing payments to ARB in fact moved (¶¶ 139–141), and the measure Plaintiff seeks from Apple — the fees taken on that stream and the credit harm carried on its rail — is loss traceable to Apple's own conduct, not merely to ARB's. The allegation that Apple Pay carried the majority of the stream (¶ 139) is assumed true; Apple's response that the figure "does not matter" is a legal-duty argument, not a factual denial.

**Restitution / vested interest.** UCL restitution reaches "money or property in which [the

plaintiff] has a **vested interest**." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149 (2003) — Apple's own cite. Plaintiff accepts that restitution requires a vested interest in identifiable money and does not overstate the point. The measure Plaintiff will plead by amendment is not the interchange fee in the abstract but the funds that moved on **Plaintiff's own transactions** through Apple's rail — money in which Plaintiff plainly held an interest, from which Apple's take was derived. That is a curable pleading question, not a basis for dismissal with prejudice.

**Adequate remedy / injunctive standing.** *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 841–44 (9th Cir. 2020), requires a plaintiff seeking UCL equitable relief to establish the inadequacy of a legal remedy. Rule 8(d) permits pleading legal and equitable remedies in the alternative, and any *Sonner* shortfall is at most a basis for dismissing the **equitable prayer without prejudice** — not the retrospective, restitutionary aspects of the count, and not a merits dismissal with prejudice. As to the forward-looking injunction, Plaintiff does not rest the claim on a threat that he will gamble again and does not oppose narrowing it.

**D. The unjust-enrichment claim states a claim (Count VII). (Answering Motion § III.B.)**

**Not duplicative.** As Apple's own authority — an opinion of this Court — holds, when a plaintiff pleads unjust enrichment "a court may construe the cause of action as a quasi-contract claim seeking restitution." *Echo & Rig Sacramento, LLC v. AmGuard Ins. Co.*, 698 F. Supp. 3d 1210, 1218 (E.D. Cal. 2023). So construed, the claim states a recognized theory. Overlap with the UCL claim is, at most, a reason to require an election at judgment — not to dismiss a plausibly pleaded quasi-contract theory with prejudice at the pleading stage.

**Benefit unjustly retained.** Apple took a fee on the transactions it carried (¶ 309) while its systems observed the harmful single-merchant pattern and it declined to intervene (¶¶ 141–142) — not the "incidental" benefit conferred while pursuing unrelated ends. Apple's contention that

the fee came from an issuing bank, not Plaintiff (ECF 57-1 at 14), raises the same "at Plaintiff's expense" question as § C — the funds moved on Plaintiff's own transactions — which Plaintiff will plead with precision by amendment.

**E. Count XI's label is not dispositive; Apple is not the neutral stranger it describes, and Section 230 does not apply. (Answering Motion § III.C.)**

Apple's motion stands or falls on one premise, repeated in every section: that Apple is a "neutral conduit" and a stranger to ARB with "no … commercial relationship" and no ability to see what it carried. ECF 57-1 at 16.

At the threshold, Apple's recurring demand that Plaintiff identify an affirmative "duty … to monitor or prevent" his transactions (ECF 57-1 at 1, 16) attacks a claim Plaintiff does not assert. No freestanding duty to monitor is an element of the claims actually pleaded: the UCL "unfair" prong turns on weighing the harm of a business practice against its utility, and aiding-and-abetting turns on knowledge of, and substantial assistance to, ARB's breach — not on any independent Apple duty of oversight. Apple's no-duty argument answers a tort Plaintiff has not brought.

On the record already available, Apple's "neutral stranger" premise cannot be reconciled with Apple's own materials, in two independent ways — neither of which depends on a generic duty to monitor all commerce.

**1. Geolocation — Apple's own ecosystem advertises device-location and fraud monitoring.** Apple advertises device-location awareness and fraud protection as core Apple Pay features. A company that markets location-aware fraud monitoring cannot establish on a Rule 12 motion that it was "blind" to what it transmitted — that is a fact question, not a pleading defect, and to the extent it bears on any element it is curable by amendment. Plaintiff offers Apple's own marketing only to **impeach** the "neutrality" Apple built on its own extrinsic materials, not to resolve any disputed fact now.

**2. Apple hosts and distributes the defendant's own app — a commercial relationship by definition.** Apple tells the Court that "[n]o allegations allow a reasonable inference that Apple has any commercial relationship with ARB Gaming." ECF 57-1 at 16. Apple's own storefront refutes that in the present tense. Apple's App Store lists "Modo Casino Slots & Games" (App ID 6741076536) and identifies the developer/seller as the defendant itself — **ARB Gaming LLC** (Developer ID 1792917324) (RJN Ex. 1). A developer account is not a stranger relationship; it is a signed Apple Developer Program agreement with Apple distribution and revenue-share terms. Apple also authored the very category into which it placed the app: "Casino," 18+, "Simulated Gambling — Frequent." Plaintiff is candid about scope: the listing's initial release date (May 6, 2025) postdates the conduct, so it is deployed only to refute Apple's present-tense "no commercial relationship" line — not as proof of Apple's period-of-conduct knowledge or that his play-era payments were in-app purchases (they were Apple Pay). ARB's own terms carry the platform-required disclaimer that the service is "not sponsored, endorsed, or administered by, or associated with Apple®" — an **association disclaimer**, not a liability waiver, whose very existence is a platform-imposed term corroborating the developer relationship, and which cannot in any event disclaim Apple's liability to Plaintiff because Apple is not a party to ARB's terms.

**Count XI and Section 230.** Apple is correct that there is no freestanding tort called "Payment Processor Liability." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Plaintiff does not defend Count XI as an independent cause of action. But a caption does not control where the pleaded facts state a recognized claim (Fed. R. Civ. P. 8), and the conduct Count XI pleads — that Apple supplied the payment rail that carried the single-merchant gambling stream, observed the pattern, collected fees, and never intervened (¶¶ 396, 398, 400, 411) — is the same conduct supporting Counts VI and XII. The appropriate disposition is to fold those facts into Counts VI

and XII by amendment, not to dismiss them with prejudice. As for Section 230: Plaintiff raised it (¶ 386) only to answer a shield Apple might assert. Judge Davila held that "payment processing is not an act of publishing" and on that basis **denied** Section 230 immunity for the payment-processing theory. 806 F. Supp. 3d at 1031. The MDL court's observation that "[p]rocessing a payment is not taking a bet or passing out chips" was part of its separate **RICO** analysis, 806 F. Supp. 3d at 1046 — not any holding that a payment platform is immune from unfair-competition or aiding-and-abetting liability. On this record, Apple's "we cannot see it" assertion is at most a disputed fact — not a basis for dismissal.

**F. Count XII pleads substantial assistance, and the knowledge element is curable — Apple was engaged, not the blind stranger it describes. (Answering Motion § III.D.)**

Aiding-and-abetting under California law requires actual knowledge that the primary actor's conduct breaches a duty, and substantial assistance to that conduct. *In re First All. Mortg. Co.*, 471 F.3d 977, 993 (9th Cir. 2006) — Apple's own cite for the standard. Plaintiff pleads substantial assistance now and, with candor, identifies knowledge as the element most in need of amendment — and one he can strengthen with facts already in hand.

**Substantial assistance is payment conduct, not publishing.** Apple Pay served as the frictionless common rail that carried not only Plaintiff's card payments but the loan-funded transactions — including eighteen instant loan disbursements to a single gambling merchant in forty-eight hours (¶ 120) — collecting a fee on each while never intervening (¶¶ 141–146). As Plaintiff will detail on amendment, the pattern was not a single card "maxed" once; it was a sustained cycle of serial card-rotation through the one Apple Pay wallet, each funding card spent to its issuer's cutoff before the next, carried by Apple's rail without interruption. That is materially more than the "merely process credit card payments" conduct held insufficient in *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 809 (9th Cir. 2007), where the card networks performed a generic, arm's-length processing function attenuated from the merchant's product — not the

enmeshed, single-wallet, single-merchant rail alleged here.

**Knowledge is the curable element — and the facts to plead it are in hand.** Plaintiff does not rest knowledge on mere "capability" to detect the pattern; capability alone is not knowledge, and Plaintiff will not defend the element on that footing. Two categories of fact, developed on amendment, take it past capability. **The transaction records.** ARB's own ledger reflects that the majority of the payments on this stream ran as `instrument_type=apple_pay`, and that the 3-D Secure fraud-authentication signal was not applied to them — a neutral characteristic of the records (these were Plaintiff's **own authorized** transactions; nothing here suggests otherwise). Plaintiff does not ask the Court to resolve on this motion what that setting reflects about Apple's rail as distinct from the card issuer; he offers it only as record material on which a fully pleaded knowledge allegation will rest, on amendment, with proper foundation. **The contemporaneous complaint to Apple.** On Apple's own channel, Plaintiff told Apple, unprompted and in writing, that his problem lay with the Apple **Wallet** — Apple's own lane — and Apple engaged rather than turning him away (Joyce Decl. ¶ 3, Ex. U):

Apple did not refuse: it **guaranteed** help and directed him to its Wallet and phone support under that guarantee. And Apple retains the exchange — by its own automated statement at the head of the same channel, "Apple will keep this conversation." Plaintiff is candid about the limit of these facts: the quoted messages show a consumer routing a Wallet dispute to Apple, not Apple being told in those words that ARB ran an unlawful operation. He offers them not as a completed knowledge allegation but as the notice and record on which one will be built by amendment — enough to defeat Apple's contention that the knowledge element could **never** be pleaded, the premise its request for dismissal *with prejudice* requires. Two further limits, consistent with the Introduction: the App Store listing (initial release May 6, 2025) postdates the conduct and is not used for period-of-conduct knowledge; and Plaintiff does **not** contend Apple knew of his

disability, which bears only on why he is not *in pari delicto*. Apple's footnote 4 point is accepted — the claim rests on the **tort** predicates (unlawful gambling and ARB's fraud), not on aiding a breach of contract.

