Matthew Joyce
Plaintiff, Pro Se
600 Market Grove Dr #100
Wake Forest, NC 27587-7345
Phone: (919) 259-4661
Email: m.joyce07@proton.me



**FILED**

JUL 3 1 2026

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
                    DEPUTY CLERK



# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br>Plaintiff,<br>v.<br>ARB GAMING LLC dba MODO.US;<br>AFFIRM, INC.; GOLDMAN SACHS BANK<br>USA; APPLE INC.; AMAZON.COM, INC.;<br>and DOES 1-50,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**PLAINTIFF'S RESPONSE TO THE MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF-IN-INTERPLEADER JAMIE STAHURA (ECF 88), AND REQUEST FOR CONDITIONS UNDER LOCAL RULE 182(d)** |

August 5, 2026, 10:00 a.m. — Hon. Daniel J. Calabretta

**I. Plaintiff does not oppose withdrawal and asks only that it issue subject to conditions.**

Plaintiff Matthew Joyce, pro se, was served with the Motion to Withdraw as Counsel of Record for Plaintiff-in-Interpleader Jamie Stahura (ECF 88). Plaintiff does not oppose counsel being relieved. He respectfully requests only that, if leave to withdraw is granted, it issue subject to conditions — which Local Rule 182(d) authorizes the Court to impose: "Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit."

As set out below, the moving papers on their face would leave the newly self-represented party without a mailing address on the record, and they state counsel's obligation to

release her client file in the alternative rather than as an accomplished fact. The conditions requested in Part VI are directed to those two matters.

## II. The certificate of service states an address for Ms. Stahura that the record shows is not hers.

The certificate of service states that Ms. Stahura was served "via Email and or Certified Mail, Return Receipt Requested, addressed as follows: JAMIE STAHURA, 170 Manordale Drive, Chapel Hill, NC 27517, Jamie.Stahura@PNFP.COM." (ECF 88, at 6.) Plaintiff takes no position on whether Ms. Stahura received the motion. The point concerns the mailing address stated on the certificate, and the address at which the Clerk and the parties are to serve her going forward.

That address is Plaintiff's former residence. It is the same address counsel used for Plaintiff in her certificate of service at ECF 84-2 (July 3, 2026). And on July 20, 2026 — the day before the motion was filed — Plaintiff filed a Notice of Change of Address on this docket stating that his address is 600 Market Grove Drive #100, Wake Forest, NC 27587-7345. (ECF 90.)

The record states a different address for Ms. Stahura. In sequence:

1. **July 3, 2026** — ECF 84-4, a docket sheet filed by counsel, states Ms. Stahura's address as 11076 Ligon Mill Road #100, Wake Forest, NC 27587, pro se.

2. **July 3, 2026** — ECF 84-2, counsel's certificate of service on Plaintiff, states Plaintiff's address as 170 Manordale Drive, Chapel Hill, NC 27517.

3. **July 20, 2026** — ECF 90, Plaintiff's Notice of Change of Address, states Plaintiff's address as 600 Market Grove Drive #100, Wake Forest, NC 27587-7345.

4. **July 20, 2026** — ARB's service list on its opposition to Plaintiff's request to seal states Ms. Stahura's address as 11076 Ligon Mill Road #100, Wake Forest, NC 27587.

5. **July 21, 2026** — ECF 88, at 6, counsel's certificate of service on Ms. Stahura, states 170 Manordale Drive, Chapel Hill, NC 27517.

6. **July 21, 2026** — ECF 88-1 ¶ 4, the Local Rule 182(d) affidavit, states no address.

The Court's own electronic filing system states the same address. The Notices of Electronic Filing generated in this action carry the direction: "Electronically filed documents must be served conventionally by the filer to: Jamie Stahura, 11076 Ligon Mill Rd #100, Wake Forest, NC 27587." (See, e.g., Notice of Electronic Filing for ECF 94, July 30, 2026.) Counsel is on the electronic notice list for this action and receives that direction with each filing.

The correct address for Ms. Stahura thus appears in the record — in a docket sheet counsel herself filed eighteen days before the motion (ECF 84-4), in an opposing party's service list filed the day before it (July 20, 2026), and in the Notice of Electronic Filing transmitted to counsel on every filing in this action — while the certificate of service and the proposed order carry a different one.

### III. The affidavit does not contain the address or the statement of efforts that Local Rule 182(d) requires.

Local Rule 182(d) requires the withdrawing attorney to "provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw." The Court restated that requirement to counsel in its Minute Order of July 13, 2026, which directed that "if Plaintiff-in-Interpleader's counsel wishes to withdraw, counsel must file a motion to withdraw as counsel." (ECF 87.) Counsel restated it herself in the motion. (ECF 88, at 3.)

