TROUTMAN PEPPER LOCKE LLP
Kalama M. Lui-Kwan (SBN 242121)
kalama.lui-kwan@troutman.com
Ryan A. Lewis (SBN 307253)
ryan.lewis@troutman.com
Three Embarcadero Center, Suite 800
San Francisco, CA 94111
Telephone: 415.477.5700
Facsimile: 415.477.5710

TROUTMAN PEPPER LOCKE LLP
Gary D. Sonnenfeld (SBN 247894)
gary.sonnenfeld@troutman.com
777 South Flagler Drive
Suite 215, East Tower
West Palm Beach, FL 33401
Telephone: 305.712.1572
Facsimile: 561.655.8719

Attorneys for Defendant
AFFIRM, INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

| | |
|---|---|
| MATTHEW THOMAS JOYCE, by and through undersigned counsel,<br><br>Plaintiff,<br><br>v.<br><br>ARB GAMING LLC DBA MODO. US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC; AMAZON.COM, INC; DOES 1-50,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK<br><br>**DEFENDANT AFFIRM, INC.'S REPLY IN SUPPORT OF AFFIRM'S MOTION TO DISMISS [F.R.C.P. 12(B)(6)]**<br><br>Date: August 25, 2026<br>Time: 10:00 a.m.<br>Location: Zoom<br><br>Judge: Hon. Daniel J. Calabretta<br>Assigned to: Magistrate Judge Chi Soo Kim |
| JAMIE STAHURA,<br><br>Plaintiff in Interpleader,<br><br>v.<br><br>ARB GAMING LLC dba MODO, a Delaware limited liability company; B2SERVICES OU dba; MCLUCK; AFFIRM, INC.; and DOES 1-10, inclusive,<br><br>Defendants in Interpleader. | Complaint Filed: June 30, 2025<br>FAC Filed: March 2, 2026<br>Trial Date: None set |

Defendant Affirm, Inc. ("Affirm"), by counsel, submits this reply in support of its motion to dismiss Plaintiff Matt Joyce's First Amended Complaint ("FAC"). (*See* ECF No. 60). For the reasons set forth in the memorandum filed in support of the motion and the reply below, Affirm respectfully requests that the Court grant its motion to dismiss (the "Motion") and dismiss Plaintiff's first amended complaint with prejudice.

## I. <u>INTRODUCTION</u>

Plaintiff's opposition confirms, rather than cures, the deficiencies in the FAC. The opposition offers no adequate response to the grounds Affirm identified. The FAC still lacks the specific contractual language, the particularized misrepresentations, the nexus to a physical place of public accommodation, the pre-conduct knowledge, and the cognizable legal theories necessary to sustain the claims against Affirm. The Court should grant the motion to dismiss with prejudice.

While the Court affords pro se filings liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and does not dismiss a complaint for an "imperfect statement of the legal theory supporting the claim asserted," *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (*per curiam*), liberal construction is not a license to supply factual allegations the pleading does not contain. Even a pro se complaint must still plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The FAC's deficiencies are not deficiencies of form or nomenclature that liberal construction can cure — they are the absence of the factual predicates each claim requires.

## II. <u>ARGUMENT</u>

### A. <u>The Pending Rule 15 Motion Does Not Justify Deferral</u>

The Plaintiff asks the Court to resolve his forthcoming Rule 15(a)(2) motion before adjudicating Affirm's motion to dismiss, on the theory that a granted amendment would moot ECF 60. The request should be denied.

Plaintiff concedes that the Second Amended Complaint has not been filed. (Opp. at 3.) The supersession doctrine he relies on — that an amended complaint renders prior pleadings "non-existent," *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) — applies

once an amended pleading is filed, not when a party merely moves for leave to file one. A motion for leave has no superseding effect and the Court is obligated to adjudicate the operative First Amended Complaint.

Additionally, deferral would reward strategic delay. The FAC has been on file since the early stages of litigation and is similar to the complaint filed in Plaintiff's Northern District of California case. Plaintiff has had ample opportunity to amend and did not. Affirm has fully briefed its motion and is entitled to a ruling on it.

