**DUANE MORRIS LLP**
Karen L. Alexander (SBN 265926)
KLAlexander@duanemorris.com
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: +1 619 744 2200
Facsimile: +1 619 744 2201

Daniel D. Wall (SBN 311391)
DWall@duanemorris.com
Spear Tower,
One Market Plaza, Suite 2200
San Francisco, California 94105-1127
Telephone: +1 415 957 3000
Facsimile: +1 415 957 3001

Attorneys for Defendant
ARB GAMING LLC dba MODO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

MATTHEW JOYCE, an individual,

Plaintiff,

v.

ARB GAMING LLC dba MODO, a Delaware limited liability company; B2SERVICES OU dba MCLUCK; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1-10 inclusive,

Defendants.

Case No. 2:25-cv-01868-DJC-CSK (PS)

**ARB GAMING LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS REPLY ON THE MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY THE ACTION**

**DEMAND FOR JURY TRIAL**

Date: August 13, 2026
Time: 1:30 p.m.
Dept: Courtroom 7, 14th Floor
Judge: Hon. Daniel J. Calabretta
Magistrate Judge Chi Soo Kim

Trial Date: None Set
Date Class Action Filed: 6/30/2025
Amended Complaint Filed: 3/2/2026

Under Federal Rule of Evidence 201, and in support of ARB's concurrently filed Reply, ARB Gaming LLC dba MODO ("ARB") requests that the Court take judicial notice of Plaintiff Matthew Joyce's earlier sworn declaration statements and a separate JAMS Arbitration filing. Joyce made the sworn statements in his September 10, 2025 Declaration in Support of Motion, filed in the JAMS arbitration before the Hon. Peggy A. Leen (Ret.), JAMS Ref. No. 5100003080. In Claimant's Objection and Reply to Respondent's Memorandum and Declaration in Opposition to Claimant Matthew Joyce's Motion for an Order Declaring Arbitration Non-Binding, filed on November 6, 2025, in the same JAMS arbitration (the "November 6 JAMS Reply"), Joyce, through counsel, took the position described below.

A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The Court may take judicial notice of materials from another tribunal. *Biggs v. Terhune*, 334 F.3d 910, 915 n.3 (9th Cir. 2003), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Courts also may notice arbitration filings, records, orders, and awards. *See, e.g.*, *Rachford v. Air Line Pilots Ass'n, Int'l*, 284 F. App'x 473, 475 (9th Cir. 2008), *as amended on denial of reh'g and reh'g en banc* (Aug. 11, 2008) (taking judicial notice of arbitrator's ruling); *Klahn v. Quizmark, LLC*, 2013 WL 4605873, at *1 n.4 (N.D. Cal. Aug. 28, 2013) (same); *Coleman v. Am. Honda Fin. Corp.*, 2019 WL 4456002, at *1 (C.D. Cal. June 7, 2019) (taking judicial notice of "filings, records, orders, and awards" in arbitration proceeding). ARB requests that the Court take judicial notice that Plaintiff made the sworn statements and took the position below during the related JAMS arbitration. Plaintiff's sworn statements and position directly contradict the statements he now makes before this Court in his Opposition.

**Joyce made earlier sworn statements and took a separate position in the JAMS arbitration**

1. ARB requests that the Court notice Joyce's September 10, 2025 Declaration in Support of Motion, filed in the JAMS arbitration. A true and correct copy of Joyce's Declaration, which was originally attached to his September 10, 2025 Notice of Motion and Motion for an Order Declaring Arbitration Non-Binding, is attached as **Exhibit A**. Specifically, ARB requests judicial notice of the following sworn statements: (1) "During the registration process, I was required to click a box to agree to the Terms of Use to access the games" (Joyce Decl. ISO Mot. ¶ 2, JAMS Ref. No. 5100003080); and (2) "I was not provided with a copy of the terms after accepting them" (*id.* ¶ 4).

2. ARB also requests that the Court notice the November 6 JAMS Reply, filed in the JAMS arbitration, *Joyce v. ARB Gaming, LLC d/b/a Modo US*, JAMS Ref. No. 5100003080. A true and correct excerpted copy of the relevant pages of this Reply is attached as **Exhibit B**. ARB requests judicial notice that, in the November 6 JAMS Reply filed through counsel, Joyce took the position that "[t]he Respondent had forced Claimant Joyce to sign the contract not of his own volition." (November 6 JAMS Reply at 4, JAMS Ref. No. 5100003080.)

