**DLA PIPER LLP (US)**
JOHN SAMUEL GIBSON (SBN 140647)
john.gibson@us.dlapiper.com
TANYA L. GREENE (SBN 267975)
tanya.greene@us.dlapiper.com
COLIN F. MCGRATH (SBN 351947)
colin.mcgrath@us.dlapiper.com
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, California 90067-4735
Tel.: 310.595.3000
Fax: 310.595.3300

Attorneys for Defendant
APPLE INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

MATTHEW THOMAS JOYCE,

Plaintiff,

v.

ARB GAMING LLC DBA MODO. US; AFFIRM, INC; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC; DOES 1-50,

Defendants.

CASE NO. 2:25-CV-01868-DJC-CSK

**APPLE INC.'S OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**

Date: August 25, 2026
Time: 10:00 AM
Courtroom: 25
Judge: Hon. Daniel J. Calabretta
Assigned to: Magistrate Judge Chi Soo Kim

## INTRODUCTION

Defendant Apple Inc. respectfully submits this Opposition to Plaintiff Matthew Thomas Joyce's ("Plaintiff") *Request for Judicial Notice in Support of Plaintiff's Opposition to Defendant Apple Inc.'s Motion to Dismiss* (ECF 57) ("Request for Judicial Notice").

RJN Exhibit 1, the Apple App Store product page for "Modo Casino Slots & Games," and RJN Exhibit 2, the Apple App Store developer page for ARB Gaming LLC (together, "the webpages") are not subject to judicial notice because (1) they are irrelevant to Plaintiff's claims because both webpages post-date the alleged conduct at issue in his Complaint, and (2) judicial notice is requested for the improper purpose of establishing a present-day relationship between ARB Gaming and Apple.

## LEGAL STANDARD

"The Court will not take judicial notice of irrelevant facts." *Carroll v. Gen. Mills, Inc.*, 2023 WL 4361093, at *2 (C.D. Cal. June 26, 2023). Federal Rule of Evidence 201(b) further limits judicial notice to facts that are "not subject to reasonable dispute" because they are either "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. P. 201(b). "Courts regularly decline to consider declarations and exhibits submitted in support of or opposition to a motion to dismiss, however, if they constitute evidence not referenced in the complaint or [are] not a proper subject of judicial notice." *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1021 (C.D. Cal. 2015).

Where a Court decides to take judicial notice of publicly available materials such as articles and web pages, it can only do so to "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir.2010) (internal quotation omitted); *Hoard v. Capital One, N.A.*, 2024 WL 4611449 (S.D. Cal. Oct. 29, 2024) ("Even if a court judicially notices a party's website, the court is simply taking as true that the website exists and makes certain representations about the company to the public.")

(quoting *Genasys Inc. v. Vector Acoustics, LLC*, 638 F. Supp. 3d 1135, 1145 (S.D. Cal. 2022)).

## ARGUMENT

### I. THE WEBPAGES MUST BE EXCLUDED BECAUSE THEY POST-DATE PLAINTIFF'S CLAIMS.

As a threshold matter, the Court should not take judicial notice of the webpages because they are irrelevant to Plaintiff's claims for two independent reasons. *Carroll*, 2023 WL 4361093, at *2. First, the webpages post-date the conduct at issue in the Complaint. Plaintiff expressly acknowledges that Exhibit 1 reflects the App Store "as it exists today and reflects nothing about the September 2024 through April 2025 period of Plaintiff's activity" at issue in his Complaint. Request for Judicial Notice 2. Exhibit 2 similarly bears a 2026 copyright and post-dates the alleged 2024-2025 conduct at issue in the Complaint for that reason. Second, both webpages concern an App Store application, while Plaintiff's claims are based on transactions allegedly conducted through Modo's browser-based platform. Plaintiff expressly concedes in his Opposition that "Plaintiff's play-era payments ran through Apple Pay as a conduit, not through the App Store" and therefore cannot rely on either exhibit to support any inference regarding Apple's involvement in the transactions at issue or its relationship with ARB Gaming during the relevant period. Opp. 8; Compl. ¶ 22.

### II. THE WEBPAGES ARE NOT PROPERLY SUBJECT TO JUDICIAL NOTICE.

Plaintiff further seeks judicial notice for an improper purpose. Plaintiff contends the exhibits demonstrate Apple's "present relationship with, and classification of, defendant ARB Gaming LLC." But even if the Court notices the existence and contents of the webpages, publicly available webpages are not subject to judicial notice for the truth of disputed factual inferences a party seeks to draw from them. *Von Saher*, 592 F.3d at 960. As a result, Plaintiff cannot seek judicial notice of the webpages to establish the nature, scope, or legal significance of any purported commercial relationship between Apple and

ARB Gaming. Accordingly, the exhibits do not support the proposition for which Plaintiff offers them and should be disregarded.

**CONCLUSION**

For the foregoing reasons, Apple requests that the Court deny Plaintiff's Request for Judicial Notice.

Dated: August 10, 2026

Respectfully submitted,

**DLA PIPER LLP (US)**

By: /s/ *John Samuel Gibson*
JOHN SAMUEL GIBSON
TANYA L. GREENE
COLIN F. MCGRATH

Attorneys for Defendant
APPLE INC.