Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

FILED

AUG 26 2026

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ____ DEPUTY CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

MATTHEW JOYCE, an individual,
Plaintiff,
v.
ARB GAMING LLC dba MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1–50,

Defendants.

Case No. 2:25-cv-01868-DJC-CSK (PS)

**SUPPLEMENTAL DECLARATION OF MATTHEW JOYCE IN RESPONSE TO NEW MATTER IN DEFENDANT ARB GAMING LLC'S REPLY (ECF 106)**

Filed pursuant to the Court's order of August 19, 2026 (ECF 110), granting leave for a supplemental brief and supplemental declaration in response to Defendant ARB Gaming LLC's motion to compel arbitration (ECF 56). Submitted on the record and written briefing per ECF 110.

I, Matthew Joyce, declare:

1. I am the Plaintiff in this action and I represent myself. I make this declaration from my own personal knowledge, and if called as a witness I could and would testify competently to each fact stated in it. This declaration is limited to facts of my own account registration placed in issue by ARB's motion to compel arbitration (ECF 56), the evidence supporting it, and the evidence ARB filed for the first time with its reply (ECF 106-1, 106-2). It attaches no exhibits; every document I refer to is already in the record.

2. I registered my Modo.us account in August 2024, before my first purchase on August 25, 2024. (See ECF 96, Joyce Decl. ¶ 4.) I registered on my iPhone, using my email address crash07222@gmail.com — the same address associated with every entry on the transaction ledger ARB produced for my account. (See ECF 96, Joyce Decl. ¶ 5.) I do not recall the exact calendar date of registration.

3. When I registered, I resided in Chapel Hill, North Carolina. ARB's own records in this record reflect that residence: the Form 1099-MISC ARB issued for my account is addressed to me in Chapel Hill, North Carolina (ECF 96, Ex. I), and the response packet ARB sent my card issuer records my billing city as "Chapel Hill" and my State as "NC" (ECF 96, Ex. M).

4. ARB's reply relies on a registration screen attached to the declaration of its Chief Executive Officer (ECF 56-9, Ex. A) containing the printed line: "I acknowledge that I am not a resident of the following states: Florida, Georgia, Idaho, New York, North Carolina, Rhode Island, Washington." I was a resident of North Carolina when I registered. I did not knowingly make any such acknowledgment, and I do not recall being shown any list of excluded states when I registered.

5. When I registered, I wanted to use the site, and I clicked what the signup process required in order to sign up. I did not read any Terms document at registration. I do not recall seeing any mention of arbitration during registration, and I do not recall anyone from ARB telling me at registration that I was agreeing to arbitrate disputes.

6. I recall ARB presenting me with a Terms document on two occasions only: once when I signed up in August 2024, and once in April 2025, when I could not access my account or my funds unless I accepted a rewritten version of ARB's Terms, which I refused in writing. (See ECF 96, Joyce Decl. ¶ 14.) ARB's supplemental declaration states that I "accepted" Terms and Conditions Version 14 on September 10, 2024. (ECF 106-2 ¶ 3(b).) I have no recollection of being presented with, or taking any action on, any terms on September 10, 2024. I do not recall ever seeing a document identifying itself as "Version 13" or "Version 14" of ARB's Terms, and no Terms document in the record bears either

identifier. As I stated in my prior declaration, I did not receive notice from ARB that any version of its Terms had replaced another. (ECF 96, Joyce Decl. ¶¶ 2, 7–8.)

7. ARB's log excerpt also contains an entry dated August 2, 2024, whose description reads "Terms and conditions version V13 accepted." (ECF 106-2, Ex. A.) I do not recall the date I signed up, and I do not recall ever being shown a document identified as "Version 13." As stated above, I clicked what the signup process required, and I did not read, and did not knowingly accept, any Terms document at registration.

