MATTHEW JOYCE
600 Market Grove Drive, Suite 100
Wake Forest, NC 27587-7345
(919) 259-4661 — m.joyce07@proton.me
Plaintiff, Pro Se

FILED
Aug 28, 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JOYCE,<br>Plaintiff,<br><br>v.<br><br>ARB GAMING LLC DBA MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1-50,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**PLAINTIFF'S MOTION FOR CONDITIONS ON WITHDRAWAL, DELIVERY OF THE CLIENT FILE, AND A CERTIFICATION OF COMPLIANCE**<br><br>Hearing: October 6, 2026<br>10:00 a.m., Courtroom 25<br>Hon. Chi Soo Kim |

**NOTICE OF MOTION AND RELIEF REQUESTED**

1. PLEASE TAKE NOTICE that Plaintiff Matthew Joyce moves this Court, under Eastern District of California Local Rule 182(d) and the California Rules of Professional Conduct as

adopted by Local Rules 180(e) and 182(d), for an order imposing conditions on the withdrawal previously granted to his former attorneys of record, Amina M. Mack and Jacqueline M. Sale, compelling delivery of his complete client file in native electronic format, and requiring an itemized certification of compliance from each.

2. Local Rule 182(d) governs: leave to withdraw "may be granted subject to such appropriate conditions as the Court deems fit," and "the authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder." Mack appeared pro hac vice; Sale as counsel of record. ECF 28; ECF 47 at 1.

3. This motion asks the Court to do what counsel's own motion said it could: "[t]he Court may impose appropriate conditions on withdrawal to ensure continuity" — conditions backed by counsel's signed representation that they would "take all reasonable steps to protect Plaintiff's interests" and by both attorneys' sworn undertakings to return "all case files." ECF 47. Plaintiff asks the Court to hold counsel to them; the withdrawal itself is not at issue. Among the subjects those filings never carried to this Court is the one counsel identified herself and never resolved: a personal-interest conflict she raised herself, pronounced fine, and never reduced to the written disclosure and written consent the rules require. Section IV.

## I. THE PROTECTION PROMISED, AND WHO PROVIDED IT

4. "Counsel will take all reasonable steps to protect Plaintiff's interests upon withdrawal." ECF 47. That is what counsel told this Court in order to obtain leave to withdraw.

5. On May 12, 2026, Plaintiff offered counsel his treating clinician's records — she "can share with you if you request" — and no request was ever made. [Exhs. Z, AC.]

6. On May 26, 2026, he asked counsel in writing to file "a formal ADA Accommodations Request with the Court on my behalf," adding: "I know its [sic] still your duty to protect my interests as counsel." [Exh. A.]

7. The fourteen-day silence ended the same day that request arrived, with a refusal: "[S]ince you have terminated our representation, Ms. Sale and I will not be filing this request at this time." [Exh. B.] The termination it leans on came four and a half hours *after* the request. [Exh. C.] Protecting their client took counsel weeks; abandoning him took a morning — under a written assurance to "take reasonable steps necessary to avoid prejudice to your interests." [Exh. J.]

8. The request reached Ms. Sale's address at 6:51 a.m. EDT. The refusal came at 12:02 p.m. EDT, speaking for her — "Ms. Sale and I will not be filing this request at this time" — thirty-seven minutes after the Notice of Termination it invoked as the reason. Both documents are in the record and both carry her address. What the record does not show is whether Ms. Sale was consulted before the refusal issued.

9. What followed is on the docket. The withdrawal motion was ruled defectively noticed the day it was filed, ECF 48; it was the client's own letter to chambers, docketed as a Notice re Counsel Termination, ECF 54, that the May 31 order recites alongside it — granting withdrawal on the one condition counsel had not offered: termination only "[a]t such time as service is completed." ECF 58. The client, in crisis, completed the sequence his counsel began defectively.

10. The representation had not terminated: under ECF 58, counsel's responsibility would end only "[a]t such time as service is completed." On May 26, both attorneys were counsel of record.

## II. A PAPER APPEARANCE: DUTIES ASSUMED UNDER OATH, BUT NEVER PERFORMED

11. Sale volunteered in writing to be the member "with whom the Court and opposing counsel may readily communicate regarding the conduct of the case," ECF 22 at 1–2, and declared under penalty of perjury: "I am . . . counsel of record in this matter . . . responsible for managing communications with Plaintiff." ECF 47. Her name is on the central documents of this case. She signed the operative complaint as "Attorney for Plaintiff." ECF 30; ECF 33. She signed the pro hac vice application through which Mack appeared. ECF 22. And the January 29, 2026 stipulation extending ARB's response deadline carries her signature "as authorized 1/29/26" — e-filed by ARB's own counsel, whose attestation states that the signatories "have authorized the filing." ECF 25 at 3. A stipulation for the adversary's benefit, bearing her name, executed by the adversary.

12. Mack told Plaintiff otherwise, twice. May 7: "[Jacqueline Sale] is strictly an attorney whose license we are using for my pro hac vice. She would not be able to share insight on your case." [Exh. AS.] May 21 — the day after Sale swore to this Court that she was counsel of record, and with that declaration on the public docket: "Ms. Sale is not your attorney and she can confirm this." [Exh. D.] One is sworn; the others were written to the client. The record thus contains conflicting accounts regarding counsel's role.

13. Plaintiff put the question to Sale directly, three times; Sale answered none of them. [Exhs. E, F, AD.] The third, unanswered email memorialized, to Sale herself, that Sale had personally confirmed the attorney-client relationship. Joyce Decl. ¶ 9. Sale has never taken a contrary position to Plaintiff — not then, and not since.

14. In the collected email record of the representation, Sale is the author of no email at all. Joyce Decl. ¶ 3. The one message ever received in her name — June 15, 2026, an automated

out-of-office reply — closed: "If you are a current client with upcoming hearings, please be assured they have already been covered." [Exh. AE.] That automated assurance was the final word in her name. Joyce Decl. ¶ 6.

15. On May 20, 2026 — the morning the withdrawal was filed — Jamie Stahura, the Plaintiff-in-Interpleader ("Stahura"), wrote both attorneys, Sale's address on the To line: "Please acknowledge this email and provide his client file as previously demanded." [Exh. AA.] Sale never acknowledged it. Six days later the ¶ 7 refusal issued in her name. Ms. Sale appears throughout the docket of this case and nowhere in its correspondence.

16. This Court had directed "Amina Mack and Jacqueline Sale," by name, to address within seven days "whether they are also representing Interpleader Jamie Stahura" — noting that predecessor counsel Reshma Kamath "had represented both Plaintiff Joyce and Interpleader Stahura." ECF 32. What came back, on the seventh day, was not an answer but an appearance: a one-page form filed by Mack alone, "counsel for: INTERPLEADER JAMIE A. STAHURA." ECF 35. On its strength the Pro Se designation was removed. ECF 36. Sale never answered — not the client, ¶ 13; not the interpleader, ¶ 15; and not this Court.

## III. SIX REASONS FOR SIX AUDIENCES, AND PRIVILEGE ONLY FOR THE COURT

17. On May 19, Mack wrote to Plaintiff: "Jacqueline and I will be withdrawing but happy to remain in the background." [Exh. H.] Counsel represented two parties here — Plaintiff, and Stahura, ECF 35 — and the withdrawal motion seeks to leave one client; it never mentions the other. What the other was owed arrived by email the morning the motion was filed: "Jamie, I apologize for not informing you of the decision Jacqueline and I have made to withdraw from this matter." [Exh. J.] The same message told the client she had appeared for on this docket

that "the retainer agreement was for you" — Plaintiff — and that counsel "would have no problem potentially staying on to help her in NC but I would just want to ensure that I am making the decisions." Continued representation of the second client was, in counsel's own words, conditioned on counsel making the decisions.

18. Six written accounts of the reason exist: four within twenty-four hours of the filing — to the client, to his partner, and twice to his mother — a fifth to this Court; a sixth to the arbitrator, openly, with no privilege invoked at all.

19. The first: sanctions indicated "for the third time," and "we have made the decision to step down." [Exh. I.] The second: professional obligations "under the North Carolina Rules of Professional Conduct." [Exh. J.] The third and fourth, to Stahura, after Plaintiff disclosed he had recorded a call: "Once he said this, I told counsel to not file the sanctions motion because we would be withdrawing"; and "Ms. Sale and I are not in agreement with this which is why we are withdrawing." [Exhs. K–N.] Rule 1.16(d) does not list a client documenting his own calls among the reasons a lawyer may leave him exposed. No motion for sanctions was ever served on Plaintiff, and none appears on this docket. The reason counsel gave first was a filing that never came.

20. The fifth account went to this Court, and it was the only one that could not be examined: "An irreconcilable breakdown in the attorney-client relationship has occurred . . . I cannot disclose the specific nature of this breakdown due to the attorney-client privilege . . . ." ECF 47. The sixth was given openly, to the arbitrator: a breakdown "regarding strategic decisions," no privilege invoked. [Exh. G-2.] The only audience told the reason was privileged was the only one that could rule on it.

21. The privilege was not counsel's to invoke. ¶ 22. Here it was invoked without his assent, over his objection, and to his detriment — against the only audience with authority to act on

it. Before every other audience, explanations were given freely and no privilege was claimed. The privilege was not asserted for its holder; it was asserted against him.

**IV. A CONFLICT NEVER DISCLOSED, AND A PRIVILEGE THAT WAS NOT COUNSEL'S TO INVOKE**

22. The privilege invoked in ECF 47 belongs to the client — assertion and waiver are his, never the attorney's. *Agster v. Maricopa County* , 422 F.3d 836, 839–40 (9th Cir. 2005); Fed. R. Evid. 501; *Commodity Futures Trading Comm'n v. Weintraub* , 471 U.S. 343, 348–49 (1985). Plaintiff did not assert it and was never asked. The client was never told the reason either: counsel's last message written to him directly predates the withdrawal filing. The firm's communications to him after that point were executed solely by Ms. Mack's paralegal.

23. The ground counsel chose is the one that requires the client's conduct — "the client's conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively," while his privilege was said to bar the detail. ECF 47. The "conduct" she invoked is the condition her own pleading had already described (her allegations, not his — she signed the complaint pleading Plaintiff's condition, ECF 33 ¶¶ 17, 203, 223), and a clinician's observation already in this record describes "tangential thought processes, pressured and rapid speech, and an inability to accurately articulate his needs." ECF 73 at 8–9. Counsel selected, as her reason for leaving a disabled client, the manifestation of the disability she had pleaded and declined to document. Rule 1.16(d) heightens the duty owed to such a client. It does not diminish it.

24. The same week, counsel described the difficulty differently. Writing to Stahura on May 20, she reported that she had "told counsel to not file the sanctions motion because we would be withdrawing," and explained: "I cannot and will not allow for sanctions to be done on

myself or Ms. Sale . . . The sanctions is one decision that I am not setting myself up for. I will not allow this to occur." [Exh. M.] The ground given to this Court was the client's conduct. The difficulty described in writing at the time was counsel's own exposure. Ms. Sale was copied on that message. [Exh. M.] The decision announced there for both attorneys was written by one of them. The rule counsel invoked speaks to the client's conduct; it does not reach counsel's own.

25. Under L.R. 180(e) and 180(b)(2)(iv), the California Rules govern every attorney practicing in this Court, pro hac vice included. *Vahora v. Valley Diagnostics Lab., Inc.* , No. 1:16-cv-01624-SKO (E.D. Cal. Sept. 7, 2018), ECF No. 86, at 3 n.1. Rule 1.7(b) forbids representation, absent "informed written consent from each affected client," where there is "a significant risk" the representation "will be materially limited by the lawyer's responsibilities to or relationships with . . . a third person, or by the lawyer's own interests." (Asterisks denoting the rules' defined terms omitted.)

26. Mack is the daughter of Mozelle Daniels, Director of Diversity & Special Counsel to Executive Director, Pennsylvania Gaming Control Board. The office is stated in the Board's own published staff directory, which on its face was last updated in February 2026 — within the representation. [Exh. V; Joyce Decl. ¶ 25.] The relationship appears in the official record of counsel's own name: the Disciplinary Board of the Supreme Court of Pennsylvania lists her at Attorney ID 317763 as "Daniels, Amina Michelle," admitted May 5, 2014, employer "The Mack Law Firm, PLLC." [Exh. V-1; Joyce Decl. ¶ 25.] Plaintiff first offered this fact in camera; the Court noted that no Court action had been requested in connection with the documents submitted and advised that documents submitted should relate to a pending motion. ECF 99. It is stated here because it is an element of this pending motion, sourced solely to public records and sworn declarations.

27. Plaintiff was referred to counsel by the North Carolina Bar Association on October 27,

2025, while predecessor counsel Reshma Kamath remained counsel of record and Plaintiff was seeking a second opinion. [Exh. AU; Joyce Decl. ¶ 10.] At that first consultation, counsel raised the subject herself, unprompted: her mother worked in a similar industry, and it should be fine. Asked what her mother's job was, counsel answered: an attorney. Joyce Decl. ¶ 10. The position the answer left out is stated in ¶ 26. Counsel never returned to the subject — not once in the nearly seven months between that October consultation and her May 20, 2026 withdrawal. Nothing was ever put in writing — not at engagement two months later, not during the representation, not at withdrawal, and nowhere in the file produced to him. Rule 1.7(b) required counsel to obtain Plaintiff's informed written consent. She never asked for it, and none exists. Whether the relationship was ultimately disqualifying is a question this Court need not reach. Had counsel returned to it and asked, this motion would not reach it. Counsel identified the risk herself, pronounced it fine, and put nothing in writing — ever.

28. Plaintiff makes no allegation against Ms. Daniels. She is not a party, and no relief is sought against her. Her position is stated solely because Rule 1.7(b) requires informed written consent to the relationship, and Plaintiff was never asked for it. The Court itself raised counsel's dual representation, and the answer made Stahura counsel's second client in this action. ¶ 16; ECF 32; ECF 35. The relationship stated in ¶ 26 was put in writing to neither client, and the informed written consent Rule 1.7(b) requires exists for neither. Joyce Decl. ¶ 23.

29. Counsel raised the relationship once, in passing — months before she was retained, while Plaintiff still had counsel — and pronounced it fine. What the rule requires never followed: no written disclosure and no informed written consent — not when the engagement was signed, not when counsel appeared in the arbitration, not when counsel appeared in this Court, and not at the withdrawal of either forum. Four occasions, one requirement, nothing in writing at any of them.

30. The Court has known of this issue since the week of the termination. Plaintiff's May 27 letter, docketed at ECF 54, disclosed that he had "discovered an undisclosed structural personal-interest conflict bearing on prior counsel's representation in this matter," and expressly preserved the factual basis "for separate proceedings and at the appropriate procedural stage." This motion is that stage.

## V. THE BYPASS: A COMMUNICATIONS CHANNEL THAT EXCLUDED THE CLIENT

31. The withdrawal ran in two cycles, and the **first** is dated to the half hour. April 1, 2026 [Exh. AR]: Plaintiffs 11:04 AM written hold drew "Received." at 11:06. At 11:30, after a third pushback: "I will not be in agreement with receiving any sanctions. If we continue to not see eye to eye, I will have to remove myself." At 4:03 PM, after a formal do-not-file directive: "Nothing will be filed." At 4:04 PM, one minute later: "At this time, I will likely be withdrawing from this matter, so please do not send this press release under my name" — counsel's public-relations contact copied. No withdrawal was filed. The threat was conditioned on not "receiving any sanctions" — the reason later given to everyone except this Court. ¶ 19.

32. What drew the reply that followed is itself in the record. At 11:37 that night, Plaintiff sent counsel a list of steps he might take, each one conditional: a State Bar complaint "if my interests are not protected during this transition as required under Rule 1.16(d)"; a malpractice claim "if warranted by the record." The same message said: "I am not saying any of this to threaten you. I am telling you what I am going to do because you are still my attorney and you deserve to know. Every single item on that list is within my rights." [Exh. AR-12.] The answer came the following midday, on the same thread. [Exh. AR-11.] Counsel wrote that she would "be formally withdrawing from this matter (along with the individual who we had

conduct my pro hac vice application in California)" — Ms. Sale, whose application counsel had signed. ECF 22. The reason followed: "The fact that you threatened to go to the bar association and sue me for malpractice is where I cross the line. I cannot and will not be threatened by a client on how I think we should strategically move forward with this case." And the close: "It is best for you to find other counsel or proceed as pro se." It is the earliest written account of the reason, and it matches none of the six that followed. Plaintiff answered the same afternoon: "I did not threaten you. That was never my intent." [Exh. AR-13.] A conditional statement of lawful options is not a threat; California's no-threat rule binds lawyers, Cal. R. Prof. Conduct 3.10, not clients.

33. The **second** cycle opened seven weeks later — with the adversary, a day before the client was asked. ¶ 36. To ARB's counsel, April 6: "He wishes to pursue this matter federally only"; Plaintiff was not copied. ECF 56-8 at 12. That same day, counsel filed and served in the arbitration Plaintiff's Notice of Withdrawal of All Claims — the arbitrator's Interim Award records it: "On April 6, 2026 Claimant filed and served a Notice of Withdrawal of All Claims." [Exh. G-1 at 5.] The client's instruction had been in writing since April 2: "Do not file anything further in JAMS. I am withdrawing voluntarily. . . . JAMS is done." [Exh. AR-14.] Yet to Plaintiff himself, his mother copied, six weeks later: "you have been very adamant about staying in Arbitration (JAMS) while I cannot say I completely agree." [Exh. J.] They cannot describe the same client — and the withdrawal that sentence denies is one counsel had filed herself.

34. Counsel's account to his mother, May 20: "He has been highly involved in responding to every email and I've been more than accommodating to him and allowing him to make decisions on my behalf" [Exh. M] — written the day counsel swore the client-conduct standard quoted in ¶ 23, and eight days after the offer of clinician's records that drew no request. ¶ 5. Six days later, asked in writing to file a formal ADA accommodation request, she declined. ¶¶ 6–7. Advising a client and effectuating his decisions is not an accommodation. It

is the retainer. The accommodation he actually asked for was the one thing not provided.

**A. May 19, 2026: everyone the channel carried, except the client**

35. On May 19, 2026 — the day before the withdrawal was filed — counsel and ARB's counsel exchanged six emails; after the first, every copy list carried Sale, her paralegal, Mack's staff, and a second Duane Morris partner — not the client, at either of his addresses. ECF 56-8 at 7–9.

36. Asked whether the client would stipulate "to extend all ARB's existing deadlines by 60 days," counsel answered in one message: "I will be withdrawing from both. Client wants a copy of the draft motion for sanctions. I am fine with allowing the extension so the transition will be smooth on both ends." ECF 56-8 at 8 — given to the adversary before the client was asked. The client's written instructions to stop began the following day and ran through the termination. ¶ 35.

37. That evening: "he has advised that I not withdraw anything and let him handle this matter moving forward. I . . . will have the withdrawal done by EOD tomorrow." ECF 56-8 at 7 — six hours after "I am fine with allowing the extension." Counsel reported the client's instruction and announced the contrary course in the same message.

38. The following afternoon, to Plaintiff's mother: "When we spoke yesterday, Matthew said he was fine with me withdrawing. He made that clear." [Exh. M.] The night before, describing the same exchange to the adversary, counsel had written that "he has advised that I not withdraw anything and let him handle this matter moving forward." ECF 56-8 at 7. One conversation, two accounts, nineteen hours apart, both in counsel's own hand. ¶ 33.

39. What counsel told the client the next morning was the opposite: pressed about extensions, she answered within two minutes, "I have not agreed to this extension. They are asking for it." [Exh. AF.] On May 22, ARB's counsel filed a sworn declaration quoting her the other way, and added: "According to withdrawing counsel, despite the Interim Award, Mr. Joyce has refused to dismiss or stay this matter while the arbitration is being litigated." ECF 49-1 ¶¶ 5–6. The client learned what his own attorney had said about him by reading the docket. Joyce Decl. ¶ 11.

## VI. THE PROCEDURAL DISCONNECT: THE WITHDRAWAL MOTION MEASURED AGAINST THE RULES

40. ECF 47 cites Rule 1.16 twice, both times for the permissive ground — never Rule 1.16(d), never 1.16(e)(1), never Local Rule 182(d). It states that "[w]ithdrawal at this juncture will not prejudice Plaintiff" while its own prayer asks for a thirty-day stay — the motion's own measure of the prejudice it denies. In twenty-one pages, the words "JAMS," "arbitration," "Interim Award" and "sanction" do not appear.

41. Local Rule 182(d) makes two demands of the withdrawing attorney's affidavit: "the current or last known address or addresses of the client," and "the efforts made to notify the client of the motion to withdraw." Neither declaration filed with ECF 47 states an address; neither describes any effort at all. What followed was the service record the rule exists to prevent. Joyce Decl. ¶ 14.

42. The Court ordered service "forthwith." ECF 58. Eight days later, the Court had to ask on its own motion why counsel "have not filed a proof of service." ECF 66. The certificate then filed was stamped by the Clerk to be disregarded. ECF 67. The corrected certificate arrived on July 3 — thirty-three days after the order it answered, ECF 84-1; ECF 84-2 — and Plaintiff's

change of address had been on the docket for eleven days when it was filed. ECF 71. The Court has since had occasion to quote Local Rule 182(d)'s requirements to the same counsel in this case. ECF 87.

43. The Court found ECF 47 defectively noticed the same day it was filed, ECF 48; counsel's second withdrawal motion was improperly noticed again, ECF 101. Counsel remains before this Court, and a condition under Local Rule 182(d) remains enforceable.

44. Counsel's own authorities: withdrawal lies in the court's discretion "having in mind whether such withdrawal might work an injustice in the handling of the case," *In re Samuel A.* , 69 Cal. App. 5th 67, 84 (2021) (quoting *Lempert v. Superior Court* , 112 Cal. App. 4th 1161, 1173 (2003)); and *People v. Prince* , 268 Cal. App. 2d 398, 406–07 (1968), approved a withdrawal on two conditions: no prejudice shown, and substitute counsel in place the same day. Neither was present here.

45. The pattern in this record is uniform, and it is the reason conditions are necessary. Nothing here happened because a rule required it. It happened, late, because this Court ordered it — or it did not happen at all. Plaintiff does not say whether these are things a lawyer should know; he says they happened, repeatedly, in one representation. The relief below asks that compliance, this time, arrive in a form the Court can verify.

## VII. A LOAN, NOT A RELEASE: TEMPORARY ACCESS TO A FRAGMENTED RECORD

46. Rule 1.16(e)(1) mandates prompt release, on request, of all client materials and property — "whether in tangible, electronic or other form" — regardless of payment. Cal. State Bar Formal Opn. No. 2007-174. Plaintiff had paid in full. The transmittal letter's own accounting

records a $20,000.00 retainer, and four invoices record a further $7,650.00 in costs — a $6,250.00 pro hac vice and admission charge, two consultation fees, and an $875.00 process-server fee — each closing at "Balance Owing $0.00." [Exh. W.] He demanded "the complete case file" on May 20 [Exh. X], again on May 26 [Exh. C], and on June 16 defined "complete" and "native" item by item, including "(d) the complete record of all communications between your firm and counsel of record for any named Defendant, with full headers preserved." [Exh. AH.] The June 18 deadline drew no item-by-item response, ever. The engagement agreement was not produced under any demand; Plaintiff has never had a copy of the contract he signed. Joyce Decl. ¶ 19.

47. The tender came through a third-party file-sharing link sent June 25, 2026 — thirty-six days after the five-business-day demand. "[T]he link will expire on July 3, 2026." [Exh. AI.] A release of client property that expires in eight days is a loan of access, not a release. And the link did not work: that night, Plaintiff wrote counsel, "Access was then denied. Microsoft's own diagnostic states the block originates from The Mack Law Firm's security configuration — Error 530035, a Conditional Access policy refusing my device." [Exh. AT-1.] The firm's next-day answer — "was granted access," plus the Clio Client Portal [Exh. AT-2] — did not deny the error, the block, or the failure. Neither is surrender, and the first demonstrably failed. Joyce Decl. ¶ 19. And the medium was never the one asked for: the May 26 demand requested "both paper and digital format" and a 48-hour confirmation of "the method and timing of delivery." [Exh. X.] Counsel answered none of it.

48. On May 26, counsel wrote, under her own heading "Amazon (Served 3/23/26)": "They have yet to respond so a Motion for Default Judgment can be filed." [Exh. AP.] The firm's own writing confirms the advice: "you were advised that Amazon had been served," with the response deadline placed "in May." [Exh. AV.] The proof of that service reached Plaintiff only on June 25, with the file. He did as advised — ECF 78; ECF 79 — and the Clerk

declined it, unable to determine whether the person served was an agent for service for Amazon. ECF 86.

49. The transmittal letter calls the production "one complete package." [Exh. W.] It stops at docket item 19; the docket stood at 73. Ten days earlier, counsel had written to Stahura, copying Plaintiff: "I did not do anything on your case," and "I also received nothing from the prior attorney for your case or Matthew's case." [Exh. AL.] The production then arrived carrying material from across the case's full history. ECF 4; [Exh. Y.] The June 16 statement and the June 26 production cannot both be accurate. Joyce Decl. ¶ 19.

50. And the May 19 exchange quoted in Section V.A — exactly the category item (d) demanded — came to Plaintiff not from the file but from the adversary's exhibit list. ECF 56-8. The underlying counsel-to-counsel threads — both forums, Goldman Sachs included — appear nowhere in the production. Whatever else the produced file is, it is not the record of the representation. Joyce Decl. ¶ 19.

51. Rule 1.16(d) requires steps to avoid "reasonably foreseeable prejudice to the rights of the client," and lists "complying with paragraph (e)" — the file-release duty — among them. A lawyer who pleaded this client's condition, ¶ 23, can foresee what the completeness and timing of a file delivery mean. The file was tendered the day before four dispositive oppositions were due, ECF 66, behind a link that failed. Joyce Decl. ¶ 19. See *Vahora* , ECF No. 86, at 4 (citing *Ramirez v. Sturdevant* , 21 Cal. App. 4th 904, 915 (1994), "noting that it is unethical for an attorney to abandon a client at a 'critical point' in the litigation if it would prejudice the client's case"). Plaintiff does not argue counsel could not withdraw. He argues the condition failed.

52. Plaintiff has twice placed the unreturned file before this Court as good cause, granted both times. ECF 76, 81; ECF 89, 92. This motion is his first request for an order compelling its

delivery. He is grateful for that accommodation and does not seek a third. He asks instead for the order that would end the need for it.

## VIII. RELIEF REQUESTED

53. Local Rule 182(d) permits withdrawal "subject to such appropriate conditions as the Court deems fit." See, e.g., *Cherpan v. City of Fairfield* , No. 2:23-cv-02100-TLN-CSK, ECF No. 39, at 2 (E.D. Cal. May 28, 2025); *Hunt v. Oak Run Elementary School District* , No. 2:25-cv-02404-DC-DMC, ECF No. 30 (E.D. Cal. Mar. 4, 2026) (conditioning withdrawal on compliance with "the California Rules of Professional Conduct regarding release of a client's papers and property and return of unearned fees").

54. The Court need not craft the condition; counsel drafted it. The [Proposed] Order filed with ECF 47 provides, at paragraph 4: "Amina M. Mack, Esq. and Jacqueline M Sale, Esq. shall return all case files, documents, work product, and client property to Plaintiff or to substitute counsel within _____ business days of the date of this Order." ECF 47 at 20. The blank was never filled; the Court disposed of the motion by minute order that recited Plaintiff's own docketed termination notice alongside it, ECF 54 — attaching one condition, termination only "[a]t such time as service is completed." ECF 58. That interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims . . . ." Fed. R. Civ. P. 54(b). Plaintiff asks the Court to enter the condition his own former counsel proposed, with the blank filled.

55. Plaintiff respectfully requests an order providing that:

(1) Within fourteen (14) calendar days, Amina M. Mack and Jacqueline M. Sale shall deliver to Plaintiff the complete client file, within their respective possession, custody, or control —

all correspondence, pleadings, arbitration materials and arbitrator disclosures, communications with counsel for any Defendant, service and case-management records, billing and trust-account records, the executed engagement agreement, and records of conflict screening or disclosure — and, with Stahura's written consent filed herewith, all records of communications concerning the interpleader representation — in native electronic format with metadata intact where the materials exist in electronic form, in both paper and digital format as Plaintiff's May 26 demand requested, and by a means of delivery that does not expire;

(2) Within the same period, they shall deliver a descriptive manifest or index of the materials produced, in a format that facilitates verification against this Order;

(3) Within the same period, each shall serve and file her own certification, under penalty of perjury, identifying, by item, the materials delivered from her possession, custody, or control; identifying any material withheld and the basis for withholding it; and stating whether any record of conflict disclosure or informed written consent under Rule 1.7(b) exists in the file;

(4) Each certification shall state whether each category was produced in the form received, filed, exported, or maintained; whether any material has been withheld, deleted, altered, or lost, and if so which; whether the file contains counsel's communications with counsel for any Defendant, in either forum, including the May 19 exchange filed at ECF 56-8; whether it contains any record of the client's instructions regarding extensions; and whether it contains any copy of the draft sanctions motion referenced in ECF 56-8 at 8;

(5) Plaintiff shall have leave, within a reasonable period after delivery, to supplement or correct any filing he was required to make without the file, including the request for entry of default as to Amazon.com, Inc. (ECF 78–79; ECF 86);

(6) They, and any person acting on their behalf, shall preserve all materials related to

Plaintiff's representation pending full compliance with this Order;

(7) Should Plaintiff identify specific, itemized deficiencies following the certifications, he may submit a declaration identifying them, served concurrently on former counsel; within seven (7) calendar days, each shall respond by declaration, under penalty of perjury, producing the material, stating with specificity why it was not produced, or explaining the discrepancy — resolved by the Court on the declarations, without a new motion.

56. Plaintiff intends to file an amended complaint, and will request that new summonses issue for service on Amazon's registered agent.

57. Plaintiff expressly reserves all claims regarding counsel's conduct for the appropriate forum. The relief requested here is the enforcement of duties counsel has not fulfilled: delivery the Court can verify, and certifications it can check. Plaintiff continues to litigate active motion practice without the basic record of his own representation. Under Rule 1.16(e), the duty to release client materials attaches "[u]pon the termination of a representation for any reason." Surrendering the file is a legal duty, not an attorney's prerogative.

Dated: 8/28/2026

Signed by:
Matthew Joyce
07B601B840D34AB...

Matthew Joyce

Plaintiff, Pro Se

| | |
|---|---|
| MATTHEW JOYCE,<br>Plaintiff,<br><br>v.<br><br>ARB GAMING LLC DBA MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1-50,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**TABLE OF CONTENTS AND TABLE OF AUTHORITIES**<br><br>(E.D. Cal. L.R. 133(k))<br><br>Hearing: October 6, 2026<br>10:00 a.m., Courtroom 25<br>Hon. Chi Soo Kim |

**TABLE OF CONTENTS**

NOTICE OF MOTION AND RELIEF REQUESTED . . . . . 1
I. THE PROTECTION PROMISED, AND WHO PROVIDED IT . . . . . 2
II. A PAPER APPEARANCE: DUTIES ASSUMED UNDER OATH, BUT NEVER PERFORMED . . . . . 4
III. SIX REASONS FOR SIX AUDIENCES, AND PRIVILEGE ONLY FOR THE COURT . . . . . 5
IV. A CONFLICT NEVER DISCLOSED, AND A PRIVILEGE THAT WAS NOT COUNSEL'S TO INVOKE . . . . . 7
V. THE BYPASS: A COMMUNICATIONS CHANNEL THAT EXCLUDED THE CLIENT . . . . . 10
A. May 19, 2026: everyone the channel carried, except the client . . . . . 12
VI. THE PROCEDURAL DISCONNECT: THE WITHDRAWAL MOTION MEASURED

AGAINST THE RULES . . . . . 13

VII. A LOAN, NOT A RELEASE: TEMPORARY ACCESS TO A FRAGMENTED RECORD . . . . . 14

VIII. RELIEF REQUESTED . . . . . 17

**TABLE OF AUTHORITIES**

**Cases**

*Agster v. Maricopa County* , 422 F.3d 836 (9th Cir. 2005) . . . . . 7

*Cherpan v. City of Fairfield* , No. 2:23-cv-02100-TLN-CSK (E.D. Cal. May 28, 2025) . . . . . 17

*Commodity Futures Trading Comm'n v. Weintraub* , 471 U.S. 343 (1985) . . . . . 7

*Hunt v. Oak Run Elementary Sch. Dist.* , No. 2:25-cv-02404-DC-DMC (E.D. Cal. Mar. 4, 2026) . . . . . 17

*In re Samuel A.* , 69 Cal. App. 5th 67 (2021) . . . . . 14

*Lempert v. Superior Court* , 112 Cal. App. 4th 1161 (2003) . . . . . 14

*People v. Prince* , 268 Cal. App. 2d 398 (1968) . . . . . 14

*Ramirez v. Sturdevant* , 21 Cal. App. 4th 904 (1994) . . . . . 16

*Vahora v. Valley Diagnostics Lab.* , Inc., No. 1:16-cv-01624-SKO (E.D. Cal. Sept. 7, 2018) . . . . . 8, 16

**Rules and Statutes**

Cal. R. Prof. Conduct 1.16(d) . . . . . 6, 7, 10, 13, 16

Cal. R. Prof. Conduct 1.16(e) . . . . . 13, 14

Cal. R. Prof. Conduct 1.7(b) . . . . . 8, 9, 18

E.D. Cal. L.R. 180(e) . . . . . 2, 8

E.D. Cal. L.R. 182(d) . . . . . 1, 2, 13, 14, 17

Fed. R. Civ. P. 54(b) . . . . . 17

Fed. R. Evid. 501 . . . . . 7

MATTHEW JOYCE
600 Market Grove Drive, Suite 100
Wake Forest, NC 27587-7345
(919) 259-4661 — m.joyce07@proton.me
Plaintiff, Pro Se

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JOYCE,<br>Plaintiff,<br><br>v.<br><br>ARB GAMING LLC DBA MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1-50,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**CONSENT OF JAMIE A. STAHURA** |

I, Jamie A. Stahura, declare as follows:

1. I am the Plaintiff-in-Interpleader in this action. Amina M. Mack entered an appearance on my behalf on March 6, 2026. ECF 35. On June 30, 2026, I filed a notice terminating that representation and stating my pro se status. ECF 77. On July 13, 2026, the Court advised that

under Local Rule 182(d) an attorney who wishes to withdraw and leave her client to proceed pro se must seek leave of the Court by noticed motion. ECF 87. Ms. Mack filed such a motion on July 21, 2026, ECF 88, and on August 3, 2026 the Court noted that the motion had not been properly noticed. ECF 101.

