**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

**MATTHEW THOMAS JOYCE,**

*Plaintiff,*

v.

**ARB GAMING LLC DBA MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1-50,**

*Defendants.*

**Case No. 2:25-cv-01868-DJC-CSK (PS)**

**FORMER COUNSEL'S OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONS ON WITHDRAWAL, DELIVERY OF THE CLIENT FILE, AND CERTIFICATION OF COMPLIANCE**

Hearing: October 6, 2026
Time: 10:00 a.m.
Courtroom: 25
Hon. Chi Soo Kim

# FORMER COUNSEL AMINA M. MACK AND JACQUELINE M. SALE'S OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONS ON WITHDRAWAL, DELIVERY OF THE CLIENT FILE, AND CERTIFICATION OF COMPLIANCE

## I. INTRODUCTION

Plaintiff identifies one concrete omission from the June 25, 2026 file transmittal: the May 19 counsel-to-counsel correspondence filed by ARB at ECF No. 56-8. On September 1, 2026, Ms. Nadine Ludeke sent that correspondence directly to Plaintiff by email. *See Declaration of Amina M. Mack ("Mack Decl.")* ¶ *6.* The specific defect identified in the motion has therefore been cured. Plaintiff also already had access to the same correspondence in the court record, as his motion acknowledges.

Former counsel do not dispute their obligation to release client materials and property under California Rule of Professional Conduct 1.16(e)(1). They oppose the much broader regime Plaintiff requests: production in both paper and digital form, forensic metadata preservation, an item-by-item manifest, certifications about every asserted category under penalty of perjury, disclosure and adjudication of conflict-screening and professional-conduct issues, rolling preservation and deficiency declarations, and advance leave to supplement unrelated filings. That relief is neither necessary to remedy the specific omission nor tailored to Local Rule 182(d). The focused declarations submitted with this opposition confirm the June 25 transmittal, the Clio Client Portal delivery-and-access records, the September 1 supplemental cure, continued preservation by the custodial firm, and that Ms. Sale has no client file in her possession, custody, or control. The Court should deny the motion. Alternatively, any order should be limited to transmission by the custodial firm of a specifically identified existing client-file item in the form in which it actually possesses or can reasonably export it, subject to Rule 1.16(e)(1) and applicable confidentiality protections.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On May 31, 2026, the Court granted former counsel's motion to withdraw, effective upon completion of service. ECF No. 58. Plaintiff states that the withdrawal itself is not at issue and now seeks post-withdrawal conditions under Local Rule 182(d).

On June 25, 2026, The Mack Law Firm transmitted Plaintiff a June 24 closing letter and file-return package. The transmittal included: (1) the response letter and retainer accounting; (2) the available Amazon service materials and proof of service; (3) the available case-file materials maintained by the firm; and (4) available communications with opposing counsel and case-management contacts that had also been forwarded to Plaintiff during the representation. Plaintiff filed the closing letter as Exhibit W to his motion. The letter further explained that existing native-format documents would be supplied where they existed and that some records existed only in the format received, filed, exported, or maintained. *Mack Decl. paragraphs 3-4; Pl.'s Ex. W at 1-3.*

Plaintiff challenges the completeness and accessibility of that production. His motion, however, identifies one particular counsel communication as absent: the May 19, 2026 exchange with ARB's counsel that ARB had already filed at ECF No. 56-8. Plaintiff states that he first saw the exchange in ARB's filing. *Motion ¶¶ 19-20; Joyce Decl. ¶ 20.*

On September 1, 2026, after the present motion was filed, Ms. Ludeke sent Plaintiff a supplemental email attaching:

(1) the email chain containing the May 19, 2026 correspondence with ARB's counsel;

(2) Clio Client Portal records confirming that Plaintiff's client file was delivered through the portal and opened;

(3) the firm's June 25 delivery email, including the OneDrive delivery link, in EML and MSG formats; and

(4) the firm's June 26 email confirming that m.joyce07@proton.me had been granted access to the OneDrive link and that the file would also be shared through the Clio Client Portal, likewise in EML and MSG formats. *Mack Decl. paragraphs 4-6.*

Ms. Sale, who served as sponsoring counsel, did not receive, maintain, or possess Plaintiff's client file and promptly referred the file-return issue to the Mack firm. *Sale Decl. para. 2-5.*

The docket also reflects that Plaintiff requested and obtained two extensions based in part on the asserted file issue. ECF Nos. 76, 81, 89, 92. He does not seek another extension in this motion. Motion paragraph 52. The specific communication he identifies was available at ECF No. 56-8, has now been sent directly to him, and was accompanied by records documenting the earlier file delivery and access.

