Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

FILED
SEP 18 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ____ DEPUTY CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

MATTHEW JOYCE, an individual,
Plaintiff,
v.
ARB GAMING LLC dba MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1–50,

Defendants.

Case No. 2:25-cv-01868-DJC-CSK (PS)

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE COURT'S NOTICE OF INTENT TO DISMISS (ECF NO. 111) AS TO DEFENDANT AFFIRM, INC.**

Submitted on the papers, L.R. 230(g); hearing vacated (ECF No. 111). Magistrate Judge Chi Soo Kim.

## I. INTRODUCTION

On August 19, 2026, the Court gave notice that it may dismiss on its own motion Counts Six, Seven, Eleven, and Twelve against Defendant Affirm, Inc., "to the extent these claims against Defendant Affirm, Inc. are barred by California's public policy against judicial resolution of gambling-related claims." ECF No. 111. The notice cites In re Apple Inc. App Store Simulated Casino-Style Games Litigation, 806 F. Supp. 3d 1015, 1034-35 (N.D. Cal. 2025), affords thirty days under Wong v. Bell, 642 F.2d 359, 362 (9th Cir. 1981), and reaches the counts only "to the extent" the policy bars them. What issues from it is findings and recommendations to the District Judge, 28 U.S.C. § 636(b)(1)(B); L.R. 304, with fourteen days to object.

This is a consumer credit case. These are consumer credit counts against a lender, *and the conduct continues today.* Affirm declared these loans prohibited on January 27, 2025, then kept drawing payments from Plaintiff's bank account, sent twenty-eight collection notices, and furnishes the loans to Experian still. Plaintiff's credit before these loans was unblemished. His oldest account was opened in August 2006, nineteen years and eleven months before the disclosure, and nothing he held before December 2024 is reported late. Joyce Decl. Ex. D1 at 1. Affirm itself had lent to him before. On December 22, 2020 Affirm opened an account that Plaintiff paid and closed, which the same disclosure reports as "Paid, Closed/Never late" and rates "Exceptional payment history." Id. Ex. D1 at 22. Four years later Affirm lent to him again, and by January 27, 2025, when it called the loans prohibited, its own message listed one hundred six loans. Joyce Decl. Ex. B. Fourteen of those loans reach Experian as accounts opened between December 16, 2024 and January 3, 2025. Every one of the fourteen is reported "potentially negative," and twelve of them are charged off with a balance updated July 3, 2026. Id. Ex. D1 at 8-21. The July 21, 2026 disclosure reports a FICO 8 of 589 and counts sixteen accounts as ever late; the other two are a Goldman Sachs account (the Apple Card, whose dispute history is pled at FAC ¶¶ 129-134) opened April 5, 2025 and a Credit One account opened February 2, 2025; neither reports a late payment until November 2025 and April 2026 respectively. Id. Ex. D1 at 1, 24, 30. Every late mark on Plaintiff's credit, without exception, belongs to an account opened between December 16, 2024 and April 5, 2025. The counts ask the creditor to return what it collected, correct what it furnished, and stop collecting. Count Eleven is not pleaded against Affirm.

Plaintiff asks Affirm for nothing he wagered. He asks what any borrower may ask of any lender: that it stop the debits on loans it declared prohibited, correct what it reports about them, and return the interest it collected after it said so. Those are consumer credit claims. They read the same on any label the loans are given, because a lender's duties do not change with the name of the merchant, and Affirm knew the name. Affirm wrote "Modo Gold Coins" in its own file and listed the one hundred six loans the day it called

them prohibited, and five weeks earlier it had declined a purchase before any funds moved for "LOAN_MISMATCH_WITH_MERCHANT." A card it says it cannot see, it saw.

The memorandum answers the notice in four parts. The policy has two doors, one for actions to recover gambling losses and one for actions to enforce gambling debts, Kelly v. First Astri Corp., 72 Cal. App. 4th 462, 466 (1999), and the second was built to protect borrowers from creditors. The one party that could have raised the policy took the opposite position in writing. These counts go through neither door, because Kelly conditions the bar on "the absence of a statutory right to bring such claims," id. at 489, and what a lender may collect and report is a question the Legislature has answered by statute. And the decision the notice cites is a district court's, unreviewed on this point, with no lender in it.

Every case in this line asked one of two questions: may the one who wagered recover what he lost, or may the house recover what it lent. This case asks a third: may a lender that called these loans prohibited keep the interest, keep the tradelines, and keep the debits. Kelly answered the first two with no. The third it never reached, and nothing in it suggests the answer would be yes. A lender cannot call a loan prohibited, keep collecting it, and then invoke the rule written to stop lenders from collecting such loans.

## II. THE NOTICE AND THE STANDARD

A court may dismiss under Rule 12(b)(6) on its own motion after giving the plaintiff notice and "an opportunity to at least submit a written memorandum in opposition." Wong, 642 F.2d at 362. Dismissal without that opportunity is reserved for the plaintiff who "cannot possibly win relief." Id.; Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987). Dismissal on a ground a defendant has not moved on is permitted only where that defendant is "in a position similar to that of moving defendants," Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981); Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 743 (9th Cir. 2008), and "should not be routine," given "the increased risk of error in the absence of full adversarial development of the facts and law." Columbia Steel Fabricators, Inc. v. Ahlstrom

Recovery, 44 F.3d 800, 803 (9th Cir. 1995). In the fourteen months since the complaint was filed, no party has briefed whether this policy reaches a lender.

This memorandum addresses only the ground stated in the notice. It does not reargue Affirm's motion (ECF No. 60), answered at ECF No. 95, or Apple's motion (ECF No. 57), answered at ECF No. 94; those papers are cited for what they state on the record, and nothing here concedes any part of either motion. Nor does it address ARB Gaming LLC's motion to compel arbitration (ECF No. 56), answered at ECF No. 96. Consistent with ECF No. 110, this memorandum does not supplement the briefing on ECF Nos. 56, 57, or 64. Plaintiff's answer to ARB's request of September 16, 2026 for leave to file notice of an arbitration award (ECF No. 115) is answered by separate filing; Plaintiff has requested leave to respond to it. ARB appears in Part V for one fact only: who has raised this policy in a court, and who has not.

## III. COUNT ELEVEN IS NOT PLEADED AGAINST AFFIRM

Count Eleven, "payment processor liability," ECF No. 33 ¶¶ 385-400, carries no line naming the defendants it runs against, and the paragraph that identifies them names three: "Goldman Sachs, Apple, and Amazon acted as payment processors." Id. ¶ 390. Affirm is not among them. Affirm's motion said Plaintiff "does not allege that Affirm is a 'payment processor.'" ECF No. 60 at 22:19-20. Plaintiff's opposition answered that the facts beneath the label state claims against Affirm under other theories, ECF No. 95 at 8, and that remains his position: those facts belong to Counts Six and Twelve, where the proposed amendment places them. Affirm's reply states that "'[p]ayment processor liability' is not a cognizable legal theory under California or federal law." ECF No. 105 at 8:8-13. The label was a drafting defect, and the cure is the one Plaintiff proposed in July: Rule 15, with the facts rehoused under the counts that fit them. Plaintiff does not defend Count Eleven as a separate count against Affirm, and nothing in it requires an order as to Affirm. The count as pleaded against those three is not the subject of this Notice, and Plaintiff preserves it.

## IV. THE POLICY DOES NOT BAR COUNTS SIX, SEVEN, OR TWELVE AS TO AFFIRM

### A. Affirm is not in Apple's position, and Apple is the only defendant that briefed the policy.

The notice cites one decision, In re Apple, and Apple is the one defendant in this case that argued the policy. Apple's motion gave it a section of its own, "California public policy bars all claims against Apple." ECF No. 57-1 at 13-15. Affirm's motion did not raise it. ECF No. 60. Affirm's reply, after Plaintiff's opposition, drew the line the other way: Affirm "is alleged only to have issued lawful consumer loans" and "not to have operated, promoted, or participated in any gambling enterprise." ECF No. 105 at 6:28-7:1. So the question the notice presents is whether an argument Apple made about Apple can dismiss the counts against Affirm, on a ground Affirm never raised. The Ninth Circuit permits that only where the second defendant is "in a position similar to that of moving defendants." Silverton, 644 F.2d at 1345. Affirm is not in Apple's position. Three things differ.

What each one did. On Apple's own account, Apple Pay presented a card another institution had already issued. ECF No. 57-1 at 7:10-12. Affirm issued the credit: it underwrote each purchase, priced it, paid the merchant, and billed Plaintiff for principal and interest. Twenty of the December loans, the smaller purchases, were funded at 0.00 percent on the short installment product. The largest purchases, $284.99 to $299.99, were funded at interest, and the rate on them climbed from 14.88 percent on December 13 to 25.28 percent on the ten loans of January 1 and 2, 2025, every one of them shown as active on the January 2025 statement. Joyce Decl. Ex. E.

Where the money came from. Apple's position is that any fee it received came from "Plaintiff's issuing bank or other funding source," not from Plaintiff. ECF No. 57-1 at 21:3. Affirm's return was interest Plaintiff paid under a loan agreement, drawn from his bank account.

What each count asks. The counts against Affirm ask what a creditor collected,

what it furnished to a credit bureau, and whether it may keep collecting. None asks a court to score a wager. Apple's reply anticipated the point as to Apple: "Every asserted injury arises from the same alleged gambling transactions on which the Complaint is based," and "[r]egardless of how Plaintiff labels his injuries, the claims arise from the same alleged gambling transactions." ECF No. 108 at 7:19-28, 8:17-18. That sentence was written about Apple and is answered there. ECF No. 94. It has none for a lender. The counts against Affirm do not relabel a gambling loss. They name conduct that came after the last purchase: thirty-two debits, twenty-eight collection notices, and fourteen tradelines, none of which is a wager, a loss, or a transaction with ARB. Role, revenue, and exposure all differ, and that is not a similar position.

**B. One policy, two doors, and in both of the old credit cases the creditor was the gambling house.**

Kelly states the policy as one that "applies both to actions for recovery of gambling losses and actions to enforce gambling debts." 72 Cal. App. 4th at 466. In Hamilton v. Abadjian, 30 Cal. 2d 49 (1947), a gambling house sued on checks it had cashed at the table. The plaintiff was the creditor, and it lost: "[t]he owner of a gambling house who honors a check for the purpose of providing a prospective customer with funds with which to gamble and who then participates in the transaction thus promoted by his act cannot recover on the check." Id. at 52. In Metropolitan Creditors Service v. Sadri, 15 Cal. App. 4th 1821 (1993), a Nevada casino sued a California resident on markers Nevada law made enforceable. Again the casino was the creditor, and again enforcement was refused, id. at 1823, for a stated reason:

> There is a special reason for treating gambling on credit differently from gambling itself. Gambling debts are characteristic of pathological gambling, a mental disorder which is recognized by the American Psychiatric Association . . . .

Id. at 1830. Kelly adopts the same reasoning: "[t]he cornerstone of the Hamilton rule against enforcement of gaming house debts is not simply that the game played is unlawful, but that the judiciary should not encourage gambling on credit." 72 Cal. App.

4th at 488 (quoting Sadri).

Whatever the transactions are called, the labels in this record are the defendants' own. Affirm's reply calls it "a gambling platform" and the loans "gambling-related." ECF No. 105 at 3:23-25. Affirm's own terms treated the purchases as prohibited. Joyce Decl. Ex. B. One label does not fit: these were not App Store purchases. The decision the notice cites concerned "in-app transactions for virtual chips" on the platforms' own storefronts, 806 F. Supp. 3d at 1025-26, as Apple's motion describes it. ECF No. 57-1 at 22:1-2. ARB's app was not listed on the App Store until May 6, 2025, after Affirm had closed the account, ECF No. 94 at 5, and nearly all of the Affirm loans were processed through Apple Pay, not the App Store. ECF No. 33 ¶ 116. The label does not matter here. The notice cites no statute and no case that excuses a lender from the UCL or from restitution because the borrower's purchases were gambling, and Affirm cites none either. Affirm told this Court it "issued lawful consumer loans." ECF No. 105 at 6:28-7:1. Lawful to collect, then, by bank draft, by twenty-eight collection notices, by fourteen tradelines it furnishes still; and unlawful only when the borrower asks what those collections were for. Applied the way the notice suggests, the Court would not be enforcing the policy. It would be enforcing the loans.

The operative complaint pleads that Plaintiff has a bipolar disorder and that the pattern of borrowing was a symptom of it. ECF No. 33 ¶¶ 17, 40, 224. The proposed amendment states the diagnosis as the treating record has it, Bipolar I Disorder, current or most recent episode manic, Severe, and pleads the episode in the past tense. The Court need not choose a label for the transactions; it need only notice which party the rule was written to protect. The policy shields the borrower from the lender. The borrower here is that consumer. The lender closed his account for what it called, in its own words, gambling, and kept collecting. Joyce Decl. Ex. B. The notice would hand that lender the borrower's shield.

**C. Who calls these loans gambling, and who declined to.**

Only one party asked the Court to apply this policy, and it was not Affirm. Affirm, to the Court: Affirm "is alleged only to have issued lawful consumer loans" and "not to have operated, promoted, or participated in any gambling enterprise." ECF No. 105 at 6:28-7:1. Three pages earlier the same brief describes "forty-six loans to a gambling platform" and "forty-six gambling-related loans." Id. at 3:23-25. Affirm's papers cite neither Kelly nor the Apple decision. Apple briefed the policy as a bar. ECF No. 57-1 § II. That ends the Silverton inquiry. Apple asked for the policy and said why. Affirm did not ask, and told the Court the opposite: lawful loans, no gambling enterprise. A defendant is not "in a position similar to" the moving defendant when its own brief takes the opposite position. 644 F.2d at 1345. The Court would not be extending Apple's argument to a defendant like Apple. It would be making, for Affirm, an argument Affirm told the Court does not apply to Affirm, and dismissing Plaintiff's counts on it. That cannot happen on a notice.

Affirm, to Plaintiff, eighteen months before that reply: "[a] review of your account activity identified transactions aiming to engage into gambling," a message that closed, "This is a final decision." Joyce Decl. Ex. B. On a recorded call of April 13, 2025, Affirm's representative told Plaintiff that Affirm does not support transactions that could be considered illegal or gambling, and that Affirm's system had already detected the purchase as gambling. Joyce Decl. ¶ 14. The day after the final decision, Affirm's representative wrote that "our system does not catch violations until the merchant has captured the funds, since the Visa cards can be used or swiped with any merchant that accepts card payment." Id. Ex. K. Affirm's own decline of December 21, 2024, issued before any funds moved, says otherwise. Id. Ex. A. Affirm's letter to Plaintiff, its message the next day, and its brief to the Court cannot all be right. Which one is right is a question of fact, not a ground for dismissal on a notice.

Plaintiff need not ask the Court to characterize the transactions. The point is procedural: the defense the notice would apply belongs to Affirm, and Affirm declined it

in the brief the Court is deciding. That is the principle of party presentation. Kelly's second ground, in pari delicto, rests on illegality, 72 Cal. App. 4th at 490-91, and illegality is an affirmative defense that must be pleaded, Fed. R. Civ. P. 8(c)(1). Trial courts "must be cautious about raising a preclusion bar sua sponte, thereby eroding the principle of party presentation so basic to our system of adjudication." Arizona v. California, 530 U.S. 392, 412-13 (2000). Columbia Steel allowed a court to raise res judicata in part because "courts have an independent interest in raising it," 44 F.3d at 803; the Kelly bar carries no such institutional interest. It is a litigant's defense, and this litigant, represented by counsel throughout, did not raise it. Plaintiff had put the lending theory to his own counsel in writing before the operative complaint was filed. See Part VI, infra. The first door, recovery of gambling losses, is shut by what these counts seek: not one dollar wagered, only what a lender collected and reported. ECF No. 95 at 12. The second door, enforcement of gambling debts, Plaintiff does not ask the Court to open. Hamilton itself affirmed recovery on the checks the casino cashed as cash, because a transaction "fair and regular on its face" is presumed lawful and "the burden of proof of unlawful purpose is upon the person asserting the illegality." 30 Cal. 2d at 52-53. Affirm has not asserted it.

**D. What these counts actually seek.**

Kelly bars "actions for recovery of gambling losses." 72 Cal. App. 4th at 466. Counts Six, Seven, and Twelve seek the $1,717.93 Affirm collected, the $163.45 in interest it charged, correction of what Affirm furnishes to the credit bureaus, and an end to collection. No wager is scored.

On January 27, 2025, Affirm declared every loan prohibited and closed the account. Joyce Decl. Ex. B. It kept drawing. After that message Affirm drew thirty-two ACH payments from Plaintiff's checking account, on February 4, February 20, March 4, March 17, and April 4, 2025. On March 17, 2025, Affirm drew $51.47 from an account that held $2.75, overdrawing it, and the bank charged fees. On April 4, Affirm drew nine times in one day, and the bank charged fees again. Six days later the bank credited all nine debits back under a dispute claim, Claim No. 250410526995, and reversed the fees. Id.

