Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

FILED

OCT 01 2026

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ________ DEPUTY CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| MATTHEW JOYCE,<br>Plaintiff,<br>v.<br>ARB GAMING LLC dba MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1-50,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**REQUEST FOR RECONSIDERATION BY THE DISTRICT COURT OF MAGISTRATE JUDGE'S RULING (Minute Order of September 17, 2026, ECF No. 116)**<br><br>District Judge: Hon. Daniel J. Calabretta<br>Magistrate Judge: Hon. Chi Soo Kim<br>No hearing requested (L.R. 303(e)) |

28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); E.D. Cal. L.R. 303

## I. THE RULING OBJECTED TO AND THE RELIEF REQUESTED

On September 17, 2026, the Magistrate Judge denied the Motion by text-only minute order.[1] The Order found that former counsel's "responsibility to

---

1 **Defined Terms and Citation Forms.** "ARB" is Defendant ARB Gaming LLC dba Modo.us; "Affirm," "Goldman Sachs," "Apple," and "Amazon" are Defendants Affirm, Inc., Goldman Sachs Bank USA, Apple Inc., and Amazon.com, Inc. "Former counsel" are Amina M. Mack and Jacqueline M. Sale; "the Firm" is The Mack Law Firm, PLLC. "Ms. Alexander" is Karen L. Alexander, counsel for ARB. "JAMS" is the arbitration forum, JAMS Ref. No. 5100003080. "Mot." or "the Motion" is Plaintiff's motion, ECF No. 113; "Joyce Decl." is the declaration filed with it (Mot. at 25–33); "Ex. __" is an exhibit to it. "Opp." is former counsel's opposition, ECF No. 114; "§ G" is Section G of the Opposition, Opp. at 8–9; "Mack Decl." and "Sale Decl." are the declarations filed with the Opposition (Opp. at 11–13) or with the withdrawal motion, ECF No. 47, as the cite shows. "The Order" is the minute order of September 17, 2026, ECF No. 116. "L.R." is a Local Rule of this Court; "Rule 1.16" is Rule 1.16 of the California Rules of Professional Conduct. Docket cites: "ECF No. __ at page:line."

represent Plaintiff has been discharged" following the certificate of service filed July 3, 2026 (ECF No. 84), and directed: "To the extent Plaintiff claims he received an incomplete client file or that his former counsel engaged in improper conduct during their representation of Plaintiff, Plaintiff must work with his former counsel to resolve those disputes outside this action." The Motion was denied and the October 6, 2026 hearing vacated. ECF No. 116.

Plaintiff did not write the relief he requests; former counsel did. It is the alternative order they drafted and asked the Court to enter, § G, and Plaintiff asks the Court to enter it in their words. He adds only the list of items it covers (Attachment 1) and one timing paragraph, tied to the deadline the Court set at ECF No. 120, that is his own. A proposed order is submitted with this request.

The objection is to one part of the Order: the direction that the file be pursued "outside this action," and the denial of any order for its release. L.R. 303(c). Plaintiff has reserved every other question about former counsel's conduct for other forums. Mot. ¶ 57. This request raises one question, the file, and the discharge finding is what makes it due: under Rule 1.16(e), the duty to release the file arises "[u]pon the termination of a representation for any reason." Plaintiff does not contest the discharge. It is what made the file due.

## II. STANDARD OF REVIEW AND TIMELINESS

The District Judge reconsiders a magistrate judge's ruling on a nondispositive pretrial matter under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L.R. 303(f). A ruling is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Dagdagan v. City of Vallejo*, 263 F.R.D. 632, 637 (E.D. Cal. 2010) (internal quotation marks and citation omitted). Plaintiff proceeds under that prong. The Order did not apply L.R. 182(d), L.R. 180(e), or Rule 1.16, and it did not address former counsel's concession of the duty or the order they proposed. Review is on the record that was before the Magistrate Judge: the Motion, the

Opposition, and the docket. Plaintiff submits no new evidence; docket entries after September 17 are cited only for the deadline they set, and Attachment 1 identifies items without proving them.

The Order was entered and served electronically on September 17, 2026. See ECF No. 74. This request is filed within fourteen days of service, L.R. 303(b); Fed. R. Civ. P. 72(a), and is served on the Magistrate Judge and all parties, L.R. 303(c).

## III. ARGUMENT

### A. The Court kept authority over the client file when it granted withdrawal; the District Judge's own order shows it.

