Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

FILED
OCT - 5 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br>Plaintiff,<br>v.<br>ARB GAMING LLC dba MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1–50,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT AFFIRM, INC.'S REQUEST FOR LEAVE TO FILE RESPONSIVE BRIEF (ECF No. 122); PLAINTIFF'S REPLY ATTACHED AS EXHIBIT A**<br><br>Magistrate Judge Chi Soo Kim.<br>Submitted on the papers, L.R. 230(g). |

## I. PLAINTIFF ASKS THAT HIS REPLY COME IN WITH AFFIRM'S BRIEF

Plaintiff asks that any order granting the Request deem the Reply, five pages, filed with the Brief, the same shape the Court set at ECF No. 120; or, if the Court prefers that shape exactly, allow fourteen days to file it.[1] The Reply is attached now so that the Court has it whether or not it orders further briefing, in the same way Affirm attached the Brief to the Request.

1 **Defined terms.** "Notice" = the Court's August 19, 2026 notice under Wong v. Bell, 642 F.2d 359 (9th Cir. 1981), ECF No. 111. "Opposition" = Plaintiff's September 18, 2026 opposition, ECF No. 118. "Request" = Affirm's October 1, 2026 request for leave, ECF No. 122. "Brief" = the responsive brief attached to the Request as its Exhibit A, ECF No. 122-1, cited by CM/ECF header page. "Reply" = Plaintiff's reply to the Brief, attached to this response as Exhibit A.

The Request itself allows for that. It tells the Court that "the Court retains full discretion to manage its briefing schedule and may afford Plaintiff an opportunity to respond if it deems such further briefing necessary." ECF No. 122 at 3. The Court's practice on the last such request was the same: it granted leave and, on its own, gave Plaintiff thirty days and five pages to respond to the paper it had let in. ECF No. 120.

The reason here is the posture. The Notice set the matter for decision "on the record and written briefing" once Plaintiff's opposition was in. ECF No. 111. Local Rule 230(m) bars further papers after that point without leave. Affirm asks for leave to add six pages; Plaintiff asks that the record not close on them. The Brief argues that the Opposition "miscasts" Affirm's prior reply and "manufactures" a contradiction. ECF No. 122-1 at 3, 5. The contradiction is two sentences from the same brief, quoted at the Opposition's pages 7–8. On Monday, September 28, the Court granted ARB's request to add a paper and opened a thirty-day window for Plaintiff's response to it. ECF No. 120. ARB filed its paper on Tuesday. ECF No. 121. On Thursday, Affirm filed the Request, with the Brief attached as ARB's had been, and now asks that the record close on it. ECF No. 122. Plaintiff asks to be heard once, briefly, on what his own paper says, before the Court decides the Notice on Affirm's telling of it.

## II. THE BRIEF ASKS FOR MORE THAN THE REQUEST DESCRIBES

The Request describes the Brief as "narrowly tailored to address the specific arguments raised in Plaintiff's Opposition" and says it "does not raise new claims or defenses." ECF No. 122 at 3. The Brief ends by asking the Court to "dismiss Counts Six, Seven, Eleven, and Twelve with prejudice." ECF No. 122-1 at 7. Those are the four counts the Notice named; the Brief adds no count. What it adds is "with prejudice." And one of the four, Count Eleven, is not pleaded against Affirm, as the Opposition stated and as Affirm's own motion acknowledged. ECF No. 118 at 4 (quoting ECF No. 60 at 22:19–20).

That is new, and it is addressed to the wrong paper. What the Brief asks of a magistrate judge on a referred motion is a recommendation to the District Judge, 28 U.S.C. § 636(b)(1)(B); L.R. 304, and the Notice contemplated that recommendation on one condition only: it warned that a failure to oppose "may result in a recommendation that Plaintiff's claims be dismissed without leave to amend." ECF No. 111. Plaintiff opposed within the thirty days the Notice allowed. ECF No. 118. The Opposition asked for leave to amend under Rule 15 and described the proposed Second Amended Complaint. ECF No. 118 at 15–17. Affirm's reply on its own motion argued futility and did not claim prejudice from amendment. ECF No. 105 at 9:16–19. A request for leave to respond is not a vehicle for new relief. A brief described to the Court as raising nothing new ends by asking for the one thing the Notice never proposed.

Plaintiff asks that the with-prejudice request be treated as outside the leave sought, or, if the Court prefers to reach it, that the Reply be treated as Plaintiff's answer to it.

