Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

FILED
OCT - 9 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY [signature] DEPUTY CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br>Plaintiff,<br>v.<br>ARB GAMING LLC dba MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1–50,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR (1) AN ORDER DIRECTING DEFENDANT ARB GAMING LLC TO PRESERVE ITS COPY OF THE JAMS ARBITRATION RECORD AND (2) LEAVE UNDER FED. R. CIV. P. 26(d)(1) TO SERVE A DOCUMENT SUBPOENA ON JAMS, INC.**<br><br>Hearing: Tuesday, November 3, 2026, 10:00 a.m., Courtroom 25 (8th Floor)<br>Magistrate Judge Chi Soo Kim |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

On Tuesday, November 3, 2026, at 10:00 a.m., or as soon after as the matter may be heard, in Courtroom 25 of the above Court, Plaintiff Matthew Joyce will and does move under Federal Rules of Civil Procedure 26(d)(1) and 45 and Local Rule 251 for the two orders stated in Part 1 below. Plaintiff asks that the motion be decided on the papers. If the Court finds it appropriate, Plaintiff is willing to proceed under the informal discovery resolution process in Section II.C of the Court's Civil Standing Order.

"ARB" is Defendant ARB Gaming LLC dba Modo; the "Award" is the arbitration award dated September 4, 2026, at ECF No. 121 at 5-40; the "Arbitration" is JAMS Ref. No. 5100003080; "JAMS" is JAMS, Inc.; "JAMS Access" is JAMS's portal; "Decl." is the Declaration of Matthew Joyce filed with this motion.

ARB has asked this Court to consider the Award "in connection with the pending Motion" to compel arbitration, and says the Award found that Plaintiff, "having initiated and participated in the arbitration," "waived his argument." (ECF No. 121 at 2-3.) The record of that participation is the Arbitration's administrative file, which exists in one place and which JAMS destroys thirty days after an award. (Ex. C.) For most of the Arbitration's sixteen months Plaintiff could not open it (Decl. ¶ 14), and it has already changed once, on the day the Award is dated (Decl. ¶ 15). This motion asks that the record be kept while the Court is asked to rely on what was decided on it.

**1. Relief requested**

(a) An order that ARB preserve, in the form in which each item is kept and with its metadata, pending further order of the Court: (i) every document, notice, order, portal posting and transmittal of the Arbitration in its or its counsel's possession, custody or control, in every version; and (ii) every communication between ARB or its counsel and JAMS, its case managers, its National Arbitration Committee, its Office of General Counsel or the Arbitrator, from May 9, 2025 to the present, including communications concerning the retention, return or destruction of documents.

(b) Leave under Rule 26(d)(1) to serve on JAMS one subpoena under Rule 45 for the production of documents, limited to the administrative file of the Arbitration: each document as filed in JAMS Access with its filing metadata; the portal's history, access and notification logs; case-manager correspondence with the parties and their counsel; the transmittals, with their headers and attachments,

by which Plaintiff's August 14, 2026 submission under JAMS Rule 1(c) was sent to the National Arbitration Committee and the Office of the General Counsel; the transmittal records for each disclosure made by the Arbitrator, showing the date sent and the recipients; communications concerning retention or destruction of the file; and the transmittals of the Award. The subpoena itself will not seek testimony, and will not seek notes or other materials generated by the Arbitrator. Before it is served, Plaintiff will serve a notice and a copy of it on every party, as Rule 45(a)(4) requires, and will designate a place of compliance within the limits of Rule 45(c)(2)(A), at JAMS's Sacramento office or by electronic production if JAMS prefers.

**2. Grounds (Decl. ¶¶ 2-16; Exhibits A-H)**

**A. What ARB has placed before this Court, and what it has not**

ARB has put parts of the Arbitration record on this docket (ECF Nos. 56-3 to 56-7; 121 at 5-40), but not the portal's logs, the case manager's correspondence, or any transmittal, which show who was sent what, and when. Whether the Award binds Plaintiff is for the supplemental brief the Court has allowed (ECF No. 120); this motion does not argue it. A finding about a party's participation can be tested only against the record of that participation. That is the record this motion asks be kept.

**B. What ARB told each forum**

May 2026. On May 29, ARB, which has preserved a personal-jurisdiction objection in every paper filed here while asking this Court to compel arbitration and now to rely on the Award (ECF Nos. 15 at 1-2; 25 ¶ 5; 49 at 1-3; 56 at 3), told this Court that Plaintiff "continues to participate in those proceedings." (ECF No. 56-1 at 19.)

September 29. At 9:02 a.m. Pacific, ARB filed the Award here as one that "resolves the arbitration in its entirety in ARB's favor." (ECF No. 121 at 2-3; Decl. ¶ 10.) At 5:52 p.m. Eastern the same day, ARB's counsel wrote to the case

manager that "this matter should be closed forthwith" and that "documents should be kept in the ordinary course under JAMS' retention policies." (Ex. B at 1-2; Decl. ¶ 11.) The ordinary course is destruction thirty days after an award. (Ex. C.) Within six hours, ARB asked this Court to rely on the Award and asked JAMS to let the record behind it be destroyed on schedule.

**C. Why the record has to be kept now**

Plaintiff does not hold the Arbitration's record and has no other source for it. The administrative file exists only at JAMS, which destroys it thirty days after an award (Ex. C), and ARB has asked that it be kept only "in the ordinary course." (Ex. B at 2.) He had no JAMS Access account from May 9, 2025, when the Demand was filed, to November 17, 2025, and could not open the portal from December 19, 2025, when direct notices to him stopped, to June 2, 2026; the March 4 and April 10, 2026 orders and the May 13, 2026 Interim Award were entered in that second window. (ECF Nos. 56-4, 56-7, 56-6.) Those two windows are 357 of the Arbitration's 483 days. His account shows no case-manager message to him from November 17, 2025 through May 27, 2026, and no transmittal records or portal logs. (Decl. ¶¶ 4, 14.)

On September 3, 2026, at 1:52 p.m. Eastern, ARB's counsel uploaded a fifty-four-page brief to the Arbitration's file. (Decl. ¶ 15; Ex. D-1.) Its first page carries the caption of ARB's August 21 opposition to the motion then pending before the Arbitrator; its text is addressed to JAMS's National Arbitration Committee and asks the Committee to deny the relief Plaintiff's August 14 submission under JAMS Rule 1(c) requested. (Decl. ¶ 15; Ex. G.) Plaintiff's submission to the Committee has never appeared in the Documents tab of the Arbitration's file; JAMS took it by e-mail and wrote that it had been "sent to the NAC." (Decl. ¶ 15.) ARB's answer to it sat in the Arbitration's file, under the caption of the motion pending before her, for twenty-five hours. At 3:03 p.m. on September 4 the case manager deleted it. At 3:22 p.m. ARB's counsel e-mailed

the same document to the case manager, describing it as ARB's opposition to Plaintiff's "application to JAMS National Arbitration Committee." (Ex. H.) At 3:37 p.m. ARB's counsel uploaded the same file again, and the second copy is marked "Exclude Neutrals" and "11 Members" where every other document on the same page shows "12 Members." (Exs. D-2, D-3, E.) The file did not change between the two uploads; its label did. The label is the portal's own, and it says who was not to see the second copy. No request for the deletion, and no reason for it, was communicated to Plaintiff; the portal's terms let JAMS remove case information "for any reason at any time." (Decl. ¶ 16; Ex. F.) The Award is dated September 4, 2026. (ECF No. 121 at 40.) Whether the first copy was opened in the twenty-five hours it was in the file, and by whom, the portal's logs would show. JAMS holds them, and no one else does.

