Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

FILED
OCT 14 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br>Plaintiff,<br>v.<br>ARB GAMING LLC dba MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1–50,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**PLAINTIFF'S REQUEST TO APPEAR BY VIDEO AND FOR ACCOMMODATIONS, INCLUDING USE OF HIS OWN GENERATIVE AI TOOLS, AT THE NOVEMBER 3, 2026 HEARING**<br><br>(Civil Standing Order (eff. Oct. 1, 2026) §§ I.D, II.D; L.R. 174(a)(1); ECF No. 82)<br>Hearing noticed: Tuesday, November 3, 2026, 10:00 a.m., Courtroom 25<br>Magistrate Judge Chi Soo Kim |

1. Plaintiff Matthew Joyce asks for the accommodations below at the hearing noticed for November 3, 2026 on his October 9, 2026 motion, if the Court holds it, and, except item (a), at any later hearing in this action. Each rests on the October 8, 2026 letter of Lindsey Ohler, Psy.D. (Exhibit A). Video for any later hearing will be a separate request, as ECF No. 82 directs. No item changes a deadline or any party's opportunity to be heard.

2. Plaintiff asks for an order that:

(a) Video. Plaintiff may appear by video at that hearing. (Civil Standing Order §§ I.D, II.D; L.R. 174(a)(1).)

(b) Support person. His designated support person may be present with him, without speaking, by video, as ECF No. 82 permits, and in person. (ECF No. 82 at 2.)

(c) Outline, pause, recess. Plaintiff may speak from a prepared written outline; may pause before answering a question from the bench, for up to two minutes or whatever length the Court finds workable; and may ask for a brief recess by raising his hand, the Court deciding whether and when to take one. (A-1, A-3.)

(d) Generative AI. Plaintiff may use his own generative AI tools during a hearing, on the terms in paragraph 3 and any further condition the Court sets.

(e) Written answers. If Plaintiff cannot fully answer a question from the bench, he may answer it in writing within two days, or whatever period the Court sets, in up to three pages; any party may respond in kind.

3. The AI tools. ARB Gaming has told this Court that Plaintiff "may utilize whatever lawful drafting tools he chooses without prior judicial approval." (ECF No. 75 at 4:6-7.) In JAMS Ref. No. 5100003080, ARB Gaming's counsel called Plaintiff's efforts "apparently AI generated" in the September 11, 2026 e-mail at Exhibit C (C-1), repeating the words of its September 3, 2026 opposition; the excerpt is offered only to show the words were used. Plaintiff asks leave so that his use of the same kind of tool at a hearing is settled in advance. The tools, which Plaintiff set up and controls, hold his case files and use commercial generative AI models. During a hearing the tools do not listen to, record, or transcribe the proceeding; no earpiece or person communicates with Plaintiff through them; and Plaintiff types his own questions, decides what to say, and says every word himself. Like the outline, they address "cognitive disorganization, memory deficits, and tangentiality." (A-1.) Rule 11 governs every paper he files, as ECF No. 82 states. Plaintiff appears without counsel; the appearing Defendants are represented by four law firms.

4. The remote appearance. Plaintiff gave all appearing parties courtesy notice by e-mail on October 14, 2026, at 7:01 a.m. Pacific. The basis is health, which § I.D names: Dr. Ohler recommends that Plaintiff "be permitted to attend hearings virtually . . . whenever procedurally feasible." (A-2.) He will comply with § I.D: video and audio on throughout, no virtual background, no tool that alters appearance or voice.

5. The letter. Dr. Ohler states that Plaintiff was diagnosed with "bipolar I disorder, current/most recent episode manic, severe," with "tangentiality, pressured speech, affective dysregulation, and cognitive disorganization during periods of elevated stress." (A-1.) She observed "scattered, inconsistent eye contact." (A-1.) She adds that pressured speech, rapid pacing of communication, and affective lability under pressure "are established psychiatric symptoms and should not be clinically conflated with evasiveness, lack of candor, or intentional disrespect for the Court." (A-2.)

6. To spare the Court the question, on August 23, 2026, Plaintiff sent all appearing Defendants a proposed stipulation under Local Rule 143 that, solely for case-management purposes, Plaintiff's disability would not be disputed, with every merits argument reserved. Each declined in writing between September 1 and 2, 2026.

I declare under penalty of perjury that the foregoing is true and correct, that Exhibit A is a true copy of Dr. Ohler's letter, and that Exhibit C is a true excerpt of an e-mail I received. Executed on October 14, 2026, at Wake Forest, North Carolina.

Signed by:
Matthew Joyce
07B601B840D34AB...

