Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

FILED
OCT 28 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ________ DEPUTY CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br>Plaintiff,<br>v.<br>ARB GAMING LLC dba MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1–50,<br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF ON THE NOTICE OF FINAL ARBITRATION AWARD (ECF No. 121), UNDER THE ORDER OF SEPTEMBER 28, 2026 (ECF No. 120)**<br><br>Magistrate Judge Chi Soo Kim. No hearing. |

"ARB" is Defendant ARB Gaming LLC. The "Award" is the unconfirmed award at Exhibit A to ARB's Notice, ECF No. 121 at 5-40, cited by CM/ECF page. The "Motion" is ARB's motion to compel arbitration, ECF No. 56. The "Terms" are ARB's online Terms and Conditions, by the "Last Updated" date on their face.

ARB says the Award "bears directly on" the Motion. (ECF No. 121 at 2-3.) It cannot decide it: no award can bootstrap the existence of the agreement it depends on. The Motion and the Award rest on two different contracts, ARB enforced a third before Goldman Sachs, and Plaintiff never agreed to arbitrate in JAMS under any of them.

**ONE UNFILED SIGNUP AND THREE CONFLICTING CONTRACTS**

In this Court, the Motion asserts that the governing contract is the Terms dated September 10, 2024. (ECF No. 56-1 at 9; ECF No. 56-9, Ex. B at 1; ECF No. 106 at 9.) Yet ARB's own backend log records "V13 accepted" on August 2, 2024—the day Plaintiff opened his account—and lists "V14" on September 10, 2024, with no word "accepted." (ECF No. 106-2, Ex. A at 4.) ARB has never filed the text of "Version 13."

In JAMS, the Award applied a different contract: the Terms dated March 28, 2025, attached to the arbitration demand. (ECF No. 121 at 17-19, 23-24.) Plaintiff's first counsel filed that Demand four days after he wrote her, "Will not arbitrate vs ARB interactive llc." (ECF No. 96 at 28, Joyce Decl. ¶ 15 & Ex. N-1.) In April 2025, with a redemption pending, ARB gated Plaintiff's login behind those Terms. On April 8, Plaintiff refused in writing —"not signing any new terms and conditions"—adding: "Pay me my pending redemption and anything left in my play account." ARB released his funds without his signature. (ECF No. 96 at 27, Joyce Decl. ¶ 14 & Ex. J; ECF No. 33 ¶¶ 85-86, 91.)

Before Goldman Sachs Bank USA, ARB enforced a third contract and won three chargeback disputes under it. (ECF No. 33 ¶¶ 101, 104; ECF No. 97 at 20, Joyce Decl. ¶ 7.) In April 2025, ARB submitted to Goldman Sachs "the terms governing my purchases." That contract mandates the AAA in "Orange County, Florida," not JAMS. (ECF No. 96 at 27, Joyce Decl. ¶ 13 & Ex. M at 3 (ECF p. 173).) It is the March 4, 2024 Terms, in effect when the log records "V13 accepted." (Id., Ex. K-1 at 14-15 (ECF pp. 74-75).) ARB did so in the same month it gated Plaintiff's login behind its March 2025 JAMS Terms.

Every version states that a revised posting "immediately and retroactively supersedes any prior versions," leaving the prior version "of no continuing legal effect." (ECF No. 96, Ex. K-1 (ECF p. 64); Ex. K-2 (ECF p. 88); Ex. K-3 (ECF p. 114).) Three different contracts have now been put forward as the agreement—before Goldman Sachs, in JAMS, and in this Court—and under ARB's own clause, the March 2025 version enforced in JAMS retroactively killed the September 2024 contract ARB moves on here. "A court, not an arbitrator, must decide whether the parties' first agreement was superseded by their second." Coinbase, Inc. v. Suski, 602 U.S. 143, 152 (2024).

