Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

FILED

OCT 29 2026

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br>Plaintiff,<br>v.<br>ARB GAMING LLC dba MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1–50,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**PLAINTIFF'S REQUEST FOR LEAVE TO FILE NOTICE OF POST-ORDER DEVELOPMENTS (RE: ECF NO. 123)**<br><br>Hon. Daniel J. Calabretta · Submitted without hearing |

Plaintiff Matthew Joyce respectfully requests leave under Section I.B of the Court's Civil Standing Order and E.D. Cal. Local Rule 137(c) to file the Notice of Post-Order Developments attached as Exhibit 1, together with the supporting Declaration of Matthew Joyce and Exhibits A through D, in connection with Plaintiff's pending Rule 72(a) request for reconsideration (ECF No. 123) of the Magistrate Judge's September 17, 2026 minute order (ECF No. 116).

The September 17, 2026 minute order denied Plaintiff's client-file motion (ECF No. 113) and directed that Plaintiff "must work with his former counsel to resolve those disputes outside this action." (ECF No. 116.) Plaintiff timely filed ECF No. 123 on October 1, 2026; no opposition was filed under Local Rule 303(d). While ECF No. 123 has been pending, Plaintiff followed the September 17 order and former counsel's sworn

representation in ECF No. 114 at 12, ¶ 8, by sending an itemized list of missing records pinned to the federal docket on October 2, 2026 (Ex. A) and reviewing former counsel's October 8, 2026 response and portal folder (Exs. B–D).

Following the procedure approved at ECF No. 127 (accepting proposed briefs attached to requests for leave at ECF Nos. 122 and 124), the proposed Notice is attached as Exhibit 1 so the Court may evaluate its actual contents. Under Local Rule 303(g) ("The assigned Judge may also reconsider any matter at any time sua sponte"), the Court may consider these post-order facts in ruling on ECF No. 123; if the Court would rather the Magistrate Judge see them first, Plaintiff will present them to her by application under Local Rule 230(j) within fourteen days.

Dated: October 29, 2026

Respectfully submitted,

Signed by:
Matthew Joyce
07B601B840D34AB...

Matthew Joyce

Plaintiff Pro Se

# EXHIBIT 1

Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br>Plaintiff,<br>v.<br>ARB GAMING LLC dba MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1–50,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**[PROPOSED] NOTICE OF POST-ORDER DEVELOPMENTS RE: ECF NO. 123**<br><br>Hon. Daniel J. Calabretta · Submitted without hearing |

On October 2, 2026, Plaintiff took former counsel at their sworn word in ECF No. 114. This notice reports what came back. Both ECF No. 114 and the September 17, 2026 minute order (ECF No. 116) are on this docket; to the extent judicial notice is needed, Plaintiff requests it for the fact and text of each filing. Fed. R. Evid. 201(b)(2), (c)(2); Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001).

The September 17 order directed that Plaintiff "must work with his former counsel to resolve those disputes outside this action." (ECF No. 116.) On September 2, 2026, in ECF No. 114, former counsel Amina M. Mack ("Mack") of The Mack Law Firm, PLLC (the "Firm") and California counsel of record Jacqueline M. Sale ("Sale") stated they had delivered Plaintiff's file on June 25–26, 2026 (June 26 was the day Plaintiff's oppositions to four motions were due, ECF No. 66) and supplemented it on September 1,

2026 ("after the present motion was filed," ECF No. 114 at 3), without denying Plaintiff first saw the May 19, 2026 ARB e-mail chain as an exhibit to ARB's motion (ECF No. 56-8; ECF No. 113, Joyce Decl. ¶¶ 20, 22; ECF No. 123 at 9). Mack swore: "If Plaintiff identifies a particular, nonduplicative existing client material that is reasonably necessary to his continuing representation and the firm locates it in its possession, custody, or control, the firm is willing to transmit it in the form in which the material is reasonably maintained or exportable, subject to applicable confidentiality protections." (ECF No. 114 at 12, ¶ 8.)

On October 2, 2026, Plaintiff sent the Firm a list pinning each missing record to the docket, wrote to Sale, and stated: "A complete delivery makes that objection unnecessary, and I would rather show the court that this was resolved between us." (Joyce Decl. ¶¶ 2, 6; Ex. A at 1-3.) Sale, a signatory to ECF No. 114, did not reply. (Joyce Decl. ¶ 6.)

