**DUANE MORRIS LLP**
Karen L. Alexander (SBN 265926)
KLAlexander@duanemorris.com
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: +1 619 744 2200
Facsimile: +1 619 744 2201

Daniel D. Wall (SBN 311391)
DWall@duanemorris.com
Spear Tower, One Market Plaza, Suite 2200
San Francisco, California 94105-1127
Telephone: +1 415 957 3000
Facsimile: +1 415 957 3001

Attorneys for Defendant
ARB GAMING LLC dba MODO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

MATTHEW JOYCE, an individual,

Plaintiff,

v.

ARB GAMING LLC dba MODO, a Delaware limited liability company; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1–50, inclusive,

Defendants.

Case No. 2:25-cv-01868-DJC-CSK (PS)

**DEFENDANT ARB GAMING LLC'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF (ECF NO. 134) ON THE NOTICE OF FINAL ARBITRATION AWARD (ECF NO. 121)**

Date: December 15, 2026
Time: 10:00 a.m.
Dept: Courtroom 25, 8th Floor
Judge: Hon. Daniel J. Calabretta
Hon. Chi Soo Kim

Trial Date: None Set
Complaint Filed: 6/30/2025
FAC Filed: 3/2/2026

## I. INTRODUCTION AND PROCEDURAL HISTORY

On May 29, 2026, ARB filed a Motion to Compel Arbitration and Dismiss or Stay the Case ("Motion to Compel"). ECF No. 56. ARB explained that Plaintiff Matthew Joyce ("Joyce") had already initiated arbitration before JAMS and the parties were actively participating in the arbitration. ECF No. 56-1 at 9–10, 19.

On September 4, 2026, while ARB's Motion to Compel was still pending before this Court, the Honorable Peggy A. Leen (Ret.) ("Arbitrator") issued a Final Award deciding all of Joyce's claims in the arbitration in ARB's favor ("Final Award"). Final Award 36. JAMS served the Final Award on September 14, 2026. Joyce Decl. ¶ 3, ECF No. 126.

On September 16, 2026, ARB requested leave under Local Rule 230(m) to supplement its pending Motion to Compel by filing a copy of the Final Award. ECF No. 115. ARB requested that the Court "permit ARB to file the Notice and Final Award so that the Court may consider this post-briefing development in connection with the pending Motion and ARB's request therein that Plaintiff's claims against ARB in this Court be dismissed." *Id.*

On September 28, 2026, the Court granted ARB's request for leave to file the Notice and Final Award. ECF No. 120. It also allowed Joyce an opportunity to file a five-page supplemental brief "in response to the Notice of Final Arbitration Award." *Id.*

On October 28, 2026, Joyce filed his Supplemental Brief re Notice of Final Arbitration Award. ECF No. 134. But instead of using his supplemental brief to address the impact of the Final Arbitration Award on ARB's pending Motion to Compel and its request that this Court dismiss all of Joyce's claims against ARB before this Court, Joyce instead primarily used his five-page supplemental brief to rehash unrelated arguments about formation and arbitrability that he had already raised in his Opposition to the Motion to Compel (ECF No. 96) and that ARB had already fully addressed in its Reply (ECF No. 106).

To conserve the Court's resources, instead of addressing Joyce's formation and arbitrability argument for a second time, ARB will incorporate its prior arguments by reference and limit the arguments in this Response Brief to only those portions of Joyce's Supplemental Brief that raise new and different arguments relating to the Final Award.

For the Court's awareness, and as previewed in its September 16 filing (ECF No. 115), ARB is concurrently filing a Motion to Confirm the Final Arbitration Award, Dismiss Joyce's Claims, and Enter Judgment for ARB ("Motion to Confirm"). For the reasons in ARB's Motion to Compel briefing and its forthcoming Motion to Confirm, which is incorporated herein by reference, ARB respectfully requests that this Court now (1) confirm the Final Award, (2) dismiss each of Joyce's claims against ARB as each of his claims were or should have been raised in the Arbitration, and (3) enter judgment for ARB.

