**DUANE MORRIS LLP**
Karen L. Alexander (SBN 265926)
KLAlexander@duanemorris.com
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: +1 619 744 2200
Facsimile: +1 619 744 2201

Daniel D. Wall (SBN 311391)
DWall@duanemorris.com
Spear Tower,
One Market Plaza, Suite 2200
San Francisco, California 94105-1127
Telephone: +1 415 957 3000
Facsimile: +1 415 957 3001

Attorneys for Defendant
ARB GAMING LLC dba MODO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ARB GAMING LLC dba MODO, a Delaware limited liability company; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1–50, inclusive,<br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**ARB GAMING LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF ON THE MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY THE ACTION**<br><br>Date: December 15, 2026<br>Time: 10:00 AM<br>Dept: Courtroom 25, 8th Floor<br>Judge: Hon. Daniel J. Calabretta<br>Hon. Chi Soo Kim<br><br>Trial Date: None Set<br>Date Class Action Filed: 6/30/2025<br>Amended Complaint Filed: 3/2/2026 |

Under Federal Rule of Evidence 201, and in support of ARB's concurrently filed Response to Plaintiff's Supplemental Brief re: ARB's Motion to Compel Arbitration and Dismiss or Stay the Action, ARB Gaming LLC dba MODO ("ARB") requests that the Court take judicial notice of the "Notice to All Parties" issued by the JAMS National Arbitration Committee to the parties in the matter of Joyce, Matthew vs Arb Gaming LLC dba Modo – 5100003080 ("Arbitration") on September 14, 2026 ("Notice"), a true and correct copy of which is attached as Exhibit A. In particular, ARB requests that this Court take judicial notice of the fact that Joyce sent his "Submission Under Comprehensive Rule 1(c)" to the National Arbitration Committee and the Committee responded, "the NAC declines to take any action on this matter based on Claimant's request. Any further issues with the arbitrator's decisions and how the proceedings have transpired to date should be raised with the arbitrator."

A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The Court may take judicial notice of materials from another tribunal. *Biggs v. Terhune*, 334 F.3d 910, 915 n.3 (9th Cir. 2003), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Courts also may notice arbitration filings, records, orders, and awards. *See, e.g.*, *Rachford v. Air Line Pilots Ass'n, Int'l*, 284 F. App'x 473, 475 (9th Cir. 2008), *as amended on denial of reh'g and reh'g en banc* (Aug. 11, 2008) (taking judicial notice of arbitrator's ruling); *Klahn v. Quizmark, LLC*, 2013 WL 4605873, at *1 n.4 (N.D. Cal. Aug. 28, 2013) (same); *Coleman v. Am. Honda Fin. Corp.*, 2019 WL 4456002, at *1 (C.D. Cal. June 7, 2019) (taking judicial notice of "filings, records, orders, and awards" in arbitration proceeding).

Accordingly, ARB requests that the Court grant the foregoing request.

Dated: November 10, 2026

**DUANE MORRIS LLP**

By: */s/ Daniel D. Wall*
Karen L. Alexander
Daniel D. Wall

Attorneys for Defendant
ARB GAMING LLC dba MODO

# EXHIBIT A

NOTICE TO ALL PARTIES September 14, 2026

**RE: Joyce, Matthew vs Arb Gaming LLC dba Modo – 5100003080**

Dear Parties,

The JAMS National Arbitration Committee has received and reviewed Claimant's Submission Under Comprehensive Rule 1(c) - For the National Arbitration Committee and the Office of the General Counsel and Respondent's Opposition thereto.

On May 20, 2025 JAMS advised the parties that its Policy on Consumer Arbitration Pursuant to Pre-Dispute Clauses Minimum Standards or Procedural Fairness applies to this arbitration. The letter further provides:

> Please carefully review the enclosed Minimum Standards as JAMS requires that the parties comply with them in order to proceed.
>
> The Minimum Standards will apply notwithstanding any contrary provisions in the parties' pre-dispute arbitration agreement. The parties' agreement to proceed constitutes agreement to the foregoing.

The parties have proceeded for over a year with arbitration. No party has raised that the arbitration has proceeded without complying with the Minimum Standards. Accordingly, the NAC declines to take any action on this matter based on Claimant's request. Any further issues with the arbitrator's decisions and how the proceedings have transpired to date should be raised with the arbitrator.

Sincerely,

The JAMS National Arbitration Committee