**DUANE MORRIS LLP**
Karen L. Alexander (SBN 265926)
KLAlexander@duanemorris.com
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: +1 619 744 2200
Facsimile: +1 619 744 2201

Daniel D. Wall (SBN 311391)
DWall@duanemorris.com
Spear Tower, One Market Plaza, Suite 2200
San Francisco, California 94105-1127
Telephone: +1 415 957 3000
Facsimile: +1 415 957 3001

Attorneys for Defendant
ARB GAMING LLC dba MODO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

MATTHEW JOYCE, an individual,

Plaintiff,

v.

ARB GAMING LLC dba MODO, a Delaware limited liability company; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1–50, inclusive,

Defendants.

Case No. 2:25-cv-01868-DJC-CSK (PS)

**DEFENDANT ARB GAMING LLC'S NOTICE OF MOTION AND MOTION TO CONFIRM THE FINAL ARBITRATION AWARD, DISMISS JOYCE'S CLAIMS AGAINST ARB WITH PREJUDICE, AND ENTER JUDGMENT FOR ARB**

[Filed concurrently with the Memorandum of Points and Authorities; the Request for Judicial Notice and Exhibits A–D; the Declaration of Daniel D. Wall; the [Proposed] Order, with [Proposed] Judgment as Exhibit 1; and the Proof of Service.]

Date: December 15, 2026
Time: 10:00 a.m.
Dept: Courtroom 25, 8th Floor
Judge: Hon. Daniel J. Calabretta
Hon. Chi Soo Kim

**TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant ARB Gaming LLC dba Modo ("ARB") will and hereby does move the Court for an order granting the following relief: (1) confirm the final arbitration award issued by the Honorable Peggy A. Leen (Ret.) in *Joyce, Matthew vs. Arb Gaming LLC dba Modo*, JAMS Ref. No. 5100003080, previously filed at ECF No. 121 ("Final Award"); (2) dismiss with prejudice the claims Plaintiff Matthew Joyce ("Joyce") asserts against ARB; and (3) enter judgment for ARB ("Motion"). The Court will hear the motion on December 15, 2026, at 10:00 a.m., in Courtroom 25, 8th Floor, 501 I Street, Sacramento, California, before Magistrate Judge Chi Soo Kim, or as soon thereafter as the Court is able, pursuant to the District Court's referral of this action under Local Rule 302(c)(21) to Magistrate Judge Kim for all proceedings. ECF No. 58.

This Motion is brought under the Federal Arbitration Act ("FAA") including but not limited to 9 U.S.C. §§ 3, 9 and 13, Federal Rule of Civil Procedure 12(b)(3), and Federal Rule of Civil Procedure 54(b); or in the alternative, Federal Rule of Civil Procedure 12(b)(6).[1] ARB also asks the Court to determine under Rule 54(b) that no just reason exists to delay judgment, and to resolve this motion without awaiting decision of the co-defendants' separate motions (ECF Nos. 57, 60, and 64), which do not involve ARB.

ARB's Motion is based on the following arguments. First, Joyce agreed to arbitrate his claims against ARB before JAMS under the JAMS Rules. Fechtmeyer Decl. Ex. B § H(2), ECF No. 56-9. Second, the Federal Arbitration Act authorizes the Court to confirm the Final Award and enter judgment on it. 9 U.S.C. §§ 9, 13. The Final Award resolves every claim Joyce arbitrated in ARB's favor. Final Award 3, 36. Third, the Final Award is final. JAMS served it on September 14, 2026, and no party requested correction. RJN Exs. A, D; Wall Decl. ¶¶ 7–8. Fourth, ARB brought this motion within one year after the

---

[1] ARB submits that this Court has the authority under Rule 12(b)(3) and the FAA to dismiss Joyce's claims against ARB on the grounds that those claims have been resolved in and/or are precluded by the Final Award, but in the alternative, asks this Court to construe this Motion as a single-issue motion to dismiss under Rule 12(b)(6) without prejudice to ARB's right to later bring other Rule 12(b)(6) motions or other responsive motions as contemplated by the parties and the Court in the Joint Stipulation and Order previously filed as ECF No. 27.

arbitrator made the Final Award. 9 U.S.C. § 9. Fifth, the Court has subject-matter jurisdiction. Sixth, venue is proper. Joyce sued ARB in this district, and the court that may stay an action under 9 U.S.C. § 3 may also confirm the resulting award. Seventh, res judicata bars each of Joyce's claims against ARB in this action because each arises from the same transaction he already arbitrated and lost, so each of his claims against ARB should be dismissed with prejudice. Eighth, no just reason exists to delay entry of final judgment as to ARB. Fed. R. Civ. P. 54(b). ARB does not concede that any claim in the First Amended Complaint, ECF No. 33, states a claim or that Joyce has standing. ARB reserves all defenses.

This Motion is based on this Notice; the Memorandum of Points and Authorities; the Final Award; the Request for Judicial Notice and Exhibits A–D attached and cited therein; the Declaration of Daniel D. Wall; the [Proposed] Order and its Exhibit 1, the [Proposed] Judgment; ARB's Motion to Compel Arbitration and Dismiss or Stay the Action, previously filed at ECF No. 56, and all supporting exhibits and related filings; the other pleadings and records on file; and any argument the Court permits.

Dated: November 10, 2026

**DUANE MORRIS LLP**

By: *__/s/ Daniel D. Wall__*
Karen L. Alexander
Daniel D. Wall

Attorneys for Defendant
ARB GAMING LLC dba MODO