**DUANE MORRIS LLP**
Karen L. Alexander (SBN 265926)
KLAlexander@duanemorris.com
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: +1 619 744 2200
Facsimile: +1 619 744 2201

Daniel D. Wall (SBN 311391)
DWall@duanemorris.com
Spear Tower, One Market Plaza, Suite 2200
San Francisco, California 94105-1127
Telephone: +1 415 957 3000
Facsimile: +1 415 957 3001

Attorneys for Defendant
ARB GAMING LLC dba MODO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

MATTHEW JOYCE, an individual,

Plaintiff,

v.

ARB GAMING LLC dba MODO, a Delaware limited liability company; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1–50, inclusive,

Defendants.

Case No. 2:25-cv-01868-DJC-CSK (PS)

**DEFENDANT ARB GAMING LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONFIRM THE FINAL ARBITRATION AWARD, DISMISS JOYCE'S CLAIMS AGAINST ARB WITH PREJUDICE, AND ENTER JUDGMENT FOR ARB**

[Filed concurrently with the Notice of Motion and Motion; the Request for Judicial Notice and Exhibits A–D; the Declaration of Daniel D. Wall; the [Proposed] Order, with [Proposed] Judgment as Exhibit 1; and the Proof of Service.]

Date: December 15, 2026
Time: 10:00 a.m.
Dept: Courtroom 25, 8th Floor
Judge: Hon. Daniel J. Calabretta
Hon. Chi Soo Kim

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Matthew Joyce ("Joyce") agreed to arbitrate his claims against Defendant ARB Gaming LLC dba Modo ("ARB") before JAMS. Fechtmeyer Decl. Ex. B § H(2), ECF No. 56-9. He then initiated and pursued a JAMS arbitration. On September 4, 2026, the Honorable Peggy A. Leen (Ret.) (the "Arbitrator") entered a final award (the "Final Award") resolving that arbitration entirely in ARB's favor. Notice of Final Arb. Award in Def. ARB's Favor Ex. A, ECF No. 121 [hereinafter Final Award].[1] The Federal Arbitration Act ("FAA") leaves the Court one task: confirm the award unless it is vacated, modified, or corrected under § 10 or § 11. 9 U.S.C. § 9. ARB thus requests that this Court confirm the Final Award, dismiss all of Joyce's claims against ARB with prejudice, and enter judgment in ARB's favor.

## II. FACTUAL BACKGROUND

The relationship between Joyce and ARB, their agreement to arbitrate, and the arbitration itself are the subject of extensive briefing in this case. ARB will not repeat that history here and instead incorporates its prior filings and supporting evidence by reference.[2] Joyce's claims against ARB arise from his use of the Modo online social-gaming platform. When he accepted Modo's Terms and Conditions ("Terms"), he agreed to bring any claims arising from his use of the platform in individual, binding arbitration. Fechtmeyer Decl. Ex. B § H(2), ECF No. 56-9. He began arbitration against ARB with JAMS on May 9, 2025. RJN Ex. B; Final Award 4. The parties arbitrated before JAMS for more than a year. Final Award 36. On September 4, 2026, the Arbitrator entered the Final Award, resolving all of the claims Joyce submitted to arbitration in ARB's favor. Final Award 3, 36. JAMS served it on September 14, 2026.

---

[1] Pin cites to the Final Award refer to its own page numbers, not to the CM/ECF page stamps. Final Award page n appears at ECF No. 121 page n + 4 (for example, Final Award 4 is ECF No. 121 at 8).

[2] *See* ARB's Mot. Compel Arb. & Dismiss or Stay & supporting evidence, ECF No. 56; ARB's Reply Supp. Mot. Compel Arb. & supporting evidence, ECF No. 106; Notice of Final Arb. Award in Def. ARB's Favor, ECF No. 121.

RJN Ex. D; Wall Decl. ¶ 7. ARB now moves to confirm the Final Award, dismiss all of Joyce's claims against ARB, and enter judgment in ARB's favor.

