**DUANE MORRIS LLP**
Karen L. Alexander (SBN 265926)
KLAlexander@duanemorris.com
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: +1 619 744 2200
Facsimile: +1 619 744 2201

Daniel D. Wall (SBN 311391)
DWall@duanemorris.com
Spear Tower,
One Market Plaza, Suite 2200
San Francisco, California 94105-1127
Telephone: +1 415 957 3000
Facsimile: +1 415 957 3001

Attorneys for Defendant
ARB GAMING LLC dba MODO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

MATTHEW JOYCE, an individual,

Plaintiff,

v.

ARB GAMING LLC dba MODO, a Delaware limited liability company; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1–50, inclusive,

Defendants.

Case No. 2:25-cv-01868-DJC-CSK (PS)

**DEFENDANT ARB GAMING LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO CONFIRM THE FINAL ARBITRATION AWARD, DISMISS JOYCE'S CLAIMS AGAINST ARB WITH PREJUDICE, AND ENTER JUDGMENT FOR ARB**

Date: December 15, 2026
Time: 10:00 AM
Dept: Courtroom 25, 8th Floor
Judge: Hon. Daniel J. Calabretta
Hon. Chi Soo Kim

Trial Date: None Set
Complaint Filed: 6/30/2025
FAC Filed: 3/2/2026

Under Federal Rule of Evidence 201, and in support of ARB Gaming LLC dba MODO's ("ARB") concurrently filed Motion to Confirm the Final Arbitration Award, Dismiss Joyce's Claims Against ARB with Prejudice, and Enter Judgment for ARB ("Motion"), ARB requests that the Court take judicial notice of the following filings or submissions from the JAMS arbitration titled Joyce, Matthew vs Arb Gaming LLC dba Modo – 5100003080 ("Arbitration"):

1. A copy of the docket from the JAMS Arbitration, a true and correct copy of which is attached as **Exhibit A**. ARB requests that the Court take judicial notice of the parties' filings and Joyce's participation in this action, as well as anything else that the Court deems to be a proper subject of judicial notice in connection with its consideration of the Motion.

2. Joyce's original May 9, 2025 arbitration demand, a true and correct copy of which is attached as **Exhibit B**. (To note, this demand consists of three separate parts: a cover sheet reflecting Joyce's counsel's submission of the demand through the JAMS online portal, and the complaint uploaded therewith with the file name "2025-FINAL-JOYCE-COMPLAINT.pdf Claims/Responses/Counterclaims" and referenced in response to Box 5 "Nature of Dispute" by the response, "ATTACHED", and a Proof of Service prepared by Joyce's counsel). ARB requests that the Court take judicial notice of the claims and allegations Joyce asserted in this demand, as well as anything else that the Court deems to be a proper subject of judicial notice in connection with its consideration of the Motion.

3. Joyce's amended April 1, 2026 arbitration demand, a true and correct copy of which is attached as **Exhibit C**. ARB requests that the Court take judicial notice of the claims and allegations Joyce asserted in this demand, as well as anything else that the Court deems to be a proper subject of judicial notice in connection with its consideration of the Motion.

4. The Arbitrator's Final Award dated September 4, 2026, which has already been filed in this action at ECF No. 121. ARB requests that the Court take judicial

notice of the Award's summary of the procedural history of this matter and the Arbitrator's findings and conclusions on Joyce's claims, as well as anything else that the Court deems to be a proper subject of judicial notice in connection with its consideration of the Motion.

4. The proof of service reflecting that JAMS served the Final Award on the parties on September 14, 2026, which is attached as **Exhibit D**. ARB requests that the Court take judicial notice of the fact that the Final Award was served on Joyce's email address on that date, as well as anything else that the Court deems to be a proper subject of judicial notice in connection with its consideration of the Motion.

5. The prior arbitration filings and submissions that were previously submitted by ARB in connection with its Motion to Compel Arbitration and Dismiss or Stay the Action (ECF No. 56), including those referenced in ARB's Request for Judicial Notice In Support of its Motion to Compel (ECF No. 56-2), ARB's Request for Judicial Notice In Support of its Reply Re: Motion to Compel (ECF No. 106-1), and ARB's Request for Judicial Notice In Support of its Response to Plaintiff's Supplemental Brief (filed concurrently herewith). ARB requests that the Court take judicial notice of the portions of these documents previously identified in its prior Requests for Judicial Notice, as well as anything else that the Court deems to be a proper subject of judicial notice in connection with its consideration of the Motion.

A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The Court may take judicial notice of materials from another tribunal. *Biggs v. Terhune*, 334 F.3d 910, 915 n.3 (9th Cir. 2003), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Courts also may notice arbitration filings, records, orders, and awards. *See, e.g.*, *Rachford v. Air Line Pilots Ass'n, Int'l*, 284 F. App'x 473, 475 (9th Cir. 2008), *as amended on denial of reh'g and reh'g en banc*

(Aug. 11, 2008) (taking judicial notice of arbitrator's ruling); *Klahn v. Quizmark, LLC*, 2013 WL 4605873, at *1 n.4 (N.D. Cal. Aug. 28, 2013) (same); *Coleman v. Am. Honda Fin. Corp.*, 2019 WL 4456002, at *1 (C.D. Cal. June 7, 2019) (taking judicial notice of "filings, records, orders, and awards" in arbitration proceeding).

Accordingly, ARB requests that the Court grant the foregoing requests.

Dated: November 10, 2026

**DUANE MORRIS LLP**

By: */s/ Daniel D. Wall*
Karen L. Alexander
Daniel D. Wall

Attorneys for Defendant
ARB GAMING LLC dba MODO