**DUANE MORRIS LLP**
Karen L. Alexander (SBN 265926)
KLAlexander@duanemorris.com
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: +1 619 744 2200
Facsimile: +1 619 744 2201

Daniel D. Wall (SBN 311391)
DWall@duanemorris.com
Spear Tower, One Market Plaza, Suite 2200
San Francisco, California 94105-1127
Telephone: +1 415 957 3000
Facsimile: +1 415 957 3001

Attorneys for Defendant
ARB GAMING LLC dba MODO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

MATTHEW JOYCE, an individual,

Plaintiff,

v.

ARB GAMING LLC dba MODO, a Delaware limited liability company; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1–50, inclusive,

Defendants.

Case No. 2:25-cv-01868-DJC-CSK (PS)

**[PROPOSED] ORDER GRANTING DEFENDANT ARB GAMING LLC'S MOTION TO CONFIRM THE FINAL ARBITRATION AWARD, DISMISS JOYCE'S CLAIMS AGAINST ARB WITH PREJUDICE, AND ENTER JUDGMENT FOR ARB**

Dept: Courtroom 25, 8th Floor
Judge: Hon. Daniel J. Calabretta
Hon. Chi Soo Kim

The District Court referred this action to the undersigned for all further proceedings under Local Rule 302(c)(21). ECF No. 58. Defendant ARB Gaming LLC dba Modo ("ARB") moves under 9 U.S.C. §§ 3, 9, and 13 and Federal Rules of Civil Procedure 12(b)(6) and 54(b) to confirm the Final Award, dismiss Plaintiff Matthew Joyce's claims against ARB with prejudice, and enter judgment. ECF No. [#]. The Final Award is the final arbitration award issued on September 4, 2026 by the Honorable Peggy A. Leen (Ret.) in *Joyce, Matthew vs. Arb Gaming LLC dba Modo*, JAMS Ref. No. 5100003080, previously filed at ECF No. 121 (the "Final Award").[1] Plaintiff Matthew Joyce ("Joyce") [opposed / did not oppose] the motion. ECF No. [#]. Because Joyce proceeds pro se, the Court has construed his filings liberally. [The motion was submitted without oral argument. / The Court heard the motion on December 15, 2026.] The motion is GRANTED.

## I. Background

Joyce agreed to arbitrate his claims against ARB before JAMS. Fechtmeyer Decl. Ex. B § H(2), ECF No. 56-9 ("Terms"). He began a JAMS arbitration against ARB on May 9, 2025. Def.'s Req. for Judicial Notice ("RJN") Ex. B. He sued ARB and the co-defendants here on June 30, 2025. Compl., ECF No. 1. The operative pleading is the First Amended Complaint, ECF No. 33 ("FAC"). Joyce amended his arbitration demand on April 1, 2026. RJN Ex. C.

On September 4, 2026, the arbitrator entered the Final Award in ARB's favor. Final Award 36. The Final Award incorporates the arbitrator's May 13, 2026 Interim Award. *Id.* at 1, 3–31.

On September 28, 2026, the Court permitted Joyce to file a supplemental brief of up to five pages within thirty days, with ARB's five-page response due fourteen days later. Minute Order, ECF No. 120. ARB brings this motion separately from that briefing. Def.'s Req. for Leave 2, ECF No. 115.

[1] Pin cites to the Final Award refer to its internal page numbers, not to the CM/ECF page stamps on ECF No. 121. For example, Final Award 4 appears on page 8 of ECF No. 121, and Final Award 36 appears on page 40.

## II. The Final Award is confirmed

**A. The parties agreed to arbitrate.** Joyce agreed to arbitrate his claims against ARB before JAMS under the JAMS Rules. Terms § H(2). That agreement "will be construed under and be subject to the Federal Arbitration Act." Terms § H(2).[2]

**B. The FAA authorizes confirmation.** The FAA authorizes the Court to confirm the Final Award and enter judgment on it. 9 U.S.C. §§ 9, 13. The Final Award resolves every claim Joyce arbitrated in ARB's favor. Final Award 3, 36.

**C. The Final Award is final.** An award "is considered final . . . fourteen (14) calendar days after service if no request for a correction is made." JAMS Rule 24(k). JAMS served the Final Award on September 14, 2026. RJN Ex. D; Decl. of Daniel D. Wall ("Wall Decl.") ¶ 7. No party requested correction within fourteen days of service. Wall Decl. ¶ 8; RJN Ex. A. The Final Award became final on September 28, 2026.