**G. Any defect is curable; dismissal with prejudice is unwarranted. (Answering Motion § IV.)**

Apple seeks dismissal **with prejudice** on futility. That is proper only where amendment "under any internally consistent set of facts" would be futile — the opposite of this record. Unlike the *Simulated Casino* plaintiffs, who pressed a gambling-**loss** recovery that California bars, Plaintiff's claims rest on restitution tied to Apple's own conduct and on knowing facilitation — and that court did not categorically bar consumer-protection claims (806 F. Supp. 3d at 1044–45). Futility is especially hard for Apple to argue when much of the curative material comes from **Apple's own storefront and Apple's own retained records**.

A curative amendment would plead the facts developed above and already in hand — the California predicate (§ IV.A); Apple's present distribution relationship and classification of the defendant (§§ IV.E–F, as relationship and knowledge only, given the May 6, 2025 release date); the geolocation footprint (§ IV.E.1); the serial card-cycling pattern; the transaction records paired with the 4/15/2025 notice on Apple's own channel; and an express limitation of relief to the fees and credit harm, not gambling losses. Two number-discipline points for any sworn amendment: the pleaded "approximately seventy-five percent" (¶ 139) is an allegation of the Complaint and, on amendment, will be tied to its own denominator, a figure distinct from the transaction-record characteristic discussed in § IV.F; and no Europe-window email figure will be pleaded as Modo or gambling activity. Plaintiff relies on no other platform's treatment of this app.

Leave to amend "shall be freely given." Fed. R. Civ. P. 15(a)(2); *Eminence Capital*, 316 F.3d at 1052. The most any defect Apple identifies could justify is dismissal **with leave to amend**.

## V. CONCLUSION

On the allegations the Court must accept as true, Apple supplied the rail that carried the single largest share of a sustained, single-merchant gambling stream, took a fee on every transaction, and — on the pleaded facts — observed the pattern and never intervened. Apple's "neutral conduit / stranger" premise cannot be reconciled with Apple's own materials, and Apple's own motion confirms that this is payment conduct, not publishing, and that consumer-protection claims are not categorically barred by the gambling-loss policy.

Defendants' principal defenses — that Plaintiff assented to terms he was never shown, and that the acts of counsel bind him — are not answers to this Complaint. They are its subject. Plaintiff appears without counsel by necessity; he does not appear without a record. Plaintiff intends to litigate this matter to conclusion and to pursue every avenue of review available to him. The Complaint states cognizable claims; any remaining defect is curable. Plaintiff respectfully requests that the Court **deny** Apple's motion. In the alternative, any dismissal should be **without prejudice and with leave to amend**.

DATED: July 28, 2026

Signed by:

*Matthew Joyce*

07B601B840D34AB...

Matthew Joyce
Plaintiff, Pro Se
600 Market Grove Dr #100
Wake Forest, NC 27587
Phone: (919) 259-4661
Email: m.joyce07@proton.me

Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ARB GAMING LLC dba MODO.US;<br>AFFIRM, INC.;<br>GOLDMAN SACHS BANK USA;<br>APPLE INC.;<br>AMAZON.COM, INC.,<br><br>Defendants. | Case No.  2:25-cv-01868-DJC-CSK (PS)<br><br>**DECLARATION OF MATTHEW JOYCE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT APPLE INC.'S MOTION TO DISMISS (ECF 57)**<br><br>Hearing: August 25, 2026, 10:00 a.m., Courtroom 25 (Zoom) — Hon. Chi Soo Kim |

**I, Matthew Joyce, declare:**

**1.** I am the Plaintiff in this action and I appear on my own behalf. I have personal knowledge of the facts stated in this declaration, and if called as a witness I could and would testify competently to them. The exhibits attached are true and correct copies of the documents they are described to be.

**2.** On July 27, 2026 I accessed Apple's App Store and Apple's developer pages and printed the pages attached to the concurrently filed Request for Judicial Notice as **RJN Exhibit 1** (the App Store listing for the application "Modo Casino Slots & Games," Apple App ID 6741076536)

DECLARATION OF MATTHEW JOYCE — OPPOSITION TO APPLE'S MOTION TO DISMISS - 1

and **RJN Exhibit 2** (Apple's page for the developer "ARB Gaming LLC," Apple Developer ID 1792917324). Each printed page bears the URL from which it was captured and the date of capture. The attached copies are true and correct copies of the pages as they appeared to me on that date.

3. Attached as **Exhibit U** is a true and correct excerpt of a message thread between me and Apple, conducted through the Messages application on my iPhone. The full thread was exported from that device on January 11, 2026 using iMazing 3.4.0, and each page of the export bears the device identifier, the export date, and a backup checksum generated by that software. The excerpt attached as Exhibit U consists of the pages of that export containing my exchange with Apple on **April 15, 2025**, in which I wrote: "My concerns are not with Apple Card. I was thinking I would be talking with a specialist from the Apple wallet deptartment." I offer this exhibit solely to show that the communication occurred and what was said in it.

4. In October 2024 I traveled outside the United States and was physically present in Italy and France. Attached as **Exhibit V** is a true and correct copy of my monthly account statement from SoFi for the checking account ending in 0825, for the statement period October 1 through October 31, 2024. Among the transactions reflected on that statement are the following charges made in person while I was abroad: Italian motorway and roadway tolls charged as "SAT TARQUINIA" on October 24 and October 25, 2024 in the amounts of $1.09 and $1.08; "ASPITAURELIA" on October 24 and October 25, 2024 in the amounts of $2.73 and $2.72; and "ASPITROMA OVEST" on October 25, 2024 in the amount of $2.72; together with charges to "FARINELLA MEZZANINO" on October 25, 2024 in the amount of $92.24 and "REST. LA DIVA" on October 27, 2024 in the amount of $65.01.

5. The same statement reflects that, during the same period and on the same days, debit-card charges to "Modo Gold Coins" continued to post out of that same account. Beginning

DECLARATION OF MATTHEW JOYCE — OPPOSITION TO APPLE'S MOTION TO DISMISS - 2

October 28, 2024 and continuing through October 31, 2024, the statement reflects repeated charges to "Modo Gold Coins" in amounts including $94.99, $99.99, $269.99, and $299.99. Each was a withdrawal of funds from the account, not a deposit into it.

**6.** The same statement also reflects funds moving in the other direction while I was abroad. It shows deposits posted to that account from "MODO SOCIAL VID" on October 22, 2024 in the amount of $3,829.61; on October 23, 2024 in the amount of $3,000.00; on October 29, 2024 in the amount of $2,000.00; and on October 30, 2024 in the amount of $3,000.00.

**7.** Attached as **Exhibit W** is a true and correct copy of my Cash App account statement for October 2024. That statement reflects that on October 28, 2024 a series of transfers into the Cash App account from my SoFi account were each followed by a charge of $99.99 to "Modo Gold Coins Scottsdale AZ."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 28, 2026, at Wake Forest, North Carolina.

Signed by:

*Matthew Joyce*

07B601B840D34AB

Matthew Joyce
Plaintiff, Pro Se
600 Market Grove Dr #100
Wake Forest, NC 27587
Phone: (919) 259-4661
Email: m.joyce07@proton.me

DECLARATION OF MATTHEW JOYCE — OPPOSITION TO APPLE'S MOTION TO DISMISS - 3

Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br><br>                 Plaintiff,<br><br>          v.<br><br>ARB GAMING LLC dba MODO.US;<br>AFFIRM, INC.;<br>GOLDMAN SACHS BANK USA;<br>APPLE INC.;<br>AMAZON.COM, INC.,<br><br>                 Defendants. | Case No.  2:25-cv-01868-DJC-CSK (PS)<br><br>**INDEX OF EXHIBITS** |

PLAINTIFF'S INDEX OF EXHIBITS

| Exhibit Letter | Date | Description of Document |
|---|---|---|
| Exhibit U | 4/15/2026 – 4/16/2026 | Screenshot of text message thread between Plaintiff and Defendant Apple regarding Apple Wallet Department concerns |
| Exhibit V | 10/31/2024 | Plaintiff's SoFi checking account statement for October 2024 |
| Exhibit W | 10/31/2024 | Plaintiff's Cash App statement for October 2024 |

DATED: July 28, 2026

INDEX OF EXHIBITS - 1

Signed by:



07B601B840D34AB...