The affidavit filed with the motion (ECF 88-1) states the following.

**Address.** "Ms. Stahura's current or last-known contact information is:, Jamie.Stahura@PNFP.COM and +1 (631) 252-9182." (ECF 88-1 ¶ 4.) That is an email address and a telephone number. The affidavit states no address. The rule's word is "address or addresses."

**Efforts to notify.** "On May 2026, I notified Ms. Stahura of Counsel's intent to file this motion by email." (ECF 88-1 ¶ 5.) The affidavit states a month without a day. The motion is the one the Court directed by its Minute Order of July 13, 2026 (ECF 87; see ECF 88-1 ¶ 3).

**Release of the file.** The declaration states: "Counsel have made, or will promptly make, Ms. Stahura's client materials and property available to her upon request, subject to any applicable protective order, non-disclosure agreement, statute or regulation." (ECF 88-1 ¶ 8.) The memorandum states the same obligation in the same form: "Counsel have advised or will advise" Ms. Stahura of her responsibilities, and "have also made or will make the client file available as required by Rule 1.16(e)." (ECF 88, at 5.)

California Rule of Professional Conduct 1.16(e)(1) requires that counsel "promptly shall release to the client, at the request of the client, all client materials and property … whether the client has paid for them or not." That Rule is adopted as this Court's standard by Local Rule 180(e). The qualifier counsel states tracks the Rule's own terms. What the declaration does not state is whether the materials have been released. A declaration executed under penalty of perjury stating that counsel "have made, or will promptly make" the file available leaves the question open, and Ms. Stahura is about to proceed without counsel.

**IV. The proposed order, as drafted, would leave the Clerk without a mailing address for a newly self-represented party.**

The proposed order directs that "[a]ll future documents, notices, and orders directed to Jamie Stahura shall be served on her at the following address and, where appropriate, email address: Jamie.Stahura@PNFP.COM." (ECF 88-2 ¶ 4.) It states "the following address" and supplies only an email. Paragraph 5 then directs Ms. Stahura to keep the Court informed of any change in her "mailing address" — which the order does not provide.

This is not academic. The Clerk has served Ms. Stahura by United States mail throughout this action, including service of the Minute Orders at ECF 87 and ECF 92. A physical mailing address for Ms. Stahura is in the record: ARB's July 20, 2026 service list gives 11076 Ligon Mill Road #100, Wake Forest, NC 27587. The proposed order supplies none.

**V. Record corrections.**

Four matters on the face of the moving papers warrant correction.

1. **The caption.** All three documents are captioned "MATTHEW THOMAS JOYCE, by and through undersigned counsel." Counsel's representation of Plaintiff ended with Plaintiff's notice at ECF 54 (May 28, 2026) and the Court's order at ECF 58 (May 31, 2026), nearly two months before these documents were filed on July 21, 2026.

2. **A declaration cited but not filed.** The motion states that it is "based on … the Declarations of Amina M. Mack and Jacqueline M. Sale" (ECF 88, at 2) and refers to "[t]he accompanying declarations" (ECF 88, at 4). Only one declaration was filed — that of Ms. Mack (ECF 88-1). No declaration of Ms. Sale appears in the record.

3. **Relief as to an attorney who did not appear for this client.** The proposed order would relieve "Amina M. Mack and Jacqueline M. Sale … as counsel of record for Jamie Stahura" (ECF 88-2 ¶¶ 2–3). The only appearance entered for Ms. Stahura is the Notice of Appearance of Amina M. Mack (ECF 35, March 6, 2026).

4. **The notice does not state the hearing date or time, and identifies a different courtroom than the docket.** The notice states that "the matter may be heard in Courtroom 25 of the United States District Court … located at 501 I Street, Sacramento, California 95814." (ECF 88, at 1.) It states no date and no time. The docket sets the hearing for August 5, 2026 at 10:00 a.m. in Bakersfield (CDB) before District Judge Daniel J. Calabretta. Ms. Stahura, who is to become self-represented, was served with the notice.

## VI. Conditions requested.

Plaintiff does not oppose the withdrawal and does not seek to delay it. He respectfully requests that, if the Court grants leave to withdraw, it do so subject to the following conditions, the first, second, and fourth of which Local Rule 182(d) authorizes: "Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit."

1. That counsel state on the record a physical mailing address for Ms. Stahura, so that the Clerk may continue to serve her.