**B. Plaintiff's Merit Arguments Fail**

**1. Disability Claims Under the Unruh Act and ADA Fail**

Plaintiff lacks standing under the Unruh Act because he is a resident of North Carolina and any alleged violation occurred outside of the jurisdiction of California. The Opposition fails to cite any authority to overcome the holding that the "Unruh Act only applies to 'persons within the jurisdiction of the state.'" *Brooke v. RIHH LP*, 2020 U.S. Dist. LEXIS 27266, at *11 (N.D. Cal. Feb. 18, 2020) (citing Cal. Civ. Code §§ 51(b), (f)). Plaintiff admits he is an out-of-state resident and does not allege that any violation of the Unruh Act occurred within the jurisdiction of California.

As an out-of-state resident who has failed to show that he is a person within the jurisdiction of California, Plaintiff lacks standing to bring a claim under the Unruh Act, and his claim should be dismissed with prejudice on this basis alone. *See id.* (dismissing Unruh Act claim with prejudice where "Plaintiff has failed to show she is a person within the jurisdiction of California -- indeed, her complaint explicitly alleges she is a citizen of Arizona").

Plaintiff's recharacterization of his disability as bipolar disorder instead of compulsive gambling fares no better. The FAC alleges the existence of forty-six loans to a gambling platform in two months. California Government Code § 12926(j)(5) expressly excludes compulsive gambling from disability protection. Relabeling the conduct of forty-six gambling-related loans does not bring the claim under the Act's protection when the facts pled establish that the relevant conduct was compulsive gambling.

As to the alleged intentional discrimination by Affirm, Plaintiff's Opposition does not cure the FAC's failure to allege facts sufficient to support an inference that Affirm's automated loan-approval process was directed at or targeted Plaintiff because of his disability. Conclusory allegations of discriminatory intent are insufficient. *See Iqbal*, 556 U.S. 662.

Plaintiff invokes *Robles v. Domino's Pizza*, LLC, 913 F.3d 898, 905-06 (9th Cir. 2019), but *Robles* involved a website with a direct nexus to physical restaurant locations, where the website "impedes access to the goods and services of its physical pizza franchises-which are places of public accommodation." The FAC does not plead any nexus between Affirm's digital lending services and a physical space of public accommodation. *Id.* at 905. Plaintiff fails to argue that Affirm's website is related to any brick-and-mortar retail presence. Even accepting Plaintiff's argument that Affirm is a point-of-sale financing tool embedded in a third-party merchant's checkout process, the third-party merchant at issue here, ARB Gaming, is not alleged to operate a physical place of public accommodation. Accordingly, the ADA claim fails.

Additionally, Plaintiff effectively concedes the deficiency of the Section 12203 retaliation claim (Opp. at 5) and therefore these counts should be dismissed.

**2. Fraud – Rule 9(b) Particularity Not Met**

Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). The Opposition points to FAC ¶¶ 111-125, but those paragraphs describe loan volume and an employee's after-the-fact acknowledgment of the loan pattern, not a specific misrepresentation made by an identified Affirm representative, made to Plaintiff at a specific time, that Plaintiff relied on to his detriment.

The Fraud count of the FAC fails to identify any misrepresentations made by Affirm, much less specify the time, place, and manner of the representations, or the persons who made them as required under Rule 9(b). (FAC ¶¶ 235-54.) Moreover, the alleged "misrepresentations" concern defendant ARB Gaming's gaming platforms, not Affirm. (*See id.*).

Additionally, as discussed in the Motion, the economic loss rule independently bars the fraud claim. Plaintiff's inducement theory that Affirm's alleged misrepresentations brought the

loan agreements into existence does not bring this case within *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979 (2004). *Robinson Helicopter* recognized a narrow exception for affirmative misrepresentations that are independent of the contractual obligations themselves. *Id.* at 993. Here, even reading that exception broadly, the alleged misrepresentations concern the terms and permissible uses of the loans, matters that are the subject of the contract, not independent of it. Therefore, the limited exception does not apply, and the fraud counts should be dismissed with prejudice.