Dated: August 10, 2026

**DUANE MORRIS LLP**

By: *\/s/ Daniel D. Wall*
Karen L. Alexander
Daniel D. Wall

Attorneys for Defendant
ARB GAMING LLC dba MODO

# EXHIBIT A

**DECLARATION OF MATTHEW JOYCE IN SUPPORT OF MOTION**

I, MATTHEW JOYCE, declare as follows:

1. I am the Plaintiff in the above-entitled action. I began using the MODO platform in or around 2024.

2. During the registration process, I was required to click a box to agree to the Terms of Use to access the games. The document was extremely long, and I did not read it in its entirety, nor did any representative of MODO bring the arbitration clause or its specific terms to my attention.

3. I was never given an opportunity to negotiate any of the terms. I was experiencing severe symptoms of my bipolar and gambling disorders during this period, and my primary focus was on gaining access to the platform to gamble.

4. Moreover, I was not provided with a copy of the terms after accepting them. I first became aware of the full scope of the arbitration clause, including the prohibitions on class actions and certain damages, after I retained counsel following significant financial losses.

5. At no point was I aware of a process to opt out of arbitration, and I certainly did not know I had to send a letter to an address in Arizona within 30 days to preserve my right to a court proceeding.

6. The VIP hosts who regularly contacted me to encourage more play never discussed dispute resolution; their sole focus was on promoting my continued gambling activity.

7. I believe the terms were designed to be complex and overwhelming for a user in my condition, ensuring I would not understand the rights I was waiving.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this September 5, 2025 at Chapel Hill, North Carolina.

**MATTHEW JOYCE**

# EXHIBIT B

**LAW OFFICE OF RESHMA KAMATH**
**RESHMA KAMATH, Cal. Bar No. 333800,**
2648 International Blvd, Suite 115 # 294,
Oakland, California 94601, United States.
Ph.: 650 257 0719, E.: reshmakamath2021@gmail.com
Counsel for Claimant, **Matthew Joyce**

**JAMS ARBITRATION**

| | |
|---|---|
| MATTHEW JOYCE,<br>Claimant,<br>v.<br>ARB GAMING, LLC d/b/a Modo US,<br>Respondent. | JAMS Ref. No. 5100003080<br>**CLAIMANT'S OBJECTION AND REPLY TO THE RESPONDENT'S MEMORANDUM AND DECLARATION IN OPPOSITION TO CLAIMANT MATTHEW JOYCE'S MOTION FOR AN ORDER DECLARING ARBITRATION NON-BINDING** |

***TO THE HONORABLE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD, HEREIN:***

# ***TABLE OF CONTENTS***

I. Introduction ........................................................................................................4

II. Statement of Facts ..................................................................................................5

III. Legal Standards ....................................................................................................8

IV. Legal Arguments ...................................................................................................10

V. Conclusion ..............................................................................................................17

# ***TABLE OF AUTHORITIES***

**CASES**

Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440 (2006) ....................................10
EEOC v. Waffle House, Inc., 534 U.S. 279, 293 (2002) ....................................5
Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002). ....................................11
In Sonic-Calabasas A, Inc. v. Moreno, 57 Cal. 4th 1109 (2013) ....................................14
Martin v. Yasuda, 829 F.3d 1118, 1125 (9th Cir. 2016) ....................................13
Nationwide Transp. v. Cass Inc., 523 F.3d 1051, 1058 (9th Cir. 2008) ....................................16

**STATUTES & RULES**

Code of Civil Procedure
§ 1550 ....................................6
§ 1598 ....................................6

**Exh. B at 3**

## MEMORANDUM OF POINTS & AUTHORITIES

Claimant Matthew Joyce respectfully submits this Consolidated Reply to counter the specious arguments in Respondent's Opposition and to object to the deficient Declaration of Patrick Fechtmeyer. Respondent's entire case rests on a rigid, formalistic application of the FAA and a declaration that is both procedurally and substantively flawed.