8. The only in-platform notice concerning ARB's Terms that I recall is from April 2025, when ARB locked my account until I accepted rewritten Terms. (See ECF 96, Joyce Decl. ¶ 14.) I do not recall receiving or seeing the other "notifications" reflected in ARB's log excerpt (ECF 106-2, Ex. A), and I do not recall any in-platform notification in 2024 advising me that a new version of ARB's Terms had replaced another.

9. ARB's own log excerpt records an entry described "KYC_USER_INFO_UPDATED" dated August 16, 2024, updating my name for verification, and an entry dated October 5, 2024 in which an ARB administrator "set address verification to APPROVED." (ECF 106-2, Ex. A.)

10. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 26, 2026, at Wake Forest, North Carolina.

Signed by:

Matthew Joyce

07B601B840D34AB...

Matthew Joyce

Plaintiff, Pro Se

Matthew Joyce
Plaintiff, Pro Se
600 Market Grove Dr #100
Wake Forest, NC 27587-7345
Phone: (919) 259-4661
Email: m.joyce07@proton.me

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br>Plaintiff,<br>v.<br>ARB GAMING LLC dba MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1–50,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**PROOF OF SERVICE** |

**PROOF OF SERVICE**

I, Matthew Joyce, declare that I am over the age of eighteen years and am a party to this action. My address is 600 Market Grove Drive #100, Wake Forest, North Carolina 27587-7345.

On August 26, 2026, I served the following documents:

1. PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO NEW MATTER IN DEFENDANT ARB GAMING LLC'S REPLY, FILED PURSUANT TO THE COURT'S MINUTE ORDER OF AUGUST 19, 2026 (ECF 110)

2. SUPPLEMENTAL DECLARATION OF MATTHEW JOYCE IN RESPONSE TO NEW MATTER IN DEFENDANT ARB GAMING LLC'S REPLY (ECF 106)

3. PROOF OF SERVICE

**BY ELECTRONIC MAIL** — pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), by written consent of counsel dated July 16, 2026 — upon:

**ARB Gaming LLC** (Duane Morris LLP): dwall@duanemorris.com; WASaurack@duanemorris.com; klalexander@duanemorris.com

**Apple Inc.** (DLA Piper LLP US): john.gibson@us.dlapiper.com; tanya.greene@us.dlapiper.com; colin.mcgrath@us.dlapiper.com

**Affirm, Inc.** (Troutman Pepper Locke LLP): kalama.lui-kwan@troutman.com; ryan.lewis@troutman.com; gary.sonnenfeld@troutman.com

**Goldman Sachs Bank USA** (Morgan, Lewis & Bockius LLP): arjun.rao@morganlewis.com; marcos.sasso@morganlewis.com; kathleen.rosello@morganlewis.com

**Counsel of record for Plaintiff-in-Interpleader Jamie Stahura** (The Mack Law Firm, PLLC): legal@themacklaw.com

**Plaintiff-in-Interpleader Jamie Stahura**: Nailbnder99@yahoo.com

**BY UNITED STATES MAIL** — by placing, or causing to be placed, a true and correct copy in a sealed envelope with first-class postage fully prepaid, for deposit with the United States Postal Service, addressed to:

**Jamie Stahura**, 11076 Ligon Mill Road #100, Wake Forest, North Carolina 27587

**Amazon.com, Inc.**, 410 Terry Avenue North, Seattle, Washington 98109

The original documents were delivered to the Clerk of Court by courier for filing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 26, 2026, at Wake Forest, North Carolina.

Signed by:
Matthew Joyce
07B6019840D34AB...