2. I consent to the delivery to Plaintiff Matthew Joyce of all records of communications concerning that representation, as part of the client-file delivery requested in Plaintiff's Motion for Conditions on Withdrawal, Delivery of the Client File, and a Certification of Compliance, and to the inclusion of those records within the certifications that motion requests.

3. I give this consent freely.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 8/28/2026, 2026, at Hauppauge, NY.

DocuSigned by:
Jamie Stahura
E4ECB6957286407...

Jamie A. Stahura

Plaintiff-in-Interpleader, Pro Se

MATTHEW JOYCE
600 Market Grove Drive, Suite 100
Wake Forest, NC 27587-7345
(919) 259-4661 — m.joyce07@proton.me
Plaintiff, Pro Se

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JOYCE,<br>Plaintiff,<br><br>v.<br><br>ARB GAMING LLC DBA MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1-50,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**DECLARATION OF MATTHEW JOYCE IN SUPPORT OF PLAINTIFF'S MOTION FOR CONDITIONS ON WITHDRAWAL, DELIVERY OF THE CLIENT FILE, AND A CERTIFICATION OF COMPLIANCE** |

I, Matthew Joyce, declare as follows:

1. I am the Plaintiff in this action, proceeding pro se. I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify competently to them. I make this declaration in support of my Motion for Conditions on Withdrawal, Delivery of the Client File, and a Certification of Compliance. Where I quote a document, a

true and correct copy of that document is attached as the exhibit cited.

2. Where this declaration or the accompanying motion quotes or describes a communication between me and my former counsel, I waive the attorney-client privilege as to that specific communication, for the purposes of this motion only, and no further. I do not waive the privilege as to any other communication or subject, and nothing in this declaration or the motion is a general waiver. The privilege is mine to assert or to waive; this paragraph states the full extent of the waiver I make.

3. During and after the representation, I assembled the complete record of email communications concerning my case: full exports of my email accounts, the file materials produced by the firm, and the exhibits filed in this action. In that entire collected record, Ms. Sale is the author of no email. The arbitrator's March 20, 2026 mediation disclosure, attached as Exhibit T, falls inside the covered period and was never forwarded to me. Had it been forwarded to me, I would have responded.

4. On May 12, 2026, at 11:32 AM EDT, I sent counsel an email, copying four people including Ms. Stahura, offering my treating clinician's records: she "can share with you if you request." The same email announced my clinical appointment that afternoon. A true and correct copy is attached as Exhibit Z, with the delivery record as Exhibit AC. The only two replies the thread ever drew — a May 14 message from a paralegal about a posting, and a May 18 message about a meeting time — addressed other subjects. No one ever requested the records.

5. On May 26, 2026, I asked counsel in writing to file "a formal ADA Accommodations Request with the Court on my behalf," under the subject line "Prayer for ADA acoomodation [sic] filing while I still have counsel to protect me," adding: "I know its [sic] still your duty to protect my interests as counsel." A true and correct copy is attached as Exhibit A. The refusal

issued the same day: "[S]ince you have terminated our representation, Ms. Sale and I will not be filing this request at this time." Exhibit B. The Notice of Termination it relied on was sent four and a half hours after my request. Exhibit C. My request reached Ms. Sale's address at 6:51 a.m. EDT; the refusal, speaking for her, issued at 12:02 p.m. EDT.

6. The only message I have ever received in Ms. Sale's name, on June 15, 2026, was an automated out-of-office reply. It opens: "I am currently out of the office for medical reasons and will return on June 29, 2026," and closes: "If you are a current client with upcoming hearings, please be assured they have already been covered." A true and correct copy is attached as Exhibit AE.

7. On April 2, 2026, I wrote counsel a contemporaneous email that included: "Every time you came to me and said 'Karen says it has to be in JAMS.'" (MJ-ESI-0177.) Earlier, on February 13, 2026, I had asked counsel in writing to "try to keep things on one email chain?" because "Lots of emails" were splitting our communications.

8. My requests about the channel of communication ran through the representation: the February 13 writing preference; counsel's March 31, 9:22 PM message, "Let's speak on the phone…," Exhibit AJ; telephone-call requests that followed counsel's contacts with the adversary, Exhibit R; and my May 20, 2026 demand that communications thereafter be in writing only, Exhibit S.

9. Ms. Sale and I have communicated directly only once. I called her; she did not answer. I then asked her directly whether she was my lawyer and whether I could speak with her under attorney-client privilege — I asked because, from what Ms. Mack had told me, I was no longer sure — and Ms. Sale confirmed that she was and that I could. Ms. Mack's message that "[Jacqueline Sale] is strictly an attorney whose license we are using for my pro hac vice" came the next day. Exhibit AS. I later put the question of Ms. Sale's role to Ms. Sale in

writing, three times, and she answered none of them: a May 19 demand with a 48-hour deadline, Exhibit E; a May 21 email to both her addresses, Exhibit F; and a May 21 private email at 10:57 AM EDT, Exhibit AD, in which I wrote, "I am in no way asking you to break trust with Ms. Mack," and memorialized: "We have only communicated directly once. You confirmed in that conversation that we have an attorney-client relationship and privilege." Ms. Mack answered that private email fifty minutes later — writing again that Ms. Sale was not my attorney — and Ms. Sale never corrected the memorialization.

10. I was referred to Ms. Mack through the North Carolina Bar Association Lawyer Referral Service. The Service's confirmation, under the subject line "Self-Referral Processed - Your Attorney Information," reached my email account on October 27, 2025. A true and correct copy is attached as Exhibit AU. At that time, my predecessor counsel Reshma Kamath remained counsel of record and I was seeking a second opinion. At my first consultation with Ms. Mack, before the engagement was signed, she raised the subject herself, unprompted: she told me, in substance, that her mother worked in a similar industry, and that it should be fine. I asked what her mother's job was. She answered: an attorney. That is the whole of what I was ever told. Nothing about the relationship was ever put to me in writing — not at engagement, not when counsel appeared in the arbitration, not when counsel appeared in this Court, and not at withdrawal — and no written consent was ever requested of me. The file produced to me contains no record of any conflict check, disclosure, or consent. I did not think about the relationship again until after counsel's final request to withdraw, when I began asking myself why counsel was walking away from the case, and began reviewing the record of the representation. I notified this Court of what I had discovered by letter dated May 27, 2026, docketed at ECF 54.

11. My instructions concerning extensions were in writing and repeated. After counsel's March 28 extension, Exhibit AN, I wrote on May 6: "this is the second time you've granted an extension after I asked you not to do that without my approval . . . no extensions are ever

given again. I consent to none of the parties extending." Exhibit AM. On May 20 at 11:23 AM EDT I wrote: "you where told since the first time you gave arb a extension without my consent and the two times you did it after. In email you agreed to not do that." [sic throughout.] The same day, at 4:08 PM EDT, I wrote counsel directly: "Amina for the fith time stop any communication with counsel ony behlf. You've made your stance very clear." [sic throughout.] (MJ-ESI-0361.) On May 22, 2026, ARB's counsel filed a declaration quoting my counsel's contrary account. ECF 49-1 ¶¶ 5–6. I first learned what my own attorney had told the adversary about me when I read that filing on the public docket.

12. Six written accounts of counsel's reason for withdrawing exist in my records, and I received or was copied on each: Exhibit I ("The main thing that has changed . . . third time . . . step down."); Exhibit J (including "ARB is asking for 60 days…" and the assurance to "take reasonable steps necessary to avoid prejudice to your interests"); Exhibit K, sent forty-three minutes after I disclosed that I had recorded a call; Exhibit L ("in light of Matt's statement that he recorded the prior call, Amina no longer feels comfortable continuing phone communications at this time.") — no further call ever took place; Exhibit M ("There is unfortunately a break in our communication."); and Exhibit N ("The plan changed unfortunately when ARB and I spoke yesterday…"). The sixth account went to the arbitrator, Exhibit G-2. After my recording disclosure, the sanctions motion was not filed, and counsel announced the withdrawal. I state the sequence; its significance is addressed in the motion.

13. Ms. Mack's last message written to me directly predates the withdrawal filing. The communications I received from the firm after that point were authored by a paralegal.

14. The declarations filed with ECF 47 state the county where I live, not an address. The Court ordered service "forthwith," ECF 58, and on June 8 asked on its own motion why counsel "have not filed a proof of service," ECF 66. The certificate filed June 10 was stamped by the Clerk to be disregarded. ECF 67 ("[DISREGARD- COUNSEL TO REFILE]" —

docket text verified verbatim this session). The corrected certificate, ECF 84-1 and 84-2, shows delivery on June 29 and was filed July 3 — and the address it used did not match the address on my change of address, which had been on the docket since June 22. ECF 71. Ms. Sale was the designated filer for the firm. ECF 22 at 2. The transmittal letter of June 25 promised that "future correspondence" would follow; twenty-six days later, the July 21 certificate went to a house I had sold. (ECF 88 at 6.)

15. On April 1, 2026: my 11:04 AM written hold drew "Received." at 11:06; at 11:10 I requested the new filing; at 11:26 I pushed back a third time; at 11:44 I wrote "I respect your decision… Best of luck Amina"; at 2:29 PM the draft was delivered anyway; at 3:58 PM I sent a formal do-not-file directive. That evening counsel wrote she was "in the process of filing withdrawal paperwork." Exhibit O. Seven minutes separated that message from the preceding exchange. No withdrawal was filed that night. The April 1 messages are attached as the Exhibit AR composite.

16. The arbitrator issued an Interim Award on May 13, 2026. ARB's answer, due May 27, was the first merits deadline after it. The withdrawal was filed seven days before that deadline, and ECF 47 does not mention it. Exhibit G-1.

17. On May 20, 2026 — the morning the withdrawal was filed — Ms. Stahura wrote both attorneys, Ms. Sale's address on the To line, under the subject "Notification of Plaintiff's Medical Crisis and Ongoing Duties/Proposed Abandonment of Disabled Client," directing that the firm "will not agree to any further extensions or anything else without Matthew's express written consent." A true and correct copy is attached as Exhibit AA.

18. On May 27, 2026 — the day ARB's answer had been due — I wrote the JAMS case manager myself. Exhibit U.

19. I paid the firm in full. The transmittal letter's own accounting records a $20,000.00 retainer, and four invoices record a further $7,650.00 in costs — a $6,250.00 pro hac vice and admission charge, two consultation fees, and an $875.00 process-server fee — each closing at "Balance Owing $0.00." Exhibit W. I signed the engagement agreement on December 26, 2025, through the firm's intake platform; no copy of it was produced to me under any demand, and I have never had one. I demanded "the complete case file" on May 20, Exhibit X, again on May 26, Exhibit C, and on June 16 I defined "complete" and "native" item by item, including "(d) the complete record of all communications between your firm and counsel of record for any named Defendant, with full headers preserved." Exhibit AH. The June 18 deadline I set passed without an item-by-item response, and none ever came. The production came June 25, 2026 — thirty-six days after the first demand — through a third-party link stating "[T]he link will expire on July 3, 2026." Exhibit AI. The link did not work: that night I wrote counsel, "Access was then denied. Microsoft's own diagnostic states the block originates from The Mack Law Firm's security configuration — Error 530035, a Conditional Access policy refusing my device." Exhibit AT-1. Independently, at 9:46 PM ET on June 25, Microsoft's own automated message to my account stated that access to "themacklaw.com's apps and resources" required a code for account verification on the firm's tenant. The firm's next-day answer — that I "was granted access," directing me to the Clio Client Portal, Exhibit AT-2 — did not deny the error, the block, or the failure. The transmittal letter calls the production "one complete package"; it stops at docket item 19, while the docket stood at 73. Ten days earlier, counsel had written to Ms. Stahura, copying me: "I did not do anything on your case," and "I also received nothing from the prior attorney for your case or Matthew's case." Exhibit AL. The production nevertheless arrived carrying material from across the case's full history, including the interpleader complaint Ms. Kamath filed. Four of my opposition deadlines fell the day after the link arrived. ECF 66. As to Amazon: on June 26, 2026, the firm's paralegal confirmed in writing, "you were advised that Amazon had been served," and that "Amazon's response deadline was in May." Exhibit AV.

20. The transmittal letter also assures me that counsel-of-record communications "were forwarded to you in real time when received," that such communications "are already in your possession," and that the firm "is not aware of any additional" such communications and is "not separately resending" them. Exhibit W. The May 19, 2026 exchange between my counsel and ARB's counsel, filed by ARB at ECF 56-8, is not in the file produced to me; I first saw it as an exhibit to the adversary's filing.

21. Ms. Sale's awareness was not hypothetical to me: she was the designated communications channel by her own filing, ECF 22; she was copied throughout the day of May 19; the Exhibit I copy list carried her own office; and counsel wrote, "Ms. Sale was aware of this." Exhibit AQ.

22. The correspondence between my counsel and defense counsel ran in both forums — this Court and the arbitration — and included counsel for Goldman Sachs. I saw only the fragments counsel chose to forward; the underlying threads appear nowhere in the production. Where any copy list shows "MJ" at mj@themacklaw.com, that address is not mine and was never mine; any statement that I was copied at that address is incorrect.

23. The absences I state above are the product of searches, not recollection. I searched the complete exports of my email accounts and the produced file, without date or sender-name restrictions, for: any email authored by Ms. Sale (none exists, ¶ 3); any record of a conflict-check result, written disclosure, or written consent (none exists, ¶ 10); any written disclosure of the relationship described in ¶ 10 addressed to Ms. Stahura, in her own right or as Plaintiff-in-Interpleader (none appears anywhere in my exports or in the produced file); any motion for sanctions served on me (none was ever served on me); the May 19 exchange and the underlying counsel-to-counsel threads (absent from the production, ¶¶ 19–20); and any client-portal notification issued in Ms. Sale's name (none exists across every notification from the portal's sending address).

24. I first learned of the January 29, 2026 stipulation, ECF 25, during a telephone call with counsel on January 29, 2026. I had not been asked about it before it was filed. My written questions to counsel that same day went unanswered. (The waiver in ¶ 2 covers the January 29 call and emails to the extent stated there.)

25. I obtained each of the public records cited in ¶ 26 of the motion. Exhibit V is a true and correct copy of the Pennsylvania Gaming Control Board's published staff directory, which states on its face "(LAST UPDATED FEBRUARY 2026)" and lists "Daniels Mozelle" under the heading "Director of Diversity & Special Counsel to Executive Director." Exhibit V-1 is a true and correct copy of the attorney record published by the Disciplinary Board of the Supreme Court of Pennsylvania for Attorney ID 317763, which lists the name "Daniels, Amina Michelle," a date of admission of 5/5/2014, a current status of Active, and an employer of "The Mack Law Firm, PLLC," as that page appeared when I accessed it at https://www.padisciplinaryboard.org/for-the-public/find-attorney/attorney-detail/317763 on 8/28/2026, 2026.

26. I declare under penalty of perjury that the foregoing is true and correct.

Executed on 8/28/2026, 2026, at Wake Forest, North Carolina.

Signed by:
Matthew Joyce
07B601B840D34AB...

Matthew Joyce

Plaintiff, Pro Se

MATTHEW JOYCE
600 Market Grove Drive, Suite 100
Wake Forest, NC 27587-7345
(919) 259-4661 — m.joyce07@proton.me
Plaintiff, Pro Se

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JOYCE,<br>Plaintiff,<br><br>v.<br><br>ARB GAMING LLC DBA MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1-50,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**INDEX OF EXHIBITS**<br><br>Hearing: October 6, 2026<br>10:00 a.m., Courtroom 25<br>Hon. Chi Soo Kim |

Exhibits are submitted in support of Plaintiff's Motion for Conditions on Withdrawal, Delivery of the Client File, and a Certification of Compliance. Each multi-page exhibit is internally paginated beginning at page one. Exhibits marked EXCERPT attach the cited message only; omitted pages are repeated quoted-thread history, and the complete document is preserved and will be produced on request.

**Exh. A** (1 p.) — 5/26/26 6:51AM email asking counsel to file "a formal ADA Accommodations Request" + "your dut....

**Exh. B** (1 p.) — same-day 12:02PM refusal in Sale's name: "will not be filing this request at this time".

**Exh. C** (2 p.) — Notice of Termination, 5/26 midday (4.5h after ADA request); also carries renewed file demand.

**Exh. D** (3 p.) — Mack 5/21: "Ms. Sale is not your attorney and she can confirm this.".

**Exh. E** (2 p.) — 5/19 first question to Sale, 48-hour demand.

**Exh. F** (2 p.) — 5/21 second question, sent to both Sale addresses.

**Exh. G-1** (6 p.) — May 13, 2026 Interim Award: pp. 1-5 and the dated signature page; the April 6 Notice-of-Withdrawal recital appears on the award's own page 5 [EXCERPT].

**Exh. G-2** (2 p.) — counsel's 6th account, openly to arbitrator: breakdown "regarding strategic decisions", no pr....

**Exh. H** (3 p.) — Mack 5/19 to Plaintiff: "Jacqueline and I will be withdrawing but happy to remain in the back....

**Exh. I** (2 p.) — 1st account: sanctions "for the third time" + "decision to step down"; copy list carried Sale....

**Exh. J** (1 p.) — 2nd account (NC RPC); "take reasonable steps necessary to avoid prejudice

to your interests";....

**Exh. K** (2 p.) — 3rd account to Stahura after recording disclosure (43-min).

**Exh. L** (3 p.) — "Amina no longer feels comfortable continuing phone communications" + no-further-call-ever.

**Exh. M** (1 p.) — MJ-ESI-0360, 5/20 4:07PM ET to client's mother: "He has been highly involved…decisions on my....

**Exh. N** (1 p.) — 4th account: subject "Why couldn't we all just quietly wait…" + "The plan changed…when ARB an....

**Exh. O** (2 p.) — 4/1 "in the process of filing withdrawal paperwork" + seven-minutes timing.

**Exh. R** (3 p.) — call-requests-followed-adversary-contact (cut ¶26 material).

**Exh. S** (1 p.) — May 20 written-only communications demand (cut ¶26 material).

**Exh. T** (1 p.) — arbitrator's 3/20 Duane Morris mediation disclosure, never forwarded.

**Exh. U** (2 p.) — May 27 self-help: "I wrote the JAMS case manager myself".

**Exh. V** (1 p.) — PGCB published staff directory stating Daniels title.

**Exh. V-1** (1 p.) — PA Disciplinary Board attorney record, ID 317763, "Daniels, Amina Michelle" — Employer: The M....

**Exh. W** (5 p.) — 6/25 transmittal letter: $20,000 retainer accounting; "one complete package"; "future corresp....

**Exh. X** (1 p.) — 5/20 demand for "the complete case file".

**Exh. Y** (1 p.) — Clio portal copy / June 26 morning upload set incl. pre-engagement interpleader complaint.

**Exh. Z** (3 p.) — 5/12/26 11:32AM ET clinical-records offer: she "can share with you if you request".

**Exh. AA** (10 p.) — Stahura 5/20 to both attorneys (Sale on To line): "Please acknowledge this email and provide....

**Exh. AC** (8 p.) — treating clinician's (Mahoney) notes, redacted, 8pp.

**Exh. AD** (1 p.) — 5/21 10:57AM ET private email to Sale: "I am in no way asking you to break trust with Ms. Mac....

**Exh. AE** (1 p.) — Sale 6/15 out-of-office autoreply: "I am currently out of the office for medical reasons…"; "....

**Exh. AF** (2 p.) — Mack to client, two-minute answer: "I have not agreed to this extension. They are asking for....

**Exh. AH** (2 p.) — 6/16 item-by-item "complete"/"native" definition incl. item (d) "complete record of all commu....

**Exh. AI** (1 p.) — 6/25 Nadine transmittal email of file-share link: "[T]he link will expire on July 3, 2026.".

**Exh. AJ** (4 p.) — Mar 31 9:22PM "Let's speak on the phone…".

**Exh. AL** (3 p.) — Mack→Stahura 6/16: "I did not do anything on your case" + "received nothing from the prior at....

**Exh. AM** (4 p.) — 5/6 written revocation: "no extensions are ever given again. I consent to none of the parties....

**Exh. AN** (1 p.) — 3/28 prior extension objection (Affirm Extension Request).

**Exh. AP** (3 p.) — 5/26 under heading "Amazon (Served 3/23/26)": "They have yet to respond so a Motion for Defau....

**Exh. AR** (12 p.) — April 1 composite: MJ-ESI-0128 (11:04 hold) → 0129/0130 → 0132 (11:30 "will not be in agreeme... [EXCERPT].

**Exh. AR-11** (1 p.) — 4/2 12:14PM: "The fact that you threatened to go to the bar association and sue me for malpra... [EXCERPT].

**Exh. AR-12** (2 p.) — Matt 4/1 11:37PM conditional rights list + "I am not saying any of this to threaten you".

**Exh. AR-13** (3 p.) — Matt 4/2 ~2:26-2:45PM "I did not threaten you. That was never my intent.".

**Exh. AS** (2 p.) — Mack 5/7: "[Jacqueline Sale] is strictly an attorney whose license we are using for my pro ha... [EXCERPT].

**Exh. AT-1** (2 p.) — Matt's 6/25 same-night lockout email: "Access was then denied. Microsoft's own diagnostic…Err... [EXCERPT].

**Exh. AT-2** (2 p.) — firm's 6/26 next-day answer: "was granted access" + Clio Client Portal offer.

**Exh. AU** (1 p.) — NCBA LRS referral confirmation "Self-Referral Processed - Your Attorney Information" 2025-10-27.

**Exh. AV** (2 p.) — Nadine Ludeke 6/26/26 11:05AM firm confirmation "you were advised that Amazon had been served....

**Total: 47 exhibits, 120 pages.**

| | |
|---|---|
| **From:** | admin <fadetwoblank@pm.me> |
| **To:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **Cc:** | Jacqueline Sale <jmsalelaw@gmail.com>, Nadine Ludeke <admin@themacklaw.com>, Sippy Dlamini <sdlamini@themacklaw.com>, Paralegal <mj@themacklaw.com>, Jamie Stahura <nailbnder99@yahoo.com>, Brielle Pittman <brielle.pittman2@gmail.com> |
| **Date:** | Tue, 26 May 2026 10:51:55 +0000 |
| **Subject:** | Prayer for ADA acoomodation filing while I still have counsel to protect me. |

Ms. Mack,

Saw on the docket that your Motion to Withdraw was found defective at ECF No. 48 and will need to be refiled. While you're working on the refile, could you also file a formal ADA Accommodations Request with the Court on my behalf?

Given my documented and severe disabilities (Bipolar II, ADHD, gambling disorder, with the Lepage forensic analysis already filed as Exhibit 29 to the operative complaint), this should be a clean filing. You have my medical records on file, I'm sure, right? So you should have everything you need to put together a brief request. As always I would request to view it before you send it, I hope despite your withdrawal I would still have that right. I know its still your duty to protect my interests as counsel. I cannot think of any reason you would reject this critical request.

Just want to make sure these protections are formally on the federal record if I find attorney in the next several weeks.

Thanks,

Matthew Joyce

Sent with Proton Mail secure email.

| | |
|---|---|
| **From:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **To:** | admin <fadetwoblank@pm.me> |
| **Cc:** | Jacqueline Sale <jmsalelaw@gmail.com>, Nadine Ludeke <admin@themacklaw.com>, Sippy Dlamini <sdlamini@themacklaw.com>, MJ <mj@themacklaw.com>, Jamie Stahura <nailbnder99@yahoo.com>, Brielle Pittman <brielle.pittman2@gmail.com> |
| **Date:** | Tue, 26 May 2026 16:02:49 +0000 |
| **Subject:** | Re: Prayer for ADA acoomodation filing while I still have counsel to protect me. |

Hi Matt,

Yes, it was defective but only as it relates to the date we asked for the motion to be heard (June 2026). However, I see your most recent email and since you have terminated our representation, Ms. Sale and I will not be filing this request at this time.

**Amina M. Mack, Esq. | Managing Partner**
***The Mack Law Firm, PLLC***
4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609
t: 984.480.7147 | f: 919.249-1360
legal@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

---

**From:** admin <fadetwoblank@pm.me>
**Sent:** Tuesday, May 26, 2026 6:51 AM
**To:** The Mack Law Firm, PLLC <legal@themacklaw.com>
**Cc:** Jacqueline Sale <jmsalelaw@gmail.com>; Nadine Ludeke <admin@themacklaw.com>; Sippy Dlamini <sdlamini@themacklaw.com>; MJ <mj@themacklaw.com>; Jamie Stahura <nailbnder99@yahoo.com>; Brielle Pittman <brielle.pittman2@gmail.com>
**Subject:** Prayer for ADA acoomodation filing while I still have counsel to protect me.

Ms. Mack,

Saw on the docket that your Motion to Withdraw was found defective at ECF No. 48 and will need to be refiled. While you're working on the refile, could you also file a formal ADA Accommodations Request with the Court on my behalf?

Given my documented and severe disabilities (Bipolar II, ADHD, gambling disorder, with the Lepage forensic analysis already filed as Exhibit 29 to the operative complaint), this should be a clean filing. You have my medical records on file, I'm sure, right? So you should have everything you need to put together a brief request. As always I would request to view it before you send it, I hope despite your withdrawal I would still have that right. I know its still your duty to protect my interests as counsel. I cannot think of any reason you would reject this critical request.

Just want to make sure these protections are formally on the federal record if I find attorney in the next several weeks.

Thanks,

Matthew Joyce

Sent with Proton Mail secure email.

| | |
|---|---|
| **From:** | admin <fadetwoblank@pm.me> |
| **To:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **Cc:** | Jacqueline Sale <jmsalelaw@gmail.com>, Paralegal <mj@themacklaw.com>, Sippy Dlamini <sdlamini@themacklaw.com>, Nadine Ludeke <admin@themacklaw.com> |
| **Date:** | Tue, 26 May 2026 15:25:38 +0000 |
| **Subject:** | Notice of Termination of Representation and Demand Pursuant to N.C. R. Prof. Conduct 1.16(d) - Joyce v. ARB Gaming LLC dba Modo. US, et al., No. 2:25-cv-01868-DJC-CSK |

Dear Ms. Mack and Ms. Sale,

I write to formally terminate the representation of me by Mack Law Firm, Amina M. Mack, Esq., and Jacqueline Sale, Esq., admitted pro hac vice, in the following matters, effective immediately:

1. Joyce v. ARB Gaming LLC dba Modo. US, et al., No. 2:25-cv-01868-DJC-CSK, United States District Court for the Eastern District of California, Sacramento Division (the "Federal Action"), in which the named defendants are ARB Gaming LLC dba Modo. US; Affirm, Inc.; Goldman Sachs Bank USA; Apple Inc.; Amazon.com, Inc.; and Does 1-50;

2. The related JAMS arbitration proceeding, Joyce, Matthew vs. Arb Gaming LLC dba Modo, JAMS Ref No. 5100003080 (the "JAMS Proceeding"), in which Ms. Mack alone served as my counsel; and

3. Any other matter, proceeding, communication, or representation undertaken on my behalf by you or your firms arising out of or related to the above-captioned actions.

I will be making the necessary filings with the Court and JAMS today reflecting the foregoing.

Pursuant to N.C. Rev. R. Prof. Conduct 1.16(d) and any analogous obligations under any applicable rules of professional conduct in any jurisdiction in which you are admitted, I request the following on a prompt basis and no later than seven (7) calendar days from the date of this email:

1. Return of my complete client file, including without limitation all correspondence (email, text, paper, and electronic), pleadings, drafts, work product, attorney notes, internal memoranda, communications with opposing counsel and any third party, billing records, retainer agreements, engagement letters, conflict-check records, time entries, expense records, and any electronic files and metadata, in both paper and digital format. Please confirm in writing within forty-eight (48) hours of receipt of this email the method and timing of delivery, and the medium (e.g., secure file transfer, USB drive, paper).

2. A full accounting of all fees, costs, and expenses charged to or incurred on my behalf to date, together with a refund of any unearned portion of fees paid, calculated as of the date of this email. Please provide the accounting in writing.

3. Written confirmation that neither you, your respective firms, nor any other attorney, paralegal, staff member, agent, or representative affiliated with your representation of me will take any further action on my behalf, in any forum, in any capacity, without my prior written authorization. This includes but is not limited to communications with opposing counsel, court personnel, JAMS personnel, third parties, any defendant in this matter, the media, or any other person or entity.

4. Cooperation in the orderly transition of this matter, including responding to reasonable inquiries from me or from successor counsel (when retained) and promptly identifying in writing any pending deadlines, communications, drafts, court filings, arbitration submissions, or other matters of which I should be aware.

This email is also being sent to Ms. Ludeke and to the paralegal known to me as "MJ" at Mack Law Firm, consistent with Ms. Mack's prior practice of including them on case communications, so that they receive direct notice of the foregoing. By this email, I am directly informing them that the representation has been terminated effective the date of this email, and I respectfully request that they cease any further work on, or activity related to, my matters as of that date.

I am reserving all rights and claims, including but not limited to those arising under applicable rules of professional conduct, malpractice principles, fiduciary duty principles, and any other applicable law. Nothing in this email shall be construed as a waiver of any such right or claim.

Please direct all future communications to me at this email address. Please do not direct further communications to any third party (including but not limited to opposing counsel) on my behalf.

**Thank you.**

**Sincerely,**

**Matthew Joyce**
**Joyce v. ARB Gaming LLC dba Modo. US, et al., No. 2:25-cv-01868-DJC-CSK (E.D. Cal.)**

| | |
|---|---|
| **From:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **To:** | admin <fadetwoblank@pm.me> |
| **Cc:** | Nadine Ludeke <admin@themacklaw.com>, Brielle Pittman <brielle.pittman2@gmail.com>, "Stahura, Jamie" <Jamie.Stahura@PNFP.COM>, Jacqueline Sale <jmsalelaw@gmail.com>, "jms@jaxlawoffices.com" <jms@jaxlawoffices.com> |
| **Date:** | Thu, 21 May 2026 15:47:55 +0000 |
| **Subject:** | Re: AMINA FINAL TIME STAND DOWN \| I WILL DEFER TO MS SALE |

Hi Matt,

I'm so glad to hear you have potentially found new counsel. That is great news. I will absolutely preserve everything. Ms. Sale is not your attorney and she can confirm this. She is sponsoring my pro hac vice application.

As far as the statement that I said, that is absolutely not accurate and must have been taken out of context. I am very much aware of your disability and have a specialization working with mentally and physically ill individuals for over 8 years. I have been more than patient with you, but this has to stop. Yesterday you said you wanted this to end amicably, and I am hopeful that this is still the case.

Ms. Sale and I have been in touch and right now, we feel it is best to stay the case in federal court until you procure new counsel and we have been removed. Nadine will send over the filed motion to withdraw.

**Amina M. Mack, Esq. | Managing Partner**
***The Mack Law Firm, PLLC***
4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609
t: 984.480.7147 | f: 919.249-1360
legal@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

---

**From:** admin <fadetwoblank@pm.me>
**Sent:** Thursday, May 21, 2026 10:18 AM
**To:** The Mack Law Firm, PLLC <legal@themacklaw.com>
**Cc:** Nadine Ludeke <admin@themacklaw.com>; Brielle Pittman <brielle.pittman2@gmail.com>; Stahura, Jamie <Jamie.Stahura@PNFP.COM>; Jacqueline Sale <jmsalelaw@gmail.com>; jms@jaxlawoffices.com <jms@jaxlawoffices.com>
**Subject:** AMINA FINAL TIME STAND DOWN | I WILL DEFER TO MS SALE

Amina,

This is the final time I will write you about this. Going forward I am deferring to Ms. Sale as my counsel of record. I understand your best play now is to frame me as writing too many emails – I'm sure you have said the same to Ms. Sale. The volume is not the record. The contents of your own writings are. Below is what they establish.

Ms. Sale – please review. I am sending you a separate email under our attorney-client privilege.

THE RECORD

1. Four different stated reasons for withdrawal in 24 hours:

5/20 02:15 UTC: "After speaking with counsel who indicated for the third time she will be filing sanctions against Jacqueline and I, we have made the decision to step down."

5/20 12:42 PM EDT: "I do not believe Jacqueline and I can

obligations and duties under the North Carolina Rules of Professional Conduct."

5/20 20:07 UTC (to my mother): "Matthew said he was fine with me withdrawing. He made that clear... He has been highly involved in responding to every email and I've been more than accommodating to him."

5/20 20:46 UTC: "Matt was fine with the withdrawal. Ms. Sale and I are not in agreement with this."

Mr. Saurack's 5/20/26 letter to Judge Leen reports you told him your withdrawal is "due to irreconcilable differences and breakdown in communications with her client." Each writing above contradicts that.