**III. LEGAL STANDARD**

Local Rule 182(d) provides that withdrawal is governed by the California Rules of Professional Conduct and that leave to withdraw may be granted subject to appropriate conditions the Court deems fit. E.D. Cal. L.R. 182(d). The Court considers the reasons for withdrawal, prejudice to litigants, harm to the administration of justice, and delay. *Williams v. County of Fresno*, 562 F. Supp. 3d 1032, 1035 (E.D. Cal. 2021).

Rule 1.16(d) requires reasonable steps to avoid reasonably foreseeable prejudice upon termination. Rule 1.16(e)(1) specifically requires a lawyer, at the client's request, promptly to release all client materials and property, subject to an applicable protective order, nondisclosure agreement, statute, or regulation. Client materials include correspondence, pleadings, transcripts, reports, exhibits, evidence, and other items reasonably necessary to the representation, whether tangible, electronic, or in another form. Cal. R. Prof. Conduct 1.16(d), (e)(1).

California State Bar Formal Opinion No. 2007-174 advises that existing electronic versions of

client-file items must be released when requested. It also explains that counsel need not create an electronic item that does not exist or change the application or electronic format in which the item is possessed. Counsel must take reasonable steps to remove metadata that would reveal another client's confidential information. Cal. State Bar Formal Op. No. 2007-174, at 3-4 (2007). The opinion is advisory, but it directly addresses the electronic-file issue raised here.

## IV. ARGUMENT

### A. The only specifically identified production defect has been cured.

Plaintiff's motion repeatedly focuses on the May 19 correspondence at ECF No. 56-8. That item has now been emailed directly to him as part of the complete chain. Mack Decl. paragraph 6. The same supplemental transmission also included Clio records showing delivery and opening of the client file and the June 25 and June 26 delivery-and-access emails in metadata-bearing EML and MSG formats. Id. paragraphs 4 and 6. Thus, no order is needed to compel delivery of the particular communication the motion identifies. Plaintiff's prior access to the same correspondence in the public docket further eliminates any present litigation prejudice associated with that item.

The cure does not depend on a categorical assertion that every conceivable file item was included in the June 25 package. It rests on narrower, verifiable facts: the concrete omission identified in the motion has been corrected; delivery-and-access records show that Plaintiff received and opened the client file; and the custodial firm does not refuse to address a specifically identified, nonduplicative existing client material that it locates. Mack Decl. paragraphs 4, 6, and 8. A broad prospective enforcement order is therefore unnecessary.

**B. The requested format and metadata conditions exceed the governing file-return obligation.**

Rule 1.16(e)(1) requires release of client materials whether they are tangible, electronic, or in another form. It does not require duplicate production in both paper and digital form. Formal Opinion No. 2007-174 supports release of existing electronic versions, but expressly rejects an obligation to create an item or change the application in which counsel possesses it. The opinion also recognizes that metadata may require removal to protect other clients' confidential information.

Plaintiff's proposed order would instead require native production with metadata intact, paper duplication, a nonexpiring delivery method, and certifications concerning alteration, deletion, and loss. That relief would impose duties to reconstruct formats and preserve every metadata field beyond Rule 1.16(e)(1). Any targeted supplemental production should be limited to an existing client-file item, produced in the form in which it is reasonably maintained or exportable, with reasonable confidentiality safeguards.

**C. Ms. Sale has no client file to produce, and the requested audits are unnecessary.**

Plaintiff seeks identical production and certification duties from both former attorneys. Ms. Sale, however, served as sponsoring counsel for Attorney Mack's pro hac vice appearance; she did not receive, maintain, or possess Plaintiff's client file and has no separate or duplicate client file in her possession, custody, or control. Upon receiving notice of the present issue, she promptly informed the Mack firm that she had no file and asked that the matter be addressed. Sale Decl. paragraphs 2-5. Rule 1.16(e)(1) does not require a lawyer to create, reconstruct, or certify the contents and handling history of a file maintained by another lawyer or firm.

The remaining request would require an itemized catalogue, identification of any asserted

missing or withheld item, certifications about deletion, alteration, or loss, and further declarations whenever Plaintiff claims a deficiency. The focused declarations supply competent evidence on the issues material to this motion: Ms. Mack addresses the June 25 transmittal, Clio delivery-and-opening records, the September 1 cure, and preservation; Ms. Sale addresses her lack of any client file and her inability to certify the custodial firm's records. Mack Decl. paragraphs 3-8; Sale Decl. paragraphs 2-6. If Plaintiff later identifies a particular existing client material reasonably necessary to his continuing representation, the custodial firm can address it directly. There is no need for an open-ended audit or rolling declaration procedure that bypasses a noticed motion and an opportunity to respond.