Ex. F. The same day Plaintiff placed a stop on all electronic payments to Affirm, reason recorded as "fraud or dispute"; no Affirm ACH debit appears on any later statement. Id. Ex. L; Ex. F. Those are consequences, not a damages figure. The reporting is current: Affirm furnishes fourteen tradelines to Experian marked "potentially negative," twelve of them charged off with a balance updated July 3, 2026. Id. Ex. D1 (pp. 8-21).

Count Seven pleads quasi-contract in the alternative, as Rule 8(d)(2) permits, and its measure is the interest Affirm received, ECF No. 33 ¶ 307 (¶ 307's single rate is corrected by the statements, Ex. E), not a loss. The Apple decision did not dismiss unjust enrichment on the policy. It dismissed those claims as duplicative, on a point the plaintiffs there did "not really contest" and so "concede[d]." 806 F. Supp. 3d at 1045-46. Plaintiff concedes nothing of the kind. Count Seven is pleaded in the alternative to a loan agreement Affirm itself declared prohibited, and it stands or falls on that, not on the notice's ground. Affirm answers that Plaintiff "has not alleged that the loans were void, rescinded, or otherwise unenforceable at the time of the collection," ECF No. 105 at 5:26-27; the proposed amendment alleges it, on Affirm's own letter. Count Twelve requires "actual knowledge of the specific primary wrong the defendant substantially assisted." In re First Alliance Mortg. Co., 471 F.3d 977, 993 (9th Cir. 2006) (quoting Casey v. U.S. Bank Nat'l Ass'n, 26 Cal. Rptr. 3d 401, 406 (Ct. App. 2005)). That element rests on Affirm's own employee, who wrote on February 12, 2025, "I do see a number of loans with the same merchant MODO, many of them for the same amount," ECF No. 33 ¶ 122, two weeks after Affirm declared the loans prohibited. Six days after that message, on February 18, 2025, Affirm drew on the account again and the bank charged an overdraft fee. Joyce Decl. Ex. F.

**E. Kelly's own condition, and the statutes that satisfy it.**

Kelly's holding is conditional: "[T]his public policy, in the absence of a statutory right to bring such claims, applies to both actions for recovery of gambling losses and actions to enforce gambling debts." 72 Cal. App. 4th at 489. Kelly's claims were barred because the Legislature "has not enacted a statute permitting the use of the process of the

courts" for such claims. Id.; see ECF No. 108 at 7. Here the condition is satisfied twice.

The Rosenthal Fair Debt Collection Practices Act reaches a creditor collecting its own consumer debt, Cal. Civ. Code § 1788.2(c), requires compliance with 15 U.S.C. §§ 1692b through 1692j, and adopts their remedies, id. § 1788.17. It bars collecting "any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law," 15 U.S.C. § 1692f(1); see id. § 1692e(2)(A) (the debt's "character, amount, or legal status"), and supplies its own cause of action, Cal. Civ. Code § 1788.30. The Consumer Credit Reporting Agencies Act provides that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a). Congress saved that subdivision from preemption, 15 U.S.C. § 1681t(b)(1)(F); Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 888 (9th Cir. 2010); Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1173 (9th Cir. 2009) ("the private right of action to enforce California Civil Code section 1785.25(a) is not preempted by the FCRA"), and it carries its own remedy, Cal. Civ. Code § 1785.31.

Those are statutory rights in Kelly's sense: claims about a creditor's collection and reporting, which do not ask whether the game was lawful or whether the player won. Plaintiff does not argue that these statutes repealed the common law policy, the question the Apple court answered, 806 F. Supp. 3d 1015, slip op. at 16. He argues Kelly's condition, which that court had no occasion to reach because no lending or collection statute was before it.

On this point Plaintiff sides with Apple's counsel. John Samuel Gibson of DLA Piper signed Apple's motion in this case, ECF No. 57-1 at 1, and is Apple's counsel of record in the case the notice cites. In re Apple, No. 5:21-md-02985, Doc. 169-1 ¶ 1 (N.D. Cal. Sept. 5, 2025) ("I am a partner in DLA Piper LLP (US), counsel of record for defendant Apple Inc."). He briefed the policy there and briefed it again here, and Plaintiff does not reopen either motion. He reads them. In the case the notice cites, Apple answered the charge that it was a bookie this way: "Defendant is no more of a 'bookie' than a

financial institution that loans an individual money, who then uses that money to gamble." Doc. 97 at 6 (May 13, 2022). At the hearing that preceded the decision the notice cites, Apple's counsel put it plainly: "a bookie or a cage cashier is completely different than the situation you have with Apple and the other defendants who are merely providing payment processes and services, much like a credit card company, and that's content neutral, and so it is not being involved in gambling." Doc. 165 at 29:1-5 (Mar. 20, 2025). In this case, to keep Apple clear of these counts, the same motion told the Court that, "[u]nlike the allegations against some other defendants, Plaintiff does not allege that Apple extended credit or funds of any kind to him," ECF No. 57-1 at 7:10-12, and, on reply, that "Apple was not the entity deciding whether transactions would be approved, declined, financed, or funded. Rather, Plaintiff alleges that all of these decisions were made by third-party financial institutions, including Affirm and the issuing banks." ECF No. 108 at 2:14-17. On either telling, the party that puts up the money stands outside the gambling transaction: in Apple's own words, a financial institution that loans money, a credit card company, or the institution that financed and funded the purchase. Apple's counsel drew that line for the court the notice cites and again for this Court, and placed Affirm on the far side of it. The notice would erase that line. Apple's counsel did not.

Mr. Gibson agrees with Plaintiff a second time. On reply he described the bar as turning "on the nature of the underlying claim as one seeking recovery of gambling losses," not on "the defendants' specific role in the transaction chain." ECF No. 108 at 8:7-10. So read, the policy asks what the claim seeks, and a claim about a lender's collection and reporting does not seek gambling losses.

**F. The notice's premise supplies the words "not permitted by law."**

In the alternative, Fed. R. Civ. P. 8(d)(2)-(3): if the loans fall within the policy, as the notice supposes, then a creditor that keeps drawing payments on such an obligation misstates the debt's "legal status," 15 U.S.C. § 1692e(2)(A), and one that furnishes it as an undisputed debt furnishes incomplete information, Cal. Civ. Code § 1785.25(a), (c). If the loans fall outside the policy, the notice's ground does not reach them. Either way the

policy does not bar a statutory claim about collection; on the first branch it is that claim's predicate. Affirm's reply rests its collection on "valid, outstanding loan obligations." ECF No. 105 at 7:10. The notice's premise is that they are not. Affirm's letter says what it says. If Affirm now reads it differently, that is a dispute about a document, not a ground for dismissal on a notice under Rule 12, where the pleaded facts are taken as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

**G. Count Six, as pleaded and as cured.**

As pleaded, Count Six rests on the unlawful prong through "Cal Fin Code § 22000," ECF No. 33 ¶ 296, and on the unfair prong, id. ¶ 297. Affirm answers that § 22000 "does not facially create any cause of action." ECF No. 60 at 24 n.8. The Rosenthal Act and the Consumer Credit Reporting Agencies Act are not named as Count Six predicates in the operative complaint; the amendment names them, as predicates and as counts of their own. Kelly's condition asks whether a statutory right to bring the claim exists, not whether the pleading named the best predicate. Section 17200 is itself the Legislature's cause of action: its unlawful prong "borrows" violations of other laws and makes them "independently actionable," Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999), and restitution under it reaches money in which the plaintiff has an ownership interest, Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1149 (2003), which describes payments drawn from Plaintiff's account. A defect in the predicate named is a pleading matter that amendment answers, far from a categorical bar.

**V. THE DECISION THE NOTICE CITES IS ONE JUDGE'S, UNREVIEWED ON THIS POINT, AND HAS NO LENDER IN IT**

A district court decision "is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." Camreta v. Greene, 563 U.S. 692, 709 n.7 (2011). On California law this Court follows the California Court of Appeal absent "convincing evidence that the state's supreme court

likely would not follow it." Ryman v. Sears, Roebuck & Co., 505 F.3d 993, 994 (9th Cir. 2007). Kelly, Sadri, and Hamilton are that law.

The passage has not been reviewed. The Apple court certified its order under 28 U.S.C. § 1292(b) for the Section 230 issues, 806 F. Supp. 3d 1015, slip op. at 34-35, and the plaintiffs' conditional cross-petition, which would have put the California ruling before the Ninth Circuit, was denied. Custodero v. Apple Inc., No. 25-6437, Dkt. 14 (9th Cir. Dec. 16, 2025). The passage held that the policy "applies to all forms of gambling, whether legal or illegal," and that because "gambling is at the heart of Plaintiffs' claims," the court saw "no path for Plaintiffs to plead around this policy." 806 F. Supp. 3d at 1034-35. Those were players' claims against the platforms that sold them the chips, and the claims of every other state survived, id. at 1045, as Apple concedes, ECF No. 108 at 9. The decision has no lender, creditor, or borrower in it: it does not cite Sadri or Hamilton, it never reaches Kelly's "absence of a statutory right" condition, and no aiding-and-abetting count was before it.

A California court has read Kelly the other way. In Portugal v. High 5 Entertainment, LLC, No. CGC-24-621047 (S.F. Super. Ct. Aug. 14, 2025), an operator raised Kelly's "strong, broad, and long-standing public policy" on demurrer to a player's consumer claims. The court overruled it: "Kelly and cases it follows resist placing a judicial imprimatur on gambling. Here, Portugal seeks the opposite. . . . The sensible policy justifications for the longstanding rule Kelly invokes do not apply here." Minutes at 3 (attached as Ex. I). ARB Gaming LLC, the merchant these loans paid and the only operator in this action, has not raised the policy in this Court. It is named here for that fact alone. That was a player suing the house; a borrower suing his lender over collection and reporting stands further still from the policy's reason. Plaintiff has found no published decision applying Kelly or the Apple decision to any lender or card issuer. The defendants who would benefit from the policy do not agree on what it is. Apple says it turns on what the claim seeks. ECF No. 108 at 8:7-10. Affirm says these are lawful consumer loans outside any gambling enterprise. ECF No. 105 at 6:28-7:1. ARB, the operator, has not

raised it at all. Three defendants, three positions, and not one of them the notice's. Whichever forum a defendant prefers for Plaintiff's claims, the policy does not absolve a creditor of the collection and reporting statutes. It was written to keep courts from helping a creditor collect a gambling debt, not to help one.

The line runs one way. In Kelly, the defendant was a casino operator and the plaintiff a player suing for his own losses; the claims were barred. In Sadri, the casino sued as creditor, and enforcement was refused. In Hamilton, the gambling house sued as creditor, and enforcement was refused. In In re Apple, the defendants were app-store platforms and the plaintiffs were players; the California claims were barred and every other state's claims proceeded. In Portugal v. High 5, the defendant was a social-casino operator and the plaintiff a player, and the Kelly demurrer was overruled.

Not one lender, and the two creditors in the line both lost.

Whether the platform is called social gaming or gambling, these counts turn on the lending. What the transactions were remains a question of fact: the receipts price the coins at par with the dollar, and thirteen purchases carried no sweepstakes coins at all. Joyce Decl. ¶ 10 & Ex. H.

## VI. LEAVE TO AMEND

Affirm's own authority states the rule: leave is warranted "if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc), cited at ECF No. 105 at 9:21-23. Lopez requires leave "even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Id.; see Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Affirm counts "three chances." ECF No. 105 at 9:18, 10:9. Eminence Capital, which Affirm cites for the standard, reversed a denial of leave built on that count. The Ninth Circuit held it was "not a case where plaintiffs took 'three bites at the apple' by alleging and re-alleging the same theories in an attempt to cure pre-existing deficiencies," because the amended pleading "included additional theories not previously alleged." 316 F.3d at 1053. Neither is this. Every

complaint in this action was filed by counsel. ECF Nos. 1, 30, 33. Counsel noticed their termination on May 28, 2026, withdrawal was granted on May 31, and Affirm moved on June 1. ECF Nos. 54, 58, 60. Affirm had known since May 19 that Plaintiff would be "proceeding as a pro se." ECF No. 51-1 ¶ 3. The Court set Plaintiff's oppositions "[t]aking into consideration that Plaintiff will proceed pro se in this action." ECF No. 66. No pleading here was drafted by Plaintiff, and none has been amended in answer to the ground stated in the notice, because no party raised it as to Affirm.

The collection and reporting facts were in counsel's hands before the operative complaint was filed, and this policy was put to counsel in writing. On February 16, 2026, the day before the First Amended Complaint (ECF No. 30) and two weeks before the operative corrected pleading (ECF No. 33), Plaintiff wrote to counsel that Affirm's lending was predatory and that Affirm knew it; on April 7, 2026, that the loans had defaulted, asking what could be done about the collection and the credit damage; and on April 15, 2026, on this policy and why it does not reach a lending claim. Joyce Decl. ¶ 15. None of it was pleaded. These are lending counts, and the proposed Second Amended Complaint will be the first pleading in this case written by Plaintiff.

Rule 15's policy is "to be applied with extreme liberality." Eminence Capital, 316 F.3d at 1051. Prejudice to the opposing party "carries the greatest weight," that party "bears the burden of showing prejudice," and "[a]bsent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id. at 1052. Affirm's reply does not claim prejudice from amendment. It argues futility alone, and "[d]ismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." Id. (citing Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996)). The notice warns that a failure to oppose "may result in a recommendation that Plaintiff's claims be dismissed without leave to amend," ECF No. 111, and Affirm's reply asks that leave be denied because "further amendment would be futile." ECF No. 105 at 9:16-19. Plaintiff answers those two papers here and no other. Futility means incurable on the face

of the pleading. Each fact below comes from a document in Plaintiff's possession: (1) the December 21, 2024 decline of a purchase before funds moved, reason "LOAN_MISMATCH_WITH_MERCHANT," Joyce Decl. Ex. A; (2) the January 27, 2025 message identifying "transactions aiming to engage into gambling," listing one hundred six loans and announcing "a final decision," id. Ex. B; (3) twenty-eight collection notices from February 18 through March 31, 2025, Joyce Decl. ¶ 6, the last warning that the debt would be reported "to the credit bureaus," id. Ex. C; (4) thirty-two payments drawn after that message, nine of them credited back by the bank on April 10, 2025 under a dispute claim, id. Ex. F; (5) fourteen tradelines marked "potentially negative," twelve of them charged off, on a disclosure generated July 21, 2026, id. Ex. D1 (pp. 8-21); (6) the loan documents naming Celtic Bank and Affirm Loan Services, LLC as creditors and Affirm, Inc. as Loan Agreement Holder and furnisher of record, ECF No. 1 at 312-46; (7) the diagnosis, as stated in Part IV.B; and (8) counts under the Rosenthal Act and the Consumer Credit Reporting Agencies Act, and those statutes as Count Six predicates.

Standing as to Affirm rests on collection and furnishing that continue now.

One sequence closes this. The Affirm accounts went late first, beginning in April 2025, and twelve of the fourteen are charged off. The Apple Card, opened April 5, 2025, reported current every month through October 2025 and carried its first late mark in November 2025. The Credit One account carried its first in April 2026. Joyce Decl. Ex. D1 at 8-21, 24, 30. Affirm's marks came first; every other mark on the file followed them, in that order. No part of it is a wager.

## VII. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

**1.** Decline to recommend dismissal of Counts Six, Seven, and Twelve as to Affirm on the ground stated in ECF No. 111;

**2.** Note that Count Eleven is not pleaded against Affirm, so no order on it is required.

Dated: September 18, 2026

Respectfully submitted,

Signed by:
Matthew Joyce
07B601B840D34AB...

Matthew Joyce

Plaintiff, Pro Se

Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br>Plaintiff,<br>v.<br>ARB GAMING LLC dba MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1–50,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**DECLARATION OF MATTHEW JOYCE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO THE COURT'S NOTICE OF INTENT TO DISMISS (ECF NO. 111)** |

I, Matthew Joyce, declare as follows:

**1.** I am the Plaintiff in this action, proceeding pro se. I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify to them.

**2.** This declaration is submitted only in support of my memorandum in opposition to the Court's notice at ECF No. 111. It does not supplement the briefing on ECF Nos. 56, 57, 60, or 64.

**3.** Each document attached to this declaration is in my possession, and each fact stated below can be pleaded in a Second Amended Complaint, for which I will seek leave by separate motion.

**4.** Exhibit A is a true copy of the transaction detail from my Affirm account for an

attempted purchase on December 21, 2024, which I captured from the Affirm application on my phone. It shows the decline reason "LOAN_MISMATCH_WITH_MERCHANT."

**5.** Exhibit B is a true copy of the message I received from Affirm's Help Center on January 27, 2025, with Affirm's follow-up message of January 28, 2025, printed from the native emails in my mailbox. The January 27 message lists one hundred six loans by identification number and states that it is "a final decision."

**6.** Exhibit C is a true copy of the collection notice Affirm sent me by email on March 31, 2025, printed from the native email in my mailbox. It was the last of twenty-eight such notices Affirm sent me between February 18 and March 31, 2025.

**7.** Exhibit D1 is a true copy of pages 1, 8 through 22, 24, and 30 of the consumer disclosure I generated from my own Experian account on July 21, 2026; the complete disclosure is available on request. Page 22 reports an Affirm account opened on December 22, 2020, in the original amount of $434 on six-month terms, with the status "Paid, Closed/Never late" and the rating "Exceptional payment history." That loan paid for a pair of Jordans I purchased from StockX, and I paid it off over the six months.