Withdrawal in this District is governed by L.R. 182(d). Two of its sentences decide this request. "The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder." And: "Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit." The same rule makes withdrawal subject to the California Rules of Professional Conduct, L.R. 182(d), which this Court adopts "as standards of professional conduct in this Court," L.R. 180(e). Rule 1.16(e)(1) is one of them: "Upon the termination of a representation for any reason ... the lawyer promptly shall release to the client, at the request of the client, all client materials and property," defined to include "correspondence, pleadings, deposition transcripts, experts' reports and other writings, exhibits, and physical evidence, whether in tangible, electronic or other form." Rule 1.16(d) ties termination to that duty: a lawyer "shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as ... complying with paragraph (e)." See *Hunt v. Oak Run Elementary Sch. Dist.*, No. 2:25-cv-02404-DC-DMC, ECF No. 30, at 3:19–22 (E.D. Cal. Mar. 4, 2026).

The Court exercised that authority three times. ECF No. 58, the District Judge's order, granted withdrawal on one condition, service of the order with

proof filed, and provided that only "[a]t such time as service is completed" would counsel's "responsibility to represent Plaintiff Matthew Thomas Joyce ... be terminated." Eight days later, on its own review, the Court found that counsel "have not filed a proof of service" and "ORDERED" them to do so. ECF No. 66. Five weeks after that, the Court applied L.R. 182(d) to Ms. Mack as counsel for Plaintiff-in-Interpleader Jamie Stahura and directed a noticed motion. ECF No. 87. That motion was "submitted for decision on the record and written briefing," ECF No. 101, and has not been decided, so Ms. Mack remains counsel of record in this action, under the same rule, on the same docket. See ECF Nos. 35, 88; Mot. ¶ 43.

The District Judge granted withdrawal with the file before him. Plaintiff's notice, filed three days earlier, told the Court that requests to counsel "with respect to Plaintiff's client file and other procedural matters" remained "pending and unanswered." ECF No. 54 at 1. ECF No. 58 recites that notice by name: "Having reviewed Counsel's Motion to Withdraw as Attorney (ECF No. 47) and Plaintiff's Notice re Counsel Termination (ECF No. 54)." The motion the Court was reviewing promised the file: counsel would be "[p]romptly providing the complete case file, all work product, and all client property to Plaintiff or successor counsel," ECF No. 47 at 9; see id. at 5, and each attorney swore to it, id. at 16 (Mack Decl. ¶ 6); id. at 18 (Sale Decl. ¶ 6). Its proposed order read: counsel "shall return all case files, documents, work product, and client property to Plaintiff or to substitute counsel within _____ business days of the date of this Order." Id. at 20 (¶ 4). A court holding counsel's sworn promise to deliver the file has no reason to order what counsel have sworn to do. The Court attached the one condition the promise did not cover, proof of service, and sent the file nowhere else. The promise has not been kept in full. Mot. ¶¶ 46–50; Joyce Decl. ¶¶ 19–22. The order is the remedy. Fed. R. Civ. P. 54(b) (an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims"); Mot. ¶ 54.

The duty is not new and it is not slow. Measured from July 3, the one word Rule 1.16(e)(1) uses, "promptly," has meant nearly three months.

The Order sends the file "outside this action." It cites no rule and no authority for that direction, and it does not mention L.R. 182(d), L.R. 180(e), or Rule 1.16. The power exists. Ancillary jurisdiction reaches matters that "arise during the course of an action and affect the court's ability either to render an efficacious judgment or to control the litigation before it," and it "encompasses motions to withdraw and fee disputes generated thereby"; the Court's "inherent authority to regulate members of its own bar reinforces" it. *Curry v. Del Priore*, 941 F.2d 730, 731–32 (9th Cir. 1991). A file dispute generated by the same motion, bearing on motions under submission, is that kind of matter, and L.R. 182(d) is that power written into this District's rules. A ruling that does not apply the rules that govern the question before it is contrary to law. *Dagdagan*, 263 F.R.D. at 637. The discharge closed the representation. It opened the file.

**B. Former counsel conceded the duty and the Court's authority, wrote the order Plaintiff asks for, and cited the case that entered one.**

Former counsel contested none of this. The Opposition states the rule the same way: "Local Rule 182(d) provides that withdrawal is governed by the California Rules of Professional Conduct and that leave to withdraw may be granted subject to appropriate conditions the Court deems fit." Opp. at 4; see id. at 7 ("Local Rule 182(d) authorizes appropriate conditions on withdrawal"). It concedes the duty in its second paragraph: "Former counsel do not dispute their obligation to release client materials and property under California Rule of Professional Conduct 1.16(e)(1)." Id. at 2.