**III. THE ANSWER TO THE BRIEF IS EXHIBIT A**

Plaintiff does not answer the Brief in this response; the answer is the Reply, limited to five pages. Plaintiff notes for the record that the Brief now describes Affirm's decision not to raise the public-policy bar in its own motion as "a deliberate strategic and procedural choice," ECF No. 122-1 at 5, which is the fact on which Part IV.C of the Opposition rests.

**IV. RELIEF**

Plaintiff respectfully asks that the Court:

1. deem the Reply, attached as Exhibit A, filed as Plaintiff's reply to the Brief, or allow Plaintiff fourteen days to file it;

2. hold that the Brief's request for dismissal with prejudice is not before the Court on the Request, or treat the Reply as Plaintiff's answer to it; and

3. grant Affirm leave to file the Brief.

Dated: October 5, 2026

Signed by:

Matthew Joyce

07B601B840D34AB

Matthew Joyce

Plaintiff, Pro Se

# EXHIBIT A

Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br>Plaintiff,<br>v.<br>ARB GAMING LLC dba MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1–50,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**PLAINTIFF'S REPLY TO DEFENDANT AFFIRM, INC.'S RESPONSIVE BRIEF (ECF No. 122-1)**<br><br>(Submitted as Exhibit A to Plaintiff's Response to ECF No. 122)<br>Magistrate Judge Chi Soo Kim.<br>Submitted on the papers, L.R. 230(g). |

## I. WHAT THE BRIEF ANSWERS, AND WHAT IT LEAVES STANDING

The Brief answers two points from the Opposition: the two descriptions of these loans in Affirm's Reply (Opp. Part IV.C), and the January 27, 2025 message (Opp. at 8).[1] Brief at 3–6. It does not address the rest. Silverton's three differences between Affirm and Apple, Opp. at 5–6. Hamilton and Sadri, where the creditor was the gambling house and lost, Opp. at 6–7. Kelly's condition, "in the absence of a statutory right to bring such claims," 72 Cal. App. 4th at 489, and the two statutes that satisfy it, Opp. at 10–11. The thirty-two debits, twenty-eight

1 **Defined terms.** "Notice" = ECF No. 111. "Opposition" or "Opp." = ECF No. 118, with the Joyce Declaration and exhibits filed with it ("Decl."). "Affirm's Reply" = ECF No. 105. "Brief" = ECF No. 122-1, cited by CM/ECF header page.

collection notices, and fourteen tradelines after Affirm closed the account, Opp. at 9–10, 17. Count Seven pleaded in the alternative, Opp. at 10. Rule 8(c), Opp. at 9. Count Eleven, not pleaded against Affirm, Opp. at 4. Plaintiff does not repeat those points. The Opposition is the answer, and the Brief leaves it standing.

## II. THE BRIEF CONFIRMS THE FACT ON WHICH PART IV.C RESTS

The Opposition's point was procedural. The defense the Notice would apply belongs to Affirm, and Affirm did not raise it in the motion the Court is deciding. Opp. at 8–9. The Brief confirms it: not invoking Kelly "was a deliberate strategic and procedural choice." Brief at 5. That is the fact, and it is now Affirm's own.

The Brief answers that silence is not waiver and that "[a] movant is not required to raise every conceivable defense in a single motion to dismiss." Brief at 5. Both are true, and neither is the question. The Opposition did not argue waiver. It argued Silverton: a court may dismiss on a ground a defendant has not moved on only where that defendant is "in a position similar to that of moving defendants." 644 F.2d at 1345; Opp. at 5, 8. Apple briefed the policy and said why. Affirm, by its own account, chose not to. A defendant that deliberately declined a defense is not in a position similar to the defendant that briefed it; it is in the opposite position, and the Brief now says so in writing. A defense Affirm chose not to raise is the ground on which it asks that four counts be dismissed forever.

Affirm's own authority makes the same point. The Request cites United States v. Sineneng-Smith for the "principle of party presentation." ECF No. 122 at 2. Sineneng-Smith vacated a judgment because the court below decided the case on a ground the parties had not presented, holding that the panel "departed so drastically from the principle of party presentation as to constitute an abuse of discretion." 140 S. Ct. 1575, 1578–79 (2020). The Opposition cited the same principle for the same reason. Opp. at 9 (Arizona v. California, 530 U.S. 392, 412–

13 (2000)). Plaintiff does not question the Court's authority to give notice under Wong v. Bell; he asks only that the Silverton question be answered on the record as Affirm has now made it.

**III. A MESSAGE SENT TO THE BORROWER IS NOT INTERNAL**

The Brief calls the January 27, 2025 message an "internal compliance communication." Brief at 6. The message was addressed to Plaintiff. It identified "transactions aiming to engage into gambling," listed one hundred six loans by identification number, and closed, "This is a final decision." Decl. ¶ 5 & Ex. B. A message addressed to the borrower, listing his loans by number and ending with a final decision, is many things. Internal is not one of them.