Plaintiff asked JAMS in writing four times, from September 15 to September 28, 2026, to preserve the complete file. (Decl. ¶¶ 4-7.) On September 28, JAMS's Director of Operations wrote that destruction "is stayed pending this review"; no end date was stated, no decision has come, and the thirty-day date passed on October 4 with the stay in place. (Ex. A; Decl. ¶¶ 8-9, 12.) The assigned case manager, who deleted the September 3 document and to whom the requests were addressed, has not written to Plaintiff since September 2, 2026. (Decl. ¶ 15.)

**3. Grounds for the two orders**

(a) The preservation order asks ARB to keep what it already holds. ARB has been a defendant here since June 30, 2025. See United States v. Kitsap Physicians Serv., 314 F.3d 995, 1001 (9th Cir. 2002). The risk of loss is written into the custodian's own policy (Ex. C), and ARB has asked the custodian to apply it (Ex. B). See Am. LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1072 (C.D. Cal. 2009).

(b) Rule 26(d)(1) permits discovery before the Rule 26(f) conference by court order, on good cause. See Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002). No Rule 26(f) conference has been held. (ECF No. 58.) ARB anticipates moving to confirm the Award (ECF No. 115 at 2), and a proceeding under 9 U.S.C. §§ 10-12 concerning the Award will follow within the period the statute allows. The same record bears on the making of the agreement, which Plaintiff has demanded a jury decide (ECF No. 96 at 1-2), and on whatever the Court decides before that. The subpoena reaches the administrative record that JAMS alone holds, and not the Arbitrator's notes, drafts or testimony. Arbitral immunity shields decisional acts from suit, Sacks v. Dietrich, 663 F.3d 1065, 1069-70 (9th Cir. 2011); a subpoena to a custodian for its own file is not a suit and challenges no decision.

(c) The orders decide nothing else: not ECF No. 56, not ECF No. 121, and no question under the Federal Arbitration Act, which Plaintiff will address in the supplemental brief the Court has allowed. (ECF No. 120.) They keep the record on which those questions will be decided.

**4. Conferral and Joint Statement**

Plaintiff conferred with ARB's counsel in writing on October 5, 2026, asking whether ARB would stipulate to either of the two orders sought here by noon Pacific on October 7. (Decl. ¶ 13.) As of the date of this motion, no answer has been received. Plaintiff's argument and authorities will be set out in the Joint Statement under Local Rule 251(c), due October 20, 2026, or, if ARB's counsel does not join in preparing it, in the affidavit Local Rule 251(d) permits.

Dated: October 9, 2026

Signed by:
Matthew Joyce
07B601B840D34AB...

Matthew Joyce

Plaintiff, Pro Se

Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br>Plaintiff,<br>v.<br>ARB GAMING LLC dba MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1–50,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**DECLARATION OF MATTHEW JOYCE** |

I, Matthew Joyce, declare:

1. I am the Plaintiff in this action and represent myself. I make this declaration from my own knowledge and from documents I received and sent, copies of which are attached as stated.

2. Exhibit C is the page of JAMS's Notice to All Parties dated August 12, 2025, in JAMS Ref. No. 5100003080, headed "Document Retention Policy," as I received it.

3. The arbitration award in that matter is dated September 4, 2026. On September 4, 2026 at 5:56 p.m. ET, JAMS's Director of Operations, Ms. Satterthwaite, wrote to the parties through the JAMS portal that the arbitrator had rendered an award and that JAMS "cannot serve an award on the parties until

payment for all outstanding fees has been received." On September 11, 2026 at 5:01 p.m. ET, ARB's counsel wrote in the same portal thread: "We have confirmed that the invoice for all outstanding fees has been paid." JAMS Access notified me of the award on September 14, 2026 at 3:51 p.m. ET.

4. On September 15, 2026 at 6:48 p.m. ET, I sent the JAMS case manager a letter headed "Notice to Collect Documents; Five Record Requests," asking that the complete file be preserved and produced. Request 2 asked for the case manager's communication record for November 17, 2025 to May 27, 2026; I do not have a complete copy of the Arbitration record for that period, and none has been produced.

5. On September 16, 2026 at 7:04 p.m. ET, I forwarded that letter to a second case manager, Mr. Parreno. At 7:16 p.m. ET he replied: "Confirming receipt of your email Mr. Joyce," and wrote that Ms. Reyes would return on September 21 and "can address your request preserving documents pending some court rulings."

6. On September 23, 2026 at 12:41 a.m. ET, I wrote again, asking for an answer by September 25, 2026. None came.

7. On September 28, 2026 at 3:07 p.m. ET, I wrote to Ms. Satterthwaite and to JAMS's accessibility contact, asking for written confirmation by September 30, 2026 that JAMS was preserving the complete file past October 4, 2026.

8. On September 28, 2026 at 7:26 p.m. ET, Ms. Satterthwaite replied. Exhibit A is her e-mail as I received it, without the earlier messages quoted beneath her reply. It states: "Confirming receipt of your preservation request. It is currently under review by JAMS and document destruction is stayed pending this review."

9. On September 28, 2026 at 11:39 p.m. ET, I replied asking for a written decision, with reasons for any denial, by October 2, 2026. As of the date of this declaration I have received none.

10. On September 29, 2026, at 9:02 a.m. Pacific, ARB filed its Notice of Final Arbitration Award (ECF No. 121). The notice of electronic filing shows it was entered by ARB's counsel Daniel Wall.

11. On September 29, 2026, at 5:52 p.m. ET, ARB's counsel Walter Saurack posted to the JAMS portal a two-page letter to the case manager opposing my September 15 requests. Exhibit B is that letter as I received it through the portal.

12. October 4, 2026 passed without any further communication from JAMS about the preservation request.

13. On October 5, 2026, at 11:16 p.m. Pacific, I sent ARB's counsel of record a letter by e-mail asking ARB to preserve, in the form kept and with metadata, its copy of the Arbitration record, its communications with JAMS, its counsel's September 29, 2026 letter with its drafts, and ARB's platform and account records for my account, and to state in writing by 12:00 p.m. Pacific on October 7, 2026 whether ARB would stipulate to either of the two orders this motion seeks and confirm that the hold was in place. As of the date I sign this declaration, I have received no answer.

14. The Demand in the Arbitration was filed on May 9, 2025 by the attorney then representing me. I had no JAMS Access account until November 17, 2025; until then the Arbitration's filings, notices and case-manager communications went to that attorney, and I have not received copies of them from her. From December 19, 2025, when JAMS Access stopped sending notices to me, until June 2, 2026, when my access was restored, I could not open the portal. The attorneys who appeared for me in the Arbitration on January 21, 2026 forwarded me portal notification stubs and four documents between April 2 and May 14, 2026. On May 27, 2026, I wrote to the case manager, copying ARB's counsel, asking for restoration of my access to the portal and to case communications and objecting to any extension of deadlines. My JAMS Access account shows no

message from a case manager to me between November 17, 2025 and May 27, 2026, and it does not show transmittal records or the portal's history, access or notification logs.