Matthew Joyce
Plaintiff, Pro Se

# EXHIBIT A

Lepage Associates

Solution-Based Psychological & Psychiatric Services

October 8, 2026

To Whom It May Concern:

RE: Forensic Consultation Addendum – Courtroom Accommodations for Mr. Matthew Joyce

This letter serves as an addendum to the forensic consultation report dated May 1, 2025, regarding Mr. Matthew Joyce. The purpose of this addendum is to outline recommended courtroom accommodations to mitigate the functional impairments associated with Mr. Joyce's diagnosis of bipolar I disorder, as well as to provide clinical context regarding his presentation during legal proceedings. I met with Mr. Joyce on 8/13/2026 as well as 10/8/2026. During the 8/13/2026 encounter, he exhibited notable non-verbal behaviors, including frequent squinting and scattered, inconsistent eye contact. His speech was rapid, pressured, and highly spontaneous. His thought process was frequently tangential, scattered, and circumstantial, often shifting rapidly between topics. Despite his tangential presentation, he demonstrated partial insight into his psychiatric condition, acknowledging ongoing mood lability and recognizing that sleep deprivation significantly exacerbates his symptoms. During the 10/8/2026 encounter, Mr. Joyce's demeanor was considerably calmer, and he acknowledged recent improvement in sleep. Frequent blinking was observed though eye contact was appropriate. He did not exhibit pressured speech, and his thought processes were organized, though mildly tangential.

Mr. Joyce's medication management records were reviewed with his provider, Kelly Mahoney, PMHNP, from 4/28/2025 to 5/12/2026 in which he was diagnosed with bipolar I disorder, current/most recent episode manic, severe.

Based on the clinical interview and record review, Mr. Joyce meets diagnostic criteria for bipolar I disorder as defined in the American Psychiatric Association's *Diagnostic and Statistical Manual of Mental Disorders-Fifth Edition-Text Revision (DSM-5TR).* The most prominent symptoms include tangentiality, pressured speech, affective dysregulation, and cognitive disorganization during periods of elevated stress. To ensure he can effectively participate in his legal proceedings, the following accommodations are recommended:

1. Prepared Notes at the Podium: It is recommended that Mr. Joyce be permitted to refer to and read from a prepared written outline. This accommodation mitigates cognitive disorganization, memory deficits, and tangentiality associated with his psychiatric condition, allowing him to maintain focus on the relevant legal issues.

2. Recess Mechanism: It is recommended that a pre-arranged mechanism be established, allowing Mr. Joyce to request a brief recess. Access to a brief recess upon the onset of acute affective dysregulation or psychomotor agitation will allow him to utilize grounding techniques and prevent further psychiatric decompensation in the courtroom.

5842 Fayetteville Road, Suite 106
Durham, NC 27713
www.lepageassociates.com ❖ (919) 572-0000 ❖ facsimile:(919) 572-9999

3. Calendar Consideration: It is recommended that Mr. Joyce's hearings be scheduled early on the docket (e.g., the 10:00 AM calendar). Prolonged waiting in a highly stimulating environment can precipitate anticipatory anxiety and symptom escalation. Remote appearance is recommended as a fallback contingency should acute psychiatric symptoms arise in the days immediately preceding a hearing.

4. Virtual/Remote Court Appearances: It is recommended that Mr. Joyce be permitted to attend hearings virtually (e.g., via video conferencing) whenever procedurally feasible. The physical courthouse can be a highly stimulating and unpredictable environment that can precipitate severe anticipatory anxiety, affective flooding, and subsequent sleep disruption—a primary trigger for his manic and mixed episodes. Allowing Mr. Joyce to participate from a controlled, low-stimulation environment will significantly reduce sensory overload and hyper-arousal. Furthermore, a virtual setting allows him to more effectively utilize grounding techniques and manage psychomotor agitation (e.g., pacing or standing off-camera) without disrupting the decorum of the courtroom.

To assist the Court in interpreting Mr. Joyce's behavior and demeanor during proceedings, I offer the following clinical formulations regarding the presentation bipolar I disorder:

- *Demeanor and Credibility:* Bipolar I disorder symptoms often manifest as pressured speech, rapid pacing of communication, and affective lability under pressure. These are established psychiatric symptoms and should not be clinically conflated with evasiveness, lack of candor, or intentional disrespect for the Court.

- *High-Functioning Presentation:* An articulate, highly energized presentation is characteristic of mixed-episode or hypomanic/manic bipolar I disorder. High verbal fluency and energy do not negate the presence of a severe psychiatric disability, nor do they preclude the existence of underlying functional impairments such as poor judgment, impulsivity, and cognitive rigidity.

- *Impact of Sleep Deprivation:* The established record indicates Mr. Joyce has endured sustained and severe sleep deprivation. In individuals with bipolar disorder, sustained sleep deprivation of this magnitude is a known clinical precipitant that directly exacerbates manic and mixed episodes, impairing judgment and affective regulation.