**ARB'S OWN RECORD DISPROVES ASSENT TO JAMS**

Plaintiff clicked once, at signup, on the unfiled Version 13, when ARB's Terms named the AAA, not JAMS. (ECF No. 112 ¶¶ 5-6; ECF No. 106-2, Ex. A at 4; ECF No. 96, Ex. K-1.) He never clicked to accept the September 10, 2024 version and refused the March 28, 2025 version in writing. (ECF No. 96 at 24-25, Joyce Decl. ¶ 2; ECF No. 112 ¶ 6.)

To suggest Plaintiff accepted the September 2024 Terms, ARB submitted a cropped, undated signup screenshot—only to concede on reply that the screenshot "was never offered as a record of Plaintiff's registration or acceptance of the Terms." (ECF No. 56-9, Ex. A at 6; ECF No. 106 at 8.) Facing the same showing, a federal court held that a declaration attaching a screenshot without the player's name "is not sufficient to prove that any contract was formed." Wolters v. Sweepsteaks Ltd., No. 25-cv-03280 (JRT/JFD), Doc. 26 at 14-15 (D. Minn. July 1, 2026) (appeal pending). ARB's Vice President, William Colello, swore that after every amendment "every Platform user was required to re-agree to the amended Terms as a condition of continued use" (ECF No. 109 at 70, Colello Decl. ¶ 16), yet ARB's log shows no such re-agreement.

In ARB's papers, North Carolina appears as an excluded state exactly twice: the blank screenshot ARB sent Goldman Sachs as "an example of the customer journey," telling the bank Plaintiff "agreed to the terms and conditions prior to being charged" (ECF No. 96, Ex. M at 1-2), and the same screenshot ARB filed with the Motion (ECF No. 56-9, Ex. A at 6). Five versions of the Terms are in this record, including one ARB filed as operative in another federal court. Not one names North Carolina. (ECF No. 96, Exs. K-1, K-2, K-3, L; ECF No. 109 at 41, 45.) The registration screen ARB filed in two other federal courts excludes fifteen states. North Carolina is not one. Walker v. ARB Gaming, LLC, No. 2:25-cv-00991, ECF No. 16 at 9 (D. Utah); Kowalok v. ARB Gaming, LLC, No. 4:25-cv-02161, ECF No. 16 at 7 (N.D. Ohio); see ECF No. 109 at 27, 85. ARB approved Plaintiff's address on October 5, 2024, and sent his Form 1099 to Chapel Hill, North Carolina. (ECF No. 112 ¶¶ 3, 9; ECF No. 96, Ex. I.) A screen that matches no version of ARB's Terms and no screen ARB showed other courts cannot be an "example" of anything.

**NO AWARD CAN DECIDE WHETHER A CONTRACT EXISTS**

Whether an agreement was ever concluded is for the court, not the arbitrator. Granite Rock Co. v. Int'l Bhd. of Teamsters, 561 U.S. 287, 296-97 (2010). No delegation clause can shift it: "parties cannot delegate issues of formation to the arbitrator. . . . If no agreement to arbitrate was formed, then there is no basis upon which to compel

arbitration." Ahlstrom v. DHI Mortg. Co., 21 F.4th 631, 635 (9th Cir. 2021). ARB bears "the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence." Knutson v. Sirius XM Radio Inc., 771 F.3d 559, 565 (9th Cir. 2014).

Plaintiff has denied under oath accepting the Motion's contract and demanded a jury trial under 9 U.S.C. § 4. (ECF No. 96 at 1-2, 24-25; ECF No. 112 ¶¶ 5-7.) ARB opposes that jury. (ECF No. 106 at 8.) Yet on March 28, 2025—the date on the Terms the Award applied—ARB's counsel in this case demanded a jury for ARB in another federal action, while reserving arbitration. Dinslage v. ARB Gaming, LLC, No. 3:25-cv-02562-VC, ECF No. 14 (N.D. Cal. Mar. 28, 2025). The same counsel now seeks "at least $30,170" in sanctions against Plaintiff, who asks for that same jury here. (ECF No. 56-8 ¶¶ 1, 3, 14.)