On October 8, 2026, Mack's paralegal sent a letter and link to a Clio folder displaying 122 items (uploaded June 26 and October 8, 2026)—the Firm's third transmission of what it calls the case file (after June 25–26 and the September 1 e-mail). (Joyce Decl. ¶¶ 3-4; Ex. B.) Of the 122 items, 25 (23 distinct files) are the public PACER PDFs Plaintiff's household created November 30, 2025 and uploaded December 24, 2025 ("Author: Brielle Pittman," ECF No. 19 at 3; ECF No. 95 at 15), alongside Plaintiff's intake papers, returned at identical sizes with June 26 upload dates. (Joyce Decl. ¶ 4.) The third delivery returns Plaintiff's own PACER printouts and the stipulations he named; it does not return the authorization behind any of them.

ECF No. 114 argued Rule 1.16(e)(1) requires release of existing electronic versions, not "native production with metadata intact." (ECF No. 114 at 1, 4-6.) On October 2, Plaintiff accepted that form: "A PDF of each item is fine, or a link that does not expire. Where an item does not exist, a sentence saying so closes it." (Ex. A at 3.) The October 8 letter gives six written answers; client authorizations and process-server instructions are not among them, and the letter claims the folder covers "existing written

client authorizations" and "available" drafts and Amazon instructions. (Ex. B at 1-2.) The folder contains no written client authorization and no process-server instruction, in any form, and omits the records below—none of which has been produced in any transmission or mailing, and each of which is necessary to pending deadlines, defaults, and claims:

(a) Stipulations and Defense E-mails (ECF Nos. 25, 37, 40, 41, 43, 45; 51-1; 56-8): Six stipulations were filed over former counsel's electronic signatures. Goldman Sachs's deadline passed April 14, 2026; on April 22, ECF No. 40 extended it. On May 6, Plaintiff wrote Mack: "this is the second time you've granted an extension after I asked you not to do that without my approval," and "no extensions are ever given again. I consent to none of the parties extending." On May 8, ECF No. 43 extended Goldman Sachs's deadline seventeen days; on May 13, after Plaintiff wrote on May 8, "I prefer we don't agree to that," ECF No. 45 moved Apple's Rule 26(f) deadline. (Joyce Decl. ¶ 5; Ex. A at 2.) After Plaintiff approved an Affirm stipulation on May 18 (Ex. A at 2), Affirm's counsel swore to e-mails with Mack on May 18–19 (ECF No. 51-1 ¶ 3; ECF No. 60 at 2). On May 19, Mack wrote ARB's counsel, "I am fine with allowing the extension" (ECF No. 56-8 at 8); on May 20, she wrote Plaintiff, "I have not agreed to this extension. They are asking for it," and moved to withdraw (ECF No. 47). (Joyce Decl. ¶ 5.) While the folder adds two Morgan Lewis drafts for ECF No. 43, it contains no written authorization from Plaintiff for any of the six stipulations, no May 18–19 Troutman e-mails, no Goldman/Apple threads (ECF Nos. 45, 64), and no message in the May 19 ARB chain after ECF No. 56-8 at 7. (Joyce Decl. ¶ 4.)

(b) Amazon Service Records (ECF Nos. 78, 86): The Clerk declined default on Amazon.com, Inc. for lack of proof of agency for "Heather Hughes" (ECF Nos. 78, 86). Despite claiming to cover "Amazon process-server instructions, and records concerning Heather Hughes" (Ex. B at 1), the folder contains neither beyond the proof of service itself. (Joyce Decl. ¶ 4.)

(c) Sale Agreement and Apple Card Materials (Ex. B vs. Ex. D): The letter states,

"The firm has no agreement naming Ms. Sale" (Ex. B at 1), yet the folder (uploaded October 8, 2026) holds a January 6, 2026 "Pro Hac Vice Services Agreement" between "Law Office of Jacqueline M. Sale, Esq." and Mack (Ex. D at 1). As to Plaintiff's Apple Card materials, Mack stated on June 16 they were shown in her office, on June 25 were "included in the file package" (ECF No. 113 at 84, Ex. W at 2), and on October 8 were "returned to you by mail" (Ex. B at 2). Plaintiff has not received them, by mail or in any production, and the letter gives no mailing date or tracking number. (Joyce Decl. ¶ 4.)

That evening, Plaintiff asked for the file "as one downloadable zip or a non-expiring link" and noted the unaddressed October 2 items "remain open." (Ex. C at 1.) Neither Mack nor Sale has written since October 8. (Joyce Decl. ¶ 6.) Plaintiff asks the Court to grant leave, consider this notice in ruling on ECF No. 123, and enter the order former counsel proposed (ECF No. 114 at 8-9; ECF No. 123 at 11). Under Local Rule 303(g), the Court may reconsider the September 17 order on these facts; if the Court would rather the Magistrate Judge see them first, Plaintiff will present them to her under Local Rule 230(j) within fourteen days.