## II. RESPONSE

### A. Joyce Recycles His Old Formation and Arbitrability Arguments

Joyce devotes most of his five-page brief to rehashing old arguments about formation and arbitrability that were already raised in his Opposition to ARB's Motion to Compel. ECF No. 134 at 1–4; ECF No. 96 at 2:1–18, 7:11–8:8, 9:1–11:14, 17:17–24. ARB has already responded in its Reply. ECF No. 106 at 7:1–10:8. In the interest of brevity, ARB will simply refer the Court to its prior briefing on these points.

Joyce's newer points do not change the analysis. The *Walker* and *Kowalok* screens, like the one here, show the sign-up interface; ARB proves Joyce's own assent through his account log. ECF No. 106 at 8:12–9:3. That log, not a declaration filed in another case, records Joyce's acceptance of Version 14. *Id.* at 7:12–17, 9:24–10:8. *Wolters* is not to the contrary. There, the movant offered only a declaration and a screenshot lacking the player's name. *Wolters v. Sweepsteaks Ltd.*, No. 25-3280 (JRT/JFD), 2026 WL 1894240, at *6 (D. Minn. July 1, 2026). ARB filed Joyce's own account records. ECF No. 106 at 7:12–17. *Ahlstrom* does not help Joyce. It holds only that courts decide formation, and this record resolves formation. *Id.* at 7:12–17, 8:12–9:3. The *Ahlstrom* agreement failed because it named a nonparty as the employer. *Ahlstrom v. DHI Mortg. Co.*, 21 F.4th 631, 635–36 (9th Cir. 2021). ARB's Rule 38(b) demand in *Dinslage* reached only issues "found by the Court to be triable by jury" and reserved arbitration. *Dinslage v. ARB Gaming, LLC*, No. 3:25-cv-02562-VC, ECF No. 14 at 2 (N.D. Cal. Mar. 28, 2025).

**B. Joyce's Attacks on the Final Award Fail**

Joyce raises four objections to the Final Award. Pl.'s Supp. Br. 4–5. Each objection fails.

*1. The Amended Demand*

Joyce argues that the Final Award read consent into an Amended Demand that former counsel filed against his instructions. Pl.'s Supp. Br. 4. But that allegation makes no sense. The Arbitrator's March 4, 2026 Order came first. It denied Joyce's motion to declare the JAMS Arbitration non-binding and granted him leave to amend. Final Award 7, 25–26. The Amended Demand responded to that leave. *Id.* at 26. The Arbitrator rested waiver on Joyce's choice to initiate the JAMS Arbitration and ask her whether the arbitration agreement was binding. *Id.* at 30. She also relied on the Amended Demand. *Id.* Any dispute over counsel's filing remains between Joyce and his former counsel, not ARB.

*2. The "Failure to Respond"*

Joyce faults the Final Award for treating his "failure to respond" as consent. Pl.'s Supp. Br. 4–5 (quoting Final Award 34). Joyce had notice and a full opportunity to respond. The Arbitrator ordered his counsel to communicate every notice and filing to him. Final Award 32. She directed JAMS to restore his portal access, and Joyce thanked JAMS staff for it. *Id.* at 33. After counsel withdrew, she set a July 17, 2026 deadline for his response to ARB's motion to dismiss. *Id.* Joyce filed no opposition and sought no extension. *Id.* at 33–34. Joyce also had a second chance after that deadline passed. On August 13, 2026, ARB served a letter noting that Joyce had not opposed the motion and asking for a ruling. *Id.* at 33. Joyce responded the next day, but not with an opposition or a request for more time. *Id.* at 33–34. Instead, he moved to terminate the arbitration as "a proceeding that cannot be administered to a binding result." *Id.* at 1, 34. In the alternative, he asked for entry of a Final Award. *Id.* at 1. The Arbitrator read that motion, together with his silence on ARB's motion, as consent to a Final Award. *Id.* at 34.

*3. "At the Request of Claimant"*

Joyce disputes that the Arbitrator entered the Final Award at his request. Pl.'s

Supp. Br. 5. But on August 14, 2026, Joyce himself filed a motion in the JAMS Arbitration. Final Award 1, 34. He titled it "Motion to Terminate Arbitration or in the Alternative for Entry of a Final Award." *Id.* at 1. In that motion, he asked the Arbitrator, in the alternative, to "enter a FINAL AWARD that embodies the determinations already made." *Id.* The Arbitrator granted that alternative request. *Id.* at 36. The earlier ruling that ARB was "not entitled to a final award" addressed an interim posture in which Joyce still had leave to amend. *Id.* at 30. That posture ended when Joyce did not oppose dismissal of his amended claims. *Id.* at 34. Joyce received exactly what he asked for: a Final Award.