## III. LEGAL STANDARD

The FAA governs this Motion. ARB brings this Motion under 9 U.S.C. §§ 3, 9, and 13, Federal Rule of Civil Procedure 12(b)(3), and Federal Rule of Civil Procedure 54(b), or, in the alternative, as a single-issue motion under Federal Rule of Civil Procedure 12(b)(6). The parties' arbitration agreement states that the agreement "will be construed under and be subject to the Federal Arbitration Act, notwithstanding any other choice of law set out in these Terms." Fechtmeyer Decl. Ex. B § H(2), ECF No. 56-9. The Arbitrator found the agreement enforceable under the FAA. Final Award 20.

Where, as here, the parties agree that a court may enter judgment on the award,[3] a party may move to confirm the award within one year. 9 U.S.C. § 9. An application to confirm "get[s] streamlined treatment as a motion." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).

## <u>ARGUMENT</u>

## IV. This Court Should Confirm the Final Award

### A. <u>This Court Has Jurisdiction to Confirm the Final Award</u>

This Court has jurisdiction to confirm the Final Award because it has jurisdiction over the claims Joyce filed here. In *Jules v. Andre Balazs Properties*, the Supreme Court held that a federal court that stayed the claims under § 3 "does not lose that jurisdiction while the case is stayed pending arbitration." 608 U.S. 200, 203 (2026). That court also "retains jurisdiction to determine whether the arbitral award resolving those claims is valid and should be confirmed." *Id.* That jurisdiction comes from the

---

[3] The Terms provide that JAMS will administer any arbitration under its Comprehensive Arbitration Rules and Procedures ("JAMS Rules"). Fechtmeyer Decl. ISO Motion to Compel Arbitration Ex. B § H(2), *previously filed at* ECF No. 56-9. By agreeing to arbitrate before JAMS under its rules and initiating that arbitration, Joyce agreed that he "shall be deemed to have consented that judgment upon the Award may be entered in any court having jurisdiction thereof," and that "[p]roceedings to enforce, confirm, modify or vacate an Award will be controlled by and conducted in conformity with the Federal Arbitration Act . . . ." JAMS Comprehensive Arbitration Rules & Procedures R. 25 (eff. June 1, 2021) ("JAMS Rules"), https://www.jamsadr.com/rules-comprehensive-arbitration.

claims filed in federal court, which the FAA does not eliminate "while the parties arbitrated." *Id.* at 209. When the parties return after arbitration, the court has "the same 'jurisdiction to decide the case,' and thus 'jurisdiction to decide th[ose] motion[s],' that it possessed from the start." *Id.* at 210 (quoting *Badgerow v. Walters*, 596 U.S. 1, 15 (2022)); *see also Woods v. Saturn Distrib. Corp.*, 78 F.3d 424, 426, 431 (9th Cir. 1996) (affirming confirmation of an award by the district court in which the claimant's own removed action was pending).

Joyce's First Amended Complaint asserts claims arising under federal law, and the Court has supplemental jurisdiction over his related state-law claims. First Am. Compl. ¶ 8, *previously filed at* ECF No. 33 [hereinafter FAC]; 28 U.S.C. § 1367(a).

B. Venue Is Proper in This District

Venue is likewise proper here. Joyce sued ARB in this Court on June 30, 2025, on the same seven claims he had submitted to JAMS arbitration on May 9, 2025. RJN Ex. B (JAMS demand attaching a complaint captioned for the Contra Costa County Superior Court); ECF No. 1 at 1; Final Award 4. The FAA's venue provisions are permissive, and "the court with the power to stay the action under § 3 has the further power to confirm any ensuing arbitration award." *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 195, 202 (2000). "Once a federal court has subject matter jurisdiction over an action, it may confirm an arbitration award even though it was not the district where the award was granted." *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 706 (2d Cir. 1985) (holding venue proper where the party opposing confirmation "herself commenced" the action); *see also Walters v. Chase Manhattan Bank*, No. CV-07-0037-FVS, 2008 WL 3200739, at *2 (E.D. Wash. Aug. 6, 2008) (holding venue proper for a counterclaim to confirm filed in the plaintiff's removed action, although the award issued in another district).