**D. The motion is timely.** ARB moved within one year after the arbitrator made the Final Award on September 4, 2026. 9 U.S.C. § 9; Final Award 36.

## III. Jurisdiction and venue

**A. The Court has jurisdiction.** The FAA "bestow[s] no federal jurisdiction but rather requir[es] an independent jurisdictional basis." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581–82 (2008). Joyce asserts claims arising under federal law. FAC ¶ 8. The Court has supplemental jurisdiction over his related state-law claims. 28 U.S.C. § 1367(a); FAC ¶¶ 27–59. Where a court had original jurisdiction over the claims, "[n]othing in the FAA eliminated that jurisdiction while the parties arbitrated." *Jules v. Andre Balazs Props.*, 608 U.S. 200, 209 (2026). After arbitration, the court has "the same 'jurisdiction to decide the case'" that it possessed from the start. *Id.* at 210. So the Court may confirm the Final Award and resolve Joyce's claims against ARB. *See id.*

[2] The Terms provide that JAMS administers any arbitration under its Comprehensive Arbitration Rules and Procedures. Terms § H(2). Under those rules, Joyce "shall be deemed to have consented that judgment upon the Award may be entered in any court having jurisdiction thereof." JAMS Comprehensive Arbitration Rules & Procedures R. 25 (eff. June 1, 2021) ("JAMS Rules"), https://www.jamsadr.com/rules-comprehensive-arbitration.

**B. Venue is proper.** Venue is proper in this district. The FAA's venue provisions are permissive, and "the court with the power to stay the action under § 3 has the further power to confirm any ensuing arbitration award." *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 195, 202 (2000). Section H(4) of the Terms designates Scottsdale, Arizona. Terms § H(4); Final Award 17. But Joyce chose this forum by suing here and ARB does not object. Compl., ECF No. 1.

**IV. Joyce's claims against ARB are dismissed with prejudice**

Res judicata bars each of Joyce's claims against ARB. Each claim arises from the same transaction that Joyce already arbitrated and lost. So the Court dismisses each claim with prejudice. The confirmed Final Award has preclusive effect, 9 U.S.C. §§ 9, 13, and the claims fail under Federal Rule of Civil Procedure 12(b)(6).[3]

**A. The confirmed Final Award has the effect of a judgment.** A judgment confirming an award has "the same force and effect" as a final judgment on the merits, "including the same preclusive effect." *NTCH-WA, Inc. v. ZTE Corp.*, 921 F.3d 1175, 1180 (9th Cir. 2019) (citing 9 U.S.C. § 13); *see Hansen v. Musk*, 122 F.4th 1162, 1168–69 (9th Cir. 2024).[4]

**B. Each element of res judicata is met.** "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). It requires an identity of claims, a final judgment on the merits, and identity or privity between parties. *Id.* The confirmed Final Award is a final judgment on the merits. *NTCH-WA*, 921 F.3d at 1180. That holds even where a claim ends in dismissal rather than a ruling on its substance. *See In re Schimmels*, 127 F.3d 875, 884 (9th Cir. 1997). Joyce and ARB were the parties to the arbitration, and they are the parties here. RJN Exs. B, C; FAC ¶¶ 1–2.

---

[3] ARB alternatively asks the Court to treat this Motion as a single-issue motion under Rule 12(b)(6). ECF No. [__] at 2 n.1. The result is the same under either rule.

[4] Federal law governs the preclusive effect of a federal judgment confirming an arbitration award where the court exercises federal-question jurisdiction. *See Hansen*, 122 F.4th at 1169 n.2.

**C. The claims arise from the same transaction.** The most important criterion for identity of claims is whether the two suits arise out of the same transactional nucleus of facts. *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982); *C.D. Anderson & Co. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987). Claims share a nucleus when they relate to the same set of facts and could conveniently be tried together. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). "[W]here claims arise from the same factual circumstances, a plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding." *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012).