Matthew Joyce
Plaintiff, Pro Se
600 Market Grove Dr #100
Wake Forest, NC 27587
Phone: (919) 259-4661
Email: m.joyce07@proton.me

INDEX OF EXHIBITS - 2

# EXHIBIT 1

EXHIBIT 1 – PAGE 1

## App Store for iPhone ⌄

Q Search

📱 Today

🚀 Games

📚 Apps

🕹 Arcade

Categories

Categories

Photo & Video

Health & Fitness

Productivity

Entertainment

Action

Adventure

Puzzle

Indie



# Modo Casino Slots & Games

| 46K RATINGS | AGE RATING | CHART |
|---|---|---|
| **4.7** | **18+** | **#12** |
| ★★★★★ | In-App Controls | Casino |

  

📱 iPhone

Celebrate America 250 with Modo! Play Modo 1776 for 1,776,000 in prizes and VIP experiences

WHAT YOU'LL FIND AT MODO CASINO:
Discover a world of FREE social casino entertainment. Spin the    more

## Events

HAPPENING NOW





## Ratings & Reviews

# 4.7

out of 5

46K Ratings

| Sometimes I win a little and other times I win a lot. Be responsible. Tons of interesting games. | Jul 19 G... | Great Games |

more

## What's New

Modo 1776 Tournament is now Live
New Modo Boxes ready to open
New Games Added Daily
Guaranteed Daily Jackpots with Modo Daily Hunt
...

Version 1.5.7

Jul 8

more

## App Privacy

The developer, **ARB Gaming LLC,** indicated that the app's privacy practices may include handling of data as described below. For more information, see the developer's privacy policy.

### Data Used to Track You

The following data may be used to track you across apps and websites owned by other companies:

Identifiers

## Data Linked to You

The following data may be collected and linked to your identity:

| | |
|---|---|
| Financial Info | Location |
| Contact Info | User Content |
| Identifiers | Usage Data |
| Diagnostics | |



## Data Not Linked to You

The following data may be collected but it is not linked to your identity:

| | |
|---|---|
| Identifiers | Diagnostics |

Privacy practices may vary, for example, based on the features you use or your age. Learn More

## Accessibility

The developer has not yet indicated which accessibility features this app supports. Learn More

## Information

Seller
ARB Gaming LLC

Size
23.9 MB

Category
Casino

Compatibility
Requires iOS 15.0 or later.

Languages
English

Age Rating
18+

Copyright
© 2025 ARB Gaming, LLC.

Developer Website ↗

Privacy Policy ↗

## You Might Also Like

 **Dara Casino –
Slots Casino**
Real Money Slots          View

 **Jackpot Ⅰ**
Play Slots&Ⅴ

 **Tang Luck:
Casino Slots**
Real Money...          View

 **Baba Cas
Wild Slot**
Play Online Ⅴ

United States

Español (México)    كرلاـۍ    Русский    简体中文    Français (France)    한국어
Português (Brazil)    Tiếng Việt    繁體中文 (台灣)

Copyright © 2026 Apple Inc. All rights reserved.

Internet Service Terms    App Store & Privacy    Cookie Warning    Support

# EXHIBIT 2

EXHIBIT 2 – PAGE 6

## App Store

Search

### Latest Release



**Modo Casino Slots & Games**
America's Social Casino Slots

View

### iPad & iPhone



**Modo Casino Slots & Games**
America's Social Casino Slots

View

United States

Español (México)العربيةРусский简体中文Français (France)한국어Português (Brazil)Tiếng Việt繁體中文 (台灣)

Copyright © 2026 Apple Inc. All rights reserved.

Internet Service TermsApp Store & PrivacyCookie WarningSupport

Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ARB GAMING LLC dba MODO.US;<br>AFFIRM, INC.;<br>GOLDMAN SACHS BANK USA;<br>APPLE INC.;<br>AMAZON.COM, INC.,<br><br>Defendants. | Case No.  2:25-cv-01868-DJC-CSK (PS)<br><br>**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT APPLE INC.'S MOTION TO DISMISS (ECF 57)**<br><br>Hearing: August 25, 2026, 10:00 a.m.,<br>Courtroom 25 (Zoom) — Hon. Chi Soo Kim |

**REQUEST**

Plaintiff Matthew Joyce respectfully requests, under Federal Rule of Evidence 201, that the Court take judicial notice of the two documents described below in connection with his Opposition to Defendant Apple Inc.'s Motion to Dismiss (ECF 57).

Each is a fact "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Where a party requests it and supplies the necessary information, the Court "must take judicial notice." Fed. R. Evid. 201(c)(2). Both documents are Apple's own publicly maintained

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE — APPLE MOTION TO DISMISS - 1

web pages, captured from Apple's own domain, with the source URL and capture date printed on the face of every page.

**Exhibit 1 — Apple App Store product page for "Modo Casino Slots & Games."** A true and correct copy of the Apple App Store product page for the application "Modo Casino Slots & Games," App ID 6741076536, captured from `https://apps.apple.com/us/app/id6741076536` on July 27, 2026 (16 pages). The page identifies the developer as **ARB Gaming LLC**, carries an age rating of **18+**, and reflects Apple's own chart placement and content descriptors for the application.

**Exhibit 2 — Apple App Store developer page for ARB Gaming LLC.** A true and correct copy of the Apple App Store developer page for **ARB Gaming LLC**, Developer ID 1792917324, captured from `https://apps.apple.com/us/developer/id1792917324` on July 27, 2026 (1 page). The page identifies ARB Gaming LLC as the developer and lists "Modo Casino Slots & Games" as its latest release.

A defendant's own publicly maintained storefront pages are a proper subject of judicial notice. Courts in this Circuit routinely notice the existence and content of publicly available web pages of a party where, as here, the source is identified and the accuracy of the source is not reasonably subject to question. See Fed. R. Evid. 201(b)(2).

**SCOPE AND LIMITATION**

Plaintiff requests notice of the **existence and content** of these two documents only — not the truth of any disputed fact, and not any disputed application of Apple's policies to the conduct at issue.

Plaintiff is expressly candid about the limits of Exhibit 1. The listing's initial release date postdates the September 2024 through April 2025 period of Plaintiff's activity. Exhibits 1 and 2 are therefore offered to establish Apple's **present** relationship with, and classification of,

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE — APPLE MOTION TO DISMISS - 2

defendant ARB Gaming LLC — and specifically to answer Apple's assertion that "[n]o allegations allow a reasonable inference that Apple has any commercial relationship with ARB Gaming" (ECF 57-1 at 16). They are **not** offered to establish Apple's knowledge during the period of conduct, and not to establish that Plaintiff's payments during that period were in-app purchases. They were not; they ran through Apple Pay.

Plaintiff does not request judicial notice of any court decision cited in his Opposition. Published decisions are cited as authority and require no notice.

DATED: July 28, 2026

Respectfully submitted,

Signed by:

*Matthew Joyce*

07B601B840D34AB...

Matthew Joyce
Plaintiff, Pro Se
600 Market Grove Dr #100
Wake Forest, NC 27587
Phone: (919) 259-4661
Email: m.joyce07@proton.me

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE — APPLE MOTION TO DISMISS - 3

Matthew Thomas Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| MATTHEW JOYCE, an individual, | Case No.  2:25-cv-01868-DJC-CSK (PS) |
|---|---|
| Plaintiff, | |
| v. | INDEX OF EXHIBITS |
| ARB GAMING LLC dba MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC., | |
| Defendants. | |

PLAINTIFF'S INDEX OF EXHIBITS

| Exhibit Letter | Date | Description of Document |
|---|---|---|
| Exhibit 1 | 7/28/2026 | Screenshot of Apple App Store product page for "Modo Casino Slots & Games," showing the developer as ARB Gaming LLC and an age rating of 18+ |
| Exhibit 2 | 7/27/2026 | Apple App Store developer page for ARB Gaming LLC, listing "Modo Casino Slots & Games" as its latest release |

DATED: July 28, 2026

INDEX OF EXHIBITS - 1

Signed by:

*Matthew Joyce*

07B601B840D34AB

Matthew Thomas Joyce
Plaintiff, Pro Se
600 Market Grove Dr #100
Wake Forest, NC 27587
Phone: (919) 259-4661
Email: m.joyce07@proton.me

INDEX OF EXHIBITS - 2

# EXHIBIT U

4/14/2025 4:02:30 PM

Ok I will do that. Yes 730 pm works. Thanks very much for your help.

4/14/2025 4:04:27 PM

urn:biz:b15ed773-9eed-11e7-baa2-7b88b04daa8e

Wonderful! I have scheduled for you

4/14/2025 4:04:44 PM

urn:biz:b15ed773-9eed-11e7-baa2-7b88b04daa8e

You're most welcome 😊.

4/14/2025 4:05:03 PM

urn:biz:b15ed773-9eed-11e7-baa2-7b88b04daa8e

I am keeping this thread open for the next 48 hours, feel free to reply back to this message so I'll be able to further assist you.

4/14/2025 4:05:03 PM

urn:biz:b15ed773-9eed-11e7-baa2-7b88b04daa8e

Thanks for contacting Apple Support! If anything else comes up remember we're here 24/7, enjoy the rest of your day/night. Bye 😄!

4/14/2025 4:07:13 PM

Ok thank you will do.

4/14/2025 4:07:15 PM

urn:biz:b15ed773-9eed-11e7-baa2-7b88b04daa8e

Continue this chat if issue persists and additional assistance is needed.

4/15/2025 3:39:42 PM

Hey just was wondering what department my scheduled call with today?

4/15/2025 3:41:48 PM

urn:biz:b15ed773-9eed-11e7-baa2-7b88b04daa8e

Hi, Matthew! I'm glad that we're reconnected!

4/15/2025 3:42:39 PM

Sure

4/15/2025 3:42:41 PM

urn:biz:b15ed773-9eed-11e7-baa2-7b88b04daa8e

It should be from Apple Card Team Specialists, today at 7:30 PM.

4/15/2025 3:43:48 PM

urn:biz:b15ed773-9eed-11e7-baa2-7b88b04daa8e

No worries! Do you have any other questions from us?

4/15/2025 3:43:51 PM

Ok, what will be the context of this conversation?


Exported from: iPhone (GR801W2NF3) on 2026.01.11, 02:44 with iMazing 3.4.0 by DigiDNA
Database date when extracted: 2026.01.09, 21:01
Backup checksum: EC6142DC613TB782EC1C144B1DEB4348E666E346573578A0E296CE0B69295548

4/15/2025 3:44:14 PM

Because talked to Apple Card team, was under the impression my call would be a Apple specialist.

4/15/2025 3:46:04 PM

urn:biz:b15ed773-9eed-11e7-baa2-7b88b04daa8e

Yes, they can help you with your concerns regarding your Apple Card. They will be able to give insights regarding your concerns

4/15/2025 3:47:08 PM

My concerns are not with Apple Card. I was thinking I would be talking with a specialist from the Apple wallet deptartment.

4/15/2025 3:47:15 PM

Department*

4/15/2025 3:48:12 PM

If im being honest...

4/15/2025 3:49:57 PM

urn:biz:b15ed773-9eed-11e7-baa2-7b88b04daa8e

Oh, they can help you with that as well. If you are rerouted to a different department, you can ask the advisor over the phones to have you transferred to Apple Wallet Team

4/15/2025 3:51:16 PM

I've been consumed by this company for months, I have rested a lot the last few days, have more clarity. I want to speak to someone from Apple to see if someone more competent then my current representation to help me. I am looking to Apple for support to get me through this.

4/15/2025 3:53:15 PM

urn:biz:b15ed773-9eed-11e7-baa2-7b88b04daa8e

I understand, Matthew. And I can guarantee that with our Phone Support Advisor, they will help you the best they can.

4/15/2025 3:54:26 PM

Ok. Thanks talk later then.

4/15/2025 3:54:58 PM

urn:biz:b15ed773-9eed-11e7-baa2-7b88b04daa8e

Sure thing! I'll step away for the meantime. I'll leave this chat active for you, let us know if you run any other concerns and I'll be more than willing to help you out further.

4/15/2025 3:55:30 PM

Ok thanks.

4/15/2025 7:01:55 PM

Only thing I would have a question on before the call is confirming my girlfriend will be allowed to speak on my behalf. Also if there is any specific evidence you or Goldman Sachs would request to see for the chargeback with Apple Card so I can move on and leave rest of evidence with my current attorney. Or future attorney. Thank you for all of your kindness and help so far.

 Exported from: iPhone (GR601W2NF3) on 2026.01.11. 02:44 with iMazing 3.4.0 by DigiDNA
Database date when extracted: 2026.01.09 21:01
Backup checksum: EC8142DC8137B782EC1C144B1DEB4348E666E346573578A0E296CE0D69295548

4/15/2025 7:05:59 PM

urn:biz:b15ed773-9eed-11e7-baa2-7b88b04daa8e

Hi, welcome to our technical support through iMessage. I hope you are well.

4/15/2025 7:07:35 PM

urn:biz:b15ed773-9eed-11e7-baa2-7b88b04daa8e

thank you for letting me know your concern, I was consulting. However we cannot confirm this info from this chat support, my advice is wait until you receive the call back to the specific department in charge.

4/15/2025 7:08:06 PM

urn:biz:b15ed773-9eed-11e7-baa2-7b88b04daa8e

But I am pretty sure you won't have more trouble

4/15/2025 7:11:37 PM

Ok, my call is at 730 correct ?

4/15/2025 7:12:16 PM

urn:biz:b15ed773-9eed-11e7-baa2-7b88b04daa8e

That's correct

4/15/2025 7:12:25 PM

urn:biz:b15ed773-9eed-11e7-baa2-7b88b04daa8e

Thank you, it was a pleasure assisting you today, may I know if do you have any other question about this interaction?

4/15/2025 7:12:36 PM

No that's all thanks for the help.

4/15/2025 7:14:24 PM

urn:biz:b15ed773-9eed-11e7-baa2-7b88b04daa8e

I'm positive this escalation will help us a lot, please keep in mind we are here 24/7 in chat so feel free to contact us again whenever you need it. Thanks you for contacting Apple Support and for your patience and cooperation, have a nice rest of the day.   Remember you talked to Yasmin

4/15/2025 7:15:33 PM

I will thanks Yasmin.

4/15/2025 7:15:35 PM

urn:biz:b15ed773-9eed-11e7-baa2-7b88b04daa8e

Continue this chat if issue persists and additional assistance is needed.

4/16/2025 10:03:27 PM



Support

4/16/2025 10:04:31 PM

Sorry for lashing out yesterday. Spoke to my attorney and my shrink and it is irrational to blame you guys. Now that im not gambling I'm going to hyper focus on healthier things like I did before this all started



Exported from: iPhone (GR801W2NF3) on 2026.01.11. 02:44 with iMazing 3.4.0 by DigiDNA
Database date when extracted: 2026.01.09. 21:01
Backup checksum: EC6142DC6137B782EC1C14481DEB4348E666E348573578A0E296CE0B69295548

# EXHIBIT V

EXHIBIT V – PAGE 5

Primary Account Holder

Matthew Joyce
Member since Sep 17, 2024

Address

170 Manordale Dr

Chapel Hill, NC 27517

Account Number

411031490825

Monthly Statement Period

Oct 1, 2024 - Oct 31, 2024



## Checking Account - 0825

**Current Balance**
# $3,310.74
as of Oct 31, 2024

**Current Interest Rate[1]**
# 0.50%

**Monthly Interest Paid[1]**
# $1.27

**Beginning Balance**
# $347.78
as of Oct 1, 2024

**Annual Percentage Yield Earned[1]**
# 0.50%

**Year-to-date Interest Paid[1]**
# $1.29

Current balances include the amount of interest paid.

## Transaction Details
Balances below are the total funds resulting from the transaction(s) posted on that day.

## Checking Account - 0825

| DATE | TYPE | DESCRIPTION | AMOUNT | BALANCE |
|------|------|-------------|--------|---------|
| Oct 31, 2024 | Interest Earned | Interest earned<br>Transaction ID: 568-1 | $1.27 | $3,310.74 |
| Oct 31, 2024 | Debit Card | FOOD LION #1544 104 N.<br>Transaction ID: 567-19161001 | -$2.57 | $3,309.47 |
| Oct 31, 2024 | Debit Card | APPLE.COM/BILL<br>Transaction ID: 566-102094001 | -$46.18 | $3,312.04 |
| Oct 31, 2024 | Debit Card | APPLE.COM/BILL<br>Transaction ID: 564-102093001 | -$10.74 | $3,358.22 |
| Oct 31, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 562-102092001 | -$99.99 | $3,368.96 |
| Oct 31, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 560-102091001 | -$99.99 | $3,468.95 |

## Contact Information



**Website**
www.sofi.com

**Mailing Address**
SoFi Bank, N.A.
2750 East Cottonwood Parkway #300
Cottonwood Heights, Utah 84121

**Contact Us**
(855) 456-SOFI (7634)

[1] Interest accrues daily at the funds rate as described in your SoFi Bank Deposit Account Agreement (the "Customer Agreement") and is paid on the last day of the Statement Period. The Annual Percentage Yield Earned, as shown on your statement, may reflect account adjustments from previous statement periods.

[2] Interest accrues at the same rate on all funds in your SoFi savings accounts, including funds allocated to SoFi Vaults. References to "interest" in connection with any SoFi Vault reflect the portion of the interest earned on your SoFi savings account in the preceding month which is allocated to the applicable SoFi Vault. The amount of interest allocated to each SoFi Vault is equal to the proportion of the balance in each SoFi Vault bears to your total SoFi savings account balance.

SoFi checking and savings accounts are offered through SoFi Bank, N.A., Member FDIC

Page 1 of 9

| Date | Type | Description | Amount | Balance |
|---|---|---|---|---|
| Oct 31, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 558-102090001 | -$94.99 | $3,568.94 |
| Oct 31, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 556-102089001 | -$99.99 | $3,663.93 |
| Oct 31, 2024 | Direct Payment | SOFI SECURITIES ACH<br>Transaction ID: 547-125962001 | -$50.00 | $3,763.92 |
| Oct 30, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 524-114506001 | -$94.99 | $3,813.92 |
| Oct 30, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 522-114505001 | -$99.99 | $3,908.91 |
| Oct 30, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 520-114504001 | -$99.99 | $4,008.90 |
| Oct 30, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 518-114503001 | -$99.99 | $4,108.89 |
| Oct 30, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 516-114502001 | -$99.99 | $4,208.88 |
| Oct 30, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 514-114501001 | -$299.99 | $4,308.87 |
| Oct 30, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 512-114500001 | -$99.99 | $4,608.86 |
| Oct 30, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 510-114499001 | -$299.99 | $4,708.85 |
| Oct 30, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 508-114498001 | -$99.99 | $5,008.84 |
| Oct 30, 2024 | Debit Card | CASH APP*MATT J*ADD CA<br>Transaction ID: 506-114497001 | -$155.00 | $5,108.83 |
| Oct 30, 2024 | Debit Card | CASH APP*MATT J*ADD CA<br>Transaction ID: 504-114496001 | -$100.00 | $5,263.83 |
| Oct 30, 2024 | Debit Card | CASH APP*MATT J*ADD CA<br>Transaction ID: 502-114495001 | -$100.00 | $5,363.83 |
| Oct 30, 2024 | Debit Card | CASH APP*MATT J*ADD CA<br>Transaction ID: 500-114494001 | -$100.00 | $5,463.83 |
| Oct 30, 2024 | Debit Card | CASH APP*MATT J*ADD CA<br>Transaction ID: 498-114493001 | -$100.00 | $5,563.83 |
| Oct 30, 2024 | Debit Card | HARRIS TEETER #0 2110 S<br>Transaction ID: 496-6985001 | -$3.05 | $5,663.83 |
| Oct 30, 2024 | Deposit | MODO SOCIAL VID<br>Transaction ID: 493-123022001 | $3,000.00 | $5,666.88 |
| Oct 29, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 489-136085001 | -$99.99 | $2,666.88 |
| Oct 29, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 487-136084001 | -$94.99 | $2,766.87 |
| Oct 29, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 485-136083001 | -$269.99 | $2,861.86 |
| Oct 29, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 483-136082001 | -$94.99 | $3,131.85 |
| Oct 29, 2024 | Deposit | MODO SOCIAL VID<br>Transaction ID: 472-162138001 | $2,000.00 | $3,226.84 |
| Oct 28, 2024 | Direct Payment | Zelle® Payment from Brielle Pittman<br>Transaction ID: 464-31881001 | $200.00 | $1,226.84 |
| Oct 28, 2024 | Deposit | North State Bank P2P PAYMNT<br>Transaction ID: 463-71844001 | $150.00 | $1,026.84 |
| Oct 28, 2024 | Debit Card | VENMO*JOYCE M<br>Transaction ID: 462-49356002 | $196.50 | $876.84 |
| Oct 28, 2024 | Debit Card | YSI-Pulsz.com<br>Transaction ID: 461-141730001 | -$84.99 | $680.34 |

SoFi checking and savings accounts are offered through SoFi Bank, N.A., Member FDIC

# Checking Account - 0825

| Date | Type | Description | Amount | Balance |
|---|---|---|---|---|
| Oct 28, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 459-141729001 | -$94.99 | $765.33 |
| Oct 28, 2024 | Debit Card | UBER  * EATS PENDING<br>Transaction ID: 457-141728001 | -$37.21 | $860.32 |
| Oct 28, 2024 | Debit Card | APPLE.COM/BILL<br>Transaction ID: 455-141727001 | -$8.59 | $897.53 |
| Oct 27, 2024 | Debit Card | Chumba Gold Coin<br>Transaction ID: 449-116922001 | -$300.00 | $906.12 |
| Oct 27, 2024 | Debit Card | CHUMBA GOLD COINS<br>Transaction ID: 447-116921001 | -$300.00 | $1,206.12 |
| Oct 27, 2024 | Debit Card | CHUMBA GOLD COINS<br>Transaction ID: 445-116920001 | -$300.00 | $1,506.12 |
| Oct 27, 2024 | Debit Card | Chumba Gold Coin<br>Transaction ID: 443-116919001 | -$100.00 | $1,806.12 |
| Oct 27, 2024 | Debit Card | CHUMBA GOLD COINS<br>Transaction ID: 441-116918001 | -$100.00 | $1,906.12 |
| Oct 27, 2024 | Debit Card | CHUMBA GOLD COINS<br>Transaction ID: 439-116917001 | -$100.00 | $2,006.12 |
| Oct 27, 2024 | Debit Card | Chumba Gold Coin<br>Transaction ID: 437-116916001 | -$300.00 | $2,106.12 |
| Oct 27, 2024 | Debit Card | Chumba Gold Coin<br>Transaction ID: 435-116915001 | -$100.00 | $2,406.12 |
| Oct 27, 2024 | Debit Card | Chumba Gold Coin<br>Transaction ID: 433-116914001 | -$100.00 | $2,506.12 |
| Oct 27, 2024 | Debit Card | Chumba Gold Coin<br>Transaction ID: 431-116913001 | -$100.00 | $2,606.12 |
| Oct 27, 2024 | Debit Card | CHUMBA GOLD COINS<br>Transaction ID: 429-116912001 | -$100.00 | $2,706.12 |
| Oct 27, 2024 | Debit Card | CHUMBA GOLD COINS<br>Transaction ID: 427-116911001 | -$100.00 | $2,806.12 |
| Oct 27, 2024 | Debit Card | CHUMBA GOLD COINS<br>Transaction ID: 425-116910001 | -$100.00 | $2,906.12 |
| Oct 27, 2024 | Debit Card | CHUMBA GOLD COINS<br>Transaction ID: 423-116909001 | -$300.00 | $3,006.12 |
| Oct 27, 2024 | Debit Card | Bloom House Hotel<br>Transaction ID: 421-116908001 | -$1,057.75 | $3,306.12 |
| Oct 27, 2024 | Debit Card | APPLE.COM/BILL<br>Transaction ID: 419-116907001 | -$8.59 | $4,363.87 |
| Oct 27, 2024 | Debit Card | REST. LA DIVA<br>Transaction ID: 417-116906001 | -$65.01 | $4,372.46 |
| Oct 27, 2024 | Debit Card | NOYANE CHAUSSU.<br>Transaction ID: 415-116905001 | -$480.02 | $4,437.47 |
| Oct 27, 2024 | Debit Card | SB DIFFUSION<br>Transaction ID: 413-116904001 | -$260.06 | $4,917.49 |
| Oct 26, 2024 | Debit Card | CHUMBA GOLD COINS<br>Transaction ID: 409-141413001 | -$300.00 | $5,177.55 |
| Oct 26, 2024 | Debit Card | Chumba Gold Coin<br>Transaction ID: 407-141412001 | -$300.00 | $5,477.55 |
| Oct 26, 2024 | Debit Card | CHUMBA GOLD COINS<br>Transaction ID: 405-141411001 | -$300.00 | $5,777.55 |
| Oct 26, 2024 | Debit Card | CHUMBA GOLD COINS<br>Transaction ID: 403-141410001 | -$300.00 | $6,077.55 |
| Oct 26, 2024 | Debit Card | Bloom Garden<br>Transaction ID: 401-141409001 | -$36.84 | $6,377.55 |
| Oct 26, 2024 | Debit Card | LABEL FRANCE<br>Transaction ID: 399-141408001 | -$342.40 | $6,414.39 |

SoFi checking and savings accounts are offered through SoFi Bank, N.A., Member FDIC

| Date | Type | Description | Amount | Balance |
|---|---|---|---|---|
| Oct 26, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 397-141407001 | -$19.99 | $6,756.79 |
| Oct 26, 2024 | Debit Card | UBER  * EATS PENDING<br>Transaction ID: 395-141406001 | -$64.01 | $6,776.78 |
| Oct 26, 2024 | Debit Card | SC-REST.LA DIVA<br>Transaction ID: 393-141405001 | -$43.35 | $6,840.79 |
| Oct 26, 2024 | Debit Card | CASH APP*MATT J*ADD CA<br>Transaction ID: 391-141404001 | -$175.00 | $6,884.14 |
| Oct 26, 2024 | Debit Card | VENMO *Aaron Pittman<br>Transaction ID: 389-141403001 | -$300.00 | $7,059.14 |
| Oct 25, 2024 | Debit Card | Chumba Gold Coin<br>Transaction ID: 372-109241001 | -$300.00 | $7,359.14 |
| Oct 25, 2024 | Debit Card | Chumba Gold Coin<br>Transaction ID: 370-109240001 | -$300.00 | $7,659.14 |
| Oct 25, 2024 | Debit Card | APPLE.COM/BILL<br>Transaction ID: 368-109239001 | -$10.74 | $7,959.14 |
| Oct 25, 2024 | Debit Card | IORIO MASSIMO<br>Transaction ID: 366-109238001 | -$53.28 | $7,969.88 |
| Oct 25, 2024 | Debit Card | FARINELLA MEZZANINO<br>Transaction ID: 365-109237001 | -$92.24 | $8,023.16 |
| Oct 25, 2024 | Debit Card | SAT  TARQUINIA<br>Transaction ID: 363-109236001 | -$1.08 | $8,115.40 |
| Oct 25, 2024 | Debit Card | ASPITAURELIA<br>Transaction ID: 361-109235001 | -$2.72 | $8,116.48 |
| Oct 25, 2024 | Debit Card | ASPITROMA OVEST<br>Transaction ID: 359-109234001 | -$2.72 | $8,119.20 |
| Oct 24, 2024 | Debit Card | Chumba Gold Coin<br>Transaction ID: 343-90073001 | -$100.00 | $8,121.92 |
| Oct 24, 2024 | Debit Card | Chumba Gold Coin<br>Transaction ID: 341-90072001 | -$100.00 | $8,221.92 |
| Oct 24, 2024 | Debit Card | CHUMBA GOLD COINS<br>Transaction ID: 339-90071001 | -$100.00 | $8,321.92 |
| Oct 24, 2024 | Debit Card | CHUMBA GOLD COINS<br>Transaction ID: 337-90070001 | -$100.00 | $8,421.92 |
| Oct 24, 2024 | Debit Card | VALERI S A S<br>Transaction ID: 335-90069001 | -$73.49 | $8,521.92 |
| Oct 24, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 333-90068001 | -$299.99 | $8,595.41 |
| Oct 24, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 331-90067001 | -$299.99 | $8,895.40 |
| Oct 24, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 329-90066001 | -$299.99 | $9,195.39 |
| Oct 24, 2024 | Debit Card | ASPITAURELIA<br>Transaction ID: 327-90065001 | -$2.73 | $9,495.38 |
| Oct 24, 2024 | Debit Card | SAT TARQUINIA<br>Transaction ID: 325-90064001 | -$1.09 | $9,498.11 |
| Oct 24, 2024 | Direct Payment | SOFI SECURITIES ACH<br>Transaction ID: 320-80384001 | -$50.00 | $9,499.20 |
| Oct 23, 2024 | Direct Payment | Zelle® Payment to Ma<br>Transaction ID: 312-5426001 | -$1,000.00 | $9,549.20 |
| Oct 23, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 311-121915001 | -$99.99 | $10,549.20 |
| Oct 23, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 309-121914001 | -$99.99 | $10,649.19 |
| Oct 23, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 307-121913001 | -$94.99 | $10,749.18 |

SoFi checking and savings accounts are offered through SoFi Bank, N.A., Member FDIC

| Date | Type | Description | Amount | Balance |
|---|---|---|---|---|
| Oct 23, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 305-121912001 | -$99.99 | $10,844.17 |
| Oct 23, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 303-121911001 | -$99.99 | $10,944.16 |
| Oct 23, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 301-121910001 | -$284.99 | $11,044.15 |
| Oct 23, 2024 | Debit Card | DAL POLLAROLO 1936 SRL<br>Transaction ID: 299-121909001 | -$84.98 | $11,329.14 |
| Oct 23, 2024 | Debit Card | DAL POLLAROLO 1936 SRL<br>Transaction ID: 297-121908001 | -$13.08 | $11,414.12 |
| Oct 23, 2024 | Debit Card | LEATHER & LEATHER<br>Transaction ID: 295-121907001 | -$205.76 | $11,427.20 |
| Oct 23, 2024 | Deposit | MODO SOCIAL VID<br>Transaction ID: 285-122339001 | $3,000.00 | $11,632.96 |
| Oct 22, 2024 | Debit Card | PIZZARE'<br>Transaction ID: 279-142326001 | -$19.60 | $8,632.96 |
| Oct 22, 2024 | Debit Card | OSTERIA BELSIANA<br>Transaction ID: 277-142325001 | -$105.60 | $8,652.56 |
| Oct 22, 2024 | Debit Card | DREAM SELLER<br>Transaction ID: 275-142324001 | -$163.30 | $8,758.16 |
| Oct 22, 2024 | Debit Card | ARBITRADE VENDING<br>Transaction ID: 273-142323001 | -$7.40 | $8,921.46 |
| Oct 22, 2024 | Debit Card | VENMO *Ryan Rinker<br>Transaction ID: 271-142322001 | -$178.00 | $8,928.86 |
| Oct 22, 2024 | Debit Card | VENMO *Louis Lambert<br>Transaction ID: 269-142321001 | -$600.00 | $9,106.86 |
| Oct 22, 2024 | Debit Card | RYANAIR INFLIGHT<br>Transaction ID: 267-142320001 | -$15.78 | $9,706.86 |
| Oct 22, 2024 | Deposit | MODO SOCIAL VID<br>Transaction ID: 263-161167001 | $3,829.61 | $9,722.64 |
| Oct 21, 2024 | Deposit | North State Bank P2P PAYMNT<br>Transaction ID: 258-41529001 | $150.00 | $5,893.03 |
| Oct 21, 2024 | ATM | 1616000011<br>Transaction ID: 249-13940001 | -$376.31 | $5,743.03 |
| Oct 21, 2024 | Debit Card | BCMN T2 LC-2 INTERNACI<br>Transaction ID: 248-142535001 | -$9.01 | $6,119.34 |
| Oct 21, 2024 | Debit Card | APPLE.COM/BILL<br>Transaction ID: 246-142534001 | -$40.80 | $6,128.35 |
| Oct 21, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 244-142533001 | -$99.99 | $6,169.15 |
| Oct 21, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 242-142532001 | -$99.99 | $6,269.14 |
| Oct 21, 2024 | Debit Card | Delicia Imb Fiumicino<br>Transaction ID: 240-142531001 | -$7.18 | $6,369.13 |
| Oct 21, 2024 | Debit Card | TAXI<br>Transaction ID: 238-142530001 | -$97.98 | $6,376.31 |
| Oct 20, 2024 | Debit Card | Chumba Gold Coin<br>Transaction ID: 232-137693001 | -$100.00 | $6,474.29 |
| Oct 20, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 230-137692001 | -$94.99 | $6,574.29 |
| Oct 19, 2024 | Debit Card | Bar Restaurante Sevill<br>Transaction ID: 222-106667001 | -$31.13 | $6,669.28 |
| Oct 19, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 220-106666001 | -$284.99 | $6,700.41 |
| Oct 19, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 218-106665001 | -$89.99 | $6,985.40 |

SoFi checking and savings accounts are offered through SoFi Bank, N.A., Member FDIC

# Checking Account - 0825

| Oct 19, 2024 | Debit Card | YA GROUP<br>Transaction ID: 216-106664001 | -$4.81 | $7,075.39 |
|---|---|---|---|---|
| Oct 18, 2024 | Debit Card | RTE SANTA MONICA<br>Transaction ID: 210-108913001 | -$11.49 | $7,080.20 |
| Oct 18, 2024 | Debit Card | OPEN MART<br>Transaction ID: 208-108912001 | -$47.96 | $7,091.69 |
| Oct 17, 2024 | Direct Payment | Zelle® Payment to Ma<br>Transaction ID: 204-35370001 | -$1,000.00 | $7,139.65 |
| Oct 17, 2024 | Debit Card | SQ *LA PAPA<br>Transaction ID: 200-124145001 | -$33.37 | $8,139.65 |
| Oct 17, 2024 | Deposit | MODO SOCIAL VID<br>Transaction ID: 198-173233001 | $4,055.23 | $8,173.02 |
| Oct 17, 2024 | Direct Payment | SOFI SECURITIES ACH<br>Transaction ID: 197-92939001 | -$50.00 | $4,117.79 |
| Oct 16, 2024 | Direct Payment | Zelle® Payment from Jamie Stahura<br>Transaction ID: 191-4062001 | $650.00 | $4,167.79 |
| Oct 16, 2024 | Deposit | MODO SOCIAL VID<br>Transaction ID: 188-248557001 | $2,609.46 | $3,517.79 |
| Oct 16, 2024 | Deposit | MODO SOCIAL VID<br>Transaction ID: 187-248556001 | $537.00 | $908.33 |
| Oct 15, 2024 | Deposit | North State Bank P2P PAYMNT<br>Transaction ID: 184-77479001 | $250.00 | $371.33 |
| Oct 13, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 183-109976001 | -$3.75 | $121.33 |
| Oct 13, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 181-109975001 | -$99.99 | $125.08 |
| Oct 13, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 179-109974001 | -$49.99 | $225.07 |
| Oct 12, 2024 | Debit Card | CHUMBA GOLD COINS<br>Transaction ID: 177-145142001 | -$50.00 | $275.06 |
| Oct 12, 2024 | Debit Card | CARRBORO TOBACCO & CIG<br>Transaction ID: 175-145141001 | -$26.86 | $325.06 |
| Oct 12, 2024 | Debit Card | APPLE.COM/BILL<br>Transaction ID: 173-145140001 | -$46.07 | $351.92 |
| Oct 12, 2024 | Debit Card | APPLE.COM/BILL<br>Transaction ID: 171-145139001 | -$6.44 | $397.99 |
| Oct 12, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 169-145138001 | -$94.99 | $404.43 |
| Oct 12, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 167-145137001 | -$49.99 | $499.42 |
| Oct 12, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 165-145136001 | -$42.49 | $549.41 |
| Oct 12, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 163-145135001 | -$8.00 | $591.90 |
| Oct 12, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 161-145134001 | -$49.99 | $599.90 |
| Oct 11, 2024 | Deposit | North State Bank P2P PAYMNT<br>Transaction ID: 156-123245001 | $150.00 | $649.89 |
| Oct 11, 2024 | Deposit | BANK OF AMERICA, N.A.<br>Transaction ID: 154-1 | $100.00 | $499.89 |
| Oct 11, 2024 | Debit Card | Chumba Gold Coins<br>Transaction ID: 151-132408001 | -$20.00 | $399.89 |
| Oct 11, 2024 | Debit Card | CHUMBA GOLD COINS<br>Transaction ID: 149-132407001 | -$20.00 | $419.89 |
| Oct 10, 2024 | Debit Card | HARRIS TEETER #0 116 W<br>Transaction ID: 140-11535001 | -$5.61 | $439.89 |

| Oct 10, 2024 | Debit Card | CHUMBA GOLD COINS<br>Transaction ID: 139-120606001 | -$100.00 | $445.50 |
|---|---|---|---|---|
| Oct 10, 2024 | Debit Card | APPLE.COM/BILL<br>Transaction ID: 137-120605001 | -$8.59 | $545.50 |
| Oct 10, 2024 | Debit Card | APPLE.COM/BILL<br>Transaction ID: 135-120604001 | -$2.14 | $554.09 |
| Oct 10, 2024 | Direct Payment | Zelle® Payment from Jamie Stahura<br>Transaction ID: 131-5254001 | $400.00 | $556.23 |
| Oct 9, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 130-115072001 | -$44.99 | $156.23 |
| Oct 9, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 128-115071001 | -$49.99 | $201.22 |
| Oct 9, 2024 | Debit Card | VENMO *Phillip Lassit<br>Transaction ID: 126-115070001 | -$100.00 | $251.21 |
| Oct 8, 2024 | Debit Card | APPLE.COM/BILL<br>Transaction ID: 121-118613001 | -$6.44 | $351.21 |
| Oct 8, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 119-118612001 | -$99.99 | $357.65 |
| Oct 8, 2024 | Debit Card | APPLE.COM/BILL<br>Transaction ID: 117-118611001 | -$2.14 | $457.64 |
| Oct 8, 2024 | Debit Card | APPLE.COM/BILL<br>Transaction ID: 115-118610001 | -$2.14 | $459.78 |
| Oct 7, 2024 | Debit Card | VENMO*JOYCE M<br>Transaction ID: 109-51639002 | $98.25 | $461.92 |
| Oct 7, 2024 | Deposit | North State Bank P2P PAYMNT<br>Transaction ID: 108-40802001 | $150.00 | $363.67 |
| Oct 7, 2024 | Direct Payment | Zelle® Payment from Jamie Stahura<br>Transaction ID: 106-13417001 | $100.00 | $213.67 |
| Oct 7, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 105-91446001 | -$89.99 | $113.67 |
| Oct 6, 2024 | Deposit | Cash deposit<br>Transaction ID: 102-281001 | $100.00 | $203.66 |
| Oct 6, 2024 | Debit Card | CHUMBA GOLD COINS<br>Transaction ID: 101-145898001 | -$100.00 | $103.66 |
| Oct 6, 2024 | Debit Card | APPLE.COM/BILL<br>Transaction ID: 99-145897001 | -$2.14 | $203.66 |
| Oct 6, 2024 | Debit Card | APPLE.COM/BILL<br>Transaction ID: 97-145896001 | -$6.44 | $205.80 |
| Oct 6, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 95-145895001 | -$99.99 | $212.24 |
| Oct 6, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 93-145894001 | -$89.99 | $312.23 |
| Oct 6, 2024 | Debit Card | VENMO *Aaron Pittman<br>Transaction ID: 91-145893001 | -$100.00 | $402.22 |
| Oct 6, 2024 | Debit Card | VENMO *Ryan Rinker<br>Transaction ID: 89-145892001 | -$100.00 | $502.22 |
| Oct 5, 2024 | Direct Payment | Zelle® Payment from Brielle Pittman<br>Transaction ID: 83-35719001 | $100.00 | $602.22 |
| Oct 5, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 82-127325001 | -$49.99 | $502.22 |
| Oct 4, 2024 | Debit Card | BUBBLE CASH<br>Transaction ID: 75-144840001 | -$25.00 | $552.21 |
| Oct 4, 2024 | Debit Card | APPLE.COM/BILL<br>Transaction ID: 73-144839001 | -$1.06 | $577.21 |
| Oct 4, 2024 | Debit Card | APPLE.COM/BILL<br>Transaction ID: 71-144838001 | -$2.14 | $578.27 |

SoFi checking and savings accounts are offered through SoFi Bank, N.A., Member FDIC

| Date | Type | Description | Amount | Balance |
|---|---|---|---|---|
| Oct 4, 2024 | Direct Payment | Zelle® Payment from Jamie Stahura<br>Transaction ID: 68-6158001 | $500.00 | $580.41 |
| Oct 3, 2024 | Direct Payment | Zelle® Payment from Kenneth M Joyce<br>Transaction ID: 65-40961001 | $50.00 | $80.41 |
| Oct 3, 2024 | Debit Card | RECEPTIVE * ADHD ADVIS<br>Transaction ID: 64-118289001 | -$20.00 | $30.41 |
| Oct 3, 2024 | Debit Card | CHUMBA GOLD COINS<br>Transaction ID: 62-118288001 | -$20.00 | $50.41 |
| Oct 3, 2024 | Debit Card | BUBBLE CASH<br>Transaction ID: 60-118287001 | -$10.00 | $70.41 |
| Oct 3, 2024 | Debit Card | APPLE.COM/BILL<br>Transaction ID: 58-118286001 | -$2.00 | $80.41 |
| Oct 3, 2024 | Debit Card | WEGMANS CHAPEL HILL #1<br>Transaction ID: 56-118285001 | -$5.14 | $82.41 |
| Oct 2, 2024 | Debit Card | CHUMBA GOLD COINS<br>Transaction ID: 52-128245001 | -$20.00 | $87.55 |
| Oct 2, 2024 | Debit Card | CHUMBA GOLD COINS<br>Transaction ID: 50-128244001 | -$50.00 | $107.55 |
| Oct 2, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 48-128243001 | -$99.99 | $157.55 |
| Oct 2, 2024 | Debit Card | Modo Gold Coins<br>Transaction ID: 46-128242001 | -$99.99 | $257.54 |
| Oct 1, 2024 | Debit Card | VENMO*JOYCE M<br>Transaction ID: 43-52315002 | $4.75 | $357.53 |
| Oct 1, 2024 | Direct Payment | Zelle® Payment from Brielle Pittman<br>Transaction ID: 42-40554001 | $5.00 | $352.78 |

# Important Information

**SoFi Insured Deposit Program**

For participants in the SoFi Insured Deposit Program (the "Program"), if the total cash balances in your Checking and Savings accounts exceed $250,000 or, in the case of a joint account, $500,000 (each, the "Standard Maximum Deposit Insurance Amount"), and if you have not designated payable on death ("POD") beneficiaries to your Checking and Savings accounts, then SoFi Bank deposits any cash balances above the respective Standard Maximum Deposit Insurance Amount, up to $2 million (including cash balances retained at SoFi Bank), into deposit accounts at multiple receiving banks, as set forth in the Program Terms and Conditions, which can be found at https://www.sofi.com/banking/fdic/terms/ If you have designated POD beneficiaries to your Checking and Savings accounts, the deposits in your accounts will be insured up to $250,000 for each unique primary beneficiary or, in the case of a joint account, up to $500,000 for each unique primary beneficiary. If you participate in the Program, SoFi Bank determines the total FDIC insurance coverage for your accounts by multiplying $250,000 by the number of primary beneficiaries designated for your account or, in the case of a joint account, multiplying $500,000 by the number of primary beneficiaries designated for your account, and places all of your cash balances that exceed such total into the Program, up to $2 million (including cash balances retained at SoFi Bank). If you have only designated secondary beneficiaries to your Checking and Savings accounts (i.e., you have no primary beneficiaries designated), then SoFi Bank treats your secondary beneficiaries like primary beneficiaries for purposes of calculating FDIC insurance coverage and determining the amount of your cash balances that are placed into the Program.

**How to Contact Us**

You may call us using the phone number on the front of this statement.

**Deposit Agreement**

When you opened your account, you received the SoFi Bank Deposit Account Agreement (the "Customer Agreement"), which discussed the terms and conditions governing your account, as well as a fee schedule, a rate sheet and, if applicable, a debit card agreement. You agreed that your account would be governed by these documents as amended from time to time, as well as any other documents provided to you at account opening or subsequently. Copies of the Customer Agreement, the Fee Sheet and Rate Sheet are available through the SoFi website www.sofi.com or mobile app.

**Questions About Your Statement or Electronic Transfer Errors**

You are in the best position to discover errors and unauthorized transactions on your account statement. It is your duty to review your account statements promptly and carefully and immediately notify us of any errors. If you (a) have questions about your statement, (b) think your statement or receipt is wrong, (c) need more information about a transaction, or (d) think an electronic transaction (e.g., ATM transaction, direct deposit, withdrawal, or point of sale transaction) is incorrect or unauthorized, please telephone us at 1-855-456-7634 immediately or write us at SoFi Bank, N.A., 2750 East Cottonwood Parkway #300, Cottonwood Heights, Utah 84121 as soon as possible.

We must hear from you no later than 60 days after we sent the FIRST statement on which the problem or error appeared. We are not liable to you for any damages resulting from an error you fail to timely report and you agree to not make a claim against us for such damages.

If you write us, please include the following information: (1) Your full name and account number (if any); (2) describe the error, transfer or suspected unauthorized transaction you are unsure about and explain as clearly as you can, why you believe there is an error or why you need more information; and (3) the dollar amount of any suspected error.

We will investigate your complaint and will correct any error promptly. If we take more than 10 business days to do this, we will credit your account for the amount you think is in error, so that you will have the use of the money during the time it takes us to complete our investigation.

**Reporting Other Problems**

You are in the best position to discover errors and unauthorized transactions on your account statement. It is your duty to review your account statements promptly and carefully and immediately notify us of any errors or concerns.

**Interest/Dividends**

We are required by law to report annually to you and to the Internal Revenue Service on Form 1099 any taxable interest credited to your account, as well as any taxes withheld. The year-to-date figures shown on your statement reflect these amounts classified to the best of our current knowledge. However, some payments are subject to reclassification, which will be reflected on subsequent statements if we are advised of them prior to the end of the calendar year.

2021 SoFi Technologies, Inc.

**SoFi Bank, N.A. Member of FDIC and Equal Housing Lender**

# EXHIBIT W



**October 2024**

Cash App
1955 Broadway, Suite 600
Oakland, CA 94612

Matt J
170 Manordale Drive
Chapel Hill, NC 27517

| Balance on Oct 1 | Change this month | Balance on Oct 31 |
| --- | --- | --- |
| **$0.03** | **$1.92** | **$1.95** |

| Money In | **+ $2,226.67** |
| --- | --- |
| Money Out | **- $2,224.75** |
| Fees | $0.00 |

 **October 2024**

## Transactions

| Date | Description | Details | Fee | Amount |
|---|---|---|---|---|
| Oct 4 | From Zachary Stahura | Cash App payment | $0.00 | + $120.00 |
| Oct 4 | Modo Gold Coins Scottsdale AZ | Cash App Card | $0.00 | $99.99 |
| Oct 4 | Joyce Matthew San Jose CA | Cash App Card | $0.00 | + $28.00 |
| Oct 4 | From Brielle Pittman | Cash App payment | $0.00 | + $52.00 |
| Oct 4 | Modo Gold Coins Scottsdale AZ | Cash App Card | $0.00 | $99.99 |
| Oct 6 | From Brielle Pittman | Cash App payment | $0.00 | + $100.00 |
| Oct 6 | Modo Gold Coins Scottsdale AZ | Cash App Card | $0.00 | $89.99 |
| Oct 8 | Chumba Gold Coins | Cash App Card | $0.00 | $10.00 |
| Oct 11 | From Srn | Cash App payment | $0.00 | + $100.00 |
| Oct 11 | Modo Gold Coins Scottsdale AZ | Cash App Card | $0.00 | $99.99 |
| Oct 12 | From Jamie Ann Stahura | Cash App payment | $0.00 | + $650.00 |
| Oct 12 | Modo Gold Coins Scottsdale AZ | Cash App Card | $0.00 | $89.99 |
| Oct 12 | Modo Gold Coins Scottsdale AZ | Cash App Card | $0.00 | $89.99 |
| Oct 12 | Modo Gold Coins Scottsdale AZ | Cash App Card | $0.00 | $89.99 |



**October 2024**

## Transactions

| Date | Description | Details | Fee | Amount |
|---|---|---|---|---|
| Oct 12 | Modo Gold Coins Scottsdale AZ | Cash App Card | $0.00 | $94.99 |
| Oct 12 | Modo Gold Coins Scottsdale AZ | Cash App Card | $0.00 | $99.99 |
| Oct 12 | Modo Gold Coins Scottsdale AZ | Cash App Card | $0.00 | $99.99 |
| Oct 12 | Modo Gold Coins Scottsdale AZ | Cash App Card | $0.00 | $49.99 |
| Oct 12 | Modo Gold Coins Scottsdale AZ | Cash App Card | $0.00 | $19.99 |
| Oct 12 | Modo Gold Coins Scottsdale AZ | Cash App Card | $0.00 | $9.99 |
| Oct 12 | Modo Gold Coins Scottsdale AZ | Cash App Card | $0.00 | $4.99 |
| Oct 13 | From Brielle Pittman | Cash App payment | $0.00 | + $100.00 |
| Oct 13 | Modo Gold Coins Scottsdale AZ | Cash App Card | $0.00 | $94.99 |
| Oct 14 | From Jamie Ann Stahura | Cash App payment | $0.00 | + $300.00 |
| Oct 14 | Modo Gold Coins Scottsdale AZ | Cash App Card | $0.00 | $94.99 |
| Oct 14 | Modo Gold Coins Scottsdale AZ | Cash App Card | $0.00 | $99.99 |
| Oct 14 | Modo Gold Coins Scottsdale AZ | Cash App Card | $0.00 | $99.99 |
| Oct 25 | From SoFi Bank, National Association x8883 | Standard transfer | $0.00 | + $175.00 |



**October 2024**

## Transactions

| Date | Description | Details | Fee | Amount |
|------|-------------|---------|-----|--------|
| Oct 25 | YSI Pulsz.com | Cash App Card | $0.00 | $84.99 |
| Oct 25 | Chumba Gold Coins | Cash App Card | $0.00 | $100.00 |
| Oct 28 | Joyce Matthew San Jose CA | Cash App Card | $0.00 | + $46.67 |
| Oct 28 | From SoFi Bank, National Association x8883 | Standard transfer | $0.00 | + $155.00 |
| Oct 28 | Modo Gold Coins Scottsdale AZ | Cash App Card | $0.00 | $99.99 |
| Oct 28 | Modo Gold Coins Scottsdale AZ | Cash App Card | $0.00 | $99.99 |
| Oct 28 | From SoFi Bank, National Association x8883 | Standard transfer | $0.00 | + $100.00 |
| Oct 28 | Modo Gold Coins Scottsdale AZ | Cash App Card | $0.00 | $99.99 |
| Oct 28 | From SoFi Bank, National Association x8883 | Standard transfer | $0.00 | + $100.00 |
| Oct 28 | Modo Gold Coins Scottsdale AZ | Cash App Card | $0.00 | $99.99 |
| Oct 28 | From SoFi Bank, National Association x8883 | Standard transfer | $0.00 | + $100.00 |
| Oct 28 | Modo Gold Coins Scottsdale AZ | Cash App Card | $0.00 | $99.99 |
| Oct 28 | From SoFi Bank, National Association x8883 | Standard transfer | $0.00 | + $100.00 |
| Oct 28 | Modo Gold Coins Scottsdale AZ | Cash App Card | $0.00 | $99.99 |



**October 2024**

## Transactions

| Date | Description | Details | Fee | Amount |
|------|-------------|---------|-----|--------|



**October 2024**

**All transactions shown in Eastern Time**

In case of errors or questions about your Account you can:

a. Contact us through your Account in the App:

- Tap the profile icon > Support > Something Else
- If it's a Cash App Card Dispute:
  - Tap **Cash App Card** > **Dispute a Purchase** > Tap **Start a Dispute** to move forward
  - Select the Cash App Card transaction you'd like to dispute and follow the prompts
  - Please note: if you have multiple claims you will have to submit those claims separately as you can only select one transaction at a time
- If it's any other type of dispute, select **Contact Support.**

b. Call us at 1-800-969-1940.

c. Write us at Cash Disputes, 1955 Broadway, Suite 600, MSC 211, Oakland, CA 94612.

Contact us as soon as you can, if you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt. You can report an error up to 60 days after the date we sent you the first statement on which you believe the error occurred.

In order for us to investigate your claim, you will need to provide:

- Your name and Account information (including $Cashtag, email and/or phone number);
- Why you believe there is an error,
- The dollar amount involved; and
- Approximately when the error took place.

We will investigate your complaint and will correct any error promptly. If we take more than 10 business days to do this, we will credit your account for the amount you think is in error, so that you will have the use of the money during the time it takes us to complete our investigation.

Brokerage services by Cash App Investing LLC, member FINRA / SIPC. Investing involves risk; you may lose money. Bitcoin trading is offered by Cash App. Cash App Investing does not trade bitcoin and Cash App is not a member of FINRA or SIPC.

This is not a brokerage account statement. Stock and securities activity is reflected in this statement for purposes of your non-brokerage Cash App activity only. Please see your Cash App Investing account statements for details on your brokerage account activity.



**October 2024**

NOTICE OF UPDATED TERMS OF SERVICE - DEPRECATION OF PEER TO PEER BITCOIN TRANSFERS

Effective December 20, 2024, you will no longer be able to transfer bitcoin using Cash App's peer to peer bitcoin transfers feature. Any peer to peer bitcoin transfers that are still pending on December 20, 2024 will be automatically canceled and the bitcoin will be returned to your Cash App balance. A revised version of the terms of service for Virtual Currency Services, which removes Section XI.6 (Peer-to-Peer Bitcoin Transfers), will be available at https://cash.app/legal/us/en-us/tos.

| **041 215 663** | **27 105 3892 9040** | **SUTTON** |
| Routing Number | Account Number | Issuing Bank |