2. That counsel release Ms. Stahura's client file to her by a date certain, and without conditioning release on the payment of fees, as California Rule of Professional Conduct

1.16(e)(1) provides — counsel "promptly shall release to the client … all client materials and property … whether the client has paid for them or not." The declaration states that counsel "have made, or will promptly make" those materials available. (ECF 88-1 ¶ 8.) A date certain would resolve the alternative.

3. That counsel file a corrected declaration stating the date on which notice of the motion was given and a current or last-known address for Ms. Stahura.

4. That the Clerk serve the order granting withdrawal directly on Ms. Stahura.

Plaintiff notes separately, and requests no relief on it here, that his own request for his client file from counsel's prior representation of him has been on the record and unanswered since the notice filed May 28, 2026 (letter dated May 27, 2026). See ECF 54 ("certain requests previously transmitted to prior counsel — including with respect to Plaintiff's client file … remain pending and unanswered as of the date of this letter"). That matter arises from a different representation than the one at issue in this motion, and Plaintiff will bring it by separate noticed motion if it is not resolved.

Plaintiff does not seek to delay the hearing, and to the extent the notice period provided for this motion is short of that contemplated by Local Rule 230(b), Plaintiff waives any objection on that ground as to himself and asks that the Court resolve the motion on its current schedule.

Plaintiff asks only that, if leave to withdraw is granted, it issue subject to conditions sufficient to keep Ms. Stahura reachable on the docket and to secure the release of the client file that Local Rule 182(d) and California Rule of Professional Conduct 1.16(e) contemplate.

Dated: July 31, 2026

Respectfully submitted,

Signed by:

*Matthew Joyce*

07B601B840D34AB

**Matthew Joyce**

Plaintiff, Pro Se

600 Market Grove Dr #100
Wake Forest, NC 27587-7345
Phone: (919) 259-4661
Email: m.joyce07@proton.me



Matthew Joyce
Plaintiff, Pro Se
600 Market Grove Dr #100
Wake Forest, NC 27587-7345
Phone: (919) 259-4661
Email: m.joyce07@proton.me

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

MATTHEW JOYCE, an individual,
Plaintiff,

v.

ARB GAMING LLC dba MODO.US;
AFFIRM, INC.; GOLDMAN SACHS BANK
USA; APPLE INC.; AMAZON.COM, INC.;
and DOES 1–50,

Defendants.

Case No. 2:25-cv-01868-DJC-CSK (PS)

**PROOF OF SERVICE**

## PROOF OF SERVICE

I, Matthew Joyce, declare that I am over the age of eighteen years and am a party to this action. My address is 600 Market Grove Drive #100, Wake Forest, North Carolina 27587-7345.

On July 31, 2026, I served the following documents:

1. PLAINTIFF'S RESPONSE TO THE MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF-IN-INTERPLEADER JAMIE STAHURA (ECF 88), AND REQUEST FOR CONDITIONS UNDER LOCAL RULE 182(d)

2. PROOF OF SERVICE

**BY ELECTRONIC MAIL** — pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), by written consent of counsel dated July 16, 2026 — upon:

**ARB Gaming LLC** (Duane Morris LLP): dwall@duanemorris.com; WASaurack@duanemorris.com; klalexander@duanemorris.com

**Apple Inc.** (DLA Piper LLP US): john.gibson@dlapiper.com; ann.lozinski@dlapiper.com; lynda.west@us.dlapiper.com; michele.leyva@us.dlapiper.com

**Affirm, Inc.** (Troutman Pepper Locke LLP): kalama.lui-kwan@troutman.com; ryan.lewis@troutman.com

**Goldman Sachs Bank USA** (Morgan, Lewis & Bockius LLP): arjun.rao@morganlewis.com; marcos.sasso@morganlewis.com; kathleen.rosello@morganlewis.com

**Counsel of record for Plaintiff-in-Interpleader Jamie Stahura** (The Mack Law Firm, PLLC): legal@themacklaw.com

**BY UNITED STATES MAIL**, first-class postage prepaid, in a sealed envelope addressed to:

**Jamie Stahura**, 11076 Ligon Mill Road #100, Wake Forest, North Carolina 27587

**Amazon.com, Inc.**, 410 Terry Avenue North, Seattle, Washington 98109

The original documents were delivered to the Clerk of Court by courier for filing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 31, 2026, at Wake Forest, North Carolina.

*Matthew Joyce*

**Matthew Joyce**

Plaintiff, Pro Se

600 Market Grove Dr #100
Wake Forest, NC 27587-7345
Phone: (919) 259-4661
Email: m.joyce07@proton.me