### 3. Breach of Contract and Implied Covenant Counts Fail

Neither the FAC nor the Opposition quotes, attaches, or identifies any contractual provision or term of any agreement between Plaintiff and Affirm that Affirm allegedly breached. The Opposition's statement that Affirm's employees "named the governing term" does not cure this defect. An internal employee's alleged acknowledgment of a loan pattern is not a substitute for pleading the specific contractual provision that was breached. Moreover, the FAC and Opposition breach counts are directed towards ARB Gaming's conduct, not Affirm's.

The implied covenant claim fails independently. Plaintiff's Opposition recharacterizes it as a "frustration" claim, arguing that Affirm frustrated the benefit of the loan agreements by continuing to collect on, and derogatorily report, loans that Affirm's own employees had allegedly identified as potentially prohibited. (Opp. at 7.) But this theory fails for the same reason as the contract claim: an implied convent claim must point to a specific contractual obligation on which to premise the claim. *See Khan v. CitiMortgage, Inc.*, 975 F. Supp. 2d 1127, 1143 (E.D. Cal. 2013) (dismissing implied covenant claim "with prejudice" where complaint lacked "a specific contractual obligation on which to premise an implied covenant claim"). Plaintiff does not identify any specific contractual benefit that Affirm's post-loan conduct frustrated. Collecting on outstanding loan balances exercises a contractual right; it does not frustrate one. Additionally, an employee's internal, after-the-fact notation about a loan pattern does not convert routine collection into "unfair interference" as a matter of law — particularly where Plaintiff has not alleged that the loans were void, rescinded, or otherwise unenforceable at the time of the collection. The implied covenant count should be dismissed.

**4. Plaintiff's UCL, Unjust Enrichment and Financial Code Claims Fail**

Affirm acknowledges that the UCL's "unlawful" prong may borrow violations of statutes that do not themselves provide a private right of action. *See Farmers Ins. Exch. v. Superior Ct.*, 2 Cal. 4th 377, 383 (1992). But the borrowing function requires an actual violation of the predicate statute, and Plaintiff has not alleged one. The California Financial Code provisions Plaintiff invokes do not carry a private right of action. *Balboa Cap. Corp. v. Shaya Med. P.C. Inc.*, 2021 WL 6104014, at *4 (C.D. Cal. Aug. 13, 2021) (citing *De La Torre v. CashCall, Inc.*, 854 F.3d 1082, 1085 (9th Cir. 2017)). More fundamentally, the FAC does not identify any specific conduct by Affirm that violates any specific provision of the California Financial Code. There is no predicate violation for the UCL to borrow. Without a particularized allegation of statutory noncompliance, the "unlawful" prong claim fails regardless of whether the underlying statute carries a private right of action.

Furthermore, even if the California Financial Code did provide a private right of action (it does not), Plaintiff fails to allege conduct by Affirm sufficient to put it on notice of the nature of Plaintiff's purported statutory claim. *See Iqbal*, 556 U.S. at 662.

Plaintiff fails to explain how the vague statements in his complaint support his claim that a statutory violation lacking a private right of action can still serve as a UCL "unlawful" prong violation. Nor does he show causation from any of Affirm's alleged violations. Instead, he concludes that if allowed to amend the count again, he will better explain his position.

Because the predicate claims fail, the UCL claim fails derivatively. Plaintiff's reliance on *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011), for standing is beside the point if no valid predicate survives. And the alleged "lost money or property" relates to the loans' terms, not the "velocity" of the "transaction stream." (Opp. at 8-9.)

Plaintiff's standalone "unfair" prong argument also fails. The Opposition contends that lending at high velocity into a transaction stream Affirm's own terms prohibited, and continuing to collect after employees noted the loan pattern, "offends established public policy" and is "substantially injurious to consumers." (Opp. at 8-9.) This argument conflates the roles of a lender and a gambling provider. Affirm is alleged only to have issued lawful consumer loans —not to

have operated, promoted, or participated in any gambling enterprise. A borrower's choice to use loan proceeds for gambling does not render the lending "unfair," any more than a bank extending a line of credit becomes "unfair" because the borrower misuses the funds. *See Taylor v. Apple, Inc.*, 2022 WL 35601, at *3 (N.D. Cal. Jan. 4, 2022) (dismissing UCL "unfair" prong claim predicated on alleged facilitation of "gambling addiction" and noting that "the public interest likely lies in seeking legislative remedies"). As in *Taylor*, issuing lawful consumer loans through an automated process does not offend public policy just because a borrower used the proceeds for gambling. Nor does an employee's retrospective notation about a loan pattern transform otherwise lawful lending and collection activity into conduct that "offends established public policy." Collecting on valid, outstanding loan obligations exercises a contractual right, and Plaintiff identifies no statute, regulation, or established public policy that Affirm's lending conduct violated. The UCL claim fails under the "unfair" prong.

Unjust enrichment is not an independent cause of action under California law. Plaintiff's "pleaded in the alternative" argument does not save the claim: California courts do not recognize unjust enrichment as a freestanding cause of action regardless of how it is labeled or pled. *Myers-Armstrong v. Actavis Totowa, LLC*, 382 Fed.Appx. 545, 548 (9th Cir. 2010).

### 5. Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress and Payment Processor Liability Claims Fail

Plaintiff argues that the finder of fact may determine that Affirm's actions were outrageous, but he does not argue that merely approving numerous loan applications in rapid succession is outrageous. To qualify as outrageous under relevant case law, a defendant's conduct must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993). The FAC does not plead facts showing that Affirm had actual knowledge of Plaintiff's psychiatric condition at the time any loan was issued; the alleged employee acknowledgment came after the fact. Absent knowledge of Plaintiff's condition at the time of the conduct, the outrage element fails. To the extent the Opposition relies on Affirm's continued collection and credit reporting after the employee notation (Opp. at 7-8), that post-hoc conduct does not fill the gap. Again, collecting on valid, outstanding

loan obligations exercises a contractual right; it is not "outrageous" conduct as a matter of law. An internal employee's retrospective observation about a loan pattern does not turn routine debt collection into extreme and outrageous behavior. Plaintiff has pled no facts and provided no support in the FAC or Opposition that support a finding that Affirm's actions were outrageous.

Plaintiff concedes that he incorrectly pled the Negligent Infliction of Emotional Distress bystander theory. (Opp. at 8.) The FAC does not adequately plead a direct-victim theory against Affirm either.

Regarding payment processor liability, Plaintiff's Opposition responds only that the underlying facts state claims "addressed elsewhere." (Opp. at 8.) That concession confirms there is no independent claim here. "Payment processor liability" is not a cognizable legal theory under California or federal law, and the underlying facts as addressed throughout this reply and the Motion do not independently state a claim under any identified theory. These three counts should be dismissed with prejudice.

### 6. Plaintiff's "Aiding and Abetting" and Conspiracy Claims Fail

Plaintiff's Opposition does not overcome the deficiencies in Affirm's Motion. "Under California law, liability for aiding and abetting the commission of an intentional tort attaches if a defendant 'is [1] aware that the other's conduct constitutes a breach of duty and [2] provides substantial assistance or encouragement to the other to so act.'" *Simi Mgmt. Corp. v. Bank of Am. Corp.*, 2012 WL 259865, at *4 (N.D. Cal. Jan. 27, 2012) (citing *In re First Alliance Mortgage Co.*, 471 F.3d 977, 993 (9th Cir. 2006)). "This standard requires that the defendant 'have ***actual knowledge*** of the ***specific primary wrong*** the defendant substantially assisted.'" *Id.* (citing *In re First Alliance Mortgage Co.*, 471 F.3d at 993) (emphasis original). The "complaint must allege the defendant's actual knowledge of the specific breach of duty for which it seeks to hold the defendant liable." *Id.* (citing *Casey v. U.S. Bank Nat. Assn.*, 127 Cal. App. 4th 1138, 1152 (2005)). Plaintiff's threadbare allegations fall well short of this standard. *See id.*

An employee's after-the-fact notation about "a number of loans with the same merchant" is not pre-conduct knowledge of a specific primary wrong. At most, it is a retrospective observation that does not establish the knowledge element of an aiding and abetting claim.

The Opposition emphasizes that Affirm continued to finance, collect on, and report the loans after the employee notation. (Opp. at 9.) But continued lending and collection in the ordinary course of business, without actual pre-conduct knowledge of a specific primary wrong by ARB Gaming, does not satisfy the knowledge element. *See Casey v. U.S. Bank Nat. Assn.*, 127 Cal. App. 4th 1138, 1152 (2005) (requiring "actual knowledge of the specific breach of duty"). Noting after the fact that certain loans shared a common merchant is categorically different from pre-conduct awareness that the merchant was committing a specific tort against the borrower. And collecting on valid debt obligations is the exercise of a contractual right — it is not "substantial assistance" in an intentional tort. The aiding and abetting claim should be dismissed.

Providing financing in the ordinary course of a lender's business is not substantial assistance. Funding purchases on ARB Gaming's platform does not transform Affirm from a lender into an aider and abettor of whatever wrong ARB Gaming allegedly committed.

Plaintiff also concedes that conspiracy is not an independent tort under California law. (Opp. at 9.) Because the underlying torts fail for the reasons above, the conspiracy theory fails with them.

### 7. Any Request for Leave to Amend by Plaintiff Should Be Denied

Affirm respectfully requests that any request by Plaintiff for leave to amend be denied because further amendment would be futile and because Plaintiff has already had three chances to assert plausible claims against Affirm. Affirm is aware that leave to amend is ordinarily granted with liberality. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003) (per curiam). A pro se plaintiff is generally entitled leave "'if it appears at all possible that the plaintiff can correct the defect.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988)). Here, that threshold is not met. The deficiencies Affirm has identified are not curable through better pleading — they are legal barriers intrinsic to the claims themselves. Plaintiff's Unruh Act claim cannot be cured because he is not a person "within the jurisdiction of this state" as a matter of law. The California Financial Code claims cannot be cured because the statute provides no private right of action. The fraud claim is independently barred by the economic loss rule, which no amount of

additional factual detail can overcome. And the ADA claim fails because the relevant merchant is not a physical place of public accommodation. These are not pleading imperfections; they are substantive legal defects that render further amendment futile. *See Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (leave to amend "is properly denied [] if amendment would be futile."). Plaintiff does not state a single viable cause of action and should not be afforded another opportunity to reconfigure his vague and conclusory pleading. *See Richards v. Centripetal Networks, Inc.*, 2024 WL 2064067, at *4 (N.D. Cal. May 8, 2024) (no amendment where "needlessly iterative pleading wastes the time and resources of the Court and the parties."). Plaintiff has had three opportunities to correctly plead his claims, and they remain insufficient. Therefore, Plaintiff's claims should be dismissed without leave to amend.

Additionally, the counsel abandonment argument does not expand Plaintiff's pleading rights. Plaintiff invokes *Maples v. Thomas*, 565 U.S. 266 (2012), for the proposition that pleading defects caused by counsel's abandonment should not be attributed to him. But *Maples* addressed attorney abandonment in the context of procedural default in a capital habeas proceeding, not a mid-litigation withdrawal in a civil case involving a represented plaintiff who had previously filed an amended complaint.

Plaintiff is bound by his former counsel's pleading choices. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962). The circumstances of the withdrawal do not sever the attorney-client relationship for purposes of pleading attribution on a Rule 12(b)(6) motion, and *Maples* does not hold otherwise.

Plaintiff also argues that the Court should exercise its leave-to-amend discretion consistently with the disability accommodations already granted, invoking *Akhtar v. Mesa*, 698 F.3d 1202, 1210-12 (9th Cir. 2012), and *Tennessee v. Lane*, 541 U.S. 509 (2004). (Opp. at 10.) Affirm does not oppose, and has never opposed, the Court's accommodation of Plaintiff's documented disabilities. But those accommodations address Plaintiff's access to the proceedings — extended deadlines, alternative formats, and similar adjustments — not the legal sufficiency of his pleadings. *Akhtar* instructs courts to consider a pro se litigant's circumstances in administering procedural rules; it does not create a different pleading standard or override the requirements of

*Iqbal* and *Twombly*. Granting a fourth chance to replead claims with incurable legal defects would not serve the purpose of those accommodations. It would instead only add to the burden on the Court and the parties with no prospect of a viable pleading.

## III. CONCLUSION

Plaintiff's opposition does not cure the FAC's deficiencies. The claims against Affirm lack the contractual language, particularized misrepresentations, ADA nexus, pre-conduct knowledge, and cognizable legal theories necessary to survive a Rule 12(b)(6) motion. Affirm respectfully requests that the Court grant the motion to dismiss (ECF No. 60) in its entirety and with prejudice.

Dated: August 10, 2026

TROUTMAN PEPPER LOCKE LLP

By: */s/ Kalama M. Lui-Kwan*
Kalama M. Lui-Kwan
Ryan A. Lewis
Gary D. Sonnenfeld

Attorneys for Defendant
AFFIRM, INC.

**CERTIFICATE OF SERVICE**

I am over the age of 18 and not a party to the within action. I am employed in Orange County, California. My business address is 100 Spectrum Center Drive, Suite 1500, Irvine, California 92618. On August 10, 2026, I served on the interested parties to this action a true and correct copy of the following document(s), and any attachments and exhibits thereto, described as:

**DEFENDANT AFFIRM, INC.'S REPLY IN SUPPORT OF AFFIRM'S MOTION TO DISMISS [F.R.C.P. 12(B)(6)]**

☒ **BY MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

| | |
|---|---|
| Jamie Stahura<br>11076 Ligon Mill Road #100<br>Wake Forest, North Carolina 27587 | Telephone: (631) 252-9182<br>Email: nailbnder99@yahoo.com<br><br>Pro Se Interpleader |

☒ **BY CM/ECF:** The foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all CM/ECF registrants of record in this matter constituting service pursuant to Fed. R. Civ. P. 5(b)(2)(E).

☐ **BY ELECTRONIC MAIL:** Pursuant to the parties' agreement and/or the Court's order regarding electronic service, I electronically served the following persons at the electronic service addresses listed below. My electronic service address is Linda.Kwon@troutman.com.

| | |
|---|---|
| Matthew Thomas Joyce<br>600 Market Grove Drive, Suite 100<br>Wake Forest, North Carolina 27587 | Email: m.joyce07@proton.me<br><br>Pro Se Plaintiff<br>[*CM/ECF Service per ECF No. 74*] |
| Daniel Donahoe Wall<br>DUANE MORRIS LLP<br>1 Market Plaza<br>Spear Tower, Suite 2200<br>San Francisco, CA 94105 | Telephone: (415) 957-3032<br>Email: dwall@duanemorris.com<br><br>Attorneys for Defendant<br>ARB GAMING LLC dba MODO |
| Karen L. Alexander<br>DUANE MORRIS LLP<br>750 B Street, Suite 2900<br>San Diego, CA 92101-4681 | Telephone: (619) 744-2200<br>Emails: klalexander@duanemorris.com<br><br>Attorneys for Defendant<br>ARB GAMING LLC dba MODO |

| | |
|---|---|
| John Samuel Gibson<br>Tanya L. Greene<br>Colin F. Mcgrath<br>DLA PIPER LLP (US)<br>2000 Avenue of the Stars<br>Suite 400 North Tower<br>Los Angeles, California 90067-4735 | Telephone: (310) 595-3000<br>Emails: john.gibson@us.dlapiper.com;<br>tanya.greene@us.dlapiper.com;<br>colin.mcgrath@us.dlapiper.com<br><br>Attorneys for Defendant<br>APPLE INC. |
| Arjun P. Rao<br>Marcos Sasso<br>MORGAN, LEWIS & BOCKIUS LLP<br>2049 Century Park East, Suite 700<br>Los Angeles, CA 90067-3109 | Telephone: (310) 907-1000<br>Emails: arjun.rao@morganlewis.com;<br>marcos.sasso@morganlewis.com<br><br>Attorneys for Defendant<br>GOLDMAN SACHS BANK USA |

I declare that I am employed in the office of the member of the bar of this court under whose direction the service was made. Executed on August 10, 2026, at Irvine, California.

Linda Kwon