The Declaration, offered to create a veneer of factual support, instead demonstrates the unconscionable nature of the "agreement" and fails to address the core issue: that the contract is void ab initio for illegality. To compel binding arbitration under these circumstances would be to enforce an agreement that is, from its inception, a legal nullity, procured through a process that lacked meaningful consent. The Respondent had forced Claimant Joyce to sign the contract not of his own volition, and now seek to introduce the unconscionable, duress-signed voidable contract as evidence.

## I.

## PRELIMINARY STATEMENT

Respondent's Opposition relies on a declaration that is replete with conclusory legal assertions and fails to provide the necessary factual foundation. The Declaration parrots the contested language of the purported contract and, most critically, affirmatively demonstrates that the version of the Terms it relies upon contains a hyper-technical.

**Exh. B at 4**

## CERTIFICATE OF SERVICE

***Matthew Joyce v. ARB Gaming LLC dba MODO, et al.***
**USDC, Eastern District of CA, Case No. 2:25-cv-01868-DJC-CSK (PS)**

I am a citizen of the United States, over the age of 18 years, and not a party interested in the cause. I am an employee of Duane Morris LLP and my business address is One Market, Spear Tower, Suite 2200, San Francisco, California 94105. I hereby certify that a true and correct copy of the following, its attachments and documents filed concurrently therewith was electronically filed on August 10, 2026 using the CM/ECF system, thereby sending a notice of electronic filing to all counsel of record per the attached Service List.

**ARB GAMING LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS REPLY ON THE MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY THE ACTION**

☒ **BY MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing, whereas the package would be deposited with the USPS on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business.

| | |
|---|---|
| Jamie Stahura<br>11076 Ligon Mill Road, #100<br>Wake Forest, NC 27587<br>Telephone: 631.252.9182<br>Email: Jamie.Stahura@PNFP.com<br>Nailbnder99@yahoo.com | Interpleader<br>Pro Se Status<br>Jamie Stahura |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 10, 2026, at San Francisco, California.

JoAnna Soliman

**SERVICE LIST**

| COUNSEL | PARTY |
|---|---|
| Matthew Thomas Joyce<br>600 Market Grove Drive, #100<br>Wake Forest, NC 27587-7345<br>Tel: 919-259-4661<br>Email: m.joyce07@proton.me | Pro Per |
| Kalama Mark Lui-Kwan<br>Ryan A. Lewis<br>Troutman Pepper Locke LLP<br>Three Embarcadero Center, Suite 800<br>San Francisco, CA 94111<br>Tel: 415-477-5700<br>Fax: 415-477-5710<br>Email: kalama.lui-kwan@troutman.com<br>ryan.lewis@troutman.com<br><br>Gary D. Sonnenfeld<br>Troutman Pepper Locke LLP<br>777 South Flagler Drive, Suite 215<br>East Tower<br>West Palm Beach, FL 33401<br>Tel: 305-712-1572<br>Fax: 561-655-8719<br>Email: gary.sonnenfeld@troutman.com | Attorneys for Defendant<br>Affirm, Inc. |
| Arjun P. Rao<br>Marcos D. Sasso<br>Morgan Lewis & Bockius LLP<br>2049 Century Park East, Suite 700<br>Los Angeles, CA 90067<br>Tel: 310-907-1063<br>Fax: 310-907-1001<br>Email: arjun.rao@morganlewis.com<br>marcos.sasso@morganlewis.com | Attorneys for Defendant<br>Goldman Sachs Bank USA |
| John Samuel Gibson<br>DLA Piper LLP US<br>2000 Avenue of the Stars<br>North Tower, Suite 400<br>Los Angeles, CA 90067-4704<br>Tel: 310-595-3039<br>Fax: 310-595-3339<br>Email: john.gibson@dlapiper.com | Attorneys for Defendant<br>Apple, Inc. |
| Jamie Stahura<br>11076 Ligon Mill Road, #100<br>Wake Forest, NC 27587<br>Telephone: 631.252.9182<br>Email: Jamie.Stahura@PNFP.com<br>Nailbnder99@yahoo.com | Interpleader<br>Pro Se Status<br>Jamie Stahura |