**Matthew Joyce**

Plaintiff, Pro Se

Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

August 26, 2026

Clerk of the Court
United States District Court
Eastern District of California
501 I Street
Sacramento, CA 95814

Re: **Joyce v. ARB Gaming LLC dba Modo.US, et al.**
Case No. 2:25-cv-01868-DJC-CSK (PS)
Filing: Supplemental Brief and Supplemental Declaration, filed pursuant to the Court's Minute Order of August 19, 2026 (ECF No. 110)

Dear Clerk of the Court:

Enclosed for filing, please find the following, submitted in this order:

1. Plaintiff's Supplemental Brief in Response to New Matter in Defendant ARB Gaming LLC's Reply — the brief previously submitted at ECF No. 109, pages 115 through 119, refiled without change as directed;
2. Supplemental Declaration of Matthew Joyce in Response to New Matter in Defendant ARB Gaming LLC's Reply (ECF No. 106); and
3. Proof of Service.

Kindly file the enclosed documents and return a file-stamped conformed copy to the courier presenting this filing. I am proceeding pro se and filing by paper, consistent with the Court's Minute Order at ECF No. 74.

Respectfully submitted,

Signed by:
Matthew Joyce
07B601B840D34AB

Matthew Joyce
Plaintiff, Pro Se

Matthew Joyce
Plaintiff, Pro Se
600 Market Grove Dr #100
Wake Forest, NC 27587-7345
Phone: (919) 259-4661
Email: m.joyce07@proton.me

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br>Plaintiff,<br>v.<br>ARB GAMING LLC dba MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1-50,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO NEW MATTER IN DEFENDANT ARB GAMING LLC'S REPLY (PROPOSED — EXHIBIT 1)** |

August 25, 2026, 10:00 a.m. — by Zoom — Hon. Chi Soo Kim

## I. SCOPE

This brief answers four things ARB raised for the first time in its reply: judicial estoppel, a contention that Plaintiff does not challenge the delegation provision, a supplemental declaration attaching a notifications log, and a sanctions theory resting on *James v. Wilber*. Plaintiff does not reargue his opposition and does not supplement on any ground that was available to him when he filed it.

## II. JUDICIAL ESTOPPEL

**A. The doctrine arrived with the last brief.** The word "estoppel" appears nowhere in ARB's opening motion (ECF 56; ECF 56-1) or in Plaintiff's opposition (ECF 96). It appears for the first time in the reply.

**B. Judicial estoppel is equitable and discretionary.** *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001). It is not a mechanical rule, and a court considering it weighs the equities as they appear on the whole record. ARB asks this Court to hold Plaintiff to a position taken in another proceeding. The same measure, applied to ARB's own filings, is set out below.

**C. ARB has depicted two different registration screens to two different federal courts, for accounts opened in the same period.**

The screen ARB filed here, attached to the declaration of its Chief Executive Officer, presents **two** checkboxes. The first reads: "I acknowledge that I am not a resident of the following states: Florida, Georgia, Idaho, New York, North Carolina, Rhode Island, Washington." Seven states. **North Carolina is among them — and the Form 1099-MISC ARB issued for Plaintiff's own account is addressed to him at a North Carolina street address.** (ECF 56-9, Ex. A; ECF 96 § IV.A; Joyce Decl. ¶ 6.)

The screen ARB filed in *Walker v. ARB Gaming, LLC*, No. 2:25-cv-00991 (D. Utah), reproduced as Figure 1 at page 9 of its motion to compel, presents **one** checkbox: "I agree with the Terms of Service and Sweepstakes Rules and acknowledge that I cannot enter into any Sweepstakes from AZ, CT, DE, ID, LA, MD, MI, MT, NJ, NV, NY, PA, RI, WA, WV, and any other non-US territories." Fifteen states. **North Carolina is not among them.** ARB filed the same figure at page 7 of its motion in *Kowalok v. ARB Gaming, LLC*, No. 4:25-cv-02161 (N.D. Ohio).

The two forms differ in more than the state list. One asks for a street address, city, state and ZIP; the other asks for a state of residency and a promotion code. One ends in a button reading "Next"; the other in a button reading "Submit." Plaintiff states what ARB filed and asks the Court to draw no inference about why the filings differ. **For an equitable doctrine measured by consistency across proceedings, the relevant fact is that they do.**

Case 2:25-cv-01868-DJC-CSK Document 109 Filed 08/17/26 Page 117 of 191

## III. DELEGATION

**A. The burden is ARB's.** The party seeking to compel arbitration bears the burden of proving an agreement to arbitrate by a preponderance of the evidence. *Norcia v. Samsung Telecomms. Am., LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017). The word "burden" appears nowhere in ARB's motion or in its reply.

**B. The clause ARB quotes does not reach formation.** As ARB quotes it, the delegation provision covers disputes concerning the "breach, enforcement, construction, validity, interpretation, enforceability or arbitrability" of the agreement. Seven categories are listed. Formation is not among them. ARB reaches formation only by incorporating the JAMS rules. A rule incorporated by a contract cannot supply the authority to decide whether that contract was ever formed.

**C. Plaintiff challenges formation of the delegation and arbitration provisions specifically.** The reply states that Plaintiff "does not challenge the delegation provision." He does, and he does so on the ground that no agreement containing it was formed.

## IV. THE SUPPLEMENTAL NOTIFICATIONS LOG

Plaintiff's evidentiary objections to this exhibit are stated separately under Local Rule 230(m)(1) and are not repeated here. This section addresses weight.

**A. The declaration says more than the exhibit says.** The declaration states that Plaintiff "accepted" Terms and Conditions Version 14 on September 10, 2024. (ECF 106-2 ¶ 3(b).) The description field of that row reads "Terms and conditions version V14." The description field of the Version 13 row reads "Terms and conditions version V13 **accepted**." The declaration describes the two entries identically and does not address the difference between them.

**B. No document bearing either version identifier is in the record.** The only Terms document filed is the copy attached to the original declaration, which identifies itself as "Last Updated: September 10, 2024" and carries no version number of any kind. (ECF 56-9, Ex. B.)

**C. The exhibit is an excerpt of a scrolling record.** Nine rows are shown. The top row is cut mid-description and a scroll indicator appears at the right edge. The visible entries run from August 2, 2024 to January 7, 2025. No account-creation entry appears, although the declaration states that ARB maintains business records concerning user account creation.

**V. SANCTIONS**

ARB's reply relies on *James v. Wilber*, 956 F. Supp. 2d 1145 (E.D. Cal. 2013). That decision states the standard ARB must meet and describes conduct nothing like this record.

**The standard requires bad faith.** "To be sanctionable under the Court's inherent power, the conduct must have constituted, or been tantamount to, bad faith." *Id.* at 1148. Recklessness may support sanctions only when combined with frivolousness, harassment, or an improper purpose, and "mere negligence or recklessness will not suffice." *Id.* Dismissal is warranted only where "a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings." *Id.*

**The conduct in *James* was fabricated witness testimony.** The plaintiff there, a pro se prisoner, represented that two inmates had witnessed the events underlying his claim when they could not have. The court issued an order to show cause, received briefing, and held an evidentiary hearing at which the plaintiff and both witnesses testified before it imposed terminating sanctions. *Id.* at 1147–48.

Nothing of that kind is before this Court. What ARB characterizes as misrepresentation is Plaintiff's reading of a screenshot ARB filed — and ARB's own reply concedes what that screenshot contains, stating that it "contains an acknowledgment requiring the user to represent that he is not a resident of the listed states." (ECF 106 at 9.) A disagreement about what a document establishes is not deliberate deception, and on *James*'s own terms it is not sanctionable.

**VI. CONCLUSION**

ARB bears the burden of proving that this Plaintiff formed an agreement to arbitrate. Its reply raises a new doctrine, new evidence, a new delegation contention and a new

sanctions theory, none of which supplies that proof. The motion to compel should be denied.

Dated: August 17, 2026

Respectfully submitted,

Signed by:

07B601B840D34AB

**Matthew Joyce**

Plaintiff, Pro Se
600 Market Grove Dr #100
Wake Forest, NC 27587-7345
Phone: (919) 259-4661
Email: m.joyce07@proton.me