2. Quid pro quo with Karen Alexander. Your 5/20 20:07 UTC email to my mother states: "Once he said this, I told counsel to not file the sanctions motion because we would be withdrawing." You negotiated a withdrawal-for-no-sanctions deal with opposing counsel without my authorization while you were my attorney of record.

3. Order of communication. Your own 5/20 20:46 UTC email confirms you spoke with ARB counsel about withdrawal BEFORE calling me. This is materially identical to your 4/1/26 4:04 PM email announcing your withdrawal to John David with me CC'd. My 4/1/26 4:27 PM written instruction was clear: "Any decisions about withdrawal need to go through the proper process, and I'd appreciate us handling that between us before communicating it to third parties." You were instructed in writing in April and repeated the same conduct in May.

4. Misrepresentation of my position. Your 5/20 20:07 UTC email to my mother states I "would be pursuing this matter in both avenues." My 4/6/26 Notice of Withdrawal of All Claims in JAMS documents the opposite. I am the one who said to drop arbitration (5/20 20:16 UTC, in writing to you).

5. Respected ≠ agreed. My 5/20 20:16 UTC email states: "I said I would respect your decision yes, I didn't say that I agreed with it." Respecting a decision is not consent to it.

6. Disability comment. On a phone call witnessed by Brielle Pittman and Jamie Stahura, you stated: "I'm not sure how disabled you are." Shame on you. You are aware of my documented disabilities and the federal court ADA accommodations record (Doc 26).

7. Continued communication after explicit demand to stop. I asked you to stop messaging me at 13:21, 13:25, 19:45, 19:52, 19:54, 20:08, and 20:16 UTC on 5/20/26 — seven written requests in seven hours. You continued. Shame on you for that.

8. Unauthorized 60-day stipulation. Per Mr. Saurack's letter, you agreed to a "sixty-day continuance of all litigation deadlines" covering BOTH JAMS and federal MTD deadlines — without my authorization. I revoked that authority on 5/20/26.

9. Filing against client directive. On 4/1/26 at 20:49 UTC I sent you "DO NOT SUBMIT JAMS DEMAND - Issues With Draft and Process," identifying specific false statements (¶¶10, 11, 85, 97) and instructing you not to file. You filed it anyway.

10. Acting as counsel while withdrawing. On 5/20/26 you verbally recommended I grant Affirm an extension while simultaneously notifying opposing counsel and the tribunal of your withdrawal. Either you were my counsel making strategic recommendations or you were not.

DEMANDS

A. Restore my access to the JAMS portal and provide Case Manager Danychel Reyes's direct contact.

B. Per RPC 1.16(d)-(e), preserve and produce all communications with Karen Alexander and any other Duane Morris counsel regarding any sanctions motion; file notes documenting order and timing of your 5/19/26 and 5/20/26 communications with ARB counsel, Ms. Sale, John David, and me; complete case file, work product, and itemized billing statement.

C. Confirm in writing whether you intend to correct the characterization in Mr. Saurack's 5/20/26 letter to Judge Leen pursuant to RPC 3.3 candor to tribunal.

WITNESSES OF RECORD

Brielle Pittman and Jamie Stahura have been on copy with our communications since 4/1/26. They were present for phone calls including the 5/20/26 call referenced in item 6. Their independent recollections will be preserved by declaration.

CLOSING

I am in the process of retaining new lead counsel and expect to confirm shortly. Going forward I will defer to Ms. Sale, who remains my local counsel of record and with whom I have an

direct any further substantive communications about my matter
to Ms. Sale, with me in copy.

Matt

Sent with Proton Mail secure email.

| | |
|---|---|
| **From:** | admin <fadetwoblank@pm.me> |
| **To:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **Cc:** | Brielle Pittman <brielle.pittman2@gmail.com>, Jamie Stahura <nailbnder99@yahoo.com>, "jms@jaxlawoffices.com" <jms@jaxlawoffices.com>, Nadine Ludeke <admin@themacklaw.com> |
| **Date:** | Tue, 19 May 2026 23:55:31 +0000 |
| **Subject:** | Joyce v. ARB Gaming et al. — 25-cv-01868-DJC-CSK — Position on withdrawal, pendency duties, and preservation |

Amina, Jacqueline, and team,

Following our call today and the email exchange that followed (your 2:24 PM withdrawal notice, my 2:54 PM transition response, your 2:54 PM "We are on it"), I want to put several points in writing so the record reflects what has actually transpired and so we can resolve this professionally.

**Six questions I need answered in writing:**

1. **Why this moment?** No Rule 11 motion has been served. No safe-harbor clock is running. The defendants' responsive pleadings are due May 29. In our last meeting with Brielle and my mother (Jamie Stahura), we agreed to wait until any motion was actually served. What has changed?

2. **Does this withdrawal protect your client?** Rule 1.16(b)(1) requires that permissive withdrawal be accomplished "without material adverse effect on the interests of the client." Withdrawing on the eve of MTD oppositions, with no substitute counsel in place, would foreseeably leave me without representation as those deadlines hit. How does that satisfy Rule 1.16(b)(1)?

3. **Whose interest is being protected?** On the call you expressed concern about the sanctions threat's impact on Jacqueline's bar record and on your own ability to continue, then stated you could continue in JAMS but not federally. A sanctions threat targeting counsel creates a personal-interest conflict under Rule 1.7(a)(2). Conditioning continued representation on a forum outcome that would neutralize your personal exposure is the kind of structural conflict the rule addresses. Did you disclose this conflict to me as a personal-interest conflict? Did you seek my informed consent in writing?

4. **What did you verify?** Karen's threat was verbal. No draft has been served. Before suggesting I move to a forum you acknowledged could take 1–5 years, did you (a) confirm Karen had a non-frivolous Rule 11 basis, (b) identify the specific subsection she would assert, and (c) consider that at least one likely ground is already foreclosed by the JAMS record? Rule 1.1 requires thoroughness reasonably necessary for the representation.

5. **Client decision-making authority.** Rule 1.2(a) provides that the client decides the objectives of representation. You conditioned continued representation on the case proceeding in JAMS. Conditioning representation on the client conceding the objective of the representation is not a strategic recommendation – it substitutes attorney preference for client objective. Please clarify whether that condition still stands.

6. **Timing of withdrawal.** If the genuine concern is exposure to a future sanctions motion that has not been served, Rule 11(c)(2) provides a 21-day safe harbor that allows withdrawal AFTER service, before any motion is filable. There is no procedural reason to withdraw before service. The 21-day window exists for that purpose. Why is withdrawal being initiated now?

**Your duties during pendency.** Pursuant to Rule 1.16(c), a lawyer must continue representation until tribunal permission to withdraw is granted. Until any motion to withdraw is granted by Judge Calabretta, you and Jacqueline remain counsel of record with all attendant ethical duties – including the duty of loyalty, the duty to act in my interest, and the duty not to take any action adverse to my interest.

Effective immediately, and until either court approval of any withdrawal motion or my express written authorization, you and Jacqueline are not to:

- Agree to or stipulate to anything on my behalf
- File, withdraw, or amend any pleading other than the motion to withdraw itself
- Communicate any position on the merits, on arbitration, on sanctions, or on the federal case to opposing counsel, the court, or any JAMS forum
- Communicate with any party, court, arbitrator, or opposing counsel regarding my matter, except to the extent strictly

**Reservation of rights.** Notwithstanding my 2:54 PM courtesy response, I reserve all rights and objections regarding any motion to withdraw and any conditions sought therein.

**Direct to Jacqueline Sale.** As local counsel of record, please respond to me directly in writing within 48 hours

confirming: (a) whether you are withdrawing, (b) whether your withdrawal is contingent on Ms. Mack's, and (c) whether you remain available as local counsel if I substitute lead counsel.

**Preservation.** Per RPC 1.16(d)–(e) and the client's right to the file, please preserve and produce all communications

(written and oral, including notes, phone logs, memoranda, voicemails, and any draft motion materials received) with Ms.
Alexander or any other ARB counsel regarding any threatened, drafted, or filed sanctions motion. These are case-file

materials regardless of withdrawal status.

**Defensive context for the record.** Should any sanctions motion ever materialize, the following should be on the record

now:
- I am a litigant protected under the Americans with Disabilities Act. Any sanctions analysis must account for ADA accommodations and the standards applicable to disabled litigants. I am separately researching the ADA's application to counsel's professional duties to a disabled litigant, and the standards governing accommodation of disabled clients in case management decisions.
- Prior counsel (Reshma Kamath) was disbarred, abandoned me on a JAMS call. At least that abandonment was open. Any procedural irregularities traceable to her representation cannot properly be attributed to me or to the merits of my claims as a basis for sanctions.

Please confirm receipt of this email and respond in writing.

Best,
Matthew Joyce

Sent with Proton Mail secure email.

**From:** admin <fadetwoblank@pm.me>
**To:** "The Mack Law Firm, PLLC" <legal@themacklaw.com>
**Cc:** Nadine Ludeke <admin@themacklaw.com>, Brielle Pittman <brielle.pittman2@gmail.com>, "Stahura, Jamie" <Jamie.Stahura@PNFP.COM>, Jacqueline Sale <jmsalelaw@gmail.com>, "jms@jaxlawoffices.com" <jms@jaxlawoffices.com>
**Date:** Thu, 21 May 2026 14:18:46 +0000
**Subject:** AMINA FINAL TIME STAND DOWN | I WILL DEFER TO MS SALE

Amina,

This is the final time I will write you about this. Going forward I am deferring to Ms. Sale as my counsel of record. I understand your best play now is to frame me as writing too many emails – I'm sure you have said the same to Ms. Sale. The volume is not the record. The contents of your own writings are. Below is what they establish.

Ms. Sale – please review. I am sending you a separate email under our attorney-client privilege.

THE RECORD

1. Four different stated reasons for withdrawal in 24 hours:

   5/20 02:15 UTC: "After speaking with counsel who indicated for the third time she will be filing sanctions against Jacqueline and I, we have made the decision to step down."

   5/20 12:42 PM EDT: "I do not believe Jacqueline and I can continue the representation consistent with my professional obligations and duties under the North Carolina Rules of Professional Conduct."

   5/20 20:07 UTC (to my mother): "Matthew said he was fine with me withdrawing. He made that clear... He has been highly involved in responding to every email and I've been more than accommodating to him."

   5/20 20:46 UTC: "Matt was fine with the withdrawal. Ms. Sale and I are not in agreement with this."

   Mr. Saurack's 5/20/26 letter to Judge Leen reports you told him your withdrawal is "due to irreconcilable differences and breakdown in communications with her client." Each writing above contradicts that.

2. Quid pro quo with Karen Alexander. Your 5/20 20:07 UTC email to my mother states: "Once he said this, I told counsel to not file the sanctions motion because we would be withdrawing." You negotiated a withdrawal-for-no-sanctions deal with opposing counsel without my authorization while you were my attorney of record.

3. Order of communication. Your own 5/20 20:46 UTC email confirms you spoke with ARB counsel about withdrawal BEFORE calling me. This is materially identical to your 4/1/26 4:04 PM email announcing your withdrawal to John David with me CC'd. My 4/1/26 4:27 PM written instruction was clear: "Any decisions about withdrawal need to go through the proper process, and I'd appreciate us handling that between us before communicating it to third parties." You were instructed in writing in April and repeated the same conduct in May.

4. Misrepresentation of my position. Your 5/20 20:07 UTC email to my mother states I "would be pursuing this matter in both avenues." My 4/6/26 Notice of Withdrawal of All Claims in JAMS documents the opposite. I am the one who said to drop arbitration (5/20 20:16 UTC, in writing to you).

5. Respected ≠ agreed. My 5/20 20:16 UTC email states: "I said I would respect your decision yes, I didn't say that I agreed with it." Respecting a decision is not consent to it.

6. Disability comment. On a phone call witnessed by Brielle Pittman and Jamie Stahura, you stated: "I'm not sure how disabled you are." Shame on you. You are aware of my documented disabilities and the federal court ADA accommodations record (Doc 26).

7. Continued communication after explicit demand to stop. I asked you to stop messaging me at 13:21, 13:25, 19:45, 19:52, 19:54, 20:08, and 20:16 UTC on 5/20/26 – seven written requests in seven hours. You continued. Shame on you for that.

8. Unauthorized 60-day stipulation. Per Mr. Saurack's letter, you agreed to a "sixty-day continuance of all litigation deadlines" covering BOTH JAMS and federal MTD deadlines – without my authorization. I revoked that authority on 5/20/26.

9. Filing against client directive. On 4/1/26 at 20:49 UTC I sent you "DO NOT SUBMIT JAMS DEMAND - Issues With Draft and Process," identifying specific false statements (¶¶10, 11, 85, 97) and

10. Acting as counsel while withdrawing. On 5/20/26 you verbally recommended I grant Affirm an extension while simultaneously notifying opposing counsel and the tribunal of your withdrawal. Either you were my counsel making strategic recommendations or you were not.

DEMANDS

A. Restore my access to the JAMS portal and provide Case Manager Danychel Reyes's direct contact.

B. Per RPC 1.16(d)-(e), preserve and produce all communications with Karen Alexander and any other Duane Morris counsel regarding any sanctions motion; file notes documenting order and timing of your 5/19/26 and 5/20/26 communications with ARB counsel, Ms. Sale, John David, and me; complete case file, work product, and itemized billing statement.

C. Confirm in writing whether you intend to correct the characterization in Mr. Saurack's 5/20/26 letter to Judge Leen pursuant to RPC 3.3 candor to tribunal.

WITNESSES OF RECORD

Brielle Pittman and Jamie Stahura have been on copy with our communications since 4/1/26. They were present for phone calls including the 5/20/26 call referenced in item 6. Their independent recollections will be preserved by declaration.

CLOSING

I am in the process of retaining new lead counsel and expect to confirm shortly. Going forward I will defer to Ms. Sale, who remains my local counsel of record and with whom I have an established attorney-client relationship and privilege. Please direct any further substantive communications about my matter to Ms. Sale, with me in copy.

Matt

Sent with Proton Mail secure email.

Hon. Peggy A. Leen (Ret.)
JAMS
7160 Rafael Rivera Way
Suite # 400
Las Vegas, NV 89113
Ph: 702-457-5267

**JAMS ARBITRATION CASE REFERENCE NO. 5100003080**

**Joyce, Matthew,**
**Claimant(s),**

**vs.**

**Arb Gaming LLC dba Modo,**
**Respondent(s).**

---

**INTERIM AWARD RE: (1) CLAIMANT'S MOTION FOR AN ORDER DECLARING ARBITRATION NON-BINDING, (2) RESPONDENT'S MOTION TO DISMISS AND (3) CLAIMANT'S NOTICE OF WITHDRAWAL OF ALL CLAIMS**

## I. Introduction and Procedural History

A Demand for Arbitration was filed May 9, 2025 which attached a Complaint for Damages with a caption (but without a case number) suggesting it was filed in the Superior Court of the State of California in Contra Costa County. Claimant asserted claims for: (1) violation of the California Unruh Civil Rights Act; (2) Breach of Contract; (3) Negligent Misrepresentation); (4) Unfair Business Practices under California Bus. & Prof. Code (violation of the Unruh Civil Rights Act); (5) Fraud/Intentional Misrepresentation; (6) Unjust Enrichment/Quasi-Contract; and (7) Violation of California Financial Lenders Law. The Demand does not name anyone other than ARB Gaming as a Respondent. None of the other Defendants named in the Complaint (but not named as Respondents in the Demand) have been served or made an appearance.

Respondent ARB Gaming LLC dba Modo US filed an Answer and Affirmative Defenses August 20, 2025.

Claimant filed the Motion for An Order Declaring Arbitration Non-Binding September 10, 2025. Respondent filed the Motion to Dismiss October 22, 2025.

A Preliminary Hearing was conducted September 25, 2025. Claimant was represented at the time by Reshma Kamath who appeared on his behalf. Walter Saurack appeared on behalf of Respondent ARB Gaming LLC dba Modo US ("ARB Gaming"). At the preliminary hearing counsel for Claimant stated she had not served and did not intend to serve the other two Defendants named in the Complaint and was proceeding only with claims asserted against Respondent. Counsel for both sides indicated a number of threshold issues should be decided before any voluntary exchange of information and discovery was commenced. Claimant's counsel indicated she intended to file an amended motion raising additional issues not addressed in the motion to declare the arbitration non-binding.

A briefing schedule was established for the threshold issues the parties indicated they intended to file, and oral argument was set for November 13, 2025. Claimant's counsel did not file an amended motion, and did not appear at the hearing set to conduct oral argument. Claimant appeared without counsel and said he was not surprised by his counsel's failure to appear and that although she was still his counsel of record he was seeking a second opinion from another lawyer.

Oral argument was not conducted in the absence of counsel for Claimant and I entered an Order to Show Cause ("OSC") giving counsel for Claimant until December 1, 2025 to show cause why the pending motions should not be decided on the moving and responsive papers. The OSC also

gave counsel until December 1, 2025 to seek to withdraw or request any relief deemed reasonable to protect Claimant's rights in this arbitration. Counsel for Claimant did not respond to the OSC.

Claimant subsequently sent an email to the JAMS case manager copied to opposing counsel indicating his counsel had been disbarred, that he was in the process of obtaining substitute counsel, requesting access to JAMS Access and various other forms of relief. Claimant was given instructions on how to use JAMS Access. Counsel for Respondent filed a letter November 21, 2025 proposing that Claimant obtain counsel by December 17, 2025 and requesting that if no substitute counsel appeared the pending motions should be decided on the submissions on file.

On December 6, 2025 Claimant filed and served a pro se Supplemental Submission in Support of Motion for Non-Binding Arbitration. Respondent filed and served a letter response December 15, 2025 objecting to the supplement, pointing out substitute counsel had not made an appearance, and requesting that the pending motions be decided without consideration of the Claimant's supplemental filing. Claimant filed and served a letter response December 18, 2025.

On January 21, 2026 Amina Mack filed and served a Notice of Appearance on behalf of Claimant. On February 12, 2026 counsel for Respondent filed and served a letter request again asking that I decide the pending motions on the papers under submission. Substitute counsel had not filed or requested leave to file any additional pleadings or papers. I therefore directed the case manager to advise counsel that I had begun drafting the order to decide these motions on the moving and responsive papers.

Two weeks later on February 28, 2028 counsel for Claimant responded to the February 12, 2026 letter requesting "targeted procedural relief", at a minimum in the form of a short procedural conference, and a clear revised schedule to complete the record and both sides to have a fair

opportunity to be heard. Claimant requested a 30-minute status conference, permission to file a late response to the OSC, permission to file a limited reply regarding procedural issues and any permitted supplemental briefing, oral argument and/or an evidentiary hearing, and leave to respond more formally to Respondent's February 12th letter, and if not, that the submission be disregarded, or treated as a request that requires more motion practice.

Counsel for Respondent replied March 2, 2026 objecting to Claimant's request for a "do over", asserting Respondent would be prejudiced by the additional delay and expense of "relitigating" motions under submission, objecting to additional briefing and hearings, and reiterating Respondent's request for a decision on the fully briefed motions.

I waited more than a month after Counsel for Claimant made an appearance for Counsel for Claimant to request any form of relief before starting to draft an order resolving fully briefed pending motions. None was made until after the case manager advised counsel I was in the process of preparing the order. Claimant's request for additional briefing on the motions under submission and related relief was therefore denied.

In an Order filed and served on March 4, 2026 I: (1) Denied Claimant's Motion for an Order Declaring Arbitration Non-Binding; (2) Granted in Part and Denied in Part Respondent's Motion to Dismiss; (3) Dismissed Claimant's California law-based claims in Counts one, four, and seven with prejudice; (4) Dismissed Claimant's claims against the unserved entities with prejudice; (5) Dismissed Claimant's negligence and negligent misrepresentation claims with Leave to Amend; (6) Gave Claimant until April 2, 2026 to file and serve an Amended Demand with a statement of claims and the relief sought in this arbitration with a plain, short and concise statement of the factual basis for each claim and the remedy sought consistent with JAMS Comprehensive Rule 9.

On April 1, 2026 Claimant filed and served an Amended Demand for Arbitration and Amended Statement of Claim asserting claims against Respondent for: (1) Breach of Contract; (2) Unjust Enrichment; (3) Negligent Misrepresentation; and (4) Fraud/Intentional Misrepresentation. The prayer for relief requests that the Arbitrator enter an award in favor of Claimant and against Respondent for compensatory damages, consequential damages, punitive damages, pre-judgment interest, attorney's fees and costs pursuant to Ariz. R. Civ. P. 54, and such other relief as the Arbitrator deems just and proper.

On April 6, 2026 Claimant filed and served a Notice of Withdrawal of All Claims stating Claimant was: (1) voluntarily withdrawing all claims against Respondent in this arbitration; (2) the notice was intended to withdraw Claimant's Demand for Arbitration and Amended Demand/Statement of Claims and requested relief; (3) requesting that JAMS and the Arbitrator enter any administrative order(s) necessary to close the file and terminate all further proceedings; (4) requesting that dismissal be entered without prejudice as to all claims asserted in writing unless Respondent objects in writing "within days of service of the Notice" in which event Claimant requested a brief status conference "to address the form of the dismissal"; (5) the Notice was provided "pursuant to the parties' arbitration agreement and the JAMS Comprehensive Rules and Procedures"; and (6) Claimant acknowledged "that the arbitration agreement includes an Arizona governing law and venue provision, and Claimant submits this Notice under Arizona law and jurisdiction as applicable to this arbitration."

The April 6, 2026 Notice also stated: (1) "[u]nless otherwise ordered by the Arbitrator, … Claimant does not concede any entitlement by Respondent to recover attorneys' fees or costs, and expressly reserves all rights and objections concerning any request for costs, fees, or sanctions"; and (2) requested that any request for costs and fees "be made by written motion on a schedule set

4. Consistent with the March 4, 2026 Order granting Claimant leave to amend remaining claims, Respondent shall have 14 days from service of this Interim Award to file an answer or other responsive pleading to Claimant's Amended Demand and Statement of Claim.

The further determinations to be made at any further hearing or based on written submissions shall be embodied in a Final Award which shall also incorporate the contents of the Interim Award. It is not intended that this Interim Award be subject to review pursuant to the FAA, 9 U.S.C. Sections 10-12.

Dated: May 13, 2026

Hon. Peggy A. Leen (Ret.)
Arbitrator

Hon. Peggy A. Leen (Ret.)
JAMS
7160 Rafael Rivera Way
Suite # 400
Las Vegas, NV 89113
Ph: 702-457-5267

**JAMS ARBITRATION CASE REFERENCE NO. 5100003080**

**Joyce, Matthew,**
**Claimant(s),**

**vs.**

**Arb Gaming LLC dba Modo,**
**Respondent(s).**

---

**ORDER RE RESONDENT'S REQUEST FOR ADJOURNMENT AND CLAIMANT'S MOTION TO WITHDRAW**

An Interim Award was entered May 13, 2026, which, among other things, gave Respondent until May 27, 2026, to file a response to file an answer or other responsive pleading to Claimant's Amended Demand and Statement of Claims.

On May 20, 2026, Counsel for Claimant filed a Motion to Withdraw as counsel for Claimant and Respondent filed a Request for Adjournment.

Counsel for Claimant seeks to withdraw based on a material and irreconcilable breakdown of the attorney-client relationship regarding strategic decisions necessary for the effective prosecution of this matter. She provided notice of intent to file this motion to her client and advised him he should either seek substitute counsel, or formally notify the arbitrator of his intent to proceed pro se. The motion requested a stay of all current deadlines for 30 days following entry of an order granting the motion to withdraw, and that until substitute counsel appears all notices, filings and communications be served directly on Claimant.

Respondent's Request for Adjournment requests that all deadlines, including the May 27, 2026, deadline for filing an answer or responsive pleading be adjourned for 60 days to allow Claimant's counsel to file a motion to withdraw and allow Claimant time to engage new counsel.

Having reviewed and considered these matters,

IT IS ORDERED:

1. All pending deadlines are stayed.
2. Respondent shall have until June 2, 2026, to file a response to the Motion to Withdraw, if any.
3. Counsel for Claimant shall have until June 9, 2026, to file a reply, if any.
4. Claimant shall have until June 30, 2026, in which to engage substitute counsel in this arbitration who shall file and serve a formal notice of appearance, or Claimant shall file and serve a notice that he will be appearing pro se, i.e., representing himself.
5. Claimant's counsel shall communicate all notices and filings to Claimant unless and until an order is entered granting her motion to withdraw.

Dated: May 26, 2026

Peggy A. Leen

Hon. Peggy A. Leen (Ret.)
Arbitrator

| | |
|---|---|
| **From:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **To:** | admin <fadetwoblank@pm.me> |
| **Cc:** | Brielle Pittman <brielle.pittman2@gmail.com>, Nadine Ludeke <admin@themacklaw.com>, MJ <mj@themacklaw.com>, Jamie Stahura <nailbnder99@yahoo.com> |
| **Date:** | Tue, 19 May 2026 18:24:29 +0000 |
| **Subject:** | Re: Joyce v. Arb Gaming et al. - 25-cv-01868-DJC-CSK - Proposed Stipulation with Affirm |

Hi everyone,

Jacqueline and I will be withdrawing but happy to remain in the background. Karen mentioned they are drafting the motion for sanctions today.

**Amina M. Mack, Esq. | Managing Partner**
***The Mack Law Firm, PLLC***
4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609
t: 984.480.7147 | f: 919.249-1360
legal@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

---

**From:** admin <fadetwoblank@pm.me>
**Sent:** Tuesday, May 19, 2026 2:17 PM
**To:** The Mack Law Firm, PLLC <legal@themacklaw.com>
**Cc:** Brielle Pittman <brielle.pittman2@gmail.com>; Nadine Ludeke <admin@themacklaw.com>; MJ <mj@themacklaw.com>; Jamie Stahura <nailbnder99@yahoo.com>
**Subject:** Re: Joyce v. Arb Gaming et al. - 25-cv-01868-DJC-CSK - Proposed Stipulation with Affirm

1. Karen's sanctions threat: Please request that she serve the draft motion. Under Rule 11(c)(2), she must serve the draft on you and provide a 21-day safe harbor period before she can file with the court. If no draft has been served, no motion is imminent. That request alone will clarify whether this is a real filing or a pressure tactic. 2. Position on arbitration: We are not stipulating to stay the case in arbitration. Our opposition is grounded in a colorable Morgan v. Sundance waiver argument, supported by the documented pattern across forums and Affirm's 23-page 12(b)(6) MTD with zero arbitration mention. That is not sanctionable conduct. 3. Withdrawal: I understand the position you and Jackie are in, and I respect it. If either of you determines you need to withdraw, that is your decision and I will not oppose it. I am prepared to proceed pro se if necessary. I'd prefer to keep you both on, but not at the cost of pressure you're not comfortable carrying. 4. MTD oppositions: Please confirm you are still on calendar to file the pending MTD oppositions as planned. 5. Disability arguments in JAMS / staying on in background: Let's set both aside for now and revisit after the immediate sanctions issue and MTDs are handled. Talk soon. Matthew

Sent with Proton Mail secure email.

On Monday, May 18th, 2026 at 4:48 PM, The Mack Law Firm, PLLC <legal@themacklaw.com> wrote:

> Perfect, done.
>
> > On May 18, 2026, at 4:31 PM, admin <fadetwoblank@pm.me> wrote:
> >
> > Yeah Amina that's the right call. We can grant their stipulation, approved. Thanks for the heads up.
> >
> > Also thursday works for a virtual meeting.
> >
> > - matt

Sent from Proton Mail for Android.

-------- Original Message --------
On Monday, 05/18/26 at 12:54 The Mack Law Firm, PLLC <legal@themacklaw.com> wrote:

Passing this along but it's just an extension as it relates to the Rule 26 conference. I think this is fine to agree to. It doesn't mean they are not going to still have to respond. Please let me know today when you have a moment.

**Amina M. Mack, Esq. | Managing Partner**
***The Mack Law Firm, PLLC***
4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609
t: 984.480.7147 | f: 919.249-1360
legal@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

---

**From:** Lewis, Ryan A. <Ryan.Lewis@troutman.com>
**Sent:** Friday, May 15, 2026 2:31 PM
**To:** The Mack Law Firm, PLLC <legal@themacklaw.com>; jmsalelaw@gmail.com <jmsalelaw@gmail.com>
**Cc:** Lui-Kwan, Kalama M. <Kalama.Lui-Kwan@troutman.com>; Standart, Evelyn R. <Evelyn.Standart@troutman.com>
**Subject:** Joyce v. Arb Gaming et al. - 25-cv-01868-DJC-CSK - Proposed Stipulation with Affirm

Hi Amina –

We noted the Court's order yesterday on Plaintiff's stipulation with Apple extending the deadline for Plaintiff and Apple to meet and confer and file a joint status report pursuant to Rule 26(f). Would Plaintiff be amenable to entering into a similar stipulation with Affirm to push the parties' deadline back to the same date? It looks like the Court's order was limited just to Plaintiff and Apple. Please let me know and I can put together a stipulation.

Thank you,

Ryan

**Ryan A. Lewis**
**Associate**
Direct: 415.477.5719
ryan.lewis@troutman.com

---

**troutman pepper locke**
Three Embarcadero Center, Suite 800

troutman.com

---

NOTICE: This e-mail (and any attachments) from a law firm may contain legally privileged and confidential information. If you received this message in error, please notify the sender and delete it. Any unauthorized reading, distribution, copying, or other use of this e-mail (and attachments) is strictly prohibited. E-mails may be monitored or scanned for security and compliance purposes. For more information, including privacy notices and policies, please visit www.troutman.com. If services are provided by Troutman Pepper Locke UK LLP, please see our London office page (www.troutman.com/offices/london.html) for regulatory information.

| | |
|---|---|
| **From:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **To:** | admin <fadetwoblank@pm.me> |
| **Cc:** | Brielle Pittman <brielle.pittman2@gmail.com>, Jamie Stahura <nailbnder99@yahoo.com>, "jms@jaxlawoffices.com" <jms@jaxlawoffices.com>, Nadine Ludeke <admin@themacklaw.com> |
| **Date:** | Wed, 20 May 2026 02:15:02 +0000 |
| **Subject:** | Re: Joyce v. ARB Gaming et al. — 25-cv-01868-DJC-CSK — Position on withdrawal, pendency duties, and preservation |

Hi Matt and team,

The main thing that has changed is that I think there is a difference of opinions about whether this case should be tried in JAMS and/or federal court. After speaking with counsel who indicated for the third time she will be filing sanctions against Jacqueline and I, we have made the decision to step down. I know this is not good news; however, as I stated on the phone, I am more than happy to continue helping how I can (and time permitting) in the background.

**Amina M. Mack, Esq. | Managing Partner**
***The Mack Law Firm, PLLC***
4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609
t: 984.480.7147 | f: 919.249-1360
legal@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

---

**From:** admin <fadetwoblank@pm.me>
**Sent:** Tuesday, May 19, 2026 7:55 PM
**To:** The Mack Law Firm, PLLC <legal@themacklaw.com>
**Cc:** Brielle Pittman <brielle.pittman2@gmail.com>; Jamie Stahura <nailbnder99@yahoo.com>; jms@jaxlawoffices.com <jms@jaxlawoffices.com>; Nadine Ludeke <admin@themacklaw.com>
**Subject:** Joyce v. ARB Gaming et al. — 25-cv-01868-DJC-CSK — Position on withdrawal, pendency duties, and preservation

Amina, Jacqueline, and team,

Following our call today and the email exchange that followed (your 2:24 PM withdrawal notice, my 2:54 PM transition response, your 2:54 PM "We are on it"), I want to put several points in writing so the record reflects what has actually transpired and so we can resolve this professionally.

**Six questions I need answered in writing:**

1. **Why this moment?** No Rule 11 motion has been served. No safe-harbor clock is running. The defendants' responsive pleadings are due May 29. In our last meeting with Brielle and my mother (Jamie Stahura), we agreed to wait until any motion was actually served. What has changed?

2. **Does this withdrawal protect your client?** Rule 1.16(b)(1) requires that permissive withdrawal be accomplished "without material adverse effect on the interests of the client." Withdrawing on the eve of MTD oppositions, with no substitute counsel in place, would foreseeably leave me without representation as those deadlines hit. How does that satisfy Rule 1.16(b)(1)?

3. **Whose interest is being protected?** On the call you expressed concern about the sanctions threat's impact on Jacqueline's bar record and on your own ability to continue, then stated you could continue in JAMS but not federally. A sanctions threat targeting counsel creates a personal-interest conflict under Rule 1.7(a)(2). Conditioning continued representation on a forum outcome that would neutralize your personal exposure is the kind of structural conflict the rule addresses. Did you disclose this conflict to me as a personal-interest conflict? Did you seek my informed consent in writing?

4. **What did you verify?** Karen's threat was verbal. No draft has been served. Before suggesting I move to a forum you acknowledged could take 1–5 years, did you (a) confirm Karen had a non-frivolous Rule 11 basis, (b) identify the specific subsection she would assert, and (c) consider that at least one likely ground is already foreclosed by the JAMS record? Rule 1.1 requires thoroughness reasonably necessary for the representation.

5. **Client decision-making authority.** Rule 1.2(a) provides that the client decides the objectives of representation. You conditioned continued representation on the case proceeding in JAMS. Conditioning representation on the client conceding the objective of the representation is not a strategic recommendation it substitutes attorney preference for client

objective. Please clarify whether that condition still stands.

6. **Timing of withdrawal.** If the genuine concern is exposure to a future sanctions motion that has not been served, Rule 11(c)(2) provides a 21-day safe harbor that allows withdrawal AFTER service, before any motion is filable. There is no procedural reason to withdraw before service. The 21-day window exists for that purpose. Why is withdrawal being initiated now?

**Your duties during pendency.** Pursuant to Rule 1.16(c), a lawyer must continue representation until tribunal permission to withdraw is granted. Until any motion to withdraw is granted by Judge Calabretta, you and Jacqueline remain counsel of record with all attendant ethical duties – including the duty of loyalty, the duty to act in my interest, and the duty not to take any action adverse to my interest.

Effective immediately, and until either court approval of any withdrawal motion or my express written authorization, you and Jacqueline are not to:

- Agree to or stipulate to anything on my behalf
- File, withdraw, or amend any pleading other than the motion to withdraw itself
- Communicate any position on the merits, on arbitration, on sanctions, or on the federal case to opposing counsel, the court, or any JAMS forum
- Communicate with any party, court, arbitrator, or opposing counsel regarding my matter, except to the extent strictly necessary to coordinate the withdrawal motion itself

**Reservation of rights.** Notwithstanding my 2:54 PM courtesy response, I reserve all rights and objections regarding any motion to withdraw and any conditions sought therein.

**Direct to Jacqueline Sale.** As local counsel of record, please respond to me directly in writing within 48 hours confirming: (a) whether you are withdrawing, (b) whether your withdrawal is contingent on Ms. Mack's, and (c) whether you remain available as local counsel if I substitute lead counsel.

**Preservation.** Per RPC 1.16(d)–(e) and the client's right to the file, please preserve and produce all communications (written and oral, including notes, phone logs, memoranda, voicemails, and any draft motion materials received) with Ms. Alexander or any other ARB counsel regarding any threatened, drafted, or filed sanctions motion. These are case-file materials regardless of withdrawal status.

**Defensive context for the record.** Should any sanctions motion ever materialize, the following should be on the record now:

- I am a litigant protected under the Americans with Disabilities Act. Any sanctions analysis must account for ADA accommodations and the standards applicable to disabled litigants. I am separately researching the ADA's application to counsel's professional duties to a disabled litigant, and the standards governing accommodation of disabled clients in case management decisions.
- Prior counsel (Reshma Kamath) was disbarred, abandoned me on a JAMS call. At least that abandonment was open. Any procedural irregularities traceable to her representation cannot properly be attributed to me or to the merits of my claims as a basis for sanctions.

Please confirm receipt of this email and respond in writing.

Best,
Matthew Joyce

Sent with Proton Mail secure email.

| | |
|---|---|
| **From:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **To:** | admin <fadetwoblank@pm.me> |
| **Cc:** | Jamie Stahura <nailbnder99@yahoo.com>, Nadine Ludeke <admin@themacklaw.com>, MJ <mj@themacklaw.com>, Jacqueline Sale <jmsalelaw@gmail.com> |
| **Date:** | Wed, 20 May 2026 12:42:32 +0000 |
| **Subject:** | Joyce/Stahura Withdrawal |

Good morning, Matthew and Jamie,

Jamie, I apologize for not informing you of the decision Jacqueline and I have made to withdraw from this matter. Counsel for ARB has yet again threatened sanctions if we continue with the federal matter and JAMS matter and this is not something we are comfortable with dealing with.

Matt, to clarify, Jacqueline and I signed up to represent you (the retainer agreement was for you); however, I indicated I would help your mother by refiling here in NC. I am more familiar with NC law than Cali law so I would have no problem potentially staying on to help her in NC but I would just want to ensure that I am making the decisions. Yesterday and prior to yesterday, you have been very adamant about staying in Arbitration (JAMS) while I cannot say I completely agree.

When we (me, you and Brielle) spoke on the phone yesterday afternoon after I spoke with counsel, you said numerous times that it was fine for me and Jacqueline to withdraw and then I received numerous emails all throughout the night.

This decision has not been made lightly. However, I do not believe Jacqueline and I can continue the representation consistent with my professional obligations and duties under the North Carolina Rules of Professional Conduct. Accordingly, my firm will take the necessary steps to withdraw as counsel pursuant to Rule 1.16 where court or arbitral approval is required. This will be done today.

Because these matters remain active and involve ongoing deadlines. Right now, ARB is asking for 60 days to respond which allows you time to move forward with new counsel or continue pro se. Until withdrawal is formally approved, I will take reasonable steps necessary to avoid prejudice to your interests, including cooperating in the transfer of the file and providing information regarding upcoming deadlines.

Upon request, we will coordinate transfer of the client file and materials to you or replacement counsel consistent with applicable rules and obligations.

**Amina M. Mack, Esq. | Managing Partner**
***The Mack Law Firm, PLLC***
4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609
t: 984.480.7147 | f: 919.249-1360
legal@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

| | |
|---|---|
| **From:** | admin <fadetwoblank@pm.me> |
| **To:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **Cc:** | Jamie Stahura <nailbnder99@yahoo.com>, Nadine Ludeke <admin@themacklaw.com>, MJ <mj@themacklaw.com>, Jacqueline Sale <jmsalelaw@gmail.com> |
| **Date:** | Wed, 20 May 2026 13:25:42 +0000 |
| **Subject:** | Re: Joyce/Stahura Withdrawal |

Wait excuse me ma'am? I said I do not agree but I am not going to argue u filong it, do not twist my words because sadly when I heard your tone I recorded that entire call I'll be listening to it now and time stamping it legally. Amina stop right now, please.

I'm going to also dig up the emails of your first time u said I "threatened you" by exercising my voice to do what I have ability to do now. Yeah wow.

Last night u say lime your ordering a pizza "hey team" and sorry Matt I know it's not what u wanted to hear.

Do not take me saying calmy yesterday I understand your position as to me giving up my rights to oppose your motion.

Sent from Proton Mail for Android.

-------- Original Message --------
On Wednesday, 05/20/26 at 08:58 The Mack Law Firm, PLLC <legal@themacklaw.com> wrote:

> Good morning, Matthew and Jamie,
>
> Jamie, I apologize for not informing you of the decision Jacqueline and I have made to withdraw from this matter. Counsel for ARB has yet again threatened sanctions if we continue with the federal matter and JAMS matter and this is not something we are comfortable with dealing with.
>
> Matt, to clarify, Jacqueline and I signed up to represent you (the retainer agreement was for you); however, I indicated I would help your mother by refiling here in NC. I am more familiar with NC law than Cali law so I would have no problem potentially staying on to help her in NC but I would just want to ensure that I am making the decisions. Yesterday and prior to yesterday, you have been very adamant about staying in Arbitration (JAMS) while I cannot say I completely agree.
>
> When we (me, you and Brielle) spoke on the phone yesterday afternoon after I spoke with counsel, you said numerous times that it was fine for me and Jacqueline to withdraw and then I received numerous emails all throughout the night.
>
> This decision has not been made lightly. However, I do not believe Jacqueline and I can continue the representation consistent with my professional obligations and duties under the North Carolina Rules of Professional Conduct. Accordingly, my firm will take the necessary steps to withdraw as counsel pursuant to Rule 1.16 where court or arbitral approval is required. This will be done today.
>
> Because these matters remain active and involve ongoing deadlines. Right now, ARB is asking for 60 days to respond which allows you time to move forward with new counsel or continue pro se. Until withdrawal is formally approved, I will take reasonable steps
> [illegible]

file and providing information regarding upcoming deadlines.

Upon request, we will coordinate transfer of the client file and materials to you or replacement counsel consistent with applicable rules and obligations.

**Amina M. Mack, Esq. | Managing Partner**
***The Mack Law Firm, PLLC***
4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609
t: 984.480.7147 | f: 919.249-1360
legal@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

| | |
|---|---|
| **From:** | MJ <mj@themacklaw.com> |
| **To:** | admin <fadetwoblank@pm.me>, "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **Cc:** | Jamie Stahura <nailbnder99@yahoo.com>, Nadine Ludeke <admin@themacklaw.com>, Jacqueline Sale <jmsalelaw@gmail.com>, "brielle.pittman2@gmail.com" <brielle.pittman2@gmail.com> |
| **Date:** | Wed, 20 May 2026 14:28:19 +0000 |
| **Subject:** | Re: Joyce/Stahura Withdrawal |

Good morning, Matt and Brielle:

I'm replying on Amina's behalf. She is in court this morning and will not be able to respond to emails or calls right away. We received your messages and wanted to acknowledge them.

Additionally, in light of Matt's statement that he recorded the prior call, Amina no longer feels comfortable continuing phone communications at this time. To ensure clarity and avoid any misunderstanding moving forward, we believe it would be best to keep communications in writing, so everything is clearly documented. Amina will review your message and respond when she is able.

Thank you for your patience and understanding.

**MJ** | *Paralegal*
***The Mack Law Firm, PLLC***
4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609
t: 984.480.7147 | c: 919.341.4459
mj@themacklaw.com | www.themacklaw.com

This email (including any attachments may contain confidential and/or privileged information. If your are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

---

**From:** admin <fadetwoblank@pm.me>
**Sent:** Wednesday, May 20, 2026 10:07 AM
**To:** The Mack Law Firm, PLLC <legal@themacklaw.com>
**Cc:** Jamie Stahura <nailbnder99@yahoo.com>; Nadine Ludeke <admin@themacklaw.com>; MJ <mj@themacklaw.com>; Jacqueline Sale <jmsalelaw@gmail.com>; brielle.pittman2@gmail.com <brielle.pittman2@gmail.com>
**Subject:** Re: Joyce/Stahura Withdrawal

Amina you can speak to brielle, now she's awake and dealing with this on a hard day for her. I saw you say arb wants another 60 days? So is it sanctions or is she pleading for 60 days, either way my answer is No. I've also instructed you not to speak to anyone for this time.

You can talk to my mom and Brielle, you know where I stand with you and how your represting me. Brielle is now attached. You have my permission to speak with her if you want to. Or my mom

Sent from Proton Mail for Android.

-------- Original Message --------
On Wednesday, 05/20/26 at 09:25 admin <fadetwoblank@pm.me> wrote:

> Wait excuse me ma'am? I said I do not agree but I am not going to argue u filong it, do not twist my words because sadly when I heard your tone I recorded that entire call I'll be listening to it now and time

stamping it legally. Amina stop right now, please.

I'm going to also dig up the emails of your first time u said I "threatened you" by exercising my voice to do what I have ability to do now. Yeah wow.

Last night u say lime your ordering a pizza "hey team" and sorry Matt I know it's not what u wanted to hear.

Do not take me saying calmy yesterday I understand your position as to me giving up my rights to oppose your motion.

Sent from Proton Mail for Android.

-------- Original Message --------
On Wednesday, 05/20/26 at 08:58 The Mack Law Firm, PLLC <legal@themacklaw.com> wrote:

Good morning, Matthew and Jamie,

Jamie, I apologize for not informing you of the decision Jacqueline and I have made to withdraw from this matter. Counsel for ARB has yet again threatened sanctions if we continue with the federal matter and JAMS matter and this is not something we are comfortable with dealing with.

Matt, to clarify, Jacqueline and I signed up to represent you (the retainer agreement was for you); however, I indicated I would help your mother by refiling here in NC. I am more familiar with NC law than Cali law so I would have no problem potentially staying on to help her in NC but I would just want to ensure that I am making the decisions. Yesterday and prior to yesterday, you have been very adamant about staying in Arbitration (JAMS) while I cannot say I completely agree.

When we (me, you and Brielle) spoke on the phone yesterday afternoon after I spoke with counsel, you said numerous times that it was fine for me and Jacqueline to withdraw and then I received numerous emails all throughout the night.

This decision has not been made lightly. However, I do not believe Jacqueline and I can continue the representation consistent with my professional obligations and duties under the North Carolina Rules of Professional Conduct. Accordingly, my firm will take the necessary steps to withdraw as counsel pursuant to Rule 1.16 where court or arbitral approval is required. This will be done today.

Because these matters remain active and involve ongoing deadlines. Right now, ARB is asking for 60 days to respond which allows you time to move forward with new counsel or continue pro se. Until withdrawal is formally approved, I will take reasonable steps necessary to avoid prejudice to your interests, including cooperating in the transfer of the file and providing information regarding upcoming deadlines.

Upon request, we will coordinate transfer of the client file and materials to you or replacement counsel consistent with applicable rules and obligations

**Amina M. Mack, Esq. | Managing Partner**
***The Mack Law Firm, PLLC***
4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609
t: 984.480.7147 | f: 919.249-1360
legal@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

| | |
|---|---|
| **From:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **To:** | Jamie Stahura <Jamie.Stahura@pnfp.com> |
| **Cc:** | Nadine Ludeke <admin@themacklaw.com>, MJ <mj@themacklaw.com>, Jacqueline Sale <jmsalelaw@gmail.com>, admin <fadetwoblank@pm.me>, Brielle Pittman <brielle.pittman2@gmail.com> |
| **Date:** | Wed, 20 May 2026 20:07:59 +0000 |
| **Subject:** | Re: Urgent |

Hi Jamie,

This is not intentional. When we spoke yesterday, Matthew said he was fine with me withdrawing. He made that clear. He also has now said he has a recording so it should be on there confirming this. Once he said this, I told counsel to not file the sanctions motion because we would be withdrawing. This was done yesterday.

The subsequent emails are a bit alarming because what he said in front of Brielle was that he respected our decision to withdraw. I have now received over 10 emails in less than 24 hours. I'm not trying to do anything bad to Matt or your family. This is not my intention. At the same time, I cannot and will not allow for sanctions to be done on myself or Ms. Sale. Additionally, Matt has made it clear verbally and in emails that he will not withdraw the federal complaint and he said he would be pursuing this matter in both avenues. Ms. Sale and I disagree with this decision. I voiced this weeks ago when it first came up. There is unfortunately a break in our communication.

That said, it's best for us to withdraw and the court can stay the proceedings while he pursues this matter on his own or with other legal counsel. He has been highly involved in responding to every email and I've been more than accommodating to him and allowing him to make decisions on my behalf. The sanctions is one decision that I am not setting myself up for. I will not allow this to occur. I'm sorry.

Amina

> On May 20, 2026, at 3:52 PM, Stahura, Jamie <Jamie.Stahura@pnfp.com> wrote:
>
> Amina,
> Why would opposing counsel know already that you are withdrawing? How does that serve your Matthew? I would like to enact my right to "Next Friend" filing immediately. Please STOP communicating with opposing counsel. How can we be clearer on that? Please call me if there is any confusion on this matter. My son is in such crisis right now! How could you do this?
>
> Jamie A. Stahura

| | |
|---|---|
| **From:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **To:** | Jamie Stahura <Jamie.Stahura@pnfp.com> |
| **Cc:** | Nadine Ludeke <admin@themacklaw.com>, MJ <mj@themacklaw.com>, Jacqueline Sale <jmsalelaw@gmail.com>, admin <fadetwoblank@pm.me> |
| **Date:** | Wed, 20 May 2026 20:46:49 +0000 |
| **Subject:** | Re: Why couldn't we all just quietly wait for them to respond on the 29th and 30th? I thought that was the plan. |

The plan changed unfortunately when ARB and I spoke yesterday and they indicated they would be filing sanctions. I then immediately called Matt and Brielle and we spoke. Matt was fine with the withdrawal. Ms. Sale and I are not in agreement with this which is why we are withdrawing.

I'm out of the office right now, so I apologize for the delay in a response, but I will be in touch when I have the paperwork for the withdrawal hearing. I will also be sure to send his entire file to ensure a smooth transition.

At this time, let's keep this all on one thread. I'm including everyone.

Amina

On May 20, 2026, at 4:29 PM, Stahura, Jamie <Jamie.Stahura@pnfp.com> wrote:

Jamie Stahura

| | |
|---|---|
| **From:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **To:** | admin <fadetwoblank@pm.me> |
| **Cc:** | John David <john@davidpr.com>, Nadine Ludeke <admin@themacklaw.com> |
| **Date:** | Wed, 01 Apr 2026 20:34:44 +0000 |
| **Subject:** | Re: Initial complaint for Amina's review |

Correct. We are in the process of filing withdrawal paperwork. I'm out of the office the rest of this evening. I'll be back in my office tomorrow.

On Apr 1, 2026, at 4:27 PM, admin <fadetwoblank@pm.me> wrote:

Amina,

Understood, and John is now aware — no press release goes out without attorney sign-off.

That said, as of right now you are still my attorney of record. Any decisions about withdrawal need to go through the proper process, and I'd appreciate us handling that between us before communicating it to third parties.

I'll send you a separate email with items that need your attention.

Matt
Sent with Proton Mail secure email.

On Wednesday, April 1st, 2026 at 4:07 PM, John David <john@davidpr.com> wrote:

Received and acknowledged.

--John

---

**From:** The Mack Law Firm, PLLC <legal@themacklaw.com>
**Sent:** Wednesday, April 1, 2026 4:04 PM
**To:** admin <fadetwoblank@pm.me>
**Cc:** John David <john@davidpr.com>; Nadine Ludeke <admin@themacklaw.com>
**Subject:** Re: Initial complaint for Amina's review

Hi John,

At this time, I will likely be withdrawing from this matter, so please do not send this press release under my name. Please confirm.

**Amina M. Mack, Esq. | Managing Partner**
***The Mack Law Firm, PLLC***
4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609
t: 984.480.7147 | f: 919.249-1360
legal@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

---

**From:** The Mack Law Firm, PLLC <legal@themacklaw.com>

**Sent:** Monday, March 30, 2026 1:34 PM
**To:** xx^ <fadetwoblank@pm.me>
**Cc:** John David <john@davidpr.com>; Nadine Ludeke <admin@themacklaw.com>
**Subject:** Re: Initial complaint for Amina's review

This draft looks good!

**Amina M. Mack, Esq. | Managing Partner**
***The Mack Law Firm, PLLC***
4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609
t: 984.480.7147 | f: 919.249-1360
legal@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

---

**From:** xx^ <fadetwoblank@pm.me>
**Sent:** Saturday, March 28, 2026 5:10 PM
**To:** The Mack Law Firm, PLLC <legal@themacklaw.com>
**Cc:** John David <john@davidpr.com>
**Subject:** Initial complaint for Amina's review

hey Amina and John,

Amina i put in Johns initial complaint as well as some things me and Brielle saw and thought could be tweaked or possibly added. Sorry i had forgot to add you before i recieved this.

John is waiting on your input on it. Also sorry i been rushing on this, forgot all parties had to be served before we send this out. ok let me and John know what you think.

enjoy weekend guys

PS John....thats my girlfriends email, no need to worry, she was approved to help me with filing stuff for ada in court, she stays alot more organized and on top of emails.
Sent with Proton Mail secure email.

| | |
|---|---|
| **From:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **To:** | admin <fadetwoblank@pm.me> |
| **Cc:** | Brielle Pittman <brielle.pittman2@gmail.com>, Nadine Ludeke <admin@themacklaw.com> |
| **Date:** | Tue, 31 Mar 2026 23:26:53 +0000 |
| **Subject:** | Re: JAMS ammended complaint bullets due by 4/2/26 3:00 am EST |

I spoke with ARB's attorney yesterday and need to speak to you via phone tomorrow morning. Can we speak before 10AM?

**Amina M. Mack, Esq. | Managing Partner**
***The Mack Law Firm, PLLC***
4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609
t: 984.480.7147 | f: 919.249-1360
legal@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

---

**From:** admin <fadetwoblank@pm.me>
**Sent:** Tuesday, March 31, 2026 7:23 PM
**To:** The Mack Law Firm, PLLC <legal@themacklaw.com>
**Cc:** Brielle Pittman <brielle.pittman2@gmail.com>; Nadine Ludeke <admin@themacklaw.com>; Mack Law <macklaw@themacklaw.com>
**Subject:** JAMS ammended complaint bullets due by 4/2/26 3:00 am EST

hey guys
worked pretty hard on this its about 4 hours of work into 3 bullet pointed easy to read PDF files (one page each). its a five minute read please take the time to look at it. i need a break and ill get started on the first draft. please give me feed back and corrections or additions i can keep going on. im planning to be up tonight finishing and sent by tomorrow morning for review.

My biggest cincern is timing, ARB will have duane morris sitting there until 5 minutes before thinking well submit at 12 am eastern. i know that for a fact, last time i submitted jams fiings was when they ran to Judge Calabretta to cry for emergency ex parte.

The legal AI I've built has become a weapon. we have been collaborating and building for over 6 months no one knows case better then this AI model. Mix that with the investigating i continue to do, i think its smart "LEENing" on him for this. get it? Judge Leen. And to be clear Brielle found it to be her words....."real rib tickler"

ill have first draft written i hope by 10 still. please give me any kind of format to work with as well after you see it would prefer it like the federal complaint just axeing mostly anyting reshma drafted up.

talk soon
matt
Sent with Proton Mail secure email.

On Tuesday, March 31st, 2026 at 6:52 PM, admin <fadetwoblank@pm.me> wrote:

> its due at midnight on the second, its ok im deep into response for judge leen, i dont think you will have to tweak much, will have first draft ready by about 9pm. please give it a read when u get it if its not too late. i can talk tomorrow in the morning or early afternoon. so whatever time you would have available. should we get john in on 5-10 minutes of conversation. if you have an hour available to bill me for that would be great, haven't spoken on case in a while.
>
> what im writing will get this contract considered failure and out of jams, i can say that with complete certainty. im locked in, keep an eye out for it will send to Sippy and Nadine along with brielle.

matt-

Sent with Proton Mail secure email.

On Tuesday, March 31st, 2026 at 4:06 PM, The Mack Law Firm, PLLC <legal@themacklaw.com> wrote:

Due midnight tonight? No. I do not have a response. What time can you speak tomorrow?

**Amina M. Mack, Esq. | Managing Partner**
***The Mack Law Firm, PLLC***
4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609
t: 984.480.7147 | f: 919.249-1360
legal@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

---

**From:** admin <fadetwoblank@pm.me>
**Sent:** Tuesday, March 31, 2026 4:04 PM
**To:** The Mack Law Firm, PLLC <legal@themacklaw.com>
**Cc:** Brielle Pittman <brielle.pittman2@gmail.com>; Nadine Ludeke <admin@themacklaw.com>
**Subject:** Re: Affirm Extension Request

Yes, also we have our response to judge Leen due on the 2nd at midnight I believe ironically arbs submission to court due then as well. Do you guys have a doc ready for me to review. I sent my thoughts and draft on document 3 weeks back or whenever we found out we needed reply. I haven't gotten any feedback yet. Let me know when you guys have a draft to review.

Sent from Proton Mail for Android.

-------- Original Message --------
On Tuesday, 03/31/26 at 13:15 The Mack Law Firm, PLLC <legal@themacklaw.com> wrote:

Do you guys have time to speak briefly tomorrow or Thursday?

**Amina M. Mack, Esq. | Managing Partner**
***The Mack Law Firm, PLLC***
4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609
t: 984.480.7147 | f: 919.249-1360
legal@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the

expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

---

**From:** xx^ <fadetwoblank@pm.me>
**Sent:** Saturday, March 28, 2026 5:03 PM
**To:** The Mack Law Firm, PLLC <legal@themacklaw.com>
**Cc:** Mack Law <macklaw@themacklaw.com>; Brielle Pittman <brielle.pittman2@gmail.com>; Nadine Ludeke <admin@themacklaw.com>
**Subject:** Affirm Extension Request

Hey Amina,

Brielle filled me in that Affirm is asking for a 60-day extension on service. My stance— I don't want to grant it.

(part u crushed most in complaint) Affirm has been aware of this litigation from the start. They removed the original case to N.D. Cal., they filed a motion to dismiss the same day they publicized Reshma's disbarment, they monitored my refile in real time. They know exactly what this case is and who I am. Giving them 60 more days doesn't fix a service technicality — it gives them two more months to coordinate with ARB and delays everything on our end including PR.

Brielle already pulled the correct entity and registered agent from the Secretary of State. We can re-serve properly this week. I'd rather do that than reward them for dragging their feet.

Also wanted to make sure you got the PR draft that John and I put together. I know we've talked about timing around service being complete — that's another reason I don't want to hand Affirm control of our timeline. i also think they said service was not right last time n they still did all the retalition nonsense. i think its also telling karen told u she was in cali, so they still coordinating. lets push back on this. also u have my go head to hire any specialist or as many servers as need be to make it happen. attached my moms personal email if u need payment for any of that.

Matthew
Sent with Proton Mail secure email.

| | |
|---|---|
| **From:** | admin <fadetwoblank@pm.me> |
| **To:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **Cc:** | Brielle Pittman <brielle.pittman2@gmail.com>, Jamie Stahura <nailbnder99@yahoo.com>, "jms@jaxlawoffices.com" <jms@jaxlawoffices.com>, Nadine Ludeke <admin@themacklaw.com>, Paralegal <mj@themacklaw.com>, Sippy Dlamini <sdlamini@themacklaw.com> |
| **Date:** | Wed, 20 May 2026 12:11:13 +0000 |
| **Subject:** | No more phone contact — written only |

good morning team,

> Given the announced withdrawal and the file-production demand, all further communications between us regarding this matter shall be in writing. Phone calls are not an appropriate medium for the pendency period.

this is the proper path for the pendency period, as a client of yours my mother can decide how she would like to communiicaye but this is how it must be to protect mysef.

Sent with Proton Mail secure email.

JAMS® Access

03/20/2026

NOTICE TO ALL PARTIES

Re: Joyce, Matthew vs. Arb Gaming LLC dba Modo

Ref. No.: 5100003080

Dear Parties:

Hon. Peggy A. Leen (Ret.) has been selected to serve as a Mediator in another case in which Duane Morris LLP is involved. The Arbitrator believes that neutrality in the current case can be maintained while participating in the new case.

Please call me at 702-835-7844 if you have any questions.

Sincerely,

Danychel Reyes
Case Manager
DReyes@jamsadr.com
Direct: 702-835-7844

Hon. Peggy A. Leen (Ret.)
JAMS
7160 Rafael Rivera Way
Suite # 400
Las Vegas, NV 89113
Ph: 702-457-5267

**JAMS ARBITRATION CASE REFERENCE NO. 5100003080**

**Joyce, Matthew,**
**Claimant(s),**

**vs.**

**Arb Gaming LLC dba Modo,**
**Respondent(s).**

---

**ORDER RE CLAIMANT'S MOTION TO WITHDRAW AND CLAIMANT'S NOTICE OF APPEARING PRO SE**

An Interim Award was entered May 13, 2026, which, among other things, gave Respondent until May 27, 2026, to file a response to file an answer or other responsive pleading to Claimant's Amended Demand and Statement of Claims.

On May 20, 2026, Counsel for Claimant filed a Motion to Withdraw as counsel for Claimant and Respondent filed a Request for Adjournment.

Counsel for Claimant seeks to withdraw based on a material and irreconcilable breakdown of the attorney-client relationship regarding strategic decisions necessary for the effective prosecution of this matter. She provided notice of intent to file this motion to her client and advised him he should either seek substitute counsel, or formally notify the arbitrator of his intent to proceed pro se. The motion requested a stay of all current deadlines for 30 days following entry of an order granting the motion to withdraw, and that until substitute counsel appears all notices, filings and communications be served directly on Claimant.

Respondent's Request for Adjournment requests that all deadlines, including the May 27, 2026, deadline for filing an answer or responsive pleading be adjourned for 60 days to allow Claimant's counsel to file a motion to withdraw and allow Claimant time to engage new counsel.

On May 27, 2026 Claimant sent an email to the case manager, Danychel Reyes, copied to opposing counsel notifying JAMS he would be representing himself in this arbitration, and requesting restoration of direct access to the JAMS portal and case communications. The email

objected to any request by Respondent to extend deadline(s), indicated that his counsel was still attorney of record in the pending federal action, and that a hearing on her motion to withdraw was set for July 9, 2026 in federal court. He also indicated that he has had no recent communication with her.

I directed that Claimant receive immediate assistance to gain direct access to the JAMS Access portal. Claimant confirmed he received access credentials and access in a June 2, 2026 email copied to opposing counsel.

Respondent did not file an objection or response to the Motion to Withdraw as counsel or request an extension of time in which to file a response.

Having reviewed and considered the matters,

**IT IS ORDERED:**

1. Ms. Mack's motion to withdraw as counsel for Claimant is Granted and she and her firm shall be removed from the service list, substituting Claimant as pro se.
2. The stay of all pending deadlines is lifted.
3. Respondent shall have until **July 3, 2026** to file an answer or other responsive pleading, to Claimant's Amended Demand and Statement of Claims.
4. Claimant shall have until **July 17, 2026** to file a response.
5. Respondent shall have until **July 24, 2026** to file a reply.

Dated: June 18, 2026

Peggy A. Leen [signature]

Hon. Peggy A. Leen (Ret.)
Arbitrator

# GAMING CONTROL BOARD

**Pennsylvania Gaming Control Board**

www.gamingcontrolboard.pa.gov

Strawberry Square-Commonwealth Tower
5th Floor, Harrisburg, PA 17101

FAX ........ 346-8350
Receptionist ........ 346-8300

CHAIR
Smyler Denise J ........ 346-8300
Executive Assistant to the Chair
Spittle Kelly ........ 346-8300
Executive Secretary
Vacant ........ 346-8300
Board Members
Dillion Shawn ........ 346-8300
Dunbar George ........ 346-8300
Gainey Edward C ........ 346-8300
Huffman Christopher W ........ 346-8300
Manzano Diaz Sara ........ 346-8300
Quiñones Sánchez Maria ........ 346-8300

## Executive Staff

Executive Director
O'Toole Kevin ........ 346-8300
Executive Assistant
Spittle Kelly ........ 346-8300
Director of Diversity & Special Counsel to Executive Director
Daniels Mozelle ........ 346-8300
Director of Data Analytics
Lin Lindsey ........ 346-8300

## Office of Chief Counsel

Chief Counsel
Cook Stephen ........ 346-8300
Executive Assistant
Kovach Shaun ........ 346-8300
Executive Secretary
Posavec Cheryl ........ 346-8300
Deputy Chief Counsels
Kunkel Rebecca ........ 346-8300
Zimmermann Chad ........ 346-8300
Assistant Chief Counsels
Eicher Holly (Senior Counsel) ........ 346-8300
Francis Gabrielle ........ 346-8300
Gorter, Bradley ........ 346-8300
Miller-Tshudy Denise (Senior Counsel) ........ 346-8300
Wood Robert (Senior Counsel) ........ 346-8300
Director of Legislative Affairs
Flessner Maximilian ........ 214-4733
Legislative Specialist
Mandara Daniel ........ 703-2812
Legal Analyst/Right to Know Officer
DeBernardis Luana ........ 346-8300

## Bureau of Gaming Operations

Director of Gaming Operations
Resch Paul ........ 346-8300
Executive Secretary
Ottenberg Tara ........ 346-8300
Director of iGaming Compliance Operations
Copello Lee ........ 346-8300
Audit Manager
Page Karlee ........ 346-8300
Compliance Manager
Williams Patrick ........ 346-8300

## Office of Sports Wagering Operations

Director
Kile Kevin ........ 346-8300

## Office of Enforcement Counsel

Chief Enforcement Counsel
Pitre Cyrus ........ 346-8300
Deputy Chief Enforcement Counsels
Miller Dustin ........ 346-8300
Stuart Glen ........ 346-8300

## Office of Hearings and Appeals

Director
Lloyd Linda ........ 265-7451
Clerk
Wanich Lyndsey ........ 265-7451
Hearing Officers
Herzing Jacob ........ 265-7451
Straszynski Daniel ........ 265-7451

## Bureau of Casino Compliance

Director
Hazzouri Gregg ........ 346-8300
Deputy Directors of Casino Compliance
Gustavson Patty ........ 346-8300
Kutzler Kyler ........ 346-8300
MacNamara Colin ........ 346-8300
O'Brien Dennis ........ 346-8300
Executive Secretary
Black Kathy ........ 346-8300

## Bureau of Investigations and Enforcement

Director
Mauro Paul ........ 346-8300
Executive Assistant
Yanoscak Angela ........ 346-8300
Deputy Directors
Ceo Michele ........ 346-8300
Sykes Donna ........ 346-8300

## Bureau of Licensing

Director
Hannon Sean ........ 346-8300
Executive Secretary
Russell Stacey ........ 346-8300
Manager – Enterprise Licensing Unit
Morgan Sherry ........ 346-8300
Manager – Gaming Service Provider Unit
Miller Mark ........ 346-8300
Manager – Employee Permitting Unit
Parr Deanna ........ 346-8300
Manager – Special Services Unit
Fegley April ........ 346-8300

## Bureau of Administration

Administrative Director
Yantis Claire ........ 346-8300
Executive Assistant
Spittle Kelly ........ 346-8300

## Office of Financial Management

Director
Rhen David ........ 346-8300

## Office Services

Procurement and Property Manager
Peters Amanda ........ 346-8328
Procurement Specialist
Johnson Jodi ........ 346-8300

## Office of Human Resources

Director
Zula Heidi ........ 346-2703
Human Resource Manager
Miller Tania ........ 346-1465
Human Resource Specialists
Bott Joseph ........ 346-8345
Bradford Angel ........ 979-9002
Garcia Chelsea ........ 346-8338
McDevitt Michele ........ 346-2708

## Office of Information Technology

Director
Diecidue Tom ........ 346-8300

## Office of Gaming Laboratory Operations

Director
Worner Heather ........ 346-8300
Executive Secretary
Mauser Jessica ........ 346-8300

## Office of Communications

Director
Harbach Doug ........ 703-2813
Deputy Director
McGarvey Richard ........ 346-8334
Communications Specialist
Kwolek Kristina ........ 307-3366

## Office of Compulsive & Problem Gambling

Director
Lanza Elizabeth ........ 346-8300
Program Analysts
Camm Michael ........ 346-8300
Gallick Jack ........ 257-6616

**(LAST UPDATED FEBRUARY 2026)**

*Quick Links*

**BROWSE RULES**
*Browse the Rules that govern attorneys.*

**FILE A COMPLAINT**
*File a complaint against an attorney.*

**LOOK UP AN ATTORNEY**
*View an attorney's contact information and disciplinary history.*

**SEARCH OPINIONS**
*Search Supreme Court and Disciplinary Board Opinions.*

**RECENT CASES**
*Search Supreme Court and Disciplinary Board Actions.*

‹ Back to Search

# Daniels, Amina Michelle

*Public Information* | *Pending Proceedings* | *History*

| | |
|---|---|
| **Attorney ID:** | 317763 |
| **Current Status:** | Active |
| **Date of Admission:** | 5/5/2014 |
| **Employer:** | The Mack Law Firm, PLLC |
| **Address:** | 4242 SIX FORKS ROAD<br>STE. 1550<br>RALEIGH, NORTH CAROLINA 27609 |
| **Country:** | UNITED STATES |
| **Telephone:** | (445) 444-0192 |
| **Fax:** | N/A |
| **County:** | OUT OF STATE |
| **District:** | Out of State |

**Professional Liability Insurance:**
I do not maintain professional liability insurance because I do not have private clients and have no possible exposure to malpractice actions (e.g. retired, full-time in-house counsel, prosecutor, full-time government counsel, etc.)



Exh. V-1

THE MACK
LAW FIRM

4242 Six Forks Rd | Ste. 1550

Raleigh | NC 27609

Tel: 984-480-7147

AMINA M. MACK, Esq

Tel: 984-480-7147

legal@themacklaw.com

**June 25, 2026**

**VIA EMAIL**

Matthew Joyce

600 Market Grove Drive, Suite 100

Wake Forest, NC 27587
m.joyce07@proton.me

**Re: Closing Letter, Case File Transmittal, and Retainer Accounting**

Dear Mr. Joyce:

We acknowledge receipt of your correspondence regarding post-withdrawal file return, Amazon service materials, correspondence handling, and retainer accounting. We also acknowledge your updated address as follows:

**600 Market Grove Drive, Suite 100**
**Wake Forest, NC 27587**

The Firm will use this address for any future correspondence unless you provide different instructions in writing.

We understand the seriousness of your concerns. The purpose of this letter is to respond in writing, item by item, and to confirm that the accompanying email transmits the available case-file materials, Amazon service materials, and retainer accounting as one complete package.

**1. Amazon Service Status**

The Firm is attaching the available proof of service for Amazon.com, Inc. to the same email transmitting this letter.

The proof of service reflects that Amazon.com, Inc. was served with the Summons and Corrected Amended Complaint by personal service on March 23, 2026, at 12:52 PM. The proof identifies Heather Hughes as the person served on behalf of Amazon.com, Inc., and lists the service address as 2626 Glenwood Ave., Suite 550, Raleigh, North Carolina 27608. The proof of service was executed by Eric Dockery and is dated March 23, 2026. The proof also identifies Tracking No. 0214740921 and Ref. No. RB-30837.

| | |
|---|---|
| **Case number shown on proof** | 2:25-cv-01868-DJC-CSK |
| **Party served** | Amazon.com, Inc. |
| **Documents served** | Summons; Corrected Amended Complaint |
| **Method of service** | Personal service |
| **Date and time of service** | March 23, 2026 at 12:52 PM |
| **Person served** | Heather Hughes |
| **Service address** | 2626 Glenwood Ave., Suite 550, Raleigh, NC 27608 |
| **Person who served papers** | Eric Dockery |
| **Tracking / reference numbers** | Tracking No. 0214740921; Ref. No. RB-30837 |

Accordingly, the attached proof of service is the service documentation in the Firm's possession reflecting service on Amazon.com, Inc. The proof is being transmitted with this letter as part of the complete file-return package.

**2. Address-Change Acknowledgment and Goldman Sachs Correspondence**

As stated above, we acknowledge your updated address: 600 Market Grove Drive, Suite 100, Wake Forest, NC 27587.

Regarding the correspondence referenced in the Firm's June 15, 2026, email as a "letter from the credit card company," the Firm is including the available correspondence in the case-file materials transmitted with this letter. To the extent that correspondence was from or related to Goldman Sachs Bank USA, it is included in the file package being returned to you. For completeness, the USPS tracking information for the May 18, 2026 letter is USPS Tracking No. 9589071052702084414381.

The file package also includes available correspondence and case materials maintained by the Firm concerning communications from named Defendants, counsel of record, court personnel, case managers, and related litigation or arbitration contacts. During the representation, communications with counsel of record and case-management contacts were forwarded to you in real time when received or as the matter developed. To avoid any issue concerning completeness, the Firm confirms that the available counsel and case-management communications maintained in the client file were previously forwarded to you during the representation and are already in your possession. Following a reasonable review of the file, the Firm is not aware of any additional counsel-of-record or case-management communications maintained in the client file that were not already forwarded to you.

**3. Case Files Attached as Email Package**

The Firm is providing the case file materials in the format maintained by the Firm and reasonably available for production, consistent with the file-return process described in this letter. This includes native-format documents where such native files exist in the Firm's file, including Microsoft Word documents and other editable files where applicable.

For emails, the Firm is providing available email records and communications maintained in the file as part of the returned client file. During the representation, email records and communications were forwarded to you in real time. Where messages are maintained in exportable native email format, those records are being provided in that format to the extent reasonably available. Where communications were maintained through Clio, court systems, JAMS, PDF filings,

The Firm has not intentionally scrubbed metadata from the file materials being returned as part of the client file. Some materials, including court filings, docket entries, service documents, PDF correspondence, exported Clio materials, or third-party records, may not contain editable metadata or may only exist in the format in which they were received, filed, exported, or maintained.

As noted above, the Firm previously forwarded communications with counsel of record and case-management contacts during the representation. Those communications are already in your possession, and the Firm is not separately resending or supplementing those communications outside this file-return package.

**4. Retainer Accounting**

You paid a $20,000.00 retainer in connection with the Firm's representation in the federal civil litigation and related arbitration matters. Attorney Mack's hourly rate for this matter was $450.00 per hour. At that rate, the $20,000.00 retainer covered approximately 44.44 hours of attorney time.

The following accounting is a good-faith reconstruction and summary of the legal services reflected in the Firm's records, including pleadings, docket activity, arbitration materials, correspondence, internal notes, service records, court filings, JAMS-related materials, and case-management entries.

This accounting includes not only drafting and filing-related work, but also the substantial time required to review and respond to the volume of client communications, track multiple follow-up issues, revise pleadings and case materials, and manage overlapping federal-court and JAMS-related deadlines.

| Work Performed / Representative File Activity | Approx. Hours | Amount at $450/hr |
|---|---|---|
| **Client intake, onboarding, matter opening, and retainer review**<br>Review of intake questionnaire, matter setup, retainer agreement, initial file organization, case export/import into Clio, and opening communications. | 3.2 | $1,440.00 |
| **Initial factual review and case assessment**<br>Review of client-provided materials, factual chronology, identification of claims and procedural issues, review of case posture, and internal strategy assessment. | 5.8 | $2,610.00 |
| **Federal litigation review and appearance work**<br>Notice of appearance issues, pro hac vice review, PACER/e-filing access, docket monitoring, review of court orders, and federal procedural coordination. | 6.4 | $2,880.00 |
| **Complaint, amended complaint, and repeated revision work**<br>Review of pleadings, redlines, amendment strategy, consent/motion issues, court deadline review, preparation and revision of amended complaint materials, multiple rounds of client-requested revisions, review of extensive client emails, after-hours/weekend review, and tracking of follow-up issues raised across multiple communications. | 14.8 | $6,660.00 |
| **Arbitration/JAMS-related work**<br>Review of JAMS materials, arbitrability issues, JAMS Case No. 5100003080, communications concerning Judge Leen, and response/strategy work related to | 7.6 | $3,420.00 |

| | | |
|---|---|---|
| Affirm, ARB Gaming LLC, Goldman Sachs Bank USA, and related party/counsel appearances. | 4.9 | $2,205.00 |
| **Opposing counsel and case-manager communications** Review, preparation, and forwarding of communications with opposing counsel, court personnel, arbitration/case-management contacts, extension requests, stipulations, and hearing coordination. | 5.1 | $2,295.00 |
| **Research and procedural analysis** Legal and procedural research concerning amendment, arbitrability, withdrawal, party appearances, service status, federal docket requirements, and JAMS/federal overlap. | 5.3 | $2,385.00 |
| **Withdrawal and transition work** Withdrawal paperwork for federal and JAMS matters, communications with Judge Leen and counsel, client meeting/transition work, and related file review. | 3.0 | $1,350.00 |
| **File closure and transmittal package** Preparation of closing correspondence, file package, proof-of-service transmittal, review of case materials to be returned, and final accounting. | 1.5 | $675.00 |
| **Total Good-Faith Reconstructed Time** | **57.6** | **$25,920.00** |

| Retainer Summary | Amount |
|---|---|
| **Retainer paid** | $20,000.00 |
| **Total value of reconstructed attorney time** | $25,920.00 |
| **Amount exceeding retainer** | $5,920.00 |
| **Courtesy write-off by Firm** | ($5,920.00) |
| **Additional balance due from you** | **$0.00** |
| **Refund due** | **$0.00** |

Accordingly, the Firm's records reflect that the $20,000.00 retainer has been fully earned and exhausted. Although the value of the legal services performed exceeded the retainer, the Firm is waiving the excess balance as a courtesy and will not seek additional payment from you.

Because there is no unearned retainer balance, there is no refund due.

**5. Prior Written Request and File Transmittal**

We acknowledge your prior written request and understand that this email supplements, rather than replaces, your earlier request.

This correspondence and the accompanying production are intended to provide a complete written response to the issues you identified, including: Amazon service materials, file return, correspondence handling, native-format records where reasonably available, and retainer accounting.

For clarity, the email transmitting this letter includes the following as one file-return package:

1. This response letter and retainer accounting;
2. The available Amazon service materials/proof-of-service documents maintained in the Firm's file;
3. The available case-file materials maintained by the Firm;

The Firm remains mindful of its continuing obligations concerning confidentiality, former-client duties, return of client property, and accounting for fees. The Firm has endeavored to return the file materials in an organized and complete manner based on the records maintained during the representation.

Sincerely,

/s/ Amina M. Mack

**Amina M. Mack, Esq.**

| | |
|---|---|
| **From:** | admin <fadetwoblank@pm.me> |
| **To:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **Cc:** | Brielle Pittman <brielle.pittman2@gmail.com>, "Stahura, Jamie" <Jamie.Stahura@PNFP.COM> |
| **Date:** | Wed, 20 May 2026 21:24:16 +0000 |
| **Subject:** | Joyce v. ARB Gaming et al. — 25-cv-01868-DJC-CSK — Consent to Withdrawal & Transition |

Amina,

I want to close this out professionally. I consent to your and Ms. Sale's withdrawal and I appreciate the work you both put in. Let's handle the transition cleanly so neither of us has any loose ends.

Three items to make that happen:

1. Please file the withdrawal as a stipulated motion with a brief stay of deadlines (30 days suggested) so that no response or briefing deadline lapses while I secure new counsel. This protects the case during the handoff and the Court grants these routinely.

2. Please transfer the complete case file to me and Brielle within 5 business days — all drafts, research, correspondence with opposing counsel, exhibits, work product, the JAMS materials including the May 13 interim award, and an itemized bill. Per RPC 1.16(e), the file is the client's.

3. Please confirm in writing the status of all upcoming deadlines across both the federal action and the JAMS proceeding so nothing is missed in transition.

I'd like to keep this timely and professional from here. Thank you again.

Matthew

Sent with Proton Mail secure email.

Menu ☰

**00230-Joyce**

Messages **Documents** Bills Events

Send documents

Received on Fri, Jun 26 at 10:17 AM

**2026.04.08 Saurack to Hon. Peggy A. Leen_48dadd000c77 (1).pdf**
Received on Fri, Jun 26 at 10:17 AM

**3. CIVIL COVER SHEET (JOYCE).pdf**
Received on Fri, Jun 26 at 10:16 AM

**4. INTER-PLEADER COMPLAINT FOR DAMAGES FOR (JOYC E).pdf**
Received on Fri, Jun 26 at 10:16 AM

**5. ORDER and FINDINGS AND RECOMMENDATIONS DENY ING MOTION TO PROCEED IN FORMA PAUPERIS.pdf**
Received on Fri, Jun 26 at 10:16 AM

**6. SUMMONS IN A CIVIL CASE (TO ARB).pdf**
Received on Fri, Jun 26 at 10:16 AM

**7. INITIAL CASE MANAGEMENT ORDER.pdf**
Received on Fri, Jun 26 at 10:16 AM

Help

| | |
|---|---|
| **From:** | admin <fadetwoblank@pm.me> |
| **To:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **Cc:** | Brielle Pittman <brielle.pittman2@gmail.com>, Nadine Ludeke <admin@themacklaw.com>, MJ <mj@themacklaw.com>, Jamie Stahura <nailbnder99@yahoo.com> |
| **Date:** | Tue, 12 May 2026 15:32:30 +0000 |
| **Subject:** | Jamie confirmed \| Forensic appointment today |

Amina,

Jamie can make it at 11 Thursday. I have my forensic psychologist appointment today with Kelly Mahoney. She offered last time to treat me as well so going to take her up on that if offer still on the table. Anyway she has recordings and notes of me during the worst of my psychosis.

She said that she can share with you if you request so I'm thinking we get that in or files then I can also send u the 10 year history I had post rehab with Gupta Psychiatry in raleigh, have my rehab records before that too. It will show so many years of different psych meds and side effects.

I'm working on the AGA complaint letter today and tomorrow and will type up a short PDF on why apple and Goldman Sachs won't get their MTD and why its so much worse for them then they know.

Last question....is it OK if I post for a indivudal paralegal? Don't wanna do that without making sure it's OK too.

Sent from Proton Mail for Android.

-------- Original Message --------
On Monday, 05/11/26 at 11:59 The Mack Law Firm, PLLC <legal@themacklaw.com> wrote:

Good afternoon,

We spoke briefly this morning. We can meet in my office this Thursday at 11AM. Nadine will send over the in office email.

Jamie, can you confirm if you'll be attending by tomorrow this time. Thanks!

**Amina M. Mack, Esq. | Managing Partner**
***The Mack Law Firm, PLLC***
4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609
t: 984.480.7147 | f: 919.249-1360
legal@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

---

**From:** Brielle Pittman <brielle.pittman2@gmail.com>
**Sent:** Friday, May 8, 2026 4:56 PM
**To:** The Mack Law Firm, PLLC <legal@themacklaw.com>
**Cc:** admin <fadetwoblank@pm.me>; Nadine Ludeke <admin@themacklaw.com>; MJ <mj@themacklaw.com>; Jamie Stahura <nailbnder99@yahoo.com>

Hi Amina,
Our apologies for that, we will make sure to keep Nadine and MJ on all threads here out. If we are allowed, can we also keep Jamie on these threads? I've copied her now.

I just tried calling your office to keep this brief, on the subject of bringing in additional counsel.
We have called several firms and as of now, still waiting to hear back.
Do you have any tips for us when we are making these calls? Or, is this something that you and your team handle?
With you being an attorney, we weren't sure if you had the privy of any type of legal networking platform for this type of thing.

And, lastly, along the lines of bringing in new counsel. How would you feel about us hiring an additional paralegal that is strictly dedicated to just Matt's case? Their responsibilities would include:
- Receive his questions, ideas, and information and relay them to you in clear, organized legal language
- Translate your guidance and strategy back to him in plain terms he can act on
- Serve as a communication bridge so that your time together is focused, productive, and efficient

Again, we are open to discussing whether this process would be accomplished through your firm or arranged independently. Whatever structure works best for you.

We are all congruent in the belief that this case is a huge quest and more help could greatly benefit us all.

Thank you,
Brielle

Brielle Pittman | Wake Forest, NC 27587
(919)749-5754
brielle.pittman2@gmail.com

On May 8, 2026, at 1:09 PM, The Mack Law Firm, PLLC <legal@themacklaw.com> wrote:

Hey guys,

Please be sure to always have Nadine and MJ on the thread. They are my Paralegals. I agree that this is a huge case. I also agree that we need more manpower in terms of litigation attorneys. We should absolutely bring someone else on board.

**Amina M. Mack, Esq. | Managing Partner**
***The Mack Law Firm, PLLC***
4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609
t: 984.480.7147 | f: 919.249-1360
legal@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

---

**From:** admin <fadetwoblank@pm.me>
**Sent:** Friday, May 8, 2026 8:52 AM
**To:** The Mack Law Firm, PLLC <legal@themacklaw.com>
**Cc:** Sippy Dlamini <sdlamini@themacklaw.com>; Brielle Pittman <brielle.pittman2@gmail.com>
**Subject:** our path to victory

Before hiring a paralegal wanted your thoughts on something you had mentioned way early on...
It semmes case has scaled. defense roster: DLA piper (john gibson, chambers band 1), morgan lewis (sasso/rao), duane morris. heading into MTD oppositions, MTC if goldman files, discovery, and the appellate runway if anything goes up — manpower required is past what any one firm carries alone.

**Gupta Wessler**. Deepak Gupta argued morgan v. sundance — our affirm waiver theory rests directly on his work. between broderick case citing joyce as anchor authority, AB 831 in effect, and the payment processor exposure across all four financial defendants, this hits their thesis.
- they don't respond to cold contact, I've had those denials too many times to count. But a introduction from you as ca-bar counsel of record would land where my call simply won't.
- on structure — given the manpower this case actually requires, both paths make sense and i hope you feel the same.....
(a) You stay on as lead. GW or a firm who agrees comes in as co-counsel on arbitration (if needed) and appellate strategy. you keep the helm; they bring specialty firepower.
(b) If GW or similar firm comes on they could take lead. you stay as senior co-counsel — complaint architect, ca-bar counsel of record, relationship continuity.

Im very grateful you took me on as a client when Reshma was disbarred. If your thoughts changed from you once mentioining being co counsel and think you can tackle head on as the lead, im on board with it. I understand i can be intense about the case, doing the best i can to work on that. I believe in your ability, and think you can bring this home for us with the right team. Hope you agree thiat some extra firepower and a team would help us greatly.
-matt
ps. the evidence from the old file is off the charts better then i remebered. **UNSTOPPABLE** vs mtds.

****apple's rule 26(f) delay request.**** their email said they want to wait until the MTD is ruled on before having the rule 26(f) conference. So they basically want full discovery stay in everything but name, I prefer we don't agree to that. My counter-position is **phased discovery** — preservation orders, document holds, and jurisdictional/foundational discovery proceed now while merits discovery waits on the MTD ruling. apple is not running the clock; phased keeps preservation alive without prejudicing them. Aligned on no stipulation to a full stay? if apple wants discovery frozen they can file the motion under calabretta's standing order and let us oppose it on the docket.

Sent with Proton Mail secure email.

Gmail **Matthew Joyce <matthew@joyceprotocol.com>**

# Fw: Notification of Plaintiff's Medical Crisis and Ongoing Duties/ Proposed Abandonment of Disabled Client

5 messages

**Jamie Stahura** <nailbnder99@yahoo.com> Tue, Jun 30, 2026 at 9:05 PM
To: Matthew Joyce <matthew@joyceprotocol.com>

Sent from Yahoo Mail for iPhone

Begin forwarded message:

On Wednesday, May 20, 2026, 10:19 AM, Stahura, Jamie <Jamie.Stahura@PNFP.COM> wrote:

Dear Amina and Jacqueline,

I write this email as Matthew's mother, as well as your client. I am deeply disappointed in the posture you have taken regarding Matthew's case. You were fully briefed on his history, including his 9-month psychosis and the partial hospitalization six months ago due to hallucinations/AV issues. Matthew has spent the last six months fighting this case instead of focusing on his recovery-a fact you are aware of and have previously acknowledged. I was disheartened by your comment 2 weeks ago when you questioned Matthew's "disability" because of his ability to study the law, write on it and attempt to assist you with his case. My response to that comment was simply, "Amina, this is his life." The apparent obsession with his case is part of his disability, the hyper focusing, the ruminating. To the detriment of every single other aspect of his life. His job, his relationships, his mental and physical health, even his personal hygiene. Your doubt does not inspire confidence, as you are considered his advocate.

Amina, as I write this, I am fielding calls from my son in such a state that I will send my husband to Matthew's home to try to calm him. I wish that, as a mother, you could extend some empathy and stop with the antagonistic emails. You know exactly where they lead. My husband and I would like to explore our "next friend" options, under Rule 17c, as we will not allow his federal rights to be traded away because his counsel lacks the fortitude to stand against opposing counsels pressure.

I am all over the place, I know. I am shocked at your ability to abandon Matthew 10 days, so simply, before the May 29th deadline. The thought of him unrepresented, or Pro Se, is quite frankly frightening to me. Knowing the extent of his mental unhealth,

you are literally throwing him to the wolves. I feel helpless.

Amina, you have a duty to inform us the moment any filing is made so Matthew can coordinate his schedule to protect his own interests, since you have chosen to abandon yours.

You will not agree to any further extensions or anything else without Matthew's express written consent. Matthew has confirmed that Brielle may speak and listen on his behalf.

Please acknowledge this email and provide his client file as previously demanded.

Sincerely,

Jamie Stahura

---

**Stahura, Jamie** <Jamie.Stahura@pnfp.com> Wed, Jul 1, 2026 at 3:34 PM
To: Matthew Joyce <matthew@joyceprotocol.com>

Jamie A. Stahura

Pinnacle Financial Partners

Falls of Neuse Office

4525 Falls of Neuse Road

Raleigh, NC 27609

Office 919.433.9462

Fax 919.433.9486

www.pnfp.com

The information transmitted is intended solely for the individual or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of or taking action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you receive this email in error, please contact the sender and delete the material from any computer.

**From:** Stahura, Jamie
**Sent:** Wednesday, May 20, 2026 10:19 AM
**To:** The Mack Law Firm, PLLC <legal@themacklaw.com>; 'jmsalelaw@gmail.com' <jmsalelaw@gmail.com>
**Cc:** brielle.pittman2@gmail.com; Jamie Stahura <nailbnder99@yahoo.com>
**Subject:** Notification of Plaintiff's Medical Crisis and Ongoing Duties/Proposed Abandonment of Disabled Client

Dear Amina and Jacqueline,

I write this email as Matthew's mother, as well as your client. I am deeply disappointed in the posture you have taken regarding Matthew's case. You were fully briefed on his history, including his 9-month psychosis and the partial hospitalization six months ago due to hallucinations/AV issues. Matthew has spent the last six months fighting this case instead of focusing on his recovery-a fact you are aware of and have previously acknowledged. I was disheartened by your comment 2 weeks ago when you questioned Matthew's "disability" because of his ability to study the law, write on it and attempt to assist you with his case. My response to that comment was simply, "Amina, this is his life." The apparent obsession with his case is part of his disability, the hyper focusing, the ruminating. To the detriment of every single other aspect of his life. His job, his relationships, his mental and physical health, even his personal hygiene. Your doubt does not inspire confidence, as you are considered his advocate.

Amina, as I write this, I am fielding calls from my son in such a state that I will send my husband to Matthew's home to try to calm him. I wish that, as a mother, you could extend some empathy and stop with the antagonistic emails. You know exactly where they lead. My husband and I would like to explore our "next friend" options, under Rule 17c, as we will not allow his federal rights to be traded away because his counsel lacks the fortitude to stand against opposing counsels pressure.

I am all over the place, I know. I am shocked at your ability to abandon Matthew 10 days, so simply, before the May 29th deadline. The thought of him unrepresented, or Pro Se, is quite frankly frightening to me. Knowing the extent of his mental unhealth, you are literally throwing him to the wolves. I feel helpless.

Amina, you have a duty to inform us the moment any filing is made so Matthew can coordinate his schedule to protect his own interests, since you have chosen to abandon yours.

You will not agree to any further extensions or anything else without Matthew's express written consent. Matthew has confirmed that Brielle may speak and listen on his behalf.

Please acknowledge this email and provide his client file as previously demanded.

Sincerely,

Jamie Stahura

---

**Stahura, Jamie** <Jamie.Stahura@pnfp.com> Wed, Jul 1, 2026 at 3:39 PM
To: Matthew Joyce <matthew@joyceprotocol.com>

Jamie A. Stahura

Pinnacle Financial Partners

Falls of Neuse Office

4525 Falls of Neuse Road

Raleigh, NC 27609

Office 919.433.9462

Fax 919.433.9486

www.pnfp.com

The information transmitted is intended solely for the individual or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of or taking action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you receive this email in error, please contact the sender and delete the material from any computer.

**From:** Stahura, Jamie
**Sent:** Wednesday, May 20, 2026 10:19 AM
**To:** The Mack Law Firm, PLLC <legal@themacklaw.com>; 'jmsalelaw@gmail.com' <jmsalelaw@gmail.com>
**Cc:** brielle.pittman2@gmail.com; Jamie Stahura <nailbnder99@yahoo.com>
**Subject:** Notification of Plaintiff's Medical Crisis and Ongoing Duties/Proposed Abandonment of Disabled Client

Dear Amina and Jacqueline,

I write this email as Matthew's mother, as well as your client. I am deeply disappointed in the posture you have taken regarding Matthew's case. You were fully briefed on his history, including his 9-month psychosis and the partial hospitalization six months ago due to hallucinations/AV issues. Matthew has spent the last six months fighting this case instead of focusing on his recovery-a fact you are aware of and have previously acknowledged. I was disheartened by your comment 2 weeks ago when you questioned Matthew's "disability" because of his ability to study the law, write on it and attempt to assist you with his case. My response to that comment was simply, "Amina, this is his life." The apparent obsession with his case is part of his disability, the hyper focusing, the ruminating. To the detriment of every single other aspect of his life. His job, his relationships, his mental and physical health, even his personal hygiene. Your doubt does not inspire confidence, as you are considered his advocate.

Amina, as I write this, I am fielding calls from my son in such a state that I will send my husband to Matthew's home to try to calm him. I wish that, as a mother, you could extend some empathy and stop with the antagonistic emails. You know exactly where they lead. My husband and I would like to explore our "next friend" options, under Rule 17c, as we will not allow his federal rights to be traded away because his counsel lacks the fortitude to stand against opposing counsels pressure.

I am all over the place, I know. I am shocked at your ability to abandon Matthew 10 days, so simply, before the May 29th deadline. The thought of him unrepresented, or Pro Se, is quite frankly frightening to me. Knowing the extent of his mental unhealth, you are literally throwing him to the wolves. I feel helpless.

Amina, you have a duty to inform us the moment any filing is made so Matthew can coordinate his schedule to protect his own interests, since you have chosen to abandon yours.

You will not agree to any further extensions or anything else without Matthew's express written consent. Matthew has confirmed that Brielle may speak and listen on his behalf.

Please acknowledge this email and provide his client file as previously demanded.

Sincerely,

Jamie Stahura

---

**Stahura, Jamie** <Jamie.Stahura@pnfp.com> Wed, Jul 1, 2026 at 3:52 PM
To: Matthew Joyce <matthew@joyceprotocol.com>

Jamie A. Stahura

Pinnacle Financial Partners

Falls of Neuse Office

4525 Falls of Neuse Road

Raleigh, NC 27609

Office 919.433.9462

Fax 919.433.9486

www.pnfp.com

The information transmitted is intended solely for the individual or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of or taking action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you receive this email in error, please contact the sender and delete the material from any computer.

**From:** Stahura, Jamie
**Sent:** Wednesday, July 1, 2026 3:35 PM

**To:** Matthew Joyce <matthew@joyceprotocol.com>
**Subject:** FW: Notification of Plaintiff's Medical Crisis and Ongoing Duties/Proposed Abandonment of Disabled Client

Jamie A. Stahura

Pinnacle Financial Partners

Falls of Neuse Office

4525 Falls of Neuse Road

Raleigh, NC 27609

Office 919.433.9462

Fax 919.433.9486

www.pnfp.com

The information transmitted is intended solely for the individual or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of or taking action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you receive this email in error, please contact the sender and delete the material from any computer.

**From:** Stahura, Jamie
**Sent:** Wednesday, May 20, 2026 10:19 AM
**To:** The Mack Law Firm, PLLC <legal@themacklaw.com>; 'jmsalelaw@gmail.com' <jmsalelaw@gmail.com>
**Cc:** brielle.pittman2@gmail.com; Jamie Stahura <nailbnder99@yahoo.com>
**Subject:** Notification of Plaintiff's Medical Crisis and Ongoing Duties/Proposed Abandonment of Disabled Client

Dear Amina and Jacqueline,

I write this email as Matthew's mother, as well as your client. I am deeply disappointed in the posture you have taken regarding Matthew's case. You were fully briefed on his history, including his 9-month psychosis and the partial hospitalization six months ago due to hallucinations/AV issues. Matthew has spent the last six months fighting this case instead of focusing on his recovery-a fact you are aware of and have previously acknowledged. I was disheartened by your comment 2 weeks ago when you questioned Matthew's "disability" because of his ability to study the law, write on it and attempt to assist you with his case. My response to that comment was simply, "Amina, this is his life." The apparent obsession with his case is part of his disability, the hyper focusing, the ruminating. To the detriment of every single other aspect of his life. His job, his relationships, his mental and physical health, even his personal hygiene. Your doubt does not inspire confidence, as you are considered his advocate.

Amina, as I write this, I am fielding calls from my son in such a state that I will send my husband to Matthew's home to try to calm him. I wish that, as a mother, you could extend some empathy and stop with the antagonistic emails. You know exactly where they lead. My husband and I would like to explore our "next friend" options, under Rule 17c, as we will not allow his federal rights to be traded away because his counsel lacks the fortitude to stand against opposing counsels pressure.

I am all over the place, I know. I am shocked at your ability to abandon Matthew 10 days, so simply, before the May 29th deadline. The thought of him unrepresented, or Pro Se, is quite frankly frightening to me. Knowing the extent of his mental unhealth, you are literally throwing him to the wolves. I feel helpless.

Amina, you have a duty to inform us the moment any filing is made so Matthew can coordinate his schedule to protect his own interests, since you have chosen to abandon yours.

You will not agree to any further extensions or anything else without Matthew's express written consent. Matthew has confirmed that Brielle may speak and listen on his behalf.

Please acknowledge this email and provide his client file as previously demanded.

Sincerely,

Jamie Stahura

---

**Brielle Pittman** <brielle.pittman2@gmail.com> Tue, Aug 18, 2026 at 3:28 PM
To: Matthew Joyce <matthew@joyceprotocol.com>

Brielle Pittman | Wake Forest, NC 27587
(919)749-5754
brielle.pittman2@gmail.com

Begin forwarded message:

**From:** "Stahura, Jamie" <Jamie.Stahura@PNFP.COM>
**Subject: Notification of Plaintiff's Medical Crisis and Ongoing Duties/Proposed Abandonment of Disabled Client**
**Date:** May 20, 2026 at 10:09:07 AM EDT
**To:** admin <fadetwoblank@pm.me>, Brielle Pittman <brielle.pittman2@gmail.com>

Dear Amina and Jacqueline,
I write this email as Matthew's mother, as well as your client. I am deeply disappointed in the posture you have taken regarding Matthew's case. You were fully briefed on his history, including his 9-month psychosis and the partial hospitalization six months ago due to hallucinations and agoraphobia. Matthew has spent the last six months fighting this case instead of focusing on his recovery-a fact you are aware of and have previously acknowledged. I was disheartened by your comment 2 weeks ago when you questioned Matthew's "disability" because of his ability to study the law and write on it and attempt to assist you with his case. My response to that comment was simply, "Amina, this is his life." The apparent obsession with his case is part of his disability, the hyper focusing, the ruminating. To the detriment of every single other aspect of his life. His job, his relationships, his mental and physical health, even his personal hygiene. Your doubt does not inspire confidence, as you are considered his advocate.
Amina, as I write this, I am fielding calls from my son in such a state that I will send my husband to Matthew's home to try to calm him. I wish that, as a mother, you could extend some empathy and stop with the antagonistic emails. My husband and I would like to explore our "next friend" options, under Rule 17c, as we will not allow his federal rights to be traded away because his counsel lacks the fortitude to stand against opposing counsels pressure.
I am all over the place, I know. I am shocked at your ability to abandon Matthew 10 days, so simply, before the May 29th deadline. The thought of him unrepresented, or Pro Se, is quite frankly frightening to me. Knowing the extent of his mental unhealth, you are literally throwing him to the wolves. I feel helpless.

Amina, you have a duty to inform us the moment any filing is made so Matthew can coordinate his schedule to protect his own interests, since you have chosen to abandon yours.
You will not agree to any further extensions or anything else without Matthew's express written consent.
There is so much more that I would like to say, as a mother, however I am keenly aware of the "too much, or too many" emails situation.
Please acknowledge this email and provide his client file as previously demanded.

Jamie A. Stahura
Pinnacle Financial Partners
Falls of Neuse Office
4525 Falls of Neuse Road
Raleigh, NC 27609
Office 919.433.9462
Fax 919.433.9486
www.pnfp.com

The information transmitted is intended solely for the individual or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of or taking action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you receive this email in error, please contact the sender and delete the material from any computer.

Lepage Associates

# LEPAGE ASSOCIATES
## INITIAL ASSESSMENT AND DIAGNOSTIC IMPRESSION

Client: Matthew T Joyce
Birth Date: [redacted]
Insurer(s):
Intake Date: 04/28/2025
Staff Member(s): Kelly Mahoney, PMHNP-BC (NPI: 1922580026)
Referral Source(s): Theravive
Case # MTJ1840

**Diagnostic Impressions:**

| Classification | Diagnosis code | Diagnosis description |
|---|---|---|
| Primary | 296.43 (F31.13) Bipolar I Disorder, Current or most recent episode manic, Severe | |

**Client's initial explanation of the problem(s), duration and precipitant cause:**
see session focus

**Therapist's observations of Client's Presentation and Family Interactions:**

**Pertinent History: (including family, social, psychological, and medical) Any prior therapy:**

**Family/Psychosocial Assessment:**

**Client/Family strengths (including support system(s)):**

**Tentative goals and plans:**

**Who will be involved in treatment?:**

Expected length of treatment:
**Is client appropriate for agency services?:** *None*
If no, explain and identify any referral resource(s)

**Special needs of client (e.g. need for interpreter, interpreter for the deaf, religious consultant, etc.):** *None*
If yes, what?

**Cultural variables?:** *None*
If yes, explain

Lepage Associates

**LEPAGE ASSOCIATES**
**INITIAL ASSESSMENT AND DIAGNOSTIC IMPRESSION**

Client: Matthew T Joyce Birth Date: [redacted]
Insurer(s):
Intake Date: 04/28/2025 Staff Member(s): Kelly Mahoney, PMHNP-BC (NPI: 1922580026)
Referral Source(s): Theravive Case # MTJ1840

**Educational or vocational problems or needs:** *None*
If yes, explain

Client Signature:

Staff Signature: Date:

# LEPAGE ASSOCIATES

Lepage Associates

## PROGRESS NOTES

Client: Matthew T Joyce
Birth Date: [redacted]
Service Date: 02/10/2026
Session Start Time (ET): 03:30 PM Session End Time (ET): 04:00 PM Duration: 30 minutes
Provider(s): Kelly Mahoney, PMHNP-BC (NPI: 1922580026)
Insurer(s):
Place Of Service: Office CPT Code: Case # MTJ1840

---

**Diagnostic Impressions:**

| Diagnosis code | Diagnosis description |
|---|---|
| 296.43 (F31.13) Bipolar I Disorder, Current or most recent episode manic, Severe | |

**Focus of Session:**

writer received the following email from pt 2/9/26 1635

[redacted]

[redacted]

[redacted]

---

Writer immediately called pt's listed ICE, his mother, Jamie. We spoke, and she confirmed the safety of Matthew as well as Brielle and Skye, "We just spoke to them last night. You know we live down the street from them now? Yes, I will call them now."

Brielle called writer moments later explaining Matthew was, "doing really well. He isn't asleep now but he is relaxed."

Client: Matthew T Joyce

Birth Date: [redacted]

Service Date: 02/10/2026

Session Start Time (ET): 03:30 PM Session End Time (ET): 04:00 PM Duration: 30 minutes

Provider(s): Kelly Mahoney, PMHNP-BC (NPI: 1922580026)

Insurer(s):

Place Of Service: Office CPT Code: Case # MTJ1840

---

Brielle confirmed pt did not sleep last night and parts of his email which may at first appear grandiose or paranoid, are in fact, true. (coin trading, court stuffs etc). Brielle abjectly denied concern for herself, Skye, pt's parents or pt himself, "We are doing better than ever. I am not worried about any of our safety. Matt is doing so much better than when we first met you. I appreciate your concern, but we are safe and good. He is handling things as well as can be expected with all the ups and downs of the cases. We took a walk last night, and he has been relaxed so far today. He didn't mean he was going to hurt us but that these companies may make things hard for us all."
Brielle was amenable to scheduling f/u when Matt has awaken..perhaps in the next day or so. Encouraged her to call the office to schedule.

S/p collateral call with SO, Brielle, writer is less acutely concerned for disorganized TP, speech, and behaviors. As well, less so concerned with pt's paranoid TP [redacted] given SO's clarifying explanation.

[redacted]

Kelly M Mahoney, PMHNP-BC

---

[redacted]

[redacted]

[redacted]

[redacted]

Client: Matthew T Joyce Birth Date: [redacted]
Service Date: 02/10/2026
Session Start Time (ET): 03:30 PM Session End Time (ET): 04:00 PM Duration: 30 minutes
Provider(s): Kelly Mahoney, PMHNP-BC (NPI: 1922580026)
Insurer(s):
Place Of Service: Office CPT Code: Case # MTJ1840

---

[redacted]

Right after I talked to you, I had two really dark days, and Moto's Martyr (video game) losing for everyone else- my laughing reminded me of robin williams, tears of a clown. I don't want to lose my shit like that- I know I can get stable again. I want to get to the core of why I feel I need to be someone else."

[redacted]

**Therapeutic Intervention:**

**Planned Intervention:**

Return Appointment: 05/12/2026 04:30 PM

Staff Signature: Date:

Client: Matthew T Joyce | Birth Date: [redacted]
Service Date: 05/12/2026
Session Start Time (ET): 04:30 PM Session End Time (ET): 05:00 PM Duration: 30 minutes
Provider(s): Kelly Mahoney, PMHNP-BC (NPI: 1922580026)
Insurer(s):
Place Of Service: Office CPT Code: 99213 Case # MTJ1840

**Diagnostic Impressions:**

| Diagnosis code | Diagnosis description |
|---|---|
| 296.43 (F31.13) Bipolar I Disorder, Current or most recent episode manic, Severe | |

**Focus of Session:**

ASSESSMENT/PLAN: Matthew Joyce is a 38 y/o human being f/u for psychotherapy. Manic, tearful, earnest, appearing agitated with sophisticated insight appearing as primary protective factor.
Unclear, illogical narrative with Matthew maintaining self-regulation as evidenced by positive response to writer's verbal redirection to interview. Family (SO, Brielle) present in his home (seated on the couch).
Delusional thoughts, hypomanic/manic presentation, significant and severe sleep/wake cycle d/o, pos s/s restlessness, myalgias, disordered metabolic processes/sleeping/nutrition patterns, [redacted]

Denies hallucinations, aggression/hostility further psychiatric concerns. Denies further questions or concerns.
Encouraged pt to contact this writer via email or to call the front desk Durham office to schedule f/u additional appointment if future questions or concerns arise. [redacted]

Future oriented TP appreciated: "We are meeting with my lawyer this week so maybe we can all (referring to SO and parents) meet Friday?
At time of note completion, writer has sent two f/u emails to pt and received none.
[redacted]

MSE:
Appearance: Pacing, utilizing vaporizer, tearful, ruddy cheeked,
Attitude: earnest, agitated, hopeful, cooperative and polite
Behavior/Psychomotor: appropriate eye contact agitated/abnormal movements/pacing
Speech/Language: increased rate, volume, tone, fluency and language intact, well-formed
Mood: "ok"
Affect: full range
Thought process: illogical, paranoid ("The lawyer tried to leave me like everyone and I am not sure who to trust now, Kelly."), [redacted]

Lepage Associates

**LEPAGE ASSOCIATES**

**PROGRESS NOTES**

2

Client: Matthew T Joyce
Birth Date: [redacted]
Service Date: 05/12/2026
Session Start Time (ET): 04:30 PM Session End Time (ET): 05:00 PM Duration: 30 minutes
Provider(s): Kelly Mahoney, PMHNP-BC (NPI: 1922580026)
Insurer(s):
Place Of Service: Office CPT Code: 99213 Case # MTJ1840

---

Thought content: denied current SI/HI or SIB

Perceptual disturbances: denies auditory and visual hallucinations / behavior concerning for response to internal stimuli

Attention: able to fully attend with fluctuations in consciousness

Orientation: grossly oriented

Memory: not formally tested, but grossly intact

Fund of knowledge: not formally assessed

Insight: appears good

Judgment: appears poor

Impulse Control: appears poor

CURRENT SYMPTOMS:

Mood changes: stable

Sleep disturbance: severe and episodic

Appetite disturbance: denies

Weight changes: appears to have gained sig weight. numeric value unavailable

ADL changes: denies

Somatic complaints:

Anxiety: severe and episodic

Suicidal thoughts: denies

Homicidal thoughts: denies

Hallucinations: pt denies- no collateral avail this day

[redacted]

The patient or responsible adult showed fair ability to learn, asked appropriate questions.

There were barriers to learning (mania with good insight) and they verbalized understanding of the treatment plan.

[redacted]

Lepage Associates

# LEPAGE ASSOCIATES

## PROGRESS NOTES

Client: Matthew T Joyce Birth Date: [redacted]
Service Date: 05/12/2026
Session Start Time (ET): 04:30 PM Session End Time (ET): 05:00 PM Duration: 30 minutes
Provider(s): Kelly Mahoney, PMHNP-BC (NPI: 1922580026)
Insurer(s):
Place Of Service: Office CPT Code: 99213 Case # MTJ1840

---

[redacted] Pt verbalized understanding of the above.

Kelly M Mahoney, PMHNP-BC

**Therapeutic Intervention:**

**Planned Intervention:**

Return Appointment:

Staff Signature: Date:

**From:** admin <fadetwoblank@pm.me>
**To:** Jacqueline Sale <jmsalelaw@gmail.com>, "jms@jaxlawoffices.com" <jms@jaxlawoffices.com>
**Date:** Thu, 21 May 2026 14:57:45 +0000
**Subject:** Joyce v. ARB Gaming — direct under privilege

Jacqueline,

First and foremost – I hope it's ok that I asked Ms. Mack to direct further communications about my case through you. I just sent a record-correction email to her with you copied (subject line in caps). As you can see from that email, she has lost mine and my family's trust, and I need to take care of my mental well-being during this hard time.

We have only communicated directly once. You confirmed in that conversation that we have an attorney-client relationship and privilege. I hope this isn't overstepping – I am relying on that confirmation as a mentally ill and disabled plaintiff going through the hardest period of his life.

What I'm asking you, separately:

1. Are you withdrawing as local counsel, and if so, is your withdrawal independent of Ms. Mack's or contingent on hers?

2. Would you remain as local counsel of record if I substitute lead counsel? I expect to confirm new lead counsel shortly (intake materials are with a firm).

3. If there is anything critical you wish to disclose, or anything that needs my immediate attention, please let me know. I am in no way asking you to break trust with Ms. Mack – which is why I transparently announced in my email to her that I would be writing to you separately.

Ms. Mack's 5/20 20:46 UTC email to our team states that you and she "are not in agreement" with the decision being made. That is why I am writing to you separately – to give you a direct, professional channel to speak for yourself.

For clarity: I am the one who instructed the withdrawal from JAMS (4/6/26 Notice of Withdrawal of All Claims). I have not pursued "both avenues" as has been characterized.

I'd welcome a call at your convenience. Otherwise, written response is fine. There is no ultimatum from me on this.

Thank you,
Matt

| | |
|---|---|
| **From:** | Jacqueline Sale <jmsalelaw@gmail.com> |
| **To:** | m.joyce07@proton.me |
| **Date:** | Mon, 15 Jun 2026 18:34:28 -0700 |
| **Subject:** | Medical leave Re: Status Update: Representational Posture & Case File Status — Joyce v. ARB Gaming, No. 2:25-cv-01868-DJC-CSK (PS) |

Thank you for your email. I am currently out of the office for medical reasons and will return on June 29, 2026. I will have limited access to email during this time.

Please be advised that during this period, we will not accept service of any court documents, including ex parte.
If you require immediate attention, please contact my paralegal at paralegal@jaxlawoffices.com.

If you are a current client with upcoming hearings, please be assured they have already been covered.

I will respond to your message upon my return.

--
Jacqueline M Sale Esq
3817 S Nova Rd
Ste 104-167
Port Orange, FL 32127
(386)888-0529
Offices: Chattanooga, TN and Los Angeles, CA
HOURS
Mon-Thurs 9:00-5
Friday 9-12
No texts after 6 unless an emergency
Calls and emails will be answered within 24 hrs unless on weekends.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribu
tion is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.
Thank you.

| | |
|---|---|
| **From:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **To:** | admin <fadetwoblank@pm.me> |
| **Cc:** | Jamie Stahura <nailbnder99@yahoo.com>, Nadine Ludeke <admin@themacklaw.com>, MJ <mj@themacklaw.com>, Jacqueline Sale <jmsalelaw@gmail.com> |
| **Date:** | Wed, 20 May 2026 15:25:34 +0000 |
| **Subject:** | Re: Joyce/Stahura Withdrawal |

I have not agreed to this extension. They are asking for it.

On May 20, 2026, at 11:24 AM, admin <fadetwoblank@pm.me> wrote:

Wait wait wait. Amina you where told since the first time you gave arb a extension without my consent and the two times you did it after. In email you agreed to not do that, I did at no time agree to changing that with you. And you clnfrimed reading my email last night where I literally said your not allowed to talk to them. I really hope you did not do that. Brielle has been given my approval to talk, but if that did happen, that's a problem.

I formally request you answer me or Brielle

Sent from Proton Mail for Android.

-------- Original Message --------
On Wednesday, 05/20/26 at 08:58 The Mack Law Firm, PLLC <legal@themacklaw.com> wrote:

Good morning, Matthew and Jamie,

Jamie, I apologize for not informing you of the decision Jacqueline and I have made to withdraw from this matter. Counsel for ARB has yet again threatened sanctions if we continue with the federal matter and JAMS matter and this is not something we are comfortable with dealing with.

Matt, to clarify, Jacqueline and I signed up to represent you (the retainer agreement was for you); however, I indicated I would help your mother by refiling here in NC. I am more familiar with NC law than Cali law so I would have no problem potentially staying on to help her in NC but I would just want to ensure that I am making the decisions. Yesterday and prior to yesterday, you have been very adamant about staying in Arbitration (JAMS) while I cannot say I completely agree.

When we (me, you and Brielle) spoke on the phone yesterday afternoon after I spoke with counsel, you said numerous times that it was fine for me and Jacqueline to withdraw and then I received numerous emails all throughout the night.

This decision has not been made lightly. However, I do not believe Jacqueline and I can continue the representation consistent with my professional obligations and duties under the North Carolina Rules of Professional Conduct. Accordingly, my firm will take the necessary steps to withdraw as counsel pursuant to Rule 1.16 where court or arbitral approval is required. This will be done today.

ARB is asking for 60 days to respond which allows you time to move forward with new counsel or continue pro se. Until withdrawal is formally approved, I will take reasonable steps necessary to avoid prejudice to your interests, including cooperating in the transfer of the file and providing information regarding upcoming deadlines.

Upon request, we will coordinate transfer of the client file and materials to you or replacement counsel consistent with applicable rules and obligations.

**Amina M. Mack, Esq. | Managing Partner**
***The Mack Law Firm, PLLC***
4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609
t: 984.480.7147 | f: 919.249-1360
legal@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

| | |
|---|---|
| **From:** | Matthew Joyce <m.joyce07@proton.me> |
| **To:** | The Mack Law <legal@themacklaw.com> |
| **Cc:** | jmsalelaw@gmail.com |
| **Date:** | Wed, 17 Jun 2026 03:38:08 +0000 |
| **Subject:** | CASE FILE \| AMAZON CONFIRMATION |

Ms. Mack,

It is striking how nonchalant you remain about leaving me to face four — perhaps five — opposing tier-one corporate defense firms in active federal court without representation. I assure you no one on my end is treating that lightly. That posture mirrors the manner in which your withdrawal was conducted in May, which I addressed in writing to you at the time.

Take notice of what I am NOT doing in this email: I am not attaching counsel of record for the five named Defendants, and I am not attaching court personnel. I am giving you this courtesy to allow the post-withdrawal file return, accounting, and Amazon-service questions to be resolved cleanly. Please return that courtesy by responding completely, in writing. If this pattern of non-responsiveness continues, the next email goes to all of them.

Your continuing duties to me as a former client under N.C. R. Prof. Conduct 1.6 (confidentiality), 1.9 (duties to former client), and 1.16(d) (return of client property and refund of unearned fees) survive termination. I trust you to honor them.

ITEMS — please confirm in writing, item by item:

1. **Amazon service status — urgent, by tomorrow June 17, 2026 at 5:00 PM ET.** Your May 26, 2026 email identified Amazon.com, Inc. as "Served 3/23/26" and recommended a Motion for Default Judgment. No Proof of Service for Amazon dated March 23, 2026 (or any other date) appears anywhere on the federal docket. The Rule 4(m) service window expired on or about May 31, 2026, which is why I did not file the default-judgment recommendation. Please confirm: (a) any process server or service vendor your firm retained on Amazon and the date(s)/address(es) of attempted service; (b) whether your firm transmitted a Rule 4(d) Waiver packet to Amazon's registered agent (Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833); (c) any communications your firm exchanged with anyone reasonably believed to represent Amazon's legal department, as distinct from its customer-service function.

2. **Address-change acknowledgment and Goldman Sachs correspondence handling.** I formally noticed my current address as 600 Market Grove Drive, Suite 100, Wake Forest, NC 27587 in my prior email to all counsel of record and to you, with a request to confirm tracking on any prior case-file transfer or redirect client property accordingly. You have not acknowledged that request. Please do so now, and please separately confirm in writing: (a) whether the "letter from the credit card company" referenced in your June 15, 2026 email is in fact a communication from Goldman Sachs Bank USA — a named Defendant in this action and the issuer of the Apple Card account on which the firm was asked to act; (b) the date your firm received that letter and the address to which it was originally addressed; (c) whether the firm's receipt of any correspondence from any named Defendant of this action during the representation period was disclosed to me in writing at the time of receipt.

3. **Native-format delivery with metadata intact.** When you transmit the digital file, please deliver: (a) all document files in native format (Microsoft Word .docx, Excel .xlsx, etc.) — not flattened, print-to-PDF exported, or format-converted; (b) all email files as native .eml or .msg with full RFC 822 headers — not forwarded inline, screenshotted, or pasted; (c) all embedded metadata preserved — author, creation and last-modified timestamps, track-changes history, document properties — no metadata scrubbing of any kind; (d) the complete record of all communications between your firm and counsel of record for any named Defendant, with full headers preserved.

4. **Accounting and unearned-fee refund.** Please provide a written accounting per N.C. R. Prof. Conduct 1.16(d) of all earned and unearned fees against the retainer I paid, with a written refund timeline for any unearned balance.

5. **Prior deadline non-response.** My June 16, 2026 four-item written request set a written-response deadline of Wednesday, June 18, 2026 at 5:00 PM ET on items 1, 3, and 4 of that request. As of the time of this email, no responsive answer has been received on those items. This email supplements that prior request; it does not replace the deadline already set.

I am preserving this email and your response for the record.

Regards,

**Matthew Thomas Joyce**
***Plaintiff, Pro Se***
***Joyce v. ARB Gaming LLC, et al.*, No. 2:25-cv-01868-DJC-CSK (PS) (E.D. Cal.)**
**600 Market Grove Drive, Suite 100**
**Wake Forest, NC 27587-7345**
**(919) 259-4661**
**m.joyce07@proton.me**
**fadetwoblank@pm.me**

**Sent with Proton Mail secure email.**

| | |
|---|---|
| **From:** | Nadine Ludeke <admin@themacklaw.com> |
| **To:** | "m.joyce07" <m.joyce07@proton.me> |
| **Cc:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **Date:** | Thu, 25 Jun 2026 20:06:35 +0000 |
| **Subject:** | Case No. 2:25-cv-01868-DJC-CSK _M.Joyce v. ARB et al |
| **Attachments:** | M.Joyce_Retainer Accounting and File Transmittal Letter.pdf; Proof_277486967.pdf |

M.Joyce

Mr. Joyce,

Please find attached a letter for your review and records.

The link above contains the documents in your case file. Please note that the link will expire on July 3, 2026.

Thank you.

**Nadine Ludeke** | *Paralegal*
***The Mack Law Firm, PLLC***
4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609
t: 984.480.7147 | c: 919.341.5124
admin@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

| | |
|---|---|
| **From:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **To:** | admin <fadetwoblank@pm.me> |
| **Cc:** | Brielle Pittman <brielle.pittman2@gmail.com>, Nadine Ludeke <admin@themacklaw.com> |
| **Date:** | Wed, 01 Apr 2026 01:22:13 +0000 |
| **Subject:** | Re: JAMS ammended complaint bullets due by 4/2/26 3:00 am EST |

Let's speak on the phone...lots of emails and we need to get in alignment with a lot of updates.

**Amina M. Mack, Esq. | Managing Partner**
***The Mack Law Firm, PLLC***
4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609
t: 984.480.7147 | f: 919.249-1360
legal@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

---

**From:** admin <fadetwoblank@pm.me>
**Sent:** Tuesday, March 31, 2026 9:20 PM
**To:** The Mack Law Firm, PLLC <legal@themacklaw.com>
**Cc:** Brielle Pittman <brielle.pittman2@gmail.com>; Nadine Ludeke <admin@themacklaw.com>; Mack Law <macklaw@themacklaw.com>
**Subject:** Re: JAMS ammended complaint bullets due by 4/2/26 3:00 am EST

hey also Amina, its a me issue but since this has happened i been in a constant state of fight or flight, next time try and give me a little more context on something likke that. im not nervous ever its just my head starts going in 3 different ways making plans, all ready i have thought what to do if they say they can get it tossed, how i would push for us to do immediate press release.

i just dont like being in the dark. if im being transparent it was al letdown, the amount of face time and access i get with you. im very happy with complaint and most other aspects before this draft mix up tonight. i feel like this case is major, i hope u can carve out more time to work with me on things. im very good at this if i have some guidance on things.
let me kniow a brief thing me and brielle can speak on if possible so im not spinning my wheels all night n can stay focused on this draft. if not all good ill get it knocked out.

last thing **please lets get a press release out.** its only help I had before u, John and the press release saved my case. i dont want something happening procedural without the spotlight shined on them, please stay on john with this, hes paid in full. seems like hes going thru some life stuff but it can be done now that all parties served or is **apple still dodging?**

Sent with Proton Mail secure email.

On Tuesday, March 31st, 2026 at 7:26 PM, The Mack Law Firm, PLLC <legal@themacklaw.com> wrote:

> I spoke with ARB's attorney yesterday and need to speak to you via phone tomorrow morning. Can we speak before 10AM?
>
> **Amina M. Mack, Esq. | Managing Partner**
> ***The Mack Law Firm, PLLC***
> 4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609
> t: 984.480.7147 | f: 919.249-1360
> legal@themacklaw.com | www.themacklaw.com
>
> Thi il (i l di h ) i fid i l d/ i il d

information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

---

**From:** admin <fadetwoblank@pm.me>
**Sent:** Tuesday, March 31, 2026 7:23 PM
**To:** The Mack Law Firm, PLLC <legal@themacklaw.com>
**Cc:** Brielle Pittman <brielle.pittman2@gmail.com>; Nadine Ludeke <admin@themacklaw.com>; Mack Law <macklaw@themacklaw.com>
**Subject:** JAMS ammended complaint bullets due by 4/2/26 3:00 am EST

hey guys
worked pretty hard on this its about 4 hours of work into 3 bullet pointed easy to read PDF files (one page each). its a five minute read please take the time to look at it. i need a break and ill get started on the first draft. please give me feed back and corrections or additions i can keep going on. im planning to be up tonight finishing and sent by tomorrow morning for review.

My biggest cincern is timing, ARB will have duane morris sitting there until 5 minutes before thinking well submit at 12 am eastern. i know that for a fact, last time i submitted jams fiings was when they ran to Judge Calabretta to cry for emergency ex parte.

The legal AI I've built has become a weapon. we have been collaborating and building for over 6 months no one knows case better then this AI model. Mix that with the investigating i continue to do, i think its smart "LEENing" on him for this. get it? Judge Leen. And to be clear Brielle found it to be her words....."real rib tickler"

ill have first draft written i hope by 10 still. please give me any kind of format to work with as well after you see it would prefer it like the federal complaint just axeing mostly anyting reshma drafted up.

talk soon
matt
Sent with Proton Mail secure email.

On Tuesday, March 31st, 2026 at 6:52 PM, admin <fadetwoblank@pm.me> wrote:

> its due at midnight on the second, its ok im deep into response for judge leen, i dont think you will have to tweak much, will have first draft ready by about 9pm. please give it a read when u get it if its not too late. i can talk tomorrow in the morning or early afternoon. so whatever time you would have available. should we get john in on 5-10 minutes of conversation. if you have an hour available to bill me for that would be great, haven't spoken on case in a while.
>
> what im writing will get this contract considered failure and out of jams, i can say that with complete certainty. im locked in, keep an eye out for it will send to Sippy and Nadine along with brielle.
>
> matt-
>
> Sent with Proton Mail secure email.
>
> On Tuesday, March 31st, 2026 at 4:06 PM, The Mack Law Firm, PLLC <legal@themacklaw.com> wrote:
>
>> Due midnight tonight? No. I do not have a response. What time can you speak tomorrow?
>>
>> **Amina M. Mack, Esq. | Managing Partner**
>> ***The Mack Law Firm, PLLC***

4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609
t: 984.480.7147 | f: 919.249-1360
legal@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

---

**From:** admin <fadetwoblank@pm.me>
**Sent:** Tuesday, March 31, 2026 4:04 PM
**To:** The Mack Law Firm, PLLC <legal@themacklaw.com>
**Cc:** Brielle Pittman <brielle.pittman2@gmail.com>; Nadine Ludeke <admin@themacklaw.com>
**Subject:** Re: Affirm Extension Request

Yes, also we have our response to judge Leen due on the 2nd at midnight I believe ironically arbs submission to court due then as well. Do you guys have a doc ready for me to review. I sent my thoughts and draft on document 3 weeks back or whenever we found out we needed reply. I haven't gotten any feedback yet. Let me know when you guys have a draft to review.

Sent from Proton Mail for Android.

-------- Original Message --------
On Tuesday, 03/31/26 at 13:15 The Mack Law Firm, PLLC <legal@themacklaw.com> wrote:

> Do you guys have time to speak briefly tomorrow or Thursday?
>
> **Amina M. Mack, Esq. | Managing Partner**
> ***The Mack Law Firm, PLLC***
> 4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609
> t: 984.480.7147 | f: 919.249-1360
> legal@themacklaw.com | www.themacklaw.com
>
> This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.
>
> ---
>
> **From:** xx^ <fadetwoblank@pm.me>
> **Sent:** Saturday, March 28, 2026 5:03 PM
> **To:** The Mack Law Firm, PLLC <legal@themacklaw.com>
> **Cc:** Mack Law <macklaw@themacklaw.com>; Brielle Pittman <brielle.pittman2@gmail.com>; Nadine Ludeke

<admin@themacklaw.com>
**Subject:** Affirm Extension Request

Hey Amina,

Brielle filled me in that Affirm is asking for a 60-day extension on service. My stance— I don't want to grant it.

(part u crushed most in complaint) Affirm has been aware of this litigation from the start. They removed the original case to N.D. Cal., they filed a motion to dismiss the same day they publicized Reshma's disbarment, they monitored my refile in real time. They know exactly what this case is and who I am. Giving them 60 more days doesn't fix a service technicality — it gives them two more months to coordinate with ARB and delays everything on our end including PR.

Brielle already pulled the correct entity and registered agent from the Secretary of State. We can re-serve properly this week. I'd rather do that than reward them for dragging their feet.

Also wanted to make sure you got the PR draft that John and I put together. I know we've talked about timing around service being complete — that's another reason I don't want to hand Affirm control of our timeline. i also think they said service was not right last time n they still did all the retalition nonsense. i think its also telling karen told u she was in cali, so they still coordinating. lets push back on this. also u have my go head to hire any specialist or as many servers as need be to make it happen. attached my moms personal email if u need payment for any of that.

Matthew
Sent with Proton Mail secure email.

| | |
|---|---|
| **From:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **To:** | Jamie Stahura <nailbnder99@yahoo.com> |
| **Cc:** | "fadetwoblank@pm.me" <fadetwoblank@pm.me>, Nadine Ludeke <admin@themacklaw.com>, MJ <mj@themacklaw.com> |
| **Date:** | Tue, 16 Jun 2026 17:04:03 +0000 |
| **Subject:** | Re: Termination and demand for case file return Joyce v ARB Gaming, LLC |

Hi Jamie,

I do not have any hard copy documents in your case file. So nothing was mailed to you. I will; however, email the digital file this week, which is not much since the retainer agreement was between Matt and my firm. I did not do anything on your case. Most, if not all, of our communications have been via email or teams meetings or in person.

I also received nothing from the prior attorney for your case or Matthew's case.

**Amina M. Mack, Esq. | Managing Partner**
***The Mack Law Firm, PLLC***
4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609
t: 984.480.7147 | f: 919.249-1360
legal@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

---

**From:** Jamie Stahura <nailbnder99@yahoo.com>
**Sent:** Monday, June 15, 2026 8:15 PM
**To:** The Mack Law Firm, PLLC <legal@themacklaw.com>
**Cc:** fadetwoblank@pm.me <fadetwoblank@pm.me>
**Subject:** Termination and demand for case file return Joyce v ARB Gaming, LLC

Ms. Mack,

Effective today, June 15, 2026, I am formally terminating my attorney-client relationship with you and The Mack Law Firm, PLLC in the above-captioned matter, in which I appear as Interpleader Jamie Stahura. I will be proceeding pro se while I evaluate new counsel.

I want to be plain with you about why this notice is being issued in writing now, and why it has to take this form.

You entered an appearance on my behalf as Interpleader on March 6, 2026 (ECF No. 35), approximately three months ago. During the period of that representation, you took no substantive action to advance the Interpleader claim, did not communicate with me about the procedural posture of the Interpleader portion of the docket, and did not seek my input on the trajectory of the case. The operative Interpleader pleading on the docket today remains in the form it was in at the time of your appearance, notwithstanding material developments during the relevant period.

Prior to your appearance, I was represented by Reshma Kamath, Esq., under a signed retainer agreement covering the Interpleader claim. Following Ms. Kamath's disbarment, I briefly proceeded pro se (ECF No. 21, December 18, 2025) before your firm assumed the representation on March 6, 2026. At no point during your appearance did you obtain from Ms. Kamath, request from me, or transmit to me, the predecessor case file Ms. Kamath had compiled under our retainer with respect to the Interpleader claim. I am entitled under NC RPC 1.16(d) and the parallel California Rules of Professional Conduct rule 1.16 to the predecessor file Ms. Kamath created on my matter. Your firm's intake of my representation without obtaining or accounting for that file implicates competence obligations under NC RPC 1.1 and the parallel California Rule 1.1.

On May 20, 2026, you filed a 21-page Motion to Withdraw as Counsel of Record and Request for Stay of

Proceedings (ECF No. 47), accompanied by your own sworn Declaration. That motion sought withdrawal from the representation of Plaintiff Matthew Thomas Joyce. Your motion did not mention me. It did not address the representation of the Interpleader you had assumed on March 6. It did not seek leave to withdraw from my representation. The caption of your motion did not include my name. Your co-counsel Jacqueline M. Sale signed her appearance block as "Attorney for Plaintiff" — not as attorney for the Interpleader. The 21 pages of your motion and supporting declaration contain no reference to Jamie Stahura, the Interpleader caption, or the procedural posture of the Interpleader claim.

District Judge Calabretta's Minute Order of June 8, 2026 (ECF No. 67-4) tracked the scope of the motion you actually filed. The Order relieved you and Ms. Sale of representation "for Plaintiff Matthew Thomas Joyce." It did not address my representation, because nothing in your motion asked it to. The result is that the docket's representational record for Plaintiff has been formally updated to reflect Mr. Joyce's pro se status, while the Interpleader side of the docket continues to show you and Ms. Sale as counsel of record despite the fact that no active representation has been provided to me at any point in the period since this case's procedural posture has been in transition.

I am separately compelled to bring to your attention that the Certificate of Service appended to ECF No. 67-4 at page 3 certified that the Court's Order was served on Mr. Joyce via Certified Mail, Return Receipt Requested (USPS tracking 9589 0710 5270 1613 6442 99) at his prior residence, 170 Manordale Drive, Chapel Hill, NC 27517. United States Postal Service official tracking records reflect (i) that the package was not actually transferred to USPS custody until June 9, 2026 at 1:34 PM (one day after the Certificate of Service was signed and certified to the Court), and (ii) that the package was returned to sender on June 15, 2026 at 12:09 PM at Chapel Hill, NC 27517 as "undeliverable as addressed." Mr. Joyce has never received the Court's Order via the method your firm certified to the Court.

Mr. Joyce has resided at his current address at 600 Market Grove Drive, Suite 100, Wake Forest, NC 27587 since on or about February 1, 2026 — approximately four months prior to your firm's service of the Court's June 8, 2026 Minute Order to his prior residence. The Wake Forest residence transition, the active marketing for sale of the Manordale Drive residence, and the eventual closing of that sale on or about June 10–11, 2026 were all matters of which you and your firm were repeatedly made aware throughout the period of your representation. Mr. Joyce's residence transition is independently documented by moving-service records dated February 1, 2026, by his updated State of North Carolina driver's license issued following the residence change months in advance of your firm's June 8 service attempt, by his United States Postal Service Change of Address filed in person at the post office, and by the active correspondence record between Mr. Joyce and your firm during the relevant period.

Throughout that period, Mr. Joyce maintained active email correspondence with your firm. Your firm declined direct telephone contact with him, by your own established posture. At no point during the approximately four months your firm was on notice of Mr. Joyce's Wake Forest residence did you email him, or otherwise request through any of the active correspondence channels between you, to confirm or update his address before directing the Certificate of Service to his prior residence. A single inquiry, at any time during the four-month window, would have prevented the procedural failure your firm certified to the Court. The decision not to make that inquiry was not the result of unavailable communication channels; it was a choice made within an active and uninterrupted email correspondence.

To the extent the case-file return that you represented to the Court you would make in ECF No. 47 ¶ II.A.1 was similarly directed to Mr. Joyce's prior residence, that case-file return has likewise not reached him. Outgoing counsel's representations to the Court remain unfulfilled.

For completeness of the record on my own representational status, I received no correspondence from your firm at my address of record (11076 Ligon Mill Rd #100, Wake Forest, NC 27587) during the period of your appearance on my behalf. The Court has, by contrast, transmitted orders and notices directly to me at the same address. Your firm transmitted nothing. The Interpleader-side counsel-of-record appearance reflected on the docket has been formally maintained for the limited purpose of restricting my direct procedural access, while operationally treated as nonexistent for the purpose of providing me with the materials counsel would be duty-bound to provide. That posture is not consistent with the representations you have made to the Court and is the immediate occasion for both this termination notice and the contemporaneously filed Motion to Terminate Counsel.

I am informing you of this so that the record is complete: the Interpleader's procedural limbo is the direct result of your decision to omit the Interpleader from your withdrawal motion, not the result of any action or inaction on my part. I am filing a Motion to Terminate Counsel and to Proceed Pro Se with the assigned Magistrate Judge contemporaneously with this notice, which will direct the Court to enter an order mirroring ECF No. 67-4 for the Interpleader side of the docket.

I respectfully demand the following from you, on or before June 22, 2026:

1. Complete return of my Interpleader case file, including all pleadings, drafts, work product, correspondence, exhibits, notes, and client property generated during your representation, pursuant to North Carolina Rules of Professional Conduct rule 1.16(d), and to the parallel California Rules of Professional Conduct rule 1.16 applicable to your pro hac vice practice in this matter. To the extent any portion of that file does not exist because no substantive work product was generated during your representation, please so confirm in writing.

2. Complete transmission to me of the predecessor case file generated by Reshma Kamath, Esq. under our prior retainer agreement on the Interpleader claim. To the extent that file was not obtained by your firm from Ms. Kamath at the time of your intake of my representation, please confirm in writing that no such file was ever obtained, and the date on which your firm last requested it from Ms. Kamath, if such request was made.

3. Written confirmation as to whether you have, as of the date of this notice, returned the complete case file for Plaintiff Matthew Thomas Joyce as you and Ms. Sale represented you would do in ECF No. 47 ¶ II.A.1 and the accompanying Declaration. To the extent the Plaintiff's case file has not yet been returned to Mr. Joyce, your representation to the Court on that subject remains unfulfilled.

4. Written confirmation as to whether any pleadings, motions, or notices touching on the Interpleader side of the docket are currently in your possession that have not been transmitted to me. If any such materials exist, please transmit them with the file return.

5. Written acknowledgment of receipt of this termination notice within five (5) business days, addressed to me at the address below.

Please direct all return materials, written confirmations, and any further communications to:

Jamie Stahura
Interpleader, Pro Se
11076 Ligon Mill Rd #100
Wake Forest, NC 27587
(631) 252-9182
Nailbnder99@yahoo.com

I trust this matter will be resolved without further difficulty. Thank you for your prompt attention.

Respectfully,

Jamie Stahura
Interpleader, Pro Se Sent from Yahoo Mail for iPhone

| | |
|---|---|
| **From:** | admin <fadetwoblank@pm.me> |
| **To:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **Cc:** | Brielle Pittman <brielle.pittman2@gmail.com>, MJ <mj@themacklaw.com>, Nadine Ludeke <admin@themacklaw.com> |
| **Date:** | Wed, 06 May 2026 12:57:48 +0000 |
| **Subject:** | Re: "Goldman default + Tuesday meet-and-confer — concerns before noon" |

Amina,

Confirmed on virtual at 12. Running to urgent care for hand pain that's been escalating — back in time for noon. I'll be on the call.

Going forward please keep the original thread intact on replies — Brielle, Jamie, your team. Easier for everyone, and Jamie is on her own matter as well so cross-context helps both cases.

Matthew

Sent with Proton Mail secure email.

On Wednesday, May 6th, 2026 at 8:44 AM, The Mack Law Firm, PLLC <legal@themacklaw.com> wrote:

> Hi Matt,
>
> Just to confirm. Today's meeting at 12PM is virtual. And your concerns are noted. I will note that there have been many times when we have set up meetings and there is a no show on your end. We can discuss further later.
>
> Amina
>
>> On May 6, 2026, at 7:50 AM, admin <fadetwoblank@pm.me> wrote:
>>
>> Amina, just so I'm understanding what just happened here.
>>
>> You confirmed to me and Brielle on our last call that Goldman Sachs was in default on their initial filing. You also said that if Goldman didn't engage in good faith on the meet-and-confer call, you'd raise the matter of default with them. The meet-and-confer was Tuesday at 4 PM Eastern. A $500 offer — three cents on the dollar — bundled with an NDA and broad release, after a year of them stalling and refusing to explain why those charges were ever processed, after I disclosed bipolar diagnosis and active suicide hotline use to them on a recorded line in April. I mentioned this in the PowerPoint as well. They reaffirmed knowing — in the most traceable way they could — by initiating a wellness check on me on that same recorded call. Still, the default was not raised. Instead, we defy Calabretta and give them an extension? Why? Please tell me it was strategic.
>>
>> Before that meet-and-confer, I prepared and sent you a 15-slide internal/privileged briefing memo titled "Goldman Sachs / Apple Card — Defense Posture." It laid out the structural kill on arbitration (extinguished rejection window, page 18 of a 19-page agreement, customer banned within 48 hours of activation), the four named admissions on recorded lines (Cassandra, Jessica, August 12, September 26), the May 24 forum-disclosure refusal as a Morgan v. Sundance and procedural unconscionability anchor, the Granite Rock reverse-delegation clause, the disability disclosure within the 90-day rejection window, and the complete witness list with timestamps. Slide 12 was titled "The Calabretta Standing Order" and warned in writing that Goldman would attempt "a stipulation end-run designed to skip the substantive disclosure requirement." Slide 15's thesis was "Their Greatest Enemy Is Time. We're not in a rush. They are."
>>
>> Unless something happened on that call I'm not privy to yet, the endless hours of work i put in for Tuesday's meet-and-confer we did not raise the default? We granted the exact

about, and forwarded the $500 + NDA + broad release without flagging that the offer matched the disputes Goldman kept within three cents.

My concern is this is the second time you've granted an extension after I asked you not to do that without my approval. I know you're busy. I wish you'd brought this one to me before agreeing. I could have poiited out Judge Calbrettas order tht to me seems like isnt allowed.

On slide 4 of the PowerPoint I sent you contained the line "Matthew lost another $499.97 — transferred to the merchant's profits — while he was losing his home." That wasn't rhetoric. I sold my house yesterday at $365,000 — a significant loss — to stop bleeding $2,500/month on a mortgage I could no longer carry. I signed the papers around the same time you were on the phone with Goldman, the irony writes itself on that one. Its been nearly a year and a half and I dont have endless runway to fund Goldman's stalling. Goldman has roughly $500 billion in deposits and infinite time. I have neither. Every extension costs me and my family money we no longer have in excess. The financial weight of this case has now extended to my mother as well. I'm done absorbing that asymmetry. That ends here — please, once more — no extensions are ever given again. I consent to none of the parties extending. If they want that, they can raise it with the Hon. Judge Calabretta.

Going forward, please send me a written summary of what was said and decided on every substantive call with opposing counsel. Starting with the Tuesday 4 PM Eastern Goldman meet-and-confer.

It's increasingly clear Goldman is trying to get out of this case without ever putting anything on record. Snap-removal on jurisdiction. An arbitration push in meet-and-confer instead of a noticed motion. Now this extension to align their motion deadline almost on top of ARB's answer date. Every move has been to avoid disclosing substance to Calabretta's bench. Goldman keeps trying to control the narrative — with all the media, all the outrage from other cases, the 60 class actions and the thousands behind them. I need to know you're going to fight for me on this. I spend so much time on the docs and giving you everything you need; let's deploy it together. The California court system has been the structure I've been able to rely on, and I want us using it.

Stepping back, what Goldman is doing has a name. ADA Section 12203 prohibits coercion, intimidation, threats, or interference with anyone exercising ADA rights. I filed a federal complaint asserting ADA claims. Goldman's response — $500 + NDA + broad release + arbitration push — is not a series of separate moves. It is one integrated retaliation pattern: silence the disability-asserting plaintiff, silence cooperation across co-defendants, strip the federal forum that protects ADA claims, force what is left into a forum that cannot protect them. We already lived this once in JAMS, where Title II ADA does not apply and my disability claims could not be asserted at all. That experience is exactly why preserving the federal forum matters. Goldman knows it. The arbitration push is the silencer mechanism. The NDA is the additional silencer. The release extending to Apple — a co-defendant — is evidence of coordinated defense across the case, the same coordination already implied by the synced May 12 / 29 / 30 response calendar.

Section 12203 retaliation is the central frame of the case against Goldman, and it's already in your own pleading record from your April 22 response to Judge Leen. You argued there that federal court is the only forum with ADA standing for me, that JAMS is private and cannot reach Title II, and that protecting the ADA claims required preserving the federal forum. Let's raise it the moment we next engage with Goldman counsel. They cannot square a $500 + NDA + arbitration push with a federal complaint asserting ADA claims. Let's name it.

Fortunately Calabretta's standing order is built for exactly this. It requires meet-and-confer before any non-stipulated motion practice, written certification of compliance with every filing, and his posture across his cases is that after one stipulated extension future requests should come through noticed motions — not party-side stipulations. The whole architecture is designed to prevent the kind of maneuvering Goldman keeps attempting. Was this not a stipulation attempt? Am I reading his standing order wrong?

Which is why this matters. Calabretta is a federal district judge, Biden-appointed in 2023, formerly a Sacramento Superior Court judge, before that a deputy attorney general. He

behind it. I do not want him looking at our docket and seeing plaintiff's side complicit in Goldman's circumvention of his own order. Goldman will look bad to him for trying it. Plaintiff side cooperating with it looks worse — they have a defendant's incentive to game his order; we have none. Going along with their side-step reads to his bench like we don't respect the integrity of his court. I am also worried about how this looks to other attorneys watching the docket. I am honestly very upset and confused. Please let me know if my read is wrong, though.

That's twice now we've let Goldman disobey his standing order. I'm honestly worried Calabretta isn't taking me seriously — that he reads our docket and sees a plaintiff who isn't enforcing his court's integrity, and weighs our subsequent motions through that lens. And on the other side, the defendants have John Gibson-tier counsel watching every move we make. I don't want to be giving them ammunition either. Sloppy plaintiff-side procedural choices are exactly the openings top-tier defense lawyers exploit, and we're not in a position to be handing them out.

At this point the path is clear. I'd like you to contact Goldman today and ask them to walk back the stipulation and consent to entry of default. If you can't reach them today or they decline, we submit to Calabretta — motion to vacate the stipulation, motion for entry of default under Rule 55(a). If you do call them, I'll be on the call.

A few items I'd like us to walk through on the call:

1. The Goldman+ARB lockstep timing. Goldman is now responding in lockstep with ARB — Goldman around May 29, ARB May 30. Given Fechtmeyer's prior testimony contradictions and the broader ARB-side concerns, putting those two response dates one day apart serves them, not us. I want to understand the strategic basis for the timing.

2. The Goldman $500 offer specifics. The April 12 anchor call documents 23 chargebacks filed in 72 hours — 20 favorable, 3 denied, totaling $499.97. Goldman's offer is $500 — within three cents of the exact dollar amount of the disputes they kept — and conditioned on a full NDA and broad release of all claims against Goldman Sachs Bank. I'd like to know whether the April 12 transcript was reviewed before the offer was forwarded, and what our formal rejection looks like.

3. The May filings stack. I'd like to walk through positioning for Apple's MTD on the 12th, Goldman's anticipated motion on or around the 29th, and ARB's answer on the 30th. Specifically how we're handling the Morgan v. Sundance waiver argument on Goldman, and whether Rule 11 safe harbor service is on the table for any of the anticipated filings.

4. The Saurack May 4 letter to Leen. My read is no response is needed — the arguments they ducked (without-prejudice acceptance, Sundance, "had it both ways") are already on the record from the April 22 reply. A fourth letter just legitimizes the procedural pattern. Want to confirm we're aligned.

5. Jamie's motion. With the May filings stack in motion, I'd like to discuss filing now rather than waiting for opposing response. Want to walk through timing.

6. Meeting cadence. You've offered in-person meetings and noted I work better in person, but our standing meetings have settled into thirty-minute phone calls. For where the case currently sits — five defendants, motion practice ramping, Jamie's matter active — that cadence feels light. I'd like to discuss a longer regular cadence going forward, and I'm happy to cover additional time at your standard rate. In-person where workable.

Going forward, I'd like to be present — or to have Brielle or Jamie present — on any substantive call between you and opposing counsel. If a call has to happen on short notice without one of us on the line, I'd rather the matter move through written channels. We can discuss specifics today.

While I'm getting organized for this stretch, can you also send over the case file as it currently stands — correspondence, drafts, billing — so I have everything in one place as we move into this window? Within the next 14 days is fine. Searchable PDFs work, native formats where it matters.

**Brielle and Jamie will be on the call with me. Please keep my mom on emails as well as mother of disabled child i think she would have the right to, but let me know if not. also shes better at keeping on track with scheduling. I voiced to my mom what GS offered, her knowing i nearly lost my life during thay time she was offended as well, to say the least. I'd like us to leave the call aligned on the formal rejection. And given the recent retaliation and the same-old-same-old from Goldman, can my mom's timeline be moved up?**

**I'll see you at noon.**

**Matthew**

**Sent with Proton Mail secure email.**

| | |
|---|---|
| **From:** | xx^ <fadetwoblank@pm.me> |
| **To:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **Cc:** | Sippy Dlamini <sdlamini@themacklaw.com>, Brielle Pittman <brielle.pittman2@gmail.com>, Nadine Ludeke <admin@themacklaw.com> |
| **Date:** | Sat, 28 Mar 2026 21:03:51 +0000 |
| **Subject:** | Affirm Extension Request |

Hey Amina,

Brielle filled me in that Affirm is asking for a 60-day extension on service. My stance— I don't want to grant it.

(part u crushed most in complaint) Affirm has been aware of this litigation from the start. They removed the original case to N.D. Cal., they filed a motion to dismiss the same day they publicized Reshma's disbarment, they monitored my refile in real time. They know exactly what this case is and who I am. Giving them 60 more days doesn't fix a service technicality — it gives them two more months to coordinate with ARB and delays everything on our end including PR.

Brielle already pulled the correct entity and registered agent from the Secretary of State. We can re-serve properly this week. I'd rather do that than reward them for dragging their feet.

Also wanted to make sure you got the PR draft that John and I put together. I know we've talked about timing around service being complete — that's another reason I don't want to hand Affirm control of our timeline. i also think they said service was not right last time n they still did all the retalition nonsense. i think its also telling karen told u she was in cali, so they still coordinating. lets push back on this. also u have my go head to hire any specialist or as many servers as need be to make it happen. attached my moms personal email if u need payment for any of that.

Matthew
Sent with Proton Mail secure email.

| | |
|---|---|
| **From:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **To:** | admin <fadetwoblank@pm.me> |
| **Cc:** | Jacqueline Sale <jmsalelaw@gmail.com>, MJ <mj@themacklaw.com>, Nadine Ludeke <admin@themacklaw.com> |
| **Date:** | Tue, 26 May 2026 15:40:52 +0000 |
| **Subject:** | Re: Notice of Termination of Representation and Demand Pursuant to N.C. R. Prof. Conduct 1.16(d) - Joyce v. ARB Gaming LLC dba Modo. US, et al., No. 2:25-cv-01868-DJC-CSK |

This has been received and is noted. We will work on providing the items below.

Matt, are you know, Ms. Sale and I filed a Motion to Withdraw last week. While counsel for the defendants (ARB, Apple and Goldman Sachs) have asked for a continuance, I have not said yes. That said (since you have advised me not to respond), ARB and Apple (both 5/22) filed Ex Parte Motions for an extension of time to respond to the Corrected Amended Complaint.

As far as the Motion to Withdraw, a hearing on the motion has been set for July 9, 2026, at 1:30 PM in Courtroom 7 before District Judge Daniel J. Calabretta. Ms. Sale and I have asked counsel for this to be virtual; however, one of us will be available if it is scheduled for in person.

For a smooth transition, I am also providing you with counsel's name and email for each defendant:

ARB (JAMS):

Walter Saurack: WASaurack@duanemorris.com

Katie Wang: kwang@duanemorris.com

Anita Villanueva: AVillanueva@duanemorris.com

Affirm:

Ryan Lewis: Ryan.Lewis@troutman.com

Kalama Lui-Kwan: Kalama.Lui-Kwan@troutman.com

Evelyn Standart: Evelyn.Standart@troutman.com

Goldman Sachs

Arjun Rao: arjun.rao@morganlewis.com

Marcos D. Sasso marcos.sasso@morganlewis.com

Enrique Curan: enrique.curan@morganlewis.com

Kathleen Rosello: kathleen.rosello@morganlewis.com

Daniel Donahoe Wall: dwall@duanemorris.com, daniel-wall-9162@ecf.pacerpro.com

jysoliman@duanemorris.com

Apple:

JOHN SAMUEL GIBSON "Gibson, John" <John.Gibson@us.dlapiper.com>

TANYA L. GREENE - "Greene, Tanya" <Tanya.Greene@us.dlapiper.com>

COLIN F. MCGRATH Colin.McGrath@us.dlapiper.com

Amazon (Served 3/23/26):

They have yet to respond so a Motion for Default Judgment can be filed.

**Amina M. Mack, Esq. | Managing Partner**
***The Mack Law Firm, PLLC***
4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609
t: 984.480.7147 | f: 919.249-1360
legal@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

---

**From:** admin <fadetwoblank@pm.me>
**Sent:** Tuesday, May 26, 2026 11:25 AM
**To:** The Mack Law Firm, PLLC <legal@themacklaw.com>
**Cc:** Jacqueline Sale <jmsalelaw@gmail.com>; MJ <mj@themacklaw.com>; Sippy Dlamini <sdlamini@themacklaw.com>; Nadine Ludeke <admin@themacklaw.com>
**Subject:** Notice of Termination of Representation and Demand Pursuant to N.C. R. Prof. Conduct 1.16(d) - Joyce v. ARB Gaming LLC dba Modo. US, et al., No. 2:25-cv-01868-DJC-CSK

Dear Ms. Mack and Ms. Sale,

I write to formally terminate the representation of me by Mack Law Firm, Amina M. Mack, Esq., and Jacqueline Sale, Esq., admitted pro hac vice, in the following matters, effective immediately:

1. Joyce v. ARB Gaming LLC dba Modo. US, et al., No. 2:25-cv-01868-DJC-CSK, United States District Court for the Eastern District of California, Sacramento Division (the "Federal Action"), in which the named defendants are ARB Gaming LLC dba Modo. US; Affirm, Inc.; Goldman Sachs Bank USA; Apple Inc.; Amazon.com, Inc.; and Does 1-50;

2. The related JAMS arbitration proceeding, Joyce, Matthew vs. Arb Gaming LLC dba Modo, JAMS Ref No. 5100003080 (the "JAMS Proceeding"), in which Ms. Mack alone served as my counsel; and

3. Any other matter, proceeding, communication, or representation undertaken on my behalf by you or your firms arising out of or related to the above-captioned actions.

I will be making the necessary filings with the Court and JAMS today reflecting the foregoing.

Pursuant to N.C. Rev. R. Prof. Conduct 1.16(d) and any analogous obligations under any applicable rules of professional conduct in any jurisdiction in which you are admitted, I request the following on a prompt basis and no later than seven (7) calendar days from the date of this email:

1. Return of my complete client file, including without limitation all correspondence (email, text, paper, and electronic), pleadings, drafts, work product, attorney notes, internal memoranda, communications with opposing counsel and any third party, billing records, retainer agreements, engagement letters, conflict-check records, time entries, expense records, and any electronic files and metadata, in both paper and digital format. Please confirm in writing within forty-eight (48) hours of receipt of this email the method and timing of delivery, and the medium (e.g., secure file transfer, USB drive, paper).

2. A full accounting of all fees, costs, and expenses charged to or incurred on my behalf to date, together with a refund of any unearned portion of fees paid, calculated as of the date of this email. Please provide the accounting in writing.

3. Written confirmation that neither you, your respective firms, nor any other attorney, paralegal, staff member, agent, or representative affiliated with your representation of me will take any further action on my behalf, in any forum, in any capacity, without my prior written authorization. This includes but is not limited to communications with opposing counsel, court personnel, JAMS personnel, third parties, any defendant in this matter, the media, or any other person or entity.

4. Cooperation in the orderly transition of this matter, including responding to reasonable inquiries from me or from successor counsel (when retained) and promptly identifying in writing any pending deadlines, communications, drafts, court filings, arbitration submissions, or other matters of which I should be aware.

This email is also being sent to Ms. Ludeke and to the paralegal known to me as "MJ" at Mack Law Firm, consistent with Ms. Mack's prior practice of including them on case communications, so that they receive direct notice of the foregoing. By this email, I am directly informing them that the representation has been terminated effective the date of this email, and I respectfully request that they cease any further work on, or activity related to, my matters as of that date.

I am reserving all rights and claims, including but not limited to those arising under applicable rules of professional conduct, malpractice principles, fiduciary duty principles, and any other applicable law. Nothing in this email shall be construed as a waiver of any such right or claim.

Please direct all future communications to me at this email address. Please do not direct further communications to any third party (including but not limited to opposing counsel) on my behalf.

Thank you.

Sincerely,

Matthew Joyce
Joyce v. ARB Gaming LLC dba Modo. US, et al., No. 2:25-cv-01868-DJC-CSK (E.D. Cal.)

**From:** admin <fadetwoblank@pm.me>
**To:** "The Mack Law Firm, PLLC" <legal@themacklaw.com>
**Cc:** Brielle Pittman <brielle.pittman2@gmail.com>, Nadine Ludeke <admin@themacklaw.com>
**Date:** Wed, 01 Apr 2026 15:04:47 +0000
**Subject:** Re: Affirm Extension Request

[COMPOSITE EXHIBIT AR, message 1 of 10 — reproduced in full; quoted thread history omitted]

Hey Amina,

This is me referencing law no AI and it's clear as day. This arbitration lives inside ARB's terms. The distinction here is the clause is unenfroceable. So that is contract formation issue. The federal courts have the jurisdiction over JAMs to decide whether a valid contract ever existed. (What made them run and file ex parte 3 months ago to stop that from being stated). If not contract was legally formed there is no arbitration agreement.

The main point though. Arizona issued a cease and desist declaring ARB a criminal enterprise and Arbitrator Leen decalred Arizona law governs clear as day. The law says under the Arizona Illegality doctrine a contract formed with illegal activity is void and initio and that also confirmed it never existed.

What's dead is their clause not my case. The clause the damage cap exclusive remedy and limitaiton of liability its all dead, that's what isn't alive my case is about to go to discovery upon their response,.

The other law with this not theory a supreme court law...

Challeneges to arbitration clause specifically go to the arbitrator but challenges to the existence or formation of the contract itself that u signed goes to federal judge. So here federal judge gets to atleast decide publically "was their ever a co tract to begin with." Answer to that is no. Before the contract ever says "you must arbitrate."

Karen needs this in jams where contract must be assumed valid. Leeb even hints its not. I'm not agreeing to what they say, I'm not gonna make u feel uncomfrtable and do it after press release which I do need a lawyer representing me for. I'm not that type of person. If we can't see eye to eye on this I agree well have to end our retainer. Your wrote some complaint and helped me a lot so will not ask for refund at all, just to be billed for the great work you did for me. I hope you will consider staying on, if not I'll keep grinding til someone besides media sees its merit.

I won't sign anything to take this out of federal court with arb that will show weakness and leave room for others to skate out. Please don't submit anything until we decide on this, thank you,.

Matt

Sent from
Proton Mail
for Android.

-------- Original Message --------

| | |
|---|---|
| **From:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **To:** | admin <fadetwoblank@pm.me> |
| **Cc:** | Brielle Pittman <brielle.pittman2@gmail.com>, Nadine Ludeke <admin@themacklaw.com> |
| **Date:** | Wed, 01 Apr 2026 15:06:37 +0000 |
| **Subject:** | Re: Affirm Extension Request |

[COMPOSITE EXHIBIT AR, message 2 of 10 — reproduced in full; quoted thread history omitted]

Received.

Amina M. Mack, Esq. | Managing Partner

The Mack Law Firm, PLLC

4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609

t: 984.480.7147 | f: 919.249-1360

legal@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email.
Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

| | |
|---|---|
| **From:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **To:** | admin <fadetwoblank@pm.me> |
| **Cc:** | Brielle Pittman <brielle.pittman2@gmail.com>, Nadine Ludeke <admin@themacklaw.com> |
| **Date:** | Wed, 01 Apr 2026 15:10:39 +0000 |
| **Subject:** | Re: Affirm Extension Request |

[COMPOSITE EXHIBIT AR, message 3 of 10 — reproduced in full; quoted thread history omitted]

Please send the original demand..it's not on JAMS. Or do you want us to just use the amended complaint and make a new one that is concise?

Amina M. Mack, Esq. | Managing Partner

The Mack Law Firm, PLLC

4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609

t: 984.480.7147 | f: 919.249-1360

legal@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email.
Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

| | |
|---|---|
| **From:** | admin <fadetwoblank@pm.me> |
| **To:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **Cc:** | Brielle Pittman <brielle.pittman2@gmail.com>, Nadine Ludeke <admin@themacklaw.com> |
| **Date:** | Wed, 01 Apr 2026 15:26:11 +0000 |
| **Subject:** | Re: Affirm Extension Request |

[COMPOSITE EXHIBIT AR, message 4 of 10 — reproduced in full; quoted thread history omitted]

hey Amina sorry but last thing to try and conivince you to see the whole view over the past year.

Rule 11
sanctions require that a filing be frivolous, legally baseless, or
filed for an improper purpose like harassment. FRCP 41 voluntary
dismissal sanctions are about the same — vexatious or bad faith conduct.
Filing a federal case that includes ARB alongside defendants who
aren't party to any arbitration agreement
is textbook legitimate. Affirm, Apple, Goldman, Amazon — none of them have JAMS claims. The federal case
has

to exist for those defendants. ARB being named in both isn't
sanctionable because the federal claims against ARB include theories and
co-defendants that JAMS can't touch. Courts see parallel proceedings
constantly. Karen knows no judge is sanctioning you for this
I think
we should have sanctioned them long ago under ADA claims which we now
have because of affirm, as well as California jurisdiction. Here's law
on sanctions i found.

Rule
11 sanctions require that a filing be frivolous, legally baseless, or
filed for an improper purpose like harassment. FRCP 41 voluntary
dismissal sanctions are about the same — vexatious or bad faith conduct.
Filing a federal case that includes ARB alongside defendants who
aren't party to any arbitration agreement
is
textbook legitimate
. Affirm, Apple, Goldman, Amazon — none of them have JAMS claims. The federal case
has

to exist for those defendants. ARB being named in both isn't
sanctionable because the federal claims against ARB include theories and
co-defendants that JAMS can't touch. Courts see parallel proceedings
constantly. Karen is pulling one final bluff.

Last thing i hope
not but maybe ill ever say to fight for this with you as my lawyer. the
exposure for the other parties beyond ARB. they are going to settle
for one reason. if they open their books we get into all of the stuff
none of which they can answer the 150 other class actions against social
casinos

hope your still my lawyer at end of day, but no hard feelings if your not.

matt

Sent with

Proton Mail
secure email.

On Wednesday, April 1st, 2026 at 11:10 AM, The Mack Law Firm, PLLC <legal@themacklaw.com> wrote:

Please send the original demand..it's not on JAMS. Or do you want us to just use the amended complaint and make a new one that is concise?

Amina M. Mack, Esq. | Managing Partner

The Mack Law Firm, PLLC

4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609

t: 984.480.7147 | f: 919.249-1360

legal@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email.
Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

| | |
|---|---|
| **From:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **To:** | admin <fadetwoblank@pm.me> |
| **Cc:** | Brielle Pittman <brielle.pittman2@gmail.com>, Nadine Ludeke <admin@themacklaw.com> |
| **Date:** | Wed, 01 Apr 2026 15:30:27 +0000 |
| **Subject:** | Re: Affirm Extension Request |

[COMPOSITE EXHIBIT AR, message 5 of 10 — reproduced in full; quoted thread history omitted]

I understand Matt. I would advise we pursue this matter through arbitration. I will not be in agreement with receiving any sanctions. If we continue to not see eye to eye, I will have to remove myself.

Amina M. Mack, Esq. | Managing Partner

The Mack Law Firm, PLLC

4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609

t: 984.480.7147 | f: 919.249-1360

legal@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email.
Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

| | |
|---|---|
| **From:** | admin <fadetwoblank@pm.me> |
| **To:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **Cc:** | Brielle Pittman <brielle.pittman2@gmail.com>, Nadine Ludeke <admin@themacklaw.com> |
| **Date:** | Wed, 01 Apr 2026 15:44:07 +0000 |
| **Subject:** | Re: Affirm Extension Request |

[COMPOSITE EXHIBIT AR, message 6 of 10 — reproduced in full; quoted thread history omitted]

I respect your decision on this. If you can walk me through what the next steps will be i would appreciate it. As well as any ability to reach out to disability advocates to help me find a attorney who would be willing to filing federally. i can see now that things are probably going to not end well for me, but if i get their books open, discovery started then I still stand a chance. \

Also if you don't see a lawyer coming on right now any advice on my next steps en pro se while you still represent me, i would appreciate that too. Best of luck Amina, ill figure it out.

Sent with
Proton Mail
secure email.

On Wednesday, April 1st, 2026 at 11:30 AM, The Mack Law Firm, PLLC <legal@themacklaw.com> wrote:

I understand Matt. I would advise we pursue this matter through arbitration. I will not be in agreement with receiving any sanctions. If we continue to not see eye to eye, I will have to remove myself.

Amina M. Mack, Esq. | Managing Partner

The Mack Law Firm, PLLC

4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609

t: 984.480.7147 | f: 919.249-1360

legal@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email.
Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

| | |
|---|---|
| **From:** | Nadine Ludeke <admin@themacklaw.com> |
| **To:** | Brielle Pittman <brielle.pittman2@gmail.com>, admin <fadetwoblank@pm.me> |
| **Cc:** | Paralegal <mj@themacklaw.com>, "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **Date:** | Wed, 01 Apr 2026 18:29:22 +0000 |
| **Subject:** | Re: JAMS ammended complaint bullets due by 4/2/26 3:00 am EST |

[COMPOSITE EXHIBIT AR, message 7 of 10 — reproduced in full; quoted thread history omitted]

Good afternoon,

Please find attached the amended demand and statement of claim for review.

Nadine Ludeke |

Paralegal

The Mack Law Firm, PLLC

4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609

t: 984.480.7147 | c:

919.341.5124

admin@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the
information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

| | |
|---|---|
| **From:** | admin <fadetwoblank@pm.me> |
| **To:** | Nadine Ludeke <admin@themacklaw.com> |
| **Cc:** | Brielle Pittman <brielle.pittman2@gmail.com>, Paralegal <mj@themacklaw.com>, "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **Date:** | Wed, 01 Apr 2026 19:58:10 +0000 |
| **Subject:** | Subject: DO NOT FILE - Client Directive |

[COMPOSITE EXHIBIT AR, message 8 of 10 — reproduced in full; quoted thread history omitted]

Amina,

Do not file the amended JAMS demand. I do not authorize its submission.

I have reviewed the draft and it contains statements that are factually false and directly contradict our federal complaint. Specifically:

- Paragraphs 11 and 97 state I accepted the updated Terms under duress. That is false. I rejected those terms three times in writing and have documentation proving it.

- Paragraph 85 states a valid contract existed. That directly contradicts our position in federal court that the contract is void ab initio under Arizona's illegality doctrine — the same Arizona law that Arbitrator Leen ruled governs.

This is exactly why I was upset this morning. I cannot have filings go out under my name that are factually inaccurate and that undermine the strongest theory in this case.

Please confirm receipt and confirm that nothing will be filed in any forum without my express written approval. The same goes with federal court as me and Briellle said this morning.

Matt

Sent with
Proton Mail
secure email.

On Wednesday, April 1st, 2026 at 2:44 PM, Nadine Ludeke <admin@themacklaw.com> wrote:

Good afternoon,

Please find attached the amended demand and statement of claim for review.

Nadine Ludeke |

Paralegal

The Mack Law Firm, PLLC

4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609

t: 984.480.7147 | c:

919.341.5124

admin@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the
information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

| | |
|---|---|
| **From:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **To:** | admin <fadetwoblank@pm.me>, Nadine Ludeke <admin@themacklaw.com> |
| **Cc:** | Brielle Pittman <brielle.pittman2@gmail.com>, Paralegal <mj@themacklaw.com> |
| **Date:** | Wed, 01 Apr 2026 20:03:22 +0000 |
| **Subject:** | Re: Subject: DO NOT FILE - Client Directive |

[COMPOSITE EXHIBIT AR, message 9 of 10 — reproduced in full; quoted thread history omitted]

Nothing will be filed. Please also do not send the press release in my name.

Amina M. Mack, Esq. | Managing Partner

The Mack Law Firm, PLLC

4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609

t: 984.480.7147 | f: 919.249-1360

legal@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email.
Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

| | |
|---|---|
| **From:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **To:** | admin <fadetwoblank@pm.me> |
| **Cc:** | John David <john@davidpr.com>, Nadine Ludeke <admin@themacklaw.com> |
| **Date:** | Wed, 01 Apr 2026 20:04:18 +0000 |
| **Subject:** | Re: Initial complaint for Amina's review |

[COMPOSITE EXHIBIT AR, message 10 of 10 — reproduced in full; quoted thread history omitted]

Hi John,

At this time, I will likely be withdrawing from this matter, so please do not send this press release under my name. Please confirm.

Amina M. Mack, Esq. | Managing Partner

The Mack Law Firm, PLLC

4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609

t: 984.480.7147 | f: 919.249-1360

legal@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email.
Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

| | |
|---|---|
| **From:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **To:** | admin <fadetwoblank@pm.me> |
| **Cc:** | "Stahura, Jamie" <Jamie.Stahura@PNFP.COM>, "nailbnder99@yahoo.com" <nailbnder99@yahoo.com>, Nadine Ludeke <admin@themacklaw.com> |
| **Date:** | Thu, 02 Apr 2026 16:14:05 +0000 |
| **Subject:** | Re: DO NOT FILE — Client Directive — Urgent Response Required |

[EXHIBIT AR-11 — EXCERPT: counsel's April 2, 2026 message reproduced in full; quoted thread history omitted]

Hi Matthew,

I will not speak to Brielle. I filed the amended complaint because Brielle said it was ready to go and revised at 6:24PM via email. You should review your/her emails. I can file your amended draft today before 6PM, but not after that time. I also will be formally withdrawing from this matter (along with the individual who we had conduct my pro hac vice application in California) and will be in touch for next steps. I am also fine with refunding you part of your retainer. The fact that you threatened to go to the bar association and sue me for malpractice is where I cross the line. I cannot and will not be threatened by a client on how I think we should strategically move forward with this case. Your emails were forcing me to do something I did not feel comfortable doing as well as putting words in my mouth that I never said. It is best for you to find other counsel or proceed as pro se.

Amina M. Mack, Esq. | Managing Partner

The Mack Law Firm, PLLC

4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609

t: 984.480.7147 | f: 919.249-1360

legal@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

| | |
|---|---|
| **From:** | admin <fadetwoblank@pm.me> |
| **To:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **Cc:** | Nadine Ludeke <admin@themacklaw.com>, Sippy Dlamini <sdlamini@themacklaw.com>, Brielle Pittman <brielle.pittman2@gmail.com>, "Stahura, Jamie" <Jamie.Stahura@PNFP.COM>, "nailbnder99@yahoo.com" <nailbnder99@yahoo.com> |
| **Date:** | Thu, 02 Apr 2026 03:37:20 +0000 |
| **Subject:** | Subject: Final Position — Filing, Rights, and Next Step |

Amina,

I am going to lay this out clearly so there is no confusion about where things stand.

You did not know this filing was due until the day of. You drafted it in hours. You gave me one window to review it. When I flagged factual errors and told you not to file, you said nothing would be filed. Then you filed it without sending me the final version to confirm — despite acknowledging at 7:41 PM that any corrections, additions, or subtractions required my sign-off. You filed 18 minutes before Brielle told you I needed tonight to review it. That is not how an attorney handles a filing on behalf of a client. That is sabotage.

I will have a complete corrected version done by morning. Under JAMS Comprehensive Rules, a claimant may request leave to amend a demand. I intend to exercise that right. If you will not submit it, I will request direct JAMS portal access and do it myself.

Now let me tell you what I see from where I am standing.

While you were folding under a sanctions threat from Karen Alexander — a threat that is not legally supportable and that would result in a monetary penalty against you, not dismissal of my case — her own client was on a national media tour destroying his sworn JAMS testimony. Patrick Fechtmeyer testified before Indiana, Minnesota, published in CasinoBeats, published on Medium — four public appearances in four months telling legislatures and journalists that his platform needs to be regulated as gambling while telling Arbitrator Leen under oath that it is not gambling. Indiana ruled against him. Minnesota voted unanimously against him last week. California banned him unanimously. Arizona declared him a criminal enterprise. Karen Alexander apparently has not noticed any of this. But I have.

You had the winning hand and you folded because opposing counsel raised her voice.

I also need you to understand what you are doing to me beyond this filing. JAMS is a private forum. The ADA does not apply in private arbitration. Federal court is the only forum where my documented disabilities are protected under federal law. When you advised me to dismiss ARB from federal court and submit exclusively to JAMS, you were advising your disabled client to surrender his only forum with federal disability protections. I will not do that. And any court or bar committee reviewing this sequence of events will want to understand why that advice was given.

Here is what I intend to do and what I have every right to do:

- Oppose your motion to withdraw in federal court on grounds of prejudice, ADA accommodations, and the fact that this is the second time I have lost counsel
- File a motion to appoint counsel under 28 U.S.C. § 1915(e)(1)
- File an ADA accommodation request with the court
- Request leave to amend the JAMS demand under JAMS rules with a complete corrected version
- File a complaint with the North Carolina State Bar if my interests are not protected during this transition as required under Rule 1.16(d)
- Pursue a malpractice claim if warranted by the record

I am not saying any of this to threaten you. I am telling you what I am going to do because you are still my attorney and you deserve to know. Every single item on that list is within my rights and I will exercise every one of them without hesitation.

You built something with this case. We built it together. I told you that earlier today and I meant it. But I will not let anyone — not Karen Alexander, not you, not anyone — strip me of my rights or sabotage my case while her client hands us the win on national television and nobody on my side is paying attention.

I will be voicing all of this. Loudly and without fear, how i have this whole case.

**Matthew**

**Sent with Proton Mail secure email.**

| | |
|---|---|
| **From:** | admin <fadetwoblank@pm.me> |
| **To:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **Cc:** | Brielle Pittman <brielle.pittman2@gmail.com>, Nadine Ludeke <admin@themacklaw.com> |
| **Date:** | Thu, 02 Apr 2026 19:58:51 +0000 |
| **Subject:** | Re: My Decision — JAMS Withdrawal and Path Forward |

This reads very very simple to me from what I had previously submitted about me not having ability to exercise ada claims and retlaiton claims here.

Sent from Proton Mail for Android.

-------- Original Message --------
On Thursday, 04/02/26 at 14:50 The Mack Law Firm, PLLC <legal@themacklaw.com> wrote:

What would you like me to say in the email exactly? Nadine will have to send it and it needs to be done before 5PM.

**Amina M. Mack, Esq. | Managing Partner**
***The Mack Law Firm, PLLC***
4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609
t: 984.480.7147 | f: 919.249-1360
legal@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

---

**From:** admin <fadetwoblank@pm.me>
**Sent:** Thursday, April 2, 2026 2:45 PM
**To:** The Mack Law Firm, PLLC <legal@themacklaw.com>
**Cc:** Brielle Pittman <brielle.pittman2@gmail.com>; Nadine Ludeke <admin@themacklaw.com>
**Subject:** Re: My Decision — JAMS Withdrawal and Path Forward

Agreed. Also Amina i do not have any ill will or will not hold any grudges against you.

I can empathize with how you felt about sanction threat, you worked very hard to be where you are, years of schooling and case work. I need you to know that i see that and i respect it very much and have the ultimate respect for you for helping me have what almost killed me answered. By the peo[le who have done this to me, and by other cases we both know many others after me.

The only concern i have is leaving this until Monday. so i am going to respectfully ask you t send the email now first letting Ms. Reyes know and Judge leen if you have to. This must be done today above all else, i cannot risk a ruling happening between now and monday when we meet. Brielle will be calling you regarding it and once again you have my full permission to discuss anything with her as it always was. things work out better with her ability to take the emotion out of it. Im glad we are sticking together. hope you do not view me as a burden and look forward to our call Monday. I have nothing but love for you sippy and nadene who have all helped me immensely in a very hard part of my life.

matthew
Sent with Proton Mail secure email.

On Thursday, April 2nd, 2026 at 2:26 PM, The Mack Law Firm, PLLC <legal@themacklaw.com> wrote:

I am fine with not filing anything further with JAMS. I filed the amended demand to beat the deadline. I do not believe you need to pay the JAMS fee. They already paid that.

As you can imagine, after yesterday's back and forth, this case is a bit overwhelming to me. I'm happy to move forward but we need to get on the same page regarding the federal case as it relates to ARB. Can we speak virtually on Monday? I am out tomorrow.

**Amina M. Mack, Esq. | Managing Partner**
***The Mack Law Firm, PLLC***
4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609
t: 984.480.7147 | f: 919.249-1360
legal@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

---

**From:** admin <fadetwoblank@pm.me>
**Sent:** Thursday, April 2, 2026 2:13 PM
**To:** The Mack Law Firm, PLLC <legal@themacklaw.com>; Mack Law <macklaw@themacklaw.com>
**Cc:** Brielle Pittman <brielle.pittman2@gmail.com>; Nadine Ludeke <admin@themacklaw.com>
**Subject:** My Decision — JAMS Withdrawal and Path Forward

Amina,

A decision has been made. My mother and Brielle both agree. Please read this carefully.

First — I owe you an apology. I was upset when I asked you not to speak to Brielle. She has my full permission to be part of all communications and to speak on my behalf on anything besides final decisions. I should not have cut her out in a moment of frustration and I am sorry for that.

Second — I need to be clear about something. I did not threaten you. That was never my intent. When I referenced the bar and malpractice, I was putting on paper what I had at my disposal for my own protection in response to your withdrawal. I was scared. There is a difference between a threat and a man protecting himself when he thinks his attorney is about to leave him exposed. I hope you can see that.

Third — the amended demand you filed was brilliant. I mean that. When I saw what you put together, I thought you were here with me to the end. That is why yesterday was so painful. I went from believing we were about to win this thing together to feeling like I was being abandoned again. After Reshma, you have to understand what that does to me.

Now — JAMS.

Do not file anything further in JAMS. I am withdrawing voluntarily. My mother has the $15,000 fee ready to pay immediately. We will contrast that against ARB's two-month stall on their own fees. JAMS is done.

Here is why.

I need you to understand what Karen Alexander has been doing. Every time you came to me and said "Karen says it has to be in JAMS," what Karen was actually asking you to do was get

me to voluntarily abandon the only federal case in the country that ties a declared criminal enterprise to its entire payment processing infrastructure in a public courtroom. Every other sweepstakes case went to private arbitration and died in the dark. That is how this industry has survived.

My case is different. It was filed after Arizona declared ARB a felony criminal enterprise. It names the payment processors — Affirm, Goldman Sachs, Apple, Amazon — none of whom are in JAMS and none of whom can be compelled to JAMS. It exists alongside AB 831, legislation I authored, which extends criminal liability to payment processors. If I dismiss my federal case and submit to JAMS, all of that disappears. Every defendant except ARB walks. The public record vanishes. That is what Karen wanted. That was always what Karen wanted.

When you told me to dismiss ARB from federal court and go exclusively to JAMS, you were — whether you realized it or not — executing opposing counsel's strategy. I am not saying that was your intention. I am saying that was the result, and I cannot allow it.

You also need to understand what happens in JAMS if we stay. Right now Arbitrator Leen has ruled in our favor on every issue that matters. Arizona law governs. Breach and unjust enrichment survive. Void ab initio is a live contested issue. If I stay and Leen rules against me on void ab initio, ARB gets a weapon they do not currently have — an arbitrator's ruling that the contract is enforceable. They take that to federal court. I am not giving them that opportunity.

By withdrawing voluntarily and paying the fee, I am not abandoning anything. I am consolidating. If ARB wants to compel arbitration in federal court, they will have to defend the contract. In public. On the record. In front of a judge who can see the Arizona cease and desist. In front of the other four defendants. Let them try.

Now — going forward.

My mother Jamie Stahura, your client and the interpleader on this case, is prepared to invoke next friend standing as the mother of a disabled adult child to protect my interests before the court. She will do this if necessary.

I am asking you to stay on as counsel through the critical window. The summons has been served. Parties are responding. Once all parties have responded, I will voluntarily release you from representation. No withdrawal motion. No fight. A clean exit for both of us.

I would rather we finish this together. The complaint you wrote was strong. The case you helped build is real. Let's see it through the responses and part ways the right way, if that is what you would like to do when that time comes.

Matthew

Sent with Proton Mail secure email.

| | |
|---|---|
| **From:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **To:** | admin <fadetwoblank@pm.me> |
| **Cc:** | Brielle Pittman <brielle.pittman2@gmail.com>, MJ <mj@themacklaw.com>, Nadine Ludeke <admin@themacklaw.com>, Jamie Stahura <nailbnder99@yahoo.com> |
| **Date:** | Thu, 07 May 2026 23:58:47 +0000 |
| **Subject:** | Re: "Goldman default + Tuesday meet-and-confer — concerns before noon" |

[EXHIBIT AS — EXCERPT: counsel's message reproduced in full; quoted thread history omitted]

Hi everyone,

Sorry for the delay! Overall, Apple's position is that they do not believe there is a viable legal claim against them based on their role as a payment processor connected to the platform. Their arguments were primarily procedural and focused on pleading deficiencies rather than factual disputes.

Here were the main points they raised:

Apple's counsel stated they are not entirely clear from the Complaint what specific Apple-related purchases or transactions are being challenged.

They acknowledged the allegation that Apple Pay processed approximately 75% of the transactions, but emphasized that Apple itself does not issue the credit cards, approve transactions, or directly oversee merchant activity in the way a bank or merchant processor would.

Apple's position is that the Complaint does not adequately allege what unlawful conduct Apple itself engaged in.

They argued the Complaint does not sufficiently explain how the platform or games allegedly functioned as unlawful gambling, and that more detailed allegations would be needed to support that theory.

They also argued that California's newer sweepstakes legislation (AB 831), which became effective January 1, 2026, suggests sweepstakes-style gaming platforms were not clearly prohibited before that date.

Apple's counsel repeatedly emphasized that they believe Apple should ultimately be dismissed from the case.

With respect to the specific claims asserted against Apple:

UCL (Unfair Competition Law)

Apple argued that the Complaint does not sufficiently allege that Apple itself caused the losses or injuries asserted. Their position is that any losses stemmed from ARB Gaming's conduct, not Apple's payment-processing infrastructure.

Unjust Enrichment

Apple argued there are no allegations showing Apple directly received Plaintiff's money. They stated Apple only receives routine transaction-related fees through banking/payment relationships rather than direct gambling proceeds.

"Payment Processor Liability"

Apple challenged whether any standalone cause of action exists under California law against a payment processor under these facts. They addressed the "In re Apple App Store Simulated Casino-Style Games Litigation" case referenced in the Complaint and argued that, while the court there rejected a Section 230 defense at the pleading stage, it did not create a new cause of action against payment processors.

Aiding and Abetting

Apple argued the Complaint does not clearly identify what unlawful conduct Apple allegedly aided and abetted, nor

does it adequately allege Apple had actual knowledge of wrongdoing.

Separately, they noted that the Rule 26(f) conference deadline is approaching and is currently due around May 20. However, they want to wait until they file a MTD and it gets ruled on before moving forward with a Rule 26(f) conference.

Importantly, this was still just a meet-and-confer discussion before motion practice. Apple previewed the arguments they intend to raise, but no rulings have been made and no merits determinations occurred during the call.

My takeaway is that Apple intends to focus heavily on:

lack of direct involvement,

lack of knowledge,

causation issues,

and whether California law recognizes liability against a payment processor under these facts.

As a side note, the other attorney Jaqueline Sale mentioned you texted her. She is strictly an attorney whose license we are using for my pro hac vice. She would not be able to share insight on your case. If you are wanting another attorney to work on this
case, we would have to find another one to bring on. Let me know your thoughts.

Amina M. Mack, Esq. | Managing Partner

The Mack Law Firm, PLLC

4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609

t: 984.480.7147 | f: 919.249-1360

legal@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email.
Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

# [4] You couldnt tell me Amazon was served 10+ days ago when I asked?

**From** m.joyce07@proton.me Jun 25
**To** The Mack Law, Nadine Ludeke

Amina,

Your office sent me a Microsoft file-access link the night before my consolidated oppositions are due. I will be direct: timing a non-functional file handoff to the eve of my filing deadline is either negligent or deliberate. Either way, it does not produce my file, and it does not satisfy your obligations.

I attempted the link in good faith. I completed the Microsoft sign-in and the consent your firm's tenant demanded. Access was then denied. Microsoft's own diagnostic states the block originates from The Mack Law Firm's security configuration — Error 530035, a Conditional Access policy refusing my device. In other words, your firm constructed an access method that your firm's own policy prohibits me from using. I have preserved the full diagnostic and screenshots.

To be clear about what that means:

1. This is not delivery of my file. A login wall into a tenant your firm controls, gates, logs, and can revoke is not the surrender of client papers and property that NC RPC 1.16(d) requires.

2. The mechanics being handled by your paralegal does not change your duty. Under RPC 5.3 you remain responsible for your staff's conduct, and the file-surrender obligation is yours.

3. Any outstanding-fee assertion does not entitle you to withhold or encumber my file. I dispute the asserted balance, and in any event you may not condition return of materials I am entitled to on a fee dispute. If you contend otherwise, identify the specific authority.

Accordingly, I again demand, by return correspondence:

(a) my complete client file as a portable copy (PDF/native export, not a hosted link), with an itemized index of its contents; or
(b) if you insist on a hosted method, confirm in writing the exact email address the file is shared to

1

**From** Nadine Ludeke <admin@themacklaw.com> Jun 26
**To** m.joyce07@proton.me, The Mack Law

Mr. Joyce,

As previously discussed with you during numerous telephone conversations, and again during your visit to our office several weeks ago, you were advised that Amazon had been served. We also confirmed at that time that Amazon's response deadline was in May. Brielle was present for those discussions and can confirm that you acknowledged and understood that Amazon had been served.

With respect to your client file, your specific email address, m.joyce07@proton.me, was granted access to the OneDrive link containing your client file. In an effort to securely provide your file while maintaining the confidentiality of your case materials, we shared the file using that method.

To further facilitate your access, we will also make your client file available through the Clio Client Portal, to which you have had access since December 2025.

Please review the file through the Clio Client Portal once it has been uploaded.

**Nadine Ludeke** | *Paralegal*
***The Mack Law Firm, PLLC***
4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609
t: 984.480.7147 | c: 919.341.5124
admin@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

---

**From:** Matthew Joyce <m.joyce07@proton.me>

| | |
|---|---|
| **From:** | Nadine Ludeke <admin@themacklaw.com> |
| **To:** | "m.joyce07" <m.joyce07@proton.me> |
| **Cc:** | "The Mack Law Firm, PLLC" <legal@themacklaw.com> |
| **Date:** | Fri, 26 Jun 2026 15:05:29 +0000 |
| **Subject:** | Re: You couldnt tell me Amazon was served 10+ days ago when I asked? |

Mr. Joyce,

As previously discussed with you during numerous telephone conversations, and again during your visit to our office several weeks ago, you were advised that Amazon had been served. We also confirmed at that time that Amazon's response deadline was in May. Brielle was present for those discussions and can confirm that you acknowledged and understood that Amazon had been served.

With respect to your client file, your specific email address, m.joyce07@proton.me, was granted access to the OneDrive link containing your client file. In an effort to securely provide your file while maintaining the confidentiality of your case materials, we shared the file using that method.

To further facilitate your access, we will also make your client file available through the Clio Client Portal, to which you have had access since December 2025.

Please review the file through the Clio Client Portal once it has been uploaded.

**Nadine Ludeke** | *Paralegal*
***The Mack Law Firm, PLLC***
4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609
t: 984.480.7147 | c: 919.341.5124
admin@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

---

**From:** Matthew Joyce <m.joyce07@proton.me>
**Sent:** Thursday, June 25, 2026 10:03 PM
**To:** The Mack Law Firm, PLLC <legal@themacklaw.com>
**Cc:** Nadine Ludeke <admin@themacklaw.com>
**Subject:** You couldnt tell me Amazon was served 10+ days ago when I asked?

Amina,

Your office sent me a Microsoft file-access link the night before my consolidated oppositions are due. I will be direct: timing a non-functional file handoff to the eve of my filing deadline is either negligent or deliberate. Either way, it does not produce my file, and it does not satisfy your obligations.

I attempted the link in good faith. I completed the Microsoft sign-in and the consent your firm's tenant demanded. Access was then denied. Microsoft's own diagnostic states the block originates from The Mack Law Firm's security configuration — Error 530035, a Conditional Access policy refusing my device. In other words, your firm constructed an access method that your firm's own policy prohibits me from using. I have preserved the full diagnostic and screenshots.

To be clear about what that means:

1. This is not delivery of my file. A login wall into a tenant your firm controls, gates, logs, and can revoke is not the surrender of client papers and property that NC RPC 1 16(d) requires

2. The mechanics being handled by your paralegal does not change your duty. Under RPC 5.3 you remain responsible for your staff's conduct, and the file-surrender obligation is yours.

3. Any outstanding-fee assertion does not entitle you to withhold or encumber my file. I dispute the asserted balance, and in any event you may not condition return of materials I am entitled to on a fee dispute. If you contend otherwise, identify the specific authority.

Accordingly, I again demand, by return correspondence:

(a) my complete client file as a portable copy (PDF/native export, not a hosted link), with an itemized index of its contents; or
(b) if you insist on a hosted method, confirm in writing the exact email address the file is shared to and remove the device restriction so I can actually access it.

Given the prejudice of receiving this the night before my deadline, I expect a substantive response within 24 hours. I am documenting this exchange.

Matthew Thomas Joyce
Pro Se Plaintiff
Joyce v. ARB Gaming LLC, No. 2:25-cv-01868-DJC-CSK (E.D. Cal.)

Sent with Proton Mail secure email.

| | |
|---|---|
| **From:** | North Carolina Bar Association LRS <communications@intouchondemand.com> |
| **To:** | m.joyce07@proton.me |
| **Date:** | Mon, 27 Oct 2025 09:08:05 -0500 |
| **Subject:** | Self-Referral Processed - Your Attorney Information |

NORTH CAROLINA
BAR ASSOCIATION
seeking liberty • justice

Hello,

Thank you for using the NC Bar Association's online Lawyer Referral Service. Enclosed is your attorney referral information.

You should contact the attorney below at your earliest convenience to schedule an appointment. The attorney also has received a copy of your contact information and is expecting your call.

This attorney has agreed to provide an initial 30-minute consultation to you for the cost of $50. Fees for the attorney's time above and beyond that must be negotiated directly with the attorney. If the attorney is unable to assist you, do not submit another request for an attorney. Email lrs@ncbar.org to ask for a new referral and include your name in the email.

**Attorney Information:**
Referral ID: 259277
Amina M. Mack
4242 Six Forks Road
Ste. 1550
Raleigh, NC27609
984-480-7147
www.themacklaw.com
Legal@themacklaw.com

**Date Referred:** 10/27/2025 10:08 AM

**Referral ID:** 259277

If you have any questions, please call the Lawyer Referral Service at 919.677.8574 between 10:00 a.m. and 3:00 p.m., Monday through Friday.

Sincerely,

The NCBA LRS Staff
LRS@ncbar.org

**CONFIDENTIAL COMMUNICATION:** This communication may contain proprietary information and may be confidential. If you are not the intended recipient, the reading, copying, disclosure or other use of this e-mail is strictly prohibited and you are instructed to delete this email immediately.

**Computer generated email-*do not reply directly.***
© IntelLinx, Inc. - All rights reserved - Privacy Policy

# Re: You couldnt tell me Amazon was served 10+ days ago when I asked?

| | |
|---|---|
| From | Nadine Ludeke <admin@themacklaw.com> |
| To | m.joyce07@proton.me |
| CC | The Mack Law <legal@themacklaw.com> |
| Date | Friday, June 26th, 2026 at 11:05 AM |

Mr. Joyce,

As previously discussed with you during numerous telephone conversations, and again during your visit to our office several weeks ago, you were advised that Amazon had been served. We also confirmed at that time that Amazon's response deadline was in May. Brielle was present for those discussions and can confirm that you acknowledged and understood that Amazon had been served.

With respect to your client file, your specific email address, m.joyce07@proton.me, was granted access to the OneDrive link containing your client file. In an effort to securely provide your file while maintaining the confidentiality of your case materials, we shared the file using that method.

To further facilitate your access, we will also make your client file available through the Clio Client Portal, to which you have had access since December 2025.

Please review the file through the Clio Client Portal once it has been uploaded.

**Nadine Ludeke** | *Paralegal*
***The Mack Law Firm, PLLC***
4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609
t: 984.480.7147 | c: 919.341.5124
admin@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

---

**From:** Matthew Joyce <m.joyce07@proton.me>

**Sent:** Thursday, June 25, 2026 10:03 PM
**To:** The Mack Law Firm, PLLC <legal@themacklaw.com>
**Cc:** Nadine Ludeke <admin@themacklaw.com>
**Subject:** You couldnt tell me Amazon was served 10+ days ago when I asked?

Amina,

Your office sent me a Microsoft file-access link the night before my consolidated oppositions are due. I will be direct: timing a non-functional file handoff to the eve of my filing deadline is either negligent or deliberate. Either way, it does not produce my file, and it does not satisfy your obligations.

I attempted the link in good faith. I completed the Microsoft sign-in and the consent your firm's tenant demanded. Access was then denied. Microsoft's own diagnostic states the block originates from The Mack Law Firm's security configuration — Error 530035, a Conditional Access policy refusing my device. In other words, your firm constructed an access method that your firm's own policy prohibits me from using. I have preserved the full diagnostic and screenshots.

To be clear about what that means:

1. This is not delivery of my file. A login wall into a tenant your firm controls, gates, logs, and can revoke is not the surrender of client papers and property that NC RPC 1.16(d) requires.

2. The mechanics being handled by your paralegal does not change your duty. Under RPC 5.3 you remain responsible for your staff's conduct, and the file-surrender obligation is yours.

3. Any outstanding-fee assertion does not entitle you to withhold or encumber my file. I dispute the asserted balance, and in any event you may not condition return of materials I am entitled to on a fee dispute. If you contend otherwise, identify the specific authority.

Accordingly, I again demand, by return correspondence:

(a) my complete client file as a portable copy (PDF/native export, not a hosted link), with an itemized index of its contents; or
(b) if you insist on a hosted method, confirm in writing the exact email address the file is shared to and remove the device restriction so I can actually access it.

Given the prejudice of receiving this the night before my deadline, I expect a substantive response within 24 hours. I am documenting this exchange.

Matthew Thomas Joyce
Pro Se Plaintiff
Joyce v. ARB Gaming LLC, No. 2:25-cv-01868-DJC-CSK (E.D. Cal.)

Sent with Proton Mail secure email.

Matthew Joyce
Plaintiff, Pro Se
600 Market Grove Dr #100
Wake Forest, NC 27587-7345
Phone: (919) 259-4661
Email: m.joyce07@proton.me

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br>Plaintiff,<br>v.<br>ARB GAMING LLC dba MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1-50,<br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br>**PROOF OF SERVICE**<br>Hearing: October 6, 2026<br>10:00 a.m., Courtroom 25<br>Hon. Chi Soo Kim |

I, Matthew Joyce, declare:

I am the Plaintiff in this action and I appear in propria persona. My address is 600 Market Grove Drive #100, Wake Forest, North Carolina 27587-7345.

On 8/28/2026, 2026, I served true and correct copies of the following documents:

1. Table of Contents and Table of Authorities;

2. Plaintiff's Motion for Conditions on Withdrawal, Delivery of the Client File, and a Certification of Compliance;

3. Declaration of Matthew Joyce in Support of Plaintiff's Motion;

4. Consent of Jamie A. Stahura;

5. [Proposed] Order; and

6. Index of Exhibits, with Exhibits A through AV.

I served those documents by electronic mail, sent from Wake Forest, North Carolina, to each of the persons at the electronic mail addresses set forth in the Service List below.

Each attorney listed under the heading "Counsel of Record for Defendants" is counsel of record in this action and a registered CM/ECF filing user in this District. Registration as a filing user constitutes consent to receive service electronically pursuant to Fed. R. Civ. P. 5(b)(2)(E) and waiver of the right to receive service by any other means. E.D. Cal. L.R. 135(g)(1). Counsel of record will additionally be served by the Notice of Electronic Filing generated when these documents are docketed. E.D. Cal. L.R. 135(a).

The relief requested in the motion is directed to Amina M. Mack and Jacqueline M. Sale. I served each of them separately, by electronic mail, at the addresses shown for them on the Service List. Those are the electronic mail addresses each of them has used in this action and at which each of them has corresponded with me.

I additionally served Plaintiff-in-Interpleader Jamie Stahura by electronic mail, at the addresses shown for her on the Service List.

Defendant Amazon.com, Inc. has not appeared in this action and has no counsel of record.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 8/28/2026, 2026, at Wake Forest, North Carolina.

Signed by:
Matthew Joyce
07B601B840D34AB...

Matthew Joyce

Plaintiff, Pro Se

**SERVICE LIST**

**THE MACK LAW FIRM, PLLC** — respondent
Amina M. Mack · former counsel for Plaintiff; counsel of record for Plaintiff-in-Interpleader
4242 Six Forks Road, Suite 1550, Raleigh, NC 27609 · Tel: (984) 480-7147
legal@themacklaw.com
**JACQUELINE M. SALE, ESQ.** — respondent
Former counsel for Plaintiff
jmsalelaw@gmail.com · jms@jaxlawoffices.com
**DUANE MORRIS LLP** — attorneys for Defendant ARB GAMING LLC dba MODO.US
Walter A. Saurack (pro hac vice) · Karen L. Alexander (SBN 265926) · Daniel D. Wall (SBN 311391)
750 B Street, Suite 2900, San Diego, CA 92101-4681
wasaurack@duanemorris.com · klalexander@duanemorris.com · dwall@duanemorris.com
**TROUTMAN PEPPER LOCKE LLP** — attorneys for Defendant AFFIRM, INC.
Kalama M. Lui-Kwan (SBN 242121) · Ryan A. Lewis (SBN 307253) · Gary D. Sonnenfeld (SBN 247894)
Three Embarcadero Center, Suite 800, San Francisco, CA 94111
kalama.lui-kwan@troutman.com · ryan.lewis@troutman.com · gary.sonnenfeld@troutman.com
**MORGAN, LEWIS & BOCKIUS LLP** — attorneys for Defendant GOLDMAN SACHS BANK USA
Arjun P. Rao (SBN 265347) · Marcos D. Sasso (SBN 228905) · Madison Marshall · Kathleen Rosello
2049 Century Park East, Suite 700, Los Angeles, CA 90067-3109
arjun.rao@morganlewis.com · marcos.sasso@morganlewis.com
madison.marshall@morganlewis.com · kathleen.rosello@morganlewis.com
**DLA PIPER LLP (US)** — attorneys for Defendant APPLE INC.
John Samuel Gibson · Tanya Greene · Colin McGrath
2000 Avenue of the Stars, North Tower, Suite 400, Los Angeles, CA 90067-4704
john.gibson@us.dlapiper.com · tanya.greene@us.dlapiper.com ·

colin.mcgrath@us.dlapiper.com
**JAMIE STAHURA** — Plaintiff-in-Interpleader, Pro Se
11076 Ligon Mill Road, #100, Wake Forest, NC 27587 · Tel: 631-252-9182
Jamie.Stahura@PNFP.com · Nailbnder99@yahoo.com
**AMAZON.COM, INC.** — has not appeared in this action; no counsel of record.

MATTHEW JOYCE
600 Market Grove Drive, Suite 100
Wake Forest, NC 27587-7345
(919) 259-4661 — m.joyce07@proton.me
Plaintiff, Pro Se

LODGED
AUG 28 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

MATTHEW JOYCE,
Plaintiff,

v.

ARB GAMING LLC DBA MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1-50,

Defendants.

Case No. 2:25-cv-01868-DJC-CSK (PS)

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONS ON WITHDRAWAL, DELIVERY OF THE CLIENT FILE, AND A CERTIFICATION OF COMPLIANCE**

Plaintiff Matthew Joyce's Motion for Conditions on Withdrawal, Delivery of the Client File, and a Certification of Compliance came before the Court. Having considered the motion, the declarations and exhibits submitted with it, any opposition and reply, and the record in this action, and good cause appearing, the Court ORDERS as follows:

(1) Within fourteen (14) calendar days, Amina M. Mack and Jacqueline M. Sale shall deliver

to Plaintiff the complete client file, within their respective possession, custody, or control — all correspondence, pleadings, arbitration materials and arbitrator disclosures, communications with counsel for any Defendant, service and case-management records, billing and trust-account records, the executed engagement agreement, and records of conflict screening or disclosure — and, with Stahura's written consent filed herewith, all records of communications concerning the interpleader representation — in native electronic format with metadata intact where the materials exist in electronic form, in both paper and digital format as Plaintiff's May 26 demand requested, and by a means of delivery that does not expire;

(2) Within the same period, they shall deliver a descriptive manifest or index of the materials produced, in a format that facilitates verification against this Order;

(3) Within the same period, each shall serve and file her own certification, under penalty of perjury, identifying, by item, the materials delivered from her possession, custody, or control; identifying any material withheld and the basis for withholding it; and stating whether any record of conflict disclosure or informed written consent under Rule 1.7(b) exists in the file;

(4) Each certification shall state whether each category was produced in the form received, filed, exported, or maintained; whether any material has been withheld, deleted, altered, or lost, and if so which; whether the file contains counsel's communications with counsel for any Defendant, in either forum, including the May 19 exchange filed at ECF 56-8; whether it contains any record of the client's instructions regarding extensions; and whether it contains any copy of the draft sanctions motion referenced in ECF 56-8 at 8;

(5) Plaintiff shall have leave, within a reasonable period after delivery, to supplement or correct any filing he was required to make without the file, including the request for entry of default as to Amazon.com, Inc. (ECF 78–79; ECF 86);

(6) They, and any person acting on their behalf, shall preserve all materials related to Plaintiff's representation pending full compliance with this Order;

(7) Should Plaintiff identify specific, itemized deficiencies following the certifications, he may submit a declaration identifying them, served concurrently on former counsel; within seven (7) calendar days, each shall respond by declaration, under penalty of perjury, producing the material, stating with specificity why it was not produced, or explaining the discrepancy — resolved by the Court on the declarations, without a new motion.

IT IS SO ORDERED.

Dated: ______________ ____________________________

Hon. Chi Soo Kim

United States Magistrate Judge