**D. The Court need not adjudicate collateral conflict, fee, privilege, disability, or professional-conduct disputes.**

Plaintiff states that the withdrawal itself is not at issue, yet substantial portions of the motion revisit former counsel's reasons for withdrawal, alleged conflicts, disability-related communications, instructions about extensions, the retainer, a draft sanctions motion, and communications concerning the interpleader representation. Those disputes do not determine whether the May 19 correspondence has now been delivered or whether a particular existing client material remains outstanding.

Local Rule 182(d) authorizes appropriate conditions on withdrawal; it does not require the Court to adjudicate every collateral accusation between a former client and former counsel. Any disciplinary, malpractice, fee, or other professional-liability issue belongs in a proceeding where the elements, defenses, privileges, and remedies are properly presented. This motion should

remain confined to the practical file-return issue.

**E. The record does not show present litigation prejudice requiring the proposed order.**

Plaintiff received two extensions after withdrawal based in part on the asserted file issue. ECF Nos. 81, 92. He acknowledges access to the May 19 correspondence through ECF No. 56-8. Firm records also show that his client file was delivered to and opened by him through the Clio Client Portal, and the May 19 chain and delivery/access records were sent directly to him on September 1. Mack Decl. paragraphs 4 and 6. The Court has therefore already afforded scheduling relief, and the record does not show present prejudice requiring the proposed conditions.

The proposed order would not merely prevent prejudice. It would create discovery-like obligations, compel duplicative formats, require categorical sworn statements about collateral subjects, and establish a future dispute-resolution mechanism without a new motion. Those conditions are not proportionate to any remaining practical issue.

**F. Advance leave to supplement unrelated merits filings should be denied.**

Plaintiff requests advance leave to supplement filings made elsewhere on the merits docket, including his request for entry of default against Amazon.com, Inc. Whether any particular filing should be amended or supplemented depends on the governing rule, the specific filing, prejudice to other parties, and the assigned judge's case-management authority. It is not a file-return condition directed to former counsel. That request should be denied without prejudice to a properly supported request concerning a specific filing.

**G. Any alternative order should be narrow and self-limiting.**

If the Court concludes that further relief is warranted, former counsel respectfully request an order limited to the following: within fourteen days, the custodial firm shall transmit any

specifically identified, nonduplicative existing client material in its possession, custody, or control that is required by Rule 1.16(e)(1), in the form in which it is reasonably maintained or exportable, subject to applicable protective orders, statutes, and confidentiality obligations. The custodial firm shall continue reasonable preservation pending that transmission. No production obligation should be imposed on Ms. Sale absent a showing that responsive client material is within her possession, custody, or control.

The alternative order should not require forensic metadata reconstruction, paper duplication of electronic materials, production of conflict-screening records or other materials outside Rule 1.16(e)(1), item-by-item penalty-of-perjury certifications, adjudication of collateral professional-conduct disputes, advance leave to supplement unrelated filings, or a rolling deficiency process without a noticed motion and further Court order.

## V. CONCLUSION

The Court should deny Plaintiff's motion. The specific May 19 correspondence identified as missing was already available at ECF No. 56-8 and was sent directly to Plaintiff on September 1, 2026, together with Clio delivery-and-opening records and the June 25 and June 26 delivery/access emails in EML and MSG formats. The remaining requested relief is overbroad and unnecessary, particularly as to Ms. Sale, who has no client file to produce. Alternatively, the Court should enter only the narrow, self-limiting order described above.

Respectfully submitted,

/s/ Amina M. Mack
Amina M. Mack, Esq.
NCSB No. 61390
**THE MACK LAW FIRM, PLLC**
4242 Six Forks Road, Suite 1550
Raleigh, North Carolina 27609
Tel: (984) 480-7147
Email: legal@themacklaw.com

/s/ Jacqueline M. Sale
Jacqueline M. Sale, Esq.
CA State Bar No. 343485
JAX LAW OFFICES
18723 Via Princessa #102
Santa Clarita, California 91387
Tel: (833) 225-5299
Email: info@jaxlawoffices.com

**DECLARATION OF AMINA M. MACK IN SUPPORT OF FORMER COUNSEL'S OPPOSITION**

I, Amina M. Mack, declare as follows:

1. I am an attorney and was admitted pro hac vice in this action as counsel for Plaintiff Matthew Thomas Joyce. I submit this declaration in support of former counsel's opposition to Plaintiff's Motion for Conditions on Withdrawal, Delivery of the Client File, and Certification of Compliance. I have personal knowledge of the facts stated here, except where stated on information and belief, and could testify competently to them.

2. The Mack Law Firm, PLLC maintained the principal electronic matter file for the representation and coordinated the post-withdrawal file transmittal.

3. On June 25, 2026, the firm transmitted Plaintiff a June 24 closing letter and file-return package. The package listed: the response letter and retainer accounting; the available Amazon service materials and proof of service; the available case-file materials maintained by the firm; and available communications with opposing counsel and case-management contacts that had also been forwarded to Plaintiff during the representation. Plaintiff filed the closing letter as Exhibit W to his present motion.

4. The June 24 letter explained that the firm was providing file materials in the format maintained by the firm and reasonably available for production, including existing native-format documents where such files existed. It also explained that some materials existed only in the form received, filed, exported, or maintained. I have reviewed the firm's Clio Client Portal records, which show that Plaintiff's client file was delivered to him through the portal and that he opened it.

5. Plaintiff's present motion identifies the May 19, 2026 counsel-to-counsel correspondence

filed by ARB at ECF No. 56-8 as a specific communication he contends was absent from the June 25 production.

6. On September 1, 2026, after I reviewed the firm's transmission records, Nadine Ludeke, on behalf of The Mack Law Firm, sent Plaintiff a supplemental email at m.joyce07@proton.me attaching: (a) the email chain containing the May 19 correspondence; (b) Clio Client Portal data confirming that his client file was delivered to and opened by him; (c) the firm's June 25 email providing the file by email and OneDrive link, in both EML and MSG formats; and (d) the firm's June 26 email confirming that his specific email address had been granted access to the OneDrive link and that the file would also be shared through the Clio Client Portal, likewise in EML and MSG formats. The EML and MSG copies preserve ordinary email-message metadata. As of that transmission, the specific correspondence identified in the motion had been sent directly to Plaintiff, together with the file-delivery and access records.

7. The firm is preserving representation-related materials in its possession. To my knowledge, the firm has not intentionally deleted, altered, or withheld client materials for the purpose of preventing their return to Plaintiff.

8. If Plaintiff identifies a particular, nonduplicative existing client material that is reasonably necessary to his continuing representation and the firm locates it in its possession, custody, or control, the firm is willing to transmit it in the form in which the material is reasonably maintained or exportable, subject to applicable confidentiality protections.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 2, 2026.

/s/ Amina M. Mack
**AMINA M. MACK**

**DECLARATION OF JACQUELINE M. SALE IN SUPPORT OF FORMER COUNSEL'S OPPOSITION**

I, Jacqueline M. Sale, declare as follows:

1. I am an attorney licensed in California, State Bar No. 343485, and served as sponsoring counsel for Attorney Amina M. Mack's pro hac vice appearance. I submit this declaration in support of former counsel's opposition to Plaintiff's motion. I have personal knowledge of the facts stated here and could testify competently to them.

2. The Mack Law Firm, not I, maintained and controlled Plaintiff's client file and coordinated the post-withdrawal transmittal.

3. I did not receive, maintain, or take custody of Plaintiff's client file. I do not possess, control, or have access to a separate or duplicate client file for Plaintiff.

4. When I received notice of the present file-return issue, I promptly informed Attorney Mack and the Mack firm that, as sponsoring counsel, I did not have Plaintiff's file and asked them to address the matter as soon as possible.

5. I have not intentionally withheld, deleted, or altered any client-file material. I have no client-file materials in my possession, custody, or control to produce to Plaintiff.

6. Because I did not maintain or administer the Mack firm's client file or its transmittal, I cannot certify that file's contents, completeness, format, metadata, or handling history.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 2, 2026.

/s/ Jacqueline M. Sale
**JACQUELINE M. SALE**

**CERTIFICATE OF SERVICE**

I certify that on September 2, 2026, I electronically filed the foregoing Former Counsel's Opposition to Plaintiff's Motion for Conditions on Withdrawal, Delivery of the Client File, and Certification of Compliance, together with the Declarations of Amina M. Mack and Jacqueline M. Sale, using the Court's CM/ECF system. The Notice of Electronic Filing will serve all registered CM/ECF users.

I further certify that on September 2, 2026, I served Matthew Thomas Joyce, Plaintiff, Pro Se, by electronic mail at m.joyce07@proton.me and by depositing a copy in the United States mail, postage prepaid, addressed to 600 Market Grove Drive, Suite 100, Wake Forest, North Carolina 27587.

By: /s/Amina M. Mack, Esq.
Amina M. Mack (NCSB No. 61390)
**THE MACK LAW FIRM, PLLC**
4242 Six Forks Road, Ste. 1550
Raleigh, NC 27609
Tel: 984-480-7147
legal@themacklaw.com

Former Attorney for Plaintiff