**8.** Exhibit E consists of true copies of pages 1, 5, and 6 of the Affirm Card account statement for December 2024 and pages 1 and 4 of the statement for January 2025, as Affirm provided them through my account; those pages carry the statement headers and the summaries of outstanding installment loans. The complete statements are available on request.

**9.** Exhibit F consists of true copies of pages of my Bank of America checking account statements: pages 1, 4, and 5 of the statement for January 16 to February 12, 2025; pages 1, 3, and 4 of the statement for February 13 to March 14, 2025; and pages 1, 3, 4, 5, and 6 of the statement for March 15 to April 15, 2025. The complete statements are available on request. The names of individuals other than me and Jamie Stahura, my home address, and all but the last four digits of the account number are redacted. The debits on those statements labeled "AFFIRM INC" are withdrawals Affirm drew from my account by ACH. The March 15 to April 15, 2025 statement reports a beginning balance

of $2.75 on March 15, 2025 and shows no transaction between March 15 and March 17, 2025; on March 17, 2025 it shows an Affirm debit of $51.47, a $12.00 monthly maintenance fee, and a $10.00 overdraft item fee. On April 4, 2025, Affirm drew nine debits from the account totaling $483.75, and the bank charged two fees. On April 10, 2025, the bank credited all nine debits back to the account under Claim No. 250410526995, and on April 11, 2025 it reversed $20.00 in fees.

**10.** Exhibit H consists of an index I prepared of sixteen Modo.us purchase receipts from my crash07222@gmail.com mailbox, listing each receipt's date, Payment ID, dollar amount, and sweepstakes coins, together with a true copy of one of those receipts. Three of the sixteen receipts show sweepstakes coins in a number equal to the dollars paid, and the attached receipt is one of them. Thirteen of the sixteen, dated December 4, 2024 to March 16, 2025, show no sweepstakes coins. The complete set of sixteen is available on request.

**11.** Exhibit I is a true copy of the minutes of August 14, 2025 in Portugal v. High 5 Entertainment, LLC, No. CGC-24-621047, San Francisco Superior Court, as obtained from that court's records.

**12.** Exhibit K is a true copy of page 2 of a print from my mailbox, carrying the message Affirm customer care sent me on January 28, 2025 at 5:57 AM; the complete print is available on request.

**13.** Exhibit L is a true copy of the confirmation Bank of America issued for the stop I placed on April 10, 2025 on all electronic payments to Affirm, with the reason recorded as "fraud or dispute." The confirmation is dated April 10, 2025 and states the request as "Stop all ACH/electronic payments to a specific recipient." No Affirm ACH debit appears on any statement for my account after that date.

**14.** On April 13, 2025, I spoke by telephone with an Affirm representative and recorded the call. The recording is in my possession. During that call the representative told me that Affirm does not support transactions that could be considered illegal or gambling, and that Affirm's system had already detected the purchase as gambling. The

representative also compared Affirm's handling of my purchases to Walmart, saying that Walmart does not allow groceries to be purchased using Affirm but that some such purchases go through because Affirm's system may not detect them the first time.

**15.** On February 16, 2026, under the subject "Re: Matthew Joyce Amended Complaint," on April 7, 2026, under the subject "10-99 and defaulted affirm loans questions," and on April 15, 2026, under the subject "Amina intel to run with | Factual recent cases and rulings," I wrote to my then-counsel about Affirm's lending, the default and collection of the loans and their reporting, and the California policy discussed in my memorandum. To the extent describing those emails by date and subject implicates the attorney-client privilege, I waive it to that extent only.

**16.** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 18, 2026,

at Wake Forest, North Carolina.

Signed by:
Matthew Joyce
07B601B840D34AB...

Matthew Joyce

Plaintiff, Pro Se

4:20 5G

X

## Ysi Pulsz.Com

# $84.99

DEC 21, 2024 • 8:39 PM

**Transaction status**

**Declined**

Posted date: Dec 21, 2024

**Purchase ID**

01JFP0APG1KGSW0ZH8E7C8FX87

Your purchase was declined because LOAN_MISMATCH_WITH_MERCHANT.

Gmail **Matt J <crash07222@gmail.com>**

## Affirm

<crash07222@gmail.com> Tue, Mar 11 at 3:44 PM
To: <modosoperandi@protonmail.com>

Affirms response to me asking when they realized if loans are used for gambling

Sent from App for Gmail

-------- Forwarded message --------
From: USA - customercare@affirm.com <customercare@affirm.com>
To: crash07222@gmail.com <crash07222@gmail.com>
Date: Tuesday, January 28, 2025 at 5:57 AM -05:00
Subject: Re: Affirm Follow Up [ thread::pR8eBoeiMjCJhRUKvzx1hnQ:: ]

Hello Matthew,

Thank you for your response. I'd be happy to provide additional information as it pertains to your concern.

Please note that as your purchases were done with an Affirm Card or one-time virtual card, our system does not catch violations until the merchant has captured the funds, since the Visa cards can be used or swiped with any merchant that accepts card payment. Once the merchant has captured and posted the funds, our system determines if it is a purchase or merchant that is in violation with our Terms of Service.

Again, I apologize for this inconvenience and thank you for your understanding and cooperation.

Kindly,

Kristen E.
Affirm Help Center
helpcenter.affirm.com

--------------- Original Message ---------------
**From:** [crash07222@gmail.com]
**Sent:** 1/27/2025, 11:44 PM
**To:** customercare@affirm.com
**Subject:** Re: Affirm Follow Up [ thread::pR8eBoeiMjCJhRUKvzx1hnQ:: ]

So why did you let me borrow 10k before you suspended account? Do you guys not track transactions? Sounds like I shouldn't be liable then?

Sent from App for Gmail

Monday, January 27, 2025 at 11:07?PM -05:00 from customercare@affirm.com <customercare@affirm.com>:

Hello Matthew,

Kristen from Affirm here, I hope you are well. I am contacting you due to a Terms of Service violation which has been identified in your account activity. Please allow me to explain further.

The Terms of Service is a policy which aims to protect Affirm's integrity. The policy has a set of rules which regulate the usage of Affirm's services and provide guidance on the prohibited activities. The restricted actions under those terms include but are not limited to:

- Purchasing Ammunition/ Firearms/ Weapons/ Narcotics/ Steroids/ Paraphernalia/ Currency (including cryptocurrency) or any goods deemed unacceptable by Affirm or its banking partners
- Performing a Cash Advance/ Wire or Money Transfer
- Providing False/Inaccurate/ Misleading Information or information belonging to any other person than yourself
- Violating any applicable law, statute, regulation or ordinance or breach of any agreement with Affirm
- Performing payments towards existing Affirm loan(s) unless approved
- Unauthorized use of Affirm's website or systems/ misuse of passwords or any information posted to the site
- Taking actions which impose an unreasonable or disproportionately large loans on Affirm's infrastructure
- Damaging the infrastructure by the use of viruses/trojans/worms/time bombs/cancelbots etc.

A review of your account activity identified transactions aiming to engage into gambling. Please note, this includes cases such as lotteries, virtual casinos, fantasy sports leagues, internet gaming, contests, sweepstakes and games of chance.

This description refers to loans U55E-0I86, 8VU3-YAIL, ZKGE-YH2I, Q163-ONEG, 41AJ-3KHG, CEVS-W9CY, S8R0-8QFM, 065D-CSEE, MVHR-PXY6, E7O7-UCXE, VJM9-LD3Z, YCEC-09DU, VYCK-9YKS, R1GL-UKGK, IGB1-PRGW, 9QIK-FPXZ, 1WWC-35E8, KLXV-R24N, HSHV-DJTC, EI0K-IFNY, ZY6V-71F4, K30X-U1Q8, KO17-XOSX, WE4T-O3UL, PT8V-YEAX, S6YU-J176, R2AE-71UR, TD0J-JR42, 5BUX-EU3M, EYIU-E7Q1, 44B9-XBZC, DLDC-AOLI, RXFZ-1RDG, 4TDY-6AVQ, S73V-TDPR, 8I0Q-IHC4, 7YOR-40FJ, LKJS-Q3G4, 8P2W-5KVK, HMYZ-S6LV, KJCN-JN8P, U2LB-UPMQ, 9Q93-M33U, RB7T-X6KF, VW71-HZ1S, FYYL-UNF0, 8LS3-FY3F, 21V1-GA1B, 4LBS-QSHJ, 5XHJ-RD8C, RUMH-YNPY, I6JW-PMA6, H3XL-8AXK, LRQZ-KARM, FN9H-Q5X1, AZ1L-KHGV, RF6T-4M7N, 4RL7-UVC5, I7O9-PBB3, 50MY-O9TP, VVOZ-VJMZ, GPZV-O1JM, BBB3-MO2K, EMBQ-IY0B, J20L-EVF6, 0OS7-C9S9, CW7Q-B69J, 1HJF-V8ZJ, YNA4-EG26, KJNO-XRAH, L5UK-5HZ3, 7F6H-JWGJ, L35Y-MGWY, UAH0-A926, V1UU-NA9V, IC13-4M1W, 36WS-YZHV, WE5T-AHYC, 1FTX-QJR2, QOJB-AF6I, 8YXF-7YEK, PTOZ-LJPZ, RUHJ-08KF, LVRU-02UO, XYHS-BM6K, 4QK9-59G5, ACGY-CZ9L, 7SZO-VB8W, H8G0-XL6T, J42D-YW87, 6GIL-B1IO, JL4U-GH00, GY4G-1X4V, SN9M-6QCK, MD9B-OPD9, GBUL-MQQT, 1054-NHDS, C8SA-ITHV, 7GWV-446O, 7FNJ-1A2X, WGII-XA5V, 49IG-XIU3, V1FY-JPHH, QWMG-Z2UD, LFQ4-9B4T, UCC7-EMW3 and your Affirm Card transactions with "Modo Gold Coins" and "YSI PULSZ.COM."

Following the review, your account will not be eligible for re-enabling. This is a final decision. For more information, please view the full Terms of Service at affirm.com/terms.

We apologize for any inconvenience. For any additional questions or concerns, please don't hesitate to contact us by visiting our Help Center or by calling 855-423-3729 between the hours of 7am and 10pm CT seven days a week.

Best,

Kristen E.
Affirm Help Center
helpcenter.affirm.com

thread::pR8eBoeiMjCJhRUKvzx1hnQ::

To unsubscribe from this group and stop receiving emails from it, send an email to customercare+unsubscribe@affirm.com.

**From:** Affirm <affirm-billing@affirm.com>
**To:** crash07222@gmail.com
**Date:** Mon, 31 Mar 2025 18:44:46 +0000 (2:44 PM EDT)
**Subject:** If your payment isn't made, it could be reported

---

# Take action to prevent negative credit reporting

It's not too late to make your payment before it's reported to the credit bureaus.

When a late payment is reported, it could come with significant negative impacts to your credit report.

**It's important that you make this payment immediately.**

Modo

**$27.06**
**15 days overdue**

Pay now

Your total overdue balance may be more than this payment.

**Affirm and your credit score**

Wonder how using Affirm might affect your credit score? Learn more

If you have already made the payment, please ignore this message.

*This communication is an attempt to collect a debt and any information obtained will be used for that purpose. We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.*

Loan ID: **VVOZ-VJMZ**

If you need help, call (855) 423-3729, or visit our Help Center.

You are receiving this email because you conducted a transaction with Affirm. Visit us at affirm.com to view our Terms of Service or our Privacy Policy.

experian.

**Prepared For**

**MATTHEW JOYCE**

Personal & confidential

**Date generated:** Jul 21, 2026

# At a glance

## FICO® Score 8

**589** FICO SCORE 8
Experian data Jul 21, 2026

300 — 850

Fair

## Account summary

| | |
|---|---|
| Open accounts | **5** |
| Self-reported accounts | **0** |
| Accounts ever late | **16** |
| Closed accounts | **0** |
| Collections | **0** |
| Average account age | **5 yrs 7 mos** |
| Oldest account | **19 yrs 11 mos** |

## Overall credit usage

**21 %**

Credit used: **$6,048**

Credit limit: **$28,550**

## Debt summary

| | |
|---|---|
| Credit card and credit line debt | **$6,048** |
| Self-reported account balance | **$0** |
| Loan debt | **$0** |
| Collections debt | **$0** |
| Total debt | **$6,048** |

experian. Prepared For **MATTHEW JOYCE** **Date generated:** Jul 21, 2026

# Closed accounts

**●AFFIRM INC** **$107**

potentially negative Closed

**Account info**

| | | | |
|---|---|---|---|
| Account name | **AFFIRM INC** | Balance | **$107** |
| Account number | **RB7TX6XX** | Balance updated | **Jul 03, 2026** |
| Original creditor | **-** | Original balance | **$299** |
| Company sold | **-** | Monthly payment | **-** |
| Account type | **Unsecured** | Past due amount | **$107** |
| Date opened | **Jan 03, 2025** | Terms | **6 Months** |
| Open/closed | **Closed** | Responsibility | **Individual** |
| Status | **Account charged off. $107 written off. $107 past due as of Jul 2026.** | Your statement | **-** |
| Status updated | **Oct 2025** | | |

**Payment history**

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | CO | CO | CO | CO | CO | CO | CO | - | - | - | - | - |
| 2025 | ✓ | ✓ | ✓ | ✓ | 30 | ✓ | 30 | 60 | 90 | CO | CO | CO |

✓ Current / Terms met 30 Past due 30 days 60 Past due 60 days

90 Past due 90 days CO Charge off - Data Unavailable

**Contact info**

| | |
|---|---|
| Address | **650 CALIFORNIA ST FL 12 SAN FRANCISCO, CA 94108** |
| Phone number | **(855) 423-3729** |

**Comments**

-

experian. Prepared For **MATTHEW JOYCE** **Date generated:** Jul 21, 2026

**●AFFIRM INC** **$184**

potentially negative Closed

**Account info**

| | | | |
|---|---|---|---|
| Account name | **AFFIRM INC** | Balance | **$184** |
| Account number | **J20LEVXX** | Balance updated | **Jul 03, 2026** |
| Original creditor | - | Original balance | **$299** |
| Company sold | - | Monthly payment | - |
| Account type | **Unsecured** | Past due amount | **$184** |
| Date opened | **Dec 16, 2024** | Terms | **12 Months** |
| Open/closed | **Closed** | Responsibility | **Individual** |
| Status | **Account charged off. $184 written off. $184 past due as of Jul 2026.** | Your statement | - |
| Status updated | **Nov 2025** | | |

**Payment history**

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | CO | CO | CO | CO | CO | CO | CO | - | - | - | - | - |
| 2025 | ✓ | ✓ | ✓ | ✓ | 30 | ✓ | ✓ | 30 | 60 | 90 | CO | CO |

✓ Current / Terms met 30 Past due 30 days 60 Past due 60 days

90 Past due 90 days CO Charge off - Data Unavailable

**Contact info**

Address **650 CALIFORNIA ST FL 12 SAN FRANCISCO, CA 94108**

Phone number **(855) 423-3729**

**Comments**

-



Excerpt: pages 1, 8-22, 24 and 30 of 54; complete document available on request.

Exh. D1-3

experian.

Prepared For **MATTHEW JOYCE** **Date generated:** Jul 21, 2026

**●AFFIRM INC** **$215**

potentially negative Closed

### Account info

| | | | |
|---|---|---|---|
| Account name | **AFFIRM INC** | Balance | **$215** |
| Account number | **H3XL8AXX** | Balance updated | **Jul 03, 2026** |
| Original creditor | - | Original balance | **$299** |
| Company sold | - | Monthly payment | - |
| Account type | **Unsecured** | Past due amount | **$215** |
| Date opened | **Jan 03, 2025** | Terms | **6 Months** |
| Open/closed | **Closed** | Responsibility | **Individual** |
| Status | **Account charged off. $215 written off. $215 past due as of Jul 2026.** | Your statement | - |
| Status updated | **Aug 2025** | | |

### Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | CO | CO | CO | CO | CO | CO | CO | - | - | - | - | - |
| 2025 | ✓ | ✓ | ✓ | ✓ | 30 | 60 | 90 | CO | CO | CO | CO | CO |

✓ Current / Terms met 30 Past due 30 days 60 Past due 60 days

90 Past due 90 days CO Charge off - Data Unavailable

### Contact info

Address **650 CALIFORNIA ST FL 12 SAN FRANCISCO, CA 94108**

Phone number **(855) 423-3729**

### Comments

-



Excerpt: pages 1, 8-22, 24 and 30 of 54; complete document available on request.

Exh. D1-4

experian.

Prepared For **MATTHEW JOYCE** **Date generated:** Jul 21, 2026

**●AFFIRM INC** $215

potentially negative Closed

**Account info**

| | | | |
|---|---|---|---|
| Account name | **AFFIRM INC** | Balance | **$215** |
| Account number | **5XHJRDXX** | Balance updated | **Jul 03, 2026** |
| Original creditor | - | Original balance | **$299** |
| Company sold | - | Monthly payment | - |
| Account type | **Unsecured** | Past due amount | **$215** |
| Date opened | **Jan 03, 2025** | Terms | **6 Months** |
| Open/closed | **Closed** | Responsibility | **Individual** |
| Status | **Account charged off. $215 written off. $215 past due as of Jul 2026.** | Your statement | - |
| Status updated | **Aug 2025** | | |

**Payment history**

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | CO | CO | CO | CO | CO | CO | CO | - | - | - | - | - |
| 2025 | ✓ | ✓ | ✓ | ✓ | 30 | 60 | 90 | CO | CO | CO | CO | CO |

✓ Current / Terms met 30 Past due 30 days 60 Past due 60 days

90 Past due 90 days CO Charge off - Data Unavailable

**Contact info**

Address **650 CALIFORNIA ST FL 12 SAN FRANCISCO, CA 94108**

Phone number **(855) 423-3729**

**Comments**

-

experian.

Prepared For **MATTHEW JOYCE** **Date generated:** Jul 21, 2026

**●AFFIRM INC** **$215**

potentially negative Closed

### Account info

| | | | |
|---|---|---|---|
| Account name | **AFFIRM INC** | Balance | **$215** |
| Account number | **I6JWPMXX** | Balance updated | **Jul 03, 2026** |
| Original creditor | - | Original balance | **$299** |
| Company sold | - | Monthly payment | - |
| Account type | **Unsecured** | Past due amount | **$215** |
| Date opened | **Jan 03, 2025** | Terms | **6 Months** |
| Open/closed | **Closed** | Responsibility | **Individual** |
| Status | **Account charged off. $215 written off. $215 past due as of Jul 2026.** | Your statement | - |
| Status updated | **Aug 2025** | | |

### Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | **CO** | **CO** | **CO** | **CO** | **CO** | **CO** | **CO** | - | - | - | - | - |
| 2025 | ✓ | ✓ | ✓ | ✓ | **30** | **60** | **90** | **CO** | **CO** | **CO** | **CO** | **CO** |

✓ Current / Terms met | 30 Past due 30 days | 60 Past due 60 days

90 Past due 90 days | CO Charge off | - Data Unavailable

### Contact info

| | |
|---|---|
| Address | **650 CALIFORNIA ST FL 12 SAN FRANCISCO, CA 94108** |
| Phone number | **(855) 423-3729** |

### Comments

-

experian.

Prepared For **MATTHEW JOYCE** **Date generated:** Jul 21, 2026

**●AFFIRM INC** **$107**

potentially negative Closed

**Account info**

| | | | |
|---|---|---|---|
| Account name | **AFFIRM INC** | Balance | **$107** |
| Account number | **LRQZKAXX** | Balance updated | **Jul 03, 2026** |
| Original creditor | - | Original balance | **$299** |
| Company sold | - | Monthly payment | - |
| Account type | **Unsecured** | Past due amount | **$107** |
| Date opened | **Jan 02, 2025** | Terms | **6 Months** |
| Open/closed | **Closed** | Responsibility | **Individual** |
| Status | **Account charged off. $107 written off. $107 past due as of Jul 2026.** | Your statement | - |
| Status updated | **Oct 2025** | | |

**Payment history**

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | CO | CO | CO | CO | CO | CO | CO | - | - | - | - | - |
| 2025 | ✓ | ✓ | ✓ | ✓ | 30 | ✓ | 30 | 60 | 90 | CO | CO | CO |

✓ Current / Terms met 30 Past due 30 days 60 Past due 60 days

90 Past due 90 days CO Charge off - Data Unavailable

**Contact info**

Address 650 CALIFORNIA ST FL 12
SAN FRANCISCO,
CA 94108

Phone number (855) 423-3729

**Comments**

-

experian.

Prepared For **MATTHEW JOYCE** **Date generated:** Jul 21, 2026

**●AFFIRM INC** **$215**

potentially negative Closed

### Account info

| | | | |
|---|---|---|---|
| Account name | **AFFIRM INC** | Balance | **$215** |
| Account number | **RUMHYNXX** | Balance updated | **Jul 03, 2026** |
| Original creditor | - | Original balance | **$299** |
| Company sold | - | Monthly payment | - |
| Account type | **Unsecured** | Past due amount | **$215** |
| Date opened | **Jan 03, 2025** | Terms | **6 Months** |
| Open/closed | **Closed** | Responsibility | **Individual** |
| Status | **Account charged off. $215 written off. $215 past due as of Jul 2026.** | Your statement | - |
| Status updated | **Aug 2025** | | |

### Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | CO | CO | CO | CO | CO | CO | CO | - | - | - | - | - |
| 2025 | ✓ | ✓ | ✓ | ✓ | 30 | 60 | 90 | CO | CO | CO | CO | CO |

✓ Current / Terms met 30 Past due 30 days 60 Past due 60 days

90 Past due 90 days CO Charge off - Data Unavailable

### Contact info

Address **650 CALIFORNIA ST FL 12 SAN FRANCISCO, CA 94108**

Phone number **(855) 423-3729**

### Comments

-



Excerpt: pages 1, 8-22, 24 and 30 of 54; complete document available on request. **Exh. D1-8**

experian.

Prepared For **MATTHEW JOYCE** **Date generated:** Jul 21, 2026

**●AFFIRM INC** **$154**

potentially negative Closed

**Account info**

| | | | |
|---|---|---|---|
| Account name | **AFFIRM INC** | Balance | **$154** |
| Account number | **EMBQIYXX** | Balance updated | **Jul 03, 2026** |
| Original creditor | - | Original balance | **$299** |
| Company sold | - | Monthly payment | - |
| Account type | **Unsecured** | Past due amount | **$154** |
| Date opened | **Dec 16, 2024** | Terms | **6 Months** |
| Open/closed | **Closed** | Responsibility | **Individual** |
| Status | **Account charged off. $154 written off. $154 past due as of Jul 2026.** | Your statement | - |
| Status updated | **Sep 2025** | | |

**Payment history**

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | CO | CO | CO | CO | CO | CO | CO | - | - | - | - | - |
| 2025 | ✓ | ✓ | ✓ | ✓ | ✓ | 30 | 60 | 90 | CO | CO | CO | CO |

✓ Current / Terms met · 30 Past due 30 days · 60 Past due 60 days · 90 Past due 90 days · CO Charge off · - Data Unavailable

**Contact info**

| | |
|---|---|
| Address | **650 CALIFORNIA ST FL 12 SAN FRANCISCO, CA 94108** |
| Phone number | **(855) 423-3729** |

**Comments**

-

experian.

Prepared For **MATTHEW JOYCE** **Date generated:** Jul 21, 2026

**●AFFIRM INC** **$215**

potentially negative Closed

### Account info

| | | | |
|---|---|---|---|
| Account name | **AFFIRM INC** | Balance | **$215** |
| Account number | **4LBSQSXX** | Balance updated | **Jul 03, 2026** |
| Original creditor | - | Original balance | **$299** |
| Company sold | - | Monthly payment | - |
| Account type | **Unsecured** | Past due amount | **$215** |
| Date opened | **Jan 03, 2025** | Terms | **6 Months** |
| Open/closed | **Closed** | Responsibility | **Individual** |
| Status | **Account charged off. $215 written off. $215 past due as of Jul 2026.** | Your statement | - |
| Status updated | **Aug 2025** | | |

### $ Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | CO | CO | CO | CO | CO | CO | CO | - | - | - | - | - |
| 2025 | ✓ | ✓ | ✓ | ✓ | 30 | 60 | 90 | CO | CO | CO | CO | CO |

✓ Current / Terms met 30 Past due 30 days 60 Past due 60 days

90 Past due 90 days CO Charge off - Data Unavailable

### Contact info

Address **650 CALIFORNIA ST FL 12 SAN FRANCISCO, CA 94108**

Phone number **(855) 423-3729**

### Comments

-

experian.

Prepared For **MATTHEW JOYCE** **Date generated:** Jul 21, 2026

**●AFFIRM INC** **$215**

potentially negative Closed

**Account info**

| | | | |
|---|---|---|---|
| Account name | **AFFIRM INC** | Balance | **$215** |
| Account number | **21V1GAXX** | Balance updated | **Jul 03, 2026** |
| Original creditor | - | Original balance | **$299** |
| Company sold | - | Monthly payment | - |
| Account type | **Unsecured** | Past due amount | **$215** |
| Date opened | **Jan 03, 2025** | Terms | **6 Months** |
| Open/closed | **Closed** | Responsibility | **Individual** |
| Status | **Account charged off. $215 written off. $215 past due as of Jul 2026.** | Your statement | - |
| Status updated | **Aug 2025** | | |

**Payment history**

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | CO | CO | CO | CO | CO | CO | CO | - | - | - | - | - |
| 2025 | ✓ | ✓ | ✓ | ✓ | 30 | 60 | 90 | CO | CO | CO | CO | CO |

✓ Current / Terms met | 30 Past due 30 days | 60 Past due 60 days
90 Past due 90 days | CO Charge off | - Data Unavailable

**Contact info**

Address **650 CALIFORNIA ST FL 12 SAN FRANCISCO, CA 94108**

Phone number **(855) 423-3729**

**Comments**

-

experian.

Prepared For **MATTHEW JOYCE** **Date generated:** Jul 21, 2026

**●AFFIRM INC** $53

potentially negative Closed

**Account info**

| | | | |
|---|---|---|---|
| Account name | **AFFIRM INC** | Balance | **$53** |
| Account number | **8LS3FYXX** | Balance updated | **Jul 03, 2026** |
| Original creditor | - | Original balance | **$299** |
| Company sold | - | Monthly payment | - |
| Account type | **Unsecured** | Past due amount | **$53** |
| Date opened | **Jan 03, 2025** | Terms | **6 Months** |
| Open/closed | **Closed** | Responsibility | **Individual** |
| Status | **Account charged off. $53 written off. $53 past due as of Jul 2026.** | Your statement | - |
| Status updated | **Nov 2025** | | |

**$ Payment history**

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | CO | CO | CO | CO | CO | CO | CO | - | - | - | - | - |
| 2025 | ✓ | ✓ | ✓ | ✓ | 30 | ✓ | ✓ | 30 | 60 | 90 | CO | CO |

✓ Current / Terms met 30 Past due 30 days 60 Past due 60 days

90 Past due 90 days CO Charge off - Data Unavailable

**Contact info**

Address **650 CALIFORNIA ST FL 12 SAN FRANCISCO, CA 94108**

Phone number **(855) 423-3729**

**Comments**

-



Excerpt: pages 1, 8-22, 24 and 30 of 54; complete document available on request.

Exh. D1-12

experian.

Prepared For **MATTHEW JOYCE** **Date generated:** Jul 21, 2026

**●AFFIRM INC** **$189**

potentially negative Closed

### Account info

| | | | |
|---|---|---|---|
| Account name | **AFFIRM INC** | Balance | **$189** |
| Account number | **VVOZVJXX** | Balance updated | **Jul 03, 2026** |
| Original creditor | - | Original balance | **$299** |
| Company sold | - | Monthly payment | - |
| Account type | **Unsecured** | Past due amount | **$189** |
| Date opened | **Dec 16, 2024** | Terms | **12 Months** |
| Open/closed | **Closed** | Responsibility | **Individual** |
| Status | **Account charged off. $189 written off. $189 past due as of Jul 2026.** | Your statement | - |
| Status updated | **Nov 2025** | | |

### $ Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | CO | CO | CO | CO | CO | CO | CO | - | - | - | - | - |
| 2025 | ✓ | ✓ | ✓ | ✓ | 30 | ✓ | ✓ | 30 | 60 | 90 | CO | CO |

✓ Current / Terms met 30 Past due 30 days 60 Past due 60 days

90 Past due 90 days CO Charge off - Data Unavailable

### Contact info

| | |
|---|---|
| Address | **650 CALIFORNIA ST FL 12<br>SAN FRANCISCO,<br>CA 94108** |
| Phone number | **(855) 423-3729** |

### Comments

-



Excerpt: pages 1, 8-22, 24 and 30 of 54; complete document available on request.

**Exh. D1-13**

experian.

Prepared For **MATTHEW JOYCE** **Date generated:** Jul 21, 2026

**●AFFIRM INC**

potentially negative

Closed

### Account info

| | | | |
|---|---|---|---|
| Account name | **AFFIRM INC** | Balance | - |
| Account number | **FYYLUNXX** | Balance updated | - |
| Original creditor | - | Original balance | **$299** |
| Company sold | - | Monthly payment | - |
| Account type | **Unsecured** | Terms | **6 Months** |
| Date opened | **Jan 03, 2025** | Responsibility | **Individual** |
| Open/closed | **Closed** | Your statement | - |
| Status | **Paid, Closed.** | | |
| Status updated | **May 2025** | | |

### $ Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | ✓ | ✓ | ✓ | **30** | **30** | - | - | - | - | - | - | - |
| 2024 | - | - | - | - | - | - | - | - | - | - | - | ✓ |

✓ Current / Terms met 30 Past due 30 days - Data Unavailable

### Contact info

Address **650 CALIFORNIA ST FL 12**
**SAN FRANCISCO,**
**CA 94108**

Phone number **(855) 423-3729**

### Comments

-

experian.

Prepared For **MATTHEW JOYCE** **Date generated:** Jul 21, 2026

**●AFFIRM INC**

potentially negative

Closed

**Account info**

| | | | |
|---|---|---|---|
| Account name | **AFFIRM INC** | Balance | - |
| Account number | **VW71HZXX** | Balance updated | - |
| Original creditor | - | Original balance | **$299** |
| Company sold | - | Monthly payment | - |
| Account type | **Unsecured** | Terms | **6 Months** |
| Date opened | **Jan 03, 2025** | Responsibility | **Individual** |
| Open/closed | **Closed** | Your statement | - |
| Status | **Paid, Closed.** | | |
| Status updated | **May 2025** | | |

**Payment history**

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | ✓ | ✓ | ✓ | **30** | **30** | - | - | - | - | - | - | - |
| 2024 | - | - | - | - | - | - | - | - | - | - | - | ✓ |

✓ Current / Terms met 30 Past due 30 days - Data Unavailable

**Contact info**

| | |
|---|---|
| Address | **650 CALIFORNIA ST FL 12**<br>**SAN FRANCISCO,**<br>**CA 94108** |
| Phone number | **(855) 423-3729** |

**Comments**

-

experian. Prepared For **MATTHEW JOYCE** **Date generated:** Jul 21, 2026

**●AFFIRM INC**

Closed

**Exceptional** payment history

### Account info

| | | | |
|---|---|---|---|
| Account name | **AFFIRM INC** | Balance | - |
| Account number | **KZ0C3IXX** | Balance updated | - |
| Original creditor | - | Original balance | **$434** |
| Company sold | - | Monthly payment | - |
| Account type | **Unsecured** | Terms | **6 Months** |
| Date opened | **Dec 22, 2020** | Responsibility | **Individual** |
| Open/closed | **Closed** | Your statement | - |
| Status | **Paid, Closed/Never late.** | | |
| Status updated | **Jun 2021** | | |

### Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2021 | - | ✓ | ND | ✓ | ✓ | CLS | - | - | - | - | - | - |

✓ Current / Terms met CLS Closed ND No data for this period

- Data Unavailable

### Contact info

| | |
|---|---|
| Address | **650 CALIFORNIA ST FL 12<br>SAN FRANCISCO,<br>CA 94108** |
| Phone number | **(855) 423-3729** |

### Comments

-

experian.

Prepared For **MATTHEW JOYCE** **Date generated:** Jul 21, 2026

**●APPLE CARD/GS BANK USA** $39

potentially negative Closed

### Account info

| | | | |
|---|---|---|---|
| Account name | **APPLE CARD/GS BANK USA** | Balance | **$39** |
| Account number | **130011XXXXXX** | Balance updated | **Jun 30, 2026** |
| Original creditor | - | Credit limit | **$2,500** |
| Company sold | - | Monthly payment | - |
| Account type | **Credit card** | Past due amount | **$39** |
| Date opened | **Apr 05, 2025** | Highest balance | **$39** |
| Open/closed | **Closed** | Terms | - |
| Status | **Account charged off. $39 written off. $39 past due as of Jun 2026.** | Responsibility | **Individual** |
| | | Your statement | - |
| Status updated | **Apr 2026** | | |

### $ Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | 90 | 120 | 150 | CO | CO | CO | - | - | - | - | - | - |
| 2025 | - | - | - | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | 30 | 60 |

✓ Current / Terms met 30 Past due 30 days 60 Past due 60 days

90 Past due 90 days 120 Past due 120 days 150 Past due 150 days

CO Charge off - Data Unavailable

### Contact info

Address **LOCKBOX 6112 PO BOX 7247 PHILADELPHIA, PA 19170**

Phone number **(877) 255-5923**

### Comments

**Account closed at credit grantor's request**

**FCBA dispute resolved - consumer disagrees**

experian.

Prepared For **MATTHEW JOYCE** **Date generated:** Jul 21, 2026

**●CREDIT ONE BANK NA**

potentially negative

Closed

**Account info**

| | | | |
|---|---|---|---|
| Account name | **CREDIT ONE BANK NA** | Balance | - |
| Account number | **379363XXXXX** | Balance updated | - |
| Original creditor | - | Credit limit | **$1,000** |
| Company sold | - | Monthly payment | - |
| Account type | **Credit card** | Highest balance | **$1,043** |
| Date opened | **Feb 02, 2025** | Terms | - |
| Open/closed | **Closed** | Responsibility | **Individual** |
| Status | **Paid, Closed.** | Your statement | - |
| Status updated | **Jul 2026** | | |

**Payment history**

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | ✓ | ✓ | ✓ | **30** | **60** | **90** | **90** | - | - | - | - | - |
| 2025 | - | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓ Current / Terms met · 30 Past due 30 days · 60 Past due 60 days · 90 Past due 90 days · - Data Unavailable

**Contact info**

| | |
|---|---|
| Address | **PO BOX 98875 LAS VEGAS, NV 89193** |
| Phone number | **(702) 269-1000** |

**Comments**

**Account closed at credit grantor's request**

affirm

**Affirm Card Banking Services provided by Evolve Bank & Trust, Member FDIC**

**Loans are provided by www.affirm.com/lenders**

**Direct Inquiries to:**

**For the Affirm Card**

www.affirm.com/help

(855)-423-3729

30 Isabella Street, Floor 4

Pittsburgh, PA 15212

## Account Details

Matthew Joyce

[redacted]

Account number: [redacted]

## Account Statement

Dec 1, 2024 - Dec 31, 2024

**Beginning Balance as of Dec 1, 2024** ........................ **$0.00**

**Deposits and Other Credits** .............................. **+$7634.58**

**Withdrawals and Other Debits** ......................... **-$7634.58**

**Ending Balance as of Dec 31, 2024** .......................... **$0.00**

**Pending Transactions** ................................................ **$0.00**

## Affirm Card Account Transactions (see subsequent pages for the **Loans Statement** and **disclosures**)

| Post Date | Description | Amount | Balance |
|---|---|---|---|
| Dec 14, 2024 | MODO GOLD COINS | -$299.99 | -$299.99 |
| Dec 14, 2024 | MODO GOLD COINS | -$269.99 | -$569.98 |
| Dec 14, 2024 | MODO GOLD COINS | -$99.99 | -$669.97 |
| Dec 14, 2024 | LOAN REF: GPZV-O1JM<br>View and manage your loans in the Affirm app | +$269.99 | -$399.98 |
| Dec 14, 2024 | LOAN REF: VVOZ-VJMZ<br>View and manage your loans in the Affirm app | +$299.99 | -$99.99 |
| Dec 14, 2024 | LOAN REF: U2LB-UPMQ<br>View and manage your loans in the Affirm app | +$99.99 | $0.00 |
| Dec 15, 2024 | MODO GOLD COINS | -$284.99 | -$284.99 |
| Dec 15, 2024 | LOAN REF: 9Q93-M33U<br>View and manage your loans in the Affirm app | +$284.99 | $0.00 |
| Dec 17, 2024 | SEPHORA.COM | -$50.00 | -$50.00 |
| Dec 17, 2024 | LOAN REF: I424-4O2Y<br>View and manage your loans in the Affirm app | +$50.00 | $0.00 |
| Dec 20, 2024 | MODO GOLD COINS | -$99.99 | -$99.99 |
| Dec 20, 2024 | MODO GOLD COINS | -$299.99 | -$399.98 |
| Dec 20, 2024 | MODO GOLD COINS | -$99.99 | -$499.97 |

The Affirm Card is a Visa® debit card issued by Evolve Bank & Trust (Evolve), Member FDIC, pursuant to a license from Visa U.S.A. Inc. Affirm is not a bank. FDIC insurance will only cover the failure of Evolve. https://www.fdic.gov/resources/deposit-insurance/. Pay-over-time plans must be applied for each purchase in the mobile app and are provided by www.affirm.com/lenders. For purchases that are not approved for and matched to a payment plan, you authorize Affirm to initiate an ACH debit from your linked bank account within 1-3 days of the purchase.



Excerpt: pages 1, 5 and 6 of 11 (December 2024 statement); complete document available on request.

affirm

**Affirm Card Banking Services provided by Evolve Bank & Trust, Member FDIC**

**Loans are provided by www.affirm.com/lenders**

**Direct Inquiries to:**

**For the Affirm Card**

www.affirm.com/help

(855)-423-3729

30 Isabella Street, Floor 4

Pittsburgh, PA 15212

## Affirm Card App Loans Statement as of Jan 1, 2025

This statement lists the loans you obtained using the Affirm mobile app that are associated with your Affirm Card; it does not include other Affirm loans. To view information about all of your loan activity with Affirm, please refer to your monthly Affirm Loans Statement, which is sent via email.

**Total Outstanding Loan Balance**
(excluding interest)
**$5142.97**
*This amount includes all outstanding Affirm loans associated with your Affirm Card. This amount is not necessarily due this month. See upcoming payments due and the "manage tab" in the app for payments due this month.

## Summary of Outstanding Installment Loans

| Loan ID | Merchant | Checkout Date | Loan Amount | APR | Outstanding Principal | # Payments Remaining | Status |
|---|---|---|---|---|---|---|---|
| VVOZ-VJMZ | Modo | Dec 13, 2024 | $299.99 | 14.88% | $274.65 | 11 | Active |
| 9Q93-M33U | Modo | Dec 14, 2024 | $213.74 | 0.00% | $113.74 | 2 | Active |
| 50MY-O9TP | Modo | Dec 20, 2024 | $299.99 | 25.48% | $301.67 | 6 | Active |
| 8P2W-5KVK | Modo | Dec 20, 2024 | $224.99 | 0.00% | $149.99 | 2 | Active |
| I7O9-PBB3 | Modo | Dec 23, 2024 | $299.99 | 23.01% | $300.94 | 6 | Active |
| 63PJ-ZU68 | Free People LLC | Dec 24, 2024 | $71.58 | 0.00% | $47.72 | 2 | Active |
| 4RL7-UVC5 | Modo | Dec 25, 2024 | $284.99 | 23.00% | $285.71 | 6 | Active |
| EYIU-E7Q1 | Modo | Dec 25, 2024 | $224.99 | 0.00% | $124.99 | 2 | Active |
| PT8V-YEAX | Modo | Dec 26, 2024 | $213.74 | 0.00% | $213.74 | 3 | Active |
| TD0J-JR42 | Modo | Dec 26, 2024 | $71.25 | 0.00% | $71.25 | 3 | Active |
| R2AE-71UR | Modo | Dec 26, 2024 | $224.99 | 0.00% | $224.99 | 3 | Active |
| 5BUX-EU3M | Modo | Dec 26, 2024 | $74.99 | 0.00% | $74.99 | 3 | Active |
| K30X-U1Q8 | Modo | Dec 27, 2024 | $224.99 | 0.00% | $224.99 | 3 | Active |
| KO17-XOSX | Modo | Dec 27, 2024 | $74.99 | 0.00% | $74.99 | 3 | Active |

The Affirm Card is a Visa® debit card issued by Evolve Bank & Trust (Evolve), Member FDIC, pursuant to a license from Visa U.S.A. Inc. Affirm is not a bank. FDIC insurance will only cover the failure of Evolve. https://www.fdic.gov/resources/deposit-insurance/. Pay-over-time plans must be applied for each purchase in the mobile app and are provided by www.affirm.com/lenders. For purchases that are not approved for and matched to a payment plan, you authorize Affirm to initiate an ACH debit from your linked bank account within 1-3 days of the purchase.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ZY6V-71F4 | Modo | Dec 27, 2024 | $202.49 | 0.00% | $202.49 | 3 | Active |
| WE4T-O3UL | Modo | Dec 27, 2024 | $224.99 | 0.00% | $224.99 | 3 | Active |
| EI0K-IFNY | Modo | Dec 28, 2024 | $224.99 | 0.00% | $224.99 | 3 | Active |
| HSHV-DJTC | Modo | Dec 28, 2024 | $224.99 | 0.00% | $224.99 | 3 | Active |
| 1WWC-35E8 | Modo | Dec 29, 2024 | $74.99 | 0.00% | $74.99 | 3 | Active |
| KLXV-R24N | Modo | Dec 29, 2024 | $224.99 | 0.00% | $224.99 | 3 | Active |
| R1GL-UKGK | Modo | Dec 30, 2024 | $63.74 | 0.00% | $63.74 | 3 | Active |
| IGB1-PRGW | Modo | Dec 30, 2024 | $71.24 | 0.00% | $71.24 | 3 | Active |
| VYCK-9YKS | Modo | Dec 30, 2024 | $74.99 | 0.00% | $74.99 | 3 | Active |
| 9QIK-FPXZ | Modo | Dec 30, 2024 | $71.24 | 0.00% | $71.24 | 3 | Active |
| AZ1L-KHGV | Modo | Dec 31, 2024 | $299.99 | 24.88% | $299.99 | 6 | Processing |
| FN9H-Q5X1 | Modo | Dec 31, 2024 | $299.99 | 24.88% | $299.99 | 6 | Processing |
| LRQZ-KARM | Modo | Dec 31, 2024 | $299.99 | 24.88% | $299.99 | 6 | Processing |
| RF6T-4M7N | Modo | Dec 31, 2024 | $299.99 | 24.88% | $299.99 | 6 | Processing |

*The Outstanding Principal shown above may not be the total amount required to pay off the loan in full. Please contact us for the payoff amount using the information provided for Direct Inquiries.

## Upcoming Payments

| Loan ID | Merchant | Payment Due Date | Amount Due |
|---|---|---|---|
| WE4T-O3UL | Modo | Jan 13, 2025 | $75.00 |
| K30X-U1Q8 | Modo | Jan 13, 2025 | $75.00 |
| KO17-XOSX | Modo | Jan 13, 2025 | $25.00 |
| TD0J-JR42 | Modo | Jan 13, 2025 | $23.75 |
| HSHV-DJTC | Modo | Jan 13, 2025 | $75.00 |
| R2AE-71UR | Modo | Jan 13, 2025 | $75.00 |
| ZY6V-71F4 | Modo | Jan 13, 2025 | $67.50 |
| PT8V-YEAX | Modo | Jan 13, 2025 | $71.25 |
| 1WWC-35E8 | Modo | Jan 13, 2025 | $25.00 |
| 5BUX-EU3M | Modo | Jan 13, 2025 | $25.00 |
| EI0K-IFNY | Modo | Jan 13, 2025 | $75.00 |
| 9Q93-M33U | Modo | Jan 13, 2025 | $42.50 |
| VYCK-9YKS | Modo | Jan 14, 2025 | $25.00 |
| IGB1-PRGW | Modo | Jan 14, 2025 | $23.75 |
| KLXV-R24N | Modo | Jan 14, 2025 | $75.00 |
| R1GL-UKGK | Modo | Jan 14, 2025 | $21.25 |

The Affirm Card is a Visa® debit card issued by Evolve Bank & Trust (Evolve), Member FDIC, pursuant to a license from Visa U.S.A. Inc. Affirm is not a bank. FDIC insurance will only cover the failure of Evolve. https://www.fdic.gov/resources/deposit-insurance/. Pay-over-time plans must be applied for each purchase in the mobile app and are provided by www.affirm.com/lenders. For purchases that are not approved for and matched to a payment plan, you authorize Affirm to initiate an ACH debit from your linked bank account within 1-3 days of the purchase.

affirm

Affirm Card Banking Services provided by Evolve Bank & Trust, Member FDIC
Loans are provided by www.affirm.com/lenders

**Direct Inquiries to:**
**For the Affirm Card**
www.affirm.com/help
(855)-423-3729
30 Isabella Street, Floor 4
Pittsburgh, PA 15212

## Account Details

Matthew Joyce
262 ASHTON HALL LN
RALEIGH, NC, 27609
Account number: [redacted]

## Account Statement

Jan 1, 2025 - Jan 31, 2025

**Beginning Balance as of Jan 1, 2025** ........................ **$0.00**
**Deposits and Other Credits** .............................. **+$7969.74**
**Withdrawals and Other Debits** .......................... **-$7969.74**
**Ending Balance as of Jan 31, 2025** ........................... **$0.00**
**Pending Transactions** ................................................ **$0.00**

## Affirm Card Account Transactions (see subsequent pages for the **Loans Statement** and **disclosures**)

| Post Date | Description | Amount | Balance |
|---|---|---|---|
| Jan 1, 2025 | MODO GOLD COINS | -$299.99 | -$299.99 |
| Jan 1, 2025 | MODO GOLD COINS | -$299.99 | -$599.98 |
| Jan 1, 2025 | MODO GOLD COINS | -$499.99 | -$1099.97 |
| Jan 1, 2025 | MODO GOLD COINS | -$299.99 | -$1399.96 |
| Jan 1, 2025 | MODO GOLD COINS | -$299.99 | -$1699.95 |
| Jan 1, 2025 | LOAN REF: AZ1L-KHGV<br>View and manage your loans in the Affirm app | +$299.99 | -$1399.96 |
| Jan 1, 2025 | LOAN REF: FN9H-Q5X1<br>View and manage your loans in the Affirm app | +$299.99 | -$1099.97 |
| Jan 1, 2025 | LOAN REF: LRQZ-KARM<br>View and manage your loans in the Affirm app | +$299.99 | -$799.98 |
| Jan 1, 2025 | LOAN REF: RF6T-4M7N<br>View and manage your loans in the Affirm app | +$299.99 | -$499.99 |
| Jan 1, 2025 | LOAN REF: E7O7-UCXE<br>View and manage your loans in the Affirm app | +$499.99 | $0.00 |
| Jan 2, 2025 | MODO GOLD COINS | -$284.99 | -$284.99 |
| Jan 2, 2025 | MODO GOLD COINS | -$99.99 | -$384.98 |
| Jan 2, 2025 | MODO GOLD COINS | -$299.99 | -$684.97 |

The Affirm Card is a Visa® debit card issued by Evolve Bank & Trust (Evolve), Member FDIC, pursuant to a license from Visa U.S.A. Inc. Affirm is not a bank. FDIC insurance will only cover the failure of Evolve. https://www.fdic.gov/resources/deposit-insurance/. Pay-over-time plans must be applied for each purchase in the mobile app and are provided by www.affirm.com/lenders. For purchases that are not approved for and matched to a payment plan, you authorize Affirm to initiate an ACH debit from your linked bank account within 1-3 days of the purchase.



Excerpt: pages 1 and 4 of 8 (January 2025 statement); complete document available on request.

affirm

Affirm Card Banking Services provided by Evolve Bank & Trust, Member FDIC
Loans are provided by www.affirm.com/lenders

**Direct Inquiries to:**
**For the Affirm Card**
www.affirm.com/help
(855)-423-3729
30 Isabella Street, Floor 4
Pittsburgh, PA 15212

## Affirm Card App Loans Statement as of Feb 1, 2025

This statement lists the loans you obtained using the Affirm mobile app that are associated with your Affirm Card; it does not include other Affirm loans. To view information about all of your loan activity with Affirm, please refer to your monthly Affirm Loans Statement, which is sent via email.

**Total Outstanding Loan Balance**
(excluding interest)
**$3767.88**
*This amount includes all outstanding Affirm loans associated with your Affirm Card. This amount is not necessarily due this month. See upcoming payments due and the "manage tab" in the app for payments due this month.

## Summary of Outstanding Installment Loans

| Loan ID | Merchant | Checkout Date | Loan Amount | APR | Outstanding Principal | # Payments Remaining | Status |
|---|---|---|---|---|---|---|---|
| VVOZ-VJMZ | Modo | Dec 13, 2024 | $299.99 | 14.88% | $278.11 | 11 | Active |
| LRQZ-KARM | Modo | Dec 31, 2024 | $299.99 | 24.88% | $306.08 | 6 | Active |
| RUMH-YNPY | Modo | Jan 1, 2025 | $299.99 | 25.28% | $305.87 | 6 | Active |
| 4LBS-QSHJ | Modo | Jan 1, 2025 | $299.99 | 25.28% | $305.87 | 6 | Active |
| H3XL-8AXK | Modo | Jan 1, 2025 | $299.99 | 25.28% | $305.87 | 6 | Active |
| I6JW-PMA6 | Modo | Jan 1, 2025 | $299.99 | 25.28% | $305.87 | 6 | Active |
| 5XHJ-RD8C | Modo | Jan 1, 2025 | $299.99 | 25.28% | $305.87 | 6 | Active |
| 21V1-GA1B | Modo | Jan 2, 2025 | $299.99 | 25.28% | $305.87 | 6 | Active |
| RB7T-X6KF | Modo | Jan 2, 2025 | $299.99 | 25.28% | $305.87 | 6 | Active |
| FYYL-UNF0 | Modo | Jan 2, 2025 | $299.99 | 25.28% | $305.87 | 6 | Active |
| VW71-HZ1S | Modo | Jan 2, 2025 | $299.99 | 25.28% | $305.87 | 6 | Active |
| 8LS3-FY3F | Modo | Jan 2, 2025 | $299.99 | 25.28% | $305.87 | 6 | Active |
| CEVS-W9CY | Modo | Jan 2, 2025 | $224.99 | 0.00% | $124.99 | 2 | Active |

The Affirm Card is a Visa® debit card issued by Evolve Bank & Trust (Evolve), Member FDIC, pursuant to a license from Visa U.S.A. Inc. Affirm is not a bank. FDIC insurance will only cover the failure of Evolve. https://www.fdic.gov/resources/deposit-insurance/. Pay-over-time plans must be applied for each purchase in the mobile app and are provided by www.affirm.com/lenders. For purchases that are not approved for and matched to a payment plan, you authorize Affirm to initiate an ACH debit from your linked bank account within 1-3 days of the purchase.



Excerpt: pages 1 and 4 of 8 (January 2025 statement); complete document available on request.

BANK OF AMERICA

P.O. Box 15284
Wilmington, DE 19850

**Customer service information**

Customer service: 1.800.432.1000

En Español: 1.800.688.6086

bankofamerica.com

Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

MATTHEW T JOYCE
[redacted]

# Your Adv Plus Banking

for January 16, 2025 to February 12, 2025

Account number: [redacted] 1549

**MATTHEW T JOYCE**

## Account summary

| | |
|---|---|
| Beginning balance on January 16, 2025 | $93.45 |
| Deposits and other additions | 2,195.90 |
| ATM and debit card subtractions | -1,104.42 |
| Other subtractions | -1,141.85 |
| Checks | -0.00 |
| Service fees | -40.00 |
| **Ending balance on February 12, 2025** | **$3.08** |


**New: Scheduled and recurring payments with Zelle®**

Send money now, schedule it for later, or make it recurring.

**Enroll now! Scan the code or visit bankofamerica.com/zelle.**

When you use the QRC feature, certain information is collected from your mobile device for business purposes. Mobile Banking requires that you download the Mobile Banking app and is only available for select mobile devices. Message and data rates may apply.

SSM-03-24-0484.B | 6398672




Excerpt: pages 1, 4 and 5 of 8 (statement of Jan. 16 - Feb. 12, 2025); complete document available on request.

## Withdrawals and other subtractions - continued

### ATM and debit card subtractions - continued

| Date | Description | Amount |
|---|---|---|
| 02/03/25 | CHECKCARD 0203 AFFIRM PAY H SAN FRANCISCOCA 00000000000000000073110 RECURRING | -75.00 |
| 02/07/25 | CHECKCARD 0207 AFFIRM PAY 8 SAN FRANCISCOCA 0000000000000000163268 RECURRING | -27.06 |
| 02/10/25 | PMNT SENT 0207 PAYPAL *JOYCE MAT 8882211161 CA | -79.11 |
| 02/10/25 | PMNT SENT 0207 PAYPAL *JOYCE MAT 8882211161 CA | -88.25 |
| 02/11/25 | PMNT SENT 0208 PAYPAL *JOYCE MAT 8882211161 CA | -35.00 |
| **Total ATM and debit card subtractions** | | **-$1,104.42** |

### Other subtractions

| Date | Description | Amount |
|---|---|---|
| 01/21/25 | AFFIRM INC WEB DES:AFFIRM PAY ID:1611322 INDN:Matthew *Joyce CO ID:0000317218 | -304.35 |
| 01/29/25 | Zelle payment to Matthew Joyce Conf# ku7kpmxi9 | -100.00 |
| 01/29/25 | Zelle payment to Matthew Joyce Conf# nwugk2kd2 | -200.00 |
| 02/04/25 | AFFIRM INC WEB DES:AFFIRM PAY ID:7324918 INDN:Matthew *Joyce CO ID:0000317218 | -53.75 |
| 02/04/25 | AFFIRM INC WEB DES:AFFIRM PAY ID:7324919 INDN:Matthew *Joyce CO ID:0000317218 | -53.75 |
| 02/04/25 | AFFIRM INC WEB DES:AFFIRM PAY ID:7324921 INDN:Matthew *Joyce CO ID:0000317218 | -53.75 |
| 02/04/25 | AFFIRM INC WEB DES:AFFIRM PAY ID:7324923 INDN:Matthew *Joyce CO ID:0000317218 | -53.75 |
| 02/04/25 | AFFIRM INC WEB DES:AFFIRM PAY ID:7324924 INDN:Matthew *Joyce CO ID:0000317218 | -53.75 |
| 02/04/25 | AFFIRM INC WEB DES:AFFIRM PAY ID:7324909 INDN:Matthew *Joyce CO ID:0000317218 | -53.75 |
| 02/04/25 | AFFIRM INC WEB DES:AFFIRM PAY ID:7324910 INDN:Matthew *Joyce CO ID:0000317218 | -53.75 |
| 02/04/25 | AFFIRM INC WEB DES:AFFIRM PAY ID:7324912 INDN:Matthew *Joyce CO ID:0000317218 | -53.75 |
| 02/04/25 | AFFIRM INC WEB DES:AFFIRM PAY ID:7324913 INDN:Matthew *Joyce CO ID:0000317218 | -53.75 |
| 02/04/25 | AFFIRM INC WEB DES:AFFIRM PAY ID:7324915 INDN:Matthew *Joyce CO ID:0000317218 | -53.75 |
| **Total other subtractions** | | **-$1,141.85** |

BANK OF AMERICA

MATTHEW T JOYCE | Account #[redacted]1549 | January 16, 2025 to February 12, 2025

## Service fees

**Your Overdraft and NSF: Returned Item fees for this statement period and year to date are shown below.**

| | Total for this period | Total year-to-date |
|---|---|---|
| Total Overdraft fees | $40.00 | $40.00 |
| Total NSF: Returned Item fees | $0.00 | $0.00 |

**We want to help you avoid overdraft fees. Here are a few ways to manage your account and stay on top of your balance:**

- Enroll in Balance Connect™ for overdraft protection through Online or Mobile Banking to help save on overdraft fees and cover your payments and purchases by automatically transferring money from your linked backup accounts when needed.
- Sign up for Alerts (footnote 1) to get an email or text message when your balance becomes low

Please call us or visit us if you have any questions or to discuss your options.

(footnote 1) You may elect to receive alerts via text or email. Bank of America does not charge for this service but your mobile carrier's message and data rates may apply. Delivery of alerts may be affected or delayed by your mobile carrier's coverage.

| Date | Transaction description | Amount |
|---|---|---|
| 01/17/25 | OVERDRAFT ITEM FEE FOR ACTIVITY OF 01-17 | -10.00 |
| 01/21/25 | OVERDRAFT ITEM FEE FOR ACTIVITY OF 01-21 | -10.00 |
| 01/21/25 | OVERDRAFT ITEM FEE FOR ACTIVITY OF 01-21 | -10.00 |
| 02/03/25 | OVERDRAFT ITEM FEE FOR ACTIVITY OF 02-03 | -10.00 |
| **Total service fees** | | **-$40.00** |

*Note your Ending Balance already reflects the subtraction of Service Fees.*

Braille and Large Print Request - You can request a copy of this statement in Braille or Large Print by calling 800.432.1000 or going to bankofamerica.com and enter Visually Impaired Access from the home page.

BANK OF AMERICA

P.O. Box 15284
Wilmington, DE 19850

**Customer service information**

Customer service: 1.800.432.1000

En Español: 1.800.688.6086

bankofamerica.com

Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

MATTHEW T JOYCE
[redacted]

Please see the **Important Messages - Please Read** section of your statement for important details that could impact you.

# Your Adv Plus Banking

for February 13, 2025 to March 14, 2025

Account number: [redacted] 1549

**MATTHEW T JOYCE**

## Account summary

| | |
|---|---|
| Beginning balance on February 13, 2025 | $3.08 |
| Deposits and other additions | 775.00 |
| ATM and debit card subtractions | -149.99 |
| Other subtractions | -615.34 |
| Checks | -0.00 |
| Service fees | -10.00 |
| **Ending balance on March 14, 2025** | **$2.75** |

**New: Scheduled and recurring payments with Zelle®**

Send money now, schedule it for later, or make it recurring.
**Enroll now! Scan the code or visit bankofamerica.com/zelle.**

When you use the QRC feature, certain information is collected from your mobile device for business purposes. Mobile Banking requires that you download the Mobile Banking app and is only available for select mobile devices. Message and data rates may apply.

SSM-03-24-0484B | 6398672



Excerpt: pages 1, 3 and 4 of 8 (statement of Feb. 13 - Mar. 14, 2025); complete document available on request.

**Exh. F-4**

BANK OF AMERICA

MATTHEW T JOYCE | Account #[redacted]1549 | February 13, 2025 to March 14, 2025

## Deposits and other additions

| Date | Description | Amount |
|---|---|---|
| 02/19/25 | North State Bank DES:P2P PAYMNT [redacted] INDN:MATTHEW JOYCE CO ID:9000080293 WEB | 150.00 |
| 02/24/25 | North State Bank DES:P2P PAYMNT [redacted] INDN:MATTHEW JOYCE CO ID:9000080293 WEB | 100.00 |
| 03/04/25 | Zelle payment from MATTHEW JOYCE Conf# 01Z7JJGKQ | 525.00 |
| **Total deposits and other additions** | | **$775.00** |

## Withdrawals and other subtractions

### ATM and debit card subtractions

| Date | Description | Amount |
|---|---|---|
| 02/18/25 | CHECKCARD 0217 AFFIRM PAY 4 SAN FRANCISCOCA 00000000000000000069383 RECURRING | -49.99 |
| 02/24/25 | PMNT SENT 0222 PAYPAL *JOYCE MAT 8882211161 CA | -100.00 |
| **Total ATM and debit card subtractions** | | **-$149.99** |

### Other subtractions

| Date | Description | Amount |
|---|---|---|
| 02/20/25 | AFFIRM INC DES:AFFIRM PAY ID:4002245 INDN:Matthew *Joyce CO ID:0000317218 WEB | -51.47 |
| 02/20/25 | AFFIRM INC DES:AFFIRM PAY ID:4002243 INDN:Matthew *Joyce CO ID:0000317218 WEB | -26.37 |
| 03/04/25 | AFFIRM INC DES:AFFIRM PAY ID:8584596 INDN:Matthew *Joyce CO ID:0000317218 WEB | -53.75 |
| 03/04/25 | AFFIRM INC DES:AFFIRM PAY ID:8584599 INDN:Matthew *Joyce CO ID:0000317218 WEB | -53.75 |
| 03/04/25 | AFFIRM INC DES:AFFIRM PAY ID:8584601 INDN:Matthew *Joyce CO ID:0000317218 WEB | -53.75 |

*continued on the next page*




Account security you can see

Check your security meter level and watch it rise as you take action to help protect against fraud. See it in the Mobile Banking app and Online Banking.

**To learn more, visit bofa.com/SecurityCenter or scan this code.**

When you use the QRC feature, certain information is collected from your mobile device for business purposes. Mobile Banking requires that you download the Mobile Banking app and is only available for select mobile devices. Message and data rates may apply.

SSM-11-23-0458.C | 6115469

## Withdrawals and other subtractions - continued

### Other subtractions - continued

| Date | Description | Amount |
|---|---|---|
| 03/04/25 | AFFIRM INC DES:AFFIRM PAY ID:8584602 INDN:Matthew *Joyce CO ID:0000317218 WEB | -53.75 |
| 03/04/25 | AFFIRM INC DES:AFFIRM PAY ID:8584604 INDN:Matthew *Joyce CO ID:0000317218 WEB | -53.75 |
| 03/04/25 | AFFIRM INC DES:AFFIRM PAY ID:8584606 INDN:Matthew *Joyce CO ID:0000317218 WEB | -53.75 |
| 03/04/25 | AFFIRM INC DES:AFFIRM PAY ID:8584607 INDN:Matthew *Joyce CO ID:0000317218 WEB | -53.75 |
| 03/04/25 | AFFIRM INC DES:AFFIRM PAY ID:8584591 INDN:Matthew *Joyce CO ID:0000317218 WEB | -53.75 |
| 03/04/25 | AFFIRM INC DES:AFFIRM PAY ID:8584592 INDN:Matthew *Joyce CO ID:0000317218 WEB | -53.75 |
| 03/04/25 | AFFIRM INC DES:AFFIRM PAY ID:8584594 INDN:Matthew *Joyce CO ID:0000317218 WEB | -53.75 |
| **Total other subtractions** | | **-$615.34** |

## Service fees

**Your Overdraft and NSF: Returned Item fees for this statement period and year to date are shown below.**

| | Total for this period | Total year-to-date |
|---|---|---|
| Total Overdraft fees | $10.00 | $50.00 |
| Total NSF: Returned Item fees | $0.00 | $0.00 |

**We want to help you avoid overdraft fees. Here are a few ways to manage your account and stay on top of your balance:**

- Enroll in Balance Connect™ for overdraft protection through Online or Mobile Banking to help save on overdraft fees and cover your payments and purchases by automatically transferring money from your linked backup accounts when needed.
- Sign up for Alerts (footnote 1) to get an email or text message when your balance becomes low

Please call us or visit us if you have any questions or to discuss your options.

(footnote 1) You may elect to receive alerts via text or email. Bank of America does not charge for this service but your mobile carrier's message and data rates may apply. Delivery of alerts may be affected or delayed by your mobile carrier's coverage.

| Date | Transaction description | Amount |
|---|---|---|
| 02/18/25 | OVERDRAFT ITEM FEE FOR ACTIVITY OF 02-18 | -10.00 |
| **Total service fees** | | **-$10.00** |

*Note your Ending Balance already reflects the subtraction of Service Fees.*

Braille and Large Print Request - You can request a copy of this statement in Braille or Large Print by calling 800.432.1000 or going to bankofamerica.com and enter Visually Impaired Access from the home page.

BANK OF AMERICA

P.O. Box 15284
Wilmington, DE 19850

**Customer service information**

Customer service: 1.800.432.1000

En Español: 1.800.688.6086

bankofamerica.com

Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

MATTHEW T JOYCE
[redacted]

# Your Adv Plus Banking

for March 15, 2025 to April 15, 2025

Account number: [redacted] 1549

**MATTHEW T JOYCE**

## Account summary

| | |
|---|---|
| Beginning balance on March 15, 2025 | $2.75 |
| Deposits and other additions | 3,596.75 |
| ATM and debit card subtractions | -2,729.94 |
| Other subtractions | -535.22 |
| Checks | -0.00 |
| Service fees | -52.00 |
| **Ending balance on April 15, 2025** | **$282.34** |


**New: Scheduled and recurring payments with Zelle®**

Send money now, schedule it for later, or make it recurring.

**Enroll now! Scan the code or visit bankofamerica.com/zelle.**

When you use the QRC feature, certain information is collected from your mobile device for business purposes. Mobile Banking requires that you download the Mobile Banking app and is only available for select mobile devices. Message and data rates may apply.

SSM-03-24-0484.B | 6398672




Excerpt: pages 1, 3, 4, 5 and 6 of 8 (statement of Mar. 15 - Apr. 15, 2025); complete document available on request.

Exh. F-7

BANK OF AMERICA

MATTHEW T JOYCE | Account #[redacted]1549 | March 15, 2025 to April 15, 2025

## Deposits and other additions

| Date | Description | Amount |
|---|---|---|
| 03/19/25 | Zelle payment from JAMIE STAHURA Conf# 01ZM85LME | 100.00 |
| 03/19/25 | Zelle payment from MATTHEW JOYCE for "Bill"; Conf# 01ZM8EVM4 | 90.00 |
| 03/20/25 | Zelle payment from MATTHEW JOYCE Conf# 01ZN9A8CO | 110.00 |
| 03/24/25 | Zelle payment from MATTHEW JOYCE Conf# 01ZPBFTU7 | 155.00 |
| 03/24/25 | Zelle payment from Matthew Joyce Conf# 0YBR1GG56 | 8.00 |
| 03/25/25 | Zelle payment from MATTHEW JOYCE for "Bills"; Conf# 01ZSD1M15 | 250.00 |
| 03/25/25 | Zelle payment from JAMIE STAHURA Conf# 01ZSD17X8 | 50.00 |
| 03/27/25 | Zelle payment from MATTHEW JOYCE for "Documents"; Conf# 01ZUESMB0 | 200.00 |
| 03/27/25 | Zelle payment from MATTHEW JOYCE Conf# 01ZUET1SJ | 75.00 |
| 03/28/25 | Zelle payment from [redacted] | 225.00 |
| 03/31/25 | Zelle payment from [redacted] | 150.00 |
| 04/01/25 | Zelle payment from MATTHEW JOYCE for "Bills"; Conf# 01ZZJ3F0V | 250.00 |
| 04/01/25 | Zelle payment from MATTHEW JOYCE for "More bills"; Conf# 01ZZJ5BCE | 150.00 |
| 04/02/25 | Zelle payment from MATTHEW JOYCE for "Credit card"; Conf# 0200KLHHN | 280.00 |
| 04/03/25 | Zelle payment from MATTHEW JOYCE for "Bills"; Conf# 0201L806X | 500.00 |
| 04/03/25 | Zelle payment from MATTHEW JOYCE for "Affirm"; Conf# 0201LBY01 | 100.00 |
| 04/10/25 | Misc. Credit Adjustment on 04/10/25 Acct #[redacted]1549 Claim # 250410526995 | 53.75 |
| 04/10/25 | Misc. Credit Adjustment on 04/10/25 Acct #[redacted]1549 Claim # 250410526995 | 53.75 |
| 04/10/25 | Misc. Credit Adjustment on 04/10/25 Acct #[redacted]1549 Claim # 250410526995 | 53.75 |
| 04/10/25 | Misc. Credit Adjustment on 04/10/25 Acct #[redacted]1549 Claim # 250410526995 | 53.75 |
| 04/10/25 | Misc. Credit Adjustment on 04/10/25 Acct #[redacted]1549 Claim # 250410526995 | 53.75 |
| 04/10/25 | Misc. Credit Adjustment on 04/10/25 Acct #[redacted]1549 Claim # 250410526995 | 53.75 |
| 04/10/25 | Misc. Credit Adjustment on 04/10/25 Acct #[redacted]1549 Claim # 250410526995 | 53.75 |
| 04/10/25 | Misc. Credit Adjustment on 04/10/25 Acct #[redacted]1549 Claim # 250410526995 | 53.75 |

*continued on the next page*

Your goals are waiting. Let us make a plan.

The enhanced Bank of America Life Plan® is a streamlined experience to help you track your goals, whether you are improving your credit or planning for retirement.

Scan the QR code or go to bankofamerica.com/LifePlan.

When you use the QRC feature, certain information is collected from your mobile device for business purposes. To be eligible for Bank of America Life Plan, a client must have a Bank of America consumer banking relationship (checking, savings or credit card account) and be digitally active on the Bank of America website or mobile app. Go to the URL for additional details.
Bank of America Life Plan is a registered trademark of the Bank of America Corporation. Member FDIC.

SSM-12-24-0031.C | 6806304

## Deposits and other additions - continued

| Date | Description | Amount |
|---|---|---|
| 04/10/25 | Misc. Credit Adjustment on 04/10/25 Acct #[redacted]1549 Claim # 250410526995 | 53.75 |
| 04/11/25 | Zelle payment from MATTHEW JOYCE for "Current"; Conf# 0JD9RODI0 | 150.00 |
| 04/11/25 | FEE REVERSAL | 20.00 |
| 04/15/25 | Zelle payment from MATTHEW JOYCE for "WEBSITE"; Conf# T0YQDXX97 | 250.00 |
| **Total deposits and other additions** | | **$3,596.75** |

## Withdrawals and other subtractions

ATM and debit card subtractions

| Date | Description | Amount |
|---|---|---|
| 03/24/25 | PMNT SENT 0319 PAYPAL *JOYCE MAT 8882211161 CA | -85.67 |
| 03/24/25 | PMNT SENT 0319 PAYPAL *JOYCE MAT 8882211161 CA | -30.00 |
| 03/24/25 | PMNT SENT 0320 PAYPAL *JOYCE MAT 8882211161 CA | -100.00 |
| 03/24/25 | PMNT SENT 0321 PAYPAL *JOYCE MAT 8882211161 CA | -11.27 |
| 03/25/25 | PMNT SENT 0322 PAYPAL *JOYCE MAT 8882211161 CA | -155.00 |
| 03/26/25 | PMNT SENT 0323 PAYPAL *JOYCE MAT 8882211161 CA | -50.00 |
| 03/26/25 | PMNT SENT 0323 PAYPAL *JOYCE MAT 8882211161 CA | -10.00 |
| 03/26/25 | PMNT SENT 0323 PAYPAL *JOYCE MAT 8882211161 CA | -50.00 |
| 03/28/25 | PMNT SENT 0325 PAYPAL *JOYCE MAT 8882211161 CA | -245.00 |
| 03/31/25 | PMNT SENT 0327 PAYPAL *JOYCE MAT 8882211161 CA | -100.00 |
| 03/31/25 | PMNT SENT 0327 PAYPAL *JOYCE MAT 8882211161 CA | -75.00 |
| 03/31/25 | PMNT SENT 0327 PAYPAL *JOYCE MAT 8882211161 CA | -45.00 |
| 03/31/25 | PMNT SENT 0328 PAYPAL *JOYCE MAT 8882211161 CA | -25.00 |
| 03/31/25 | PMNT SENT 0328 PAYPAL *JOYCE MAT 8882211161 CA | -74.00 |
| 03/31/25 | PMNT SENT 0328 PAYPAL *JOYCE MAT 8882211161 CA | -100.00 |
| 03/31/25 | PMNT SENT 0328 PAYPAL *JOYCE MAT 8882211161 CA | -25.00 |
| 03/31/25 | PMNT SENT 0328 PAYPAL *JOYCE MAT 8882211161 CA | -150.00 |
| 04/03/25 | PMNT SENT 0401 PAYPAL *JOYCE MAT 8882211161 CA | -100.00 |
| 04/03/25 | PMNT SENT 0401 PAYPAL *JOYCE MAT 8882211161 CA | -249.00 |
| 04/03/25 | PMNT SENT 0401 PAYPAL *JOYCE MAT 8882211161 CA | -100.00 |
| 04/07/25 | PMNT SENT 0402 PAYPAL *JOYCE MAT 8882211161 CA | -100.00 |
| 04/07/25 | PMNT SENT 0402 PAYPAL *JOYCE MAT 8882211161 CA | -100.00 |
| 04/07/25 | PMNT SENT 0402 PAYPAL *JOYCE MAT 8882211161 CA | -250.00 |
| 04/07/25 | PMNT SENT 0403 PAYPAL *JOYCE MAT 8882211161 CA | -100.00 |

*continued on the next page*

BANK OF AMERICA

MATTHEW T JOYCE | Account # [redacted] 1549 | March 15, 2025 to April 15, 2025

## Withdrawals and other subtractions - continued

### ATM and debit card subtractions - continued

| Date | Description | Amount |
|---|---|---|
| 04/07/25 | PMNT SENT 0403 PAYPAL *JOYCE MAT 8882211161 CA | -100.00 |
| 04/07/25 | PMNT SENT 0403 PAYPAL *JOYCE MAT 8882211161 CA | -300.00 |
| **Total ATM and debit card subtractions** | | **-$2,729.94** |

### Other subtractions

| Date | Description | Amount |
|---|---|---|
| 03/17/25 | AFFIRM INC DES:AFFIRM PAY ID:3539425 INDN:Matthew *Joyce CO ID:0000317218 WEB | -51.47 |
| 04/04/25 | AFFIRM INC DES:AFFIRM PAY ID:9863770 INDN:Matthew *Joyce CO ID:0000317218 WEB | -53.75 |
| 04/04/25 | AFFIRM INC DES:AFFIRM PAY ID:9863772 INDN:Matthew *Joyce CO ID:0000317218 WEB | -53.75 |
| 04/04/25 | AFFIRM INC DES:AFFIRM PAY ID:9863775 INDN:Matthew *Joyce CO ID:0000317218 WEB | -53.75 |
| 04/04/25 | AFFIRM INC DES:AFFIRM PAY ID:9863778 INDN:Matthew *Joyce CO ID:0000317218 WEB | -53.75 |
| 04/04/25 | AFFIRM INC DES:AFFIRM PAY ID:9863780 INDN:Matthew *Joyce CO ID:0000317218 WEB | -53.75 |
| 04/04/25 | AFFIRM INC DES:AFFIRM PAY ID:9863759 INDN:Matthew *Joyce CO ID:0000317218 WEB | -53.75 |
| 04/04/25 | AFFIRM INC DES:AFFIRM PAY ID:9863762 INDN:Matthew *Joyce CO ID:0000317218 WEB | -53.75 |
| 04/04/25 | AFFIRM INC DES:AFFIRM PAY ID:9863764 INDN:Matthew *Joyce CO ID:0000317218 WEB | -53.75 |
| 04/04/25 | AFFIRM INC DES:AFFIRM PAY ID:9863767 INDN:Matthew *Joyce CO ID:0000317218 WEB | -53.75 |
| **Total other subtractions** | | **-$535.22** |

## Service fees

**Your Overdraft and NSF: Returned Item fees for this statement period and year to date are shown below.**

| | Total for this period | Total year-to-date |
|---|---|---|
| Total Overdraft fees | $40.00 | $90.00 |
| Total NSF: Returned Item fees | $0.00 | $0.00 |

We refunded to you a total of $20.00 in fees for Overdraft and/or NSF: Returned Items this statement period and a total of $20.00 in fees for Overdraft and/or NSF: Returned Items this year.

**We want to help you avoid overdraft fees. Here are a few ways to manage your account and stay on top of your balance:**

- Enroll in Balance Connect™ for overdraft protection through Online or Mobile Banking to help save on overdraft fees and cover your payments and purchases by automatically transferring money from your linked backup accounts when needed.
- Sign up for Alerts (footnote 1) to get an email or text message when your balance becomes low

Please call us or visit us if you have any questions or to discuss your options.

(footnote 1) You may elect to receive alerts via text or email. Bank of America does not charge for this service but your mobile carrier's message and data rates may apply. Delivery of alerts may be affected or delayed by your mobile carrier's coverage.

| Date | Transaction description | Amount |
|---|---|---|
| 03/17/25 | Monthly Maintenance Fee | -12.00 |
| 03/17/25 | OVERDRAFT ITEM FEE FOR ACTIVITY OF 03-17 | -10.00 |
| 03/26/25 | OVERDRAFT ITEM FEE FOR ACTIVITY OF 03-26 | -10.00 |
| 04/04/25 | OVERDRAFT ITEM FEE FOR ACTIVITY OF 04-04 | -10.00 |
| 04/04/25 | OVERDRAFT ITEM FEE FOR ACTIVITY OF 04-04 | -10.00 |
| **Total service fees** | | **-$52.00** |

*Note your Ending Balance already reflects the subtraction of Service Fees.*

Braille and Large Print Request - You can request a copy of this statement in Braille or Large Print by calling 800.432.1000 or going to bankofamerica.com and enter Visually Impaired Access from the home page.

**Exhibit H: Modo.us purchase receipts (crash07222@gmail.com), 16 receipts**

Part 1: three receipts in which the 'free' sweepstakes coins equal the dollars paid. Part 2: all thirteen receipts in the mailbox that carry no sweepstakes coins. Natives are the .eml files named in the last column; Payment IDs are Modo's own.

| # | date | amount | Gold Coins | SC | Payment ID | native |
|---|---|---|---|---|---|---|
| H-1.1 | 04/06/2025 | $49.99 | 200000 | 50 | 0196095d-4cd5-7ab0-ba01-b2829a1f8c6f | msg_00363.eml |
| H-1.2 | 04/07/2025 | $99.99 | 500000 | 100 | 0196116d-1404-7ec3-8d42-d19484ea25d8 | msg_00014.eml |
| H-1.3 | 01/01/2025 | $499.99 | 5000000 | 500 | ef72dad3-29ac-4db2-9236-5594c75587e5 | msg_00203.eml |
| H-2.1 | 12/04/2024 | $2.99 | 5000 | 0 | f9bd8f96-ceb1-4e91-9666-0af114ff174c | msg_02193.eml |
| H-2.2 | 12/20/2024 | $7.99 | 22500 | 0 | f61aa984-a74e-459b-bff6-1f4f12694a50 | msg_02082.eml |
| H-2.3 | 12/21/2024 | $0.99 | 1000 | 0 | ecea3e43-6936-4f36-af02-b2c81157c338 | msg_02046.eml |
| H-2.4 | 01/20/2025 | $2.99 | 5000 | 0 | f50ae45c-e614-4a60-80a1-34295e381c7a | msg_01677.eml |
| H-2.5 | 01/25/2025 | $7.99 | 22500 | 0 | 4a607607-3b9f-4c4d-90d7-3560ccbb1857 | msg_01573.eml |
| H-2.6 | 01/25/2025 | $7.99 | 22500 | 0 | 2521ce36-11b3-4829-86ea-5c4bfecb4819 | msg_01572.eml |
| H-2.7 | 01/26/2025 | $2.99 | 5000 | 0 | c6e18040-1625-4bee-8bd9-6217ce7e924c | msg_01568.eml |
| H-2.8 | 01/26/2025 | $7.99 | 22500 | 0 | a4451740-4b15-4345-b844-2eee16144b65 | msg_01562.eml |
| H-2.9 | 02/03/2025 | $7.99 | 22500 | 0 | a1380b0d-7dfa-4a3b-aa87-1956f7788dc2 | msg_01435.eml |
| H-2.10 | 03/16/2025 | $7.99 | 22500 | 0 | be65a286-c5a9-40cf-8106-c3a075b66309 | msg_00782.eml |
| H-2.11 | 03/16/2025 | $7.99 | 22500 | 0 | bbdd551b-4e53-49b2-8dff-0b17564e7ad4 | msg_00781.eml |
| H-2.12 | 03/16/2025 | $0.99 | 1000 | 0 | bff99f5b-c267-4e1c-9133-ec6ace0f2663 | msg_00780.eml |
| H-2.13 | 03/16/2025 | $0.99 | 1000 | 0 | b6eec86f-ab9a-480b-b70a-6ee5d42f7cbc | msg_00779.eml |

**Exhibit H, Part 1, receipt 3 of 3: sweepstakes coins equal to dollars**

From: Matt J <crash07222@gmail.com>
To:
Date: Thu, 17 Apr 2025 09:47:44 -0400
Subject: Fwd: Your Purchase is Complete and Your Account has Been Credited!

---------- Forwarded message ---------
From: Modo.us <support@t.modo.us>
Date: Wed, Jan 1, 2025 at 12:43 AM
Subject: Your Purchase is Complete and Your Account has Been Credited!
To: Matthew Thomas Joyce <crash07222@gmail.com>

We are pleased to confirm that your purchase has been successful!
<https://l.modo.us/u/click?_t=cd32d568b54a424198393f441f6fd03c&_m=518d44e111de44c9bed236826fa42fcf&_e=jJBdrAZyWCoydTrBCMeUwU0f9Y2ISoM8-pl6iRBTIgfbWCTIfyc10-8GEfdJ3GTBcica-BcXNxpxINhxr5Imgb8c9swfYJtN5_IqworCZwIBhVAzdOKp0BdZPLpoqKaRQVXx5wu9YO3FO_W6LatPhF7H4Dnj3vV3mxRoa6Yn3zX1hB4RHkowoYa_d7x_4cF8>

*Hi Matthew Thomas,*

We are pleased to confirm that your purchase has been successful! Your Modo.us account has been credited with 5000000 Gold Coins (GC). We have given you 500 Sweepstakes Coins (SC) for FREE.

Purchase details:

Amount: $499.99

Date: 01/01/2025

Package Type: Standard package

Gold Coins (GC): 5000000

Free Additional Sweepstake Coins (SC): 500

Payment ID: ef72dad3-29ac-4db2-9236-5594c75587e5
PLAY NOW
<https://l.modo.us/u/click?_t=cd32d568b54a424198393f441f6fd03c&_m=518d44e111de44c9bed236826fa42fcf&_e=jJBdrAZyWCoydTrBCMeUwU0f9Y2ISoM8-pl6iRBTIgf6SL3Am7MUgpm2A5ooXom7C0TP84LImNRxi5mVFvzUHusIbToOIwQo2sc4SXPxd_soS_nJJPGH2pJbe-dv2Hv7rsIXw3WZXMgJIwwAN4_mOnNsnr_-gBImvgDC4IP2iY8HXFk7v91Ma5-u_X9KhNf2>

*IT IS FREE TO PLAY ON MODO.US <http://MODO.US>*

*NO PURCHASE OR PAYMENT NECESSARY*

Copyright © 2024 Modo.us. All rights reserved. Void where prohibited by law. See terms and conditions at *www.modo.us <http://www.modo.us>*.

The Sweepstakes promotions and prizes offered by Modo.us are operated by ARB Gaming LLC.
Terms of Use
<https://l.modo.us/u/click?_t=cd32d568b54a424198393f441f6fd03c&_m=518d44e111de44c9bed236826fa42fcf&_e=jJBdrAZyWCoydTrBCMeUwVmr0UhIGeNAal2sKKjJ9E5yn046R1SgVTGLCsGw_7kD8SNTIKphvQzS53ZBHNa
Responsible
Social Gaming
<https://l.modo.us/u/click?_t=cd32d568b54a424198393f441f6fd03c&_m=518d44e111de44c9bed236826fa42fcf&_e=jJBdrAZyWCoydTrBCMeUwcsZEi2yNiEZsXTWVPowX57ntXz9bIZTkG_ex0h_qtIsk-ZbUJW88xFV4Q3vzh5RqbowKEzKoVnJX0B8cCk6bXc6Rw6wv3frqEGVcn0sDaAaMjdtj3nT84hEZClBwSg_vVn8Il140JsB8T3da0_c95DyzTqve1vid3yogBQpQp_6Ibr4ppVyrxF5mtCKISJx0pQsfYQ23Eqva_Q
Sweepstake
Rules
<https://l.modo.us/u/click?_t=cd32d568b54a424198393f441f6fd03c&_m=518d44e111de44c9bed236826fa42fcf&_e=jJBdrAZyWCoydTrBCMeUwQ7CnkIaWkk2PVyuexTymB9iFO8qWdPjzBt4J8B816qbhYPvU_DYHe8AYSqdGi2LPPV6ia7NQZ5qA8AsJsH1KrrkEe3vvGb8KgSOYVi63n1ZEp8-YZHXvC71_H149oRyC2BnQ5-9fpNzebYE3rbzIKkCdgoMdtVGVgAEAw%3D%3D> Privacy
Policy
<https://l.modo.us/u/click?_t=cd32d568b54a424198393f441f6fd03c&_m=518d44e111de44c9bed236826fa42fcf&_e=jJBdrAZyWCoydTrBCMeUwT7EIVrEyRiVR3a2nP15KS1qWqIzRP_etP5G-OMmTuP0ojQ3I6IX8EegAFvCWIdTPp8xMM52OxiOj9OrjAiR4fH6EYHUMbf5zZjNISmHoXSIp2UvGrEd59kJ9iAbT7gysBI90XvI32Fs5dtcOouxXBA

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO

**MINUTES**

| | |
|---|---|
| August 14, 2025<br><br>THOMAS PORTUGAL<br><br>PLAINTIFF<br><br>VS.<br><br>HIGH 5 ENTERTAINMENT, LLC<br><br>DEFENDANT | Department: 301<br><br>Case Number: CGC-24-621047<br><br>Nature of Cause: DEFENDANT HIGH 5 ENTERTAINMENT, LLC'S DEMURRER TO 1ST AMENDED COMPLAINT. |

Present:

Judge: CHRISTINE VAN AKEN
Reporter: RAQUEL SHARP, CSR# 10619

Clerk: VICTOR DA FONSECA
Bailiff: NONE

Appearing for Plaintiff (s):

Atty. Brittany Scott, Esq. (via Zoom videoconference) of Smith Krivoshey, PC (tel: 415-839-7077) for the Plaintiff.

Appearing for Defendant(s):

Atty. Lauren Case, Esq. and Atty. William Gantz, Esq. of Duanne Morris LLP (tel: 415-957-3000) for Defendants Acies Investments Fund I, LLP; and High 5 Entertainment, LLC.

---

Matter argued and submitted. Upon conclusion, the Court adopts its tentative ruling.

Defendant High 5 Entertainment, LLC's demurrer to plaintiff Thomas Portugal's First Amended Complaint (FAC) is overruled.

A demurrer tests the sufficiency of the complaint on its face and "accept[s] the truth of material facts properly pleaded in the operative complaint." (*Capito v. San Jose Healthcare System, LP* (2024) 17 Cal.5th 273 [internal quotation marks and citation omitted].)

<u>Unfair Competition Law Standing</u>
High 5 contends that Portugal lacks standing to assert the first cause of action for violations of the UCL, Business & Professions Code, §§ 17200 *et seq.*

To have statutory standing under the UCL a plaintiff must have "suffered injury in fact and ha[ve] lost money or property as a result of the unfair competition." (Bus. & Prof. Code, § 17204; see also *Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310, 323.) High 5 argues that Portugal has no economic injury where he received the benefit of his bargain, i.e. he received the virtual currency he paid for to play a game on High 5's website. High 5 relies on cases involving sales of virtual currency in video games.

The FAC alleges that Plaintiff "lost money on Defendants' illegal gambling website within the last three years. Most recently, on December 23, 2024, Plaintiff purchased $2.00 worth of coins on the website. Further from August 3, 2024 to December 23, 2024, Plaintiff purchased $157.00 worth of coins on the website. As a result, he suffered an injury in fact resulting in the loss of money and/or property." (Para. 99.) The FAC further alleges that Portugal used High 5's website without understanding that it was an illegal gambling website. (Para. 155.)

*Kwikset* rejected the logic that someone who received the benefit of a bargain that was falsely induced lacks standing. (51 Cal.4th at p. 337 ["ineligibility for restitution is not a basis for denying standing under section 17204"].) Here, Portugal alleges an injury in paying money for an illegal service, and in being deceived by the service. That is enough for standing under *Kwikset.*

High 5's contrary cases rely on an underlying determination by those courts that the video game loot boxes at issue in those cases were not illegal gambling. (See, e.g., *Mai v. Supercell Oy* (N.D. Cal. 2023) 648 F.Supp.3d 1130, 1135 ["Both the material misrepresentation and illegal product arguments are based on the predicate assertion that loot boxes are illegal gambling mechanisms or products. Because the Court finds that Plaintiffs have not plausibly alleged that the sale of Supercell's loot boxes constitutes illegal gambling"], vacated and remanded (9th Cir., May 9, 2024, No. 23-15144) 2024 WL 2077500; *Coffee v. Google, LLC* (N.D. Cal., Jan. 10, 2022, No. 20-CV-03901-BLF) 2022 WL 94986, at *9 [finding no standing in light of court's conclusion that "Loot Boxes are not illegal slot machines"].) High 5's demurrer does not directly challenge Portugal's assertion that its website is an illegal gambling service, but in any event the court finds the allegation adequately pled.

<u>Consumers Legal Remedy Act Elements</u>
High 5 contends that Portugal has not pled facts sufficient to state a claim under the CLRA, Civil Code §§ 1770 *et seq.*, because its sale of "virtual casino chips" is neither a good nor a service under the CLRA.

Civil Code, § 1761, subdivision (b), defines "services" as "work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods." A consumer is someone who "seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes." (*Id.*, subd. (d).) Civil Code, § 1760, states that the CLRA "shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection."

High 5 exclusively relies on federal district court cases holding that virtual currencies are not a good or a service under the CLRA. These cases are not binding on this court, and in any event the court is unpersuaded. *Mai* and *Coffee* exclusively rely on earlier Northern District of California cases and does not independently analyze the question. (*Mai, supra*, 648 F.Supp.3d at p. 1136; *Coffee, supra*, 2022 WL 94986, at p. *9.) *Doe v. Epic Games, Inc.* (N.D. Cal. 2020) 435 F.Supp.3d 1024, 1045, relies heavily on a California case, *Berry v. American Express Publishing, Inc.* (2007) 47 Cal.App.4th 224. *Berry* holds that an Amex card is not a good or service; the extension of credit, *Berry* holds, allows the purchase of goods or services but is not in itself a service. (47 Cal.App.4th at p. 230; *id.* at 233 [holding that "credit transactions separate and apart from any sale or lease of goods or services" are not covered by CLRA].) This court has considered *Berry* and concludes it is distinguishable: the purchase of a gold coin or sweep coin is alleged in the FAC to be an in-app currency for gambling, not an extension of credit that allows a consumer to purchase something from a third party. The court concludes that *Doe (Epic)*'s reliance on *Berry* is misplaced. The court finds more persuasive the district court decision in *Doe (Roblox)*, which distinguishes *Berry* on similar grounds. (*Doe v. Roblox Corporation* (N.D. Cal. 2022) 602 F.Supp.3d 1243, 1264.)

<u>Judicial Resolution of Gambling Suits</u>
High 5 points to judicial decisions refusing a judicial form for the enforcement of gambling debts. It relies on "California['s] . . . strong, broad, and long-standing public policy against judicial resolution of civil disputes arising out of gambling contracts or transactions." (*Kelly v. First Astri Corp.* (1999) 72 Cal.App.4th 462, 477.) This case is distinguishable because it seeks to enforce that public policy by prohibiting a gambling practice that Portugal alleges he was deceived into participating in. *Kelly* and cases it follows resist placing a judicial imprimatur on gambling. Here, Portugal seeks the opposite. The sensible policy justifications for the longstanding rule *Kelly* invokes do not apply here.

<u>Adequate Remedy at Law</u>
High 5 contends that Portugal cannot obtain injunctive relief because he has not shown an adequate remedy at law. Unlike injunctive relief that derives from the court's equity powers, injunctive relief under the CLRA and UCL is statutory and is cumulative of other remedies. (Civ. Code, § 1752; Bus. & Prof. Code § 17205.) The court distinguishes *Prudential Home Mortgage Co. v. Superior Court* (1998) 66 Cal.App.4th 1236 on the basis that it arose in a complex regulatory context that does not apply here.

High 5 further contends in its reply brief that Portugal has an adequate remedy under the laws of New Jersey. Because High 5 raises the applicability of New Jersey law for the first time in its reply brief, the court does not address it.

Order submitted.

Judge: Christine Van Aken; Clerk: V. Da Fonseca; Court reporter: Raquel Sharp, CSR# 10619 (tel: 925-954-9888 / email: raquel@transcriptlegal.com) (301/CVA)

4:27

17

Ld

me

Can you explain exactly what capture the funds means? Cause last email you said processed?

Hello Matthew,

...

captured

captured

Reply

Forward

**BANK OF AMERICA**
PO Box 15284
Wilmington, DE 19850

**Account ending in** 1549
**Date** April 10, 2025
**Account type** Bank of America Advantage Plus Banking®

MATTHEW T JOYCE
[redacted]

## We received your stop payment request. Please review these details to make sure we captured it correctly.

### Stop payment details

| | |
|---|---|
| **Amount:** | $0.00 |
| **Account ending:** | 1549 |
| **Payment recipient:** | AFFIRM INC |
| **Effective date:** | 04/10/25 |
| **Date of check:** | |
| **Check number/range:** | 9999999999 |
| **Stop payment fee:** | $0.00 |
| **Reason:** | FRAUD OR DISPUTE |
| **Stop payment requested:** | Stop all ACH/electronic payments to a specific recipient |

Thank you for ensuring these details are accurate. If any of the information isn't accurate (including all 12 digits of your account number, exact amount, and correct spelling of recipient name), we may not be able to stop your payment.

If you need to update, renew or cancel this request, please give us a call at 800.432.1000 or you can schedule an appointment with us at a time that's convenient for you at bankofamerica.com/appointments.

### Things to keep in mind about your stop payment request

- If it's for a one-time payment, it will expire on the expiration date shown above. We may pay any transactions that take place after the expiration date.
- If you'd like to renew it, please contact us before it expires.
- If it's for a recurring payment, there's no expiration date—it will be in place until you ask us to remove it.
- We may not be able to stop payment on a check if it's presented for payment on or before the day you make the stop payment request.

For more information, please see the *Stop Payment Orders and Postdated Orders* section in the *Deposit Agreement and Disclosures.*

## Thank you for being our client.

Bank of America and the Bank of America logo are registered trademarks of the Bank of America Corporation.
Bank of America, N.A. Member FDIC.

Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br>Plaintiff,<br>v.<br>ARB GAMING LLC dba MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1–50,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**CERTIFICATE OF SERVICE** |

**CERTIFICATE OF SERVICE**

Matthew Joyce v. ARB Gaming LLC dba MODO.US, et al.

USDC, Eastern District of CA, Case No. 2:25-cv-01868-DJC-CSK (PS)

I am the Plaintiff in this action and I appear in propria persona. My address is 600 Market Grove Drive #100, Wake Forest, North Carolina 27587-7345. I hereby certify that on September 18, 2026 I served true and correct copies of the following documents on the persons identified in the Service List below:

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE COURT'S NOTICE OF INTENT TO DISMISS (ECF NO. 111) AS TO DEFENDANT AFFIRM, INC.; DECLARATION OF MATTHEW JOYCE IN SUPPORT THEREOF, WITH EXHIBITS A, B, C, D1, E, F, H, I, K, AND L; and [PROPOSED] ORDER ON THE COURT'S NOTICE OF INTENT TO DISMISS**

**CERTAIN CLAIMS AGAINST DEFENDANT AFFIRM, INC. (ECF NO. 111)**

☒ BY ELECTRONIC MAIL: I served each attorney on the Service List by electronic mail, sent from Wake Forest, North Carolina, to the addresses shown for that attorney. Each attorney listed is counsel of record in this action and a registered CM/ECF filing user in this District. Registration as a filing user constitutes consent to receive service electronically pursuant to Fed. R. Civ. P. 5(b)(2)(E) and waiver of the right to receive service by any other means. E.D. Cal. L.R. 135(g)(1). Counsel of record will additionally be served by the Notice of Electronic Filing generated when these documents are docketed. E.D. Cal. L.R. 135(a).

☒ BY UNITED STATES MAIL AND ELECTRONIC MAIL: I served Plaintiff-in-Interpleader Jamie Stahura by United States Mail, first-class postage prepaid, deposited at Wake Forest, North Carolina, addressed to 11076 Ligon Mill Road #100, Wake Forest, North Carolina 27587, and by electronic mail to the addresses shown for her on the Service List.

☒ COURTESY COPIES BY ELECTRONIC MAIL: Courtesy copies were also sent by electronic mail to Sean Patterson, Esq., Duane Morris LLP, CSPatterson@duanemorris.com, who appears on Defendant ARB Gaming LLC's Rule 7.1 disclosure statement; and to Tanya L. Greene, Esq. and Colin F. McGrath, Esq., DLA Piper LLP (US), tanya.greene@us.dlapiper.com and colin.mcgrath@us.dlapiper.com, who appear on Defendant Apple Inc.'s motion papers. These persons do not appear on any docket attorney list and are not included in the Service List.

A copy of the [Proposed] Order is additionally being submitted in Microsoft Word format by electronic mail to CSKorders@caed.uscourts.gov, pursuant to E.D. Cal. L.R. 137(b) and Judge Kim's Civil Standing Order § VII.A.

Defendant Amazon.com, Inc. has not appeared in this action and has no counsel of record.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 18, 2026,

at Wake Forest, North Carolina.

Signed by:

07B601B840D34AB...

Matthew Joyce

Plaintiff, Pro Se

## SERVICE LIST

| COUNSEL | PARTY |
|---|---|
| Karen Lehmann Alexander (SBN 265926)<br>DUANE MORRIS LLP<br>750 B Street, Suite 2900<br>San Diego, CA 92101<br>Tel: 619-744-2224<br>klalexander@duanemorris.com | Attorneys for Defendant<br>ARB GAMING LLC dba MODO.US |
| Daniel Donahoe Wall (SBN 311391)<br>DUANE MORRIS LLP<br>One Market Plaza, Spear Tower, Suite 2200<br>San Francisco, CA 94105<br>Tel: 415-957-3032 · Fax: 415-957-3001<br>dwall@duanemorris.com | |
| Walter A. Saurack (pro hac vice)<br>DUANE MORRIS LLP<br>WASaurack@duanemorris.com | |
| Kalama Mark Lui-Kwan (SBN 242121)<br>Ryan A. Lewis (SBN 307253)<br>TROUTMAN PEPPER LOCKE LLP<br>Three Embarcadero Center, Suite 800<br>San Francisco, CA 94111<br>Tel: 415-477-5700 · Fax: 415-477-5710<br>kalama.lui-kwan@troutman.com<br>ryan.lewis@troutman.com | Attorneys for Defendant<br>AFFIRM, INC. |
| Gary D. Sonnenfeld (SBN 247894)<br>TROUTMAN PEPPER LOCKE LLP<br>777 South Flagler Drive, Suite 215, East Tower<br>West Palm Beach, FL 33401<br>Tel: 305-712-1572 · Fax: 561-655-8719<br>gary.sonnenfeld@troutman.com | |
| Arjun P. Rao (SBN 265347)<br>Marcos D. Sasso (SBN 228905)<br>MORGAN, LEWIS & BOCKIUS LLP<br>2049 Century Park East, Suite 700<br>Los Angeles, CA 90067<br>Tel: 310-907-1063 (Rao) · 310-907-1064 (Sasso)<br>Fax: 310-907-1001<br>arjun.rao@morganlewis.com<br>marcos.sasso@morganlewis.com | Attorneys for Defendant<br>GOLDMAN SACHS BANK USA |
| John Samuel Gibson (SBN 140647)<br>DLA PIPER LLP (US)<br>2000 Avenue of the Stars, North Tower, Suite 400<br>Los Angeles, CA 90067-4704<br>Tel: 310-595-3039 · Fax: 310-595-3339 | Attorneys for Defendant<br>APPLE INC. |

john.gibson@dlapiper.com
john.gibson@us.dlapiper.com

| | |
|---|---|
| Jamie Stahura<br>11076 Ligon Mill Road #100<br>Wake Forest, NC 27587<br>Tel: 631-252-9182<br>Jamie.Stahura@PNFP.com<br>Nailbnder99@yahoo.com | Plaintiff-in-Interpleader,<br>Pro Se |

```
# ECF 111 — SIGNED SET, ready for the courier. 2026-09-18
# DocuSign envelope 9607108F-202D-8E88-829D-5D6C0B178DDC (01, 02, 04 signed together)
# Signed text verified identical to the approved unsigned originals, word for word.

bb9ff2e6370d1fe4704e7ea32f0b47376dbf12e5c8ea1703bf451ed37c07db59  18pp
01_MEMORANDUM_opposition_18pp_SIGNED.pdf
7612e4aeb9fa5b09f55c1cd502a62c8e16f2fe34d75b9639d20305c29a99b3e6  4pp
02_DECLARATION_joyce_4pp_SIGNED.pdf
b59229d87d0a1cd595eac618534fe31f48ca4dadfa2cfb1b79a8f08ae22ecc1b  46pp  03_EXHIBITS_A-
L_46pp.pdf
f07c3fd18ac9d8559f9fea38ecea0b3b61ca667e46d2af4ca8b491b96c17281e  5pp
04_CERTIFICATE_OF_SERVICE_5pp_SIGNED.pdf
d5163e790102524c0d250075f4041ddfc899b9d39936e21c8ab13868657654ae  1pp
05_PROPOSED_ORDER_1pp.pdf

TOTAL PAPER PAGES: 74

NOT in the envelope: _DOCUSIGN_completion_certificate_NOT_FOR_FILING.pdf (DocuSign audit
page)
```