What former counsel opposed was scope, "the much broader regime Plaintiff requests," id., and what they proposed instead was an order of their own: "Alternatively, any order should be limited to transmission by the custodial firm of a specifically identified existing client-file item in the form in which it actually

possesses or can reasonably export it, subject to Rule 1.16(e)(1) and applicable confidentiality protections." Id. Section G sets that order out in full, "within fourteen days," excluding among other things "a rolling deficiency process without a noticed motion and further Court order," and the conclusion asks the Court to enter it: "Alternatively, the Court should enter only the narrow, self-limiting order described above." Id. at 8–9. The blank in counsel's own proposed order, ECF No. 47 at 20 (¶ 4), is filled: fourteen days. Ms. Mack's declaration states under penalty of perjury that the firm "is willing to transmit" identified material "in the form in which the material is reasonably maintained or exportable." Opp. at 12 (Mack Decl. ¶ 8). In the alternative, former counsel asked this Court to order the transfer.

Their authorities say the same. The one case the Opposition cites, *Williams v. County of Fresno*, 562 F. Supp. 3d 1032, 1035 (E.D. Cal. 2021), is cited for the factors a court weighs on a motion to withdraw. Opp. at 4. *Williams* quoted the same sentence of L.R. 182(d) that governs here, "Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit," and then granted withdrawal with this among the order's terms: "Within 30 days after entry of this order, Plaintiffs' counsel shall provide Plaintiffs with a copy of their complete case file, if counsel has not already done so." *Williams*, 562 F. Supp. 3d at 1035 (quoting L.R. 182(d)); id., order ¶ 6. In *Williams* and in *Hunt*, the duty was written into the withdrawal order itself. *Hunt*, ECF No. 30, at 5:7–9 (ordering that counsel "shall comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding release of a client's papers and property and return of unearned fees"). The State Bar opinion the Opposition cites "advises that existing electronic versions of client-file items must be released when requested." Opp. at 4–5 (citing Cal. State Bar Formal Op. No. 2007-174). The opinion's first item is "an electronic version of e-mail correspondence." Cal.

State Bar Formal Op. No. 2007-174, at 1 (2007). Plaintiff asks for existing items in the form maintained, and nothing more.

Ms. Sale's two declarations are both on this docket. In May she swore that she had "been responsible for managing communications with Plaintiff and assisting in the preparation of pleadings in this case," and that on withdrawal she would comply with her obligations, "including returning all case files and client property." ECF No. 47 at 17–18 (Sale Decl. ¶¶ 2, 6). She is the member of this Court's bar who consented to be the attorney "upon whom filings shall be served." ECF No. 22 at 1–2. Earlier in May, Plaintiff and Ms. Sale communicated directly once in the representation, by text, and she confirmed that she was his attorney; the next day the Firm wrote that Ms. Sale "is strictly an attorney whose license we are using for my pro hac vice." Joyce Decl. ¶ 9 & Ex. AS. In September she swore that she "did not receive, maintain, or take custody of Plaintiff's client file." Opp. at 13 (Sale Decl. ¶ 3). The § G order resolves the question without deciding it: it binds "the custodial firm," and it reaches Ms. Sale on "a showing that responsive client material is within her possession, custody, or control." Opp. at 9. That showing is made in Part IV.

The record before the Magistrate Judge therefore held two proposed file orders, Plaintiff's, Mot. ¶ 55, and former counsel's, § G. Both sides invoked L.R. 182(d). Both invoked Rule 1.16(e)(1). On the alternative order the only dispute was scope, and Plaintiff accepts former counsel's scope in full, including each item the order "should not require." Opp. at 9. The Order denied the Motion without addressing the concession or the proposed order. That is contrary to law: it declined to apply a rule both parties agreed governs, in favor of a direction neither party's proposed order contemplated and no rule supplies. Plaintiff asks for the order former counsel drafted, on their terms, which Ms. Mack swore the firm is willing to perform. Opp. at 8–9, 12 (Mack Decl. ¶ 8).

**C. The file is the record of matters pending before this Court, and no other forum can order it delivered for use here.**

The Order treats the file as a dispute between a former client and former counsel. On this docket it is the record of pending motions. ARB's motion to compel arbitration (ECF No. 56), Apple's motion to dismiss (ECF No. 57), and Goldman Sachs' motion to compel arbitration (ECF No. 64) are "submitted on the record and written briefing." ECF No. 110. Affirm's motion to dismiss (ECF No. 60) is "submitted for decision on the record and written briefing" following the Court's notice and Plaintiff's opposition. ECF Nos. 111, 118. On September 28, 2026, the Magistrate Judge granted ARB leave to file the document ARB describes as the arbitrator's final award (the "Award"), directed ARB to file it as a separate document, and set thirty days for Plaintiff to respond to it in five pages. ECF Nos. 115, 120.

The dates matter. Plaintiff filed the Motion on August 28, 2026, noticed for hearing on October 6. ECF No. 113. Former counsel opposed on September 2. ECF No. 114. ARB filed its request for leave on September 16. ECF No. 115. On September 17, the Magistrate Judge denied the Motion and vacated the October 6 hearing. ECF No. 116. On September 28, the Magistrate Judge granted ARB's request. ECF No. 120. Plaintiff will respond to the Award within the thirty days the Court allowed; he cannot respond fully from the record he has. The arbitration file former counsel conducted, item 2 of Attachment 1, falls within the complete file demanded on May 26, 2026, and has not been delivered in full. Mot. ¶ 46 & Ex. C. The direction that the file be pursued "outside this action" now stands between Plaintiff and a deadline set inside it.

The defendants' own filings on those matters recite what Plaintiff's former counsel said to opposing counsel. ARB filed the May 19, 2026 email exchange as an exhibit, ECF No. 56-8 at 7–10, and describes telephone conferences with Plaintiff's counsel on March 30 and May 19, id. ¶¶ 4, 8. Goldman Sachs states

that it "requested that Plaintiff stipulate to arbitration on April 30, 2026 via email," that on May 13 counsel "conferred via videoconference," and that "Plaintiff's counsel refused to stipulate to arbitration." ECF No. 64 at 6:21–25. Affirm states that on May 19 its counsel asked Plaintiff's counsel for a meet-and-confer date and that counsel "declined to provide a date and cited their imminent withdrawal as counsel for Plaintiff." ECF No. 60 at 2:13–15. Apple's stipulation, signed by former counsel, recites "the parties' meet and confer regarding Apple's motion to dismiss." ECF No. 45 at 2:14.

None of those exchanges was in the file produced on June 25. "The correspondence between my counsel and defense counsel ran in both forums — this Court and the arbitration — and included counsel for Goldman Sachs. I saw only the fragments counsel chose to forward; the underlying threads appear nowhere in the production." Joyce Decl. ¶ 22; see Mot. ¶ 50. Plaintiff first saw the May 19 exchange "as an exhibit to the adversary's filing." Joyce Decl. ¶ 20. On September 1, 2026, the Firm sent him that one chain, with portal records and the June 25 and 26 delivery emails, and called it a cure. Opp. at 1, 3–4, 12 (Mack Decl. ¶ 6). That is the whole of what they say was sent. The chain includes Ms. Alexander's "Ok. I will prepare a stipulation for your review and signature," ECF No. 56-8 at 7, after a telephone conference her declaration describes, id. ¶ 8. The stipulation she said she would prepare, what was said on that call, and the underlying threads of every other exchange with counsel for ARB, Goldman Sachs, Affirm, and Apple appear nowhere in the production. Joyce Decl. ¶ 22. Every appearing defendant holds its correspondence with Plaintiff's former counsel. The only party without the complete threads is the client.

The rest of the file stands the same way. The engagement agreement "was not produced under any demand." Mot. ¶ 46; Joyce Decl. ¶ 19. The complete file was demanded on May 26. Mot. ¶ 46 & Ex. C. On June 16 counsel confirmed in writing that she would "email the digital file this week," ECF No. 76 at 4; id. at 21

(Ex. B), and Plaintiff defined the file item by item the same day, Mot. ¶ 46 & Ex. AH. The June 25 transmittal calls the production "one complete package," Mot. ¶ 49 & Ex. W; it came behind a link that "will expire on July 3, 2026" and, that night, did not work, Mot. ¶ 47 & Exs. AI, AT-1, AT-2. It stops at docket item 19; the docket stood at 73. Mot. ¶ 49.

Amazon shows the consequence inside this action. Amazon has not appeared. The Firm handled service and told Plaintiff in May, under the heading "Amazon (Served 3/23/26)," that a "Motion for Default Judgment can be filed." Mot. ¶ 48 & Ex. AP. The proof, which names the Firm as attorney for Plaintiff in its caption box, reached him "only on June 25, with the file." Id.; ECF No. 78 at 2. He filed it as advised, ECF Nos. 78, 79, and the Clerk declined default, "being unable to determine if Heather Hughes is an Agent for Service for Defendant Amazon.com, Inc." ECF No. 86. On June 16 Plaintiff had asked the Firm for "any process server or service vendor your firm retained on Amazon and the date(s)/address(es) of attempted service," any Rule 4(d) waiver packet, and any communications with Amazon's side. Ex. AH at 1. The Firm's answer was "the available proof of service." Ex. W at 1; see Opp. at 3. Plaintiff cannot account to the Court for the March service, or show good cause under Rule 4(m) for the time since, without those records.

The file includes the arbitration. At least one disclosure from the arbitrator "was never forwarded to me." Joyce Decl. ¶ 3 & Ex. T. Plaintiff opposed two motions to compel arbitration on counsel-to-counsel correspondence he had read only in the other side's exhibits. See Joyce Decl. ¶¶ 20, 22. He told the Court so in June: "Plaintiff could not meaningfully oppose four dispositive motions without his case file, and his former counsel did not return it"; "his complete file remains outstanding." ECF No. 76 at 3, 5. The Court twice found good cause on motions that said so. ECF Nos. 76, 81, 89, 92; see Opp. at 4, 8 (both extensions "based in part on the asserted file issue").

Former counsel answer that L.R. 182(d) "does not require the Court to adjudicate every collateral accusation between a former client and former counsel." Opp. at 7. Plaintiff asks the Court to adjudicate none; he has reserved them. Mot. ¶ 57. He asks for the record of this case, held by former counsel, for motions this Court has under submission. That is prejudice in this action, not outside it. Sending the record of submitted motions outside the action, when L.R. 182(d) made its delivery a condition this Court could set, misapplies the rule and is contrary to law. No other forum has these motions before it, and none can order the record delivered for use here.

**D. The duty to release the file arose after the representation ended; it is not "conduct during their representation."**

The Order pairs the file with "improper conduct during their representation of Plaintiff" and sends both outside this action; the file dispute is neither. The transmission on which former counsel rest their cure came on September 1, 2026, sixty days after the July 3 certificate the same Order relies on. Opp. at 12 (Mack Decl. ¶ 6). The Opposition calls the May 19 chain "one concrete omission from the June 25, 2026 file transmittal," and says of September 1: "The specific defect identified in the motion has therefore been cured." Opp. at 1. What was cured on September 1 was not in the "one complete package" of June 25. Mot. ¶ 49 & Ex. W. The handling of the file after discharge is not conduct during the representation, and treating it as such misapplies Rule 1.16(e)(1). It is the post-termination duty that rule imposes, and enforcing it is all this request asks.

## IV. RELIEF REQUESTED

Plaintiff requests that the Court (1) set aside the portion of the Order that denied the Motion and directed Plaintiff to resolve the client-file matter "outside this action," and (2) enter the order former counsel proposed at § G, which reads:

> "[W]ithin fourteen days, the custodial firm shall transmit any specifically identified, nonduplicative existing client material in its possession, custody, or control that is required by Rule 1.16(e)(1), in

> the form in which it is reasonably maintained or exportable, subject to applicable protective orders, statutes, and confidentiality obligations. The custodial firm shall continue reasonable preservation pending that transmission. No production obligation should be imposed on Ms. Sale absent a showing that responsive client material is within her possession, custody, or control.
>
> "The alternative order should not require forensic metadata reconstruction, paper duplication of electronic materials, production of conflict-screening records or other materials outside Rule 1.16(e)(1), item-by-item penalty-of-perjury certifications, adjudication of collateral professional-conduct disputes, advance leave to supplement unrelated filings, or a rolling deficiency process without a noticed motion and further Court order."

Opp. at 8–9. The materials in Attachment 1 are the "specifically identified" client materials to which that order applies. Because the Court has set a thirty-day period for Plaintiff to respond to the Award, ECF No. 120, Plaintiff asks that item 2 be transmitted within seven days and the balance within fourteen. Alternatively, Plaintiff asks that the Motion be returned to the Magistrate Judge with direction to enter that order.

As to Ms. Sale, the showing the order calls for is on the docket. She signed the operative complaint as "Attorney for Plaintiff," ECF No. 33 at 45; she is, as noted, the member of this Court's bar "upon whom filings shall be served," ECF No. 22 at 1–2; and she was copied on every message of the May 19 chain after the first. ECF No. 56-8 at 7–10; Mot. ¶ 35; Joyce Decl. ¶ 21. The correspondence on which she was copied is responsive client material within her possession, custody, or control, and Attachment 1, item 1, applies to her to that extent. The summonses for Amazon, Apple, and Goldman Sachs issued to her, ECF No. 31, so item 3 reaches her to the extent she holds them or any return.

The order requested is former counsel's, on former counsel's terms, with the items in Attachment 1 and nothing more. A proposed order in that form is submitted herewith. No hearing is requested. L.R. 303(e).

Dated: October 1, 2026

Signed by:
Matthew Joyce
07B601B840D34AB...

Matthew Joyce

Plaintiff, Pro Se

## ATTACHMENT 1 — SPECIFICALLY IDENTIFIED CLIENT MATERIALS

(Rule 1.16(e)(1); Opp. at 8–9. Each item is an existing client material, requested in the form in which it is reasonably maintained or exportable. Items 1–11 are identified on this docket by the record cite given; the cite shows where the item is identified and is not a condition. Items 12–37 are identified by date or subject and participants, from the fragments counsel forwarded to Plaintiff during the representation or, where a docket cite is given, from the filing that recites the exchange. Joyce Decl. ¶ 22 ("I saw only the fragments counsel chose to forward"). Surnames in items 12–35 are the counsel or staff for the party named in the item, as they appear on the copy lines of those fragments. Items 1–11 are ranked by significance to the matters before the Court; items 12–35 follow by date; item 36 covers the Apple Card account records; item 37 covers notes of the calls.)

1. **The May 19, 2026 ARB chain and what followed it:** every message after Ms. Alexander's "Ok. I will prepare a stipulation for your review and signature," any stipulation or draft stipulation transmitted, any draft motion for sanctions received, and any notes of the May 19 telephone conference. ECF No. 56-8 at 7–10 & ¶ 8; Mot. ¶¶ 35–37.

2. **The Firm's file for JAMS Ref. No. 5100003080, as maintained,** including all submissions filed or served on Plaintiff's behalf; all orders, awards, notices, disclosures, and transmittals received from JAMS or the arbitrator, including the March 20, 2026 disclosure (Joyce Decl. ¶ 3 & Ex. T) and the transmittal of the May 13, 2026 interim award (Ex. G-1); and all correspondence with the JAMS case manager, to the extent not included in the June 25, 2026 transmittal. Mot. ¶ 46 & Ex. C.

3. **Amazon service records:** the process server's or vendor's engagement, instructions, and return; the identification of the person and address served as Amazon's agent for service; any Rule 4(d) waiver packet and any response; and any correspondence with Amazon or its registered agent. ECF Nos. 78, 86; Ex. AH at 1 (item 1); Ex. W at 1; Opp. at 3; Mot. ¶ 48 & Exs. AP, AV.

4. **The March 30, 2026 ARB conference and same-day email chain, and the April 1, 5, and 6 exchanges** (availability of dismissal without prejudice; withdrawal from JAMS "as of today"; ARB's follow-up). ECF No. 56-8 ¶¶ 4–6 & at 11–15.

5. **The May 14–15, 2026 ARB transmittal of the interim award** with its dismissal demand and sanctions warning, and counsel's reply, "My client does not agree to dismiss his Federal Court complaint against ARB." ECF No. 56-8 ¶ 7 & at 10–11.

6. **Goldman Sachs:** the April 30, 2026 email requesting a stipulation to arbitrate, and any correspondence or notes of the May 13, 2026 videoconference at which counsel "refused to stipulate to arbitration." ECF No. 64 at 6:21–25.

7. **Affirm:** the May 19, 2026 request for a meet-and-confer date and counsel's response citing imminent withdrawal. ECF No. 60 at 2:13–15.

8. **Apple:** the meet-and-confer on Apple's motion to dismiss recited in the May 13, 2026 stipulation, and any note of it. ECF No. 45 at 2:14; Ex. AS (counsel's May 7, 2026 account of it).

9. **The executed engagement agreement(s)** between Plaintiff and the Firm, and any engagement or fee agreement naming Ms. Sale, in the form maintained. Mot. ¶ 46; Joyce Decl. ¶ 19.

10. **The continuance requests** from counsel for ARB, Apple, and Goldman Sachs described in counsel's May 26, 2026 email, and counsel's responses. Ex. AP.

11. **Counsel's April 5, 2026 email to JAMS and ARB's counsel** withdrawing from the arbitration, and any response. ECF No. 56-8 ¶ 6.

12. January 7–8, 2026: ARB's reply to counsel's letter of representation and counsel's answer (Alexander, Duane Morris; Mack; cc Ludeke, Wall).

13. January 8–12, 2026: ARB's counsel's request for a call, the January 12 telephone conference (Alexander and Mack), and any note of it.

14. January 12–18, 2026: the arbitrator's Order to Show Cause thread (Wall, Duane Morris, and Mack; cc Alexander, Saurack).

15. January 21–28, 2026: the Alexander–Mack email chain on ARB's response time, staggered briefing, Rule 4(d) waiver, and Rule 15 timing, with the January 28 draft stipulation (Alexander to Mack; cc Ludeke, Wall; Sale and Flores added January 28).

16. January 23 – March 12, 2026: ARB's Rule 4(d) waiver packet (form, transmittal, and ARB's acceptance of service).

17. January 28–29, 2026: the draft and executed stipulation filed as ECF No. 25 and the record of the authorization for its signature "as authorized 1/29/26."

18. February 17, 2026: counsel's transmission of the amended complaint to ARB's counsel.

19. March 11, 2026: ARB's counsel's email requesting a call on dismissal after the arbitrator's March 4 order; March 18–19, 2026: ARB's counsel's call request regarding the notice of appearance for Plaintiff-in-Interpleader Jamie Stahura.

20. March through July 2026: the process server's or vendor's engagement, instructions, and returns for Affirm, Goldman Sachs, and Apple, including any signed proofs, GPS or photograph records, address-change requests, and confirmations of service.

21. March 18, 2026: Affirm's first counsel-to-counsel email (Lewis, Troutman, to Mack and Sale; cc Lui-Kwan, Standart) and any reply.

22. About March 28–31, 2026: Affirm's request for a sixty-day extension of time for service and counsel's answer.

23. April 1, 2026: counsel's email transmitting the Amended Demand to ARB's counsel.

24. April 10, 2026: Apple's extension request (Greene, DLA Piper, to Mack and Sale; cc Gibson, McGrath) and counsel's replies.

25. April 16, 2026: Goldman Sachs' first contact and extension request (Sasso, Morgan Lewis, to Sale and Mack; cc Rao, Marshall) and the reply.

26. April 16, 2026: the request for an extension of the deadline to respond to ARB's opposition in JAMS, and the refusal.

27. April 28, 2026: the telephone conference with Goldman Sachs' counsel and any note of it.

28. May 1, 2026: Apple's meet-and-confer scheduling email on its motion to dismiss (McGrath to Mack and Sale; cc Gibson, Greene) and the replies.

29. About May 1–4, 2026: Apple's second extension request (to May 29) and counsel's consent (ECF No. 41, "authorized 5/4/2026").

30. About May 5, 2026: Goldman Sachs' counsel's email proposing a further extension and a resolution, and counsel's reply agreeing to the extension to May 29 (ECF No. 43).

31. May 7–13, 2026: the Apple Rule 26(f) stipulation exchange, drafts and consent (ECF No. 45, "authorized 5/13/2026").

32. May 15, 2026: Affirm's proposed Rule 26 stipulation (Lewis to Mack and Sale; cc Lui-Kwan, Standart) and the replies.

33. May 19–20, 2026: counsel's communications to ARB's counsel that the Firm would withdraw and that the sanctions motion need not be filed, and the May 20 withdrawal notices to ARB's counsel and to JAMS.

34. May 20, 2026: ARB's request to JAMS for an adjournment, counsel copied (Stewart, Duane Morris, to the case manager; cc Mack, Saurack), and counsel's response.

35. May 26, 2026: counsel's request to defense counsel that the July 9, 2026 hearing be held by videoconference, and the responses.

36. The Apple Card account records that Goldman Sachs Bank USA or its counsel transmitted to counsel, including the customer agreement attached to Goldman Sachs' counsel's email forwarded May 1, 2026, and any account statements or dispute records.

37. Any notes or memoranda, as maintained, of the telephone conferences and videoconference in items 1, 4, 6, 8, 13, and 27.

Each item is requested as a "specifically identified existing client-file item in the form in which it actually possesses or can reasonably export it." Opp. at 2.

Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| MATTHEW JOYCE,<br>Plaintiff,<br>v.<br>ARB GAMING LLC dba MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1-50,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S REQUEST FOR RECONSIDERATION OF MAGISTRATE JUDGE'S RULING (ECF No. 116)** |

No hearing (L.R. 303(e))

The Court has considered Plaintiff's Request for Reconsideration by the District Court of Magistrate Judge's Ruling (the "Request"), any opposition, and the record before the Magistrate Judge. Pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Rule 303, IT IS ORDERED:

1. The portion of the Magistrate Judge's September 17, 2026 minute order (ECF No. 116) that denied Plaintiff's Motion (ECF No. 113) and directed Plaintiff to resolve disputes regarding the client file outside this action is SET ASIDE. The finding that attorneys Amina M. Mack's and Jacqueline M. Sale's responsibility to represent Plaintiff has been discharged (ECF No. 116) is not disturbed.

2. Within fourteen days of this Order, The Mack Law Firm, PLLC (the "custodial firm") shall transmit to Plaintiff any specifically identified, nonduplicative existing client material in its possession, custody, or control that is required by Rule 1.16(e)(1) of the California Rules of Professional Conduct, in the form in which it is reasonably maintained or exportable, subject to applicable protective orders, statutes, and confidentiality obligations. The custodial firm shall continue reasonable preservation pending that transmission. No production obligation is imposed on attorney Jacqueline M. Sale absent a showing that responsive client material is within her possession, custody, or control.

3. This Order does not require forensic metadata reconstruction, paper duplication of electronic materials, production of conflict-screening records or other materials outside Rule 1.16(e)(1), item-by-item penalty-of-perjury certifications, adjudication of collateral professional-conduct disputes, advance leave to supplement unrelated filings, or a rolling deficiency process without a noticed motion and further Court order.

4. The materials listed in Attachment 1 to the Request are the specifically identified client materials to which paragraph 2 applies. Of those, item 2 (the custodial firm's file for JAMS Ref. No. 5100003080) shall be transmitted within seven days of this Order; the remaining items within the fourteen days provided in paragraph 2.

5. Plaintiff having made the showing described in Part IV of the Request as to items 1 and 3 of Attachment 1, attorney Jacqueline M. Sale shall transmit those items to Plaintiff, to the extent within her possession, custody, or control, within the fourteen days provided in paragraph 2.

IT IS SO ORDERED.

Dated: ______________________

________________________________

Hon. Daniel J. Calabretta

United States District Judge

Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| MATTHEW JOYCE,<br>Plaintiff,<br>v.<br>ARB GAMING LLC dba MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1-50,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**CERTIFICATE OF SERVICE — REQUEST FOR RECONSIDERATION (ECF No. 116)** |

I, Matthew Joyce, declare:

I am the Plaintiff in this action. I am over eighteen years of age. My address is 600 Market Grove Drive #100, Wake Forest, NC 27587-7345.

On October 1, 2026, I served the following documents:

1. Request for Reconsideration by the District Court of Magistrate Judge's Ruling (ECF No. 116), with Attachment 1

2. [Proposed] Order Granting Plaintiff's Request for Reconsideration

on the following, by the method stated for each:

| Party | Served on | Method |
|---|---|---|
| Hon. Chi Soo Kim, United States Magistrate Judge (L.R. 303(c)) | CSKorders@caed.uscourts.gov | By electronic mail |
| ARB Gaming LLC dba Modo.us | Daniel D. Wall, dwall@duanemorris.com, Duane Morris LLP, One Market Plaza, Spear Tower, Ste. 2200, San Francisco, CA 94105; Karen L. Alexander, klalexander@duanemorris.com, Duane Morris LLP, 750 B Street, Ste. 2900, San Diego, CA 92101; Walter A. Saurack, WASaurack@duanemorris.com | By electronic mail |
| Affirm, Inc. | Kalama M. Lui-Kwan, kalama.lui-kwan@troutman.com, and Ryan A. Lewis, ryan.lewis@troutman.com, Troutman Pepper Locke LLP, Three Embarcadero Center, Ste. 800, San Francisco, CA 94111; Gary Sonnenfeld, gary.sonnenfeld@troutman.com, Troutman Pepper Locke LLP, 777 South Flagler Drive, Ste. 215, East Tower, West Palm Beach, FL 33401 | By electronic mail |
| Goldman Sachs Bank USA | Arjun P. Rao, arjun.rao@morganlewis.com, and Marcos D. Sasso, marcos.sasso@morganlewis.com, Morgan, Lewis & Bockius LLP, and Kathleen Rosello, kathleen.rosello@morganlewis.com (at Morgan Lewis's request), 2049 Century Park East, Ste. 700, Los Angeles, CA 90067 | By electronic mail |
| Apple Inc. | Tanya L. Greene, tanya.greene@us.dlapiper.com, and Colin F. McGrath, colin.mcgrath@us.dlapiper.com, DLA Piper LLP (US), 2000 Avenue of the Stars, Suite 400 North Tower, Los Angeles, CA 90067-4735 (ECF No. 119) | By electronic mail |
| Plaintiff-in-Interpleader Jamie Stahura | Nailbnder99@yahoo.com. Through her counsel of record: Amina M. Mack, The Mack Law Firm, PLLC, legal@themacklaw.com, 4242 Six Forks Road, Ste. 1550, Raleigh, NC 27609 | By electronic mail to her; by electronic mail and United States mail, first-class postage prepaid, to her counsel |

| Party | Served on | Method |
|---|---|---|
| Former counsel | Amina M. Mack, The Mack Law Firm, PLLC, legal@themacklaw.com, 4242 Six Forks Road, Ste. 1550, Raleigh, NC 27609; Jacqueline M. Sale, jms@jaxlawoffices.com (CM/ECF address), info@jaxlawoffices.com (ECF No. 114 at 10), jmsalelaw@gmail.com (ECF No. 22 at 2), 18723 Via Princessa #102, Santa Clarita, CA 91387 | By electronic mail |

Service by electronic mail was made pursuant to Federal Rule of Civil Procedure 5(b)(2)(E). Each counsel of record served is a registered CM/ECF filing user in this District, and registration as a filing user constitutes consent to receive service electronically. E.D. Cal. L.R. 135(g)(1). Counsel of record will additionally be served by the Notice of Electronic Filing generated when these documents are docketed. E.D. Cal. L.R. 135(a). Service by mail was made pursuant to Federal Rule of Civil Procedure 5(b)(2)(C) and is complete on mailing.

Defendant Amazon.com, Inc. has not appeared in this action and has no counsel of record.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 1, 2026, at Wake Forest, North Carolina.

Signed by:
Matthew Joyce
07B601B840D34AB...

Matthew Joyce