The message says what it says. What Affirm intended by it is not a question for a notice under Rule 12, where the pleaded facts and the attached document are taken as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); Opp. at 13.

The Brief then states Plaintiff's case in one sentence: "The loans remain consumer credit obligations governed by their contractual terms." Brief at 6. Plaintiff agrees. That is the Opposition's first sentence, in Affirm's words. Opp. at 2. Consumer credit obligations are governed by the consumer credit statutes, which is Kelly's statutory-right condition, Opp. at 10–11, met on Affirm's own description of the debt. A creditor that calls its loans consumer credit obligations cannot, on the same page, ask to be excused from the statutes that govern how consumer credit is collected and reported.

The Brief's bank, which "is not transformed into a casino the moment a customer withdraws cash and gambles with it," Brief at 4, is a bystander: it lends, and the borrower walks to the casino alone. The creditor in Hamilton was not a bystander. It honored checks "for the purpose of providing a prospective customer with funds with which to gamble," "participate[d] in the transaction thus promoted," and could not recover on them. 30 Cal. 2d at 52; Opp. at 6. The pleaded facts

place Affirm with that creditor, not with the Brief's bank: it declined a purchase on December 21, 2024, before any funds moved, for "LOAN_MISMATCH_WITH_MERCHANT," Decl. ¶ 4 & Ex. A; declared every loan prohibited on January 27, 2025, Decl. Ex. B; and then drew thirty-two payments on them. Decl. ¶ 9 & Ex. F; Opp. at 9. Participation with knowledge is the Hamilton fact, and it is pleaded. A bank that watches the customer leave is one thing. A lender that flags the merchant, funds the loans that follow, calls them all prohibited, and keeps drawing on the account is another.

## IV. THE WITH-PREJUDICE REQUEST

The Brief closes by asking that Counts Six, Seven, Eleven, and Twelve be dismissed "with prejudice." Brief at 7. What a magistrate judge issues on a referred motion is a recommendation, 28 U.S.C. § 636(b)(1)(B); L.R. 304; Opp. at 1, so the request is that the Court recommend it. Three answers.

Count Eleven is not pleaded against Affirm. Opp. at 4. Affirm's own motion says Plaintiff "does not allege that Affirm is a 'payment processor.'" ECF No. 60 at 22:19–20. There is nothing to dismiss with prejudice.

The Notice contemplated a recommendation "without leave to amend" on one condition: a failure to oppose. ECF No. 111. Plaintiff opposed within the thirty days the Notice allowed.

Dismissal with prejudice requires that it be "clear on de novo review that the complaint could not be saved by amendment." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003); Opp. at 16. The Brief does not argue futility, does not claim prejudice from amendment, and does not mention the eight facts the Opposition listed for the proposed Second Amended Complaint. Opp. at 17. One of those eight is the January 27, 2025 message, which the Brief itself now describes.

The proposed Second Amended Complaint will be sought by separate motion, as the Opposition and Declaration stated. Opp. at 16; Decl. ¶ 3.

## V. WHAT PLAINTIFF ASKS

Plaintiff respectfully asks that the Court decline to recommend dismissal of Counts Six, Seven, and Twelve as to Affirm on the ground stated in the Notice; note that Count Eleven is not pleaded against Affirm; and, if the Court reaches the Brief's request for dismissal with prejudice, deny it.

Dated: October 5, 2026

Signed by:
Matthew Joyce
07B601B840D34AB...

Matthew Joyce

Plaintiff, Pro Se

Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br>Plaintiff,<br>v.<br>ARB GAMING LLC dba MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1–50,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**[PROPOSED] ORDER ON DEFENDANT AFFIRM, INC.'S REQUEST FOR LEAVE TO FILE RESPONSIVE BRIEF (ECF No. 122)** |

Having considered Defendant Affirm, Inc.'s Request for Leave to File Responsive Brief (ECF No. 122) and Plaintiff's response, IT IS HEREBY ORDERED that:

1. The Request is GRANTED. Affirm's responsive brief (ECF No. 122-1) is deemed filed.

2. Plaintiff's Reply to Affirm's Responsive Brief, attached as Exhibit A to Plaintiff's response, is deemed filed.

3. The Court will consider ECF No. 122-1 and Plaintiff's Reply in connection with the Court's August 19, 2026 notice (ECF No. 111).

IT IS SO ORDERED.

Dated: ____________________

______________________________

Hon. Chi Soo Kim

United States Magistrate Judge

Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br>Plaintiff,<br>v.<br>ARB GAMING LLC dba MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1–50,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**CERTIFICATE OF SERVICE — PLAINTIFF'S RESPONSE TO DEFENDANT AFFIRM, INC.'S REQUEST FOR LEAVE (ECF No. 122)** |

I, Matthew Joyce, declare:

I am the Plaintiff in this action. I am over eighteen years of age. My address is 600 Market Grove Drive #100, Wake Forest, NC 27587-7345.

On October 5, 2026, I served the following documents:

1. Plaintiff's Response to Defendant Affirm, Inc.'s Request for Leave to File Responsive Brief (ECF No. 122), with Exhibit A (Plaintiff's Reply to Defendant Affirm, Inc.'s Responsive Brief (ECF No. 122-1))

2. [Proposed] Order on Defendant Affirm, Inc.'s Request for Leave to File Responsive Brief (ECF No. 122)

on the following, by the method stated for each:

| Party | Served on | Method |
|---|---|---|
| Hon. Chi Soo Kim, United States Magistrate Judge | CSKorders@caed.uscourts.gov ([Proposed] Order in Word format, E.D. Cal. L.R. 137(b), with a PDF copy of these documents) | By electronic mail |
| ARB Gaming LLC dba Modo.us | Daniel D. Wall, dwall@duanemorris.com, Duane Morris LLP; Karen L. Alexander, klalexander@duanemorris.com, Duane Morris LLP; Walter A. Saurack, WASaurack@duanemorris.com | By electronic mail |
| Affirm, Inc. | Kalama M. Lui-Kwan, kalama.lui-kwan@troutman.com, and Ryan A. Lewis, ryan.lewis@troutman.com, Troutman Pepper Locke LLP; Gary Sonnenfeld, gary.sonnenfeld@troutman.com, Troutman Pepper Locke LLP | By electronic mail |
| Goldman Sachs Bank USA | Arjun P. Rao, arjun.rao@morganlewis.com, and Marcos D. Sasso, marcos.sasso@morganlewis.com, Morgan, Lewis & Bockius LLP, and Kathleen Rosello, kathleen.rosello@morganlewis.com (at Morgan Lewis's request) | By electronic mail |
| Apple Inc. | Tanya L. Greene, tanya.greene@us.dlapiper.com, DLA Piper LLP (US) (ECF No. 119) | By electronic mail |
| Plaintiff-in-Interpleader Jamie Stahura | Nailbnder99@yahoo.com. Through her counsel of record: Amina M. Mack, The Mack Law Firm, PLLC, legal@themacklaw.com | By electronic mail |
| Former counsel | Amina M. Mack, The Mack Law Firm, PLLC, legal@themacklaw.com; Jacqueline M. Sale, jms@jaxlawoffices.com (CM/ECF address), info@jaxlawoffices.com (ECF No. 114 at 10), jmsalelaw@gmail.com (ECF No. 22 at 2) | By electronic mail |

Service by electronic mail was made pursuant to Federal Rule of Civil Procedure 5(b)(2)(E). Each counsel of record served is a registered CM/ECF filing user in this District, and registration as a filing user constitutes consent to receive service electronically. E.D. Cal. L.R. 135(g)(1). Counsel of record will additionally be served by the Notice of Electronic Filing generated when these documents are docketed. E.D. Cal. L.R. 135(a).

Defendant Amazon.com, Inc. has not appeared in this action and has no counsel of record.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 5, 2026, at Wake Forest, North Carolina.

Signed by:

07B601B840D34AB...

Matthew Joyce

Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br>Plaintiff,<br>v.<br>ARB GAMING LLC dba MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1–50,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**[PROPOSED] ORDER ON DEFENDANT AFFIRM, INC.'S REQUEST FOR LEAVE TO FILE RESPONSIVE BRIEF (ECF No. 122)** |

Having considered Defendant Affirm, Inc.'s Request for Leave to File Responsive Brief (ECF No. 122) and Plaintiff's response, IT IS HEREBY ORDERED that:

1. The Request is GRANTED. Affirm's responsive brief (ECF No. 122-1) is deemed filed.

2. Plaintiff's Reply to Affirm's Responsive Brief, attached as Exhibit A to Plaintiff's response, is deemed filed.

3. The Court will consider ECF No. 122-1 and Plaintiff's Reply in connection with the Court's August 19, 2026 notice (ECF No. 111).

IT IS SO ORDERED.

Dated: ____________________

______________________________

Hon. Chi Soo Kim

United States Magistrate Judge