15. On September 3, 2026, at 1:52 p.m. ET, JAMS Access notified me that "2026.09.03 Arb Opposition to Rule 1(c) Application.pdf is uploaded to case Joyce, Matthew vs. Arb Gaming LLC dba Modo #5100003080 by Walter Saurack." Page 1 of that document is captioned "RESPONDENT'S OPPOSITION TO CLAIMANT'S AUGUST 14, 2026 NOTICE AND MOTION TO TERMINATE ARBITRATION, OR IN THE ALTERNATIVE FOR ENTRY OF A FINAL AWARD." Page 2 of the same document opens by stating that it is submitted "in opposition to" my August 14, 2026 "Submission Under Comprehensive Rule 1(c) Regarding Compliance with the JAMS Consumer Minimum Standards," and page 23 "respectfully requests that the National Arbitration Committee" deny, first, "Claimant's request that JAMS decline further administration of this matter." Exhibit G consists of pages 1, 2 and 23 of that document as I downloaded it from the case file on September 3, 2026. The opposition ARB filed on August 21, 2026 to my August 14 motion before the Arbitrator, which appears in the Documents tab as document 1811970, bears the same caption word for word. My August 14, 2026 Rule 1(c) submission was sent to the case manager by e-mail; on August 24, 2026 she wrote that it "has been received and sent to the NAC," and it has never appeared in the Documents tab. On September 4, 2026, JAMS Access notified me that the same file "is deleted from case Joyce, Matthew vs. Arb Gaming LLC dba Modo #5100003080 by Danychel Reyes" at 3:03 p.m. ET, and that it "is uploaded to case Joyce, Matthew vs. Arb Gaming LLC dba Modo #5100003080 by Walter Saurack" at 3:37 p.m. ET. Exhibits D-1, D-2 and D-3 are those three notifications as I received them. At 3:22 p.m. ET on September 4, 2026, between the deletion and the second upload, ARB's counsel e-mailed the same document to the case manager, copying me, describing it as "Respondent's

September 3, 2026 Opposition to Claimant Matthew Joyce's August 14, 2026 application to JAMS National Arbitration Committee." Exhibit H is that e-mail as I received it, without its attachment. The copy of the September 3 document I downloaded from the case file on September 3, 2026, before its deletion, and the copy I downloaded on September 9, 2026, after the second upload, are the same file byte for byte. On September 8, 2026, at 11:20 p.m. ET, I printed the Documents tab of my JAMS Access account, rows 1 to 20 of 57. Exhibit E is that page as printed. It lists "1830108," "2026.09.03 Arb Opposition to Rule 1(c) Application.pdf," with "Exclude Neutrals" and "11 Members"; each of the other nineteen documents on the page shows "12 Members"; no row on it is dated September 3, 2026. Ms. Reyes, the case manager to whom my September 15 and September 23, 2026 requests were addressed, has not written to me since September 2, 2026.

16. Exhibit F is the JAMS Access Terms of Service page, as it appeared on October 9, 2026, which reserves to JAMS the right to "move, remove, edit or modify" case information "for any reason at any time." JAMS Access notifies me when a document is uploaded to or deleted from the case. I received no notice of any request to delete the September 3, 2026 document, and no reason for its deletion was given to me by JAMS or by ARB.

17. The exhibits are offered to show the fact and date of each communication and what it said, not for the truth of any characterization in them.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 9, 2026, at Wake Forest, North Carolina.

Signed by:
Matthew Joyce
07B601B840D34AB...

Matthew Joyce

# EXHIBIT A

From: Mara Satterthwaite <msatterthwaite@jamsadr.com>

Date: Mon, 28 Sep 2026 23:26:42 +0000

To: Matthew Joyce <m.joyce07@proton.me>, Megan Kelly <MKelly@JAMSADR.com>

Cc: Danychel Reyes <DReyes@JAMSADR.com>, Matthew Levington <MLevington@jamsadr.com>, "kwang@duanemorris.com" <kwang@duanemorris.com>, "wasaurack@duanemorris.com" <wasaurack@duanemorris.com>, "klalexander@duanemorris.com" <klalexander@duanemorris.com>, "bgantz@duanemorris.com" <bgantz@duanemorris.com>, "nmstewart@duanemorris.com" <nmstewart@duanemorris.com>, "amunyon@duanemorris.com" <amunyon@duanemorris.com>, "avillanueva@duanemorris.com" <avillanueva@duanemorris.com>

Subject: RE: Joyce, Matthew v. ARB Gaming LLC dba Modo — JAMS Ref. No. 5100003080 — Accommodation record; preservation of the file before October 4

---

Dear Mr. Joyce,

Confirming receipt of your preservation request. It is currently under review by JAMS and document destruction is stayed pending this review.

Regards,
Mara
Mara E. Satterthwaite, Esq.
Director, Operations
P: 702-835-7803
msatterthwaite@jamsadr.com
7160 Rafael Rivera Way, Suite 400
Las Vegas, NV 89113
www.jamsadr.com
For complex mediation,
the choice is simple. JAMS offers
a respected panel of highly experienced mediators, who
resolve even the most challenging disputes. Learn
more.

# EXHIBIT B

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
BOSTON
HOUSTON
DALLAS
FORT WORTH
AUSTIN

**DuaneMorris®**

*FIRM and AFFILIATE OFFICES*

WALTER A. SAURACK
DIRECT DIAL: +1 212 404 8703
PERSONAL FAX: +1 212 253 4037
*E-MAIL: WASaurack*@duanemorris.com

*www.duanemorris.com*

HANOI
HO CHI MINH CITY
SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NORTH JERSEY
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR

ALLIANCES IN MEXICO

September 29, 2026

VIA JAMS PORTAL:
Ms. Danychel Reyes
JAMS Case Manager

**Re:** *Joyce v. ARB Gaming, LLC, d/b/a Modo.us,* JAMS Ref. No. 5100003080
**Respondent's Opposition to Claimant's September 15, 2026 Requests**

Dear Ms. Reyes:

We write on behalf of Respondent Arb Gaming LLC dba Modo ("Modo") to object to Claimant Matthew Joyce's September 15, 2026 communication styled "Notice to Collect Documents; Five Record Requests" (the "Requests"). Now that a Final Award has been entered this matter should be closed forthwith. JAMS Rules do not provide (nor should they provide) a basis for Claimant to seek, among other categories of information, internal JAMS communications and transmittals to the NAC and JAMS General Counsel. He should not be permitted to conduct a post-hoc fishing discovery of JAMS's documents, the judicial equivalent of seeking a judge's notes and files[1].

The Arbitrator entered a Final Award on September 4, 2026 in favor of Respondent and against Claimant on all claims asserted in the Demand and Statement of Claim and the Amended Demand and Statement of Claim. Under Rule 24(k) of the JAMS Comprehensive Arbitration Rules, the award is considered final 14 calendar days after service. The Final Award was served on all Parties on September 14, 2026 and now is final.

[1] Doctrine of Arbitral Immunity applies to administrators and arbitrators who act within the scope of their duties. *Bender v. Jones,* No. CV11-1841-PHX-DGC, 2012 WL 555483, at *1 (D. Ariz. Feb. 21, 2012). Claimant does not identify any authority that would entitle a party to post award discovery of an issue that arises from the decisions of the NAC and its general counsel.

Claimant states he "intend[s] to place the rest of this proceeding's record before the same court" and frames several of his requests as notice that materials are "relevant to pending federal litigation.". Thus, the Requests are yet another improper attempt to force Modo to relitigate the arbitrator's decision in another forum. Claimant fails to cite any authority whatsoever that would allow him to relitigate his dismissed claims in a separate forum or why he is entitled to sensitive internal and potentially privileged JAMS' communications.

Claimant's requests should be denied and documents should be kept in the ordinary course under JAMS' retention policies.

Respectfully submitted,

Walter A. Saurack

WAS
Cc: Claimant Matthew Joyce (VIA JAMS PORTAL)

# EXHIBIT C

# Document Retention Policy

Please note that **30 CALENDAR DAYS** after termination of any case JAMS will destroy the following documents submitted by parties unless parties specifically notify JAMS that they wish to collect their documents:

- **Briefs**
- **Exhibits**[1]
- **Evidence**
- **Transcripts**

Parties should collect their documents as soon as possible after the termination of a case. Otherwise, they will be destroyed 30 days thereafter. Please note that JAMS does not maintain a duplicate file of documents, which are normally forwarded to the Neutral upon receipt. Any items marked with notes, comments or suggestions by the Neutral will automatically be destroyed upon closing of the file.

"Termination" of a case is defined as any of the following:

- **Resolution of a matter, e.g., either through settlement or issuance of an award**
- **Mutual agreement to close the matter**
- **Withdrawal from ADR Process**
- **Time Period of one year elapses without any resolution and no future dates on calendar**
- **Notice from JAMS that the matter has been terminated**

[1] Exhibits - For temporary judge and referee cases, CRC 2.400(c)(2) – Exhibits will be returned to the clerk of the court, unless stipulated otherwise by the parties and such stipulation approved by the court.

# EXHIBIT D

From: NoReply-Notification@jamsaccess.com

Date: Thu, 03 Sep 2026 17:54:04 +0000

To: m.joyce07@proton.me

Subject: JAMS Access New Notifications

---

Dear Matthew ,

Here are all of the new Notifications within JAMS Access.

Click here to login to JAMS Access to see the Notifications.

Log Notification

Time

2026.09.03 Arb Opposition to Rule 1(c) Application.pdf is uploaded to case Joyce, Matthew vs. Arb Gaming LLC dba Modo #5100003080 by Walter Saurack

01:52 PM (ET)

Thanks,
JAMS Access Team

JAMS Access

Please do not reply directly to this email as you will not receive a response.
For assistance,
please visit our Contact
Us center at jamsadr.com/contact or call your Case Manager.

From: NoReply-Notification@jamsaccess.com

Date: Fri, 04 Sep 2026 19:05:00 +0000

To: m.joyce07@proton.me

Subject: JAMS Access New Notifications

---

Dear Matthew ,

Here are all of the new Notifications within JAMS Access.

Click here to login to JAMS Access to see the Notifications.

Log Notification

Time

2026.09.03 Arb Opposition to Rule 1(c) Application.pdf is deleted from case Joyce, Matthew vs. Arb Gaming LLC dba Modo #5100003080 by Danychel Reyes

03:03 PM (ET)

Thanks,
JAMS Access Team

JAMS Access

Please do not reply directly to this email as you will not receive a response.
For assistance,
please visit our Contact
Us center at jamsadr.com/contact or call your Case Manager.

From: NoReply-Notification@jamsaccess.com

Date: Fri, 04 Sep 2026 19:39:01 +0000

To: m.joyce07@proton.me

Subject: JAMS Access New Notifications

---

Dear Matthew ,

Here are all of the new Notifications within JAMS Access.

Click here to login to JAMS Access to see the Notifications.

Log Notification

Time

2026.09.03 Arb Opposition to Rule 1(c) Application.pdf is uploaded to case Joyce, Matthew vs. Arb Gaming LLC dba Modo #5100003080 by Walter Saurack

03:37 PM (ET)

Thanks,
JAMS Access Team

JAMS Access

Please do not reply directly to this email as you will not receive a response.
For assistance,
please visit our Contact
Us center at jamsadr.com/contact or call your Case Manager.

Docusign Envelope ID: 52347459-D983-8FE5-8289-60E2DC391A18

# EXHIBIT E

Back to Case List

# Joyce, Matthew vs. Arb Gaming LLC dba Modo

Add Case Members

Ref #5100003080

Arbitration

NEUTRAL:

**Peggy Leen**
pleen@jamsadr.com

CASE MANAGER:

**Danychel Reyes**
dreyes@jamsadr.com
702-835-7844

REPRESENTATIVES/ATTORNEYS:

**Duane Morris LLP**
Ashley Munyon (Paralegal/Legal Assistant)
amunyon@duanemorris.com
Show more

Matthew Joyce (Claimant)
m.joyce07@proton.me
919-259-4661

## DOCUMENTS

UPLOAD | Download | Delete Request

***Note, only Case Managers have access to delete uploaded documents. If you need to delete a document uploaded by you or your firm, please click "delete request" to send the request to the Case Manager.

| FILE ID | FILE NAME | CLASSIFICATION | MEMBERS | FIRM | UPLOADED BY | UPLOADED | POS |
|---|---|---|---|---|---|---|---|
| 1831794 | FINAL INVOICE LETTER.pdf | JAMS Billing | 12 Members | JAMS | Danychel Reyes | 09/08/2026 | |
| 1830108 | 2026.09.03 Arb Opposition to Rule 1(c) Application.pdf | Exclude Neutrals | 11 Members | Duane Morris LLP | Walter Saurack | 09/04/2026 | |
| 1811970 | 2026.08.21 Opposition to Joyce Motion(302254973.2).pdf | Briefs | 12 Members | Duane Morris LLP | Walter Saurack | 08/21/2026 | |
| 1802627 | Declaration of Matthew Joyce ISO Motion to Terminate Arbitration.pdf | Motions | 12 Members | | Matthew Joyce | 08/14/2026 | |
| 1801777 | 2026.08.14 Claimant's Motion to Terminate Arbitration or in the Alternative for Entry of a Final Award.pdf | Motions | 12 Members | | Matthew Joyce | 08/14/2026 | |
| 1801776 | 2026.08.14 Joyce to Hon. Peggy A Leen re Motion to Terminate.pdf | Administrative/ Correspondence | 12 Members | | Matthew Joyce | 08/14/2026 | |
| 1800651 | 2026.08.13 Saurack to Hon. Peggy A Leen re Motion Schedule.pdf | Administrative/ Correspondence | 12 Members | Duane Morris LLP | Walter Saurack | 08/13/2026 | |

# EXHIBIT F

# Terms of Service

**Version Effective Date: November 1, 2021**

Welcome to the JAMS website located at www.JAMSADR.com (referred to herein as the "*Site*") (JAMS refers to the Site and the services provided through the Site, collectively, as the "*Online Services*"). These Terms of Service ("*Terms of Service*") set forth an agreement between You and JAMS ("*JAMS*") governing Your use of the Online Services. "*You,*" "*Your*" or "*User*" refers to you as an individual who browses the Site or uses the Online Services, and if you are using the Online Services as an employee of or otherwise on behalf of an organization or entity, the terms also refer to and bind your organization or entity.

By using any of the Online Services, creating a User account or submitting information on a case to a JAMS resolution center, you signify your acceptance of these Terms of Service to the maximum extent permitted by law. You may only use the Online Services, open an account and/or submit information about a case to JAMS if you are at least 18 years old. Please do not attempt to use any of the Online Services if you are younger than 18.

JAMS has the right to modify or update these Terms of Service at any time without providing notice. Any additional or different terms in these Terms of Service shall be effective upon being posted on the Site. Your continued use of any of the Online Services following the posting of updated Terms of Service constitutes your acceptance of those additional or different terms.

JAMS reserves the right to add, change, modify, suspend or discontinue all or any of the Online Services, in its sole discretion, at any time. The Online Service most central to use of JAMS for alternative dispute resolution (ADR) case management is JAMS Access, which facilitates case management via online document management and multi-party communication, and is accessed from the Site via the JAMS Access portal, as described below. Unless expressly stated otherwise in the applicable Online Service, the use of any new Online Services, including the availability of new services or products through the Site, shall be subject to these Terms of Service. In addition, JAMS also may impose limits on any of the Online Services or restrict Your access to the Site or portions thereof in its sole discretion without notice or liability. JAMS reserves the right to refuse to provide You with access to any of the Online Services or to refuse to allow You to create a User account for any reason.

**JAMS Access**

JAMS Access, which you reach via the JAMS Access portal on the Site, is located at https://access.jamsadr.com and is a state-of-the-art Online Service that facilitates virtually all case management aspects of Your alternative dispute resolution/ADR (e.g., arbitration/mediation) matter. Once You log into the account You have created on the referenced portal, upload and download case documents and materials, and depending on the type of ADR and the nature of Your communication, You can communicate with Your side of the case only, or with the opposing party only or with all parties (including the Neutral) via the online messaging function (the case manager is privy to all communications), view Your account invoices and statements (while Neutrals can input and view their timesheets but not party invoices) and initiate payment (which is actually handled off JAMS's Site directly with our payment processor for purposes of security and efficiency. Users of JAMS Access begin with an overview home page, giving them navigation options to various JAMS Access channels such as recently viewed cases, messages, uploaded documents related to their case, invoices and account issues, and the case calendar with upcoming dates of which they may

need to be aware, which is refreshed every 30 minutes. The User can change his/her password in account settings, indicate how often he/she wants email notifications, and express informational preferences/interests that will tailor what other information JAMS will provide to them about JAMS and areas of interest to the User. JAMS Access has additional Terms to which You are subject when You use it (often as a case participant), and in the event of any conflict or inconsistency between these Terms of Service and the JAMS Access Additional Terms of Service, the latter shall prevail with respect to use of JAMS Access.

**Proprietary Rights**

You acknowledge and agree that as between You and JAMS, JAMS and its licensors retain all right, title and interest in and to all data and information (excluding data and information that you provide), content and materials provided on the Site, including, without limitation, text, images, graphics, page headers, other content, any trademarks, service marks and logo of JAMS (collectively, "*Content*"), the selection and arrangement of elements displayed on the Site, the compilation of all Content on the Site and the business processes, procedures, methods and techniques used in the Online Services) and all associated patent rights, copyright rights, trademark rights, trade secret rights and other intellectual property and proprietary rights recognized anywhere in the world ("*Intellectual Property*").

**Limited License**

JAMS grants You a limited license to access and use the Online Services for Your personal use, subject to all of the terms and conditions of these Terms of Service. **You may not:** (i) remove any logos, or trademark or copyright notices or any other notice contained in any Content or element provided on the Site, (ii) reproduce, download, modify, publish, distribute, transmit, disseminate, broadcast, transfer, license, sell, rent, lease, adapt, create derivative works of, publicly display or perform, or in any way commercially exploit Content or Online Services without JAMS's prior written consent (except (a) as otherwise facilitated or indicated regarding JAMS Access, and (b) that You may print copies of individual screens on the Site as well as Content such as newsletters and documents that show a Print icon for Your internal personal or business use), (iii) use any circumvention tools or any metatags or other hidden text utilizing JAMS's name, logo, URL or the name of any of the Online Services without JAMS's prior written consent, or (iv) disassemble, decompile or reverse engineer any of the Content, materials or underlying software made available on or through the Site or used to provide any of the Online Services.

**Accounts and Security; Confidentiality**

To use certain Online Services, such as JAMS Access, You may be directed to register with the Site and create an account or otherwise provide JAMS with certain information about Yourself and Your case (if applicable). By submitting Your information through the Site, subject to any confidentiality agreement with JAMS (if applicable), You grant JAMS a perpetual, irrevocable, worldwide, royalty-free, non-exclusive license to use, reproduce, transmit, and display this information in connection with JAMS's operation of the Site and/or performance of the Online Services for You and others You may designate. As part of the registration process, You will be asked to submit such information as Your name, title, email address, mobile phone number, and to choose a user name and password. If You submit information on a case to JAMS, You may also be asked to provide Your company's name, mailing address, phone number, fax number, email address and web address, case information, identity of the parties to the dispute and Your preferences for the hearing format, JAMS resolution center, JAMS Neutral (the arbitrators or mediators who preside over a given JAMS case are called "Neutrals") and hearing dates for the case. You represent and warrant that all information You provide to JAMS for purposes of creating an account ("*Registration Information*") will be true, accurate, current and complete and Your failure to comply with this warranty shall constitute a

breach of these Terms of Service and may result in the immediate termination of Your account. You shall (i) promptly update Your Registration Information to keep it true, accurate, current and complete, and (ii) maintain the confidentiality of Your password.

Except for confidential information received in connection with any dispute resolution proceedings/cases, JAMS does not wish to receive any confidential or proprietary information from You via the Site or Online Services, whether by email, via the Online Services, or in any other manner. You agree that any confidential information You provide outside of such proceedings, including without limitation any concepts, ideas, plans, techniques or any other information or content that You provide, may be used by JAMS in any manner without restriction.

You shall not (a) select or use the email address or user name of another person with the intent to impersonate that person, (b) use a name subject to the rights of any other person without authorization, (c) use an email address or user name that is profane, offensive or otherwise inappropriate or (d) allow any other party to use Your account and/or password.

You agree to immediately notify JAMS of any known or suspected unauthorized use(s) of Your account or any known or suspected breach of security, including loss, theft or unauthorized disclosure of Your password. You understand and agree that You shall be liable for all activities that occur under any account created for Your use, even if such activities were not committed by You. JAMS is not responsible for any loss or damage arising from Your failure to maintain the confidentiality of Your password.

**Privacy**

All information about You including Your Registration Information and any information stored or transmitted in any way on the Site or through the use of the Online Services is subject to JAMS's Privacy Policy.

**Use of the Online Services**

You shall comply with all applicable laws, statutes, ordinances and regulations in Your use of the Online Services. JAMS may immediately terminate Your account, or suspend Your access to Your account, in its sole discretion and without notice, for conduct that JAMS believes is: (i) illegal, fraudulent, harassing or abusive, (ii) a violation of these Terms of Service or any other policies or guidelines posted on the Site, or (iii) harmful to other users, third parties, or JAMS's business. Use of an account for illegal, fraudulent or abusive purposes may be referred to law enforcement authorities without notice. In addition, JAMS may terminate Your account if You file a claim against JAMS, or a claim which in any way involves JAMS. Upon JAMS's termination of Your account for any of the forgoing reasons, (a) JAMS will have no obligation to notify any third parties regarding such termination, and (b) You will be responsible for any damages that may result or arise out of termination of Your account.

You understand that You, and not JAMS, are solely responsible for any information submitted about a case ("Case Information") through the use of any of the Online Services. JAMS does not control the Case Information posted on the Site or transmitted through the use of any of the Online Services and, as such, does not guarantee the accuracy, reliability or quality of such Case Information. JAMS has no obligation to pre-screen Case Information that is displayed on the Site or transmitted through the use of any of the Online Services. In general, JAMS will not be liable in any way for any Case Information, unless otherwise indicated in these or other JAMS Terms of Service, including, but not limited to, any errors or omissions in any Case Information, or any loss or damage of any kind incurred as a result of Your use or loss of use of any Case Information posted, emailed, transmitted or otherwise made available on the Site or through the Online Services. You agree that JAMS may, in its sole discretion, refuse to post, store or transmit any Case Information submitted by You and

may move, remove, edit or modify any such Case Information for any reason at any time. Additional Terms of Service are applicable to use of JAMS Access as indicated therein.

When using the Online Services, You agree to act reasonably and responsibly, and to use commercially reasonable efforts not to:

- upload, post, email, transmit, display on the Site or make available through the use of any of the Online Services: (a) any information that is fraudulent, misleading, inaccurate, unlawful, harmful, threatening, abusive, harassing, defamatory, vulgar, obscene, pornographic, profane, invasive of another's privacy, hateful, or otherwise objectionable on the basis of race, ethnicity, religion or sexual orientation, including any communication that constitutes (or encourages conduct that would constitute) a criminal offense, gives rise to civil liability or otherwise violates any applicable local, state, or national law or regulation, (b) any information that You do not have a right to make available under applicable law or under contractual or fiduciary relationships (such as inside information, proprietary and confidential information obtained as part of employment relationships or under nondisclosure agreements), (c) any information that infringes, violates, or misappropriates any patent, trademark, trade secret, copyright, privacy, publicity or other rights of any third party or entity, (d) any unsolicited or unauthorized advertising, promotional materials, junk mail, spam, chain letters, pyramid schemes, or any other improper form of solicitation, or (e) any content or material that contains any virus, Trojan horse, worm, time bomb, bot or spider or any other computer code, files or programs designed to damage, interfere with, intercept, misappropriate, gain control over or limit the functionality of any computer, computer network, communications device, communications system, data or personal information;
- use any of the Online Services (i) to harm minors in any way, (ii) to impersonate any person or entity, or otherwise misrepresent Your affiliation with a person or entity, (iii) for any commercial purpose or the benefit of any third party or any manner not permitted by these Terms of Service, or (iv) to violate any applicable local, state, or national laws or regulations including, but not limited to, regulations promulgated by the U.S. Securities and Exchange Commission, or any rules or regulations of any national or other securities exchange;
- remove any proprietary notices from the Site;
- hack or seek unauthorized access to or compromise the integrity of the Site and Online Services (whether or not to obtain personal information), or breach or attempt to breach the security of the Site, Online Services and related servers and infrastructure, or attempt to disrupt any Online Services, servers or networks; harvest or collect or store any personal data or information about Users, or attempt to do so.

However, JAMS acknowledges that when You use JAMS Access as a party or representing a party to an ADR case or proceeding, You may believe that You need to make a submission of Case Information that might violate one or more of the restrictions set forth. JAMS recommends that if You find Yourself in such a situation, You discuss Your concern with the Neutral handling Your case prior to making such submission, and follow his or her guidance, primarily to avoid a claim of violation by an adverse party to your case. JAMS would most likely handle any claim by an offended party relating to Your submission of Case Information in the same manner, by bringing it to the attention of the Neutral handling Your case.

You acknowledge, consent and agree that JAMS may access, preserve and disclose account information and/or Registration Information or Case Information that You provide if JAMS is required to do so by law or if it believes in good faith that such access, preservation or disclosure is reasonably necessary to (A) comply with legal process, (B) enforce these Terms of Service, (C) respond to claims that any Registration Information or Case Information violates the rights of any

third parties, (D) respond to Your requests for customer service, or (E) protect the rights, property or personal safety of JAMS, its employees, partners, agents or members of the public.

**Links to Other Websites**

The Site may contain links to other websites and resources. Such links are merely a convenience for Users, and the inclusion of any link does not constitute or imply any affiliation, recommendation, endorsement or sponsorship by JAMS of such websites or any content contained thereon. JAMS has no obligation for any content, acts or omissions on such websites. You will need to review and observe the privacy policy and terms of use or service that govern Your experience on any third-party websites.

**Warranty Disclaimers**

THE SITE AND THE ONLINE SERVICES ARE PROVIDED ON AN "AS IS" AND "AS AVAILABLE" BASIS WITHOUT ANY WARRANTY OR CONDITION, EXPRESS OR IMPLIED. TO THE FULL EXTENT PERMITTED BY APPLICABLE LAW, JAMS SPECIFICALLY DISCLAIMS ALL WARRANTIES INCLUDING, WITHOUT LIMITATION, IMPLIED WARRANTIES OF TITLE, PERFORMANCE, MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE AND NON-INFRINGEMENT. FURTHER, THE INFORMATION ON THE SITE SHALL IN NO EVENT BE CONSIDERED OR RELIED UPON AS LEGAL ADVICE OR AS A SUBSTITUTE FOR SEEKING THE ADVICE AND COUNSEL OF A LICENSED ATTORNEY.

Subject to any Additional Terms of Service applicable to use of JAMS Access, JAMS makes no representation or warranty that (i) the Site or the Online Services will meet Your expectations or requirements, (ii) the Site or the Online Services will be available, uninterrupted, timely, secure, accurate, complete or error-free, (iii) any results or information that may be obtained from the use of the Site or the Online Services will be accurate, timely, complete or reliable, (iv) any errors or defects in the Site or the Online Services will be corrected, or (v) the Site and the Online Services and/or the server that makes the Site and the Online Services available are free of viruses, clocks, timers, counters, worms, software locks, Trojan horses, trap doors, time bombs or any other harmful codes, instructions, programs or components. Operation of the Site and the Online Services may be interfered with by numerous factors outside of JAMS's control including, but not limited to, telecommunications network disruptions. JAMS is not responsible and will have no liability for any failures of the Internet or any data or telecommunications equipment, system or network used in connection with the Site or the Online Services. You are entirely responsible for Your access to the Internet, including payment of all related fees, in order to access the Site.

Informational Site; No Legal Advice. This Site is not a solicitation of business and is for informational purposes only. All Content on the JAMS website is intended to provide general information about JAMS and an opportunity for interested persons to contact JAMS. The Site Content is not offered as legal advice or legal opinion and it should not be relied upon for any specific situation. JAMS Neutrals listed on the Site are not engaged in the practice of law by virtue of such listing, and no attorney-client relationship is intended or created. While JAMS endeavors to keep the information updated and correct, JAMS makes no representations or warranties of any kind, express or implied, about the completeness, accuracy, or reliability of the Content and other information contained on the Site. You should conduct Your own investigation and research regarding any and all information on this Site before making the decision to utilize the Site or any Online Services, including investigation and research of JAMS Neutrals.

You acknowledge that the entire risk arising out of the use or performance of the Site or any of the Online Services remains with You to the maximum extent permitted by law.

Some jurisdictions do not allow the disclaimer of implied warranties, so the foregoing disclaimers

may not apply to You.

YOU ACKNOWLEDGE AND AGREE THAT YOUR SOLE REMEDY FOR ANY PROBLEMS OR DISSATISFACTION WITH THE SITE OR ANY OF THE ONLINE SERVICES IS TO TERMINATE YOUR ACCOUNT AND DISCONTINUE USE OF THE SITE AND THE ONLINE SERVICES.

**Limitation of Liability**

IN NO EVENT SHALL JAMS OR ANY OF ITS DIRECTORS, OFFICERS, MEMBERS, EMPLOYEES/ASSOCIATES, NEUTRALS, AGENTS, CONSULTANTS, PARENTS, AFFILIATES, SUCCESSORS, ASSIGNS OR SERVICE/CONTENT PROVIDERS BE LIABLE FOR ANY INDIRECT, SPECIAL, INCIDENTAL, CONSEQUENTIAL, EXEMPLARY OR PUNITIVE DAMAGES ARISING FROM, OR DIRECTLY OR INDIRECTLY RELATED TO, THE USE OF, THE INABILITY TO USE, OR RELIANCE ON THE SITE OR ANY ONLINE SERVICES, OR THE CONTENT, MATERIALS AND FUNCTIONS RELATED THERETO, INCLUDING, WITHOUT LIMITATION, LOSS OF REVENUE, ANTICIPATED PROFITS, BUSINESS, PROGRAMS OR INFORMATION, EVEN IF JAMS OR SUCH PERSON OR ENTITY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES AND REGARDLESS OF THE FORM OF ACTION. IN NO EVENT SHALL JAMS BE LIABLE FOR OR IN CONNECTION WITH ANY INFORMATION POSTED, TRANSMITTED, EXCHANGED OR RECEIVED BY OR ON BEHALF OF ANY VISITOR OR OTHER PERSON ON OR THROUGH THE ONLINE SERVICES OR SITE. IN NO EVENT SHALL THE TOTAL LIABILITY OF JAMS TO YOU OR ANY THIRD PARTY FOR ALL DAMAGES, LOSSES, AND CAUSES OF ACTION (WHETHER IN CONTRACT OR TORT, INCLUDING, BUT NOT LIMITED TO, NEGLIGENCE OR OTHERWISE) EXCEED ONE HUNDRED DOLLARS ($100).

**Online Services Limitation of Liability**

JAMS HEREBY DISCLAIMS ANY LIABILITY TO YOU, THE PEOPLE YOU AUTHORIZE TO ACCESS YOUR ACCOUNT, OR ANY OTHER PARTY FOR ANY DAMAGES OR INJURY THAT MAY RESULT FROM THE USE OF OR INABILITY TO USE YOUR ACCOUNT INCLUDING, BUT NOT LIMITED TO ANY DAMAGES OR INJURY CAUSED BY FAILURE OF PERFORMANCE, ERROR, OMISSION, INTERRUPTION, DELETION, DEFECT, DELAY IN OPERATION OR TRANSMISSION, COMPUTER VIRUS, COMMUNICATION SERVICE FAILURE, THEFT OR DESTRUCTION OR UNAUTHORIZED ACCESS TO, ALTERATION OF, OR USE OF THE ONLINE SERVICES UNDER ANY LEGAL THEORY OR CAUSE OF ACTION. NEITHER JAMS NOR ITS DIRECTORS, OFFICERS, MEMBERS, EMPLOYEES/ASSOCIATES, NEUTRALS, AGENTS, SUPPLIERS, OR AFFILIATES SHALL BE LIABLE FOR ANY DIRECT, INDIRECT, INCIDENTAL, CONSEQUENTIAL, SPECIAL OR PUNITIVE DAMAGES INCLUDING, BUT NOT LIMITED TO, THOSE ARISING OUT OF THE USE OF THE ONLINE SERVICES OR INABILITY TO GAIN ACCESS TO OR USE ANY PERSONAL INFORMATION THROUGH THE ONLINE SERVICES.

Some jurisdictions do not allow the exclusion of incidental or consequential damages or limitation of liability, so the above exclusions and limitations may not apply to You.

**Termination**

You agree that JAMS, in its sole discretion and without notice or liability to You, may terminate Your use of, or access to, the Site or any of the Online Services at any time under certain circumstances including, but not limited to, if JAMS believes in good faith that You have violated or acted inconsistently with these Terms of Service or any applicable law, rule or regulation or that You have engaged in conduct that JAMS determines to be inappropriate or unacceptable.

**Indemnity**

You agree to defend, indemnify and hold JAMS and its licensors, licensees, affiliated companies,

and marketing partners, together with their respective employees/associates, Neutrals, agents, directors, officers and members, harmless from and against any and all claims, actions, proceedings and suits and all related liabilities, losses, damages, judgments, settlements, penalties, fines, costs and expenses (including, without limitation, reasonable attorneys' fees and costs) arising out of (i) Your use or misuse of the Site or any of the Online Services, (ii) Your breach or alleged breach of these Terms of Service, (iii) Your violation of any law, rule, regulation or rights of others in connection with Your use of the Site or any of the Online Services, (iv) Your use or disclosure of another person's personal, financial or credit information or (v) the infringement, violation or misappropriation of any copyright, trade secret, or any other intellectual property rights or the violation of any property or privacy right arising from any of the information that You post on the Site or transmit through the use of any of the Online Services.

**Copyright Infringement**

JAMS respects the intellectual property rights of others and JAMS asks that the Users do the same. JAMS generally does not monitor or pre-screen any content or information submitted to the Online Services by You, although JAMS reserves the right to do so in our sole discretion. If You believe a User of the Site is infringing Your copyright, please notify JAMS in accordance with the following procedure: All notifications of copyright infringement must be in writing and directed to JAMS's designated agent at the following address, fax number or email address:

Copyright Agent
JAMS
18881 Von Karman Ave.
Suite #350
Irvine, CA 92612
949-224-1818 Fax
**info@jamsadr.com**

Each notification must include the following information: (i) a physical or electronic signature of a person authorized to act on behalf of the owner of an exclusive right that is allegedly infringed, (ii) identification of the copyrighted work claimed to have been infringed, or, if multiple copyrighted works at a single website are covered by a single notification, a representative list of such works at that website, (iii) identification of the material that is claimed to be infringing or to be the subject of infringing activity and that is to be removed, or access to which is to be disabled, and information reasonably sufficient to permit JAMS to locate the material, (iv) information reasonably sufficient to permit JAMS to contact the complaining party, such as an address, telephone number, and, if available, an email address at which the complaining party may be contacted; (v) a statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law, and (vi) a statement that the information in the notification is accurate, and under penalty of perjury, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.

**Miscellaneous**

These Terms of Service, and any other agreement regarding the Online Services between You and JAMS, constitute the entire agreement between You and JAMS with respect to Your access and use of the Site and the Online Services and supersede all prior and contemporaneous agreements between You and JAMS. If any of the provisions of these Terms of Service is found by a court of competent jurisdiction to be invalid or unenforceable, then that provision will be construed in a manner consistent with applicable laws to reflect, as nearly as possible, the original intentions of the parties, and the remaining provisions shall remain in full force and effect. JAMS's failure to exercise or enforce any right or provision of these Terms of Service shall not constitute a waiver of such right or provision. The laws applicable to the interpretation of these Terms of Service shall be the laws

applicable in the State of California, without regard to its conflicts of laws provisions. You agree to submit to the personal and exclusive jurisdiction of the state and federal courts located in Los Angeles County. You also agree that, in the event any dispute or claim arises out of or relating to Your use of the Site or the Online Services, You and JAMS will attempt in good faith to negotiate a written resolution of the matter directly. You agree that if the matter remains unresolved for forty-five (45) days after notification (via certified mail or personal delivery) it will be deemed a "dispute," and then all parties shall join in mediation services in Los Angeles, California with a mutually agreed mediator in any attempt to resolve the dispute. Should You file any arbitration claims, or any administrative or legal actions without first having attempted to resolve the matter by mediation, then You agree that You will not be entitled to recover attorneys' fees, even if You may have been entitled to them otherwise.

If You have any questions about these Terms of Service or Your rights or JAMS's obligations relating to any of the Online Services, please email us at **info@jamsadr.com** or You may contact us by postal mail at:

JAMS
18881 Von Karman Ave.
Suite #350
Irvine, CA 92612
Attn: Legal Dept.

# EXHIBIT G

**JAMS ARBITRATION**

| | |
|---|---|
| **MATTHEW JOYCE,**<br>**Claimant,**<br>**v.**<br>**ARB GAMING, LLC,**<br>**Respondent.** | **JAMS Ref. No. 5100003080** |

**RESPONDENT'S OPPOSITION TO CLAIMANT'S AUGUST 14, 2026 NOTICE AND MOTION TO TERMINATE ARBITRATION, OR IN THE ALTERNATIVE FOR ENTRY OF A FINAL AWARD**

Daniel D. Wall
Walter A. Saurack
William M. Gantz
Y. Katie Wang
Nelson M. Stewart
**Duane Morris LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105
*Attorneys for Respondent Arb Gaming, LLC d/b/a Modo US.*

Respondent ARB Gaming, LLC d/b/a Modo.us ("Modo" or the "Company") respectfully submits this memorandum of law in opposition to claimant Matthew Joyce's ("Claimant" or "Joyce") August 14, 2026 "Submission Under Comprehensive Rule 1(c) Regarding Compliance with the JAMS Consumer Minimum Standards" (the "Application").

## I. PRELIMINARY STATEMENT

Claimant has submitted yet another application for relief from an arbitration proceeding that ***he initiated and substantively litigated***. This is now Claimant's ***fourth*** application to withdraw from or terminate this arbitration. The Honorable Peggy Leen (the "Arbitrator") has already ruled and found the case to be arbitrable. Yet, Claimant persists in submitting duplicative and frivolous filings contesting the arbitrability of this case both here and in federal court. Indeed, Modo is pursuing sanctions against Claimant in federal court as a result of his recent applications to avoid arbitration apparently against the advice of his counsel and despite the Arbitrator's ruling that his claims are arbitrable in this forum.

Claimant's apparently AI generated Application asks the JAMS National Arbitration Committee ("NAC") to act as an unauthorized appellate body over the Arbitrator while the Arbitration remains pending and no final award has been issued. Claimant initiated this Arbitration. JAMS accepted administration of this matter by issuing the Commencement Letter on July 31, 2025. In a May 20, 2025 Minimum Standards Notice, JAMS specifically advised Claimant ***"[a]ny further issue about whether the Minimum Standards apply should be directed to the arbitrator once appointed" – not to the NAC or to JAMS administrative bodies.*** The Minimum Standards Notice grants the arbitrator the authority to revisit the Minimum Standards and send the issue back to JAMS. No such authority is granted to the Parties. Despite this specific and unambiguous instruction, Claimant seeks to make yet another end-run around the Arbitrator's

### F. Granting Joyce's Application Would Prejudice Modo and Disrupt the Arbitration

Granting Joyce's request would effectively overrule the Arbitrator's substantive findings without any appellate mechanism authorized under the JAMS Rules for doing so at this stage. He was directed to bring disputes over Minimum Standards to the Arbitrator and failed to do so. The Arbitrator has already ruled on arbitrability, severability, the governing-law provision, and the effect of Claimant's participation, including the finding that he invoked the forum and waived any argument that his remaining claims should not be arbitrated. Rule 1(c) does not authorize the NAC to sit as an appellate tribunal over those rulings.

Granting the Application would set a dangerous precedent. Any dissatisfied party could bypass the assigned Arbitrator by repackaging a challenge to the arbitration clause as a Minimum Standards petition to the NAC. That approach would burden the NAC and undermine the efficiency, finality, and expediency arbitration is designed to promote, invite serial collateral filings, and further prejudice Modo through delay and duplicative expense.

The NAC should reject Joyce's baseless challenge to the Minimum Standards review and direct any issues to the Arbitrator.

## IV. CONCLUSION

For the foregoing reasons, Respondent Arb Gaming LLC dba MODO respectfully requests that the National Arbitration Committee:

1. Deny Claimant's request that JAMS decline further administration of this matter;
2. Deny Claimant's request for a written determination on Minimum Standards compliance;
3. Deny Claimant's request to suspend administration of this matter pending any such determination;
4. Direct that the proceeding continue before the assigned Arbitrator, who is the proper and exclusive forum for any remaining challenges to the arbitration clause or to the conduct of this arbitration; and

# EXHIBIT H

Docusign Envelope ID: 52347459-D983-85F5-8289-60E2DC391A18

| | |
|---|---|
| From: | "Stewart, Nelson" <NMStewart@duanemorris.com> |
| Date: | Fri, 04 Sep 2026 19:22:39 +0000 |
| To: | "dreyes@jamsadr.com" <dreyes@jamsadr.com> |
| Cc: | Matthew Joyce <m.joyce07@proton.me>, "Saurack, Walter A." <WASaurack@duanemorris.com>, "Wang, Katie" <KWang@duanemorris.com> |
| Subject: | Joyce, Matthew v. Arb Gaming LLC dba Modo - JAMS Ref. No. 5100003080 - Respondent's Opposition to Claimant's Rule 1(c) Application |
| Attachment: | 2026.09.03 Arb Opposition to Rule 1(c) Application.pdf |

---

Dear Ms. Reyes,

We represent Respondent Arb Gaming, LLC in the arbitration captioned Joyce, Matthew v. Arb Gaming LLC d/b/a Modo - JAMS Ref. No. 5100003080. We have attached a copy of Respondent's September 3, 2026 Opposition
to Claimant Matthew Joyce's August 14, 2026 application to JAMS National Arbitration Committee seeking relief pursuant to JAMS Comprehensive Rule 1(c).

Respectfully,
Nelson Stewart
Senior Associate
Duane Morris LLP
22 Vanderbilt
335 Madison Avenue, 23rd Floor
New York, NY 10017-4669
P:
+1 212 404 8767
F:
+1 212 253 4037
C:
+1 646 258 9369
NMStewart@duanemorris.com
www.duanemorris.com
For more information about Duane Morris, please visit https://www.DuaneMorris.com
Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended
transmission shall not constitute waiver of the attorney-client or any other privilege.

Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br>Plaintiff,<br>v.<br>ARB GAMING LLC dba MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1–50,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**CERTIFICATE OF SERVICE** |

I, Matthew Joyce, declare:

I am the Plaintiff in this action. I am over eighteen years of age. My address is 600 Market Grove Drive #100, Wake Forest, NC 27587-7345.

On October 9, 2026, I served the following documents:

1. Plaintiff's Notice of Motion and Motion for (1) an Order Directing Defendant ARB Gaming LLC to Preserve Its Copy of the JAMS Arbitration Record and (2) Leave Under Fed. R. Civ. P. 26(d)(1) to Serve a Document Subpoena on JAMS, Inc.

2. Declaration of Matthew Joyce, with Exhibits A through H

3. [Proposed] Order

on the following by electronic mail:

| Party | Name | E-mail |
|---|---|---|
| ARB Gaming LLC dba Modo.us | Daniel D. Wall | dwall@duanemorris.com |
| | Karen L. Alexander | klalexander@duanemorris.com |
| | Walter A. Saurack | WASaurack@duanemorris.com |
| Affirm, Inc. | Kalama M. Lui-Kwan | kalama.lui-kwan@troutman.com |
| | Ryan A. Lewis | ryan.lewis@troutman.com |
| | Gary Sonnenfeld | gary.sonnenfeld@troutman.com |
| Goldman Sachs Bank USA | Arjun P. Rao | arjun.rao@morganlewis.com |
| | Marcos D. Sasso | marcos.sasso@morganlewis.com |
| | Kathleen Rosello | kathleen.rosello@morganlewis.com |
| Apple Inc. | Tanya L. Greene | tanya.greene@us.dlapiper.com |
| | Colin F. McGrath | colin.mcgrath@us.dlapiper.com |
| Plaintiff-in-Interpleader Jamie Stahura | Jamie Stahura | Nailbnder99@yahoo.com |
| | Amina M. Mack | legal@themacklaw.com |
| Former counsel | Amina M. Mack | legal@themacklaw.com |
| | Jacqueline M. Sale | jms@jaxlawoffices.com |
| | | info@jaxlawoffices.com |
| | | jmsalelaw@gmail.com |

Service by electronic mail was made pursuant to Federal Rule of Civil Procedure 5(b)(2)(E). Each counsel of record served is a registered CM/ECF filing user in this District, and registration as a filing user constitutes consent to receive service electronically. E.D. Cal. L.R. 135(g)(1). Counsel of record will additionally be served by the Notice of Electronic Filing generated when these documents are docketed. E.D. Cal. L.R. 135(a).

A copy of the [Proposed] Order is additionally being submitted in Microsoft Word format by electronic mail to CSKorders@caed.uscourts.gov, pursuant to E.D. Cal. L.R. 137(b) and Judge Kim's Civil Standing Order § VII.A.

Defendant Amazon.com, Inc. has not appeared in this action and has no counsel of record.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 9, 2026, at Wake Forest, North Carolina.

Signed by:
Matthew Joyce
07B601B840D34AB...

Matthew Joyce