In the context of bipolar disorder, a non-speaking support person serves as an accommodation to address the specific affective, cognitive, and physiological impairments. The high-stress environment of a courtroom can precipitate or exacerbate these symptoms, and the support person functions as a stabilizing anchor to maintain the individual's capacity to participate in proceedings. Individuals with bipolar disorder may experience affective lability, irritability, and heightened physiological arousal. The presence of a calm support person provides a visual anchor that can help interrupt racing thoughts and pressured speech. By modeling a slow, regulated breathing pattern and neutral posture, the support person non-verbally prompts the individual to down-regulate their central nervous system.

Individuals experiencing the elevated mood states of bipolar disorder may struggle with impulsivity and a diminished capacity to filter responses. Eye contact with the support person can serve as a behavioral pause, allowing the individual a moment to cognitively process questions before reacting impulsively on the record. Bipolar disorder can also cause significant cognitive impairments related to sustained attention, working memory, and executive functioning. Under stress, this often manifests as tangentiality, circumstantiality, or disorganized thought processes. When the individual becomes cognitively overwhelmed or begins to exhibit tangential speech, looking at the support person can serve as an environmental cue to reorient to the immediate task and reduce cognitive flooding.

A support person familiar with the individual's specific psychiatric baseline is uniquely positioned to identify early behavioral indicators of an escalating mood episode or psychiatric decompensation. The support person monitors for signs of acute symptom onset, such as sudden psychomotor agitation (e.g., fidgeting), pressured speech, increased irritability, or dissociative behaviors. Upon observing these bipolar-specific indicators, the support person can utilize a pre-arranged signal to request a brief recess. This proactive intervention prevents full psychiatric decompensation within the courtroom and preserves the decorum of the proceedings. The support person assists in evaluating whether the individual has sufficiently stabilized to return to the courtroom or if further accommodations (e.g., concluding proceedings for the day due to severe psychiatric fatigue) are clinically indicated.

The recommended courtroom accommodations, including the utilization of a non-speaking support person, are clinically indicated to mitigate the cognitive, affective, and physiological impairments associated with Mr. Joyce's bipolar I disorder. These measures will assist in stabilizing his psychiatric symptoms, thereby facilitating his ability to effectively and safely participate in his legal proceedings. Should the Court or counsel require further clarification regarding these clinical recommendations or Mr. Joyce's psychiatric functioning, I remain available for further consultation.

Respectfully submitted,

Lindsey Ohler, Psy.D.

Lindsey Ohler, Psy.D.
Licensed Psychologist

# EXHIBIT C

**From:** "Stewart, Nelson" <NMStewart@duanemorris.com>
**To:** "Matthew Joyce" <m.joyce07@proton.me>, "Danychel Reyes" <dreyes@jamsadr.com>
**Cc:** "Saurack, Walter A." <WASaurack@duanemorris.com>, "Wang, Katie" <KWang@duanemorris.com>, "Alexander, Karen L." <KLAlexander@duanemorris.com>, "Gantz, Bill" <BGantz@duanemorris.com>, "Villanueva, Anita" <AVillanueva@duanemorris.com>, "Abdow, Dave" <DAbdow@duanemorris.com>, "Murphy, Rachel" <RMurphy@duanemorris.com>
**Date:** Fri, 11 Sep 2026 21:19:19 +0000
**Subject:** RE: Joyce, Matthew v. Arb Gaming LLC dba Modo - JAMS Ref. No. 5100003080 - Preservation request and access statement, case file documents of September 3 and 4, 2026

Dear Ms. Reyes,

This firm represents Respondent Arb Gaming, LLC, d/b/a Modo.us ("Modo") in the above referenced arbitration. We write in brief response to Mr. Joyce's September 8, 2026 email, which is a continuation of Mr. Joyce's repeated and apparently AI generated efforts to avoid arbitration, even though this issue has been fully vetted and decided twice in this arbitration.

Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br>Plaintiff,<br>v.<br>ARB GAMING LLC dba MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1–50,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**[PROPOSED] ORDER** |

Plaintiff's Request to Appear by Video and for Accommodations, Including Use of His Own Generative AI Tools, at the November 3, 2026 Hearing is GRANTED as follows:

1. Plaintiff may appear by video at the November 3, 2026 hearing, if held. All parties will then appear by video under the Civil Standing Order.

2. At that hearing and at any later hearing in this action, Plaintiff's designated support person may be present with him without speaking; Plaintiff may speak from a prepared written outline; Plaintiff may pause for up to _____ before answering a question from the bench; and Plaintiff may ask for a brief recess by raising his hand, the Court deciding whether and when to take one.

3. Plaintiff may use his own generative AI tools during a hearing, provided that the tools do not listen to, record, or transcribe the proceeding, no earpiece or person communicates with Plaintiff through them, and any further condition the Court sets is met.

4. If Plaintiff cannot fully answer a question from the bench, he may answer it in writing within _____ days, in no more than three pages. Any party may respond in the same length within the same period.

IT IS SO ORDERED.

Dated: _______________

_________________________________

CHI SOO KIM

UNITED STATES MAGISTRATE JUDGE