**THE AWARD NEVER DECIDED FORMATION AND READ CONSENT FROM OBJECTIONS**

The Award records that Plaintiff's "core assertion is not that any version of the Terms is void ab initio but a challenge to the existence of any valid contract whatsoever" (ECF No. 121 at 17), then at page 24 reads the rejected March 28, 2025 Terms as "clear and unambiguous" and "severable" without finding that Plaintiff ever accepted them, keeping one question open: "Whether the contract as a whole is void ab initio for illegality is a contested issue to be resolved in this arbitration." (Id. at 24.) None of the three operative paragraphs at page 40 decides the question reserved. (Id. at 40.)

Instead of finding that a contract was formed, the Award construes consent twice from filings and conduct over Plaintiff's written objections. First, at page 30, it relies on the "opening paragraphs" of the April 1, 2026 Amended Demand—the document former counsel uploaded that night over Plaintiff's written directives that day not to file it and her written promise, "Nothing will be filed." (Id. at 30; ECF No. 96 at 14-15, 28, Joyce Decl. ¶¶ 17-18 & Exs. O-3, O-4, F; see Blanton v. Womancare, Inc., 38 Cal. 3d 396, 404-08 (1985) (counsel lacks authority to bind client to arbitration against express instruction).) Second, at page 38 the Award treats Plaintiff's "failure to respond" as both "yet another attempt to withdraw all of his claims" and "a consent to entry of a Final Award in favor of Respondent"—even though ARB opposed Plaintiff's withdrawal and asked for "an award

entered in its favor." (ECF No. 121 at 38; ECF No. 56-7 at 2.) The Award says it was entered "at the request of Claimant," quoting that request only through a final award "that embodies the determinations already made." (ECF No. 121 at 5.) One of them was that "Respondent is not entitled to a final award" (id. at 34); none had been made on the four amended claims on which paragraph 3 enters a Final Award for ARB. (Id. at 35, 38, 40.) The day before the Award's date, ARB told JAMS the Arbitrator was "the proper and exclusive forum for any remaining challenges to the arbitration clause." (ECF No. 126 at 37.) Yet the Award never mentions Plaintiff's pending submission under JAMS Rule 1(c), which JAMS had "sent to the NAC." (Id. at 4, 10; ECF No. 121 at 5-40.) Calling objections "consent" is not a finding that a contract exists, and no forum has found that Plaintiff accepted any version of ARB's Terms. Under § 4, that finding is this Court's.

**RELIEF REQUESTED**

Plaintiff respectfully requests that the Court: (1) decide contract formation under 9 U.S.C. § 4 on the Motion's record, with the demanded jury, giving the unconfirmed Award no weight; and (2) if it notices the Award, notice only what its text states, not ARB's characterization. Even if arbitration were compelled, dismissal is unavailable: ARB requested a stay in the alternative, and § 3 then "compels the court to stay the proceeding." Smith v. Spizzirri, 601 U.S. 472, 478 (2024); ECF No. 56 at 2. Nor can the Award end this action: ARB asks the Court to dismiss "this duplicative action," yet four of the five Defendants were never parties to the arbitration, whose caption names ARB alone. (ECF No. 56 at 2; ECF No. 121 at 5, 8.)

Dated: October 28, 2026

Signed by:
Matthew Joyce
07B601B840D34AB...

Matthew Joyce

Plaintiff, Pro Se

Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br>Plaintiff,<br>v.<br>ARB GAMING LLC dba MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1–50,<br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**[PROPOSED] ORDER ON PLAINTIFF'S SUPPLEMENTAL BRIEF FILED UNDER THE ORDER OF SEPTEMBER 28, 2026 (ECF No. 120)** |

Plaintiff Matthew Joyce filed a supplemental brief under the Court's order of September 28, 2026 (ECF No. 120), addressing Defendant ARB Gaming LLC's Notice of Final Arbitration Award (ECF No. 121) and its bearing on ARB's motion to compel arbitration (ECF No. 56). Having considered the brief and the record, the Court ORDERS as follows:

1. Whether an agreement to arbitrate was ever concluded between Plaintiff and ARB Gaming LLC will be decided by the Court under 9 U.S.C. § 4 on the record of the motion (ECF No. 56), with trial by jury on that question as Plaintiff has demanded (ECF No. 96 at 24-25; ECF No. 112 ¶ 7; 9 U.S.C. § 4). The arbitration award attached to ECF No. 121 is given no weight on that question.

2. ARB Gaming LLC's request that the Court take judicial notice of the award (ECF No. 121 at 3) is GRANTED as to the existence and contents of the document, including the passages Plaintiff has quoted, and DENIED to the extent it seeks notice of ARB Gaming LLC's description of the award or of any finding that Plaintiff agreed to arbitrate.

IT IS SO ORDERED.

Dated: ______________, 2026

________________________________

CHI SOO KIM

UNITED STATES MAGISTRATE JUDGE

Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br>Plaintiff,<br>v.<br>ARB GAMING LLC dba MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1–50,<br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**CERTIFICATE OF SERVICE** |

I, Matthew Joyce, declare:

I am the Plaintiff in this action. I am over eighteen years of age. My address is 600 Market Grove Drive #100, Wake Forest, NC 27587-7345.

On October 28, 2026, I served the following documents:

1. Plaintiff's Supplemental Brief on the Notice of Final Arbitration Award (ECF No. 121), Under the Order of September 28, 2026 (ECF No. 120)

2. [Proposed] Order

on the following by electronic mail:

| Party | Name | E-mail |
|---|---|---|
| ARB Gaming LLC dba Modo.us | Daniel D. Wall | dwall@duanemorris.com |
| | Karen L. Alexander | klalexander@duanemorris.com |
| | Walter A. Saurack | WASaurack@duanemorris.com |
| Affirm, Inc. | Kalama M. Lui-Kwan | kalama.lui-kwan@troutman.com |
| | Gary Sonnenfeld | gary.sonnenfeld@troutman.com |
| Goldman Sachs Bank USA | Arjun P. Rao | arjun.rao@morganlewis.com |
| | Marcos D. Sasso | marcos.sasso@morganlewis.com |
| | Kathleen Rosello | kathleen.rosello@morganlewis.com |
| Apple Inc. | Tanya L. Greene | tanya.greene@us.dlapiper.com |
| | Colin F. McGrath | colin.mcgrath@us.dlapiper.com |
| Plaintiff-in-Interpleader Jamie Stahura | Jamie Stahura | jamie.stahura@proton.me |
| | | Nailbnder99@yahoo.com |
| | Amina M. Mack | legal@themacklaw.com |
| | Jacqueline M. Sale | info@jaxlawoffices.com |
| | | jms@jaxlawoffices.com |
| | | jmsalelaw@gmail.com |

and on the following by United States mail, first-class postage prepaid:

Amazon.com, Inc., c/o Corporation Service Company, 2710 Gateway Oaks Dr., Suite 150N, Sacramento, CA 95833; and Amazon.com, Inc., 410 Terry Avenue North, Seattle, WA 98109-5210.

Service by electronic mail was made pursuant to Federal Rule of Civil Procedure 5(b)(2)(E). Each counsel of record served is a registered CM/ECF filing user in this District, and registration as a filing user constitutes consent to receive service electronically. E.D. Cal. L.R. 135(g)(1). Jamie Stahura is additionally sent copies by e-mail as a courtesy. Counsel of record will additionally be served by the Notice of Electronic Filing generated when these documents are docketed. E.D. Cal. L.R. 135(a).

A copy of the [Proposed] Order is additionally being submitted in Microsoft Word format by electronic mail to CSKorders@caed.uscourts.gov, pursuant to E.D. Cal. L.R. 137(b) and Judge Kim's Civil Standing Order § VII.A.

Defendant Amazon.com, Inc. has not appeared in this action and has no counsel of record; it was served by first-class United States mail at the two addresses above. Fed. R. Civ. P. 5(b)(2)(C); E.D. Cal. L.R. 135(d).

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 28, 2026, at Wake Forest, North Carolina.

Signed by:
Matthew Joyce
07B601B840D34AB...

Matthew Joyce