Dated: October 29, 2026

Respectfully submitted,

Signed by:
Matthew Joyce
07B601B840D34AB

Matthew Joyce

Plaintiff Pro Se

Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br>Plaintiff,<br>v.<br>ARB GAMING LLC dba MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1–50,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**DECLARATION OF MATTHEW JOYCE IN SUPPORT OF PLAINTIFF'S REQUEST FOR LEAVE TO FILE NOTICE OF POST-ORDER DEVELOPMENTS (RE: ECF NO. 123)** |

1. I am the plaintiff in this action. I submit this declaration in support of Plaintiff's Request for Leave to File Notice of Post-Order Developments (Re: ECF No. 123). I have personal knowledge of the facts below.

2. Exhibit A is a true copy of the e-mail I sent to Amina M. Mack ("Mack") at The Mack Law Firm, PLLC (the "Firm"), copying paralegal Nadine Ludeke, on October 2, 2026, at 4:38 PM Pacific time (7:38 PM Eastern time), offering to withdraw ECF No. 123 upon a complete delivery and listing the missing records by docket entry.

3. Exhibit B is a true copy of the two-page letter dated October 8, 2026, signed "/s/ Amina M. Mack," that Ms. Ludeke e-mailed to me on October 8, 2026.

4. The same day, Ms. Ludeke e-mailed me a link to a Clio portal folder ("M. Joyce Case File") displaying 122 items across two upload dates (June 26 and October 8, 2026)—

the Firm's third transmission of what it calls the case file following the June 25–26, 2026 upload and the September 1, 2026 e-mail. I reviewed the portal, downloaded the files, preserved the portal listing, files, and metadata as delivered, and can lodge them on request. Of the 122 items, 25 (23 distinct files, with rows 17 and 19 listed twice) are the public PACER PDFs (metadata: "Author: Brielle Pittman," my girlfriend, created November 30, 2025) that I uploaded on December 24, 2025, alongside my intake papers, returned at identical file sizes with June 26, 2026 upload dates. While the October 8 uploads add two Morgan Lewis drafts for ECF No. 43, the folder contains no written authorization from me for any of the six stipulations (ECF Nos. 25, 37, 40, 41, 43, 45), no May 18–19, 2026 e-mails with Affirm's counsel (ECF No. 51-1 ¶ 3), no Goldman Sachs or Apple threads, no message in the May 19, 2026 ARB chain after ECF No. 56-8 at 7, no Amazon process-server instructions, and no records concerning Heather Hughes beyond the Amazon proof of service sent to me on June 25, 2026. As to the Goldman Sachs Apple Card materials that Mack stated on June 16, 2026 were shown in her office, on June 25 were "included in the file package" (ECF No. 113 at 84, Ex. W at 2), and on October 8 were "returned to you by mail" (Ex. B at 2), I have not received them, by mail or in any production, and the October 8 letter gives no mailing date or tracking number. Exhibit D is a true copy of page 1 of "AminaProHacAgreement.pdf" as downloaded from the portal on October 8, 2026 (uploaded October 8, 2026).

5. I did not authorize ECF No. 43 or ECF No. 45. On May 6, 2026, I wrote Mack: "You confirmed to me and Brielle on our last call that Goldman Sachs was in default on their initial filing. ... My concern is this is the second time you've granted an extension after I asked you not to do that without my approval. ... That ends here — please, once more — no extensions are ever given again. I consent to none of the parties extending." On May 8, 2026, ECF No. 43 extended Goldman Sachs's deadline seventeen days. That day, regarding Apple, I wrote Mack: "I prefer we don't agree to that." On May 13, 2026, ECF No. 45 moved Apple's Rule 26(f) deadline. After I approved a proposed stipulation for Affirm in writing on May 18, 2026, Mack wrote ARB's counsel on May 19, "I am fine

with allowing the extension" (ECF No. 56-8 at 8); on May 20, she wrote me, "I have not agreed to this extension. They are asking for it," and moved to withdraw the same day (ECF No. 47).

6. Exhibit C is a true copy of my e-mail reply to Ms. Ludeke on October 8, 2026, at 5:26 PM Pacific time (8:26 PM Eastern time). Since October 8, 2026, I have received no e-mail from the Firm other than an automatic reply on October 14, 2026 to an unrelated courtesy e-mail. I also wrote separately to Jacqueline M. Sale on October 2, 2026; she has not replied.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 29, 2026, at Wake Forest, North Carolina.

Signed by:
Matthew Joyce
07B601B840D34AB...

Matthew Joyce

Docusign Envelope ID: 10ACEE59-62A9-8D7D-820C-2BD1DB54F244

# EXHIBIT A

**From:** Matthew Joyce <m.joyce07@proton.me>
**To:** The Mack Law <legal@themacklaw.com>
**Cc:** Nadine Ludeke <admin@themacklaw.com>
**Date:** Friday, October 2, 2026 at 7:38 PM EDT
**Subject:** Joyce v. ARB Gaming LLC, No. 2:25-cv-01868 (E.D. Cal.) — client file, the items still outstanding

Amina, Nadine,

I asked for my complete case file in writing on May 20, again on May 26, and on June 16 item by item, with a June 18 date that passed without a response. What came was a link on June 25 at 4:06 PM, thirty-six days after the first request and the day before my oppositions to four motions were due, and the link did not work that night. On August 31 you wrote, "Once I send them again, can you please let me know what else you are seeking?" What came the next day, September 1, was the public federal docket, items 1 through 19, the May 19 email chain that ARB had already filed as ECF No. 56-8, the June 25 closing letter and accounting, the Clio activity log, the Amazon proof of service, and drafts of the appearance, the amended demand, and the notice of withdrawal. Those items arrived. None of them is what I asked for.

You were served on October 1 with my request that the district judge reconsider the September 17 order. It was filed because every written request without a motion behind it has been answered with a delivery of something else. The court said on September 17 that the file is a matter to resolve with you directly (ECF No. 116). This is the list, once. It is the same three categories your own proposed order describes (ECF No. 114 at 8-9), each in the form in which it is kept, and beside each one is where the record, or the firm's own emails to me, shows it exists.

(a) The engagement agreement.
Clio Grow sent me the e-signature link on December 26, 2025 ("Retainer Agreement- The Mack Law Firm"). The signed copy and the e-signature audit trail have never been delivered. The June 25 accounting charged $6,250.00 for pro hac vice and admission. Please send the engagement or fee agreement, if any, naming Ms. Sale, and the invoices and payment records behind that charge.

(b) Communications with counsel for each defendant, in either forum, with the headers and attachments as kept, and any notes of telephone or video conferences.

1. ARB Gaming (Duane Morris).
The complete May 19, 2026 chain, including whatever followed Ms. Alexander's "I will prepare a stipulation for your review and signature" (ECF No. 56-8 at 7); the draft motion for sanctions ("Client wants a copy of the draft motion for sanctions," your May 19 email, ECF No. 56-8 at 8), or a sentence that none was ever served; and your notes of the May 19 call and the March 30 call, which I asked for in writing on May 6 and May 19.
The January 12, 2026 call with ARB's counsel and any note of it, Ms. Alexander's January 7 reply to the letter of representation, and your January 8 answer.
The January 21 to February 14 thread with Ms. Alexander. Your February 17 forward carried the text of that thread but none of its attachments. I am asking for the January 28 draft stipulation Ms. Alexander sent, your edits to it, and the version filed as ECF No. 25.
The Rule 4(d) waiver packet for ARB: the January 23 offer, the transmittal, and ARB's acceptance, which Nadine confirmed to me on March 12.
The February 17 transmittal of the amended complaint to ARB's counsel; ARB's March 11 request for a call about dismissal and its March 18-19 request for a call about the appearance filed for Jamie Stahura (ECF No. 35); the March 30 call and the same-day email chain (ECF No. 56-8 at 14); the April 1 email sending the amended demand to ARB's counsel; the April 6 email to JAMS that "included everyone" and ARB's confirmation of receipt; and the May 20 notices of withdrawal you sent to ARB's counsel and to JAMS.

2. Goldman Sachs Bank USA (Morgan Lewis).
Mr. Sasso's April 16, 2026 request for a 28-day extension and your reply the same day, "I will let them know"; the stipulation filed April 22 (ECF No. 40) and the written authorization, if any, on which it rests; the second stipulation filed May 8 (ECF No. 43), two days after my May 6 email that I consented to no further extensions, and the authorization for that one; the April 28 call and any note of it; the April 30 email asking me to stipulate to arbitration, with its attachment, in the form received; the later email offering a further extension and a $500 resolution, and your reply agreeing to the May 29 date; and any record of the May 13 videoconference (ECF No. 64 at 6).
Also any statement, notice, dispute decision, or correspondence about my Apple Card account, issued by Goldman Sachs Bank USA, that the bank, Apple, or their counsel sent to the firm at any time. At our last in-person meeting you told me the firm had been receiving statements or notices about that account. I have never seen them. Please tell me what the firm receives, who sends it, the date of the first and the most recent, and forward every one of them as received, including anything after July 3, 2026 and anything that still arrives. That is my account and my credit record.

3. Affirm (Troutman).
Mr. Lewis's March 18, 2026 first contact and any call that followed; Affirm's request at the end of March for sixty more days on service, and what the firm told Affirm; the May 15 proposed stipulation and what went back to Mr. Lewis after I approved it on May 18; the May 19 request to meet and confer and any response (ECF No. 60 at 2); and the coordination before withdrawal that Affirm's counsel described under oath (ECF No. 51-1).

4. Apple (DLA Piper).
Ms. Greene's April 10, 2026 extension request and the phone message it refers to; the request behind the second extension (ECF No. 41); Mr. McGrath's May 1 scheduling email; your notes of the meet-and-confer call the following week, beyond the summary you sent me on May 7; and the exchange behind the Rule 26(f) stipulation (ECF No. 45).

5. Amazon, and the service file for every defendant.
The docket carries no proof of service by the firm for Apple, Affirm, or Goldman Sachs; only Amazon's (ECF No. 78). Your May 13, 2026 stipulation with Apple recites that Apple was served on March 24, 2026 through CT Corporation in Raleigh (ECF No. 45). On April 10, 2026 you wrote that you had asked ABC Legal to change Apple's service address to Wilmington, Delaware, and on April 13 that "Apple was not served yet." On July 20, 2026, seventeen days after the firm's certificate of service (ECF No. 84), Nadine wrote me: "We received confirmation that Apple Inc. was served on July 20, 2026. The service was completed through Apple Inc.'s registered agent, CT Corporation System." Apple's counsel had been on the docket since April 14 (ECF No. 37).
Please send the ABC Legal account file for the March 11, 2026 orders on all four defendants: the orders, the signed proofs (Affirm is Reference ID RB-30837), the GPS and photo records, the invoices, the April 10 request to change Apple's address, and every Apple service request and confirmation with its date.
For Amazon: your March 11 email identified the legal name as Amazon.com Services LLC with Corporation Service Company as its agent; the complaint names Amazon.com, Inc.; the proof filed as ECF No. 78 names Heather Hughes. Please send the instructions given to the process server for Amazon, the record of who identified Ms. Hughes as Amazon's agent (ECF No. 86), the first written notice to me that Amazon had been served, and a sentence saying what "Proof_277486967.pdf" in the September 1 package is.

6. JAMS, on the federal side.
Your April 6, 2026 email to JAMS "included everyone." Whatever else went to or came from counsel for ARB about the arbitration during the representation belongs here or in (c).

7. Electronic signatures.
Six stipulations were filed with the firm's electronic signature for me: ECF No. 25 ("/s/ Jacqueline Sale (as authorized 1/29/26)"), ECF No. 37 ("authorized 4/13/2026"), ECF No. 40, ECF No. 41 ("authorized 5/4/2026"), ECF No. 43, and ECF No. 45 ("authorized 5/13/2026"). Please send the written authorization, if any, on which each rests, and the drafts exchanged with opposing counsel for each.

8. Call notes.
Any notes or memoranda, as kept, of the telephone and video conferences with counsel for any defendant. On May 6 I asked in writing for "a written summary of what was said and decided on every substantive call with opposing counsel," and on May 19 for a written summary of your call with Ms. Alexander. The May 7 Apple summary is the only written account I received.

(c) The arbitration side of the file, JAMS Ref. No. 5100003080.
All submissions filed or served on my behalf, as filed, including the April 1, 2026 amended demand, the April 22 response, and your motion to withdraw (I received only Judge Leen's May 26 order on it); all orders, awards, notices, and transmittals received from JAMS or the arbitrator, including the March 20, 2026 disclosure and the transmittal of the May 13, 2026 Interim Award; the April 16 extension request and the answer to it; and all correspondence with the JAMS case manager from the January 14, 2026 letter of representation through June 3, 2026. The Final Award states that counsel for both sides were notified by the JAMS Case Manager that a decision was being drafted. I was not.

Also, communications between you and Ms. Sale about my matter, as kept, including about service, the stipulations, and the withdrawal. Those are part of the file.

(d) My own documents.
The financial records, account statements, and tax documents, including the 1099s, that I gave the firm during the representation. Those are my property under Rule 1.16(e)(1), and I would like them back in the form you hold them. They are not to be sent to anyone else. Once they are returned, please state whether the firm retains copies and, if so, under what retention policy and for how long.

One more item. Please send me a list of every person outside the firm who has received any part of my file, or any communication about my case, since May 26, 2026, with the date and what was sent.

A PDF of each item is fine, or a link that does not expire. Where an item does not exist, a sentence saying so closes it.

Please send these by Friday, October 9, 2026. I filed my request for reconsideration of the September 17 order on October 1, on the schedule the rules set for it, and you were served with it the same day; that is a deadline, not a comment on this letter. A complete delivery makes that objection unnecessary, and I would rather show the court that this was resolved between us.

Jacqueline Sale was on the withdrawal papers as my counsel, and I never received a reply from her in the time she was. I am writing to her separately today.

Matthew Joyce
former client
m.joyce07@proton.me

# EXHIBIT B

M
THE MACK
LAW FIRM

4242 Six Forks Rd | Ste. 1550
Raleigh | NC 27609
Tel: 984-480-7147

AMINA M. MACK, Esq
Tel: 984-480-7147
legal@themacklaw.com

**October 8, 2026**

**VIA EMAIL**

Matthew Joyce
600 Market Grove Drive, Suite 100
Wake Forest, NC 27587
m.joyce07@proton.me

**Re: Requested Documents and Written Responses**

Dear Mr. Joyce:

We write in response to your request for documents and written clarification concerning your matters. The firm has reviewed its files and collected the available responsive documents. **Ms. Nadine Ludeke will send you a link to the folder containing those materials.**

The collected materials cover the following categories:

1. **Engagement and billing:** The firm's retainer, the invoice for Ms. Sale previously provided by Attorney Mack, and the pro hac vice documentation previously provided by Attorney Mack.

2. **Drafts and authorizations:** The available materials responsive to your requests concerning the January 28 ARB draft stipulation, the firm's edits, exchanged drafts for the six identified stipulations, existing written client authorizations for electronic signatures, and any sanctions-motion draft maintained in the firm's files.

3. **Service records:** The available records responsive to your requests concerning ABC Legal orders, proofs of service, GPS and photographic records, invoices, address-change requests and confirmations, Amazon process-server instructions, and records concerning Heather Hughes.

4. **Arbitration records:** The available submissions as filed or served, withdrawal motion, orders, awards, notices, and transmittals maintained in the firm's files.

Following our review, we also provide the following written responses:

- **Agreement naming Ms. Sale:** The firm has no agreement naming Ms. Sale.

- **Notes or memoranda of calls:** The firm has no existing notes or memoranda of calls or videoconferences with opposing counsel, including the specified ARB, Goldman, and Apple calls.

- **Service of a sanctions motion:** A sanctions motion was never served.

- **Apple Card account materials:** The Apple Card account materials previously held by the firm were returned to you by mail.

- **"Proof_277486967.pdf":** This is an ABC Legal document relating to the Amazon matter. A copy will be included in the folder.

- **Your financial and personal records:** The firm does not currently possess your financial records, statements, tax documents, or Forms 1099. The firm does not retain copies of the personal documents returned to you.

We have checked the firm's records before providing these confirmations. The folder will contain the responsive materials collected from those records, subject to the absence of documents expressly identified above.

As a gesture of goodwill and without any admission of liability, the firm will provide you with a refund of $3,500. Ms. Ludeke will coordinate delivery of the refund.

Our representation has concluded, and the firm will not undertake further legal work on your behalf in these matters. Following delivery of the refund and access to the collected documents, we respectfully request that you refrain from further direct calls, messages, or visits to Attorney Mack or other firm personnel concerning the concluded representation. Any necessary administrative inquiry concerning receipt of the refund or access to your documents should be directed in writing to Ms. Nadine Ludeke. The firm will continue to fulfill its obligations under applicable law and the Rules of Professional Conduct.

Sincerely,
/s/ Amina M. Mack
**Amina M. Mack, Esq.**

# EXHIBIT C

**From:** Matthew Joyce <m.joyce07@proton.me>
**To:** Nadine Ludeke <admin@themacklaw.com>
**Cc:** "The Mack Law Firm, PLLC" <legal@themacklaw.com>, MJ <mj@themacklaw.com>
**Date:** Thursday, October 8, 2026 at 8:26 PM EDT
**Subject:** Re: Joyce v. ARB Gaming LLC, No. 2:25-cv-01868 (E.D. Cal.) — client file, the items still outstanding

Nadine,

I have Ms. Mack's October 8 letter and the portal link.

On June 25 I asked for my file as "a portable copy (PDF/native export, not a hosted link)." On June 26 you wrote that the firm had used the OneDrive link "in an effort to securely provide your file." On October 2 I asked again for a PDF of each item or a link that does not expire. Please provide the complete set that way now, as one downloadable zip or a non-expiring link, so access does not depend on the portal. If the concern is security, encrypted e-mail is fine; I sent the firm its Goldman Sachs package that way on May 4.

The items in my October 2 letter that the October 8 letter does not address remain open.

matt

On Thursday, October 8th, 2026 at 4:05 PM, Nadine Ludeke <admin@themacklaw.com> wrote:

Mr. Joyce,

I have attached a letter for your attention.

The Clio link to your case file will be emailed to you shortly.

Nadine Ludeke |
Paralegal

The Mack Law Firm, PLLC

4242 Six Forks Road Ste. 1550 | Raleigh, NC | 27609

t: 984.480.7147 | c: 919.341.5124

admin@themacklaw.com | www.themacklaw.com

This email (including any attachments) may contain confidential and/or privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email. Any unauthorized use, copying, disclosure, or distribution of the information contained in this email is strictly prohibited. Unless expressly stated, nothing in this email should be construed as legal advice or as creating an attorney-client relationship.

[Quoted text of Plaintiff's October 2, 2026 e-mail omitted; see Exhibit A.]

# EXHIBIT D

**PRO HAC VICE SERVICES AGREEMENT**

This Limited Scope Filing & Monitoring Agreement ("Agreement") is entered into as of January 6, 2026, by and between: 01 / 09 / 2026

**Law Office of Jacqueline M. Sale, Esq.**
**("Filing Counsel") and**

**AMINA MACK**
**("Requesting Counsel")**

**1. PURPOSE OF AGREEMENT**

The purpose of this Pro Hac Vice Sponsorship and Local Counsel Agreement ("Agreement") is to set forth the terms and conditions under which Attorney Jacqueline M. Sale, a member in good standing of the State Bar of California and admitted to practice before the United States District Court for the Eastern District of California, agrees to act as Local Counsel of record for purposes of sponsoring the pro hac vice admission of out-of-state counsel in the above-referenced federal matter.

Pursuant to the Local Rules of the United States District Court for the Eastern District of California, this Agreement is intended to ensure compliance with all applicable court rules governing pro hac vice admission, local counsel responsibilities, electronic filing requirements, service of papers, and communication with the Court.

Local Counsel's role under this Agreement is limited to sponsorship for pro hac vice admission and such additional responsibilities as may be required by the Court or expressly agreed to in writing by the parties. Unless otherwise stated, Local Counsel shall not be responsible for the substantive strategy, factual investigation, discovery, motion practice, trial preparation, or overall management of the case, which shall remain the responsibility of the out-of-state attorney seeking admission pro hac vice.

This Agreement further clarifies the respective duties, scope of representation, limitations of responsibility, fee arrangement, and professional obligations of the parties to ensure transparency, ethical compliance, and adherence to the rules of professional conduct applicable in the Eastern District of California.

**SCOPE OF SERVICES**

Local Counsel's role under this Agreement is strictly limited to acting as sponsoring counsel for purposes of the pro hac vice admission of out-of-state counsel before the United States District Court for the Eastern District of California, and to fulfilling such duties as may be expressly required of local counsel by the Local Rules of that Court or by specific order of the Court.

Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br>Plaintiff,<br>v.<br>ARB GAMING LLC dba MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1–50,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S REQUEST FOR LEAVE TO FILE NOTICE OF POST-ORDER DEVELOPMENTS (RE: ECF NO. 123)** |

Plaintiff's Request for Leave to File Notice of Post-Order Developments (ECF No. ____) is GRANTED. The Clerk shall file Exhibit 1 to Plaintiff's request as a separate docket entry, and the Court will consider it and Exhibits A through D in ruling on Plaintiff's Request for Reconsideration (ECF No. 123).

IT IS SO ORDERED.

Dated: ________________, 2026

______________________________

DANIEL J. CALABRETTA

UNITED STATES DISTRICT JUDGE

Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br>Plaintiff,<br>v.<br>ARB GAMING LLC dba MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1–50,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**CERTIFICATE OF SERVICE** |

I, Matthew Joyce, declare:

I am the Plaintiff in this action. I am over eighteen years of age. My address is 600 Market Grove Drive #100, Wake Forest, NC 27587-7345.

On October 29, 2026, I served the following documents:

1. Plaintiff's Request for Leave to File Notice of Post-Order Developments (Re: ECF No. 123), with Exhibit 1, [Proposed] Notice of Post-Order Developments Re: ECF No. 123

2. Declaration of Matthew Joyce in Support of Plaintiff's Request for Leave to File Notice of Post-Order Developments (Re: ECF No. 123), with Exhibits A through D

3. [Proposed] Order

on the following by electronic mail:

| Party | Name | E-mail |
|---|---|---|
| ARB Gaming LLC dba Modo.us | Daniel D. Wall | dwall@duanemorris.com |
| | Karen L. Alexander | klalexander@duanemorris.com |
| | Walter A. Saurack | WASaurack@duanemorris.com |
| Affirm, Inc. | Kalama M. Lui-Kwan | kalama.lui-kwan@troutman.com |
| | Gary Sonnenfeld | gary.sonnenfeld@troutman.com |
| Goldman Sachs Bank USA | Arjun P. Rao | arjun.rao@morganlewis.com |
| | Marcos D. Sasso | marcos.sasso@morganlewis.com |
| | Kathleen Rosello | kathleen.rosello@morganlewis.com |
| Apple Inc. | Tanya L. Greene | tanya.greene@us.dlapiper.com |
| | Colin F. McGrath | colin.mcgrath@us.dlapiper.com |
| Plaintiff-in-Interpleader Jamie Stahura | Jamie Stahura | jamie.stahura@proton.me |
| | | Nailbnder99@yahoo.com |
| | Amina M. Mack | legal@themacklaw.com |
| | Jacqueline M. Sale | jms@jaxlawoffices.com |
| | | jmsalelaw@gmail.com |

and on the following by United States mail, first-class postage prepaid:

Amazon.com, Inc., c/o Corporation Service Company, 2710 Gateway Oaks Dr., Suite 150N, Sacramento, CA 95833; and Amazon.com, Inc., 410 Terry Avenue North, Seattle, WA 98109-5210.

Service by electronic mail was made pursuant to Federal Rule of Civil Procedure 5(b)(2)(E). Each counsel of record served is a registered CM/ECF filing user in this District, and registration as a filing user constitutes consent to receive service electronically. E.D. Cal. L.R. 135(g)(1). Jamie Stahura is additionally sent copies by e-mail as a courtesy. Counsel of record will additionally be served by the Notice of Electronic Filing generated when these documents are docketed. E.D. Cal. L.R. 135(a).

A copy of the [Proposed] Order is additionally being submitted in Microsoft Word format by electronic mail to DJCorders@caed.uscourts.gov, pursuant to E.D. Cal. L.R. 137(b).

Defendant Amazon.com, Inc. has not appeared in this action and has no counsel of record; it was served by first-class United States mail at the two addresses above. Fed. R. Civ. P. 5(b)(2)(C); E.D. Cal. L.R. 135(d).

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 29, 2026, at Wake Forest, North Carolina.

Signed by:
Matthew Joyce
07B601B840D34AB...

Matthew Joyce

Matthew Joyce
600 Market Grove Drive #100
Wake Forest, NC 27587-7345
(919) 259-4661
m.joyce07@proton.me
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br>Plaintiff,<br>v.<br>ARB GAMING LLC dba MODO.US; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1–50,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**SUPPLEMENTAL CERTIFICATE OF SERVICE**<br><br>(Defendant Amazon.com, Inc.) |

I, Matthew Joyce, declare:

I am the Plaintiff in this action. I am over eighteen years of age. My address is 600 Market Grove Drive #100, Wake Forest, NC 27587-7345.

On October 29, 2026, I served the following documents, which I filed on October 28, 2026:

1. Plaintiff's Supplemental Brief on the Notice of Final Arbitration Award (ECF No. 121), Under the Order of September 28, 2026 (ECF No. 120)

2. [Proposed] Order

by first-class United States mail, postage prepaid, on Defendant Amazon.com, Inc., which has not appeared in this action and has no counsel of record, addressed as follows:

Amazon.com, Inc., c/o Corporation Service Company, 2710 Gateway Oaks Dr., Suite 150N, Sacramento, CA 95833

Amazon.com, Inc., 410 Terry Avenue North, Seattle, WA 98109-5210

The Certificate of Service filed with these documents on October 28, 2026 stated that Amazon.com, Inc. was served by mail on October 28, 2026. The mail copies to Amazon.com, Inc. were not sent on October 28, 2026; they were placed in first-class United States mail on October 29, 2026, as stated above.

Service by mail was made pursuant to Federal Rule of Civil Procedure 5(b)(2)(C) and E.D. Cal. L.R. 135(d). All other parties were served on October 28, 2026, as stated in the Certificate of Service filed with these documents.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 29, 2026, at Wake Forest, North Carolina.

Signed by:
Matthew Joyce
07B601B840D34AB...

Matthew Joyce