*4. The Rule 1(c) Submission*

Joyce notes that the Final Award does not mention his Rule 1(c) submission to JAMS's National Arbitration Committee. Pl.'s Supp. Br. 5. Joyce sent that submission to the Committee, not to the Arbitrator. ECF No. 126 at 10. The Committee declined to act on it and directed any issues with the proceedings to the Arbitrator. Notice to All Parties (Sept. 14, 2026), Request for Judicial Notice ISO ARB's Response to Supplemental Brief, Ex. A. Nothing required the Final Award to address a request that the Committee itself had declined.

**C. The Court May Take Judicial Notice of the Final Award**

Joyce asks the Court to notice only the Final Award's existence and text, and he lodges a proposed order to that effect. Pl.'s Supp. Br. 5; Proposed Order, ECF No. 134 at 6–7. But courts may take judicial notice of an arbitrator's ruling. *See Rachford v. Air Line Pilots Ass'n, Int'l*, 284 F. App'x 473, 475 (9th Cir. 2008) (taking judicial notice of arbitrator's ruling), *as amended on denial of reh'g and reh'g en banc* (Aug. 11, 2008). ARB's Notice asked the Court to notice the Final Award on that basis. ECF No. 121 at 2–3. So the Court may notice what the Final Award decided — not merely that it exists — and should decline Joyce's proposed order.

**D. The Court Should Dismiss Joyce's Claims**

ARB moved to compel arbitration and dismiss this action or stay it. ECF No. 56 at 2; ECF No. 56-1 at 19; ECF No. 106 at 10–11. Joyce suggests that *Smith v. Spizzirri*, 601

U.S. 472, 478 (2024), requires a stay because ARB requested one in the alternative. Pl.'s Supp. Br. 5. But § 3 provides for a stay only "until such arbitration has been had." 9 U.S.C. § 3; *accord Smith*, 601 U.S. at 475 (discussing stays "pending arbitration"). Here, the arbitration has been had: the JAMS Arbitration ended in the Final Award. Final Award 36. Nothing remains to arbitrate. So the Court should confirm the Final Award through ARB's concurrent Motion to Confirm and dismiss Joyce's claims against ARB.

### E. The Court Should Award ARB its Fees

ARB renews its request in its Motion to Compel for sanctions of at least $30,170 in attorneys' fees under the Court's inherent power and, in the alternative, 28 U.S.C. § 1927. ECF No. 56-1 at 19–21; ECF No. 106 at 11. ARB also asks the Court for leave to supplement its sanctions request to seek additional attorneys' fees incurred by ARB in defending this action since the filing of its Motion to Compel nearly six months ago.

The case for sanctions is even stronger than it was when ARB filed its Motion to Compel. When ARB moved, the JAMS Arbitration was still pending. ECF No. 56-1 at 11. Today the Final Award resolves the claims Joyce asserted against ARB in that proceeding. Final Award 36. The Arbitrator found that Joyce's "refusal to recognize arbitral authority" over his disputes with ARB "unreasonably multiplied proceedings." *Id.* at 34. It "resulted in an extraordinary expenditure of time and resources." *Id.* Joyce now brings that same refusal to this Court. He continues to file superfluous motions and briefs that multiply the proceedings and drain ARB's and the Court's resources. *See, e.g.*, ECF No. 126.

## III. CONCLUSION

For these reasons, and those in ARB's Motion to Compel briefing, and its concurrently-filed Motion to Confirm, the Court should confirm the Final Award and dismiss Joyce's claims against ARB. The Court should also deny Joyce's § 4 jury demand for the reasons in ARB's Reply. ECF No. 106 at 8:1–6. Finally, the Court should decline Joyce's proposed order and award ARB at least $30,170 in fees.

Dated: November 10, 2026 **DUANE MORRIS LLP**

By: */s/ Daniel D. Wall*
Daniel D. Wall

Karen L. Alexander

Attorneys for Defendant
ARB GAMING LLC dba MODO