C. The Parties Agreed to Arbitrate

The existence, validity, and enforceability of the parties' agreement to arbitrate these claims is at the center of ARB's Motion to Compel Arbitration and Dismiss or Stay

the Case (the "Motion to Compel"), ECF No. 56. Both parties have briefed those issues, so ARB will not repeat its arguments here. But the Court need look no further than the Final Award. The Arbitrator considered these issues and concluded that the agreement is "severable from the contract as a whole, mandatory, valid, and enforceable under the FAA and the cases construing it." Final Award 20.

D. <u>The Award Is Final and ARB's Motion Is Timely</u>

The Final Award is final. Under JAMS Rule 24(k), an award "is considered final, for purposes of . . . a judicial proceeding to enforce, modify or vacate the Award pursuant to Rule 25, fourteen (14) calendar days after service if no request for a correction is made." JAMS Rule 24(k). JAMS served the Final Award on September 14, 2026, RJN Ex. D; Wall Decl. ¶ 7, and no party requested correction under JAMS Rule 24(j), Wall Decl. ¶ 8; RJN Ex. A. The Final Award thus became final on September 28, 2026, and ARB's Motion is timely. *See* 9 U.S.C. § 9.

**V. This Court Should Dismiss Joyce's Claims Against ARB**

ARB moved to compel arbitration and to dismiss or stay this case while the JAMS arbitration was still ongoing. ECF No. 56. The Motion to Compel remains pending. But the arbitration has now concluded, and the Arbitrator has entered a Final Award in ARB's favor on all of the claims Joyce submitted to arbitration. Section 3 provides for a stay only "until such arbitration has been had," 9 U.S.C. § 3, and here the arbitration has been had. The Court should instead confirm the Final Award and dismiss all of Joyce's claims against ARB with prejudice because they are precluded by the Final Award.[4]

Once confirmed, an arbitration award has the same force and effect as a final judgment, "including the same preclusive effect." *NTCH-WA, Inc. v. ZTE Corp.*, 921

[4] ARB submits that this Court has the authority under Fed. R. Civ. P. 12(b)(3) and 9 U.S.C. § 3 and related authority to dismiss Joyce's claims against ARB with prejudice as part of its resolution of ARB's Motion to Confirm the Final Arbitration Award. In the alternative, ARB respectfully requests that this Court construe this Motion as a single-issue motion to dismiss under Fed. R. Civ. P. 12(b)(6), without prejudice to ARB's right to later bring other Rule 12 motions or other responsive motions, as contemplated by the Court's Order granting the parties' Joint Stipulation, ECF No. 27.

F.3d 1175, 1180 (9th Cir. 2019); *Hansen v. Musk*, 122 F.4th 1162, 1168–69 (9th Cir. 2024) (quoting *NTCH-WA*, 921 F.3d at 1180).

"*Res judicata*, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (emphasis added). It requires "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.*

In determining whether two claims are the same for preclusion purposes, the Ninth Circuit examines (1) whether the rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right and (4) whether the two suits arise out of the same "transaction." *Nordhorn v. Ladish Co.*, 9 F.3d 1402, 1405 (9th Cir. 1993).[5] The most important criterion is the fourth one — whether the two suits arise out of the same transaction. *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982). "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa,* 958 F.2d 864, 871 (9th Cir. 1992).

Here, all of Joyce's claims against ARB before this Court and in the arbitration arise from the same transaction: his alleged activity on the Modo platform. *Compare* FAC ¶¶ 22, 35, 82, *with* Am. Demand for Arb. & Am. Statement of Claim ¶¶ 29, 34, 40–41, 44, 52, RJN Ex. C [hereinafter Am. JAMS Demand], *and* Demand for Arb. ¶¶ 23, 30, 36, 50, 52, 71–72, RJN Ex. B [hereinafter Orig. JAMS Demand]. His First Amended

[5] Federal preclusion law governs because this Court has federal-question jurisdiction over Joyce's action. FAC ¶ 8; *see Hansen*, 122 F.4th at 1169 n.2 (applying federal law to award confirmed by court exercising federal-question jurisdiction); *cf. NTCH-WA*, 921 F.3d at 1180 (state preclusion law governs award confirmed by court sitting in diversity). Courts have reached the same result under California preclusion law. *See Roderick v. Mazzetti & Assocs., Inc.*, No. C 04-2436 MHP, 2005 WL 3797122, at *3 n.1 (N.D. Cal. Oct. 27, 2005) (applying federal preclusion law but noting that "the plaintiff's claims are barred under either federal or California preclusion law").

Complaint and his JAMS arbitration demands describe the same conduct: the Black Diamond VIP program (FAC ¶ 27; Am. JAMS Demand ¶ 29; Orig. JAMS Demand ¶ 30); the VIP host's gift budget and "wiggle room" (FAC ¶ 31; Am. JAMS Demand ¶ 34; Orig. JAMS Demand ¶ 36); below-standard Return To Player (FAC ¶¶ 56–58; Am. JAMS Demand ¶¶ 40–41; Orig. JAMS Demand ¶¶ 71–72); wins timed for weekends (FAC ¶ 109; Am. JAMS Demand ¶ 44; Orig. JAMS Demand ¶ 23); cancelled redemptions (FAC ¶¶ 105–08; Am. JAMS Demand ¶ 28; Orig. JAMS Demand ¶ 52); and the host making light of his 15-hour days (FAC ¶ 76; Am. JAMS Demand ¶ 52; Orig. JAMS Demand ¶ 50). Claims that arise from the same transactional nucleus of facts must be brought together, regardless of the legal theory or statute a plaintiff invokes. *See Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (holding Title VII, FLSA, and FMLA claims arose from the same transaction because all arose "from the events leading to his termination"); *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012) (holding that "where claims arise from the same factual circumstances, a plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim"). That is the case here: every claim Joyce asserts rests on the same facts, namely his use of ARB's Modo platform and ARB's alleged conduct toward him on it.

A confirmed award bars every claim the claimant raised, or should have raised, in the arbitration. *See C.D. Anderson & Co. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987) (holding arbitration award barred later securities, RICO, fraud, and contract claims arising from "the same transactional nucleus of facts"); *see also NTCH-WA*, 921 F.3d at 1180. And each claim Joyce asserts against ARB in his FAC is a claim he already asserted and lost, or could have asserted, in either his original May 9, 2025 demand or his amended April 1, 2026 demand, as shown by the following chart:

| Count In the FAC[6] (ECF No. 33) | In Orig. JAMS Demand? | In Am. JAMS Demand? | Same Facts/Transaction? |
|---|---|---|---|
| One: Unruh Act | Yes - Count One (dismissal in Interim Award and confirmed in Final Award) | | |
| Two: ADA Title III | No. | No. | Yes - claim arises from Joyce's use of Modo platform.[7] |
| Three: Fraud | Yes | Yes - Count Four (dismissed in Final Award) | |
| Four: Breach of contract | Yes | Yes - Count One (dismissed in Final Award) | |
| Five: Implied covenant | No. | No. | Yes - claim arises from Joyce's use of Modo platform. [8] |
| Six: UCL | Yes - Count Four (dismissed in Interim and confirmed in Final Award) | | |
| Seven: Unjust enrichment (¶¶ 304–324) | Yes | Yes - Count Two | |

[6] Joyce's FAC pleads Counts Eight, Eleven, and Twelve only against other defendants. FAC ¶¶ 326, 390, 403.

[7] *See* FAC ¶¶ 218–234, in which Joyce seeks to hold ARB responsible for his gambling losses by arguing that ARB "failed to make reasonable modifications in policies, practices, or procedures" such as "implementing mandatory cooling-off periods; imposing spending limits; demoting Plaintiff from VIP status upon his request; ceasing targeted marketing and promotional offers; and referring Plaintiff to gambling addiction resources[.]" *Id.* ¶¶ 227–28. A new statutory label for the same platform use does not avoid the bar. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713–14 (9th Cir. 2001) (holding Title VII claims barred because they alleged "the same circumstances regarding Appellants' terminations" as earlier claims); *NTCH-WA*, 921 F.3d at 1180.

[8] *See* FAC ¶¶ 273–285, in which Joyce's allegations of "breaches" largely mirror the allegations in his Counts One, Two, and Four and in his JAMS Demands. "[W]here breach of an actual term is alleged, a separate implied covenant claim, based on the same breach, is superfluous." *Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 327 (2000); *see Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990). And "[d]ifferent theories supporting the same claim for relief must be brought in the initial action." *Mpoyo*, 430 F.3d at 988 (citation omitted).

| **Count In the FAC[6] (ECF No. 33)** | **In Orig. JAMS Demand?** | **In Am. JAMS Demand?** | **Same Facts/Transaction?** |
|---|---|---|---|
| Nine: Intentional infliction of emotional distress (¶¶ 343–363) | No. | No. | Yes - claim arises from Joyce's use of Modo platform.[9] |
| Ten: Negligent infliction, bystander (¶¶ 364–384) | No. | No. | Yes - claim arises from Joyce's use of Modo platform.[10] |

Likewise, the parties are the same, and the Final Award qualifies as a final adjudication on the merits. "An involuntary dismissal generally acts as a judgment on the merits for the purposes of *res judicata,* regardless of whether the dismissal results from procedural error or from the court's considered examination of the plaintiff's substantive claims." *In re Schimmels*, 127 F.3d 875, 884 (9th Cir. 1997); *see also Hansen*, 122 F.4th at 1175 (rejecting argument that arbitrator's dismissal of claims was not a determination on the merits because a confirmed award has the same preclusive effect as a final judgment).

Dismissal of the federal claims against ARB, all of which are either duplicative of or arise from transactions alleged by Joyce in his arbitration demands, is thus proper. *See, e.g.*, *Chang v. Citibank*, No. 25-CV-04162-JST, 2025 WL 3539160, at *3 (N.D.

---

[9] *Compare* FAC ¶¶ 343–363 *with* Am. JAMS Demand, in which he complains of largely the same alleged conduct and further alleges he "suffered emotional distress as a direct result of Respondent's fraudulent conduct." Am. JAMS Demand ¶ 243. A new tort label for the same conduct does not create a new claim. *See First Pac. Bancorp, Inc. v. Helfer*, 224 F.3d 1117, 1128–29 (9th Cir. 2000) (holding later fiduciary-duty, fraud, and unjust-enrichment claims barred because both suits arose from "the same transactional nucleus of facts"); *C.D. Anderson*, 832 F.2d at 1100.

[10] *See* FAC ¶¶ 364–384, alleging that the same purported conduct that Joyce complains about in his First Amended Complaint and his JAMS demands also caused "bystander" emotional distress to Joyce's domestic partner, *id.* ¶¶ 365, 372, who is not separately named as a plaintiff in this action and on whose behalf Joyce lacks standing to assert claims, as a bystander emotional distress claim must be asserted *by the bystander*. *See* Judicial Council of California Civil Jury Instructions No. 1621; *cf. Thing v. La Chusa*, 48 Cal. 3d 644, 647 (1989) (bystander plaintiff is one who is "is closely related to the injury victim" and "is present at the scene of the injury-producing event at the time it occurs").

Cal. Dec. 10, 2025) (holding new claims were precluded by arbitration award where "the factual claims underlying Chang's new causes of action are the same as those he presented to the arbitrator"); *cf. Roderick*, 2005 WL 3797122, at *10 (confirming arbitration award and denying leave to amend because the award would preclude all of plaintiff's proposed new causes of action).

## VI. This Court Should Enter Final Judgment in ARB's Favor

Section 13 provides that a judgment confirming an award "shall be docketed as if it was rendered in an action." 9 U.S.C. § 13. ARB requests that the Court enter judgment in its favor now under Federal Rule of Civil Procedure 54(b), which permits the Court to direct entry of a final judgment as to fewer than all parties "only if the court expressly determines that there is no just reason for delay."

The Rule 54(b) inquiry requires a court to assess "judicial administrative interests as well as the equities involved," and includes factors such as "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980); *see Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989) (upholding Rule 54(b) certification where the adjudicated and remaining claims were "based upon substantially different factual and legal issues").

The Ninth Circuit requires a specific finding on "whether, upon any review of the judgment entered under the rule, the appellate court will be required to address legal or factual issues that are similar to those contained in the claims still pending." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

Here, the Rule 54(b) factors weigh in favor of entering judgment for ARB now. Joyce's claims against the four co-defendants are entirely separable from his claims against ARB. Joyce sues each co-defendant for its own purported conduct, and each co-defendant that has appeared in the action so far defends on its own grounds:

First, Joyce sues Apple, Inc. ("Apple") as the servicer of Apple Pay wallet, in Counts Six, Seven, Eleven, and Twelve. FAC ¶¶ 299, 309, 396, 403. He asserts that Apple was a "payment processor" and he claims that Apple should have monitored and stopped his alleged online transactions. *Id.* ¶¶ 138–146, 390. Apple moves to dismiss on its own defenses, including lack of duty and knowledge. ECF No. 57-1 at 7–8; ECF No. 108 at 2.

Second, Joyce sues Affirm, Inc. ("Affirm") as the lender on his loans. FAC ¶¶ 296–297, 307. He alleges that he entered into loan agreements with Affirm, which provided funds for his on-line transactions. *Id.* ¶¶ 111–113. Affirm moves to dismiss under Rule 12(b)(6), invoking its own loan agreements with Joyce, not ARB's Terms. ECF No. 60 at 2, 19–20.

Third, Joyce sues Goldman Sachs Bank USA ("Goldman Sachs") as the issuer of his Apple Card. FAC ¶¶ 298, 308, 395. He claims that Goldman Sachs erroneously denied his twenty-three chargeback disputes for payments made on that card. *Id.* ¶¶ 126–137. Goldman Sachs moves to compel arbitration under its own Apple Card Customer Agreement. ECF No. 64 at 8–9, 16.

Fourth, Joyce sues Amazon. He claims that he was issued a $500 Amazon gift card in violation of Amazon's anti-gambling policies and complains that Amazon improperly revoked the gift card without notice or explanation and terminated his account. FAC ¶¶ 147–167. Amazon has not appeared in the action to date.

Because each of Joyce's claims against the four co-defendants is based on different facts and legal theories than his claims against ARB, there is no reason to delay entering judgment in ARB's favor now. *See Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987) (upholding certification where the matters decided were "sufficiently severable factually and legally from the remaining matters"); *Ventress v. Japan Airlines*, No. CV 07-00581 SPK-LEK, 2008 WL 763185, at *8 (D. Haw. Mar. 20, 2008) (certifying a judgment confirming an award where confirmation disposed of all claims against one defendant and the claims against the

others had been severed). And an appeal from a judgment for ARB would not require any appellate court to decide the same issues twice. *See Curtiss-Wright*, 446 U.S. at 8.

## VII. CONCLUSION

For these reasons, ARB respectfully requests that the Court (1) confirm the Final Award under 9 U.S.C. § 9; (2) dismiss all of Joyce's claims against ARB with prejudice; and (3) enter final judgment in ARB's favor. If claims against other defendants remain pending, ARB requests that the Court expressly determine under Rule 54(b) that there is no just reason for delay.

Dated: November 10, 2026

**DUANE MORRIS LLP**

By: */s/ Daniel D. Wall*
Karen L. Alexander
Daniel D. Wall

Attorneys for Defendant
ARB GAMING LLC dba MODO