Joyce's claims here and in arbitration arise from the same transaction: his use of ARB's Modo platform. *Compare* FAC ¶¶ 22, 35, 82, *with* Am. Demand for Arb. & Am. Statement of Claim ¶¶ 29, 34, 40–41, 44, 52, RJN Ex. C, *and* Demand for Arb. ¶¶ 23, 30, 36, 50, 52, 71–72, RJN Ex. B. A new legal label for the same conduct does not create a new claim. *See C.D. Anderson*, 832 F.2d at 1100; *Mpoyo*, 430 F.3d at 987–88; *Owens* v. *Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713–14 (9th Cir. 2001). Each claim Joyce asserts against ARB was raised, or could have been raised, in the arbitration. *See W. Radio*, 123 F.3d at 1192. So each claim is barred.

**V. Judgment is entered for ARB**

No just reason exists to delay entry of final judgment as to ARB. Fed. R. Civ. P. 54(b).

A judgment confirming an award "shall be docketed as if it was rendered in an action." 9 U.S.C. § 13. Claims against other defendants remain pending. So the Court must "expressly determine[] that there is no just reason for delay." Fed. R. Civ. P. 54(b). Confirmation finally disposes of Joyce's claims against ARB. Final Award 36. Those claims turn on ARB's Terms, to which no co-defendant is a party. The co-defendants' motions (ECF Nos. 57, 60, and 64) do not involve ARB. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980); *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir.

1989).

Accordingly, IT IS HEREBY ORDERED that:

1. ARB's Motion is GRANTED, and the Final Award is CONFIRMED.

2. All of Plaintiff Matthew Joyce's claims against ARB are DISMISSED WITH PREJUDICE.

3. Under Federal Rules of Civil Procedure 12(b)(6) and 54(b), the Court expressly determines that no just reason exists to delay entry of final judgment as to ARB. The Clerk shall enter the Judgment attached as Exhibit 1.

4. The Court resolves this motion without awaiting decision of the co-defendants' separate motions (ECF Nos. 57, 60, and 64), which do not involve ARB.

IT IS SO ORDERED.

DATED: ________________

________________________
HON. CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 1

**DUANE MORRIS LLP**
Karen L. Alexander (SBN 265926)
KLAlexander@duanemorris.com
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: +1 619 744 2200
Facsimile: +1 619 744 2201

Daniel D. Wall (SBN 311391)
DWall@duanemorris.com
Spear Tower, One Market Plaza, Suite 2200
San Francisco, California 94105-1127
Telephone: +1 415 957 3000
Facsimile: +1 415 957 3001

Attorneys for Defendant
ARB GAMING LLC dba MODO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MATTHEW JOYCE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ARB GAMING LLC dba MODO, a Delaware limited liability company; AFFIRM, INC.; GOLDMAN SACHS BANK USA; APPLE INC.; AMAZON.COM, INC.; and DOES 1–50, inclusive,<br><br>Defendants. | Case No. 2:25-cv-01868-DJC-CSK (PS)<br><br>**[PROPOSED] JUDGMENT**<br><br>Judge: Hon. Daniel J. Calabretta<br>Hon. Chi Soo Kim |

The Court hereby enters Judgment in favor of Defendant ARB Gaming LLC and against Plaintiff Matthew Joyce on all claims as follows:

1. The final arbitration award issued on September 4, 2026 by the Honorable Peggy A. Leen (Ret.) in *Joyce, Matthew vs. Arb Gaming LLC dba Modo*, JAMS Ref. No. 5100003080, previously filed at ECF No. 121 (the "Final Award"), is CONFIRMED.

2. All of Plaintiff Matthew Joyce's claims against ARB are DISMISSED WITH PREJUDICE.

3. Judgment is entered in favor of ARB and against Plaintiff Matthew Joyce.

4. Plaintiff Matthew Joyce recovers nothing by way of his claims against ARB.

5. Under Federal Rule of Civil Procedure 54(b), the Court expressly determines that no just reason exists to delay entry of final judgment as to ARB. The Clerk shall enter this Judgment as a final judgment as to ARB.

6. ARB is determined to be the prevailing party in this litigation and thus Plaintiff Matthew Joyce is ordered to pay ARB's litigation costs in the amount of $_____.

7. ARB is awarded sanctions against Plaintiff Matthew Joyce and thus Joyce is ordered to pay ARB's attorneys' fees incurred in defending this litigation in the amount of $_______.

IT IS SO ORDERED.

Dated: _________________

_______________________________
HON. CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE